1 | TRACY L. WILKISON
Acting United States Attorney
2 | BRANDON D. FOX
Assistant United States Attorney
3 | Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
4 | Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
5 | VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
6 | Assistant United States Attorneys
Public Corruption & Civil Rights Section
7 |     1500 United States Courthouse
     312 North Spring Street
8 |     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0627
9 |     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
10 |              Veronica.Dragalin@usdoj.gov
             Melissa.Mills@usdoj.gov
11 |
Attorneys for Plaintiff
12 | UNITED STATES OF AMERICA

13 |               UNITED STATES DISTRICT COURT

14 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 | UNITED STATES OF AMERICA,          No. 2:20-CR-326(A)-JFW-1,2,4,5,6

16 |          Plaintiff,               JOINT STATUS REPORT REGARDING
                                   REQUEST FOR SETTING TRIAL AND
17 |             v.                    RELATED DATES

18 | JOSE LUIS HUIZAR, et al.,         **CURRENT TRIAL DATE:**   Vacated
                                   **PROPOSED TRIAL DATE:**  05/24/2022
19 |          Defendants.

20 |                                   **Hearing Date:** May 10, 2021
                                   **Hearing Time:** 8:00 a.m.
21 |                                   **Location:** Courtroom of the Hon.
                                              John F. Walter

22 |

23 |      Pursuant to the Court's April 5, 2021 Order, plaintiff United

24 | States of America, by and through its counsel of record, the Acting

25 | United States Attorney for the Central District of California and

26 | Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin,

27 | Melissa Mills, and defendants JOSE LUIS HUIZAR, RAYMOND SHE WAH CHAN,

28 | SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL, LLC

1  (collectively, "defendants"), both individually and by and through

2  their respective counsel of record, hereby file the attached Joint

3  Status Report.

4   Dated: May 5, 2021                    Respectfully submitted,

5                                         TRACY L. WILKISON
                                          Acting United States Attorney
6
                                          BRANDON D. FOX
7                                         Assistant United States Attorney
                                          Chief, Criminal Division
8

9                                         _____
                                          MACK E. JENKINS
10                                        VERONICA DRAGALIN
                                          MELISSA MILLS
11                                        Assistant United States Attorneys

12                                        Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA
13

14   Dated: May 5, 2021                    /s/ via e-mail authorization
                                          CAREL ALE
15                                        CHARLES SNYDER
                                          Attorneys for Defendant
16                                        JOSE LUIS HIUZAR

17
     Dated: May 5, 2021                    /s/ via e-mail authorization
18                                        HARLAND W. BRAUN
                                          Attorneys for Defendant
19                                        RAYMOND CHAN

20

21   Dated: May 5, 2021                    /s/ via e-mail authorization
                                          RICHARD M. STEINGARD
22                                        Attorneys for Defendant
                                          SHEN ZHEN NEW WORLD I, LLC
23

24
     Dated: May 5, 2021                    /s/ via e-mail authorization
25                                        ARIEL A. NEUMAN
                                          Attorneys for Defendants
26                                        DAE YONG LEE and 940 HILL, LLC

27

28

                                        2

**JOINT STATUS REPORT**

**A.   Request for May 24, 2022 Trial Date**

1.    In a stipulation filed on March 31, 2021, defendants moved to set a trial date of May 24, 2022, and the parties jointly requested certain pre-trial briefing dates, for the reasons set forth in the stipulation (CR 170).

2.    On April 5, 2021, this Court held a status conference regarding the trial date and related deadlines.  The Court ordered the parties to meet and confer regarding the proposed dates to advance deadlines for pre-trial motions to occur all in 2021 and to consider advancing the May 24, 2022 trial date.

3.    Between April 27, 2021 and May 5, 2021, the parties met and conferred multiple times regarding the proposed trial schedule. Defendants continue to request a May 24, 2022 trial date, and, based on the additional information below, the government has no objection. The parties agree on certain pre-trial deadlines, as set forth in more detail below.

4.    In addition to the reasons set forth in the March 31, 2021 Stipulation, defendants request the May 24, 2022 trial date based upon the following additional facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    The government produced supplemental discovery to all defendants on April 22, 2021 and April 29, 2021, including video footage intercepted pursuant to Court-authorized video bugs in two target locations for the interception periods for which audio interceptions had previously been produced, electronic data intercepted pursuant to Court-authorized Title III orders for five

1  target phones for the interception periods for which audio and text

2  message interceptions had previously been produced, and 58 audio and

3  video files of recorded interviews for which reports had previously

4  been produced.  The government currently anticipates producing

5  additional discovery and will continue to produce discovery that is

6  generated as part of trial preparation during the pendency of this

7  case.

8          b.    Counsel for defendant HUIZAR, Carel Alé, is presently

9  scheduled to be in the following trials: (1) United States v. Remy

10 Navar, CR-20-374-RGK, 06/08/2021, trial estimate 2-3 days, on bond;

11 (2) United States v. Micah Tillmon, CR-20-289-MWF, 06/22/2021, trial

12 estimate 2-3 days, on bond; (3) United States v. Jazzmon Russell, CR-

13 17-533-RGK, 08/17/2021, trial estimate 2-3 days, in custody; (4)

14 United States v. William Acosta, CR-20-389-AB, 08/24/2021, trial

15 estimate 2-3 days, on bond; (5) United States v. James Ball, CR-21-

16 0094-VAP, 09/14/2021, trial estimate 2-3 days, in custody; (6) United

17 States v. David DeMulle, CR-15-141-ODW, 11/09/2021, trial estimate 2-

18 3 days, on bond; and (7) United States v. Andrew Madi, CR-18-846-PSG,

19 04/12/2022, trial estimate 4-5 days, on bond.  Counsel for defendant

20 HUIZAR, Charles Snyder, is presently scheduled to be in the following

21 trials: (1) United States v. Ramon Lopez-Garcia, CR-19-244-DSF,

22 5/18/2021, trial estimate four days, in custody; (2) United States v.

23 Paul Torres, CR-19-490-CAS, 5/25/2021, trial estimate four days, in

24 custody (court has asked the parties to reserve June 8 or June 15,

25 2021 for trial); (3) United States v. Angel Gonzalez-Sanchez; CR-19-

26 77-DSF, 6/22/2021, trial estimate two days, in custody (4) United

27 States v. John Ortiz, CR-19-748-RGK, 6/29/2021, trial estimate three

28 days, on bond after a year in custody; (5) United States v. Ammarie

1   Nicasio, CR-19-187-FMO, 6/15/2021, trial estimate four days, on bond

2   (parties have agreed to move trial to open date on 8/3/2021); (6)

3   United States v. Bryan Smith, CR-19-681-AB, 4/27/2021, trial estimate

4   three days, on bond; (7) United States v. Ricardo Valencia, CR-19-

5   311-MWF, 8/17/2021, trial estimate three days, on bond; (8) United

6   States v. Abel Garcia, CR-20-225-DSF, 9/14/2021, trial estimate four

7   days, on bond; (9) United States v. Bernard Davis, CR-21-76-ODW,

8   9/14/2021, trial estimate two days, on bond; (10) United States v.

9   Jonathan Zuniga, CR-19-635-FMO, 11/9/2021, trial estimate four days,

10  on bond; (11) United States v. Brandon Tilley; MJ-21-183-KEW (E.D.

11  Okla.), no current trial date, trial estimate seven days, in custody;

12  (12) United States v. Colin Heatherington; CR-13-183-VAP/JAK, no

13  current trial date, trial estimate 10 days, en route via extradition.

14          c.   Counsel for defendant CHAN is presently scheduled to

15  be in the following trials: (1) United States v. Justin Cozart, CR-

16  20-40-DOC, 11/2/21, on bond.

17          d.   Counsel for defendant SHEN ZHEN NEW WORLD I, LLC is

18  presently scheduled to be in the following trial: United States v.

19  Loh, et al., CR-19-193-DSF, 03/15/2022, trial estimate two to three

20  weeks, on bond.

21          e.   Counsel for defendants LEE and 940 HILL, LLC is

22  presently scheduled to be in the following trials: (1) John

23  Bedrosian, et al. v. Mohamed Hadid, et al., Los Angeles Superior

24  Court, Case No. SC129388, 6/1/21, trial estimate 4 weeks; (2) United

25  States v. Michael Lacey, et al., District of Arizona, CR-18-422-PHX-

26  SMB, 8/23/21, trial estimate 3 months; (3) United States v. Weaver,

27  et al., CR 19-527-ODW, 2/15/22, trial estimate 3 weeks

28

3

**B.     Proposed Dates**

5.     The parties jointly request that the Court set the following additional agreed-upon dates, and resolve the five disputed dates as indicated in the chart and addressed in Section C below (Court hearings appear in **bold**):

| Event | Agreed Dates | Disputed Dates Defense | Disputed Dates Govt |
|---|---|---|---|
| Pretrial Motions (Severance) | 8/9/2021 | | |
| Oppositions | 9/7/2021 | | |
| Replies | 9/27/2021 | | |
| Pretrial Motions (Dismiss) | 9/7/2021 | | |
| Oppositions | 10/4/2021 | | |
| Replies | 10/25/2021 | | |
| **Hearing re: Pretrial Mtns** | **11/15/2021** | | |
| Suppression Motions | 11/1/2021 | | |
| Oppositions | 12/6/2021 | | |
| Replies | 1/3/2022 | | |
| **Hearing re: Suppression Mtns** | **1/31/2022** | | |
| Govt Witness List | | 6/15/2021 | 4/22/2022 |
| Govt Exhibit List | | 6/15/2021 | 4/22/2022 |
| Govt 404(b) | | 6/15/2021 | 2/1/2022 |
| Brady/Giglio | | 6/15/2021 | 3/25/2022 |
| Govt Experts | 2/1/2022 | | |
| Defense Experts | 3/1/2022 | | |
| Exchange Joint MIL Mtns | 2/14/2022 | | |
| Exchange Joint MIL Opps | 3/7/2022 | | |
| Joint MILs (filing) | 3/9/2022 | | |
| **Hearing re: MIL** | **3/28/2022** | | |
| Final Transcripts & Translations | 4/22/2022 | | |
| Govt Jencks deadline | 3/25/2022 | | |
| Def Jencks statements | 5/16/2022 | | |
| Govt Charts & Summaries | 4/22/2022 | | |
| Def Charts & Summaries | 5/16/2022 | | |
| Defense Witness List | 5/16/2022 | | |
| Defense Exhibit List | 5/16/2022 | | |
| **Pretrial Conference** | **5/16/2022** | | |
| **TRIAL** | **5/24/2022** | | |

4

1       **C.**    **Disputed Dates**

2            **1.**   Defense's Position

3       The defense requests that the Court order the government to

4 disclose its witness list and exhibit list (including Bates stamp

5 numbers corresponding to each exhibit) on or before June 15, 2021 in

6 order to provide each defendant sufficient time to meaningfully

7 prepare their defense in what is undeniably a sprawling and

8 complicated case involving millions of pages of discovery and, at a

9 minimum, scores of potential witnesses and exhibits.

10       In *United States v. Grace*, 526 F.3d 499 (9th Cir. 2008), a case

11 similarly complex in nature and large in scope and discovery, the

12 trial court ordered the government to produce finalized witness and

13 exhibit lists approximately sixteen months prior to trial.  The

14 government appealed "challeng[ing] the district court's authority to

15 require or enforce a finalized pretrial list of witnesses and trial

16 exhibits, and argu[ing] that, even if authorized, the enforcement

17 orders were an abuse of the court's discretion." 526 F.3d at 505.

18 The Ninth Circuit, sitting *en banc*, concluded that the trial judge

19 had not abused his authority in issuing the orders, noting, "The

20 charged conspiracy reaches back nearly 30 years, the government now

21 proposes to call more than 200 witnesses, there are many defendants

22 and allegations, and millions of pages of documents have been

23 produced during discovery.  Such a complex case poses special

24 challenges to the parties in preparing for trial and to the court in

25 managing the litigation."  *Id*. at 513-4.

26       The circumstances of the instant case largely mirror those in

27 *Grace*.  Although here, the government's investigation "only" dates

28 back fifteen years, the case is equally complex and expansive in

1  scope and discovery.  The indictment is 138 pages long, charges six

2  defendants, and alleges 41 counts (and six forfeiture counts),

3  including a RICO count with 452 overt acts.  The government's

4  discovery, to date, exceeds two million pages and includes, but is

5  not limited to, over 93,000 files of wire interceptions in several

6  languages, an additional 260 hours of audio recordings in several

7  languages, an unknown number of hours of video recordings, extraction

8  reports for over a dozen digital devices, pen register data for over

9  two dozen phones, GPS phone tracker data for multiple devices,

10  thousands of pages of pleadings for wiretaps, search warrants, cell

11  site and GPS warrants, pen registers, and the seizures from numerous

12  searches.  The complex nature of the case and the many issues that

13  will need to be resolved before trial are manifest; indeed, the

14  Court's recent comment about the nature of the case practically

15  quoted the Ninth Circuit in *Grace*: "[O]bviously this is a complex

16  case because it involves a very long and detailed investigation, and

17  certainly there are many issues that we are going to have to work

18  through to get to trial." (Reporter's Transcript of Proceedings,

19  April 5, 2021 at 32-3.)[1]

20      Further, the government has admitted that it *currently* knows

21  what evidence it will be seeking to admit at trial; there is thus no

22  reason to allow it to postpone production to the defense until closer

23  to trial.  At the last court appearance, the prosecutor stated,

24  "[T]he evidence that the Government intends to rely on in its case in

25  chief, I would say 90 to 95 percent of that has been produced."  (*Id*.

26

27  _____

[1]      The government filed a notice that the case was complex at its
28  inception and, again, after the First Superseding Indictment issued.
    (ECF Nos. 36, 86.)

1  at 35.)  Thus, the government is aware of which exhibits it will seek

2  to introduce at trial, which have been produced, and which are

3  outstanding.  In light of this representation, there is no basis for

4  the government to delay disclosure of its witness and exhibit lists

5  other than to gain a strategic advantage over the defense.

6       The government notes below that the contours of the case may

7  change based on subsequent motion practice. But it can surely produce

8  witness and exhibit lists in good faith based on the case as it

9  stands right now.  At worst, the witnesses and exhibits will be

10  circumscribed as litigation proceeds.  Providing the lists now will

11  allow defense counsel to focus their efforts as they wade through the

12  millions of pages, hundreds of hours of recordings, and reams of data

13  produced in discovery.[2]

14     Likewise, the defense seeks disclosure of all *Brady* and *Giglio*

15  material by June 15, 2021, in order to facilitate defendants'

16  investigations and trial preparations.  First, the Court's Criminal

17  Trial Order in this case clearly and unequivocally states, "Upon

18  government counsel's discovery of any evidence within the scope of

19  *Brady v. Maryland*, 373 U.S. 83 (1963), such evidence shall be

20  produced forthwith to counsel for the defendant."  (*See e.g.*, ECF 150

21  at 4.)  Second, the government cannot offer any persuasive reason to

22  further delay production of this material. The government has never

23  claimed that there is any threat of violence against cooperators and

24

25  [2]   The government's excuse that it cannot produce the lists because it is responding to discovery requests is not well-taken.  The

26  government has taken extended periods of time to respond to the defendants' discovery letters sent in this case.  Moreover, there is

27  no doubt the government can quickly pin-point each document, recording, or interview supporting each of its allegations after

28  preparing the First Superseding Indictment, whereas the defense has been left to scour the discovery in hopes of finding them.

1    has not identified any other legitimate basis to withhold *Brady* and

2    *Giglio* materials until shortly before trial.

3        The need for a deadline is made manifest by the government's

4    incorrect position, articulated below, that there are no outstanding

5    requests for particularized *Brady* material, and that the "most

6    significant" *Giglio* material has been produced.  As the government

7    well knows, the parties have exchanged meet-and-confer letters on

8    these very issues and a number of requests for material that is

9    either *Brady* or "significant" *Giglio* are outstanding.[3]

10   _____

11   [3]    By way of example, on January 13, 2021, Mr. Huizar sent the
     government a letter seeking six specific categories of discovery
12   primarily relating to known cooperators.  The government did not
     answer Mr. Huizar's letter in any form for nearly three months, at
13   which point it claimed not to understand some of the requests.  Mr.
     Huizar responded to the government's stated confusion within two
14   days, identifying 10 specific types of information and documents
     while providing several specific sub-examples.  Among many other
15   things, the requests sought draft factual bases exchanged with
     cooperators; communications with cooperators and counsel about the
16   veracity of statements made during government proffers;
     communications with cooperators and counsel about expected or
17   anticipated statements during government proffers; threats or
     inducements conveyed to cooperators and counsel; and many other
18   discoverable categories of documents and information.  On April 28,
     2021, the government formally responded to Mr. Huizar's January 13
19   letter by refusing to produce some information, requesting further
     clarification about other information, and agreeing to produce some
20   information and documents while stating: "Given the nature of your
     requests, they will also require further time processing for
21   production, including by making any necessary redactions since your
     requests require review of attorney work product, internal
22   deliberative process of the USAO, and the review of handwritten
     notes. This is all relevant context for the timing of potential
23   productions."  Again, by way of example, the government wrote that it
     would produce draft factual bases from plea agreements for George
24   Esparza, George Chiang, Justin Kim, and Morrie Goldman 60 days before
     trial, and the requested communications with them and their counsel
25   60 days before trial.  Setting aside Rule 16, to say that there is no
     *Brady* or *Giglio* (which is a subset of *Brady*) information outstanding,
26   or that the defense has not made particularized *Brady* requests, is
     inconsistent with the parties' actual communications.

27

28

8

1    The same rationale supports the defense's request that the

2  government produce all Rule 404(b) evidence by June 15, 2021.  As it

3  does for *Brady* and *Giglio* materials, the Court's Pretrial Order

4  states, "Upon proper request by the defendant for the disclosure of

5  the government's intent to offer evidence pursuant to Federal Rule of

6  Evidence 404(b), the government shall promptly provide a list of all

7  witnesses and documents that the government intends to offer during

8  trial, and in no event shall the government provide such information

9  later than eleven (11) calendar days prior to trial." (*See e.g.*, ECF

10 150 at 11.)

11   Rule 404(b) itself requires that the government give "provide

12 reasonable notice of any such evidence that the prosecutor intends to

13 offer at trial… [and] articulate in the notice the permitted purpose

14 for which the prosecutor intends to offer the evidence and the

15 reasoning that supports the purpose."  Although the rule does not

16 identify a specific date by which the government must disclose Rule

17 404(b) evidence, the government's request to delay this disclosure

18 until February 2022 is neither "prompt" nor "reasonable." That is

19 especially true here where some Rule 404(b) evidence may be admitted

20 against defendants charged in the conspiracy but not others who are

21 not so charged. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006,

22 1012 (9th Cir. 1995) (explaining that "policies underlying rule

23 404(b) are inapplicable when offenses committed as part of a single

24 criminal episode"). Thus, early clarity on the government's proposed

25 Rule 404(b) evidence will assist the defendants to determine as

26 expeditiously as possible what Rule 404(b) evidence, if any, is

27 admissible and against which defendants.

28

9

**2.** Government's Position

As already conveyed to defense counsel, the government has been providing Brady, Giglio, and Jencks Act statements soon after the material is in the government's possession and on a rolling basis. At this time, the government is not aware of any Brady material in the government's possession that has not been produced to the defense and defense counsel have not made any particularized Brady request. As for Giglio, to the government's knowledge and as conveyed to defense counsel, the most significant Giglio information for the key government witnesses of which the government is aware has been previously produced via FBI reports of interviews and/or is publicly available (plea agreements and media reports).  Further, the government is not yet in a position to have a finalized witness list given that defendants have not yet filed severance, dismissal, and suppression motions, which could materially alter the trial in this case.  Pretrial resolutions may also alter the government's case-in-chief, witness list, and exhibit list.  The government proposes March 25, 2022 (60 days before trial) as the deadline for production of Giglio and Jencks Act statements, as it will be in a better position with respect to its case-in-chief at that time, post pre-trial motions and the filing of motions in limine.  The government has a continuing obligation to provide this type of discovery up to and continuing through trial.  To the extent that in the ordinary course of trial preparation additional Jencks Act statements are obtained after March 25, 2022 (the agreed-upon deadline) and additional Giglio discovery comes within the government's possession after March 25, 2022 (the disputed deadline), the government will promptly provide

1  such discovery after processing.

2       As to the Government's 404(b) notice, the government proposes

3  February 1, 2022, 112 days before trial.  After the public filing of

4  charges in this case, the government received and continues to

5  receive complaints from the public which the government continues to

6  investigate.  Discovery productions to date have included complaints

7  and reports of the government's continued investigation on a rolling

8  basis.  Evidence resulting from this continued investigation may form

9  the basis for 404(b) notice.  Providing notice 112 days before trial

10  will give defendants sufficient time to investigate.

11       As to the government's exhibit list and witness list, at the

12  last status conference, the Court suggested a deadline 30 days in

13  advance of trial, with which the government agreed.  Given the

14  Court's numerous interactions with this case, the Court is very well

15  aware of the facts, discovery, and complexity of the case.  The

16  government presumes the Court's suggestion took such factors into

17  account, since the point of the status conference was to set

18  realistic dates for the parties and ones that the Court would

19  approve.  The Court also conveyed at the hearing, in response to a

20  defense counsel inquiry, that it was not seeking to order arbitrary

21  deadlines simply so that one side could then later use them to run to

22  court and seek to exclude otherwise admissible evidence.

23       As the Court is aware, there is no statutory, rule, or case law

24  requirement for the government to provide witness and exhibit lists

25  in advance of trial.  Moreover, in the undersigned government

26  counsel's experience, many courts in this district set a deadline for

27  the government to produce these lists one week before or on the first

28  day of trial.  Yet here, defendants ask the government to provide its

1   final witness and exhibit list approximately 11 months before trial,

2   and approximately 6 weeks from now.  Given defendants' joint request

3   for a mid-2022 trial date, the government has focused on organizing

4   and completing discovery, including responding to discovery questions

5   and supplemental requests, instead of preparing its trial witness and

6   exhibit lists, making such a deadline unfeasible.  Furthermore, this

7   also means the deadline would be two months before the filing of

8   defendants' severance motions, three months before the filing of

9   motions to dismiss, and many more months in advance of the resolution

10  of suppression motions and motions in limine.  The filing and

11  resolution of defense motions, as well as potential pre-trial

12  resolutions, may significantly alter the government's case-in-chief,

13  and therefore its witness and exhibit list.  Moreover, given the

14  high-level of detail in the FSI, the over 400 Overt Acts, and the

15  fact that the overwhelming majority of the evidence underpinning

16  these charges has been in defense counsel's possession for many

17  months, any claim that setting a deadline 30 days in advance of trial

18  gains the government any tangible tactical advantage is not

19  compelling.  Quite the opposite, setting a premature cut-off date in

20  this context is designed set the government up to fail.  That is, it

21  would allow defense counsel to then cite the deadline to unreasonably

22  exclude otherwise admissible evidence (that likely had already long

23  been in the defense possession).  These lists should be a meaningful

24  tool for the parties and the Court to reasonably prepare for trial,

25  not a weapon to force exclusion.  This is why there is no set rule as

26  to the timing of these disclosures and why the case law gives great

27  deference to the trial court to fashion a schedule that does not

28  unduly burden the government but also ensures it does not permit the

1  government to try its case by surprise.  Given the context of this

2  case, the Court's suggested 30-day disclosure deadline satisfies both

3  aims.

4      Defendants' reliance on United States v. W.R. Grace, 526 F.3d

5  499 (9th Cir. 2008) is misplaced.  In a May 2005 order, the district

6  court exercised its considerable discretion to set, without objection

7  by the government, a September 2005 deadline for the government's

8  exhibit and trial list, with a September 2006 trial.  Id. at 514.

9  For the reasons discussed above, this Court should exercise its

10  discretion to set the timeline discussed at the status conference and

11  requested by the government herein.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28