Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone:  (213) 260-9449
Facsimile:   (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC

[And on Behalf of All Defendants]

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS HUIZAR, ET AL.,<br><br>Defendants. | CR-20-326(A)-JFW<br><br>**NOTICE OF MOTION; DEFENDANTS' MOTION FOR RECONSIDERATION OF DATE FOR GOVERNMENT'S DISCLOSURE OF EXHIBIT LIST; EXHIBITS**<br><br>**Hearing Date: September 20, 2021**<br>**Hearing Time: 8:00 a.m.** |

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 20, 2021, at 8:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, Defendants Jose Huizar, Ray Chan, Shen Zhen New Worls I, LLC, 940 Hill, LLC and Dae Yong Lee will move the Court to reconsider its order that the government disclose its trial exhibit list on or before February 15, 2022.  (ECF No. 187.)  The defendants ask that the Court reset the disclosure date to October 1, 2021, or another date the Court believes is appropriate.

1    This Motion is based on the attached Memorandum of Points and

2  Authorities, exhibits, all pleadings and files in this matter, and such evidence and

3  argument as may presented at the hearing on this motion.

4

5                                    Respectfully submitted,

6   Dated: August 20, 2021         **LAW OFFICES OF RICHARD M.**

7                                   **STEINGARD**

8

9

10                      By:   /s/ Richard M. Steingard

11                            Richard M. Steingard

                             Attorney for Defendant

12                            **SHEN ZHEN NEW WORLD I, LLC**

13

                             [And on Behalf of All Defendants]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**<u>INTRODUCTION</u>**

Defendants move this Court to reconsider its order that the government disclose its exhibit list on February 15, 2022.  (ECF No. 187.)  When setting the government's disclosure date at a hearing on May 10, 2021, the Court proposed that the government meet with defense counsel on an informal basis to disclose its exhibits.  After the government wholeheartedly endorsed this proposal, the Court set the government's "formal" disclosure deadline as February 15, 2022.

While *inside* the courtroom the government agreed to the Court's proposal, *outside* the courtroom it has done anything but that.  The government refused to meet with defense counsel, as the Court had proposed, and instead is trickling out its exhibits at a snail's pace.  After waiting three months, the government just provided its first batch of exhibits corresponding to just four of the 40 non-RICO substantive counts – equal to 10 percent -- and only 75 of its 452 overt acts – equal to approximately 16 percent.  The government has advised defense counsel that it will not provide any additional exhibits (of an unknown quantity) for three more months.  That partial disclosure will be followed by another two-month gap until the government discloses the balance of its exhibits.  This is not what the defense understood by the Court's proposal.

The defendants do not bring this motion lightly.  At the May 10, 2021, hearing, the Court invited defense counsel to return to court if there were issues with the government's disclosure.  Regrettably, we do so now.  Thus, we ask that the Court reconsider its prior decision and order the government to produce a list of its trial exhibits on or before October 1, 2021, or another date that the Court believes is appropriate.

//

//



LAW
OFFICES OF
RICHARD M.
STEINGARD

3

# II.

## STATEMENT OF FACTS

Beginning in or around 2013, the government conducted a comprehensive and wide-ranging investigation into the defendants' alleged conduct, utilizing numerous investigative techniques including wiretaps, recording "bugs," surveillance cameras, consensual recordings by cooperating individuals, search warrants, investigative interviews, and subpoenas securing hundreds of thousands of pages of bank records, emails, and text messages.  The result is a massive amount of discovery material, spanning over two million pages.[1]

On June 22, 2020, the government issued a 116-page "talking" Complaint against Jose Huizar, detailing the charges and allegations against him and other individuals and entities, masked and unmasked.  (ECF No. 1.)  Thereafter, the government presented its case to two grand juries, resulting in a 34-count Indictment against Mr. Huizar and a 41-count First Superseding Indictment against Mr. Huizar, three other individuals, and two corporations.  (*Id.* at 36, 74.)

During its lengthy investigation, grand jury presentations, and preparation for trial, the government undoubtedly identified most, if not all, the documents and evidence it will present at trial, and appears to have admitted as much to the Court.  (4/5/21 RT 35 ("I would say all the evidence that the Government intends to rely on in its case in chief, I would say 90 to 95 percent of that has been produced"); 35-6 ("The 90 to 95 percent of what we believe the Government will rely on its case in chief has been produced").)

On May 5, 2021, the parties filed a joint status report proposing dates for pretrial motions, disclosures, and trial.  (ECF No. 182.)  The schedule noted the

---

[1]    On July 19, 2021, the government advised defense counsel that it would be producing additional discovery and requesting another external hard drive for duplication.  As of the date of this filing, those discovery materials have not yet been provided.

parties' disagreement over the disclosure of the government's exhibits list: the government proposed April 22, 2022; the defense proposed June 15, 2021.  (*Id*.)

The parties appeared before the Court on May 10, 2021.  The government expressed a concern that if it disclosed its exhibit early, and then later found exhibits it wanted to use at trial, the defense would cry foul.  The Court responded, "I think the bulk of the exhibits are probably already known… [You've] been working on this case for a long time. As we get closer to trial, to the extent that the exhibit list doesn't contain certain exhibits because they recently were produced or recently discovered or if there was some inadvertence by not including them on the list, certainly you're not going to be bound by the exhibit list. (5/10/21 RT 17.)

The Court suggested January 25, 2022, as a disclosure date for its exhibit list; the government asked that the disclosure occur after the hearing on the suppression motions; the Court suggested February 15, 2022, and the government agreed.  *Id*. at 18-20.  Defense counsel then responded, asking for a much earlier disclosure date.  Defense counsel pointed out that the discovery materials included an enormous number of wiretaps interceptions, emails, and text messages, and that they were unaware which ones the government intended to use at trial.  (*Id*. at 20-21.)

The Court stated that it was sympathetic to the defendants' situation and proposed an alternate approach:

> Maybe there is an alternative where we could have the Government provide each defendant with the documents that they expect -- without putting them on the list, just a range of documents that they expect are relevant to what they intend to offer at trial and walk through some of these exhibits with each defense counsel to give them a little more focus. And then when the exhibit list is produced in January, it will make a little more sense… So it's in everybody's interest, it seems to me, starting with the Government, to start making those informal disclosures to defense with respect to these exhibits with a view that the date that I gave in January to come up with a formal list, and that at least takes steps to accomplish what I think your -- the legitimate

LAW
OFFICES OF
RICHARD M.
STEINGARD

issues that you're raising with respect to what do I do with these millions of pieces of paper. (*Id*. at 24-25.)

The defense immediately agreed to the Court's proposal. (*Id*. at 25.) The government also agreed, stating, "The short answer is yes…. we are happy to share that portion of our work product because we believe it is helpful for them to see the evidence in our view, the strength of that evidence… we are happy to produce them." (*Id*. at 25-26.) The Court concluded by asking that the parties "embark upon this effort to meet and confer," adding, "[I]f there is an issue, I would encourage you to bring it to the attention of the Court as early as possible so I can figure out what the problem is and hopefully resolve the problem so we can move forward." (*Id*. at 27, 28.)

The next day, May 11, 2021, defense counsel emailed the government to begin the meet and confer process. (Exhibit A.) Rather than meeting with *each* defense counsel to review the exhibits pertinent to his or her client, the defense suggested that the government conduct four meetings, each one relating to a specific part of the case. For instance, one meeting would address the exhibits that will be presented against defendants Huizar, Chan and Shen Zhen New World, while another meeting would concern the exhibits pertinent to defendants Huizar, Lee, and 940 Hill. Defense counsel wrote, "In this way, the government could efficiently address the trial exhibits (by Bates number so we can easily find them) and witnesses for the various counts and overt acts without having to repeat it for each defendant." The defense twice stated that they were "open to suggestions" or "alternative ideas" on how else to address the production issue. (*Id.*)

The government did not respond. Two weeks later, on May 24, 2021, defense counsel emailed the government asking about the status of their May 11 email. (Exhibit B.) On May 28, 2021, the government wrote to defense counsel that they were conducting an "Overt Act Project" to locate the exhibits that

LAW
OFFICES OF
RICHARD M.
STEINGARD

correspond to the overt acts and would provide them "[o]nce we complete this project in the coming months." (Exhibit C.) The government made no mention of meeting with defense counsel, and, instead, accused the defense of seeking reverse proffers. (*Id*.)

On June 14, 2021, defense counsel wrote to the government, asking that the exhibits correlating to the overt acts be produced on a rolling basis. (Exhibit D.) As to the other trial exhibits, the defense stated, "[W]e are unclear of your position or whether the government is reneging on your in-court commitment. To be clear, we are not requesting a reverse proffer; as stated in court and in the email, we ask that you identify the trial exhibits that will be introduced at trial. If you prefer to do this one attorney at a time rather than in the manner we proposed, we are agreeable. If the only exhibits that you will introduce at trial are those that are specifically referenced in an overt act, please so advise. Otherwise, we ask that you clarify your position on disclosing the additional exhibits." The defense suggested a phone call with all counsel. (*Id.*)

On June 24, 2021, the government and defense held a conference call. The government advised that it had renamed its project the "Draft Exhibits Project" which now included all trial exhibits but would not provide a timetable for any production. Defense counsel asked that the government reconsider its position, provide some timetable, and produce the materials on a rolling basis. (Exhibit E.)

On July 7, 2021, the government emailed defense counsel to say it would provide a list of exhibits in three batches, the first on August 2, 2021, the second three months later on November 1, 2021, and the third two months after that, on January 10, 2022. (*Id*.)

Rather than returning to court, defense counsel decided to await the first production to see the extent of the government's disclosure. On August 2, 2021, the government produced its first list of exhibits, a spreadsheet containing the Bates numbers for 471 documents, corresponding to just 4 of the 40 substantive

counts – equaling 10 percent of the substantive counts – and only 75 of the 452 overt acts – equaling roughly 16 percent of the overt acts.  Per the government's schedule, the next partial list of exhibits will not occur for another three months.

### III.

### ARGUMENT

The government investigated this case for at least eight years.  They issued a lengthy "talking" Complaint and presented their case to two grand juries, resulting in two lengthy "talking" indictments.  In doing so, they necessarily had to have identified the documents that correspond to the numerous overt acts and counts.  How else could a detailed Complaint be written, and the grand jury vote on whether to issue indictments, unless the government pinpointed the evidence supporting each overt act and count.  Indeed, four months ago the government represented to the Court that they had already produced in discovery "90 to 95 percent of what we believe the Government will rely on its case in chief."

Three months ago, the government stated in court that they would readily meet with defense counsel to informally disclose their exhibits.  Out of court, the government refused to meet with defense counsel and, instead, intends on "slow-walking" its production of trial exhibits.  In essence, the government claims that it can currently identify trial exhibits for only 10 percent of the substantive counts and approximately 16 percent of the overt acts in the RICO count.  This position is inconsistent with the Court's observation to government counsel at the May 10 hearing that "I think the bulk of the exhibits are probably already known…," a remark that the government did not challenge or rebut.

Unless the Court intervenes, the government will not provide another list of an unknown number of exhibits for three more months.  Respectfully, we do not believe this is what the Court contemplated; for sure, it is not what the defense understood would occur.  There is no doubt that the Court has the authority to order the early disclosure of exhibit lists.  *See e.g.*, *United States v. Grace*, 526

1   F.3d 499 (9th Cir. 2008).  We ask that the Court reconsider its prior ruling and

2   order the government to produce a list of its trial exhibits on or before October 1,

3   2021, or whatever date the Court thinks is appropriate.

4

5   Dated: August 20, 2021                    Respectfully submitted,

6                                             **LAW OFFICES OF RICHARD M.**

7                                             **STEINGARD**

8

9                                       By:   */s/ Richard M. Steingard*

10                                            Richard M. Steingard

11                                            [And on Behalf of All Defendants]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



LAW
OFFICES OF
RICHARD M.
STEINGARD