Richard M. Steingard (SBN 106374)
rsteingard@SteingardLaw.com
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260-9449
Facsimile: (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC
[And on Behalf of All Defendants]

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>JOSE LUIS HUIZAR, ET AL.,<br><br>             Defendants. | CR-20-326(A)-JFW<br><br>**DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS COUNTS 2-17**<br><br>Date: November 15, 2021<br>Time: 8:00a.m.<br>Ctrm: 7A – Hon. John F. Walter |

   Defendants Jose Huizar, Raymond Chan, Shen Zhen New World I, LLC, Dae Yong Lee, and 940 Hill, LLC hereby move this Court to dismiss the honest services fraud charges, Counts 2-17, as improperly pled.

///

///

///

This motion is based on the attached memorandum of points and authorities, all files and records in this matter, and any argument or evidence that may be presented at a hearing on this motion.

Dated: September 16, 2021  Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By: /s/ Richard M. Steingard

Attorney for Defendant
Shen Zhen New World I, LLC
[And on Behalf of All Defendants]

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants submit this supplemental motion asking that the Court dismiss Counts 2-17, the honest services fraud counts.  Defendants do so because, notwithstanding the clear language in the First Superseding Indictment alleging multiple different fraud schemes, and the government's statements in court asserting there were five separate fraud schemes, the government recently claimed that the defendants engaged in a *single* fraud scheme, in which case the counts are improperly pled.

In the government's recently filed consolidated opposition to Defendants Lee, 940 Hill, LLC and Shen Zhen New World I, LLC's severance motions, the government claims that the honest services fraud counts allege a *single* fraud scheme involving all defendants, with each of Counts 2 through 17 simply being a mailing or wire in furtherance of that scheme.  (ECF No. 228.)  If so, the honest services fraud counts are improperly pled and cannot stand as they clearly allege *multiple* schemes.

This is first made apparent in the RICO charge, Count 1, which the government claims mirrors the honest services fraud counts.  There, the FSI explicitly alleges at least *five* separate and unique fraud schemes, each one involving different combination of participants, indicted and unindicted. The government entitled each scheme differently to show that it was distinct and unique from the other alleged schemes – the "L.A. Grand Hotel Bribery Scheme", the "940 Hill Bribery Scheme," the "Luxe Hotel Bribery Schemes", the "Project M Bribery Scheme," and the "Businessperson A Schemes" – with the claimed acts in furtherance of each scheme following under each title.   (ECF No. 74 at 15:17, 30:24, 37:17, 63:20, & 77:16, respectively.)  Notably, there are no overt acts that are common to all schemes and each of those schemes would, as alleged by the

government, form a separate predicate for a RICO charge.  The government rightly did not charge Defendants Shen Zhen New World I, LLC ("SZNW"), Dae Yong Lee, or 940 Hill, as co-conspirators in the RICO count, because each is only implicated in their individual alleged schemes, not in each of the other separate schemes.

In the same manner, the FSI alleges as to Counts 2 through 17 that each set of honest services fraud counts constitutes a separate and distinct "scheme/project," as exemplified by their titles: "L.A. Grand Hotel Project" (Counts 2-4); "940 Hill Project" (Count 5); "Luxe Hotel Project" (Counts 6-15); "Businessman A" (Count 16); and "Project M" (Count 17).  These are, in the government's words, "separate and "distinct" schemes, not a single scheme. Defendants have always viewed Counts 2 through 17 the same way – as alleging separate fraudulent schemes concerning separate development project against separate defendants.  Indeed, in proceeding before this Court, the government has consistently maintained there were five separate schemes (*E.g.*, 8/5/20 RT 6 (AUSA Jenkins: "I will focus now… on the specific schemes"); 7-17 (summarizing "the Project E bribery scheme"); 17 ("Project C… relates to a separate project and separate developer"); 23 ("Project D relates to a separate Chinese national developer with a separate hotel and project in Council District 14"); 49 ("Project M… relates to a domestic development company, Company M and its project in the Arts District"); 44 ("And I believe that concludes the five schemes, Your Honor")).[1]  Accordingly, then, the Court also appears to have understood that there were five separate and distinct fraud schemes.  (12/4/20 RT 5 (the Court asked the prosecutor to "go through the Government's evidence with

---

[1]   In fact, there appear to be more than five schemes, as the allegations concerning the Luxe Hotel and Businessman A refer to "schemes" in the plural.

2

respect to the five schemes that are alleged in the RICO conspiracy and the mail fraud counts")).

Thus, it was a surprise to learn that the government views Counts 2 through 17 as charging a single fraud scheme, necessitating this supplemental motion to dismiss to address that position. Indeed, it appears the government wants to have it both ways: charge the Defendants and identify them in separate schemes in the FSI, but claim they are one singular fraudulent scheme to try to reap a perceived evidentiary benefit. As pled, these multiple schemes cannot be conflated into one fraud scheme simply because that is the only way the government believes it can introduce otherwise inadmissible evidence against all defendants. If in fact it is the government's intention to charge a single fraudulent scheme, Counts 2-17 should be dismissed.

## II.
## ARGUMENT

Defendants' motion to dismiss (ECF No. 235) sets forth the applicable legal test. Rule 12 authorizes such a motion based on "any defense, objection, or request that the court can determine without a trial of the general issue," including "failure to state an offense." Rule 12(b)(3)(B)(v). In considering a motion to dismiss the court must accept the indictment's allegations as true, but need not credit general, conclusory allegations "when they are belied by the more specific facts in the indictment." *United States v. Nosal*, No. C 08-0237 MHP, 2010 WL 934257, at *2 (N.D. Cal. Jan. 6, 2010) (dismissing multiple counts indictment despite charging language that tracked the statute where specific allegations refuted general charging language), *aff'd en banc* 676 F.3d 854 (9th Cir. 2012) (cleaned up). A charge is ripe for dismissal if it fails to state an element of the offense, *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979), or if, despite a general recitation of the statutory elements, the specific facts alleged fall beyond the scope of the

properly-construed criminal statute. *United States v. McGeehan*, 584 F.3d 560, 565 (3d Cir. 2009) (partially vacating order where, despite general charging language tracking the statute, specific allegations refuted honest-services liability) (citing *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)).  When faced with a motion to dismiss for failure to state an offense, the Court's role is to "ensur[e] that legally-deficient charges do not go to a jury."  *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012).

In this case, the government's Opposition to defendants' severance motions claims that Counts 2 through 17 allege a single "joint honest services [fraud] scheme."  (ECF No. 228 at 2.)[2]  Yet, in the *same* pleading and regarding the *same* counts, the government repeatedly refers to multiple fraud schemes as alleged in the various honest services counts (as it does in the FSI): the "940 Hill Bribery Scheme" (*id.* at 12:4, 13:19, 20:5, 20:24), the "L.A. Grand Hotel Bribery Scheme" (*id.* at 12:19, 13:7-8, 13:15, 20:4-5, 20 n.5, 20:22-23), the "Project M Bribery Scheme" (*id.* at 15:21-22, 23:12), the "Luxe Hotel Bribery Scheme" (*id.* at 15:22, 24:1), and the "Businessperson A Schemes" (*id.* at 15:22, 23:12).  Further, the government advises that each one of these schemes is "distinct" (*id.* at 20:8, 24:8, 24:10) and "separate" (*id.* at 23:25, 23:27 24:2) from the other alleged schemes.  These perhaps unintentionally candid concessions make clear that the honest services fraud counts—like the RICO count—charge not one scheme but many

---

[2]  The honest services fraud charges are arguably not duplicitous specifically because the government brought separate counts for each fraud scheme and did not group them into one count.  *United States v. Caldwell,* 302 F.3d 399, 407 (5th Cir. 2002) quoting *United States v. Sharpe,* 193 F.3d 852, 865–66 (5th Cir. 1999) ("A duplicitous indictment is one that alleges 'two or more distinct and separate offenses' in a single count. Accordingly, in determining whether an indictment is duplicitous, the inquiry is 'whether the indictment can be read to charge only one violation in each count.'").

4

schemes—each one, as the government points out, with its own alleged circumstances, participants, projects, dates, evidence, *quids*, *quos*, and issues. The government states,

> As the FSI itself clearly outlines, the case is already intrinsically compartmentalized. For example, evidence against defendant SZNW relates to the L.A. Grand Hotel Project and benefits provided by defendants HUANG and SZNW to defendant HUIZAR and Esparza during trips to Las Vegas and Australia and in the form of a purported "loan." The evidence against defendants LEE and 940 HILL relates to a separate project, the 940 Hill Project, and involves very different alleged benefits, namely a large sum of cash. The Project M bribery scheme involves yet another separate development project, Project M, and a different form of benefit, namely, PAC contributions. And the Luxe Hotel Bribery Scheme also involves a separate project and yet another different type of (indirect) benefit in the form of consulting fees as well as PAC contributions. *Each of these schemes* fall under a distinct FSI header naming the scheme/project that will serve as an easy-to-follow guide for the jury to navigate during its deliberations. Because the crimes charged against the Developer Defendants arise out of *distinct development projects*, if necessary, a jury will be able to parse and compartmentalize the evidence and follow the judge's instructions to keep *these schemes* distinct.

(*Id.* at 23:24-28-24:110) (emphases added; footnote omitted).

The government's seeming effort to analogize the honest services counts to a single conspiracy demonstrate the problems. In Kotteakos v. United States, 328 U.S. 750, 752 (1946), 32 defendants were charged in a single conspiracy count alleging that they "sought to induce various financial institutions to grant credit, with the intent that the loans or advances would then be offered to the Federal Housing Administration for insurance upon applications containing false and fraudulent information." One defendant, Brown, "was the common and key figure in all the transactions proven," while several other individuals fraudulently obtained loans through Brown. Id. at 753. Although the various individuals (or

5

"spokes") were all connected to Brown (or "the hub"), there was no evidence of any connection between them.  Id. at 754.  The Supreme Court found that a "hub and spoke" conspiracy had not been established and characterized the conspiracy as a "rimless wheel because there [wa]s no rim to connect the spokes into a single scheme." Id. at 755.

Under Kotteakos, courts have consistently found multiple conspiracies "where the spokes of a conspiracy have no knowledge of or connection with any other [spoke], [and are] dealing independently with the hub conspirator ...." See e.g., United States v. Chandler, 388 F.3d 796, 807 (11th Cir. 2004) (citing Kotteakos, 328 U.S. at 754–55 (no connection between spokes means "there is not a single conspiracy, but rather as many conspiracies as there are spokes.")). Similarly, here, the government admits that Huizar is the sole common denominator in the honest services fraud counts, as well as the RICO count it mirrors.  (ECF No. 228 at 4:6-7.)  Huizar thus is the hub, and the developers are the spokes.  Because there is no connection or linkage between the spokes, it too forms a "rimless wheel."  There is simply nothing in the FSI to suggest that any of the developers were aware of a larger "scheme" beyond those specific acts that they are particularly alleged to have been involved in.  For instance, as to Mr. Lee there is no allegation that he was aware of any of the other developers, or even (until allegedly informed by Justin Kim) of Huizar's alleged willingness to accept bribes; i.e., there is no allegation that he was part of a scheme larger than the purported conduct related to 940 Hill.  Similarly, as to SZNW, the government does not allege, nor is there any evidence of, an awareness of the other defendants' conduct, alleged bribes, official acts, or alleged schemes.

///
///
///

1    Consequently, the government's assertion that Counts 2-17 are supposed to
2 charge a single fraud scheme – whereas the pleadings, facts, representations in
3 court, and law clearly show multiple schemes – requires that these counts as pled
4 should be dismissed.  See e.g., United States v. Camiel, 689 F.2d 31 (3d Cir. 1982)
5 (affirming trial court's directed verdict because government claimed indictment
6 charged single fraud scheme when evidence showed multiple schemes).

Dated: September 16, 2021            Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By:  /s/ Richard M. Steingard
Richard M. Steingard
Attorney for Defendant
**SHEN ZHEN NEW WORLD I, LLC**

[And on Behalf of All Defendants]