# Exhibit A



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Veronica Dragalin*
*Phone:  (213) 894-0647*
*E-mail: veronica.dragalin@usdoj.gov*

*1500 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*

June 4, 2021

**VIA E-MAIL**

*All Counsel*

Carel Alé
Charles Snyder
Office of the Federal Public Defender
321 E. 2nd Street
Los Angeles, CA 90012
Carel_Ale@fd.org
Charles_Snyder@fd.org

Harland Braun
Braun & Braun LLP
10250 Constellation Blvd., Suite 1020
Los Angeles, CA 90067
harland@braunlaw.com

Richard Steingard
Law Offices of Richard M. Steingard
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017-2672
richard@steingardlaw.com

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
aneuman@birdmarella.com
rseilie@birdmarella.com

Re:   United States v Jose Huizar et al, CR No. 20-326(A)-JFW
      Response to Various Letters re: Bill of Particulars

Dear Counsel:

We write in response various letters requesting clarification of certain allegations in the indictment "in lieu of requesting a bill of particulars."  Specifically, we are in receipt of a March 9, 2021 letter from Mr. Steingard, a March 30, 2021 letter and April 21, 2021 letter from Mr. Neuman, and a May 26, 2021 letter from Ms. Alé each requesting clarification in lieu of a bill of particulars.

The law is clear that the purposes of a bill of particulars are served if the indictment itself provides sufficient details of the charges and if the government provides full discovery to the defense.  The 138-page first superseding indictment in this case is extremely and deliberately detailed, and contains 452 overt acts providing specific dates and descriptions of meetings, actions, conversations, financial transactions, and quoted calls, e-mails, text messages, recordings, among other things.  Moreover, it is organized by headers that outline the government's theory of criminality and how we intend to prove the same.  Together with the expansive discovery produced in this case, these detailed allegations in the indictment provide

All Counsel
RE: Bill of Particulars
June 4, 2021
Page 2

notice of the charges and government's case well beyond what is required by the law and what is typical in a standard case.

Nevertheless, consistent with our ongoing efforts to aid your preparation for trial, below please find responses to the questions posed in your respective letters regarding particular counts.

### A.     Count 5 – 940 Hill Bribery Scheme

As we explained in our April 8, 2021 letter to Mr. Neuman regarding the allegations in Count 5, we direct your attention to Count 1, Overt Act Nos. 85-118, which contain specific allegations regarding the 940 Hill Bribery Scheme, and Count 25, which charges defendants Dae Yong Lee and 940 Hill LLC with bribery in violation of 18 U.S.C. § 666(a)(2). Those allegations specify the public officials involved, the benefits offered or provided, and the official acts performed or agreed to be performed as part of this scheme.

### B.     Counts 2-4, 18-21 – L.A. Grand Hotel Bribery Scheme

Mr. Steingard's letter asked us to identify which financial benefits listed in ¶ 45(a), which official acts listed in ¶ 45(b), and which acts of concealment listed in ¶ 45(c) apply to defendants Wei Huang and Shen Zhen New World ("SZNW"). We direct your attention to Count 1, Overt Act Nos. 1-84, which contain specific allegations regarding the L.A. Grand Hotel Bribery Scheme, and Count 23, which charges defendants Wei Huang and SZNW with bribery in violation of 18 U.S.C. § 666(a)(2). Those allegations specify the public officials involved, the benefits offered or provided, and the official acts performed or agreed to be performed as part of this scheme. In addition, we direct your attention to Overt Act Nos. 361-452, which contain specific allegations regarding concealment and obstructionist conduct by the co-schemers.

Mr. Steingard's letter also asked us to identify the specific financial institution that was affected for each of Counts 2, 3, and 4. As to Count 2, the government alleges that ███████████ (referred to in the indictment as "Bank 1") was affected by the scheme to defraud. The government does not allege that any financial institution was affected as to Counts 3 and 4.

### C.     Counts 31-34 – Huizar Money Laundering

Ms. Alé's letter asked us to "identify the alleged bribery activity that is the source of each deposit or check" for Counts 31 through 34. The government is not required to trace proceeds and prove that the source of each deposit or check was linked to a particular "bribery activity." That said, again, we direct your attention to the Overt Acts in Count 1, which allege specific bribery activity predating the deposit and check transactions charged in Counts 31 through 34.

As we previously noted to Mr. Neuman on April 8, 2021, this letter should not be construed as limiting the government's ability to offer evidence at trial. At this stage, the government has no further obligation to precisely or exhaustively outline how it will prove each charge. As with every case, we will continue to investigate the allegations, review discovery, and seek to develop

All Counsel
RE:  Bill of Particulars
June 4, 2021
Page 3

additional evidence in support of those allegations in advance of trial and consistent with the Court's deadlines.

If you need further clarification of any of our above responses or of the charges, please feel free to let us know.

Respectfully,

*Veronica Dragalin*

MACK E. JENKINS
VERONICA DRAGALIN
MELISSA MILLS
Assistant United States Attorneys
Public Corruption & Civil Rights Section