Exhibit F

| | |
|---|---|
| **From:** | Dragalin, Veronica (USACAC) |
| **To:** | Harland Braun |
| **Cc:** | Jenkins, Mack (USACAC); Mills, Melissa (USACAC) 2; Raymond Chan |
| **Subject:** | RE: The China Initiative |
| **Date:** | Thursday, August 26, 2021 6:12:00 PM |
| **Attachments:** | image001.png |
| | Raymond Chan.msg |
| | RE Raymond Chan.msg |

Harland,

As you know, the investigation in this case is about public corruption of U.S. government officials and not espionage, and it began many years before the last presidential administration or the "China Initiative" that's discussed in the article you attached.  The charges against Mr. Chan arise out of his own alleged criminal conduct, and of course in no way stem from his status as a Chinese-American.  We take issue with such baseless allegations, particularly because as AUSAs in the Public Corruption and Civil Rights Section, and as evidenced by the cases brought by our Section, it is our job vindicate victims of racial bias, as we are tasked with prosecuting racially motivated violence and civil rights violations.

Now, as to the actual facts of the case and your client's status, as reflected in the attached emails, before the filing of the indictment against Mr. Chan, we invited you and your client to meet with us to give you an opportunity to tell us his side of the story before taking next steps and making charging decisions.  You declined that invitation twice.  Instead, you asked for a preview of the government's case, which we believed would risk undermining the investigation as to other potential defendants.

Since you regularly cc your client on correspondence with us, including your frivolous allegations and misstatements of facts about his case, we have a few follow ups we would like to clarify.  (1) Do you intend to allow us to speak directly to your client when he is cc'd on correspondence, at least with respect to the substance of that correspondence?  (2) Relatedly, did you convey to your client both of our requests to meet with Mr. Chan pursuant to proffer protection before he was indicted to hear his side of the story?  (3) If you and Mr. Chan are still interested in meeting with us, we are remain interested to hear you out.  If Mr. Chan is interested in cooperation and a pre-trial resolution, we continue to be interested in engaging in such discussions.

Contrary to your below conclusion, as is the typical practice in this District with "speaking" indictments, detailed allegations in the indictment signal the strength of the evidence in this case by outlining it for the defendant, judge, and jury.  If you or your client are having difficulty understanding the indictment, we are open to a meeting during which we explain the strength of the evidence, the government's theory of the case, the significant prison sentence Mr. Chan would face if convicted at trial, and the benefits that he could gain by cooperating and a resolving his criminal case short of trial.

Please let us know by Wednesday September 1 if you and Mr. Chan are interested in such a meeting and we can discuss a mutually agreeable date.  Otherwise, we will continue to prepare your client's case for trial.

Thank you,

**Veronica Dragalin | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1500 United States Courthouse | 312 N. Spring St. | Los Angeles, California 90012
T: 213.894.0647 | F: 213.894.0141 | Veronica.Dragalin@usdoj.gov

---

**From:** Harland Braun <harland@braunlaw.com>
**Sent:** Tuesday, August 24, 2021 10:19 AM
**To:** Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Richard Steingard <richard@steingardlaw.com>; Carel Ale <Carel_Ale@fd.org>; Charles Snyder <Charles_Snyder@fd.org>; Ariel A. Neuman <aneuman@birdmarella.com>; Ray S. Seilie <rseilie@birdmarella.com>
**Cc:** Mills, Melissa (USACAC) 2 <mmills2@usa.doj.gov>; Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Raymond Chan <ray.sw.chan@gmail.com>
**Subject:** The China Initiative

See attached article regarding the China Initiative. When I first met Ray I told him the only reason he was being charged was because he is a Chinses-American.
Two weeks ago the government dismissed five Chinese  cases in California including my case before Judge Fitzgerald. Of course there was no reason given the Judge because there is no provision for dismissal based on racism and government corruption.[See U.S. v Guan Li]

Both the Washington Post and the LA Times are working on articles about the anti-Chinese pogrom initiated by our twice impeached President. My twice rejected offer of a reverse proffer proves there is no evidence of a quid pro quo which would pass muster under McDonald. But the US attorneys in the Chan was are just mindless immoral spear carriers for Trump. The absurd length of the indictment proves there is no case, If there were a case, a five page indictment would have been sufficient.

Sincerely,
Harland Braun

**BRAUN&BRAUN** LLP
Trial Lawyers | Trusted Counsel
10880 Wilshire Blvd., Suite 1020
Los Angeles, CA  90024
(310) 277-4777
harland@braunlaw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Braun & Braun LLP