Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260-9449
Facsimile: (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC

[And on Behalf of Jose Huizar and Ray Chan]

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE LUIS HUIZAR, ET AL.,

Defendants.

CR-20-326(A)-JFW

**NOTICE OF MOTION; MOTION FOR BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL; EXHIBITS**

**Hearing Date: January 31, 2022**
**Hearing Time: 8:00 a.m.**

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 31, 2022, at 8:00 a.m., or as soon thereafter as the matter may be heard, defendants Shen Zhen New World I, LLC, Jose Huizar, and Ray Chan will move this Honorable Court for an order that the government provide a bill of particulars identifying the specific theory of

prosecution for each of the different alleged bribery schemes charged in the First Superseding Indictment.

This Motion is based on the attached Memorandum of Points and Authorities, declaration of counsel, exhibits, all pleadings and files in this matter, and such evidence and argument as may presented at the hearing on this motion.

Dated: January 10, 2022

Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By: /s/ Richard M. Steingard
Richard M. Steingard
Attorney for Defendant
**SHEN ZHEN NEW WORLD I, LLC**

[And on Behalf of Jose Huizar, and Ray Chan]

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. STATEMENT OF RELEVANT FACTS ........................................................ 2

III. ARGUMENT ........................................................................... 5

A. Rule 7 Permits the Filing of a Bill of Particulars ........................... 5

B. The Ninth Circuit Authorizes a Bill of Particulars to Ascertain the Government's Theory of Prosecution ........................ 6

C. The Three Alternative Theories of Bribery Prosecution ........................ 8

D. Defendants' Need for a Bill of Particulars .................................... 10

LAW OFFICES OF RICHARD M. STEINGARD

## TABLE OF AUTHORITIES

### FEDERAL CASES

*McDonnell v. United States*,
136 S.Ct. 2355 (2016)....................................................................3, 9

*Rose v. United States.*,
149 F.2d 755 (9th Cir. 1945) ...............................................................3-4, 6-7

*United States v. Akroush*,
2015 WL 3830515 (N.D. Cal., decided June 19, 2015) .................................8

*United States v. Ayers*,
924 F.2d 1468 (9th Cir. 1991) ......................................................5, 11

*United States v. Brollini*,
2018 WL 4522930 (D. Ariz., decided May 4, 2018).....................................8

*United States v. Diaz*,
2006 WL 1833081 (N.D. Cal., decided June 30, 2006) .................................7

*United States v. Etienne*,
2019 WL 2548790 (N.D. Cal., decided June 20, 2019) .................................8

*United States v. Ganim*
510 F.3d 134 (2d Cir. 2007)....................................................... 3, 9-10

*United States v. Giese*,
597 F.2d 1170 (9th Cir. 1979) ................................................... 5-7, 11

*United States v. Gutierrez*,
928 F.2d 409 (9th Cir. 1991) ...............................................................7

*United States v. Habash*,
2018 WL 621281 (E.D. Cal., decided Jan. 30, 2018).....................................8

*United States v. Harbour*,
2021 WL 842146 (D. Ariz., decided March 4, 2021).....................................7

*United States v. Jasso*,
2021 WL 3212705 (N.D. Cal., decided July 29, 2021) .................................. 7

*United States v. Juan*,
2021 WL 1737346 (E.D. Cal., decided May 3, 2021) .................................... 7

*United States v. Kapp*,
2021 WL 5500457 (D. Guam, decided Nov. 23, 2021) ................................. 7

*United States v. Kincaid-Chauncey*,
556 F.3d 923 (9th Cir. 2009) ........................................................................ 9

*United States v. Liang Chen*,
2020 WL 6342931 (N.D. Cal., decided Oct. 29, 2020) .................................. 7

*United States v. Long*,
706 F.2d 1044 (9th Cir. 1983) ...................................................................... 5

*United States v. Lopez*,
4 F.4th 706 (9th Cir. 2021) ........................................................................... 7

*United States v. Lopez-Cotto*,
884 F.3d 1 (1st Cir. 2018) ............................................................................. 8

*United States v. Middleton*,
35 F. Supp. 2d 1189 (N.D. Cal. 1999) .......................................................... 6

*United States v. Mitchell*,
744 F.2d 701 (9th Cir. 1984) .................................................................... 5-6

*United States v. Ranieri*,
2019 WL 3842092 (N.D. Cal., decided August 15, 2019) ......................... 7-8

*United States v. Ryland*,
806 F.2d 941 (9th Cir. 1986) ................................................................. 4, 6-7

*United States v. Sherwood*,
2021 WL 4893507 (W.D. Wash., decided Oct. 20, 2021) ............................. 7

LAW OFFICES OF RICHARD M. STEINGARD

*United States v. Shiraishi*,
2018 WL 3370522 (D. Hawaii, decided July 10, 2018)..................................8

*United States v. Silver*,
948 F.3d 538 (2d Cir. 2020)............................................................ 1, 3, 9-10

*United States v. Smith*,
2019 WL 6718082 (D. Idaho, decided Dec. 10, 2019)...................................7

*United States v. Taylor*,
2018 WL 4961608 (N.D. Cal., decided Oct. 12, 2018)...................................8

*United States v. Williams*,
2015 WL 3830515 (N.D. Cal., decided June 19, 2015) .................................7

*Yeargain v. United States*,
314 F.2d 881 (9th Cir. 1963) ........................................................................6

# INDEX OF EXHIBITS

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Steingard email to AUSA Mack Jenkins, Oct. 28, 2021, regarding government's use of the term "stream of benefits" theory of prosecution | 3:1 |
| B | Email from AUSA Mack Jenkins, Oct. 28, 2021, responding to Steingard's Oct. 28, 2021 email | 3:2 |
| C | Steingard email to AUSA Mack Jenkins, Nov. 2, 2021, seeking government's identification of specific theory for each alleged scheme in lieu of a bill of particulars | 3:7 |
| D | Steingard email to AUSA Mack Jenkins, Nov. 8, 2021, seeking response to Oct. 28, 2021 email | Declaration 1:26 |
| E | Steingard email to AUSA Veronica Dragalin, Nov. 24, 2021, seeking response to Oct. 28, 20121 email | Declaration 1:28 |
| F | Email from AUSA Mack Jenkins, Nov. 26, 2021, responding to Steingard's Oct. 28, 2021 email | 3:14 |
| G | Steingard email to AUSA Mack Jenkins, Dec. 1, 2021, clarifying defendants' position | 3:22 |
| H | Email from AUSA Mack Jenkins, Jan. 3, 2022, responding to Steingard's Dec. 1, 2021 email | 4:10, 11:2 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

In *United States v. Silver*, 948 F.3d 538, 553 n.7 (2d Cir. 2020), the Second Circuit clarified that three alternative theories of bribery prosecution – labelled "stream of benefits," "as opportunities arise," and the "retainer" theories – are separate and distinct from each other. The Court noted that these terms have frequently been used "interchangeably," but that each theory places different legal and factual obligations on the government. *Id.; see also id*. at 578 (Lohier, J, concurring) (the majority opinion "recognizes each theory [referring to 'stream of benefits' and 'retainer' theories] as different from the 'as opportunities arise' theory in doctrinally significant ways.").

By this motion, the defendants seek a bill of particulars asking that the government identify which of these theories it is pursuing for each the alleged bribery schemes charged in the First Superseding Indictment ("FSI"). Prior to filing this motion, the government advised that it has been using the "stream of benefits" theory as a synonym for all three theories of prosecution. Thereafter, Shen Zhen New World I, LLC ("SZNW"), Jose Huizar and Raymond Chan ("the defendants") attempted to informally resolve this issue with the government by requesting that they identify which of the three theories it is proceeding under for each alleged bribery scheme. The government declined to do so, initially claiming that the three theories are merely "pithy descriptions for a series of interrelated acts" and later contending that their disclosure of a specific theory of prosecution should wait until the parties address jury instructions. Because the defendants disagree with the government's positions and their timetable for disclosure, we bring this motion for a bill of particulars.

///

///

## II.

## STATEMENT OF RELEVANT FACTS

The FSI alleges five separate and distinct bribery fraud schemes. The first alleged scheme, entitled "L.A. Grand Hotel Bribery Scheme," concerns Jose Huizar, Ray Chan, Wei Huang, and Huang's company, Shen Zhen New World I, LLC ("SZNW"); the second, entitled "940 Hill Bribery Scheme," concerns Huizar, Dae Yong Lee, 940 Hill, LLC ("940 Hill") and cooperators Justin Kim and George Esparza; the third, entitled "Luxe Hotel Bribery Schemes," concerns Huizar and numerous uncharged individuals and companies; the fourth, entitled "Project E Bribery Scheme," concerns Huizar and a separate group of uncharged individuals and companies; and the fifth, entitled "Businessperson A Schemes," involved Huizar and yet another set of uncharged individuals and companies.

Although the FSI is quite lengthy and detailed, it does not identify or explain the government's theory of prosecution for each alleged scheme. Accordingly, at Huizar's initial appearance, the government advised that it is employing a "stream of benefits" theory in connection with the LA Grand Hotel Bribery Scheme (referred to in court as the "Project E" scheme") and the Luxe Hotel Bribery Schemes (referred to in court as the "Project D" schemes). (8/5/20 RT 15-16, 29.)[1] More recently, in its Opposition to Defendants' Motion to Dismiss, the government stated that it is prosecuting Counts 22, 23, and 29 (charging federal program bribery) under a "stream of benefits" theory. (ECF 259 at 38-39.)

On October 28, 2021, counsel for SZNW emailed AUSA Mack Jenkins and the other prosecutors asking if they were using the terms "stream of benefits," "as opportunities arise," and "retainer" theories of prosecution interchangeably.

---

1 The government also referred to certain "opportunity[ies]" in connection with the Businessperson A Schemes, but it is unclear whether the government was using that word in the context of the "as opportunities arise" theory of prosecution. (*Id.* at 35, 39.)

LAW OFFICES OF RICHARD M. STEINGARD

(Declaration of Richard Steingard ("Steingard Dec.") at ¶ 2; Exhibit A.) Mr. Jenkins responded, "Yes." (*Id*.; Exhibit B). On November 2, 2021, SZNW's counsel emailed the prosecutors stating that the defense viewed the three theories as each being different, citing and attaching *United States v Silver, supra*. Defense counsel wrote, "[i]n lieu of a bill of particulars, we ask that you identify which of the three theories, if any, you are relying on for each of the various alleged schemes." (*Id*. at ¶ 3; Exhibit C.)

On November 4, 2021, the defendants filed their Reply in Support of Motions to Dismiss and/or Strike. (ECF 270.) In their brief, the defendants outlined the three different theories of prosecution, cited cases defining the elements of each theory, and advised that they were in the process of addressing this issue with the government. *Id*. at 4-6.

On November 26, 2021, Mr. Jenkins emailed counsel stating that he did not fully understand the defense's request. (Steingard Dec. at ¶ 6; Exhibit F.) Mr. Jenkins stated the government's opposition brief to the defendants' motions to dismiss contained the law in the Ninth Circuit,[2] and added that "what you call the theory [sic] is irrelevant beyond trying to find a pithy description for a series of interrelated acts." (*Id*.) As to a bill of particulars, Mr. Jenkins cited and quoted *Rose v. United States*, 149 F.2d 755, 758 (9th Cir. 1945), for the proposition that "[t]he purpose of a bill of particulars is to secure facts, not legal theories." (*Id*.)

On December 1, 2021, SZNW's counsel emailed Mr. Jenkins and the other prosecutors to clarify the defense's position. (*Id*. at ¶ 7; Exhibit G.) Defense

---

[2] The government in fact cited *United States v. Ganim*, the Second Circuit's opinion that *Silver* sought to clarify, in its "Applicable Law for Charged Statutes" section (ECF 259 at 10) and cited to *Silver* in its Omnibus Opposition (*Id*. at 14, 18, 44.). To the extent the government addressed the "stream of benefits" theory in its opposition brief, it did so by using that term as a catch-all for all three theories of prosecution and thus did not provide any clarity to the issues in this motion. (*Id*. at 38-40.)

counsel explained the different theories and how they imposed different obligations on the government. (*Id.*) Defense counsel also noted that the *Rose* decision was 75 years old and that the Ninth Circuit, in a far more recent case, stated, "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (citations omitted; emphasis in original). (*Id.*) Again, defense counsel asked that the government identify which of the three prosecutorial approaches, if any, it was proceeding under for each of the alleged schemes. (*Id.*)

On January 3, 2022, Mr. Jenkins responded. (*Id.* at ¶ 8; Exhibit H.) Essentially, the government states that *Silver* "did not change Ninth Circuit law" and that the government's disclosure of its specific theories of prosecution is "premature" and should occur in the context of "litigating jury instructions." (*Id.*) As to a bill of particulars, the government continues to rely on *Rose* and notes a few cases that reflect that Court's position. The government also asserts that "Nothing in *Ryland* or any other case in the Ninth Circuit (or other Circuits) supports the proposition that the government must disclose its ***legal*** theories of the case before trial, in response to a bill of particulars or otherwise." (*Id.*; emphasis in original.)

On January 7, 20222, at a hearing on defendants' motions to dismiss, the Court addressed the various theories, noting that there was overlap among the three theories and commenting that the government may be pursuing an "as the opportunities arise" theory of bribery prosecution for SZNW. (*Id.* at ¶ 9.) The Court stated it would require the government to identify the official acts for each scheme in the jury instructions. (*Id.*)

//

//

LAW
OFFICES OF
RICHARD M.
STEINGARD

**III.**

**ARGUMENT**

A. Rule 7 Permits the Filing of a Bill of Particulars

Rule 7(f), Federal Rules of Criminal Procedure, states that a defendant may move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." In the instant case, the defendants only recently learned that the government was using the term "stream of benefits" to refer to all three theories of bribery prosecution when the government confirmed this fact through email correspondence between counsel. Prior to the defendants' inquiry, the government did not advise counsel that it was doing so, nor could the defendants have gleaned this from the government's in-court statements, its various pleadings, or the discovery. Thereafter, the defendants attempted to informally resolve the issue with the government, and only bring the instant motion after those efforts proved unsuccessful. Thus, we ask that the Court permit this bill of particulars motion.

The purpose of a bill of particulars is (1) to "inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial," (2) "to avoid or minimize the danger of surprise at the time of trial," and (3) to enable a defendant "to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). *See also United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (a bill of particulars "is appropriate where a defendant requires clarification in order to prepare a defense."). A bill of particulars may be unnecessary "if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir. 1984).

B. The Ninth Circuit Authorizes a Bill of Particulars to Ascertain the Government's Theory of Prosecution

At first glance, the Ninth Circuit appears to be of two minds regarding whether a defendant may seek a bill of particulars to obtain the government's theory of prosecution. As the government noted in its email to counsel, in *Rose v. United States*, 149 F.2d at 758, the Ninth Circuit stated, that "the purpose of a bill of particulars is to secure facts, not legal theories." But this statement does not tell the whole story. In *Rose*, the defendants had "demanded particulars as to what statute and what provisions of the tire rationing regulations they had conspired to violate and how conspiring to violate such provisions constituted an offense." *Id*. The Court noted that "[t]he indictment referred specifically to the regulations and the statutes involved," thereby resolving the issue on appeal. As apparent *dicta*, the Court added the passage cited by the government – "the purpose a bill of particulars is to secure facts, not legal theories." *Id*.

In far more recent cases, the Ninth Circuit stated that a bill of particulars may properly seek the government's theory of prosecution. *U.S. v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979) (quoting *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)) ("A defendant is not entitled to know all the [e]vidence the government intends to produce but only the [t]heory of the government's case."); *see also United States v. Middleton*, 35 F. Supp. 2d 1189, 1192 (N.D. Cal. 1999) (quoting *United States v. Ryland*, 806 F.2d at 942) ("[T]he goal of a bill of particulars is satisfied if the defendant is aware of the '*theory* of the government's case.'") (emphasis in original)..

In *Ryland*, the defendant sought a bill of particulars requesting the government's evidence to prove its RICO charge, claiming that the indictment "improperly charged marijuana trafficking as a predicate offense under the RICO statute." 806 F.2d at 942. The Court rejected this argument, stating, "Ryland's argument regarding the denial of a bill of particulars misconstrues the purpose of

the bill of particulars. A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *Id*., citing *Giese*, 597 F.2d at 1181 (emphasis in original).

Since *Ryland* was decided, the Ninth Circuit has not cited *Rose* when considering a bill of particulars issue but has reasserted *Ryland* position that "[a] defendant "is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Gutierrez*, 928 F.2d 409 (9th Cir. 1991), quoting *Ryland*, *supra*. *See also United States v. Lopez*, 4 F.4th 706, 738 n.17 (9th Cir. 2021) (Bennett, J., dissenting in part) ("a court would likely order, on motion, a bill of particulars specifying the possible predicate offenses given that a defendant is "entitled to know ... the theory of the government's case.")

The government notes in its correspondence with counsel that after Ryland was decided, a few district courts have continued to cite *Rose*. (Ex. H.)[3] By comparison, a far greater number of district courts have cited *Ryland's* position on this issue.[4] Finally, counsel has not located any cases in this circuit or any other

---

[3] *United States v. Williams*, 2015 WL 3830515, at *2 (N.D. Cal. June 19, 2015); *United States v. Diaz*, 2006 WL 1833081, at *6 (N.D. Cal. June 30, 2006); and *United States v. Sherwood*, 2021 WL 4893507, at *2 (W.D. Wash. Oct. 20, 2021).

[4] A small sampling of cases citing *Ryland* in just the last few years include *United States v. Kapp*, 2021 WL 5500457, *2 (D. Guam, decided Nov. 23, 2021); *United States v. Jasso*, 2021 WL 3212705, *1, 4 (N.D. Cal., decided July 29, 2021); *United States v. Juan*, 2021 WL 1737346, *2 (E.D. Cal., decided May 3, 2021); *United States v Harbour*, 2021 WL 842146, *1 (D. Ariz., decided March 4, 2021); *United States v. Liang Chen*, 2020 WL 6342931, *4 (N.D. Cal., decided Oct. 29, 2020); *United States v. Smith*, 2019 WL 6718082, *1 (D. Idaho, decided Dec. 10, 2019); *United States v. Ranieri*, 2019 WL 3842092, *1 (N.D. Cal., decided August 15, 2019); *United States v. Etienne*, 2019 WL 2548790, *4 (N.D. Cal., decided June 20, 2019); *United States v. Akroush*, 2019 WL 2391808, *4 (E.D. Cal., decided June 6, 2019); *United States v. Taylor*, 2018 WL 4961608, *2

LAW OFFICES OF RICHARD M. STEINGARD

circuit in which a court considered a request for a bill of particulars to identify which bribery theory of prosecution – *quid pro quo*, "stream of benefits," "as the opportunities arise," or "retainer" – the government is pursuing.

C. The Three Alternative Theories of Bribery Prosecution

By this motion, the defendants are not seeking the *evidence* or *facts* that the government intends to present at trial to prove each count, but only which prosecutorial *theory* it is pursuing for the alleged bribery schemes.

As set forth in Defendants' Reply to the Motions to Dismiss or Strike (ECF 270 at 4-6), the "stream of benefits," "retainer," and "as opportunities arise" theories are distinctly different approaches to bribery prosecutions that lie outside the basic *quid pro quo* arrangement. Most importantly, each theory has specific proof requirements.

The "stream of benefits" theory – which the government previously claimed to be pursuing for some of the alleged schemes – requires that the government prove an agreement that the payor provided a stream of benefits for one or more official actions on specific matters identified at the time the agreement was made. *United States v. Lopez–Cotto*, 884 F.3d 1, 8 (1st Cir. 2018) ("When a defendant is indicted on the stream of benefits approach, the prosecution must prove an agreement for the ongoing stream of benefits rather than an agreement for stand-alone bribes."); *see also id.* (explaining a stream-of-benefits example: "a government official awarded or agreed to award government contracts worth a total of $5,000 (or more) to a landscaping company in exchange for the official's receipt, over time, of a series of discounted landscape work at his home").

---

(N.D. Cal., decided Oct. 12, 2018); *United States v. Shiraishi*, 2018 WL 3370522, *1 (D. Hawaii, decided July 10, 2018); *United States v. Brollini*, 2018 WL 4522930, *1 (D. Ariz., decided May 4, 2018); *United States v. Habash*, 2018 WL 621281, *4 (E.D. Cal., decided Jan. 30, 2018). There are scores of others along the same lines.

LAW OFFICES OF RICHARD M. STEINGARD

Under an "as opportunities arise" theory, the government must prove that the parties entered an agreement whereby a benefit was conferred for one or more official acts on specific matters identified at the time of that agreement, as the opportunity to take official action on those specific, previously identified matters arose. *United States v. Ganim*, 510 F.3d 134, 144–45 (2d Cir. 2007). *See also Silver*, 948 F.3d at 558 (explaining *McDonnell* "provide[d] a narrowing gloss on . . . *Ganim*'s 'as the opportunities arise' theory" that requires that "a particular question or matter must be identified at the time the official makes a promise or accepts a payment").

Under a "retainer" theory, the government must prove that the bribe giver conferred a benefit pursuant to an agreement that he or she later identified on a specific matter or official act and that the public official acted or agreed to act on that later-identified matter or official act. *Silver*, 948 F.3d at 553 n.7; *United States v. Kincaid-Chauncey*, 556 F.3d 923, 944 (9th Cir. 2009) (explaining, in a pre-*McDonnell* decision, that under the "retainer" theory the evidence would have to show "that the government official has received payments or other items of value with the understanding that when the payor comes calling, the government official will do whatever is asked").[5]

In *Silver*, the Second Circuit addressed the inappropriate commingling of these three different theories of bribery prosecution. Initially, the Court recognized that "[t]he terms 'as opportunities arise,' 'stream of benefits,' and 'retainer' have been used interchangeably by other courts." 948 F.3d at 553 n.7 (citations omitted). But the Court went on to note that the theories were different, stating,

> Our holding is limited to the 'as the opportunities arise' theory as set forth in *Ganim*—*i.e.*, a promise to "exercise particular kinds of influence . . . as specific opportunities ar[i]se." We express no opinion and need not reach the issue of whether the acceptance of a bribe with a promise to perform an

---

[5] As noted earlier, defendants contend that the "retainer" theory does not survive under *McDonnell*. (ECF at 607.)

LAW OFFICES OF RICHARD M. STEINGARD

> official act in the future upon designation of the official act by the bribe payor at that later date (in essence a retainer) would run afoul of the honest services fraud statutes or the Hobbs Act. That case is simply not before us.

*Id.* (internal citation omitted). In a concurring opinion, Judge Lohier expounded on this very point, noting that the majority opinion "recognizes each theory [referring to 'stream of benefits' and 'retainer'] as different from the 'as opportunities arise' theory in doctrinally significant ways." *Id.* at 578.

In other words, contrary to the government's claim, these terms are not merely "pithy descriptions" for the same conduct. In fact, as *Silver* explained, each theory addresses *different* conduct. That is, each theory describes a different type of agreement, and different terms of consideration and performance, between the alleged bribe giver and receiver. As the Court noted at the recent motions hearing, there may be overlap in the three theories; even still, the facts necessary to prove – or rebut – each theory at trial will be different depending on which theory the government states it is pursuing.

D. Defendants' Need for a Bill of Particulars

The defendants' request to the government was straightforward: we asked that the government advise whether it is pursuing a "stream of benefits," "as opportunities arise," or "retainer" theory of prosecution for each of the alleged bribery schemes. The FSI does not identify the specific theories of prosecution which the government is employing – presumably, that it why government counsel advised the Court at Huizar's initial appearance that it was using a "stream of benefits" theory for two of the five-plus schemes charged in the FSI. Further, while the government has provided voluminous discovery, the produced materials do not indicate which prosecutorial theory the government intends to apply to a specific alleged scheme. This obfuscation matters, as all three theories have different elements of proof and, consequently, implicate different legal, factual, and evidentiary issues.

Most recent, the government claims that its disclosure of a specific theory of prosecution should await the parties' discussion of jury instructions. (Exhibit H.)[6] This tacit concession – that the government *at a later time* will disclose its theory of prosecution for each scheme – is disingenuous and smacks of gamesmanship. With trial approaching, the defendants should not have to guess which theory the government is relying on or wait until a jury instruction conference to learn the government's prosecutorial theory. In fact, there is no logical reason for the government to withhold this information from the defense other than to try to gain a strategic advantage by keeping the defendants in the dark until closer to trial. *Ayers*, 924 F.2d at 1483, quoting *Giese*, 597 F.2d at 1180 (one of the purposes of a bill of particulars is "*to avoid or minimize the danger of surprise at the time of trial*") (emphasize added).

Accordingly, the defendants ask the Court to order the government to identify the specific theory for each of the alleged bribery schemes charged against the defendants in the FSI, be it *quid pro quo*, "stream of benefits," "retainer," or "as opportunities arise."

Dated: January 10, 2022

Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By: */s/ Richard M. Steingard*
Richard M. Steingard

---

[6] The Court's Criminal Trial Order instructs the parties to confer and draft proposed jury instructions but does not prove a date for such an event other than to require that "[t]he joint set of proposed jury instructions… shall be filed at least eight (8) calendar days before the trial." (ECF 51, 147, 148 & 150 at ¶ 27; emphasis in original.)

12