Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone:  (213) 260-9449
Facsimile:   (213) 260-9450
Attorney for Defendant

Shen Zhen New World I, LLC
[And on Behalf of Defendants Jose Huizar and Raymond Chan]

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-20-326(A)-JFW |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR BILL OF PARTICULARS** |
| JOSE LUIS HUIZAR, ET AL., | |
| Defendants. | **Hearing Date: February 14, 2022** **Hearing Time: 8:00 a.m.** |

Defendants Shen Zhen New World I, LLC ("SZNW"), Jose Huizar, and Raymond Chan submit this reply to the government's opposition to their motion for a bill of particulars, which asks that the government identify the specific theory of prosecution for the different alleged bribery schemes charged in the First Superseding Indictment.

Dated: January 31, 2022          Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By:  /s/ Richard M. Steingard

Richard M. Steingard
Attorney for Defendant
**SHEN ZHEN NEW WORLD I, LLC**
[And on Behalf of Jose Huizar and Ray Chan]

LAW
OFFICES OF
RICHARD M.
STEINGARD

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The government's opposition to defendants' motion for a bill of particulars reflects the parties' divergent views on litigating this case.  The defense seeks to understand *prior to trial* which theory of prosecution the government is pursuing for each of the various alleged bribery schemes.  The different theories have different elements, namely <u>when</u> the *quids* and the *quos* in a *quid pro quo* arrangement must be agreed to or provided, and <u>what</u> the specific *quids* and *quos* of the alleged schemes are.  While the Court recently noted that the lines between the theories are blurrier than those described by the Second Circuit, there appears to be a consensus that the theories, even if overlapping, are different in material ways.

Indeed, the government begrudgingly concedes that there are differences in the three theories.  Further, the government admits that at some point it must announce which theory it is pursuing for each scheme, just not now, claiming that such a disclosure *less than four months before trial* is premature.  Under the government's approach, the defendants would learn, for the first time, the specific theory of liability at the end of the trial during the jury instruction conference.  Cagily, the government adds that it may be employing multiple theories but should not have to say so until the jury instruction conference, an assertion that only underscores the appropriateness of the instant motion.

As noted in defendants' motion, while there is not complete unanimity, the overwhelming weight of Ninth Circuit law provides that a bill of particulars is the proper vehicle for the government to disclose its theory (or theories) of prosecution.  The government argues that the defense has misread the innumerable Ninth Circuit's and district court decisions in which the courts reiterated that "a defendant is not entitled to know all the evidence the government intends to

produce but only the theory of the government's case."  *See e.g.*, *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986).  According to the government, these many opinions must be understood to refer to *factual* theories, not *legal* theories. The government is simply wrong.  But even if true, what the defendants' seek can well be described as the factual theories behind each alleged scheme: the government should pinpoint the specific *quids*, *pros*, and *quos* for each scheme and the dates that the *pro* – that is, the agreements between the alleged co-schemers– are alleged to have been occurred.

## II.

## ARGUMENT

The government begins its argument by noting that in the typical case an indictment and copious discovery can obviate the need for a bill of particulars. (ECF 356 (hereinafter "Govt. Opp.") at 1.)  The defendants agree but submit that this is anything but a typical case.  The government has produced well over two million pages of discovery (not to mentions tens of thousands of hours of recordings) without a meaningful inventory, and it is impossible to glean from this morass which of the three alternative theories the government is relying on.[1]  The First Superseding Indictment ("FSI"), touted by the government as a "speaking indictment," fares no better as for many of the schemes if fails to delineate the date that a *quid pro quo* arrangement is alleged to have been entered and exactly what was being agreed to.  *See United States v. Rajaratnam*, 2010 WL 2788168, *2 (S.D.N.Y., decided July 13, 2010) (granting bill of particulars for several reasons,

---

[1]      As the government notes, during the January 7, 2022 hearing, the Court suggested that the government might be relying on an "as opportunities arose" theory.  (Govt. Opp. at 5, n.3.)  Notably, the government's brief does not confirm the Court's analysis, though it easily could have done so.  Nonetheless, the Court's comments confirm that there are distinctions between the three theories of bribery liability and that, at best, the defense may be able to guess at which theory the government will rely on.

including "in complex conspiracy cases like this one, the potential for unfair surprise and the difficulty of preparing a defense are amplified.").

For instance, as to SZNW, the FSI lists numerous potential *quids* (*e.g.*, gambling chips, the collateral for a loan, etc.), but does not indicate any *quo* other than stating that it – whatever *it* is – relates to the LA Grand Hotel's development project.  The FSI also fails to provide any information on when the *quo* and the *quid* were united, *i.e.*, when the agreement, or *pro*, occurred.  Thus, the government exaggerates when it states that the defendants are "indisputably aware of all relevant facts alleged to constitute the charged offenses."  (*Id*. at 5.)

Put another way, while the defendants possess in the form of discovery the universe of facts, the government's failure to disclose the legal theory it relies upon prevents the defendants from understanding which specific facts therein are necessary for the charged offenses.  *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.").  Indeed, if the FSI and discovery clearly indicated which theory of bribery prosecution the government was pursuing, we have little doubt that the government would disclose it rather than insist that the defendants hunt for it and the Court make an educated guess at it.

The government next discusses the arguably conflicting authority in the Ninth Circuit.  The government contends that the few district court cases relying on *Rose v. United States*, 149 F.2d 755, 758 (9th Cir. 1945), somehow trumps the Ninth Circuit's subsequent decisions in *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963), *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979), *United States v. Ryland*, 806 F.2d at 942, *United States v. Gutierrez*, 928 F.2d 409 (9th Cir. 1991), and *United States v. Lopez*, 4 F.4th 706, 738 n.17 (9th Cir. 2021) (Bennett, J., dissenting in part), as well as an overwhelming number of district

court cases that have all held that "[a] defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *See United States v. Minaya*, 395 F. Supp. 2d 28, 38 (S.D.N.Y. 2005) ("[T]he Court finds that a bill of particulars specifying whether Javier is charged with actual or constructive possession of a firearm is warranted in this case. The disclosure of such information would serve the intended purpose of a bill of particulars 'to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial ....'"). *See also* citations listed in Defts' Mtn. for Bill of Particulars, ECF 331 at 6-7

At the end of its brief, the government concedes that at some point, it must disclose its theory of bribery prosecution and that the defendants' motion is just a timing issue. According to the government, the theory of prosecution "is a jury instruction question for a later day," adding that at that time it will disclose which of the different theories of prosecution it is pursuing, or that it is pursuing all of them. (Govt. Opp. at 6-7.) This admission – that disclosure is appropriate but not until the very end of the trial – smacks of the very gamesmanship that this Court has endeavored to avoid. Indeed, the government's posture is the very foundation for granting a bill of particulars – to "inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at the time of trial." *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *Giese*, 597 F.2d at 1180).

Dated: January 31, 2022          Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By:  /s/ Richard M. Steingard

Richard M. Steingard
Attorney for Defendant
**SHEN ZHEN NEW WORLD I, LLC**
[And on Behalf of Jose Huizar and Raymond Chan]