TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0627
     Facsimile: (213) 894-6436
     E-mail:   Mack.Jenkins@usdoj.gov
               Veronica.Dragalin@usdoj.gov
               Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-326-JFW-1,2,4,5,6 |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUINCE OF TRIAL DATE AND RELATED DEADLINES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendants. | **CURRENT TRIAL DATE:**  05/24/2022<br>**PROPOSED TRIAL DATE:**  10/18/2022 |

Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Mack E. Jenkins,
Veronica Dragalin, Melissa Mills, and defendants JOSE LUIS HUIZAR and

RAYMOND CHAN,[1] both individually and by and through their respective counsel of record, hereby stipulate as follows:

1.    The Indictment in this case was filed on July 30, 2020, charging only defendant HUIZAR.  Defendant HUIZAR first appeared before a judicial officer of the court in which the charges in this case were pending on June 23, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant HUIZAR commence on or before October 8, 2020.

2.    The First Superseding Indictment in this case was made public on December 1, 2020, and charged defendants HUIZAR, RAYMOND CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL LLC (collectively, "defendants").  Defendant CHAN first appeared before a judicial officer of the court in which the charges in this case were pending on December 1, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant CHAN commence on or before February 9, 2021.  Defendants LEE and 940 HILL, LLC first appeared before a judicial officer of the court in which the charges in this case were pending on December 7, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendants LEE and 940 HILL, LLC commence on or before February 15, 2021.  Defendant SHEN ZHEN NEW WORLD I, LLC first appeared before a judicial officer of the court in which the charges in this case were pending on December 14, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for

---

[1] At a hearing on January 31, 2022, the Court ordered counsel for defendant SHEN ZHEN NEW WORLD I, LLC and counsel for defendants DAE YONG LEE and 940 HILL, LLC to file a position with respect to the new proposed trial date of October 18, 2022, no later than February 2, 2022.

defendant SHEN ZHEN NEW WORLD I, LLC commence on or before February
9, 2021.  Defendant WEI HUANG is currently a fugitive.

3.    The individual defendants are released on bond pending
trial.  The government estimates that its case-in-chief, including
estimated cross examination, in this matter will last approximately
25-30 trial days.  At this juncture, the defendants have not
determined whether they will present a defense and, if so, how long
their case(s) will take.  All defendants are joined for trial and a
severance has not been granted, although a severance motion is
pending, as discussed below.

4.    On August 5, 2020, the Court set a trial date for defendant
HUIZAR of September 29, 2020.  The Court continued the trial date for
defendant HUIZAR from September 29, 2020 to June 22, 2021, and found
the interim period to be excluded in computing the time within which
the trial must commence, pursuant to the Speedy Trial Act.

5.    On December 14, 2020, the Court set a trial date of June
22, 2021 for defendants CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW
WORLD I, LLC.

6.    On January 27, 2021, pursuant to the parties' stipulated
request, the Court vacated the trial date of June 22, 2021 for all
defendants, and found the interim period between the initial
appearance of defendants CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW
WORLD I, LLC and June 22, 2021, to be excluded in computing the time
within which the trial must commence, pursuant to the Speedy Trial
Act.

7.    On May 13, 2021, pursuant to the parties' stipulated
requests, the Court set a trial date of May 24, 2021, set specific
pre-trial deadlines, and found the period of June 22, 2021 to May 24,

1  2022, inclusive, as to defendants HUIZAR, CHAN, LEE, 940 HILL, LLC,
2  and SHEN ZHEN NEW WORLD I, LLC to be excluded in computing the time
3  within which the trial must commence, pursuant to the Speedy Trial
4  Act.

5      8.   This Court held a hearing in this matter on January 31,
6  2022.  At that hearing, counsel for defendant HUIZAR requested a
7  continuance of the trial date to October 18, 2022, and counsel for
8  defendant CHAN joined in the continuance request.  The Court ordered
9  counsel for defendant SHEN ZHEN NEW WORLD I, LLC and counsel for
10  defendants LEE and 940 HILL, LLC to file a position regarding the
11  proposed trial date of October 18, 2022 no later than February 2,
12  2022.  The Court also vacated the current February 15, 2022 deadlines
13  for the government's Witness List and Exhibit List, and the current
14  February 14, 2022 and related deadlines for motions in limine.

15      9.   By this stipulation, defendants HUIZAR and CHAN move to
16  continue the trial to October 18, 2022, and the parties jointly
17  request to continue the following additional dates (with Court
18  hearings appearing in **bold**):

19
20
21
22

| Event | Current Date | Proposed Date |
|---|---|---|
| Govt Witness List | 02/15/2022 | 06/07/2022 |
| Govt Exhibit List | 02/15/2022 | 06/07/2022[2] |
| Conference re: Exhibit List | 03/01/2022 | 07/26/2022 |
| Joint Pre-Trial Exhibit | 03/15/2022 | 08/09/2022[3] |

23
24
25
26

[2] The government has continued to produce its Draft Exhibits List index, and can continue to produce drafts of the index on a rolling basis as it completes the list in advance of the June 7, 2022 deadline.  On January 11, 2022, the government produced a Draft Exhibits List index with 1,062 Bates-numbered documents corresponding to 389 overt acts (of 452, or 86%) and 37 counts (of 41, or 90%).

27
28

[3] By advancing the Government Exhibit List to be due 133 days before trial (as opposed to the current schedule of 98 days before trial), this modified schedule provides the parties more time to meet-and-confer regarding the Government's Exhibit List before filing the Joint Pre-Trial Exhibit Stipulation.

| Event | Current Date | Proposed Date |
|---|---|---|
| Stipulation | | |
| Exchange Joint MIL Mtns | 02/14/2022[4] | 07/11/2022 |
| Exchange Joint MIL Opps | 03/07/2022 | 08/01/2022 |
| Joint MILs (filing) | 03/09/2022 | 08/03/2022 |
| **Hearing re: MIL** | **03/28/2022** | **08/22/2022** |
| Brady/Giglio | 03/25/2022 | 08/19/2022 |
| Govt Jencks Statements | 03/25/2022 | 08/19/2022 |
| Govt Charts & Summaries | 04/22/2022 | 09/16/2022 |
| Final Transcripts & Translations | 04/22/2022 | 09/16/2022 |
| **Pretrial Conference** | **05/13/2022** | **10/07/2022** |
| Defense Jencks Statements | 05/16/2022 | 10/10/2022 |
| Defense Charts & Summaries | 05/16/2022 | 10/10/2022 |
| Defense Witness List | 05/16/2022 | 10/10/2022 |
| Defense Exhibit List | 05/16/2022 | 10/10/2022 |

10.   Defendants HUIZAR and CHAN request the October 18, 2022 trial date based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant HUIZAR is charged with violations of 18 U.S.C. § 1962(d) (Racketeer Influenced and Corrupt Organizations Conspiracy); 18 U.S.C. §§ 1341, 1343, 1346 (Honest Services Mail and Wire Fraud); 18 U.S.C. § 1952(a)(3) (Interstate and Foreign Travel in Aid of Racketeering); 18 U.S.C. § 666(a)(1)(B) (Bribery Concerning Programs Receiving Federal Funds); 18 U.S.C. § 1956(a)(1)(B)(i), (a)(2)(B)(i) (Money Laundering); 18 U.S.C. § 1014 (False Statements to a Financial Institution); 18 U.S.C. § 1001(a)(2) (Making False

---

[4] Given the pending severance motions, defendant HUIZAR need additional time to prepare motions in limine.  For example, in a joint trial, defendant HUIZAR may need to move to exclude certain evidence pertaining to co-defendants, whereas no such motion would be necessary in a severed trial.  Complying with the current deadline of February 15, 2022 may result in unnecessary motions that burden defendant HUIZAR and the Court.

5

Statements); 31 U.S.C. § 5324(a)(3) (Structuring of Currency
Transactions to Evade Reporting Requirements); 26 U.S.C. § 7201
(Attempt to Evade and Defeat the Assessment and Payment of Income
Tax).  Defendant CHAN is charged with violations of 18 U.S.C.
§§ 1962(d) (Racketeering Conspiracy), 1343, 1346 (Honest Services
Wire Fraud), 666 (Federal Program Bribery), and 1001 (False
Statements).  Defendant SHEN ZHEN NEW WORLD I, LLC is charged with
violations of 18 U.S.C. §§ 1343, 1346 (Honest Services Wire Fraud),
1952 (Travel Act violation), and 666 (Federal Program Bribery).
Defendants LEE and 940 HILL, LLC are charged with violations of 18
U.S.C. §§ 1343, 1346 (Honest Services Wire Fraud), 1519 (Obstruction
of Justice), and 666 (Federal Program Bribery).

      b.   The discovery produced to date includes over 2,068,000
pages of written documents (including reports, e-mails, third-party
productions, and wire linesheets), over 93,000 files of intercepted
wire sessions, including audio and data files.  In addition, the
productions included extraction reports for over a dozen digital
devices, over 260 hours of audio recordings in addition to
intercepted wire sessions, pen register data for over two dozen
phones, GPS phone tracker data for multiple devices, and dozens of
pleadings for wiretap applications, search warrants, cell site and
GPS warrants, and pen registers.  The government currently
anticipates producing additional discovery (including audio
recordings of more recently conducted FBI interviews), and will
continue to produce discovery that is generated as part of trial
preparation during the pendency of this case.

      c.   Due to the nature of the prosecution, including the
charges in the indictment and the voluminous discovery produced to

defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

d.   Due to the limitations of investigating and preparing for a case of this complexity during the national emergency caused by the COVID-19 pandemic, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the Speedy Trial Act time limits.

i.   The temporary suspension of jury trials has been one of the many health and safety restrictions adopted in response to COVID-19.  During the pandemic, the Court has imposed limitations on access to Court facilities, suspended grand jury proceedings, and maximized the use of video-teleconference and telephonic hearings. See, e.g., C.D. Cal. Order of the Chief Judge No. 21-105 (Oct. 4, 2021); C.D. Cal. General Order No. 21-08 (Jun. 11, 2021); C.D. Cal. General Order No. 21-03 (Mar. 19, 2021); C.D. Cal. Order of the Chief Judge No. 20-179 (Dec. 7, 2020); C.D. Cal. General Order No. 20-09 (Aug. 6, 2020); C.D. Cal. General Order No. 20-08 (May 28, 2020); C.D. Cal. General Order No. 20-02 (Mar. 13, 2020).

ii.   The Court's orders have been based on the California Governor's declaration of a public-health emergency in response to COVID-19 and the Centers for Disease Control's guidance to reduce exposure to the virus and slow its spread.  See, e.g., General Order 20-02, at 1; Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1.  Local conditions have necessitated an especially robust response.  California has reported over 6 million COVID-19 cases and over 76,000 deaths.  See https://covid19.ca.gov/state-dashboard/.  The Central District of California has been one of the

7

1   hardest hit areas in the nation, with over 2.5 million reported cases
2   and over 40,000 deaths.  See
3   https://www.nytimes.com/interactive/2021/us/california-covid-
4   cases.html.  State and local orders at various times during the
5   pandemic have required residents to stay home, prohibited travel,
6   closed businesses, and suspended in-person schooling.  See, e.g.,
7   California Executive Order N-33-20 (Mar. 19, 2020); Safer at Home,
8   Public Order Under City of Los Angeles Emergency Authority (Mar. 19,
9   2020); California Regional Stay at Home Order 12/03/2020 (Dec. 3,
10   2020); Blueprint for a Safer Economy, https://covid19.ca.gov/safer-
11   economy/.  At one point during the pandemic, ICU availability in the
12   Central District of California dropped to 0.0%.  C.D. Cal. Order of
13   the Chief Judge No. 21-002, at 1 (Jan. 6, 2021).

14          iii. Given these facts, the Central District has
15   implemented temporary jury trial suspensions to protect public
16   health, reduce the size of public gatherings, and avoid unnecessary
17   travel.  See General Order 20-09, at 1; General Order 20-02, at 1-2.
18   When jury trials resumed in May 2021, safety protocols were developed
19   to protect the health and safety of trial participants.  To limit the
20   number of simultaneous jury trials, the First Street federal
21   courthouse in downtown Los Angeles permitted only two jury trials to
22   commence each week and only one per floor.  Guidance promulgated by
23   the Court covered a range of subjects, including courtroom
24   ventilation and cleaning, masks and face shields, physical
25   distancing, venireperson seating, courtroom layout options, sidebar
26   proceedings, and juror deliberations.
27   https://www.cacd.uscourts.gov/sites/default/files/documents/Conductin
28   g%20Jury%20Trials%20During%20the%20COVID-19%20Pandemic.pdf.

iv.  More recently, however, with the spread of the Omicron variant and breakthrough cases among vaccinated individuals, the United States has experienced a dramatic increase in COVID-19 cases.  On January 3, 2022, the United States reported a record number of new cases, surpassing one million new cases in a single day for the first time during the pandemic.  See https://www.cnbc.com/2022/01/04/us-counts-over-1-million-new-daily-covid-cases-in-global-record-.html.  The Central District has been especially hard hit.  The average daily case count in Los Angeles County alone now exceeds 36,000, a 350% increase from just two weeks ago.  Sees https://www.nytimes.com/interactive/2021/us/california-covid-cases.html.  And the COVID-19 transmission rate in Los Angeles County is now estimated to be greater than at any point since the early months of the pandemic.  See https://www.latimes.com/california/story/2022-01-03/california-coronavirus-transmission-rate-now-at-highest-point-since-pandemic-began.  On average, every infected person in the county is now transmitting the virus to two other people.  Id.

v.  On January 3, 2022, in response to the "alarming surge of COVID-19 cases nationwide and in the Central District of California," the Chief Judge ordered a three-week suspension of jury trials "through and including January 24, 2022."  Chief Judge Order 22-001 at 3.  The Chief Judge's Order found that the CDC "expects a surge of COVID-19 cases in the coming days to weeks," "the Omicron variant is likely more transmissible than the original virus," "breakthrough infections in people who are fully vaccinated are likely to occur," and "there has recently been an increase of

suspected and confirmed COVID-19 cases within the courthouses of the Central District of California." Id. at 1-2.  The Chief Judge further found that "conducting jury trials would place court personnel, attorneys, parties, and prospective jurors at undue risk." Id. at 2.  Accordingly, the Chief Judge determined that "a temporary suspension of jury trials is necessary to protect public health and safety, as well as ensure the continuous performance of essential functions and operations of the Court." Id.  The Chief Judge also concluded that the temporary suspension of jury trials "serves the ends of justice and outweighs the interests of the public and defendants in a speedy trial." Id.  On January 19, 2022, upon a majority vote of the Court's Executive Committee, the temporary suspension of jury trials was extended through February 28, 2022.

e.   Counsel for defendant HUIZAR are presently scheduled to be in the following trials:

i.   Carel Ale: (1) United States v. William Acosta, 20-CR-0389-AB: single defendant, mail theft and possession of stolen mail, possession of 15 or more unauthorized access devices, aggravated identity theft, trial set to begin February 15, 2022, estimated to last 2-3 days; (2) United States v. Joey R. Limon, 21-CR-122-MCS: single defendant, possession with intent to distribute methamphetamine, carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime, felon in possession of firearms and ammunition, trial set to begin March 8, 2022, estimated to last 2-3 days; (3) United States v. Gonzalo Ramos, 21-CR-394-RGK: felon in possession of a firearm and ammunition, receipt, possession, concealment, and storage of a stolen firearm, trial set to begin March 8, 2022, estimated to last 1-2

days; (4) <u>United States v. Darrell Arnold Aviss</u>, 21-CR-303-SB: single defendant, securities fraud, laundering of monetary instruments, engaging in monetary transactions in criminally derived property over $10,000, trial set to begin March 22, 2022, estimated to last 4-5 days.

        ii.   Charles Snyder: (1) <u>United States v. Nicasio</u>; CR-9-187-FLA, a one-defendant felon-in-possession trial set to begin January 16, 2022, which is estimated to last approximately four days; (2) <u>United States v. Tilley</u>; CR 21-186-PRW (E.D. Okla.), a one-defendant sexual abuse in Indian county trial set to begin on "the February calendar," which is estimated to last approximately seven days; (3) <u>United States v. Abel Garcia</u>; CR-20-225-DSF, a two-defendant fraud trial set to begin on February 22, 2022, which is estimated to last approximately four days; (4) <u>United States v. Zuniga</u>; CR 19-635-FMO, a one-defendant possession of unregistered firearm trial set to begin on March 9, 2022, which is estimated to last approximately four days; (5) <u>United States v. Heatherington</u>; CR-13-183-JAK, a four-defendant securities-fraud trial set to begin on March 15, 2022, which is estimated to last approximately 15 days; (6) <u>United States v. Valencia</u>; CR 19-311-MWF, a one-defendant felon in possession of firearm and ammunition trial set to begin on August 17, 2022, which is estimated to last approximately three days.

        iii. Adam Olin: (1) <u>United States v. Lewis</u>, 19-CR-229-CAS, a single-defendant bank robbery case set for trial February 22, 2022, and estimated to last four days; (2) <u>United States v. Wehmeyer</u>, 21-CR-357-JFW, a single-defendant controlled substance and 924(c) case set for trial March 1, 2022, and estimated to last three days; (3) <u>United States v. Sadleir</u>, 20-CR-299-DMG, a single-defendant wire

fraud case set for trial March 8, 2022, and estimated to last four days; (4) <u>United States v. Sison</u>, 20-CR-418-MWF, a multi-defendant healthcare fraud and Anti-Kickback Statute case set for trial March 29, 2022, and estimated to last seven days; (5) <u>United States v. Green</u>, 20-CR-553-FMO, a single-defendant controlled substance case set for trial April 5, 2022, and estimated to last three days; (6) <u>United States v. Trimble</u>, 21-CR-510-MWF, a single-defendant controlled substance case set for trial April 12, 2022, and estimated to last two days.

                iv.   Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

               f.   On August 9, 2021, defendants SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL LLLC filed motions to sever, which remain pending before the Court, with supplemental briefing to be filed by defendants on February 14, 2022.  On September 7, 2021, defendants HUIZAR, CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL LLC filed various motions to dismiss and strike allegations from the indictment.  On January 7, 2021, the Court denied defendants' motions to dismiss and/or strike.  On November 15, 2021, defendants HUIZAR and SHEN ZHEN NEW WORLD I, LLC filed four motions to suppress.  On January 31, 2022, the Court denied defendants' motions to suppress, but denied two motions without prejudice (CR 275 and CR 281), giving defendants an opportunity to move to suppress evidence after making certain required showings.

               g.   Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

h.   The government does not object to the continuance.

i.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

11.   For purposes of computing the date under the Speedy Trial Act by which defendant HUIZAR's and defendant CHAN's trial must commence, the parties agree that the time period of May 24, 2022 to October 18, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, and the limitations the ongoing COVID-19 pandemic places on the defense's ability to investigate the case and prepare for trial, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12.   In addition, the parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of May 24, 2022 to October 18, 2022 constitutes a reasonable period of delay for defendants SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL LLC, who are each joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.[5]

13.   In addition, the parties agree that the following time periods should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) as to all defendants, because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion:

a.   The time period of September 7, 2021 to January 7, 2022, inclusive (date of the resolution of the motions to dismiss/strike);

b.   The time period of November 15, 2021 to January 31, 2022, inclusive (date of the resolution of the motions to suppress);

c.   The time period of August 9, 2021, to the date of the resolution of the motions to sever.

14.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

---

[5] Motions to sever by defendants DAE YONG LEE, 940 HILL LLC, and SHEN ZHEN NEW WORLD I, LLC, are pending before the Court.  In the event the Court grants a motion to sever by any of these defendants, the Court could advance that defendant's trial to accommodate their objections to the continuance sought by defendants HUIZAR and CHAN. The government will be prepared to try any defendant who wants to proceed to trial on the current date of May 24, 2022.

1  Trial Act may in the future authorize the exclusion of additional

2  time periods from the period within which trial must commence.

3      IT IS SO STIPULATED.

4   Dated: January 31, 2022          Respectfully submitted,

5                             TRACY L. WILKISON
                           United States Attorney

6

7                             SCOTT M. GARRINGER
                           Assistant United States Attorney
                           Chief, Criminal Division

8

9

10                             MACK E. JENKINS
                           VERONICA DRAGALIN

11                             MELISSA MILLS
                           Assistant United States Attorneys

12                             Attorneys for Plaintiff
                           UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I am JOSE LUIS HUIZAR's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client.  I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than October 18, 2022 is an

7  informed and voluntary one.

8    /s/ Adam Olin via email authorization                02/01/2022
                                                        _____
9  CAREL ALE                                            Date
   CHARLES SNYDER
10 ADAM OLIN
   Deputy Federal Public Defenders
11 Attorneys for Defendant
   JOSE LUIS HUIZAR
12

13    I have read this stipulation and have carefully discussed it

14  with my attorney.  I understand my Speedy Trial rights.  I

15  voluntarily agree to vacate the current trial date, and give up my

16  right to be brought to trial earlier than October 18, 2022.

17

18  _____        2/ 1 /2022
   JOSE LUIS HUIZAR                     Date
19 Defendant

20

21

22

23

24

25

26

27

28

1       I am RAYMOND CHAN's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client.  I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than October 18, 2022 is an

7  informed and voluntary one.

8

9  HARLAND BRAUN                   Date

    Attorney for Defendant

10  RAYMOND CHAN

11

12       I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to vacate the current trial date, and give up my

15  right to be brought to trial earlier than October 18, 2022.

16

17  RAYMOND CHAN                  Date

    Defendant

18

19

20

21

22

23

24

25

26

27

28