Exhibit C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | CR 18-124 MWF | | | | | Date: March 16, 2021 | | |
|---|---|---|---|---|---|---|---|---|

Present: The Honorable: MICHAEL W. FITZGERALD, United States District Judge

Interpreter: Not Applicable

| Rita Sanchez | Not Reported | Mark Aveis and Ian Yanniello |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Philip J. Layfield | Not | | X | Anthony M. Solis and Steven A. Brody | Not | | X |

**Proceedings: (IN CHAMBERS) ORDER RE USE OF RULE 17(b) SUBPOENAS IN THIS ACTION**

A dispute has arisen between the Government and Defendant as to everything dealing with the issuance of defense subpoenas, in particular for documents to be produced before trial. Fed. R. Crim. P. 17(b), (c)(1). The Court has reviewed the following:

- Government's Supplemental Brief Re: Defendant's Attempt to Use Rule 17 Subpoenas for Discovery Purposes, filed April 13, 2020 ("Govt Supplemental Brief") (Docket No. 164);
- Government's Response to Court Order Re: Defendant's Attempt to Use Rule 17 Subpoenas for Discovery Purposes; Memorandum of Points and Authorities, filed September 14, 2020 ("Govt Response") (Docket No. 195); and
- Defendant's Memorandum of Law Re F.R.Crim.P. 17(c)(1), filed September 23, 2020 ("Def Memo") (Docket No. 196).

The Court has received and will receive other briefing from Defendant that is appropriately filed and considered in camera, as discussed below. The purpose of this Order is simply to indicate to both sides how the Court will deal with this recurring issue in this action.

There are three issues that divide the parties:

(1) The extent to which Defendant may request subpoenas ad testificandum (for testimony) and subpoenas duces tecum (for documents) under seal. Defendant argues that all such documents may be filed under seal and in camera. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Government's position appears to be that virtually any use of an in camera process is improper, at least in regard to subpoenas duces tecum.

(2) The standard to be used for specifying documents obtained before trial. The Government's position is that such documents must meet the test of relevancy, admissibility, and specificity from *United States v. Nixon,* 418 U.S. 683, 700 (1974). Defendant does not disagree as such, but clearly interprets that standard in such a different way that we're really talking about two different standards. Both parties vaguely agree that subpoenas duces tecum shouldn't be used for "discovery," but again what that means when applied here is far from clear.

(3) If a subpoena duces tecum is served with an early return and documents are produced pretrial, then what? ***Must*** the Government be given the right to inspect the documents? ***May*** the Government be given the right to inspect the documents? Or, as Defendant argues, should the documents be delivered to the defense for private inspection and then only those documents intended as trial exhibits be produced? In other words, the requirement of reciprocal discovery, Fed. R. Crim P. 16(b)(1)(A), is sufficient to protect the interests of the Government in our adversary system.

## A. Process

The Court agrees with Defendant. Defendant's requests for out-of-district subpoenas ad testificandum or pretrial subpoenas duces tecum are properly filed and considered in camera. The bases for this determination are the structure and wording of Rule 17 itself, the published opinion in *United States v. Sleugh*, 896 F.3d 1007, 1017 (9th Cir. 2018), and the gist of the reasoning in *United States v. Tomison,* 969 F. Supp. 587 (E.D. Cal. 1997), although here it is not necessary to reach the constitutional analysis in *Tomison*.

The basic approach of Rule 17 is that a defendant should be able to safeguard his or her trial strategy, and that an indigent defendant should be placed roughly in the same position as a defendant with retained counsel. If the *Nixon* standard, discussed below, is to have any real teeth, then inevitably a defendant would have to reveal his or her trial strategy. The Government cannot have it both ways. What if Mr. Layfield's showing involved his

recollection that a particular letter should be in the files of a witness, but Mr. Layfield no longer had a copy? The Government should not be privy to that showing.

Moreover, the district court potentially might need to engage in a dialogue about the propriety of a particular subpoena, which in turn might be better for an in camera conference than a filing: "You ask for X but is that too broad? What about Y instead? Y is almost always admissible but X often is not. Your Honor, here are problems with Y but we could live with Z." That is not a conversation that Rule 17 contemplates sharing with the Government.

Finally, the Court notes that the Government is not counsel for third parties. That said, many third parties will consult with the prosecutors and therefore the existence of a subpoena (but not the showing leading to its issuance) will often quickly become known to the Government.

The Court agrees with the district court in *United States v. Corbett*, No. 2:10-cr-107-KJM, 2019 WL 5260748 (E.D. Cal. 2019) that the defense filings, while in camera, should be placed on the docket.

The one issue on which a public process would be helpful is to ensure compliance with the requirement that a victim receive notice of a subpoena requesting victim information. Fed. R. Crim. P. 17(c)(3). But that issue can be addressed by requiring defense counsel to certify that no in camera subpoena requests such information.

### B. Standard

As mentioned above, the parties broadly agree that documents to be obtained before trial, Fed. R. Crim. P. 17(c)(1), must be admissible, relevant, and specifically identified. That means that the documents must be plausibly intended for use in a party's case-in-chief, and not for impeachment. That also means that a subpoena shouldn't be used for "discovery."

Despite this superficial and ill-defined agreement, the parties in fact do not agree on much. It seems to the Court that the Government believes the documents should be individually enumerated, exhibit by exhibit, with the admissibility and relevance shown for each. That approach isn't required by *Nixon* and wouldn't make much sense in a complicated white-collar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

case. It seems to the Court that the defense appears to believe this standard is met by asserting that it is, taking a very categorial approach.

In the Court's view, the proper approach under *Nixon* is, first, to require that each proposed subpoena be individually prepared and approved by the Court. Next, the Court will allow requests for documents by categories, so long as those categories are narrowly defined. Defendant therefore must show in camera for each subpoena that (a) the requested documents exist or existed and reasonably are within the possession, custody, or control of the witness; (b) the documents are admissible under the Federal Rules of Evidence in Defendant's case-in-chief; (c) which in turn will require the defense to have some knowledge of their contents; and, most important, (d) the categories sought must be *narrow*. "Your invoices received from or sent to a particular entity between two dates" is narrow. "Your correspondence with Philip Layfield" is not.

### C. Production of an Early Return of Documents

Here is where the parties most strenuously disagree, and understandably so; this issue determines the extent to which Defendant will actually benefit from any subpoenas duces tecum for pretrial production. The Government argues that it must, or at least that it should, receive copies of any documents for which there is an early return. Defendant argues that the Government should not receive any documents because that puts Defendant and the Government on an even playing field. The reciprocal discovery obligations of trial exhibits, Fed. R. Crim. P. 16(b)(1)(A), ensures that the demands of our adversary system are met.

The real issue, of course, is whether Defendant may review potential exhibits in private, use those that are helpful, and ignore those that are not. In the real word, the Court wonders if that would in fact happen regardless. If a witness was not cooperative and voluntarily handing over documents, wouldn't that same witness approach the prosecutors and give them the same production? But Defendant has raised the issue and deserves to have a legal ruling one way or the other.

The Court therefore rules that any early return of documents will be returned to the district court and will be made available to the Government. The Court has discretion in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

regard. That much, at least, is shown by the authorities cited by the Government. The Court exercises its discretion to require sharing the documents based on the following reasons:

*First*, Defendant's main argument against sharing is simply mistaken. Defendant argues that the Government got to use the grand jury to acquire numerous documents but only needs to provide those intended for use at trial or which constitute *Brady* or *Giglio*. Therefore, Defendant now should be able to conduct his own investigation and produce those documents that are helpful and ignore those that are, perhaps, inculpatory. This entire line of reasoning is unpersuasive. The grand jury is a unique institution with its own powers and its own rules. Once an indictment is returned, the parties *are* on an equal playing field. The government *now* cannot use the grand jury to conduct discovery or plug any holes in its investigation.

*Second*, the weight of the caselaw cited in the parties' briefing favors the Government, although the issue is hardly settled.

*Third*, the basic scenario in Rule 17 is that a witness through subpoena appears at trial, with or without documents. If a witness appears at trial, then of course any documents would be available to both parties. Under Rule 17(c)(1), for reasons of practicality, the documents can be produced early. This allows for effective trial preparation or use of motions or limine, or even such mundane tasks as loading documents onto a database to display to the jury using the courtroom's monitors. Nothing in the language or structure of Rule 17 favors Defendant's interpretation, although again the issue is hardly settled.

*Fourth,* sharing the documents is a salutary check on the in camera process. Yes, this Court either has or will (as the case may be) decline to rubber-stamp any requested subpoenas. But inevitably, the Court either has been or will be sympathetic to requests from Defendant that appear meritorious. If Defendant knows that documents will be shared, he will be less likely to make requests that are, essentially, discovery requests camouflaged as requests for exculpatory trial exhibits.

*Fifth*, the whole universe of documents is much greater than this small subset of documents. Defendant is free, like the Government, to request documents voluntarily from anyone. As to documents voluntarily obtained, Defendant is free to produce those that are exculpatory and ignore those that are not (or worse). And Defendant also has access to those documents produced by the Government, which are voluminous in this case. Therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Defendant's "right" to review other documents in private to reduce risk is not necessary to a fair trial.

*Sixth,* the Federal Public Defender's Office and the United States Attorney's Office in this District will sometimes stipulate that a subpoena duces tecum with an early return shall issue, but that the documents will then be shared. The Court gives this factor the least weight because this Defendant and his lawyers have the right to insist on any nonfrivolous legal position, and their arguments here are not at all frivolous. Nonetheless, this practice suggests that the Court's exercise of discretion here is appropriate.

Based on its exercise of discretion, the Court will not address the Government's argument that the Court must allow any early return of documents to be shared with the Government.

The Court will endeavor to apply the reasoning of this Order consistently to any in camera requests that it has received or will receive.

IT IS SO ORDERED.