TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
CASSIE D. PALMER (Cal. Bar No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0647/0627
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
             Veronica.Dragalin@usdoj.gov
             Melissa.Mills@usdoj.gov
             Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-CR-326-JFW-5,6 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) SETTING OF TRIAL DATE AND RELATED DEADLINES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 10/18/2022<br>**PROPOSED TRIAL DATE:** 06/14/2022 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, Melissa Mills, Cassie D. Palmer and defendants DAE YONG LEE and 940 HILL LLC, both individually and by and through their counsel of record, hereby stipulate as follows:

1          1.    The First Superseding Indictment in this case was made

2    public on December 1, 2020, and charged defendants JOSE HUIZAR,

3    RAYMOND CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL

4    LLC (collectively, "defendants").  Defendants LEE and 940 HILL, LLC

5    first appeared before a judicial officer of the court in which the

6    charges in this case were pending on December 7, 2020, and the Speedy

7    Trial Act, 18 U.S.C. § 3161, originally required that the trial for

8    defendants LEE and 940 HILL LLC commence on or before February 15,

9    2021.

10         2.    The individual defendants are released on bond pending

11   trial.  The government estimates that its case-in-chief, including

12   estimated cross examination, in this matter will last approximately

13   10 trial days.  At this juncture, the defendants have not determined

14   whether they will present a defense and, if so, how long their

15   case(s) will take.  Defendants LEE and 940 HILL are joined for trial.

16         3.    On August 5, 2020, the Court set a trial date for defendant

17   HUIZAR of September 29, 2020.  The Court continued the trial date for

18   defendant HUIZAR from September 29, 2020, to June 22, 2021, and found

19   the interim period to be excluded in computing the time within which

20   the trial must commence, pursuant to the Speedy Trial Act.

21         4.    On December 14, 2020, the Court set a trial date of June

22   22, 2021, for defendants CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW

23   WORLD I, LLC.

24         5.    On January 27, 2021, pursuant to the parties' stipulated

25   request, the Court vacated the trial date of June 22, 2021, for all

26   defendants, and found the interim period between the initial

27   appearance of defendants CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW

28   WORLD I, LLC and June 22, 2021, to be excluded in computing the time

1   within which the trial must commence, pursuant to the Speedy Trial

2   Act.

3        6.   On May 13, 2021, pursuant to the parties' stipulated

4   requests, the Court set a trial date of May 24, 2021, set specific

5   pre-trial deadlines, and found the period of June 22, 2021, to May

6   24, 2022, inclusive, as to defendants HUIZAR, CHAN, LEE, 940 HILL,

7   LLC, and SHEN ZHEN NEW WORLD I, LLC to be excluded in computing the

8   time within which the trial must commence, pursuant to the Speedy

9   Trial Act.

10        7.   On February 2, 2022, at defendants HUIZAR and CHAN's

11   request, and with the government's agreement, this Court continued

12   the joint trial in this case to October 18, 2022, and continued the

13   corresponding pre-trial deadlines.  Despite objections from

14   defendants SHEN ZHEN NEW WORLD I, LLC, LEE, and 940 HILL, the Court

15   continued the deadlines for all defendants, and found the time period

16   from May 24, 2022, to October 18, 2022, to be excludable under the

17   Speedy Trial Act.

18        8.   This Court held a hearing in this matter on March 7, 2022,

19   severing the trial for defendants LEE and 940 HILL from the October

20   18, 2022 trial.  At that hearing, the counsel for defendants LEE and

21   940 HILL requested a continuance of the trial date to June 14, 2022.

22        9.   By this stipulation, defendants LEE and 940 HILL move to

23   set the trial for June 14, 2022, and the parties jointly request to

24   set the following additional dates (with Court hearings appearing in

25   **bold**):

26

| Event | Proposed Date |
|---|---|
| Exchange Joint MIL Motions | 04/11/2022 |
| Govt Witness List | 04/15/2022 |

| Event | Proposed Date |
|---|---|
| Govt Exhibit List & Exhibits | 04/15/2022 |
| Exchange Joint MIL Opposition | 04/25/2022 |
| Exchange Joint MIL Replies | 04/28/2022 |
| Joint MILs (filing) | 04/28/2022 |
| Conference re: Exhibit List | 04/29/2022 |
| Brady/Giglio | 04/29/2022 |
| Govt Jencks Statements | 04/29/2022 |
| Govt Charts & Summaries | 04/29/2022 |
| Final Transcripts & Translations | 04/29/2022 |
| Joint Pre-Trial Exhibit Stipulation | 05/16/2022 |
| **Hearing re: MIL** | **05/16/2022 OR 05/23/2022[1]** |
| Government's Proposed Joint Statement of Case (draft to defense) | 05/25/2022 |
| Expert Offer of Proof | 05/31/2022 |
| Government's Proposed Jury Instructions (draft to defense) | 05/31/2022 |
| Joint Statement of Case | 06/01/2022 |
| Proposed Voir Dire | 06/02/2022 |
| **Pretrial Conference** | **06/03/2022** |
| Govt Trial Brief | 06/06/2022 |
| Jury Verdict Form | 06/06/2022 |
| Jury Instructions | 06/06/2022 |
| Defense Jencks Statements | 06/06/2022 |
| Defense Charts & Summaries | 06/06/2022 |
| Defense Witness List | 06/06/2022 |
| Defense Exhibit List | 06/06/2022 |

10. Defendants LEE and 940 HILL request the June 14, 2022 trial date based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

---

[1] The parties defer to the Court on its preference between the two proposed hearing dates.

1          a.   Defendants LEE and 940 HILL, LLC are charged with

2     violations of 18 U.S.C. §§ 1343, 1346 (Honest Services Wire Fraud),

3     1519 (Obstruction of Justice), and 666 (Federal Program Bribery).

4          b.   The discovery produced to date includes over 2,068,000

5     pages of written documents (including reports, e-mails, third-party

6     productions, and wire linesheets), over 93,000 files of intercepted

7     wire sessions, including audio and data files.  In addition, the

8     productions included extraction reports for over a dozen digital

9     devices, over 260 hours of audio recordings in addition to

10    intercepted wire sessions, pen register data for over two dozen

11    phones, GPS phone tracker data for multiple devices, and dozens of

12    pleadings for wiretap applications, search warrants, cell site and

13    GPS warrants, and pen registers.  The government currently

14    anticipates producing additional discovery (including audio

15    recordings of more recently conducted FBI interviews), and will

16    continue to produce discovery that is generated as part of trial

17    preparation during the pendency of this case.

18         c.   Due to the nature of the prosecution, including the

19    charges in the indictment and the voluminous discovery produced to

20    defendants, this case is so unusual and so complex that it is

21    unreasonable to expect adequate preparation for pretrial proceedings

22    or for the trial itself within the Speedy Trial Act time limits.

23         d.   Due to the limitations of investigating and preparing

24    for a case of this complexity during the national emergency caused by

25    the COVID-19 pandemic, it is unreasonable to expect adequate

26    preparation for pretrial proceedings or for trial itself within the

27    Speedy Trial Act time limits.

28

1        e.   Accordingly, counsel represent that they will not have

2   the time that they believe is necessary to prepare to try this case

3   on the current trial date.

4        f.   On August 9, 2021, defendants LEE and 940 HILL filed a

5   motion to sever, which was granted on March 7, 2022.  On September 7,

6   2021, defendants HUIZAR, CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG

7   LEE, and 940 HILL LLC filed various motions to dismiss and strike

8   allegations from the indictment.  On January 7, 2021, the Court

9   denied defendants' motions to dismiss and/or strike.

10        g.   Defendants believe that failure to grant the

11   continuance will deny them continuity of counsel and adequate

12   representation.

13        h.   The government does not object to the continuance.

14        i.   The requested continuance is not based on congestion

15   of the Court's calendar, lack of diligent preparation on the part of

16   the attorney for the government or the defense, or failure on the

17   part of the attorney for the government to obtain available

18   witnesses.

19       11.   For purposes of computing the date under the Speedy Trial

20   Act by which defendant LEE's and defendant 940 HILL's trial must

21   commence, the parties agree that the time period of May 24, 2022 to

22   June 14, 2022, inclusive, should be excluded pursuant to 18 U.S.C.

23   §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv)

24   because the delay results from a continuance granted by the Court at

25   defendants' request, without government objection, on the basis of

26   the Court's finding that: (i) the ends of justice served by the

27   continuance outweigh the best interest of the public and defendants

28   in a speedy trial; (ii) failure to grant the continuance would be

likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, and the limitations the ongoing COVID-19 pandemic places on the defense's ability to investigate the case and prepare for trial, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12.   In addition, the parties agree that the following time periods should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) as to defendants LEE and 940 HILL, because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion:

a.   The time period of August 9, 2021, to March 7, 2022, inclusive (date of the resolution of the motion to sever);

b.   The time period of September 7, 2021, to January 7, 2022, inclusive (date of the resolution of the motions to dismiss/strike).

13.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//
//
//

```
1   //
2   Moreover, the same provisions and/or other provisions of the Speedy
3   Trial Act may in the future authorize the exclusion of additional
4   time periods from the period within which trial must commence.
5        IT IS SO STIPULATED.
6    Dated: March 30, 2022          Respectfully submitted,
7                                   TRACY L. WILKISON
                                    United States Attorney
8
                                    SCOTT M. GARRINGER
9                                   Assistant United States Attorney
                                    Chief, Criminal Division
10
11
12
                                    _____
13                                  MACK E. JENKINS
                                    VERONICA DRAGALIN
                                    MELISSA MILLS
14                                  CASSIE D. PALMER
                                    Assistant United States Attorneys
15
                                    Attorneys for Plaintiff
16                                  UNITED STATES OF AMERICA
17
18
19
20
21
22
23
24
25
26
27
28
```

1    I am DAE YONG LEE's and 940 HILL, LLC's attorney.  I have

2    carefully discussed every part of this stipulation and the

3    continuance of the trial date with my clients.  I have fully informed

4    my clients of their Speedy Trial rights.  To my knowledge, my clients

5    understand those rights and agree to waive them.  I believe that my

6    clients' decision to give up the right to be brought to trial earlier

7    than June 14, 2022, is an informed and voluntary one.

8

9    _____        March 30, 2022
     ARIEL A. NEUMAN                          Date
     Attorney for Defendants
10   DAE YONG LEE and 940 HILL, LLC

11

12   I have read this stipulation and have carefully discussed it

13   with my attorney.  I understand my Speedy Trial rights.  I

14   voluntarily agree to vacate the current trial date, and give up my

15   right to be brought to trial earlier than June 14, 2022.

16

17   _____        3-30-22
     DAE YONG LEE, in his individual          Date
     capacity as a defendant and as
18   representative for defendant 940
     HILL, LLC

19

20                    **CERTIFICATION OF INTERPRETER**

21   I, _____WILLIAM HONG_____, am fluent in the written and

22   spoken English and Korean languages.  I accurately translated this

23   entire agreement from English into Korean to defendant DAE YONG LEE

24   on this date.

25

26   _____        3-30-2022
     INTERPRETER                              Date

27

28

                                     9