TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
CASSIE D. PALMER (Cal Bar. No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0647/0363/3289
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
               Veronica.Dragalin@usdoj.gov
               Cassie.Palmer@usdoj.gov
               Susan.Har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:20-326(A)-JFW |
| Plaintiff, | GOVERNMENT'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER PERMITTING DISCLOSURE OF TAX RETURNS AND INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CASSIE D. PALMER |
| v. | |
| JOSE LUIS HUIZAR, et. al, | |
| Defendants. | |
| | [No Hearing Requested] |
| | Trial Date: June 14, 2022<br>Time: 8:20 a.m.<br>Place: Courtroom of the Hon. John F. Walter |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

1  California and Assistant United States Attorneys Mack E. Jenkins,
2  Veronica Dragalin, Cassie D. Palmer, and Susan S. Har, hereby files
3  an unopposed ex parte application for an order permitting disclosure
4  of tax return and return information relating to defendant 940 HILL,
5  LLC ("940 HILL tax materials"), which the United States Attorney's
6  Office has in its possession.
7      Specifically, the government requests that the Court issue an
8  Order authorizing the government to produce the tax materials to
9  defendants DAE YONG LEE, 940 HILL, LLC, and JOSE LUIS HUIZAR, and
10 any other co-defendants who request such materials and for which the
11 government deems the materials discoverable, for the parties' use in
12 any proceedings in this case, including at trial.
13     The government also seeks an order designating the tax
14 materials as "Sensitive Materials," pursuant to the Protective Order
15 issued in this case on August 3, 2020, which governs the handling
16 and dissemination of sensitive information.  (See Dkt. 47.)
17     This Application is brought pursuant to 6103(i)(1) & (i)(4) and
18 is based on the attached Memorandum of Points and Authorities, the
19 Declaration of Cassie D. Palmer in support thereof, the Court's
20 March 14, 2022 Order Allowing Disclosure of Tax Returns and Return
21 Information (to the USAO from the Internal Revenue Service), the
22 files and records of this case, and such further evidence and
23 argument as the Court may request regarding on this application.
24     The government is filing this Application with this Court,
25 instead of with the duty Magistrate Judge, because this Court
26 previously issued the Order Allowing Disclosure of Tax Returns and
27 //
28

1 Return Information (to the government), and the trials in this
2 matter are scheduled before this Court.

3 Dated: May 2, 2022 Respectfully submitted,

4 TRACY L. WILKISON
United States Attorney
5
SCOTT M. GARRINGER
6 Assistant United States Attorney
Chief, Criminal Division
7

8 _____/s/_____
CASSIE D. PALMER
9 Assistant United States Attorney

10 Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants 940 HILL, LLC ("940 HILL") and DAE YONG LEE ("LEE") are charged in the First Superseding Indictment ("FSI") with Honest Services Wire Fraud; Bribery Concerning Programs Receiving Federal Funds; and Alteration of Records in Federal Investigations. (Dkt. 74.)

The government alleges that during the period charged in the FSI, defendant LEE was a real estate owner and developer who owned commercial properties in the City of Los Angeles ("the City") and was the majority owner of 940 HILL. (FSI ¶ 23.) In 2008, defendant 940 HILL acquired for $9 million a property located at 940 Hill South Hill Street, within the district of then-Councilmember defendant JOSE LUIS HUIZAR ("HUIZAR"). (FSI ¶ 22.) Defendants LEE and 940 HILL planned to build a 20-story mixed-use development on the property, to include 14,000 square feet of commercial space and over 200 residential units ("940 Hill Project"). (FSI ¶ 23.) At trial, the government will establish that defendants LEE and 940 HILL, their agent (Justin Kim), defendant HUIZAR, and defendant HUIZAR's Special Assistant (George Esparza) participated in an honest services scheme to defraud involving bribery. Specifically, defendants LEE and 940 HILL agreed to pay and ultimately did pay $500,000 in cash as a bribe to defendant HUIZAR and Esparza, through Kim, in exchange for HUIZAR's and Esparza's help in resolving a labor union appeal that jeopardized the approval process of their lucrative 940 Hill Project.

In addition, the government has alleged that defendants LEE and 940 HILL sought to cover up this bribe by impeding the government's investigation into their conduct. Specifically, defendants LEE and

940 HILL knowingly altered, falsified, and made a false entry in records and documents with the intent to impede, obstruct, and influence the investigation of the bribe. To do so, defendants LEE and 940 HILL made a false entry in the 940 HILL accounting and tax records for the calendar year 2018, by: (a) falsely recording the $500,000 cash bribe payment as an expenditure/loan incurred on December 31, 2018; and (b) falsely categorizing the $500,000 cash bribe as a legitimate business expenditure for resolving the labor dispute.

In investigating this conduct, the United States Attorney's Office for the Central District of California obtained copies of defendant 940 HILL's tax returns and return information from the Internal Revenue Service for the calendar years 2016 through 2019, inclusive ("940 HILL tax materials"), pursuant to 26 U.S.C. §§ 6103(i)(1) & (i)(4). Defendant LEE was the designated partnership representative for 940 HILL for the tax returns.

Pursuant to the government's discovery obligations, the government seeks an order authorizing disclosure of the 940 HILL tax materials to counsel for defendants LEE, 940 HILL, and HUIZAR. The Court may issue an order authorizing such disclosure to the extent (1) the materials are "probative of a matter in issue relevant to establishing the commission of a crime or the guilt . . . of a party," 26 U.S.C. § 6103(i)(4)(A)(i); or (2) disclosure is required to comply with the government's discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3500 (the Jencks Act). 26 U.S.C. § 6103(i)(4)(A)(ii). Moreover, the government is required to produce, as a matter of course, all

1 materials that may be exculpatory, pursuant to Brady v. Maryland,
2 373 U.S. 83 (1963).
3     Out of an abundance of caution, the government also seeks an
4 order permitting disclosure of the 940 HILL tax materials to counsel
5 for the other co-defendants in this case, to the extent the
6 materials are requested by that defendant and the government
7 determines the materials are discoverable as to that defendant.  The
8 Court may authorize such disclosure pursuant to 26 U.S.C.
9 § 6103(i)(4)(A)(i) and (ii) for the reasons stated above.
10     Based on the foregoing, the government respectfully requests
11 that the Court grant this application and enter an order that:
12     a.  The government may produce copies of the 940 HILL tax
13 materials to counsel for defendants LEE, 940 HILL, and HUIZAR.
14     b.  The government may produce copies of the 940 HILL tax
15 materials to counsel for any other defendant in the case, to the
16 extent that defendant requests the materials and the government
17 determines the materials are discoverable as to that defendant.
18     c.  The 940 HILL tax materials shall be designated as
19 "Sensitive Materials," pursuant to the Protective Order issued in
20 this case on August 3, 2020.  (See Dkt. 47.)
21     d.  The government and the defense may disclose the
22 940 HILL tax materials in any court proceeding relating to this
23 case, including at trial, subject to the provisions for filing and
24 publishing documents contained in the Protective Order and the Local
25 Criminal Rules for the Central District of California.
26     On April 27, 2022, the government informed counsel for each of
27 the defendants in this case of the Application.  As of May 2, 2022,
28

all counsel had informed the government that they do not object to the ex parte nature of the application. (Palmer Decl. ¶ 5.)