Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone:  (213) 260-9449
Facsimile:   (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC

[And on Behalf of Jose Huizar and Raymond Chan]

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-20-326(A)-JFW |
| Plaintiff, | **DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY** |
| v. | |
| JOSE LUIS HUIZAR, ET AL., | |
| Defendants. | **Hearing Date: August 8, 2022** **Hearing Time: 8:00 a.m.** |

LAW
OFFICES OF
RICHARD M.
STEINGARD

i

1    Defendants Shen Zhen New World I, LLC,  Jose Huizar, and Raymond

2  Chan submit this reply to the government's opposition to defendants' motion to

3  compel discovery of conversations between government counsel and Terrence

4  Jones, George Esparza's attorney, in and about March, 2020, regarding the parties'

5  plea negotiations and draft factual bases.

6

7   Dated: August 1, 2022                    Respectfully submitted,

8                                            **LAW OFFICES OF RICHARD M.**

9                                            **STEINGARD**

10

11                              By:   /s/ Richard M. Steingard

12                                    Richard M. Steingard
                                      Attorney for Defendant
13                                    **SHEN ZHEN NEW WORLD I, LLC**
                                      [And on Behalf of Jose Huizar and
14                                    Raymond Chan]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW
OFFICES OF
RICHARD M.
STEINGARD

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In its lengthy opposition brief, the government touts its fulsome production of discovery, defends the veracity of George Esparza's guilty plea, and reviews The Court's denial of similar discovery motion.  What the government does not do in any meaningful way is respond to the one and only issue before the Court in the defendants' motion.

In February and March 2020, government counsel had several conversations with Terrence Jones, George Esparza's attorney.  In an email to Mr. Jones, the government explained that "based on conversations with you"—*which are all the defendants seek here*—the government revised the factual basis for Esparza's factual basis and "identified where particular evidence would help enlighten Mr. Esparza's recollection."  The prosecutors' additions to the factual basis were hardly insignificant and included seven new paragraphs, six of which contained selected portions of Esparza's phone conversations, text messages and emails that he had never mentioned in his five prior interviews (or in a sixth interview that occurred shortly after he was "enlighten[ed]").  The government's revisions did not simply insert a few of Esparza's many calls, texts, or emails.  Rather, in recounting one phone conversation, the government included what Esparza understood the other speaker (Ricky Zheng) was talking about; and in another phone conversation, the government added what Esparza meant when he made certain statements.

In his conversations with the government leading up to these revisions, Mr. Jones said *something* on Esparza's behalf that caused the government to conclude that they needed to coach Esparza in this manner.  The government refuses to disclose the contents of their conversations with Mr. Jones.  Yet, just six weeks ago, the government responded to a motion in the *940 Hill/Lee* case by asking the Court for a similar result.  (ECF 496, 497, & 497-1.)  There, the government stated,

"The government seeks to discover what communications, if any, between Defense Counsel and these six witnesses may have affected or impacted the witnesses' memories or accounts of relevant facts, which in some instances have led to new or different information being provided during trial preparation meetings than during prior recorded and/or under oath testimony."  (ECF 497-1 at 3.)[1]

While the circumstances are different—for one thing, the instant matter concerns the defendants' constitutional rights—both requests address evidence that would allow the jury to assess the witnesses' credibility.

Defendants' motion should be granted.

## II.

## ARGUMENT

The government's 12-page recitation of the facts underlying the instant motion largely repeats the facts and exhibits presented by the defense, albeit this time with a prosecutorial spin.  (Govt. Opp. at 3-14.)  In essence, the parties agree on the nature and extent of Esparza's statements in his first five debriefings, the relevant email exchanges between the government and Esparza's counsel, the various iterations of the factual basis, and Esparza's statements in his sixth debriefing.[2]

In its "Argument" section, the government first feigns confusion about the motion and states, "Although not entirely clear, defendants' claim seems to be that

---

[1]    SZNW understands that the Court ultimately denied the government's request, not because the government should not be allowed to probe this area but because the conversations at issue were privileged.

[2]    The exhibits to the motion, filed under seal, include the FBI's reports of Esparza's first six interviews (Exs. A-1 – A-6), the emails between government counsel and Mr. Jones (Exs. B, C, & E), the different drafts and final factual bases (Exs. D, E, & F), and the "meet and confer" correspondence between the government and SZNW's counsel (Exs. G.).

1  the unrecorded conversations between government counsel and Mr. Jones would

2  reveal that Esparza agreed to certain facts in the Factual Basis only because it was

3  what prosecutors 'wanted, expected, and needed him to say' and because he was

4  unable to 'push-back on [the government's] claimed version of events.'" (*Id*. at 15-

5  16.)³   Defendants believe this is a fair reading of what occurred, but whether or not

6  the Court agrees is not at issue.  What is at issue is the conversations between

7  counsel that led the government to significantly revise Esparza's factual basis.

8         The government next claims that "defendants fundamentally misunderstand

9  what a Factual Basis is" and that there was nothing unusual or inappropriate about

10  the government's revising of Esparza's factual basis.  (*Id*. at 16-18.)  Setting aside

11  the scope of defense counsels' collective experience with plea agreements and

12  factual bases, the government's argument omits that its revisions to the factual

13  basis were not limited to statements drawn from Esparza's intercepted

14  conversations, emails, and texts, but also included what Esparza *understood* a

15  particular conversation was referring to—a conversation that had occurred three

16  years earlier and that Esparza had never previously mentioned or alluded to.

17  Similarly, in another conversation that occurred the same day, the government

18  added what Esparza *meant* when he made certain statements—again, Esparza had

19  never mentioned or alluded to this conversation either.  In any event, whether the

20  government's revisions to the factual basis were ordinary and appropriate is also

21  not at issue.  The unrecorded and undocumented conversations that led to those

22  //

23  //

24

25

26  ³     Many of the new paragraphs to Esparza's revised factual basis were

27  sufficiently important to the government that they were included in the First

Superseding Indictment.  (*Compare* Ex. D, Revised Factual Basis ¶¶ 20, 21, 25, &

28  26 *with* FSI, Count 1, Overt Acts 59, 60, 68, & 69.)

LAW
OFFICES OF
RICHARD M.
STEINGARD

5

revisions are the issue.[4]

In addition, the government claims that "Esparza previously discussed -- or at minimum referenced -- nearly all of the so-called 'new' facts contained in Esparza's revised Factual Basis." (*Id*. at 18-20.) This is simply untrue. The defendants' moving papers contains a chart comparing the seven new paragraphs in the revised factual basis with Esparza's prior statements. (ECF 613 at 6-9.) The government's opposition brief, which made no effort to be succinct, did not challenge its accuracy. As that chart reflects, six of the seven paragraphs included statements and events that Esparza had never previously mentioned or referenced. Indeed, the prosecutors' email to Mr. Jones that accompanied the revised factual basis unambiguously explained that the new paragraphs were added to "help enlighten Esparza's recollection." If, as the government claims, Esparza had already made these statements in his prior interviews, or even referenced them, there would be no need for the government to "enlighten" him.

Lastly, the government states that it is aware of its *Brady* obligations and that there is no *Brady* to produce. (Govt. Opp. at 1, 12, 13-4, 15, 21.)[5] The government's talismanic and repeated recitation of this phrase does not end all

---

[4]  We note that in one of the government's emails to Mr. Jones, they stressed that after he reviewed the factual basis with Esparza, Mr. Jones should "call to discuss any factual or legal issues." (Ex. B; emphasis in original.) The emphasis on "call[ing]"—as opposed to writing—may well have been an innocent turn of phrase or possibly it was the government's attempt to avoid the creation of documented *Brady* evidence. Regardless, oral, undocumented *Brady* evidence must still be produced. *United States v. Rodriguez*, 496 F.3d 221, 222 (2d Cir. 2007) ("When the Government is in possession of material information that impeaches its witness or exculpates the defendant, it does not avoid the obligation under *Brady/Giglio* to disclose the information by not writing it down.").

[5]  Pursuant to the Court's order, the government was required to produce any outstanding *Brady/Giglio* material by July 29, 2022. (ECF 428 at 2.) No documents relevant to this motion were produced.

LAW
OFFICES OF
RICHARD M.
STEINGARD

6

inquiry.  *See United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016) (finding that the trial court properly intercedes in a *Brady* issue when "defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention."); *United States v. Triumph Cap. Grp., Inc.*, 544 F.3d 149, 162-3 (2d Cir. 2008) (finding *Brady* violation when government failed to disclose written notes of statements by an attorney on behalf of a cooperating witness).[6]

Moreover, the government incorrectly claims that "[t]o challenge the government's representation that it lacks *Brady* information, a defendant must either make a showing of materiality under Rule 16 or otherwise demonstrate that the government improperly withheld favorable evidence."  (Govt. Opp. at 15, citing *Lucas*, 841 F.3d at 808.)  *Lucas* only addressed a *post-conviction* standard. While the defendants submit that the materiality of the requested conversations is readily apparent, the Ninth Circuit has made clear that materiality is not a prerequisite in the context of *pretrial* discovery. *United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020) (everything omitted) ("[T]he retrospective definition of materiality is appropriate only in the context of appellate review…"). Rather, with regard to pretrial discovery, the Court stated that "trial prosecutors must disclose favorable information without attempting to predict whether its disclosure might

[6]     The Court's involvement in *Brady* disputes seems more essential now than ever.  A recent study by The National Registry of Exonerations "estimates that over 50 percent of wrongful convictions occur because of official misconduct." See S. Gross et al., National Registry of Exonerations, Government Misconduct and Convicting the Innocent: The Role of Prosecutors, Police and Other Law Enforcement (September 1, 2020), available at https://www.law.umich.edu/special/exoneration/Documents/Government_Misconduct_and_Convicting_the_Innocent.pdf (last visited July 28, 2022). The Report notes that "[c]oncealing exculpatory evidence—the most common type of misconduct—occurred in 44% of exonerations," "[p]rosecutors committed misconduct in 30% of the cases," and "[p]rosecutors were responsible for most of the concealing of exculpatory evidence and misconduct at trial, and a substantial amount of witness tampering." (*Id*.)

1   affect the outcome of the trial." *Id.*; *see also United States v. Price,* 566 F.3d 900,

2   913 n.14 (9th Cir. 2009) ("For the benefit of trial prosecutors who must regularly

3   decide what material to turn over, we note favorably the thoughtful analysis set

4   forth by two district courts in this circuit: '[T]he "materiality" standard usually

5   associated with *Brady* ... should not be applied to pretrial discovery of exculpatory

6   materials....'" (quoting *United States v. Acosta*, 357 F. Supp. 2d 1228, 1239-40 (D.

7   Nev. 2005)) (alterations in original); *see also United States v. Sudikoff*, 36 F. Supp.

8   2d 1196, 1198 (C.D. Cal. 1999) ("the 'materiality' standard, the usual standard

9   associated with *Brady*, should not be applied" in the pre-trial context.)).

10      Mr. Esparza is, without question, a key cooperating prosecution witness and

11   his credibility is clearly at issue.  The government concedes that SZNW may

12   challenge that credibility based on the government's changes to the factual basis.

13   (Govt. Opp. at 20.) ("defendants' motion showcases a potential point of cross-

14   examination for Esparza").  Most importantly to this motion, the government's

15   changes to the factual basis were based on only one thing—*conversations between*

16   *the prosecutors and Esparza's counse*l—which led the government to add a series

17   of calls, texts, and emails that Esparza had never previously mentioned.  Esparza

18   ultimately adopted the new paragraphs in the executed version of his factual basis.

19      Under these circumstances, disclosure of the government's conversations

20   with Esparza's counsel is warranted.

21   Dated: August 1, 2022                Respectfully submitted,

22

23                                        **LAW OFFICES OF RICHARD M.**
                                          **STEINGARD**
24

25                                        By:  /s/ Richard M. Steingard

26                                             Richard M. Steingard
                                               Attorney for Defendant
27                                             **SHEN ZHEN NEW WORLD I, LLC**
                                               [And on Behalf of Jose Huizar and
28                                             Raymond Chan]

LAW
OFFICES OF
RICHARD M.
STEINGARD

8