Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone:  (213) 260-9449
Facsimile:   (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-20-326(A)-JFW |
| Plaintiff, | **JOINT MOTION *IN LIMINE* NO. 3: SHEN ZHEN NEW WORLD I, LLC'S MOTION TO EXCLUDE EVIDENCE OF LOS ANGELES CITY COUNCIL RESOLUTIONS RECOGNIZING WEI HUANG AND RICKY ZHENG; DECLARATION OF RICHARD M. STEINGARD** |
| v. | |
| SHEN ZHEN NEW WORLD I, LLC, | |
| Defendant. | |
| | Date:   September 23, 2022 |
| | Time:  8:00 a.m. |
| | Crtrm: 7A |
| | Trial Date: October 25, 2022 |
| | Assigned to Hon. John F. Walter |

LAW
OFFICES OF
RICHARD M.
STEINGARD

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

**Identification of Matters in Dispute** ........................................................1

**SZNW's Motion** ................................................................................2

I.    INTRODUCTION ........................................................................2

II.   STATEMENT OF RELEVANT FACTS .............................................2
      A.    The Wei Huang Resolution ..................................................2
      B.    The Ricky Zheng Resolution ................................................3

III.   ARGUMENT ..............................................................................4

**Government's Opposition** ................................................................

I.    INTRODUCTION ........................................................................6

II.   ARGUMENT ..............................................................................7
      A.    The Resolutions Are Direct Evidence of Defendant's
           Honest Services Wire Fraud Scheme ......................................7
      B.    The Resolutions Are Not Time-Barred....................................10
      C.    The Resolutions Are Highly Probative of the Nature
           and Evolution of the Corrupt Relationships Between
           Huizar and Defendant..........................................................11
      D.    The Resolutions Are Not Confusing or Unduly Prejudicial.................13

III.   CONCLUSION .........................................................................14

**SZNW's Reply** ...............................................................................15

**Declaration of Richard M. Steingard**.................................................14

## <u>TABLE OF AUTHORITIES</u>

**<u>FEDERAL CASES</u>**

*City of Los Angeles v. Santa Monica Baykeeper,*
    254 F.3d 882 (9th Cir. 2001) ..................................................................16

*Milgard Tempering, Inc. v. Selas Corp. of Am.,*
    902 F.2d 703 (9th Cir. 1990) ..................................................................16

*Thomas v. Bible,*
    983 F.2d 152 (9th Cir. 1993) ...............................................................8, 11

*United States v. Fuchs,*
    218 F.3d 957 (9th Cir. 2000) ....................................................................5

*United States v. Mancuso,*
    718 F.3d 780 (9th Cir. 2013) ..................................................................11

*United States v. McDonnell,*
    136 S. Ct. 2355 (2016) ...............................................................................8

*United States v. Silver (Silver I),*
    864 F.3d 102 (2d Cir. 2017) ..........................................................2, 4, 8-9

*United States v. Silver (Silver II),*
    948 F.3d 538 (2d Cir. 2020) .................................................................2, 8

*United States v. Stargell,*
    738 F.3d 1018 (9th Cir. 2013) ................................................................10

**<u>FEDERAL RULES OF EVIDENCE</u>**

Fed. R. Evid. 401 .....................................................................................11

Fed. R. Evid. 403 .......................................................................................5

**<u>FEDERAL STATUTES</u>**

18 U.S.C. .......................................................................................2, 4, 8-9

LAW
OFFICES OF
RICHARD M.
STEINGARD

## **TABLE OF EXHIBITS**

| **Exhibit** | **Description** | **Page** |
|:---:|---|:---:|
| A | April 23, 2014 Wei Huang City Council Resolution | 2:28 |
| B | April 23, 2014 City Council Resolutions | 3:28 |
| C | April 21, 2014 Photograph of Ricky Zheng City Council Resolution | 4:3 |
| D | April 21, 2014 Photograph of Ricky Zheng and Jose Huizar with City Council Resolution | 4:5 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW
OFFICES OF
RICHARD M.
STEINGARD

## IDENTIFICATION OF MATTERS IN DISPUTE

**Defendant's Position:** SZNW moves this Court for an order excluding the admission of Los Angeles City Council resolutions given to Wei Huang and Ricky Zheng.  The resolutions are of *de minimis* significance as a purported "official act," are time barred as "official acts," and are not alleged as "official acts" in the counts against SZNW.  Further, their admission has the potential to confuse the jury and are more prejudicial than probative.

**Government's Position**: Evidence of two official City resolutions conferred to the two key agents of defendant is probative of the charged honest services wire fraud scheme, part of which included introducing or voting on City resolutions to enhance the professional reputations and marketability of defendant, and of the corrupt relationship between Jose Huizar and defendant.  There is nothing unduly prejudicial, inflammatory, or confusing about the resolutions, which, on their face, highlight the good works of these agents.

The government would be prejudiced by the exclusion of this charged evidence, as it would artificially cut off a timely official act by Huizar (the bribee) to defendant (the briber).

1

**JOINT MOTION *IN LIMINE* NO. 3**

2

**SZNW'S MOTION TO EXCLUDE EVIDENCE OF**

3

**LOS ANGELES CITY COUNCIL RESOLUTIONS RECOGNIZING**

4

**WEI HUANG AND RICKY ZHENG**

5

## I.      INTRODUCTION

6

Shen Zhen New World I, LLC ("SZNW") moves this Court for an order

7

excluding evidence of two 2014 Los Angeles City Council resolutions, both

8

sponsored by Jose Huizar, one recognizing Wei Huang and the other recognizing

9

Ricky Zheng.  As to the former, there is no evidence that Huang requested the

10

resolution, or that Huizar obtained it as part of a *quid pro quo* arrangement.

11

Indeed, as one court recognized, "[T]he prolific and perfunctory nature of these

12

resolutions make them *de minimis* quos unworthy of a quid."  *United States v.*

13

*Silver*, 864 F.3d 102, 121 (2d Cir. 2017) (*Silver I*).  Moreover, the Huang

14

resolution is time barred as an "official act" to support a bribery conviction

15

because it was passed in 2014, more than five years before the First Superseding

16

Indictment ("FSI") was returned and therefore cannot serve as a predicate "official

17

act."  *United States v. Silver*, 948 F.3d 538, 572-75 (2d Cir. 2020) (*Silver II*).

18

The Zheng resolution is equally irrelevant.  It was passed four months after

19

the Huang resolution in a similarly perfunctory manner and occurred well prior to

20

Zheng's employment by SZNW.  It is unconnected to the charges and cannot serve

21

as an "official act."  Both resolutions should not be admitted into evidence.

22

## II.     STATEMENT OF RELEVANT FACTS

23

### A.      The Wei Huang Resolution

24

On April 23, 2014, Los Angeles City Councilmember Jose Huizar

25

introduced a resolution before the City Council commending Wei Huang for his

26

personal and business achievements and his contributions to the economy of

27

Huizar's council district, Council District 14 ("CD-14").  (Govt. Ex. 272,

28

Casino_0356468, attached as Exhibit A.)  The Huang resolution was one of

nineteen introduced that day by City Council members.  Other resolutions included a declaration that it was "renter's day," a recognition of an organization called "Military on Motorcycle Safety," a recognition of the naming of the "Jesse Allen Wilkes Memorial Intersection," a declaration that May 4, 2014 was "LA Union Station Day," a show of gratitude to a group called "Fiesta Broadway" (also sponsored by Huizar), an acknowledgement that attorney Steven Rosenthal was named "California Lawyer of the Year" by *California Lawyer Magazine*, a congratulations to reporter Bill Whitaker on being selected to host the television show *60 Minutes*, and a recognition of volunteers who work at the Los Angeles Public Library.[1]

The resolution honoring Huang was not debated, addressed, or discussed during the City Council proceedings.  Rather, all nineteen resolutions were simultaneously adopted by the City Council in a perfunctory proceeding that lasted approximately three seconds.  *See* http://lacity.granicus.com/MediaPlayer.php?view_id=130&clip_id=13003 (resolutions presented and passed at the 26:10 mark).

The government lists the Huang resolution on its trial exhibit list, and identifies three witnesses to testify to this exhibit: an unnamed agent, Huizar's Special Assistant George Esparza, and SZNW's former Owner Representative Harris Chan.  Based on the interview reports provided to date, neither Esparza nor Chan claim that Huang asked Huizar to seek or obtain a City Council resolution or that, once passed by the City Council, the resolution was provided to Huang.

B.   The Ricky Zheng Resolution

On August 21, 2014, Ricky Zheng posted six photographs on his Instagram page.  The government 's exhibit list identifies two of Zheng's Instagram photos as trial exhibits; the other four photographs are unknown.  One proposed exhibit is a photograph of a Los Angeles City Council resolution sponsored by Jose Huizar

---

[1]   All the April 23, 2014 resolutions are attached as Exhibit B.

1   and signed by the other Councilmembers, recognizing Ricky Zheng "for his
2   outstanding achievements as Special Assistant to Chairman Huang Wei of
3   Shenzhen New World Group."  (Govt. Ex. 310, attached as Exhibit C.)[2]  The post
4   contains the word "Thanks!" at the bottom.  The second exhibit depicts Zheng and
5   Huizar holding the framed resolution.  (Govt. Ex. 311, attached as Exhibit D.)
6   This post also includes the word "Thanks!" at the bottom.  Both Instagram posts
7   include Chinese characters at the top and bottom.

8       The government identifies Zheng as the only witness to testify to these
9   exhibits.

10  **III.    ARGUMENT**

11      Resolutions by legislative bodies like those at issue here are "prolific,"
12  "perfunctory [in] nature," and "routine, *pro forma* exercises rubber stamped by
13  [City Council] members."  *Silver I*, 864 F.3d at 121.  Indeed, "the prolific and
14  perfunctory nature of these resolutions make them *de minimis* quos unworthy of a
15  quid."  *Id*.

16      The City Council's resolution recognizing Wei Huang epitomizes the *Silver*
17  court's position to a tee.  There is no evidence Huang requested it, advised of its
18  passage, or even provided to him.  The resolution issued as one of nineteen passed
19  by the City Council that day, in a proceeding that lasted a few seconds.  It was
20  truly a *de minimus* event with no bearing on the charges or the case.  In addition,
21  the resolution is not alleged in the FSI as an "official act" and, in any event, is
22  clearly time-barred.  The Instagram photos of Zheng receiving a City Council
23  resolution are comparably irrelevant.  The resolution occurred prior to Zheng's
24  employment with SZNW when he apparently was working as Huang's "personal
25  assistant."  It is thus irrelevant to SZNW.

26
27
28  [2]      Unlike the Huang resolution, defense counsel has been unable to locate any
     public record of the passage of the Zheng resolution.

Lastly, whatever may be the resolutions' minimal probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  Fed. R. Evid. 403.  It would surely be confusing for the jury to receive evidence which arguably constitutes an "official act" but does not so qualify based on its perfunctory nature or the date that it issued.  For this reason, too, it should be excluded.

* * *

In the event that the Court permits the government to introduce the resolutions and/or any testimony about them, SZNW asks that the Court simultaneously instruct the jury that the resolutions are offered for a limited purpose – whatever that may be – and cannot constitute an "official act" in support of the charges.  SZNW also asks that this instruction be given at the conclusion of the case.  *See, e.g.*, *United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000) (judgment reversed where jury could have convicted based on time-barred overt act).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## GOVERNMENT'S OPPOSITION

### I.   INTRODUCTION

Defendant Shen Zhen New World I, LLC ("SZNW" or "defendant") moves to exclude two official City Council resolutions conferred and signed by Councilmember Jose Huizar (the bribee) and other City officials to defendant (the briber) via two of its central agents.  Defendant's motion is based on a fundamental misunderstanding of the law, the First Superseding Indictment ("FSI"), and the government's theory of the case.

A key issue in the October trial will be the nature of the corrupt and transactional relationship that was cultivated between (1) Jose Huizar and his lackey George Esparza on one side, and (2) Wei Huang and his lackey Ricky Zheng on the other side.  The two City resolutions conferred from the former to the latter are therefore highly relevant and probative of this transactional quality, including what benefits Huizar could offer and what favors defendant sought and valued.  Indeed, the FSI specifically alleged that defendant provided bribes and kickbacks in exchange for, among other things, official City resolutions to enhance defendant's professional reputation and marketability. (FSI ¶ 45.b.) This was particularly important for a foreign (China-based) developer making his first foray into a competitive Los Angeles commercial real estate market.  And the resolutions praising Huang and Zheng, and highlighting Huang's business acumen, helped achieve precisely those aims.

In seeking to exclude this direct evidence of its crimes, defendant largely rehashes its failed arguments from the pretrial motions to dismiss counts and strike language, which the Court denied during the January 7, 2022 hearing, after issuing an extensive oral order.  That is, defendant argues the two resolutions are "irrelevant" because they (1) are not alleged as "official acts"; (2) constitute de minimis events; and (3) are time-barred.  (See Dkt. No. 235 [Defendants' Motion

to Dismiss and Strike] at 23-26 (making same arguments); <u>see also</u> 1/7/22 Hr'g Tr. at 18:5-19:10; 29:18-32:7 (rejecting arguments).)

Because defendant was wrong then and--despite now having the Court's prior rulings and explanation of these same issues--continues to be wrong on all three grounds; thus, its motion fails.

## II.     ARGUMENT

### A.     The Resolutions Are Direct Evidence of Defendant's Honest Services Wire Fraud Scheme

Defendant mischaracterizes the FSI when it claims that the resolutions are "not alleged in the FSI as an "official act." (Mot. at 3.)[3]

The FSI charges defendant with engaging in a scheme to defraud the City of Los Angeles and its citizens of the right to the honest services of public officials (like Jose Huizar and George Esparza) through, among other things, bribery and kickbacks. (FSI ¶ 44.) This violation is further alleged to have affected at least one financial institution. (<u>Id.</u>) As part of the means and methods of the scheme to defraud, the FSI specifically alleges that Huizar and other co-schemers "would agree to perform and perform the following types of **official acts**" including "introducing or voting on **City resolutions** to enhance the professional reputation and marketability of businesspersons in the City." (<u>Id.</u> ¶ 45.b. (emphasis added).) Accordingly, the resolutions at issue are directly charged as official acts evidence supporting the honest services wire fraud scheme--they are <u>direct</u> and unrefuted

---

[3]     During the meet-and-confer process, the government repeatedly encouraged the defense to consolidate and streamline its motions <u>in limine</u>, which were overlapping and thus oftentimes redundant. The defense declined.
As explained in the government's opposition to JMIL No. 7 to Exclude Evidence of Purportedly Innocent or Irrelevant Acts, the majority of the charges—namely, federal program bribery and Travel Act violations, do <u>not</u> require an "official act." That opposition also explains that acts that are not "official acts" do not become inadmissible on that ground alone.

evidence of an official act that the alleged briber received from the bribee.[4] Consistent with this allegation, the RICO conspiracy count also charges the act of conferring the official resolution for Huang as an overt act: "In April 2014, <u>to benefit Wei Huang's reputation in the business community</u>, defendant HUIZAR introduced and signed a resolution before the City Council recognizing Huang for his achievements and contributions to the economy of CD-14, which the City Council signed and adopted."  (FSI ¶ 43, OA 55.)

Citing <u>United States v. Silver</u>, 864 F.3d 102 (2nd Cir. 2017) (<u>Silver I</u>), defendant misleadingly suggests that a resolution is a "<u>de minimis</u> event with no bearing on the charges or the case."  (Mot. at 3.)  But both <u>Silver I</u> and <u>United States v. Silver</u>, 948 F.3d 538 (2d Cir. 2020) (<u>Silver II</u>), established that a City Resolution honoring an individual, like the ones Huang and Zheng received, is "indisputably an official act" post-<u>McDonnell</u>.[5]  <u>Silver II</u>, 948 F.3d at 570); <u>Silver I</u>, 864 F.3d at 121 (same).  This Court also already concluded as such: "As the 2nd Circuit held in *United States versus Silver* at 948 F.3d at 538, a City resolution honoring someone is indisputably an official act."  (1/7/2022 Hr'g Tr. at 31:3-5); <u>see also</u> <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir. 1993) (explaining that under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

Defendant's reliance on <u>Silver I</u> as a basis to exclude evidence is misplaced and reveals the futility of its argument.  There, after concluding the jury instruction on official act was erroneous post-<u>McDonnell</u>, the Second Circuit conducted a harmless error analysis; it did <u>not</u> conduct an analysis of the <u>admissibility</u> of the

---

[4]    Oddly, defendant has previously acknowledged that the Huang resolution was charged as an official act.  (Dkt. No. 235 at 23-24.)

[5]    <u>United States v. McDonnell</u>, 136 S. Ct. 2355 (2016).

LAW OFFICES OF RICHARD M. STEINGARD

resolution under the Federal Rules of Evidence.  See Silver I, 864 F.3d at 106.  In the Silver case, the government argued that Silver (a public official) received $3 million in referral fees as bribes and kickbacks from a Columbia Hospital physician, for whom Silver sponsored an Assembly resolution.  Id. at 106-09.  There were no other qualifying official acts under McDonnell.  Id. at 121.  The defense also presented evidence that the Assembly resolutions were pro forma exercises rubber stamped by Assembly members.  Id.  Under those circumstances, the court held that it was not clear beyond a reasonable doubt that a rational jury would have found Silver guilty "based on the resolution alone," given that a rational jury could conclude that the prolific and perfunctory nature of the resolution, "though certainly 'official'" was an unworthy quo in exchange for a $3 million quid.  Id. at 121.

Nowhere did the court in Silver I restrict the admissibility of even an arguably de minimis resolution as an evidentiary matter.  To the contrary, the case supports the notion that a resolution sponsored by a public official to honor the same individual allegedly providing bribes and kickbacks to that public official is properly admitted evidence, as it was in Silver's trial.  See id. at 106 n.4, 108 (fact of the defendant's sponsored resolution drawn from the evidence presented at trial).  Defendant's arguments regarding the purported value of the resolutions to Huang and Zheng (and by extension, SZNW) are better suited for the jury.  At trial, the resolutions will be considered in light of all the other evidence, including what defendant had to gain (or perceived it had to gain) from these official City resolutions and how that perception informed the transactional nature of defendant's relationship with Huizar.  But these attorney arguments do not establish a legal basis to keep probative and admissible evidence from the jury in the first instance, particularly when the resolutions were explicitly charged as official acts in the FSI.

B.     The Resolutions Are Not Time-Barred

Next, defendant argues that the resolutions should be excluded from the trial because they are time-barred.  (Mot. at 1. 3.)  Defendant again ignores the prior Court rulings on this issue and is again wrong on multiple fronts: (a) the resolutions are within the limitations period, and (b) in any event, conduct occurring outside the limitations period does not automatically render it inadmissible, especially when, as here, that conduct is probative of other charged conduct.

The statute of limitations for honest services fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1346 is extended to ten years if the offense affects a financial institution.  18 U.S.C. § 3293(2); (see also 1/7/2022 Hr'g Tr. at 32:23-33:2 (same).)  As previously set forth in its omnibus opposition to defendants' motions to dismiss counts and strike language, the government intends to prove at trial that defendant's honest services wire fraud scheme "affected at least one financial institution," as alleged in the FSI.  (Dkt. No. 259 at 16; FSI ¶ 44.)  Specifically, the government intends to establish that the collateral Huang provided to Jose Huizar to secure Huizar's personal loan from East West Bank (referred to as "Bank 1" in the FSI) was a bribe, thereby exposing the bank to a risk of loss.  See United States v. Stargell, 738 F.3d 1018, 1022 (9th Cir. 2013) ("The increased risk of loss presented by fraudulent terms is sufficient to 'affect' a financial institution" regardless of whether there was actual loss); (see also 1/7/2022 Hr'g Tr. at 33:3-14 (same).)  The government further intends to elicit testimony from East West Bank representatives that, had the bank known the true nature of the collateral payment, it would have denied Huizar's loan application because of the risk of financial loss.  Because the FSI was returned on November 12, 2020, the 2014 resolutions for Huang and Zheng fall comfortably within the ten-year statute of limitations.

In any event, as the Ninth Circuit and this Court have held, "the statute of limitations does not bar the introduction of evidence of acts that occurred outside

LAW OFFICES OF RICHARD M. STEINGARD

1  of the limitations period." <u>United States v. Mancuso</u>, 718 F.3d 780, 790 (9th Cir.

2  2013) (citation omitted); (<u>see also</u> 1/7/2022 Hearing Tr. at 48:11-14 (same; citing

3  <u>Mancuso</u>).)  This is the law of the case and defendants offer nothing but recycled

4  failed arguments, without even attempting to show why this Court should revisit its

5  prior ruling.  <u>See</u> <u>Thomas</u>, 983 F.2d at 154 (enumerating five circumstances,

6  including "manifest injustice," where a court can exercise discretion and not apply

7  the law of the case). Thus, even if the resolutions were time-barred for purposes of

8  a charged "official act" for honest services wire fraud, they would still be highly

9  probative "for the purposes of interpreting post-limitation conduct," as explained

10  below.  (<u>See</u> 1/7/2022 Hearing Tr. at 48:14-15.)

11  The Resolutions Are Highly Probative of the Nature and Evolution of the Corrupt

12  Relationship Between Huizar and Defendant

13       Without ever citing to Rule 401, defendant narrowly concludes that since the

14  resolutions are not charged as official acts and are time-barred, they are

15  "irrelevant."  (Mot. at 3.)

16       Rule 401 permits a broad swath of evidence to be presented to the jury.

17  Evidence is relevant if it has any tendency to make a fact of consequence more or

18  less probable than it would be without the evidence.  Fed. R. Evid. 401.  As

19  explained, the resolutions are direct evidence of the charged scheme.  They are also

20  highly probative of a key fact of consequence: the nature and evolution of the

21  transactional and corrupt relationship between Huizar and defendant.

22       Defendant also argues there is no evidence Huang requested the resolution.

23  First, this argument goes to weight and not admissibility.  Second, on the face of

24  the resolution alone, it is self-evident that Huang and/or his agent supplied the very

25  detailed and personal information about Huang himself, which specifically

26  highlight and emphasize his business acumen and prestige, including:

27       • A detailed accounting of his career path, including starting at a

28         "fermenting soybean and processing plant," then moving to the

"Yanghaun County Commerce Bureau of Guangdong" before transitioning to a variety of real estate companies, until finally becoming the President of Shenzhen New World Group;

- The obstacles that Huang overcame on his journey to success, including starting with "very little money" and starting an earlier company where he "did not gain much profit while attracting more than ten lawsuits";

- The skills Huang has leveraged, including "experience in communicating with people, listening, and observation" and "his glib mouth and integrating to win over customers"; and

- A list of the many "important titles" that Huang holds with companies, associations, groups, and a university in China.

(Def. Ex. A.)  These unique details were not simply culled from an open-source search of Huang.  It is more than a fair conclusion for the jury to draw that defendant, a newcomer to the American real estate development market seeking to expand his company internationally, would value this official City resolution extoling his career trajectory and professional honors.  More specifically, a jury may infer Huang hoped such an effusive official resolution would legitimize his business presence in Los Angeles, while simultaneously bolstering his budding reputation as an international real estate developer back in China.

Likewise, Zheng was honored by a Huizar-endorsed resolution, specifically in relation to his work as an agent of Huang and "value to the community and to the City of Los Angeles."  (Def. Ex. C (recognizing Zheng "for his outstanding achievements as Special Assistant to Chairman Huang Wei of Shenzhen New World Group").)  In other words, Zheng was recognized for his work with Huang, the principal of defendant SZNW, for his work in Los Angeles--the city in which Huang owns his only two U.S. properties, including the L.A. Grand Hotel.

LAW
OFFICES OF
RICHARD M.
STEINGARD

12

The two City resolutions were conferred by a public official and alleged bribee, honoring two of the alleged briber's (defendant) primary agents, thereby enhancing defendant's professional reputation and marketability; they are highly relevant.

C.  The Resolutions Are Not Confusing or Unduly Prejudicial

Finally, defendant argues in a conclusory manner that evidence of the resolution(s) would be confusing because it does not "qualify [as an official act] based on its perfunctory nature or the date that it was issued." (Mot. at 4.) Defendant also cites the "danger of unfair prejudice" without any explanation. (Id.)  As explained above, the City resolutions for Huang and Zheng are properly charged as official acts within the extended limitations period.  There is nothing unduly prejudicial, inflammatory, or confusing about the resolutions.

Moreover, the government intends to propose substantive jury instructions for the federal program bribery and Travel Act counts (which are subject to a five-year statute of limitations) that will make clear that the 2014 resolutions are not charged as the predicate "business, transaction or series of transactions of the City involving anything of value of $5,000 or more" (for federal program bribery) or as the "something to be given by the bribe-taker, either official action, the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant or a violation of a known legal duty as a public servant" (for Travel Act violations).  (See 1/7/22 Hr'g Tr. at 68:24-69:9.)  The government will also craft a special verdict form to address this issue, which will eliminate any potential jury confusion by ensuring the jury selects only permissible official acts as part of any guilty verdict on these counts.  For these same reasons, and because the official City resolutions for defendant's benefit are properly charged as official acts within the limitations period for the honest services wire fraud scheme, no limiting instruction is needed.  (See Mot. at 4.)  The jury is free to infer that the resolutions

LAW
OFFICES OF
RICHARD M.
STEINGARD

are incriminating evidence of defendant's crimes, and defendant is free to argue against that inference.

### III.   CONCLUSION

Defendant's motion to exclude evidence of the City resolutions should be denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SZNW'S REPLY

As with virtually all the oppositions to SZNW's *in limine* motions, the government argues that the evidence sought to be excluded—perfunctory resolutions passed by the City Council for Wei Huang and Ricky Zheng—is "key" to the government's case and "highly relevant and probative."  As proof, the government claims that these dime-a-dozen resolutions would "enhance [billionaire Wei Huang's] professional reputation and marketability" and that despite his many awards, achievements, and successes, he would "value this official City resolution extoling his career trajectory and professional honors." The government omits that among its evidence are internet screenshots showing Huang had already been feted for his purchase of the two Los Angeles hotels well before the resolutions issued.  In short, after all his many successes, Huang hardly needed a token resolution to "enhance his professional reputation and marketability."

The government also claims that the Wei Huang resolution is charged as an "official act" in the FSI.  In support, the government cites several paragraphs in Count 1 of the FSI—the RICO count—which is not alleged against SZNW.  In fact, the actual charges against SZNW, Counts 2-4, 18-21, and 23, require proof that Jose Huizar committed an "official act" *in connection with the LA Grand Hotel's redevelopment project*.  The City Council's resolutions were passed well before the hotel's new tower was even contemplated and have no connection to that project.

The government next attempts to refocus the Second Circuit's decision in *Silver*.  The government does not contend that *Silver* mischaracterized the insignificant nature of the resolutions.  Rather, according to the government, *Silver* is noteworthy because the Court did not "restrict the admissibility of" the resolutions and "merely" found them inadequate to support a conviction.

We agree that in *Silver*, the issue of the admissibility of the resolutions was not before the Court.  But the Court's decisions finding that such resolutions were

15

"prolific and perfunctory" and "*de minimis* quos unworthy of a quid" –
characterizations that the government tacitly accepts – does not mean they are
automatically admissible.  Indeed, we fail to see why or how a jury should consider
such evidence when it is indisputably inconsequential and, in the context of *this*
case, will surely cause jury confusion about what is, and is not, an "official act."

The government relies largely on this Court's ruling in response to the
motions to dismiss which included asking the Court to strike the "official act"
language from the "Means and Methods" section of the honest services fraud
counts.  (ECF 235.)[6]  In so ruling, the Court did not strike the language in Counts
2-17 concerning the resolutions because of the appropriately-pled allegations
concerning a scheme involving Businessman A—which is completely unrelated to
SZNW.  *Id.* at 30-1.  As to SZNW, the Court declined to "parse the First
Superseding Indictment in this manner," adding that "[t]he means and methods
listed in the introduction to Counts 2 through 17 need not apply to each and every
defendant."  *Id.* at 31.[7]  Of course, in considering this motion *in limine*, the Court is

---

[6]      The government wrongly argues that the "law of the case" doctrine
precludes this Court from addressing the admissibility of the resolutions in a
motion *in limine*. The Ninth Circuit has expressed doubt that the "law of the case"
doctrine even applies to a district court's reconsideration of a prior ruling, *see, e.g.*,
*City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)
(holding law of the case doctrine is "wholly inapposite" when a district court
revisits a ruling in a case over which it retains jurisdiction).  Further, the doctrine is
not implicated in this situation: a motion challenging the admissibility of evidence
is altogether different from a motion challenging whether an allegation is
appropriately charged in an indictment.  *See Milgard Tempering, Inc. v. Selas
Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (law of the case doctrine applies
where same issue definitively was decided in the previous disposition).

[7]      The Court also stated that it would "require the Government to specify the
specific quos or official acts with the jury instructions that they contend support the
bribery charge for each defendant so there will be no confusion."  *Id*.  This ruling
occurred before the Court granted SZNW's severance motion, which specifically
found the potential for jury confusion in a joint trial.

LAW
OFFICES OF
RICHARD M.
STEINGARD

not applying the previously relied upon deferential standard, and the Court ruling denying SZNW's motion to dismiss/strike is not dispositive of the instant issue.

The government concedes that for Counts 18-21 and 23 the resolutions are time barred as "official acts but argues that the Huang resolution could be within the statute of limitations for the honest services fraud counts. The government bases its position on the fact that the statute of limitations for the fraud counts may be extended to ten years if the jury finds that SZNW committed the offense and that the offenses "affected a financial institution." But the government assumes too much. Regardless of whether the statute of limitations for this count is extended, the resolutions are only within the limitations period if they constitute an "official act" in connection with the LA Grand Hotel Project. As noted above, by all accounts, the resolutions were "prolific and perfunctory", "*de minimis* quos unworthy of a quid," and unrelated to the hotel's redevelopment project.[8]

The government discounts the possibility of jury confusion, claiming that the jury instructions will delineate the "official act" for each count. But even that would be confusing: per the government, the jury should be told that a resolution cannot be an "official act" for the bribery and Travel Act counts but may be for the honest services fraud counts if the offenses "affected a financial institution" and were performed in connection with the LA Grand Hotel's redevelopment. Moreover, the jury would have to be told that such resolutions are of such a perfunctory and *de minimus* nature that they are 'unworthy of a quid" and cannot support a conviction.

//

//

---

[8]    The City Council resolution for Ricky Zheng occurred in 2014, when he may have been Wei Huang's assistant or aide  but he was not an employee of SZNW. *See also* MIL 1 (discussing definition of "agent").

LAW
OFFICES OF
RICHARD M.
STEINGARD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lastly, should the resolutions be admitted, SZNW's motion requested that the Court give an in-trial instruction explaining to the jury how it may, and may not, consider this evidence.  The government does not address this request.

1  DATED: August 29, 2022                RICHARD M. STEINGARD
2                                         Law Offices of Richard M. Steingard

3

4                                  By:  /s/
5                                        RICHARD M. STEINGARD
                                         Attorney for Defendant Shen Zhen
6                                        New World I, LLC

7  DATED: August 29, 2022                TRACY L. WILKINSON
8                                         United States Attorney

9

10                                 By:  /s/
11                                       MACK JENKINS
                                         SUSAN HAR
12                                       CASSIE PALMER
                                         JAMARI BUXTON
13                                       Assistant United States Attorneys

14

15                                       Attorneys for Plaintiff
16                                       UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF RICHARD M. STEINGARD</u>

I, Richard M. Steingard, state and declare as follows:

1.      I am an attorney licensed to practice in the state of California and before this Court.  I represent Shen Zhen New World I, LLC ("SZNW") in the above-pending matter and submit this declaration in support of the motion *in limine* to exclude evidence of Jose Huizar and George Esparza's acts of concealment.

2.      SZNW moves this Court for an order excluding the admission of Los Angeles City Council resolutions given to Wei Huang and Ricky Zheng.  The resolutions are of de minimis significance as a purported "official act," are time barred as "official acts," and are not alleged as "official acts" in the counts against SZNW.  Further, their admission has the potential to confuse the jury and are more prejudicial than probative.

3.      Counsel for both parties have met and conferred about this motion *in limine*. After discussing the matter, counsel for the government stated that it will seek to introduce such evidence at trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of August, 2022 in Los Angeles, California.

Richard M. Steingard

1

## **LOCAL RULE 5-4.3.4 ATTESTATION**

2          I attest and certify that all other signatories listed, and on whose behalf this

3   filing is submitted, concur with the filing's content and have authorized the filing.

4

5     DATED: August 29, 2022          By: _____

6                                         RICHARD M. STEINGARD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW
OFFICES OF
RICHARD M.
STEINGARD

21