# Exhibit C

# DECLARATION OF RICHARD M. STEINGARD

I, Richard M. Steingard, state and declare as follows:

1. I am an attorney licensed to practice in the state of California and before this Court. I represent Shen Zhen New World I, LLC ("SZNW") in the above-pending matter and submit this declaration in support of the motion *in limine* to exclude "other schemes" evidence.

2. The first meeting of counsel concerning the motions *in limine* occurred on January 26, 2021. I was unavailable to attend but had my paralegal, Anthony Wong, listen in to the conversation. My understanding is that it did not address the "other schemes" evidence.

3. Because of my unavailability for the January 26 meeting, the government and I held a separate meeting on January 28, 2022 to discuss *in limine* motions related to SZNW. Because all parties were still joined for trial, I do not recall raising the "other schemes" evidence during this conversation.

4. On March 8, 2022, I had a second conversation with the prosecutors about *in limine* motions. This conversation happened the day after the Court granted the severance. During our call, I asked whether the government would still seek to introduce "other schemes" evidence at SZNW's trial in light of the Court's statements in granting the severance motions. The government stated that they understood the Court's statements and would likely not seek to introduce this evidence but wanted additional time to discuss the matter. Shortly thereafter, I had another meet and confer conversation with the government, but my notes do not reflect whether we discussed the "other schemes" evidence.

5. On May 3, 3022, I spoke with the government about the motions *in limine*. The government represented that it would not seek to introduce the "other schemes" evidence unless the defense raised it when cross-examining cooperators, like George Esparza, about the "other schemes" conduct referenced in the cooperators' plea agreements. That same day, I memorialized the government's positions in a

memorandum and emailed it to the prosecutors.  (Attached as Exhibit A to this declaration; the reference to "other schemes" evidence is at Item I.A.)  The government responded that they would review it and let us know if there were any errors or omissions.

6. On May 10, 2022, I emailed the government asking if they had any corrections to the May 3 memo.  AUSA Susan Har confirmed that it was "reasonably accurate" and added that there was an outstanding issue concerning the "other schemes" evidence, stating, "we'll wait to hear from you about whether the defense will stipulate to omit any such evidence (including as it relates to the cooperators' conduct) from the SZNW trial."

7. During the May 3 call, the government advised that it would seek to introduce a recording of a May 11, 2017 call between George Esparza and Ricky Zheng in which they discussed a development project involving Shanghai Construction.[1]  The government advised that it would seek to introduce this recording not as "other scheme" evidence but under the theory that it was inextricably intertwined with the case.  (This too was memorialized in the May 3 memo.  *See* Exhibit A at Item I.C.4.)  I stated that I would be filing an *in limine* motion on the inextricably intertwined evidence, including this recording.

8. I attended portions of the *940 Hill/Lee* trial, including Esparza's testimony.  In questioning Esparza, the government introduced the "other schemes" evidence, as did the defense when it cross-examined him.  Although I had multiple representations from the government that they would not seek to introduce such evidence at SZNW's trial, because of what occurred at the *940 Hill/Lee* trial, and out of an abundance of caution, I prepared a motion *in limine* to exclude all the "other schemes" evidence, including the May 11, 2017 recording of Esparza's conversation with Zheng.  Pursuant

---

[1] The call is referenced in the First Superseding Indictment in Count 1, Overt Act 342, in a section entitled "Additional Pay-to-Play Conduct."

1  to our agreed-upon schedule, that motion was provided to the government on July 5,
2  2022.
3       I declare under penalty of perjury that the foregoing is true and correct.  Executed
4  this 29th day of August, 2022 in Los Angeles, California.

                                                        Richard M. Steingard