E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
SUSAN S. HAR (Cal. Bar No. 301924)
J. JAMARI BUXTON (Cal. Bar No. 342364)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3289
     Facsimile: (213) 894-6436
     E-mail:   Mack.Jenkins@usdoj.gov
               Susan.Har@usdoj.gov
               Jamari.Buxton@usdoj.gov
               Patrick.Castaneda@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE LUIS HUIZAR et al., <br><br> Defendants. | No. CR 20-326(A)-JFW <br><br> GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING THE FIRST SUPERSEDING INDICTMENT |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files this ex parte application for a court order amending the First Superseding Indictment.

Counsel for defendants Jose Huizar, Wei Huang, and Shen Zhen New World I, LLC oppose the request. Harland Braun, counsel for defendant Ray Chan, provided his position as follows:

> Ray Chan also objects. The Grand Jury is a constitutional right which must be honored. If the prosecutor screwed up, let the case be resubmitted to the grand Jury.
>
> We are also investigating whether there is a 1001 violation in submitting false or incomplete information to the Grand Jury. There clearly is--, the only question is which AUSA should be charged.

Dated: October 10, 2022    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____
MACK E. JENKINS
SUSAN S. HAR
J. JAMARI BUXTON
PATRICK CASTAÑEDA
Assistant United States Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Counts 18-21 of the First Superseding Indictment ("FSI") charge defendants Jose Huizar, Wei Huang, and Shen Zhen New World I, LLC ("SZNW") with Travel Act violations related to their "unlawful activity, namely, bribery, in violation of California Penal Code Sections[.]" (Dkt. No. 74 ¶ 48, p. 108.)[1] As part of the ongoing meet and confer process on various topics for the SZNW trial set for October 25, 2022, government counsel and counsel for defendant SZNW discussed collateral facts--including that defendant Huizar and George Esparza are public officials and agents of the City of Los Angeles--that are undisputed and thus appropriate to present via stipulation at trial.  During these discussions about the stipulation, counsel for defendant SZNW raised questions as to the California Penal Code ("CPC") bribery statutes (and their incorporated definitions) referenced in Counts 18-21.  Upon further review, the government believes it is necessary to amend the FSI to correct the specific citations to the CPC in order to reflect the correct bribery conduct expressly charged here.

Although no specific CPC sections need be alleged in the FSI at all,[2] the FSI currently references sections 67 and 68, which cover bribes provided to and received by an "executive officer."  However,

---

[1] Although his counsel provided his position opposing this application, defendant Ray Chan is charged in none of the counts at issue.

[2] United States v. Gordon, 641 F.2d 1281, 1283, 1284 (9th Cir. 1981) ("[F]ailure to cite the predicate state statute did not, in and of itself, render [] the indictment invalid."; "reference to state law is necessary only to identify the type of unlawful activity involved.")

the more accurate citation is to CPC Sections 85, 86, and 165, which cover bribes to and received by:

- "any member of the legislative body of a city . . . or to another person for the member" (section 85)
- "any member of the legislative body of a city" (section 86), and
- "any member of any common council . . . of any [] city" (section 165)

Accordingly, this application seeks to amend page 108, paragraph 48, lines 11 and 12 of the FSI as follows (bold italics identifying the edits):

| Current Par. 48 of the FSI | Proposed Par. 48 of the FSI |
|---|---|
| On or about the dates set forth below, within the Central District of California and elsewhere, defendants JOSE LUIS HUIZAR, WEI HUANG, and SHEN ZHEN COMPANY, acting through its agent, knowingly and intentionally traveled and willfully caused travel in interstate and foreign commerce, as set forth below, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, bribery, in violation of California Penal Code **Sections 67, 67.5, and 68**, and, thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, as set forth below: | On or about the dates set forth below, within the Central District of California and elsewhere, defendants JOSE LUIS HUIZAR, WEI HUANG, and SHEN ZHEN COMPANY, acting through its agent, knowingly and intentionally traveled and willfully caused travel in interstate and foreign commerce, as set forth below, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, bribery, in violation of California Penal Code **Sections 67.5, 85, 86, and 165**, and, thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, as set forth below: |

Nothing else in those counts requires amendment. Importantly, none of the alleged facts or evidence presentation will change, including

2

the objects of the bribe, the identity and position of each of the participants (here, Huizar, Huang, and SZNW). Accordingly, and as set forth below, amendment is the proper and most efficient course to correct this error. The government therefore respectfully requests the Court amend the foregoing citations to the CPC Sections in paragraph 48 of the FSI.

## II. LEGAL ANALYSIS

Under Federal Rule of Criminal Procedure 7(c)(2), "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." The Ninth Circuit has held that--even when the indictment does not correctly cite the charged *federal* statute--this rule prohibits reversal if the defendant "knew the conduct he was being accused of [and] could adequately prepare a defense." United States v. Vroman, 975 F.2d 669, 671 (9th Cir. 1992); see also United States v. Bonallo, 858 F.2d 1427, 1430 (9th Cir. 1988) ("When construing the meaning of an indictment, the description of the alleged conduct is far more critical than the indictment's prefatory language or its citation of a particular provision of a statute."); United States v. Clark, 416 F.2d 63, 64 (9th Cir. 1969) (Rule 7(c) "permit[s] the citation of a statute on an indictment to be amended where . . . the facts alleged in the indictment will support such a change" and the defendant is not prejudicially misled.).

The government's proposed amendment does not mislead or prejudice defendants in any way because the FSI correctly describes-- both in the text of Counts 18-21 themselves and elsewhere throughout

3

the 138-page FSI[3]--what conduct the defendants are "being accused of," even if it referenced the incorrect sections of the California bribery statutes (as part of the *correctly* charged *federal* statute: 18 U.S.C. § 1952(a)(3)).

Indeed, the Ninth Circuit addressed this issue in a strikingly similar case: United States v. Gordon, 641 F.2d 1281 (9th Cir. 1981). In Gordon, the government charged the defendants under the Travel Act with bribing Nevada Gaming Commissioners. See id. at 1283. The indictment, however, cited the wrong provision of Nevada state law; while bribery of these officials was prohibited under Nevada Revised Statutes § 197.010 (relating to "executive or administrative officers"), the indictment incorrectly cited section 197.020 (relating to "other public officers") in portions of the indictment and was silent on specific state statutes in the conspiracy to violate the Travel Act count. The Ninth Circuit concluded that the mis-citation and omission did not render the indictment facially deficient because "reference to state law [for a Travel Act count] is necessary only to identify the type of unlawful activity involved," i.e., bribery, and the indictment there--like the FSI here-- "gave a detailed statement of appellants' alleged behavior." Id. at 1284-85 (emphasis added). Nor was there a variance because "the indictment specifically referred to the objects of appellants' bribe attempts both by name and by official title, [so] there is no question that the grand jury and the petit jury were operating under the same set of facts." Id. at 1286-87; see also

---

[3] See, e.g., FSI ¶¶ 8, 13, 17-18; Overt Acts 3-22; 361-66.

4

United States v. Lazarenko, 564 F.3d 1026, 1033-34 (9th Cir. 2009) (rejecting similar claim in context of money laundering statute).

The Ninth Circuit has recognized that amending an indictment to correct an error in a citation is a proper remedy that does not prejudice the defendants. United States v. Neill, 166 F.3d 943 (9th Cir. 1999) (amendment of indictment was proper to correct incorrectly named bank in bank robbery case, even when amendment related to "an element of the offense charged," when indictment was still clear which crime was charged and there was no prejudice to the defendant); United States v. Esparza-Ponce, 7 F. Supp. 2d 1084, 1090 (S.D. Cal. 1998) (rejecting motion to dismiss indictment because of erroneous citation, but "urg[ing] the government to obtain an amended indictment that references the correct statute"). This is because the "essential purpose of an indictment is to give the defendant notice of the charge so that he can defend or plead his case adequately"; thus, "a minor or technical deficiency in the indictment [that does not cause] . . . prejudice to the defendant" can be corrected by amendment. Neill, 166 F.3d at 947 (cleaned up). "Amendment of the indictment to fix typographical errors[4] is appropriate as long as the error did not mislead the defendant." Id. The Ninth Circuit has specifically held that an indictment may be amended to fix an "incorrect citation." United States v. Lim, 984 F.2d 331, 337 (9th Cir. 1993). This is so even if the amendment affects a "material element of the charged offense." Neill, 166 F.3d at 948 (recognizing that "[t]his court has previously allowed the

---

[4] The government understands that this Court views "typographical errors" as "failures to proofread."

5

amendment of an indictment even when the amendment related to an element of the offense charged").

Here, the proposed amendment does not even relate to a "material element" to be found by the jury but simply corrects a statement of the law related to the "legal consequences of" defendants' conduct. See Gordon, 641 F.2d at 1289 (whether Nevada Gaming Commissioners fall into one statutory classification or another is a question of law for the court rather than a question of fact for the jury).

Even if Counts 18-21 were submitted to the jury unaltered, there would be no variance between the proof at trial and the allegations in the counts and no prejudice to defendants.  Defendants have long had ample notice of the charges in the counts themselves and elsewhere in the detailed FSI and thus cannot credibly dispute they have been fully aware of the crimes these counts allege. Accordingly, an amendment in this context is well supported by the law.

**III. CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court amend page 108, paragraph 48, lines 11-12 of the FSI to read as follows (bolded italicized portion reflects the edits):

> On or about the dates set forth below, within the Central District of California and elsewhere, defendants JOSE LUIS HUIZAR, WEI HUANG, and SHEN ZHEN COMPANY, acting through its agent, knowingly and intentionally traveled and willfully caused travel in interstate and foreign commerce, as set forth below, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, bribery, in violation of California Penal Code Sections ***67.5, 85, 86, and 165***, and, thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, as set forth below . . . .