Harland W. Braun, Esq. [CASBN 41842]
(Email: harland@braunlaw.com)
Brendan Pratt, Esq. [CASBN 341697]
(Email: brendan@braunlaw.com)
BRAUN & BRAUN LLP
10880 Wilshire Boulevard, Suite 1020
Los Angeles, California 90024
Telephone: (310) 277-4777 . Facsimile: (310) 507-0232
Attorneys for Defendant RAYMOND CHAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS HUIZAR, RAYMOND CHAN, et al.,<br><br>Defendant. | Case No. 20-CR-0326-JFW<br><br>**JOINDER IN CODEFENDANT HUIZAR'S CONTACT WITH DISMISSED JURORS MOTION) [704]**<br><br>**JOINDER IN CODEFENDANT SHEN ZHEN'S NEW WORLDS' OBJECTION TO THE AMENDMENT OF INDICTMENT [706]**<br><br>**NOTIFICATION RE STATE BAR RULE 5-120(C)** |

## JOINDER IN JOSE LUIS HUIZAR'S JURY CONTACT OBJECTION

Codefendant JOSE LUIS HUIZAR has filed an objection to the Court's Order prohibiting the contacting of jurors dismissed from the trial of *United States v. Lee and 940 Hill*. It is not clear whether the Order applies to the attorneys for Defendant RAYMOND CHAN but the rationale for the Order is similar. To eliminate any ambiguity and protect Chan's right to constitutionally competent counsel, Ray Chan joins in the Motion of Defendant Jose Luis Huizar. **[Document 704]**.

## JOINDER IN CODENDANT SHEN ZHEN NEW WORLD OJBECTION TO AMENDING INDICTMENT

Codefendant SHEN ZHEN NEW WORLD has filed a motion objecting to the amendment of the First Superseding Indictment **[ Document 706]**. The motion is

Chan.3

---

JOINDER IN CODEFENDANT HUIZAR'S MOTION AND IN
DEFENDANT SHEN ZHEN'S MOTION TO OBJECTION, etc.

ambiguous as to whether such amendment applies to the indictment against which codefendant Raymond Chan will defend. But in an abundance of caution, codefendant Chan hereby joins in the objections and arguments filed by codefendant Shen Zhen New World in its **Motion 706.**

## CALIFORNIA BAR RULE 5-120(C)

California State Bar Rule 5-120 attempts to limit trial publicity to assure that a defendant will receive a trial in the public court rather in the press. Unfortunately, the government in this Trump era prosecution has attempted to give Ray Chan a trial in the press. Even before an indictment, the prosecution filed an unsealed search warrant for Ray Chan's google account which "leaked" Chan's name into the press.

Ray Chan is a member of the Chinses-American community in which reputation is very important. Knowing this, in an attempt to obtain a cooperation agreement with Ray Chan, the prosecution twice turned down Chan's request for a reverse proffer. Only after publicly indicting Chan, did the prosecution offer Chan an opportunity to "discuss" the case.

Yet despite the California rules, prosecution cleverly smeared Ray Chan by issuing press release Number 22-215, on October 12, 2022, naming Chan without an explanation that the pleading defendant had nothing to do with Chan. Coincidently the Los Angeles Times on the very same day printed a story naming Chan in almost the same words as the press release. Of course, the Times reporter never attempted to contact Chan's attorney. But of course, the prosecutor and the Times have an implicit working relationship.

To protect against the prosecution's attempt to try a criminal case in the press, Rule 5-120(c), allows counsel to answer any charges or implications publicly made by the prosecution. Attached as Exhibit A is press release issued by the prosecution announcing the agreement of Jose Luis Huizar's brother, Salvador Huizar, to a plea agreement. The

2.

Chan.3

court will note that Salvador Huizar's case has never entered a plea or attended a court proceeding, yet the prosecutor chose to announce publicly this plea agreement which was then regurgitated in haec verba by the Los Angeles Times. Why the timing?

The press release does not indicate that Raymond Chan's conduct is totally unrelated to anything that was admitted pretrial by Salvador Huizar. The press release does not indicate that Raymond Chan does not know Salvador Huizar nor is there any evidence that Raymond Chan ever dealt with Salvador Huizar.

Counsel is no stranger to anti-Chinese bigotry in Los Angeles having lived in Los Angeles for 72 years. Recently, he was counsel for defendant Guan Lei in the matter of the *United States of America v. Guan Lei*, Case No. CR-20-127-(B) MWF. Counsel wrote letters on December 9, 2021 to United States Attorney Tracy L. Wilkerson, on September 2, 2022 to Acting Assistant United States Attorney Stephanie S. Christensen, and on October 4, 2022, letter to the United States Attorney Martin Estrada, asking why Mr. Li was held in custody for nine months (and his fiancé' for three months) and the then case was dismissed without an explanation. (even for Judge Fitzgerald). The obvious conclusion is Anti-Chinese bigotry.

Dated: October 17, 2022

Respectfully submitted,

BRAUN & BRAUN LLP

By: _____
Harland W. Braun
Attorneys for Codefendant Raymond Chan

3.

Chan.3

JOINDER IN CODEFENDANT HUIZAR'S MOTION AND IN DEFENDANT SHEN ZHEN'S MOTION TO OBJECTION, etc.

# Exhibit A

**United States Department of Justice**

THE UNITED STATES ATTORNEY'S OFFICE
CENTRAL DISTRICT of CALIFORNIA

U.S. Attorneys » Central District of California » News

**Department of Justice**

U.S. Attorney's Office

Central District of California

FOR IMMEDIATE RELEASE                           Wednesday, October 12, 2022

# Brother of Former L.A. City Councilman José Huizar Admits Lying to Investigators about Converting Cash to Checks for Ousted Politician

LOS ANGELES – Salvador Huizar – the brother of former Los Angeles City Councilman José Huizar, who faces federal racketeering charges stemming from a "pay-to-play" scheme – admitted in a plea agreement filed today in United States District Court that he took cash from José Huizar on numerous occasions and immediately wrote checks back to him or arranged to pay his expenses, and then lied about his actions to federal investigators.

Salvador Huizar, 57, of Boyle Heights, agreed to plead guilty to one felony count of making false statements to federal investigators, acknowledging that he repeatedly lied about accepting cash from his brother, including to a federal grand jury and most recently two weeks ago during an interview with FBI agents and federal prosecutors.

"Between at least November 26, 2013, and August 22, 2018, upon José Huizar's request, [Salvador Huizar] accepted envelopes of cash from José Huizar on at least 20 occasions," Salvador Huizar admitted in the plea agreement. "In exchange, [Salvador Huizar] contemporaneously wrote checks, or facilitated electronic payments from [his] own bank account, to either José Huizar directly or to pay José Huizar's expenses in the same amounts as the cash provided by José Huizar."

Even though Salvador Huizar asked his brother on multiple occasions about the cash, José Huizar said "it was better that [Salvador Huizar] did not know the source of the cash," according to the plea agreement.

Salvador Huizar admitted he lied to FBI agents on November 17, 2018, when he falsely stated that José Huizar never asked him to write any checks, except on two occasions and for which he was not paid back. However, on at least 20 occasions, José Huizar gave his brother an envelope of cash and asked him to write checks or facilitate electronic payments to José Huizar or for his expenses, the plea agreement states.

Salvador Huizar also admitted he made false statements to the FBI and federal prosecutors on January 30, 2020 – when he said cash from his brother was to pay off a debt or that he received cash later,

after the check was written – and two weeks ago when he reiterated these false statements before recanting and saying José Huizar regularly had cash with him and gave Salvador Huizar cash at the time he wrote the checks.

During an appearance before a federal grand jury on March 5, 2020, Salvador Huizar also made false statements when he testified under oath that cash from José Huizar was to pay off a debt and that cash was received only after Salvador Huizar wrote a check to his brother.

As part of his plea agreement, Salvador Huizar has agreed to cooperate with the government's ongoing investigation and has agreed to testify at the next two trials in this case.

Salvador Huizar is expected to formally enter his guilty plea before a federal judge in the coming weeks. The charge of making a false statement to a federal agency carries a statutory maximum sentence of five years in federal prison.

Assistant United States Attorneys Mack E. Jenkins, Chief of the Public Corruption and Civil Rights Section; Susan S. Har and J. Jamari Buxton of the Public Corruption and Civil Rights Section; and Patrick A. Castañeda of the International Narcotics, Money Laundering, and Racketeering Section are prosecuting the case against Salvador Huizar.

José Huizar and former Los Angeles Deputy Mayor Raymond Chan are scheduled to go to trial on February 21, 2023, on federal charges alleging they conspired to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act. Huizar allegedly agreed to accept at least $1.5 million in illicit financial benefits and faces dozens of additional federal criminal charges.

Previously in this racketeering case, real estate developer Dae Yong Lee and one of his companies were convicted in June of federal criminal charges for providing $500,000 in cash to José Huizar and his special assistant in exchange for their help in resolving a labor organization's appeal of their downtown Los Angeles development project and obstructing justice by falsifying financial documents.

The next scheduled trial in this case is scheduled to begin October 25. Shen Zhen New World I LLC, an entity owned by real estate developer Wei Huang, is charged with bribing Huizar related to another downtown Los Angeles development project. Huang remains a fugitive.

Any member of the public who has information related to this or any other public corruption matter in the City of Los Angeles is encouraged to send information to the FBI's email tip line at pctips-losangeles@fbi.gov or to contact the FBI's Los Angeles Field Office at (310) 477-6565.

---

**Topic(s):**
Public Corruption

**Component(s):**
USAO - California, Central

**Contact:**
Thom Mrozek
Director of Media Relations
thom.mrozek@usdoj.gov
(213) 894-6947

**Press Release Number:**
22-215

