UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.  **CR 20-326(A)-JFW**                                      Dated: October 19, 2022

================================================================

PRESENT:  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Not Present |
|---|---|---|
| Courtroom Deputy | Court Reporter | Mack E. Jenkins, AUSA |
| | | Cassie D. Palmer, AUSA |
| | | Susan S. Har, AUSA |
| | | Jamari Buxton, AUSA |
| | | Patrick Castaneda, AUSA |

================================================================

U.S.A. vs (Listed below) - Not Present         Attorneys for Defendants - Not Present

1. Jose Luis Huizar                            1. Carel Ale, DFPD
                                                  Charles Snyder, DFPD
                                                  Adam Olin, DFPD
2. Raymond She Wah Chan                        2. Harland W Braun, Retained
4. Shen Zhen New World I, LLC                  4. Richard M. Steingard, Retained

**PROCEEDINGS (IN CHAMBERS):**      **ORDER GRANTING GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING THE FIRST SUPERSEDING INDICTMENT [filed 10/10/2022; Docket No. 701]**

On October 10, 2022, Plaintiff United States of America (the "Government") filed an *Ex Parte* Application for an Order Amending the First Superseding Indictment (Docket No. 701) ("Application").  On October 11, 2022, Defendant Shen Zhen New World I, LLC filed an Objection (Docket No. 706).  On October 17, 2022, Defendant Raymond Chan filed a Joinder in Shen Zhen New World I, LLC's Objection (Docket No. 717).  The Court finds that this matter is appropriate for decision without oral argument.  After considering the Application and Objection, and the arguments therein, the Court rules as follows:

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Counts 18 through 21 of the First Superseding Indictment ("FSI") charge Defendants Jose Huizar, Wei Huang, and Shen Zhen New World, I, LLC with interstate and foreign travel in aid of

unlawful activity in violation of 18 U.S.C. §§ 1952(a)(3) and 2(b) (the "Travel Act Counts").[1] Specifically, the FSI at ¶ 48 alleges:

> On or about the dates set forth below, within the Central District of California and elsewhere, defendants JOSE LUIS HUIZAR, WEI HUANG, and SHEN ZHEN COMPANY, acting through its agent, knowingly and intentionally traveled and willfully caused travel in interstate and foreign commerce, as set forth below, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, *namely, bribery, in violation of California Penal Code Sections 67, 67.5, and 68*, and, thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, as set forth below [in Counts Eighteen through Twenty-One]:

FSI ¶ 48 (emphasis added). As set forth above, the FSI currently cites California Penal Code §§ 67 and 68, which cover bribes provided to and received by an "executive officer." The Government seeks to amend paragraph 48 such that it instead cites to California Penal Code Sections 85, 86, and 165, which cover bribes to and received by:

a. "any member of the legislative body of a city . . . or to another person for the member" (section 85)
b. "any member of the legislative body of a city" (section 86), and
c. "any member of any common council . . . of any [ ] city" (section 165).

Importantly, as stated by the Government, "[n]othing else in those counts requires amendment." Application at 2. The First Superseding Indictment already specifically alleges the objects of the bribe and the identity and position of each of the bribe participants (in this case, Huizar, Huang, and Shen Zhen New World I, LLC). For example, Count Eighteen alleges:

| COUNT | DATE | TRAVEL | SUBSEQUENT ACTS |
|---|---|---|---|
| EIGHTEEN | 01/01/2016 | Defendants HUIZAR and HUANG, acting as an agent of defendant SHEN ZHEN COMPANY, traveled from Los Angeles, California to Australia. | Between January 1 and 10, 2016, defendant HUIZAR agreed to accept, and defendant HUANG, as an agent of defendant SHEN ZHEN COMPANY, agreed to pay, group expenses and approximately 32,800 in Australian currency, in exchange for defendant HUIZAR agreeing to perform official acts to benefit the L.A. Grand Hotel Project. |

---

[1] Section 1952(a) of Title 18, commonly known as the Travel Act, makes it a crime punishable by up to five years imprisonment, to "travel[] in interstate or foreign commerce . . . with intent to . . . promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity." 18 U.S.C. § 1952 (a)(3)(A). The term "unlawful activity" is defined to include "bribery … in violation of the laws of the State in which [sic] committed or of the United States." 18 U.S.C. § 1952(b)(2).

And, the First Superseding Indictment specifically alleges that Huizar was the Councilmember for Council District 14("CD-14"), was the Chair of the Planning and Land Use Management ("PLUM") Committee, and served on the Economic Development Committee for the City of Los Angeles. FSI ¶ 8.

## II.     LEGAL STANDARD

The Fifth Amendment to the United States Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment of indictment of a grand jury."  U.S. Const. amend V.  "In a series of cases beginning with *Ex parte Bain*, 121 U.S. 1 (1887), the Supreme Court has invalidated attempts by the Government to avoid these restrictions through the actual or constructive amendment of a defendant's indictment."  *United States v. Gordon*, 641 F.2d 1281, 1285 (9th Cir. 1981).  *See also Stirone v. United States,* 361 U.S. 212, 215–16 (1960) ("Ever since *Ex parte Bain*, 121 U.S. 1, was decided in 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself."); *Russell v. United States*, 369 U.S. 749, 770 (1962) ("[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form."). "The Court has never gone so far, however, as to hold that the fifth amendment precludes amendment per se without regard to possible prejudice." *Gordon*, 841 F.2d at 1285. Indeed,  "[a] minor or technical deficiency in the indictment will not cause reversal of a conviction absent prejudice to the defendant."  *United States v. Neill*, 166 F.3d 943, 947 (9th Cir. 1999).  For example, "[a]mendment of the indictment to fix typographical errors is appropriate as long as the error did not mislead the defendant." *Id.*  "The Fifth Amendment does not require more than an accurate statement of the factual bases of the crime charged in the indictment. A conviction may be sustained on the basis of a statute or regulation other than that cited or even where none is cited at all, as long as it is clear that the defendant was not prejudicially misled." *United States v. Lipkis*, 770 F.2d 1447, 1452 (9th Cir. 1985).

Moreover, pursuant to Federal Rule of Criminal Procedure 7(c)(2), "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Rule 7(c)(2) "permit[s] the citation of a statute on an indictment to be amended where . . . the facts alleged in the indictment will support such a change." *United States v. Clark*, 416 F.2d 63, 64 (9th Cir. 1969).

## III.     DISCUSSION

Because the proposed amendment is simply one of form and does not prejudice defendants, the Court concludes that amendment is permissible.

The Ninth Circuit in *United States v. Gordon*, 641 F.2d 1281 (9th Cir. 1981) addressed a virtually identical issue involving the same statute at issue in this case -- the Travel Act. In *Gordon*, the defendants were charged with two counts of Travel Act bribery and one count of conspiracy. More specifically, Counts I and II of the indictment charged defendants with placing an interstate phone call and with engaging in interstate travel with intent to "promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely: Bribery of a Public Officer, in violation of Nevada Revised Statutes, Section 197.020," and with thereafter performing certain other acts for the same purpose. *Id.* at 1283.  The public officers

in question were identified as Nevada Gaming Commissioners. *Id.* Count III, the conspiracy count, covered the same facts alleged in Counts I and II. Count III did not, however, specifically refer to N.R.S. § 197.020, but simply referred to "Bribery of a Public Officer, in violation of the laws of the State of Nevada . . . ."

The *Gordon* trial court granted defendants' motions for judgment of acquittal with respect to Counts I and II, based on its conclusion that Nevada Gaming Commissioners, the objects of defendants' bribery attempts, were not "other public officers" within the meaning of N.R.S. § 197.20.[2] *Id.* The trial court ruled that the Gaming Commissioners were in fact "executive and administrative officers" and that under Nevada law, the bribery of such officials was proscribed by N.R.S. § 197.010. *Id.* The *Gordon* trial court, however, denied the defendants' motions for judgment of acquittal as to Count III because the conspiracy count did not specifically limit itself to N.R.S. § 197.020. *Id.* The trial court subsequently instructed the jury with respect to Count III using § 197.010 as the predicate state offense for the violation of 18 U.S.C. § 1952. *Id.*

The Ninth Circuit affirmed the trial court's ruling with respect to Count III. First, the Ninth Circuit concluded that the Government's failure to cite the predicate state statute did not render Count III of the indictment facially invalid. Indeed, "[w]hile correct citation to the relevant statute is always desirable, both the Federal Rules and the cases interpreting them make it clear that an error or omission is not necessarily fatal." *Id.* at 1284. The Ninth Circuit held that the statutory language of 18 U.S.C. § 1952 "embodies all of the essential elements and that reference to state law is necessary only to identify *the type* of unlawful activity involved." *Id.* (emphasis added). Because the language of Count III identified the unlawful activity as "Bribery of a Public Officer in violation of the laws of Nevada," provided a detailed statement of defendants' alleged behavior in this regard, and identified the objects of defendants' bribe attempts -- the Nevada Gaming Commissioners -- by both name and title, the Ninth Circuit found that the Government's failure to cite § 197.010 did not prejudice defendants.

Next, the Ninth Circuit concluded that the variance between the indictment and the proof at trial did not violate the defendants' Fifth Amendment right to be tried only upon the indictment returned by a grand jury. The Ninth Circuit's reasoning heavily relied on the lack of prejudice to the defendants, stating in relevant part that:

> [Defendants'] sole contention is that the grand jury relied on § 197.020 as the predicate for its finding of a Travel Act violation and that the indictment was constructively amended to read § 197.010. These statutes are identical with the exception that § 197.010, the statute adopted by the trial court, proscribes the bribery of "executive or administrative officers," and § 197.020, the statute relied upon by the Government, applies to "other public officers."

> Had the change in statutes presented the possibility that the grand jury was thinking of one public officer, and the petit jury of another, the case would fall within the rule of *Ex parte Bain* [ ]. Here, however, the language of the indictment clearly supports conviction upon § 197.010. . . . [S]ince the indictment specifically referred to the

---

[2]Notably, the trial court's ruling on Counts I and II was not at issue was not before the Ninth Circuit.

>objects of [defendants'] bribe attempts by both name and by official title, there is no question that the grand jury and the petit jury were operating under the same set of facts.

*Id.* at 1286-87.  The Ninth Circuit, thus, concluded: "Not only does [defendants'] indictment properly charge an offense under § 197.010, they have failed to demonstrate any prejudice from the alleged variance." *Id.* at 1287.

In light of the Ninth Circuit's reasoning in *Gordon*, the Court concludes that amendment of the FSI is permissible.  As the Ninth Circuit held in *Gordon*, the statutory language of the Travel Act embodies all of the essential elements of the offense and reference to state law is necessary only to identify the type of unlawful activity involved.  The Travel Act Counts in this case clearly identify the type of unlawful activity involved -- bribery in violation of the California Penal Code - and set forth all essential elements of the offense.   While the incorrect sections of the California Penal Code were cited, "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."  *See* Fed. R. Crim. P. 7(c)(2).  In this case, Defendants were neither misled nor prejudiced by the citation to California Penal Code §§ 67 and 68.  Importantly, the elements of California Penal Code sections cited in the FSI (§§ 67 and 68)  and the sections that the Government now seeks to include (§§ 85, 86, and 165) are not materially different (at least as they relate to this case) with the exception that §§ 67 and 68 proscribe bribery involving executive or ministerial officers whereas §§ 85, 86, and 165 proscribe bribery involving any member of the legislative body of a city or any member of any common council of a city.  Because the FSI specifically sets out the identity and position of each of the bribe participants (including that Huizar was Councilmember for CD-14, was Chair of the PLUM Committee, and served on the Economic Development Committee), neither the grand jury nor defendants were misled.  The Court concludes that there is absolutely no doubt that the grand jury would have indicted under the proposed amended allegations.

Defendant Shen Zhen New World I, LLC argues that "[a]mending an indictment to change the facts underlying an essential element of the crime is a substantive amendment which must be presented to the grand jury."  Objection at 4.  The Court does not disagree with that general proposition.  However, the Government does not seek to amend the FSI to change any facts --- the grand jury was presented with the same facts underlying the Travel Act Counts as the Government will present to the jury in this case, i.e., that Huizar was the Councilmember for CD-14, was Chair of the PLUM Committee, and served on the Economic Development Committee for the City of Los Angeles.  Indeed, the Court concludes that the proposed amendment does not relate to a material element to be found by the jury but rather simply corrects a statement of the law related to the "legal consequences of" defendants' conduct.  *See Gordon*, 641 F.2d at 1289 ("[W]hether Nevada Gaming Commissioners fall into one statutory classification or another is a question of law for the court rather than a question of fact for the jury.)"

Defendant Shen Zhen New World I, LLC attempts to distinguish the Ninth Circuit's decision in *Gordon*, on the grounds that *"Gordon* is not a case where the grand jury indicted on one predicate statute and the court substituted in a different one.  Rather, no predicate statute was alleged at all."  Objection at 7.  The Ninth Circuit, however, has permitted amendments of the indictment to fix minor or technical errors, even when the amendment relates to an element of the

offense charged. See United States v. Neill, 166 F.3d 943, 947 (9th Cir. 1999) (recognizing that amendment of the indictment to fix typographical errors is appropriate, even when the amendment related to an element of the offense charged, as long as the error did not mislead or prejudice the defendant). In this case, the Court finds that the Government's proposed amendment is akin to a typographical error in citation. Because the Court finds that defendants were neither misled nor prejudiced by the error, the Court concludes that amendment is permissible.

### IV.   CONCLUSION

For the foregoing reasons, the Government's Application is **GRANTED**. The Court signs the Government's Proposed Order Amending the First Superseding Indictment lodged with the Court on October 10, 2022 (Docket No. 701-1).