UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 20-326(A)-JFW**                                               Dated: January 3, 2023

================================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
|  |  | Susan S. Har |
|  |  | Asst. U.S. Attorney |
|  |  | Not Present |

================================================================================

U.S.A. vs (Dfts listed below) - **Not Present**          Attorneys for Defendants - **Not Present**

1. José Luis Huizar                                      1. Carel Ale, DFPD; Charles James Snyder, DFPD
2. Raymond She Wah Chan                                  2. Harland W Braun, Retained

_____

**PROCEEDINGS (IN CHAMBERS):**       **ORDER DENYING DEFENDANT JOSE LUIS HUIZAR'S MOTION TO SEVER JOSE HUIZAR AND RAYMOND CHAN'S TRIALS [filed 12/11/2022; Docket No. 856]**

On December 11, 2022, Defendant José Luis Huizar ("Huizar") filed a Motion to Sever Jose Huizar and Raymond Chan's Trials ("Motion to Sever"). On December 15, 2022, the Government filed its Opposition. Huizar did not file a Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 9, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On May 13, 2021, the Court set the deadline for any motion to sever for August 9, 2021. Order Setting Trial Dates (Docket No. 187) at 3. Codefendants Dae Yong Lee, 940 Hill, LLC, and Shen Zhen New World I, LLC (collectively, the "Developer Defendants") timely filed motions to sever. Neither Huizar or Raymond Chan moved to sever by the deadline. Ultimately, the Court granted the Developer Defendants' motions to sever and severed the case into three trials, with the Developer Defendants proceeding first in two separate trials, and Huizar and Chan to be tried jointly in the upcoming trial set for February 21, 2023.

Initials of Deputy Clerk   sr

Now, Huizar moves to sever less than three months before trial, claiming that he did not move to sever before the deadline because "[a]t that time, he was not aware of a basis for severance." Snyder Decl. (Docket No. 856-1) ¶ 2. Specifically, Huizar claims that he recently learned that counsel for co-defendant Raymond Chan, Harland Braun, intends to act as a "second prosecutor." *See* Braun Decl. (Docket No. 856-2) ¶ 4. In Mr. Braun's declaration in support of Huizar's Motion to Sever, Mr. Braun states:

> I have determined that my strategy in Mr. Chan's trial will include arguing that Jose Huizar is guilty and Mr. Chan is not guilty by comparing and contrasting their conduct as criminal and noncriminal, respectively. I intend to argue that Mr. Chan would not be in this case were it not for Mr. Huizar's criminal conduct, as Mr. Chan is merely an innocent bystander who got swept up as a narrative device in a misguided RICO theory. I intend to open, close, and cross-examine witnesses – including Mr. Huizar if he testifies – in ways that support this theory.

Braun Decl. (Docket No. 856-2) ¶ 3. In reliance on Mr. Braun's recent representations, Huizar argues that severance is appropriate because Chan's purported antagonistic defense strategy will prevent Huizar from receiving a fair trial.

## II.  LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) allows defendants to be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). As the Supreme Court stated in *Zafiro v. United States*, 506 U.S. 534 (1993):

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

506 U.S. at 537 (internal quotations and citations omitted).

Nevertheless, even when joinder is proper under Federal Rule of Criminal Procedure 8(b), Federal Rule of Criminal Procedure 14(a) recognizes that severance may be appropriate under certain circumstances. Indeed, pursuant to Rule 14(a), if the joinder of defendants "appears to prejudice a defendant," a court may "sever the defendants' trials or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 F.3d at 540. In *Zafiro*, the Supreme Court explained that:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. . . . The risk of prejudice will vary with the facts in each case . . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less

drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.

*Zafiro*, 506 U.S. at 539.

As relevant here, "mutually anagonistic" or "irreconcilable" defenses "may be so prejudicial in some circumstances as to mandate severance." *Zafiro*, 506 U.S. at 538. However, "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant . . . is insufficient to require severance." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *Id.* "Mere inconsistency in defense positions is insufficient to find codefendants' defenses antagonistic." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991); *see also United States v. Sherlock*, 962 F.2d 1349, 1363 (9th Cir. 1989) ("Antagonism between defenses is insufficient; the defenses must be so antagonistic to the point of being irreconcilable and mutually exclusive.").

Notably, "[m]utually antagonistic defenses are not prejudicial *per se*." *Zafiro*, 506 U.S. at 538. Indeed, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39. The burden for establishing prejudicial joinder is a "heavy one, and the district court's decision not to sever trials seldom will be disturbed." *United States v. Hernandez-Orellana*, 539 F.3d 994, 1002 (9th Cir. 2008).

### III.    DISCUSSION[1]

The Court concludes that Huizar has failed to meet his heavy burden of demonstrating prejudicial joinder.

As an initial matter, despite the fact that it is Huizar's burden of demonstrating prejudicial joinder, Huizar has failed to identify his defense strategy for the Court. Without any information regarding Huizar's planned defense strategy at trial, it is difficult, if not impossible, for the Court to conclude that Chan's defense is irreconcilable with Huizar's unknown defense.

In any event, the Court concludes that Braun's plan to "compar[e] and contrast[ ] [Huizar's and Chan's] conduct as criminal and noncriminal, respectively" and to paint Chan as an "innocent bystander" is not "so antagonistic to the point of being irreconcilable and mutually exclusive." *Sherlock*, 962 F.2d at 1363. Indeed, Chan's "innocent bystander" defense would not prevent the jury from finding that Huizar's conduct was also not criminal and that Huizar was also a victim of what the Defendant has labeled the Government's "misguided RICO theory." As the Government points out, even if the jury is persuaded by Chan's innocent bystander defense, Huizar could argue, and the jury could find, for example, that Huizar lacked the requisite corrupt intent or intent to defraud for the charged offenses, or that the alleged RICO conspiracy lacked the requisite

---

[1] Despite the untimeliness of Huizar's Motion to Sever, the Court will consider the Motion to Sever on the merits in light of co-defendant Chan's shifting theories of defense.

pattern of racketeering activity, or that the financial benefits were not provided in exchange for an official act. In other words, the jury could accept Chan's defense, while also finding Huizar not guilty on any number of theories.

The Court also concludes that Chan's plan of comparing and contrasting the evidence against Huizar and Chan, by itself, is not sufficient to warrant severance. This is a common defense strategy in multi-defendant trials and, without more, does not prevent the jury from making a reliable judgment about Huizar's guilt or innocence. *See, e.g., Runningeagle v. Ryan*, 686 F.3d 758, 776 (9th Cir. 2012) ("That [one defendant] highlighted the state's paucity of evidence as to his guilt by focusing on the physical evidence implicating [the other defendant] does nothing to change [the fact that the defenses were not in fact mutually antagonistic].").

Finally, to the extent that Braun pursues his stated strategy of acting as a "second prosecutor," the Court will provide appropriate and timely limiting instructions to the jury to effectively eliminate the possibility of any prejudice arising from a joint trial. *See, e.g., Zafiro*, 506 U.S. at 539 ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."); *United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004), modified, 425 F.3d 1248 (9th Cir. 2005) ("We have repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial."); *Tootick*, 952 F.2d at 1085 ("The judge must actively supervise the trial and, if necessary, reiterate instructions in the wake of prejudicial events.").

## IV. CONCLUSION

For the foregoing reasons, Huizar's Motion to Sever is **DENIED**.

IT IS SO ORDERED.