Harland W. Braun, Esq. [CASBN 41842]
(Email: harland@braunlaw.com)
BRENDAN J. PRATT, Esq. [CASBN 341697]
(Email: brendan@braunlaw.com)
BRAUN & BRAUN LLP
10880 Wilshire Boulevard, Suite 1020
Los Angeles, California 90024
Telephone: (310) 277-4777
Facsimile: (310) 507-0232
Attorneys for Defendant
RAYMOND CHAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 2:20-CR-00326-JFW<br><br>**EX PARTE MOTION TO ALLOW DEFENDANT RAYMOND CHAN TO DISCUSS THE CASE WITH HIS SON JEREMY CHAN AND TO ALLOW JEREMY CHAN TO PARTICIPATE IN THE PREPARATION OF THE DEFENSE; DECLARATION OF HARLAND W. BRAUN** |

RAYMOND CHAN, through his attorneys HARLAND W. BRAUN and BRENDAN J. PRATT, hereby moves the court for an order allowing JEREMY CHAN to participate in the preparation of his father's case not including him as counsel during the trial and allowing Raymond Chan to contact defense witnesses only to allow him to schedule telephonic conferences with his attorneys or arrange for the witnesses to come to court to testify.

This motion is based on the attached Declaration of Harland W. Braun and Document No. 100, page 4, in the above-entitled matter.

///

Dated:  January 26, 2023

Respectfully submitted,

BRAUN & BRAUN LLP

By: _____
Harland W. Braun
Attorneys for Codefendant Raymond Chan

2.

EX PARTE MOTION TO ALLOW DEFENDANT RAYMOND CHAN TO DISCUSS THE CASE WITH HIS SON JEREMY CHAN AND TO ALLOW JEREMY CHAN TO PARTICIPATE IN THE PREPARATION OF THE DEFENSE

## DECLARATION OF HARLAND W. BRAUN

I, HARLAND W. BRAUN, declare as follows:

1. I am an attorney licensed to practice in the State of California and one of the attorneys for defendant Raymond Chan in the matter of the <u>United States v. Raymond Chan</u>, Case No. 2:20-CR-00326-JFW.

2. On December 25, 2022, the Government brought to my attention that Raymond Chan was under the following Order pursuant to his release: *Avoid all contact directly or indirectly (including by electronic means) with any person who is a known victim or witness to the subject investigation or prosecution, except Jeremy Chan (son) (no discussion with pending action).*

3. Document No. 100, page 1, shows that I appeared at Mr. Chan's arraignment, but I have no memory of the condition that he does not talk to his son about the case or that Raymond Chan may not electronically contact any witnesses. I believe that if I heard that Raymond Chan could not discuss the case with his son, I would have protested.

4. In any event, over two years later, after meetings with the Government prosecution team, which included Jeremy Chan, the prosecution brought to the attention of the court this restriction and stated that Raymond Chan may be in violation of the Order.

5. I am asking the court for permission to allow Raymond Chan to discuss the case with his son Jeremy Chan and for Jeremy Chan to participate in the preparation of his father's case and exhibits. As indicated in open court, Raymond Chan is <u>not</u> requesting that Jeremy Chan act as his counsel during the trial. Jeremy Chan will be a Government witness and will be subject to exclusion orders like any other witness.

6. Jeremy Chan is not only the natural son of Raymond Chan, but has been admitted on September 14, 2015, to the State Bar of California [State Bar No. 302977].

3.

During the last two years, no one from the prosecution has brought this matter to my attention, even though Jeremy Chan has actively participated in meetings with the Government and has attended many sessions of cases related to his father's case. Jeremy Chan is an expert in real estate law, entitlements, etc., and has been a valuable resource for me in preparing this case. Jeremy Chan is also an expert on the ethical rules that apply to his father, both as the head of the Department of Building & Safety and as Deputy Mayor. I have used Jeremy Chan extensively in the preparation of this case. His inability to discuss the case with me or his father or participate in the preparation of the case would require an unnecessary request for a continuance.

7. I have interviewed approximately fifteen (15) witnesses that could be called as defense witnesses. None of these witnesses had anything negative to say about Raymond Chan and uniformly spoke highly of his character. At the time these telephonic interviews were arranged by Raymond Chan, I had no memory of the restriction that he not contact any witnesses.

8. Therefore, to remove any doubt about Jeremy and Raymond Chan's participation in the defense of Raymond Chan, I am asking for an Order allowing Raymond Chan to talk to his son about the case, for Jeremy Chan to participate in the preparation of the defense and for Raymond Chan to contact witnesses only for the purpose of arranging a separate telephone interview with me or my co-counsel Brendan Pratt. I declare under penalty of perjury that the foregoing is true and correct and was executed this 26 day of January 2023, at Los Angeles, California.

Harland W. Braun
Attorney for Defendant Raymond Chan

4.