UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 20-326(A)-JFW**                                      Dated: January 31, 2023

=================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
| | | Susan S. Har |
| | | Brian R. Faerstein |
| | | Asst. U.S. Attorney |
| | | Not Present |

=================================================================
U.S.A. vs (Dfts listed below)              Attorneys for Defendants

2)   Raymond She Wah Chan                  2)   Harland W. Braun
     Not Present                                Brendan J. Pratt
                                                Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING EX PARTE MOTION TO ALLOW DEFENDANT RAYMOND CHAN TO DISCUSS THE CASE WITH HIS SON JEREMY CHAN AND TO ALLOW JEREMY CHAN TO PARTICIPATE IN THE PREPARATION OF THE DEFENSE**
**[filed 1/26/2023; Docket No. 919]**

On January 26, 2023, Defendant Raymond She Wah Chan ("Defendant") filed an Ex Parte Motion to Allow Defendant Raymond Chan to Discuss the Case with His Son Jeremy Chang and to Allow Jeremy Chan to Participate in the Preparation of the Defense ("Motion"). On January 30, 2023, the Government filed its Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

On November 12, 2020, Defendant was charged in the First Superseding Indictment ("FSI")

Initials of Deputy Clerk   sr

with RICO conspiracy, seven counts of honest services wire fraud, three counts of federal program bribery, and one count of making false statements to the FBI. Defendant made his initial appearance on December 1, 2020, and was released on a $150,000 appearance bond, with his wife as surety. Defendant's conditions of release included the following: "Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, except Jeremy Chan (son) (No discussion of pending action)." Docket No. 100. Defendant initialed all pages and signed the last page of the bond form. Defendant was represented during his initial appearance and arraignment by Harland Braun, who continues to represent Defendant.

During the status conference on January 25, 2023, Mr. Braun acknowledged that Defendant had failed to comply with his no-contact bond condition in the following two ways: (1) Defendant contacted witnesses allegedly to schedule interviews or conferences with his attorneys; and (2) Defendant has discussed the case with his son Jeremy Chan, who has actively participated in the preparation of his father's case for trial. Notably, Jeremy Chan, who is identified in the FSI as Relative 1, will likely be called by the Government as a percipient witness at trial. In addition to these undisputed violations of Defendant's no-contact bond condition, the Government also discovered that Defendant has been in contact with at least one other witness on the Government's witness list -- Yan Yan -- and that Defendant even sent a group text message to Yan Yan proclaiming his innocence.

In this Motion, Defendant now requests that the Court modify his conditions of release to allow Defendant to: (1) "contact defense witnesses only to allow him to schedule telephonic conferences with his attorneys or arrange for witnesses to come to court to testify," Motion at 1, and (2) discuss the case with his son Jeremy Chan. He also requests that Jeremy Chan be allowed to participate in the preparation of his case.

For the reasons stated in the Government's Opposition, Defendant's Motion is **DENIED**. The condition barring Defendant's contact with witnesses is a standard condition designed to ensure that a witness's testimony is not influenced by any such contact. The continued need for this prohibition in this case is clear, particularly in light of Defendant's text message to Yan Yan proclaiming his innocence. Moreover, there is simply no need for Defendant himself to contact witnesses for the purely administrative task of scheduling interviews or arranging for the witnesses to testify at trial. That task can easily be performed by Defendant's retained attorneys or the staff at Mr. Braun's law firm, Braun & Braun LLP.

With respect to Defendant's request to communicate with Jeremy Chan about the substance of this case, the Court also finds that such contact is unnecessary and fraught with the risk that Defendant will seek to influence or attempt to influence Jeremy Chan's testimony at trial, or that they will seek to align their trial testimony. That risk is even more heightened with respect to Jeremy Chan, who is not only a material witness but is also implicated in the underlying charged conduct with respect to the Luxe Hotel project bribery scheme.

Finally, given Jeremy Chan's direct involvement in the underlying charged conduct, the

Court rejects Defendant's request that Jeremy Chan be permitted to participate in the preparation of the defense. Such participation would present a risk of an actual conflict of interest regardless of whether Jeremy Chan serves as trial counsel or is part of the legal defense team that prepares the defense case for trial. Moreover, the Court agrees with the Government that if Jeremy Chan were permitted to be present during meetings with other potential witnesses, it would frustrate the intended purpose of, and violate the spirit of, Federal Rule of Evidence 615. Of course, this Order does not prohibit Jeremy Chan from meeting one-on-one with Mr. Braun and Mr. Pratt as a percipient witness.

For the foregoing reasons, Defendant's Motion is **DENIED**.[1]

---

[1] To the extent that Defendant suggests that he may need a continuance of the trial, the enforcement of Defendant's existing bond conditions does not appear to constitute good cause for such a continuance, especially given that Mr. Braun has had over two years to prepare this case for trial.

Initials of Deputy Clerk  sr