Defendant Chan's Appendix in Support of Joint Pretrial Exhibit Stipulation

Explanation of Chan's Objections

- **No Foundation** - Where we object to exhibits that Civetti is the sole witness for a lack of foundation, the ground is that Civetti has no personal knowledge for these matters (i.e., he is not a City employee, a custodian of records, etc.). However, there are times where we do not object for strategic reasons because we have a right to waive foundational objections to possibly shorten the trial. In those cases, we plan to cross-exam Civetti to demonstrate his lack of personal knowledge.

- **Irrelevant Exhibits** – There are many exhibits that are not related to Chan's case (i.e. Lee's Case, Carmel Partner's Case, Huizar and Andy Wang's Case).

  The issue of relevancy is ambiguous to Raymond Chan because of the presence of the **RICO** charge as Count I in the indictment. As Chan understands the ambit of a Rico charge, he is responsible for every person that is part of the criminal enterprise including all acts of these persons even if unknown to Mr. Chan and the statements of these unknown persons are also admissible against Mr. Chan. The presence or absence of a Rico charge therefore would be important to a determination of relevancy.

- **New Exhibits after Deadline** – We object to receiving exhibits after the court's January 20, 2023 deadline and, more particularly, on the eve of the deadline for our responses. There has to be a showing of good cause which is probably difficult in a two-year investigation in which the government twice rejected a request for a reverse proffer.

- **Missing Exhibits** – There are still missing exhibits (identified as N/A in the Exhibit List).

- **Inaccurate (English-spoken) Transcripts** - As it relates to the transcripts, there are a vast sum of translated transcripts that are grossly inaccurate, deliberately omit key context and content, and in some instances, do not reflect the durations identified in the exhibit list. Some transcripts do not accurately reflect the conversations. For example, a blatant and consistent omission across multiple transcripts is identifying a person's name, Hal, as unintelligible.

- **Inaccurate (Chinese/English-translated) Transcripts** – Most translated transcripts have interpretation errors that misrepresent the true content of the conversations. The investigation of Chan and the interrogation of Chan was based on inaccurate (possibly deliberate) mistranslations of the conversations. Chan deserves as part of his right to a jury trial an opportunity to demonstrate the government's egregious misrepresentation and manipulation of facts.

  **Offer of Proof**: The defense will file ex parte, if requested, transcripts demonstrating the inaccuracy of the government's transcripts. The government seeks to correct the

transcripts with the assistance of the defense and submit the transcripts to the jury as if they accurately reflect the FBI investigation. The defense has rejected the government's offer to assist and correct the investigation.

In the case of *United States v, Guan Li*, before Judge Michael Fitzgerald, the defendant was held for 9 months based on an FBI misinterpretation of Guan's responses. The government has ignored three letters from the defense asking why the Guan Li case was dismissed. The government of the PRC has not commented on the abuse of Guan Li probably because it rather prefers to protect a program which has over 300,000 Chinese students attending American universities.