Government's Appendix in Support of
Joint Pretrial Exhibit Stipulation

1

**GOVERNMENT'S APPENDIX**

The government provides the following information as additional support for its responses to defendant Raymond Chan's objections in the Joint Pretrial Exhibit Stipulation in light of defendant's written positions.

1. **FRE 901/Foundation** – Defendant objects that approximately 64 exhibits have "No Foundation" or "Civetti is not the Foundation."

These boilerplate objections are largely frivolous. Pursuant to Federal Rule of Evidence 901, FBI Special Agent Andrew Civetti is competent to authenticate and lay foundation for the exhibits defendant challenges because he has been the lead case agent throughout the federal investigation and can testify how each exhibit was obtained, including the source and manner of acquisition. These exhibits include responses to grand jury subpoenas, business records, public and government records and information, documents and information obtained during the execution of search warrants, extractions of data from digital devices, wiretap recordings, and other recordings of which Agent Civetti has personal knowledge. The Court has admitted such exhibits, with Agent Civetti laying foundation, in the prior two trials.

Additionally, rendering these objections ever more frivolous, as specifically indicated in the Joint Pretrial Exhibit Stipulation, many of the challenged exhibits are self-authenticating pursuant to Rules 902(4), 902(5), and 902(11). With respect to self-authenticating documents under Rule 902(11), the government provided notice to the defense on January 9, 2023 of its intent to admit exhibits pursuant to 902(11) and provided the pertinent custodian of

1    records declarations.  Defendant Chan never objected to that notice

2    nor indicated it was deficient in any way (and it is not).

3         **2.    Relevance (RICO)** – Defendant again offers only boilerplate

4    objections where he assets that approximately 233 exhibits are

5    "Irrelevant."

6         Pursuant to the Court's instruction on January 25, 2023,

7    defendant was required to provide a specific basis for any

8    evidentiary objection.  (See 1/25/23 Hr'g Tr. at 9:24–10:14.)  When

9    defendant sent his exhibit objections, he additionally included a

10   document titled "Explanation of Chan's Objections," which purports to

11   provide specificity to his objections.  (See Def.'s App'x.)  However,

12   with respect to defendant's over 200 "irrelevant" objections, the

13   only explanation defendant provides is that the relevance of the

14   challenged exhibits is "ambiguous" based on the "presence or absence"

15   of the RICO charge.  (See id.)  Government counsel has specifically,

16   recently, and repeatedly advised defendant that it intends to present

17   the RICO charge (Count 1) against defendant at trial, including

18   during the January 25 status conference.  (See, e.g., 1/25/23 Hr'g

19   Tr. at 54:20-21 (Mr. Jenkins: "At this point we intend to go forward

20   on Count 1 with the RICO count.").)[1]

21        In light of the government's stated intention to proceed on the

22   RICO count, the exhibits defendant challenges with this boilerplate

23   _____

24        [1] Immediately before the government affirmed that it intended to
     proceed on the RICO conspiracy charge (Count One), defense counsel
25   conceded the relevance of virtually all the exhibits defendant now
     challenges as "irrelevant": "The only thing I would request of the
26   Government is they tell me if they're going to go on RICO.  As Your
     Honor knows, RICO makes a lot of things relevant that wouldn't be
27   relevant without RICO.  It means everyone that's involved with the
     enterprise, even if my client didn't know it, and every statement
28   they could make.  So we can simplify the exhibits, but that's up to
     them."  (See 1/25/23 Hr'g Tr. at 54:13-19.)

objection are relevant, because they relate to the CD-14 Enterprise's pattern of racketeering activity and common purpose, including soliciting and providing bribes to José Huizar, defendant Chan, and other public officials, maintaining power and establishing a City Council succession plan for Huizar's wife, and concealing the conspiracy and avoiding law enforcement.  The exhibits also show the corrupt and transactional relationships and activities of key entities and individuals involved in the CD-14 Enterprise's execution of the RICO conspiracy, which also will inform the jury as to motive for the referenced co-conspirators, as described in detail in the racketeering acts set forth in the First Superseding Indictment.  As the government has significantly narrowed its exhibit list following Huizar's guilty plea, a majority of the government's revised exhibits (including many of those defendant objects to through non-specific relevancy objections) pertain <u>directly</u> to defendant Chan and the LA Grand Hotel (Shen Zhen New World I) and Luxe Hotel (Hazens) bribery schemes in which he was integrally involved.

**3.** **<u>New Exhibits</u>** – Defendant objects to exhibits provided after "the court's January 20, 2023 deadline."

On January 17, 2023, Jose Huizar and the government filed their joint pretrial exhibit stipulation, which defendant's counsel did not sign and in which defendant Chan did not raise any independent objections.  On January 20, 2023, following Huizar's change of plea, the Court advised the government to revisit its exhibits and set a further status conference for January 25, 2023 to discuss how to proceed.  In advance of the status conference, on January 24, 2023, the government provided defendant with a revised, draft exhibit list. At the January 25 status conference, the Court set a new schedule for

1  certain pretrial deadlines, including ordering the parties to file a
2  new joint pretrial exhibit stipulation on February 3, 2023.

3      Since Huizar's change of plea, the government has done what the
4  Court advised it to do, and what is reasonably to be expected after a
5  two-defendant trial became a one-defendant trial: it has revised,
6  significantly narrowed, and finetuned its exhibits.  The government
7  has continued to streamline and retool its case in light of Huizar's
8  plea and to prepare for trial, including meeting with witnesses,
9  during which the government has identified additional relevant
10 exhibits relating to the now Chan-only trial.  This is particularly
11 because, for some of these witnesses, the government has never met
12 with them or has not met with in years.  Thus, since that point, the
13 trial presentation and necessary evidence has evolved, as is
14 typically the case in a complex corruption trial that once included
15 over 40 counts and 75 potential witnesses.[2]  By objecting to exhibits
16 added to the government's exhibit list after January 20, defendant
17 attempts to engage in the game of "gotcha" that the Court has
18 previously disapproved.  (See 12/16/22 Hr'g Tr. at 33.)

19     **4.  FRE 106/Rule of Completeness** – Defendant objects that
20 approximately 45 transcript exhibits are "incomplete," "omit"
21 portions or phrases, or "misrepresent" the context of recordings.

22     For each challenged exhibit, defendant largely relies on
23 boilerplate language that fails to identify (1) why or how the
24 exhibit is misleading; (2) any specific portion of the transcript
25 that is purportedly incomplete and misleading, and (3) what

---

27
28     [2] The government's most recent streamlining as reduced the
witness list now to approximately 23 witnesses (depending on
stipulations).

4

additional lines (or timestamps) he seeks to include to render the recorded statement not misleading.  Without this information, the government cannot meaningfully meet and confer with respect to any rule-of-completeness objection.  To the extent defendant suggests the entire recordings should be admitted, those additional statements would constitute classic, inadmissible and self-serving hearsay for which there is no exception.

5.   **Translation Objections** – Defendant raises boilerplate objections that the government's translated transcripts are inaccurate or incomplete.  At the January 25 status conference, the Court ordered, and defendant agreed, to provide objections to the government's transcripts and translations by February 1.  (1/25/2026 Hr'g Tr. 14:16-16:11.).  To date, however, defendant has failed to provide alternative translations to support his blanket objections on the basis that he "has rejected the government's offer to assist and correct the investigation."

As the government has repeatedly advised defendant's counsel (including after the January 25 hearing), the parties must follow the Court's instruction during the December 16, 2022 hearing to meaningfully meet and confer regarding the substance and accuracy of the translations.  (12/16/22 Hr'g Tr. at 36:17-37:2 (explaining that the government is to first provide the excerpts and translations "to jump-start the time-intensive process of meeting, conferring, and finalizing the excerpts and translations prior to trial").)  Should defendant have legitimate objections to the accuracy of the translations provided by the government, per the Court's order, defendant must identify the translation at issue and provide his alternative translation so that the government can then review the

1  proposed translation and attempt to reach an agreement on the

2  translation.  If the parties are unable to reach an agreement, they

3  can put on their respective experts, but this process, which was

4  followed by the parties in the Lee/940 Hill trial, contemplates that

5  defendant first provide his alternative translations prior to trial.

6  This morning, defendant's counsel advised the government for the

7  first time that defendant intended to provide "some" "alternative

8  translations" "early next week."  While this may allow the parties to

9  belatedly jump-start the meet and confer process as to those

10 exhibits, that process cannot proceed until defendant actually

11 provides all of his alternative translations.

12      **6.**   **<u>FRE 1006/Summary Charts</u>** – Defendant objects that

13 approximately eight of the government's summary charts are

14 "argumentative," "misstate facts," or "misleading."

15      Defendant's non-specific, boilerplate objections are

16 insufficient to allow the parties to meaningfully meet and confer, in

17 contravention of the Court's standing orders in this case and

18 specific guidance at the January 25 hearing.  Defendant has not

19 specified which aspects of the summary charts are argumentative or

20 misleading, or which facts are misstated.  The government's summary

21 charts should be admitted under Rule 1006.  They are a fair and

22 accurate summaries of voluminous underlying evidence produced in

23 discovery, which is itself be admissible and has been examined by a

24 qualified witness who created the summaries (FBI SA Civetti).  These

25 summary charts are admissible and would be helpful to the jury in

26 synthesizing the complex evidence presented at trial.  To the extent

27 defendant simply disagrees with the content of the chart, this goes

28 to the weight not admissibility of the charts; and he will be free to

6

explore any factual disputes through cross examination of SA Civetti or through provision of his own charts during his defense case, as has been the case in the prior two trials.