E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289/3819
    Facsimile: (213) 894-6436
    E-mail:  Mack.Jenkins@usdoj.gov
            Cassie.Palmer@usdoj.gov
            Susan.Har@usdoj.gov
            Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED VOIR DIRE |
| v. | Trial Date: February 21, 2023 |
| RAYMOND SHE WAH CHAN, | Trial Time: 8:30 A.M. |
| aka "She Wah Kwong," | Location: Courtroom of the Hon. John F. Walter |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files the Government's Proposed Voir Dire.

//

//

//

The government respectfully requests that the Court inquire of the entire jury venire the following questions relevant to the trial in the above-captioned matter.

Dated: February 9, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/ Mack E. Jenkins
MACK E. JENKINS
CASSIE D. PALMER
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S PROPOSED VOIR DIRE**[1]

**I. Prior Experience with Criminal Cases/Law Enforcement**

1. Have you, or has anyone close to you, ever been involved in a criminal case either as a victim, arrestee, defendant, or witness? If yes, please explain, including the name of the arresting agency, nature of offense, date, and result of the matter.

2. Have you, or has anyone close to you, ever had a negative experience involving any law enforcement entity? If yes, please explain, including the name of the agency, nature of offense, date, and result of the matter.

3. Have you, or has anyone close to you, ever been falsely accused of committing a crime? If yes, please describe the circumstances and whether you feel that experience would affect your ability to be a fair and impartial juror in this case.

4. Do you have any general feelings or beliefs about law enforcement officers that would prevent you from fairly assessing the credibility of law enforcement officers who may testify in this case?

5. Do you have any general feelings or beliefs about the criminal justice system that would prevent you from rendering a fair and impartial verdict in this case?

**II. Views on the Federal Bureau of Investigation**

6. This case involves a multi-year investigation led by the Federal Bureau of Investigation ("FBI"). Are you aware of, from any source, including news, social media, or friends, any recent negative

---

[1] These proposed questions are meant to supplement the Court's standard or preferred questions, so the government has not included typical background topics such as occupation, members of the household, prior jury trial service, knowledge of the case/defendant/ counsel/potential witnesses, and so on.

coverage or discussions regarding the FBI or otherwise questioning the integrity of FBI investigations?

    a. Will that coverage or those discussions affect your ability to fairly assess the credibility of FBI agents who may testify in this case or to render a fair and impartial verdict in this case?

    b. Will you be able to set aside anything you have read, seen, or heard about the FBI and evaluate each FBI witness, and this case generally, based only on your review of the evidence and law as I instruct you in this case, and not based on anything else?

7. Do you have any general feelings or beliefs about the FBI, the Department of Justice, the United States Attorney's Office, or any other federal law enforcement agency that would prevent you from fairly assessing the credibility of federal law enforcement officers who may testify in this case?

### III. Knowledge of This Case

8. Other than what you have heard here in open court today, are you aware from the news, social media, or any other source about any aspect of this case or the underlying investigation? If yes, please explain.

    a. Have you formed any opinion about this case based on what you may have read, seen, or heard? If yes, please explain.

### IV. Views on Law Enforcement Techniques & Cooperating Witnesses

9. The investigation in this case involved law enforcement's use of authorized techniques to investigate criminal activity, including the interception of phone calls via wiretaps, the

installation of recording devices in certain locations, and other covert recordings of meetings.

    a.   Do you believe for any reason that law enforcement should not be permitted to secretly record conversations with others as part of authorized criminal investigations?  If so, please explain.

    b.   Would the fact that such recordings were made during the course of the investigation affect in any way your ability to serve as a fair and impartial juror in this case?

10.   The investigation in this case also involved the use of a confidential informant (sometimes referred to as a "CI").  A CI is an individual who is not a law enforcement officer and who works with law enforcement, sometimes in order to obtain a benefit from law enforcement.

    a.   Do you have any objections to the use of CIs by law enforcement agencies including, for example, by making secret recordings, in connection with criminal investigations?  If yes, please explain.

    b.   Do you think it is improper for the government to provide CIs with benefits in the form of reduced or dismissed charges?  If yes, please explain.

    c.   If you have objections to the government's use of CIs, would that impair your ability to fairly assess a CI's testimony or render a fair and impartial verdict in this case?

11.   During trial, you may hear testimony from witnesses who have pleaded guilty to certain crimes and are cooperating with the government.

        a.   Do you have an opinion about whether it is improper for the government to offer a beneficial plea agreement to a witness who agrees to offer testimony against others? If yes, please explain.

        b.   If you have objections to the government's use of cooperating witnesses, would that impair your ability to fairly assess the cooperating witness's testimony or render a fair and impartial verdict in this case?

**V.   Views on Chinese Companies**

    This case involves allegations of bribery and related corruption regarding companies based in the United States that are subsidiaries of Chinese companies. Will anything about the fact that certain entities and events in this case involve Chinese companies affect your ability to serve as a fair and impartial juror in this case?

**VI.   Prior Experience with Elected Officials**

    The charges in this case relate to the alleged bribery of public officials.

    12.   Have you, or has anyone close to you, ever held elected office? If yes (<u>without</u> providing any political affiliation), please state what position, where, and when.

    13.   Have you, or has anyone close to you, ever worked for an elected official? If yes (<u>without</u> providing any political affiliation), please state what position, where, and when.

    14.   Would anything about that experience or relationship prevent you from giving either the government or the defendant a fair trial?

**VII. Prior Experience with Real Estate Development**

You will hear testimony in this case about real estate development in downtown Los Angeles and the City of Los Angeles' approval process for such development.

15. Do you have any experience or familiarity with real estate development?

16. Do you have any experience or familiarity with the approval process for large-scale real estate development projects, including through the City Council, the Planning and Land Use Management Committee, or the City Planning Commission?

**VIII. Circumstantial Evidence and Direct Evidence**

17. I will instruct you that evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence that is proof of one or more facts from which you can find another fact. Either direct or circumstantial evidence can be the basis of a criminal conviction if the government meets its burden of proof beyond a reasonable doubt. Will you be able to rely on circumstantial evidence and base your conviction upon it if the prosecution meets their burden of proof?

**IX. General Ability to Serve as a Juror in This Case**

18. If you are selected as a juror, you will be required to deliberate with 11 other jurors. This will require you to discuss the evidence and the law in this case with the other jurors.

    a. Is there anything that leads you to believe that you would be unable or unwilling to engage in such discussions?

        b.   Do you think it will be difficult to come to a consensus view of the evidence with 11 other people?

19. This case may require that you make a determination about the defendant's state of mind based on evidence of his words and conduct as well as the words and conduct of others. Is there any reason why you feel that you cannot or should not make such a determination?

20. The potential punishment for the offenses charged in the indictment, including any collateral consequences that may result from a conviction, are matters that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused. Will each of you be able to conduct your duties as jurors in this case without speculating about, or being influenced in any way by, whatever punishment may or may not be imposed, or any collateral consequences that may or may not result in this case?

21. There are some people who, for moral, ethical, religious, or other personal reasons, may find it difficult or uncomfortable to pass judgment on the conduct of others. Is there anyone who holds such beliefs, or who might be affected by such beliefs?

22. As a juror, I will instruct you that you are not to consider prejudice, pity, or sympathy towards any person or entity in deciding whether the defendant is guilty or not guilty. Is there anyone who will be unable to follow this instruction?

23. Would any of you refuse to follow any of the Court's instructions if you disagreed with those instructions for whatever reason?

6

24.  Is there anything about the charges in this case or the persons involved that make you unwilling or reluctant to serve as a juror?

25.  Is there anything that has not been discussed today that you feel would affect your ability to sit as a fair and impartial juror in this case?