E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289/3819
    Facsimile: (213) 894-6436
    E-mail:  Mack.Jenkins@usdoj.gov
              Cassie.Palmer@usdoj.gov
              Susan.Har@usdoj.gov
              Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RAYMOND SHE WAH CHAN,<br>  aka "She Wah Kwong,"<br><br>        Defendant. | No. CR 20-326(A)-JFW-2<br><br><u>STATEMENT REGARDING GOVERNMENT'S PROPOSED VERDICT FORM AND JURY INSTRUCTIONS; EXHIBITS A-C</u><br><br>Trial Date:  February 21, 2023<br>Trial Time:  8:30 A.M.<br>Location:    Courtroom of the<br>                   Hon. John F. Walter |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby submits its Statement Regarding Govenrment's Proposed Verdict Form

and Jury Instructions, pursuant to the Court's Orders in this proceeding.  (CR 147 at ¶ 26; CR 441.)

Dated: February 13, 2023          Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney

                                         MACK E. JENKINS
                                         Assistant United States Attorney
                                         Chief, Criminal Division

                                         */s/ Cassie D. Palmer*
                                         CASSIE D. PALMER
                                         MACK E. JENKINS
                                         SUSAN S. HAR
                                         BRIAN R. FAERSTEIN
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**GOVERNMENT'S STATEMENT RE: GOVERNMENT'S PRPOSED**

**JURY INSTRUCTIONS AND VERDICT FORM**

The government has submitted the proposed verdict form and jury instructions on behalf of the government only, instead of as a joint filing, because defendant Raymond Chan's counsel has refused to engage in the meet and confer process mandated by the Court for these documents. Specifically, defendant's counsel has failed to provide any input, alternative instructions, or positions regarding the jury instructions and verdict form, notwithstanding the government's extensive efforts to engage with and meet and confer with defendant's counsel regarding these filings. At every turn, defendant's counsel has rebuffed the government's requests and efforts, even leveling disparaging language at government counsel in response. As such, the government has been forced to file these trial documents on behalf of itself only, as opposed to as a joint filing, contrary to this Court's Orders.

The government's efforts to comply with the Court's Trial Orders and jointly prepare the verdict form and jury instructions with the defense were as follows:

On Tuesday, February 7, 2023, following the status conference, the government met and conferred with the defendant and his counsel in person. During that meet and confer, government counsel explained in detail each of defendant's upcoming deadlines leading up to the February 21, 2023 trial. Among other things, government counsel explained that they would be providing jury instructions and the verdict form to defendant's counsel that same day and that the parties would need to meet and confer regarding those documents, including that defendant's counsel would need to provide any proposed

1  edits to and positions regarding the instructions and verdict form,
2  in order to meet the Court's joint filing deadline on February 13.
3  Defendant requested that government counsel detail these deadlines in
4  an email and send that email to both defendant and his counsel, which
5  the government did, in an effort to ensure compliance with the Court
6  deadlines.  (See Ex. A.)
7       On February 7, 2023, the government provided defendant its
8  proposed verdict form and jury instructions--both During Trial and
9  End of Trial--per the Court's Trial Order for this matter (Dkt. No.
10 441).  (See Ex. B at 3.)  In that same email, the government
11 requested any defense edits to these documents by Friday (February
12 10) at noon, explaining again that the joint filings regarding the
13 verdict form and jury instructions were due Monday (February 13).
14 (Id.)  The government did not receive any response from defendant's
15 counsel at the requested date and time, nor has the government
16 received any further response as of this filing.
17      On Friday morning (February 10), the government called
18 defendant's counsel to discuss the exhibit stipulation (and other
19 outstanding pretrial matters); the call did not route to a voicemail
20 and the government was unable to leave a voicemail.  The government
21 promptly followed up with an email requesting a call back.  (Ex. C at
22 2.)  Defendant's counsel declined to call the government back, but
23 belatedly provided its objections to certain exhibits via email.
24 (Id.)  Later that day, at 4:13 p.m., government counsel sent another
25 email to defendant's counsel: (1) reiterating that the joint filings
26 regarding he verdict form and jury instructions were due the
27 following Monday (February 13) at 4 p.m.; (2) explaining that the
28 government promptly required defendant's jury instructions and

2

proposed edits in order to review them, meet and confer with defendant's counsel over the weekend, propose any revisions to narrow or resolve the parties' disputes, and draft any positions on outstanding disputes; and (3) again requesting a phone call to discuss.  (Ex. B. at 2)  The government also noted that if defendant continued to fail to respond, the government would raise with the Court counsel's ongoing untimeliness and unwillingness to engage meaningfully in the meet and confer process as contemplated by the Court.  (Id.)  Again, defendant's counsel refused to meet and confer by phone, and instead sent an email at 4:52 p.m. stating: "Get back to you Sunday."  (Ex. B at 1.)  Defendant's counsel also claimed that he could "meet most of the deadlines" and admonished government counsel: "Do not be a cry baby and complain to the Judge about timelines[s]."  (Id.)

That was the last communication the government has received from defendant's counsel.  Defendant's counsel did not send the government any edits or positions regarding the verdict form or jury instructions on Sunday, February 12, as he previously stated he would.  As of the time that this filing was prepared at 3:15 p.m., defendant's counsel still has not provided any positions to the government or any explanation of whether any positions will be forthcoming.

Accordingly, the government submits that defendant has waived any objections to the verdict form and jury instructions.