# EXHIBIT C

**BRAUN & BRAUN LLP**
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024
TELEPHONE: (310) 277-4777
FACSIMILE: (310) 507-0232

September 30, 2021

Tracy L. Wilkison
Acting United States Attorney
312 North Spring Street
Los Angeles, CA 90012

   Re: *Anti-Chinese Bias: United States v. Huizar; No. CR 20-326 (A)-JFW*

Dear Ms. Wilkison:

  Within walking distance of your office, a mob killed 19 Chinese immigrants by shooting some and hanging others, including a 14-year-old child. Anti-Chinese prejudice is a tradition in California going back many years. For example, in People v. Hall, 4 Cal.399, the California Supreme Court ruled that a white man could not be convicted on the testimony of Chinese witnesses describing the Chinese:

   …[W]hose mendacity is proverbial; a race of people whom nature has marked as inferior, and who are incapable of progress or intellectual development beyond a certain point as their history has shown…whom and [us] nature has placed an impassable difference… (People v. Hall, p. 405)

  When I was a prosecutor, I purchased my home from deputy district attorney Robert Corn and his wife, a physician, Alma Corn. When Bob and Alma were married, they had to go to Las Vegas because their marriage was illegal in California: illegal because Alma was from Hawaii of Chinese descent.

  Recently your office prosecuted a client of mine, Guan Lei, who was an innocent visiting scholar at UCLA. I asked your office whether there was any evidence that my client was a spy or had any access to classified or sensitive information. Your office stated in writing that there was no such evidence, which eviscerated the prosecution of any moral purpose. Mr. Lei was held at MDC for over eight months and his fiancée was detained for many months as a material witness. Finally, obviously some adult in Washington overruled your pursuit of an entirely bogus prosecution.

  Guan Lei was set for trial on August 31, 2021, before Judge Fitzgerald. Without any notice to counsel, your office dismissed the case, as well as four other cases against innocent Chinese scholars who were being railroaded by our government. The depth of the prejudice against the Chinese was amply demonstrated by the conduct of your office incarcerating these totally innocent citizens of China. The internal report by the FBI, of which you have a copy, clearly demonstrates the total incompetence and racial prejudice involved in the multiple prosecutions of Chinese scholars in this country.

Chan.4-6

Exhibit C
001

Tracy L. Wilkison
Re: *United States v. Jose Luis Huizar; No. CR 20-326 (A)-JFW*
September 30, 2021
Page 2

     More recently, our country was embarrassed by the Justice Department's detention of Ms. Wanzhou Meng in Vancouver, who was jailed for almost three years on a warrant out of the Southern District of New York. Recognizing that Ms. Meng was being held as a hostage in a criminal case involving business transactions with Iran, the new administration released Ms. Meng who has now become a hero in the People's Republic of China. It is almost unbelievable that our government has such a lack of knowledge of China that it thought it could kidnap and incarcerate the daughter of a very successful businessman and bludgeon her into admitting some bogus charge.

     Similarly, Guan Lei was offered by our government that, if he would just plead to some charge, he could immediately go home. Apparently, our government does not understand that citizens of the People's Republic of China still have the moral character to stand up to false bogus charges and will not be intimidated by arbitrary incarceration.

     When I first investigated the possibility of criminal charges against former Deputy Mayor Raymond Chan, I realized that the Government's theory of a "quid pro quo" lacked any understanding of how the American political system functions. Any competent prosecutor who read United States v. McDonnell, 136 S.Ct 2355, would understand that the federal definition of bribery requires an *explicit* quid where a public official accepts something of value in exchange for a particular policy decision. The McDonnell case which narrows federal bribery to an explicit quid pro quo, was a 9/0 decision of the Supreme Court. Your prosecutors did not follow the McDonnell case and attempted so use a long incomprehensible indictment to charge a theory of "indirect" bribe which is totally inconsistent with the teaching of McDonnell.

     I twice requested a reverse proffer for Ray Chan because I wanted the Government to present whatever evidence it had for an explicit quid pro quo which might qualify under McConnell. Your deputies turned down my requests obviously because they could not articulate any reasonable prosecutable quid pro quo theory. ==I told Ray Chan at that time that there was no criminal case against him but that, if he were indicted, it would be because he was of Chinese descent and your office was trying to create the impression of a widespread Chinese conspiracy threatening Los Angeles.==

     ==Unfortunately, the discovery produced in the Chan case has proved my theory that your office is rife with virulent anti-Chinese bias.==

Chan.4-6

Exhibit C
002

Tracy L. Wilkison
Re: *United States v. Jose Luis Huizar; No. CR 20-326 (A)-JFW*
September 30, 2021
Page 3

    As you may know, people of Chinese descent may have difficulty distinguishing between the letter "l" and the letter "r." Therefore, there are numerous racist jokes about the Chinese in which confusing the word "lice" for the word "rice" mocks the Chinese as stupid. The people that joke about the difficulty of the Chinese distinguishing between an "l" and an "r" obviously have no knowledge of Mandarin because the confusion is based on the fact that Mandarin does not have the same distinction as the English language. Be that as it may, the proverbial anti-Chinese joke uses this distinction as the basis to make derogatory anti-Chinese comments.

    There is a movie called "Casino Royale" which obviously inspired the labels used by your office. But in the movie, "Lethal Weapon 4," the characters make a joke about the lack of a distinction between "r's" and "l's." Whatever the racial context of such jokes, it is inappropriate for your office to use this lack of a distinction as a joke and label the exhibits in the Ray Chan case "Casino Loyale," which is a derogatory parody of the Chinese difficulty speaking English.

    We have done a thorough search on the internet and find that this lack of a distinction between "r" and "l" has numerous attached messages which are anti-Chinese. Without getting into the merits of your ridiculous case against Ray Chan, there is no issue that it is improper for the United States Government to label exhibits in a public criminal case with a derogatory Chinese label. Please direct your deputies to re-label all exhibits changing them from "Casino Loyale" to a neutral designation which is not blatantly anti-Chinese.

    I hope that your office does this on its own within the next 10 days. If it fails to do so, Ray Chan will be forced to take the matter up with Judge Walter.

                                  Yours very truly,

                                  Harland W. Braun

HWB:js

Chan.4-6

Exhibit C
003