E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED JURY INSTRUCTIONS - DURING TRIAL |
| v. | |
| RAYMOND SHE WAH CHAN, aka "She Wah Kwong," | Trial Date: February 21, 2022<br>Trial Time: 8:30 A.M.<br>Location:  Courtroom of the Hon. John F. Walter |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby submit the Government's Proposed Jury Instructions – During Trial. The government respectfully reserves the right to supplement these jury instructions as needed.

Unless otherwise noted, the government has used the most recent version (as of March 2022) of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

The government is filing these proposed instructions on behalf of itself only because defendant Raymond Chan's counsel has failed to engage in the meet and confer process, as discussed in the Position Regarding Government's Proposed Verdict Form and Jury Instructions filed concurrently herewith.

Dated: February 13, 2023         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

 */s/ Cassie D. Palmer*
CASSIE D. PALMER
MACK E. JENKINS
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

**DURING TRIAL**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| **Instructions During Trial** | | | | |
| 1 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 1 |
| 2 | | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) | 2 |
| 3 | | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.) | 3 |
| 4 | | Transcript of Recording in Foreign Language | Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) (modified) | 4 |
| 5 | | Foreign Language Testimony | Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2022 ed.) (modified) | 5 |
| 6 | | Translation of Evidence in Foreign Language | Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) (modified) | 6 |
| 7 | | Evidence for Limited Purpose – Re: Ethics Code | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (modified) | 7 |
| 8 | | Evidence for Limited Purpose | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 | 8 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 9 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (modified) | 9 |

PROPOSED INSTRUCTION NO. 1

RE: CAUTIONARY INSTRUCTION

<u>At the End of Each Day of the Case</u>:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

<u>At the Beginning of Each Day of the Case</u>:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instruction]

1

PROPOSED INSTRUCTION NO. 2

RE: STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) [Stipulations of Fact]

2

PROPOSED INSTRUCTION NO. 3

RE: TRANSCRIPT OF RECORDING IN ENGLISH

You are about to hear a recording that has been received in evidence.  Please listen to it very carefully.  A transcript of the recording is being displayed on the screens in front of you to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the recording is played, the transcript will be removed from the screen.

Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.) [Transcript of Recording in English]

PROPOSED INSTRUCTION NO. 4

RE: TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

[For Exhibits _____]

You are about to hear evidence of recordings in the [Korean] [Mandarin Chinese] [Spanish] language. Transcripts of the recordings will be admitted into evidence, read aloud, and displayed to you during trial. The transcripts are English-language translations of the recordings.

Although some of you may know the [Korean] [Mandarin Chinese] [Spanish] language, it is important that all jurors consider the same evidence. The transcripts are the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English-language translations contained in the transcripts, the non-English words.

Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) [Transcript of Recording in Foreign Language] (modified to reflect facts of the case)

4

PROPOSED INSTRUCTION NO. 5

RE: TRANSLATIONS OF EVIDENCE IN FOREIGN LANGUAGE

[For Exhibits _____]

You are about to see evidience for which the original content was in the [Korean] [Chinese] language.  English-language translations have been provided.

Although some of you may know the [Korean] [Chinese] language, it is important that all jurors consider the same evidence.  The English-language translation is the evidence, not the foreign language that appears in the document.  Therefore, you must accept the English-language translation contained in the document and disregard any different meaning of the non-English words.

Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2022 ed.) [Transcript of Recording in Foreign Language] (modified to reflect documents as opposed to recordings in foreign language)

PROPOSED INSTRUCTION NO. 6

RE: FOREIGN LANGUAGE TESTIMONY

[IF APPLICABLE]

You are about to hear testimony of a witness who will be testifying in the Mandarin Chinese language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2022 ed.) [Foreign Language Testimony] (modified to reflect language)

PROPOSED INSTRUCTION NO. 7

RE: LIMITING INSTRUCTION RE: ETHICS EVIDENCE

[For Exhibits 5 and 6]

Exhibit 5 is the City of Los Angeles Code of Ethics. Exhibit 6 is a Revolving Door Brochure detailing the policy that applies to public officials in California. I instruct you that this evidence is admitted only for the limited purpose of establishing that the Code of Ethics and Revolving Door policy apply to public officials of the City of Los Angeles and, therefore, you must consider these exhibits only for that limited purpose and not for any other purpose. Exhibits 5 and 6 do not provide guidance as to any laws that are charged against the defendant in this case.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.) [Evidence for Limited Purpose] (modified to reflect facts of the case)

7

PROPOSED INSTRUCTION NO. 8

RE: LIMITING INSTRUCTION GENERALLY

[If Applicable]

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.) [Evidence for Limited Purpose]

8

PROPOSED INSTRUCTION NO. 9

RE: OPINION EVIDENCE, EXPERT WITNESS

[If Applicable]

You are about to hear testimony from _____ who will testify to opinions and the reasons for her opinions.  This opinion testimony is allowed because of the experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) [Opinion Evidence, Expert Witness] (modified to reflect facts of the case)

9