E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br>  aka "She Wah Kwong,"<br><br>Defendant. | No. CR 2:20-326(A)-JFW-2<br><br><u>JOINT STATEMENT RE: DISPUTED</u><br><u>TRANSCRIPTS PURSUANT TO FEDERAL</u><br><u>RULE OF EVIDENCE 106; EXHIBITS A-Q</u><br><br>Trial Date:  February 21, 2023<br>Trial Time:  8:00 AM<br>Location:    Courtroom of the<br>             Hon. of the Hon.<br>             John F. Walter |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant RAYMOND SHE WAH CHAN, by and through his counsel of record, Harland W. Braun and Brendan J. Pratt, hereby submit their Joint Statement

Regarding Disputed Transcripts pursuant to Federal Rule of Evidence 106, in accordance with the Court's Order"

> The joint statement shall: (1) identify and quote the portions of the excerpt or recording that Defendant contends are misleading or incomplete; (2) identify and quote the portions of the excerpt or recording that Defendant contends should in fairness be introduced under Federal Rule of Evidence 106; and (3) set forth the parties' respective positions. The parties shall attach a full transcript of the recording.[1]  The Government's proposed excerpts shall be highlighted in red and Defendant's counter-designations shall be highlighted in blue.
>
> The joint statement shall be filed on or before February 13, 2023.  Failure to provide counter-designations to the Government in accordance with this order will result in a waiver of Defendant's objections and/or argument that other portions of the recording should be admissible under Federal Rule of Evidence 106.

(Dkt. No. 930.)

---

[1] Note: Because it was cost and time prohibitive, the government does not have full transcriptions of each of the Chinese-language recordings.  However, the attached excerpts are complete enough to provide the parties and the Court the relevant context and meaning of the portions the government seeks to present.

2

As of the date of this filing at 3:50pm, defense counsel have not provided any of their insertions for the Joint Statement.

Dated: February 13, 2023          Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney

                                         /s/
                                         MACK E. JENKINS
                                         CASSIE D. PALMER
                                         SUSAN S. HAR
                                         BRIAN R. FAERSTEIN
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

Dated: February 13, 2023

                                         HARLAND W. BRAUN
                                         BRENDAN J. PRATT
                                         Attorneys for Defendant
                                         RAYMOND SHE WAH CHAN

**Table of Contents**

BACKGROUND..................................................1

GOVERNMENT'S POSITION.......................................3

I.   LAW ON THE RULE OF COMPLETENESS (FRE 106)..............3

II.  CHART OF CONTESTED EXHIBITS WITH GOVERNMENT POSITIONS..5

III. CONCLUSION............................................10

**TABLE OF EXHIBITS**

| Exhibit | Description | Cite |
|---|---|---|
| A | Government Trial Exhibit 186A-186E | 6 |
| B | Government Trial Exhibit 186H-186K | 6 |
| C | Government Trial Exhibit 191E | 6 |
| D | Government Trial Exhibit 191K | 6 |
| E | Government Trial Exhibit 191L | 7 |
| F | Government Trial Exhibit 192D | 7 |
| G | Government Trial Exhibit 192K | 7 |
| H | Government Trial Exhibit 192N | 8 |
| I | Government Trial Exhibit 750B | 8 |
| J | Government Trial Exhibit 750C | 8 |
| K | Government Trial Exhibit 840A | 8 |
| L | Government Trial Exhibit 841B | 8 |
| M | Government Trial Exhibit 842 | 9 |
| N | Government Trial Exhibit 844 | 9 |
| O | Government Trial Exhibit 845D | 9 |
| P | Government Trial Exhibit 847A | 9 |
| Q | Government Trial Exhibit 847C | 10 |

**BACKGROUND**

On January 18, 2023, the court ordered the parties to file a joint exhibit stipulation by February 1, 2023. (Dkt. 908.) In addition, the defense was ordered to provide the government all objections including any alternatives to mistranslations or additions to transcripts based on FRE 106. On February 1, 2023, the government filed the joint exhibit stipulation in which defense counsel offered only boilerplate objections to the translations and transcripts. At that time the defense had not provided any alternatives or identified specific issues. On February 7, 2023, the court expressed concern with the boilerplate objections, lack of specificity as to actual issues, along with boilerplate foundation and relevancy objections. During the hearing, defense counsel indicated they apparently had a stack of alternative translations and transcripts to provide the government. The court ordered the parties to meet and confer. The same day and immediately after that hearing, the parties met to discuss the exhibit objections including the mistranslations and transcripts. The defense provided the government a stack of documents that reflected their versions of only some of the outstanding items. The government reviewed the alternatives and accepted vastly <u>all</u> of the defense corrections to the purported mistranslations.

On February 9, 2023, the defense provided, what the government believes is the final set of translation and transcript alternatives. The very next day, on February 10, 2023, the government reviewed all of the alternative translations and transcripts the defense provided, again accepted nearly <u>all</u> of the alternative translations, and subsequently provided the defense responses to their rule of

completeness objections. In response to the objections, the government accepted some of the proposed additions, cut some of the exhibits all together, or provided a new version of the exhibit with the government's proposed excerpts in red and the defense's proposed additions in blue. The government indicated the portions newly accepted by the government from the defense proposed additions in purple. On February 11, 2023, the government provided all 24 disputed transcript excerpts with the color-coded designations to the defense. The government requested defense counsel provide their responses and their portion of the joint statement by Sunday, February 12, 2023, at noon, so that the government could formulate its response and compile the Joint Statement for filing. Defense counsel provided nothing in response to the government's latest request to timely prepare the instant document.[1]

At this time, with respect to translations, the government agreed to all of defendant's requested revisions, which <u>resolved all translation disputes</u>. As such, at this time, the parties do not anticipate that there will be dueling translations or experts at trial.

Per the Court's order, the portions of the transcripts the government seeks to admit are attached hereto highlighted in red and defendant's counter-designations are highlighted in blue. Where the parties reached an agreement to add a portion requested by defendant, that portion is identified in purple. The disputed transcripts are

---

[1] Per the Court's order, defendants' failure to provide counter-designations to the Government in accordance with the Court's order results in a waiver of defendant's objections and/or argument that other portions of the transcripts should be admissible under Federal Rule of Evidence 106. (Dkt. 930.)

attached hereto, as follows: 186A-186E (Ex. A); 186H-186K (Ex. B); 191E (Ex. C); 191K (Ex. D); 191L (Ex. E); 192D (Ex. F); 192K (Ex. G); 192N (Ex. H), 750B (Ex. I), 750C (Ex. J); 840A (Ex. K); 841B (Ex. L); 842 (Ex. M); 844 (Ex N); 845D (Ex. O); 847A (Ex. P); and 847C (Ex. Q). Where the defense requested additional lines that would merge two or more transcripts, the government included these transcripts in a single exhibit to facilitate the Court's review. Below the government includes in its position a table identifying its specific responses to each Rule of Completeness objection.

## GOVERNMENT'S POSITION

**I.  LAW ON THE RULE OF COMPLETENESS (FRE 106)**

The "rule of completeness" set forth in Federal Rule of Evidence 106 is applicable where one party seeks to introduce a misleadingly tailored snippet of a statement that creates a misleading impression by being taken out of context. Importantly, the rule of completeness does <u>not</u> compel admission of a defendant's statements merely because they support his theory of the defense.[2] See <u>United States v. Lewis</u>, 641 F.3d 773, 785 (7th Cir. 2011) (rejecting defendant's theory that Rule 106 required admission of additional portions of his post-arrest statement that showed "lack of connection" with gang). Rather, the Ninth Circuit applies the rule only to statements that are "misleading or taken out of context." See <u>United States v. Liera-Morales</u>, 759 F.3d 1105 (9th Cir. 2014); <u>United States v. Lopez</u>, 4

---

[2] While defendants are free to challenge the government's theory of this case, defense counsel cannot do so by placing defendant's self-serving prior statements before the jury without subjecting defendant to cross examination, which is precisely what the hearsay rule forbids. Fed. R. Evid. 801(c); <u>Williamson v. United States</u>, 512 U.S. 594, 599 (1994) ("[S]elf-exculpatory statements are exactly the ones which people are most likely to make even when they are false.").

3

F.4th 706, 715, 717 (9th Cir. 2021) ("the rule of completeness does not compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case"; additional portions of a recording "relevant when the opposing party distorts the meaning of the . . . recording by introducing misleading excerpts into evidence").

Thus, "it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996). So long as "the complete statement does not serve to correct a misleading impression in the edited statement that is created by taking something out of context," Rule 106 does not apply. United States v. Vallejos, 742 F.3d 902, 905 (9th Cir. 2014) (approving redaction of confession to remove details meant to "humanize" defendant by bringing out his character and personal history, which were irrelevant to his factual admissions regarding the commission of the crime).

Importantly, the rule of completeness cannot be used as an end-run around hearsay to admit "self-serving, exculpatory statements made by a party which are being sought for admission by that same party." United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996). This is precisely what defendant attempt to do here--admit (what they argue are) exculpatory statements that were made contemporaneously with inculpatory statements, rather than to correct another otherwise "misleadingly tailored snippet." Collicott, 92 F.3d at 983. This is no different than arguing that a defendant's false exculpatory statements during a custodial interview should be

4

admitted along with the confessions. This Court should reject this argument for the same reasons courts routinely sustain hearsay objections when defendants seek to admit their own out-of-court statements in other contexts.

## II. CHART OF CONTESTED EXHIBITS WITH GOVERNMENT POSITIONS

Defendant's proposed additions make clear he does not seek to add them because the government's evidence created a misleading impression or took matters out of context--but because the defense wants to present its own theory of the case through defendant's self-serving statements. See Lewis, 641 F.3d at 785 ("We don't believe [the agent's] testimony was confusing or misleading, nor do we believe the testimony [defendant] wished to pursue was explanatory of or relevant to the admitted testimony. Rather, what [defendant] wished to have admitted was merely explanatory of his theory of the case.").

Defendant's rule of completeness objections are thinly-veiled attempt to admit his self-serving hearsay statements meant to proffer his purported defense or attempt to bolster his character. See Lopez, 4 F.4th at 717 ("the rule of completeness does not compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case"); Collicott, 92 F.3d at 983 (same). On that point, many the exhibits appear to be irrelevant and inadmissible under Rules 401 and 403. See United States v. Espinoza-Baza, 647 F.3d 1182, 1188-91 (9th Cir. 2011) (holding district court properly excluded defendant's self-serving hearsay statements under Rule 403 because they had virtually no probative value and risked confusion of the issues).

5

The government specifically and briefly discusses each exhibit below.

| Exhibit | Description |
|---|---|
| **186A-186E (Ex. A)** | The excerpts are not misleading nor lack context. The defense proposed additions are redundant, unnecessary, and expand the scope of the evidence to the "Koreatown Investigation." These portions are unnecessary and confusing to the jury as they introduce another set of subjects from a related criminal investigation that is not the focus of the instant trial. |
| **186H-186K (Ex. B)** | The excerpts are not misleading nor lack context. The defense proposed additions are self-serving hearsay. |
| **191E (Ex. C)** | Excerpt describes defendant's involvement in fundraising for Huizar/Richelle Rios as part of their succession plan to keep a Huizar family member in power. The government does not allege any conduit contributions by defendant or suggest that defendant's fundraising activities in this specific instance violated Federal Election Crime Act ("FECA"). The excerpt is not misleading, and the defendant's additions are self-serving hearsay. |
| **191K (Ex. D)** | The defendant's additions are irrelevant to the proposed excerpt. Moreover, they are hearsay seeking to prove that Chairman Huang provided hundreds of thousands of benefits to Huizar because of their purported "genuine like[]" and "bond" and not as part of a bribery scheme, and that CHAN believes that claim. These assertions also lack credibility given the other evidence in the case and the jury's verdict in the Shen Zhen trial. |

6

| Exhibit | Description |
|---|---|
| **191L (Ex. E)** | The government agreed to add certain portions of the defendant's proposed additions; however, the outstanding additions are irrelevant to the context of the excerpt and provide unnecessary filler information.  The revised government excerpt is not misleading and includes the complete content within the excerpt itself.  This excerpt also attempts to again suggest that Chairman Huang provided hundreds of thousands of benefits to Huizar because of their purported genuine affinity and not as part of a bribery scheme, and that CHAN believes that claim.  These assertions also lack credibility given the other evidence in the case and the jury's verdict in the Shen Zhen trial. |
| **192D (Ex. F)** | The government's except is not misleading and accurately captures another instance of the defendant's persistent and false statements that defendant "wasn't part of it" referring to the $600,000 collateral provided to Huizar by Huang.  Defendant's proposed additions are self-serving hearsay (defendant claiming he advised Huizar/Huang against the Vegas trips because "the trip is wrong in my view") and change the topic from the $600,000 to the Vegas trips, which was not the topic being presented by the government here. |
| **192K (Ex. G)** | The excerpt includes the question specific to "*any issue* with the Downtown LA Hotel" in which the defendant unequivocally and immediately states "Never, never."  The additions the defendant seeks attempt to reframe the question because the defendant pivots to discussing a more narrower issue of the expansion project although the question asked was deliberately broadly related to "any issues" without any limitation. Defendant's attempt to omit facts from his answer by limiting his answer to a single issue is self serving and misleading |

7

| Exhibit | Description |
|---|---|
| **192N (Ex. H)** | Excerpt is not misleading and the defendant's additions are hearsay and change the topic of the excerpt from the $600,000 to the Vegas trips. In addition, defendant claims he told Huizar/Huang the Vegas trips needed to be "ethical" and that he "don't know what the mechanics are" of the $600,000 Huang payment to Huizar, all statements which are patently self-serving hearsay. |
| **750B (Ex. I)** | The excerpt is about defendant's plan to pay Ave Jacinto, that defendant plan to explain the arrangement to her, and that defendant knows her family needs money. None of that is misleading. The defense's additions are unnecessary, redundant, and self-serving hearsay. |
| **750C (Ex. J)** | The excerpt is about defendant's plan to pay Ave Jacinto and the specifics of the amount defendant thinks she should be paid. None of that is misleading. The defense's additions are unnecessary, redundant, and self-serving hearsay. |
| **840A (Ex. K)** | The excerpt is about defendant designing a plan to conceal payments to Shawn Kuk through payments his mom. The defendant's proposed additions are not continuous to the government's excerpt. It is unclear where these additions come from in the recording. Nonetheless, the government excerpt is not misleading and provides complete context. Defendant's proposed additions about Kuk "going to leave" and "Hal" do not affect the discussion of defendant's secret payment plan. |
| **841B (Ex. L)** | The excerpt is about defendant's trust of Kuk, his knowledge of Kuk's present need for money, and his plan to pay Kuk's mother. The excerpts are not misleading and provide complete context. The defense additions do not affect any of these subjects, and are irrelevant, redundant and self-serving hearsay. |

| Exhibit | Description |
|---|---|
| **842 (Ex. M)** | The excerpt is about defendant and Wang discussing how to conceal the payment to Kuk, including by using a shell company and Kuk's mother.  The proposed additions do not affect this subject and the government's excerpt is not misleading and provides complete context.  The defense proposed additions are irrelevant and confusing given they are about "Hal" and not Shawn Kuk as the excerpt discussed. |
| **844 (Ex. N)** | The excerpt is about defendant and Wang discussing how to conceal the payment to Kuk, including by using a shell company and Kuk's mother or brother, the terms of the Memorandum of Understanding ("MOU") with Kuk, and providing Kuk alcohol during their meeting.  The proposed additions do not affect these subjects and the government's excerpt is not misleading and provides complete context.  The defense additions are redundant, confusing, and self-serving hearsay. |
| **845D (Ex. O)** | The excerpt is about defendant discussing with Kuk how the MOU would earn Kuk money, how Kuk would get his money ("brother company"), and how the "money [will be set] aside" for Kuk to "find it later." The proposed additions do not affect these subjects and the government's excerpt is not misleading and provides complete context.  On the contrary, the defense additions are confusing, irrelevant, and not clear as to their relation to the designated excerpt. |
| **847A (Ex. P)** | The excerpt is about the agreement to keep Kuk's arrangement just between defendant, Kuk, and Wang and defendant strategizing with Kuk about the dinner/MOU.  The proposed additions do not affect these subjects and the government's excerpt is not misleading and provides complete context.  The defense additions are redundant, irrelevant, unnecessary, and self-serving hearsay. |

9

| Exhibit | Description |
|---|---|
| **847C (Ex. Q)** | The excerpt is about defendant wanting Wang to get the MOU ready for Kuk and a plan to get Kuk many more MOUs, along with a joke referencing how exactly Kuk could get his money for the MOUs. The proposed additions do not affect these subjects and the government's excerpt is not misleading and provides complete context. The defense additions are redundant, irrelevant, and hearsay. |

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court overrule defendant's outstanding and inchoate Rule of Completeness objections to the attached exhibits.