E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-2 |
| Plaintiff, | JOINT STATEMENT RE: OBJECTIONS TO POWERPOINT DISPLAYS DURING OPENING STATEMENTS; EXS. A-B |
| v. | |
| RAYMOND SHE WAH CHAN, aka "She Wah Kwong" | Trial Date: February 21, 2023<br>Trial Time: 8:00 A.M.<br>Location:   Courtroom of the Hon. John F. Walter |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant RAYMOND SHE WAH CHAN, by and through his counsel of record, Harland W. Braun and Brendan J. Pratt, hereby submit their Joint Statement

1  regarding Objections to PowerPoint Displays During Opening
2  Statements, pursuant to the Court's Order.  (See Dkt. No. 936.)
3       On February 14, 2023, the parties exchanged their respective
4  PowerPoint presentations.  Defendant's presentation consisted of 117
5  slides, filed concurrently herewith as Exhibit A.  During the final
6  status conference on February 15, defense counsel also provided the
7  Court with a copy of his slides.  On February 15, the government
8  advised the defense of its objections to defendant's slides;
9  solicited any defense objections to the government's slides, as well
10 as a written position for the filing; and invited a call to discuss.
11 On February 16 at noon--after the government had already prepared its
12 written position to defendant's slides--defense counsel sent via
13 email a subset of its original presentation (down to 42 slides),
14 filed concurrently herewith as Exhibit B.  Defense counsel indicated
15 he would now use the 42-slide deck; counsel did not indicate that it
16 had any objections to the government's slides.  The government again
17 solicited a written position by the defense to include in the joint
18 statement.  As of the time of this filing, the defense has not
19 responded or provided any written position.
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

In the absence of any defense objections to the government's slide and any written position by the defense, this filing consists of the government's written position objecting to defendant's slides and the two versions of the defense PowerPoint presentations.

Dated: February 16, 2023              Respectfully submitted,

                                             E. MARTIN ESTRADA
                                             United States Attorney

                                             /s/
                                             SUSAN S. HAR
                                             MACK E. JENKINS
                                             CASSIE D. PALMER
                                             BRIAN R. FAERSTEIN
                                             Assistant United States Attorneys

                                             Attorneys for Plaintiff
                                             UNITED STATES OF AMERICA

Dated: February 16, 2023              _____

                                             HARLAND W. BRAUN
                                             BRENDAN J. PRATT
                                             Attorneys for Defendant
                                             RAYMOND SHE WAH CHAN

**TABLE OF CONTENTS**

**Government's Position**

A.  Improper Legal Argument....................................2

B.  Other Improper Argument for Which There Is No Legal or Factual Basis..............................................4

C.  Inflammatory and Prejudicial Slides Under Rule 403........5

D.  Slides Referencing Inadmissible "Good Acts" and/or Designed to Engender Sympathy Prohibited under Rule 403.......................................................7

E.  Slides with No or Minimal Objections......................8

**TABLE OF EXHIBITS**

| Exhibit | Description | Cite |
|---|---|---|
| A | Defendant's 117 Opening Slides Provided 2/14/2023 | Pgs. 1-10 |
| B | Defendant's 42 Opening Slides Provided 2/16/2023 | Pgs. 1-2, 4-5, 8-10 |

ii

**GOVERNMENT'S POSITION**

An opening statement should reflect what the party expects the evidence will show. (Ninth Circuit Model Criminal Jury Instructions, No. 1.11); see also United States v. Hoelker, 765 F.2d 1422, 1426 (9th Cir. 1985) ("The prosecutor's remarks were a permissible preview of the charges and the evidence to be presented at trial."); Smith v. Clark, No. CV 08-8339-DDP DTB, 2010 WL 480968, at *16 (C.D. Cal. Feb. 2, 2010) ("The opening statement is intended to give the jury a roadmap or preview of the evidence that will be presented.").

On February 14, defense counsel provided 117 slides as his visual demonstratives for opening statement. (Ex. A.) As government counsel advised the defense, the government objects to the vast majority of these slides because they are not a preview of the expected evidence. Rather, they consist of improper legal argument; improper arguments for which there is no basis in fact or law; inflammatory and prejudicial claims; and "good acts" and other inadmissible evidence under Rule 403 and other rules of evidence.

On February 16--the same day of the deadline for filing this joint statement and after the government already prepared its written position--defense counsel belatedly provided a 42-slide subset of his original 117 slides, stating that he would use the 42 slides for opening statement. (See Ex. B.) Notwithstanding the late production of a revised slide deck removing some of the objectional slides, the government continues to have significant concerns that defense counsel will make improper legal arguments, prejudicial claims against the government, and cite inadmissible facts during opening

1

statement--all of which necessitate the filing of this position below.

### A. Improper Legal Argument

Defendant's opening slides repeatedly argue the law and what is more, those arguments often misstate the law.[1]

*First*, defendant's opening slides contain pure legal argument expressly citing McDonnell v. United States, 579 U.S. 550 (2016), and go so far as to purportedly summarize the case and its holding. (Ex. A at 44-47.) In addition to being improper legal argument for opening, the slides misstate the definition of an official act that this Court previously adopted and are contrary to the jury instructions that the government filed on February 13, 2023 (Dkt. No. 944 [Gov't Proposed Jury Instructions – End of Trial] at 42), and to which the defense has not specifically objected. (Ex. A at 46-47.) The slides misleadingly suggest that McDonnell's holding applies to the entire case and all of the charges, when the parties have already extensively litigated--and the Court has resolved--the non-applicability of "official acts" under McDonnell to the charges under 18 U.S.C. § 666. Nor does McDonnell apply to the RICO charge (except through one of the numerous alleged predicate offenses), or to the false statement charge against defendant.

*Second*, defendant's opening slides improperly argue the legal definition of aiding and abetting and, more problematically, again get the law wrong as they provide an incomplete definition of aiding

---

[1] Upon review, it appears that defendant's revised deck removes the slides with explicit references and misstatements of the law. (Compare Ex. A to Ex. B.) Nevertheless, the government flags these issues as potential points of concern for defense counsel's verbal statements during opening.

2

and abetting. (Ex. A at 22 ("When a Defendant (Chan) helped a person who has been charged with committing a crime (Huizar), the Defendant (Chan) has to know that a crime was involved.").) Again, such legal argument is improper for opening, and it is even more improper given the inaccurate statement of that law.

*Third*, defendant also improperly suggests that the wire fraud counts require defendant to have had direct personal involvement and specific knowledge of each of the predicate wires. (Ex. A at 25 (arguing Chan "never participated" in Huizar's bank wiring and was not on Zheng's emails); 40 (arguing that defendant was not on or copied on the email, was not mentioned in the documents, and had no knowledge about the email or matter); and 69 (arguing "[i]f these are wire frauds, then every worker who has received and is receiving a paycheck has violated wire fraud").) But as set forth in the government's unopposed jury instructions, a defendant need not have direct or specific knowledge regarding the predicate wire; it must only "have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme." (Dkt. No. 942 at 41.) This, again, illustrates the core problem revealed by defendant's slides: defendant's counsel intends to give an opening argument, not an opening statement.

*Finally*, defendant's opening slides problematically state that "Chan is innocent beyond a reasonable doubt!" (Ex. A at 3.) While such a burden-shifting argument is <u>favorable</u> to the government; the government nonetheless has a duty to ensure a fair trial for both sides. This defense slide inexplicably suggests that defendant has some burden to prove his innocence <u>and</u> that the standard of proof for

his innocence is "beyond a reasonable doubt." This is contrary to the law and the instructions that the Court will give, which will firmly and clearly state that "[t]he defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt." (Ninth Circuit Model Criminal Jury Instructions, No. 6.2; Dkt. No. 942 at 2 (same).)

### B. Other Improper Argument for Which There Is No Legal or Factual Basis

Almost all of defendant's opening slides are organized around the charged counts and the overt acts alleged in the FSI. (See generally, Ex. A at 19-113; **Ex. B at 6-42.**) Defendant purports to "summarize" the counts and the overt acts and then purports to "debunk" the counts and overt acts as "false allegations," "false counts," or "frivolous charges." (See, e.g., Ex. A at 19 (chart of alleged charges and "main" and "related" counts); 20 ("Briefly Debunk Count 22 and Related Counts 2, 3, and 4"); 24 (summarizing counts).) This is pure argument. Specifically, the slides argue the applicability of the purported evidence and comments on their significance (or lack thereof) on the charges in the case. Commenting on the quality of evidence in relation to the charges is the work of closing argument, after that evidence has actually been presented to the jury, and it is wholly improper for opening statement.

Defendant's slides also rely on inflammatory and argumentative claims that have no legal or factual basis and accordingly are plainly improper under Rules 401 and 403. Defendant repeatedly makes unsupported claims that the government applied "illegal tactics" and "picked and chose" information. (Ex. A at 2, 3, 109,

4

116.)  Despite failing to provide notice regarding an alleged "entrapment" defense, defendant's slides argue that there were "four entrapment attempts" in relation to defendant's indirect bribe payments to Shawn Kuk.[2]  (See id. at 103-07; **Ex. B at 40-42.**)  As explained in the government's trial brief, defendant should be precluded from referencing entrapment in any form, given his failure to make the requisite preliminary showing.  (Dkt. No. 943 at 9-11.)

Defendant also argues that the government "omitted the key contents" from his FBI interview and then poses the question "Who made False Statements, Chan or the Government?"  (Ex. A at 32; see also **Ex. B at 9-11.**)  Yet the government's exhibits include the portions of defendant's interview that defendant claims were "omitted," and the government currently intends to play those clips at trial.  (See Dkt. Nos. 946-4 at 2 (Ex. 191J-T including defendant's statement that "No the Francine lawsuit is, is quite open at that time), 946-5 at 2 (Ex. 191L-T including defendant's statements that "because none of the projects that he did, like remodeling, and stuff like that his hotel, really needs Jose help").)

### C.   Inflammatory and Prejudicial Slides Under Rule 403

Certain of defendant's slides are improper because they make inflammatory, prejudicial, and baseless accusations against the government.[3]  Defendant's slides accuse the government of prosecuting

---

[2] Making this improper argument further problematic, derivative entrapment is not a recognized defense.  United States v. Bonanno, 852 F.2d 434, 439 (9th Cir. 1988).

[3] Again, upon review, it appears that the revised deck removes slides with explicit references to the China Initiative, accusations against the government of Chinese bias, or a prosecution borne out of "sunk resources."  Nevertheless, the government flags these issues as potential points of concern for defense counsel's verbal statements during opening.

5

defendant based on "guilt by association," claiming that the government "[a]dd[ed] a Chinese and former Deputy Mayor" to the case that already involved "a Chinese (Wei Huang)," so that the government could "generate more interest in the case" and "greatly improve their reputation and look like heroes." (Ex. A at 114-115.) Defendant also dedicates a slide to the "Trump-era policy known as the China Initiative" and raises claims that, under this DOJ initiative that was entirely unrelated to the instant investigation, the FBI "made false statements to prosecutors to secure an indictment" against "innocent defendants." (Id. at 116.) The slide goes on to suggest that defendant (who is neither a Chinese national nor an academic) somehow fell under the totally unrelated DOJ initiative because he "fits the profile as a Chinese American who was well-known as a former Deputy Mayor." (Id.) The slide argues that by making Los Angeles "seem infiltrated by 'corrupt' Chinese like Chan and Huang, the DOJ and FBI could justify their efforts and use of illegal tactics." (Id.)

Any claim that the investigative team was racially biased or motivated is improper, false, and legally irrelevant.[4] References to the China Initiative (or Guan Lei) are similarly improper and should be prohibited. The government previously filed a motion in limine to

---

[4] So too are defendant's baseless claims that the government engaged in "illegal tactics." To the extent defendant believed any of the government's evidence was obtained in violation of the Fourth or Fifth Amendments, or contrary to any other constitutional or statutory provision, the appropriate time to raise any such challenge was over the last two years as part of the Court's pretrial litigation schedule. Defendant's accusations regarding purported "illegal tactics" are as inflammatory as they are unfounded, and defendant should be precluded from making such irrelevant and false representations to the jury during opening and the trial. Fed. R. Evid. 401, 403.

6

preclude the defense from making any reference to such baseless allegations.  (Dkt. No. 888.)  Defense counsel has represented that he would not raise such a claim (see id. at 1 ("We do not plan to put on a cultural defense nor do we think the government's motive is racist.")), and the Court further required defense counsel to submit an offer of proof 48 hours prior to any attempt to raise such a claim, which defense counsel has not done.  (1/20/23 Hr'g Tr. [Chan Hearing Post-Huizar Plea Tr.] at 4-5.)  None of these false and inflammatory accusations have any place at this trial.

Defendant relies on a slide that seemingly argues that he was charged because of the "[s]unk resources" that were expended in investigating him.  (Ex. A at 117.)  Defendant posits that the investigation "cost lots of tax dollars."  This slide is impermissible under Rule 403 and is included for no purpose other than to attempt to inflame the jury and encourage them to render a verdict based on considerations apart from the evidence and the law. It also invites the government to rebut this claim by putting on evidence of the overall success of the investigation, including the federal convictions of 10 other defendants, the millions of dollars paid in financial penalties, and lead defendant Jose Huizar's 42-page factual basis where he admits essentially each of the government's allegations.

**D. Slides Referencing Inadmissible "Good Acts" and/or Designed to Engender Sympathy Prohibited under Rule 403**

A number of defendant's opening slides are about his (1) personal and professional life; (2) his achievements as a City official; and (3) his purported character traits of being caring, helpful, generous, and ethical, along with specific "good acts"

7

examples, including that he helped get a client's child into school. (Ex. A. at 4-17, 51-52; see also **Ex. B at 1-5.**)  These are impermissible under Rules 401, 403, 404(a)(1), and 405(a).

Efforts to cast defendant as a "caring and helpful" and "generous" person; "happily married for 45 years"; who contributed to the economy of Los Angeles as a devoted public servant is clearly intended to evoke an emotional and sympathetic response in the jury separate and apart from the determination of his guilt or innocence. Federal Rules of Evidence 401 and 403 guard against such jury nullification tactics.

Although defendant's revised slides remove references to defendant's supposed "ethical" acts--like rejecting expensive gifts (Ex. A at 13-17)--the government maintains its concern that defense counsel will describe impermissible specific-acts evidence.  See Fed. R. Evid. 405(a).  As explained in the government's trial brief, while defendant may call witnesses to testify as to their opinion of defendant as law-abiding or truthful, or of his reputation for the same, specific "good acts" evidence is impermissible.  (Dkt. No. 943 at 24-26.)

**E.   Slides with No or Minimal Objections**

"An opening statement should be limited to a statement of facts which the [party] intends or in good faith expects to prove." Leonard v. United States, 277 F.2d 834, 841 (9th Cir. 1960) (emphasis added).  Based on defendant's witness and exhibit lists, and the defense's representations that defendant will testify, the government assumes defense counsel has a good faith basis to present the

8

evidence described below.[5] Accordingly, the government has no objection to the following slides:

- Slide describing the "time lapse" between Huizar's loan to settle the sexual harassment lawsuit and the L.A. Grand Hotel redevelopment, based on defendant's anticipated testimony that "the 1st time Chan heard from Huang about expanding the Hotel" was in April 2015 (Ex. A at 26; **Ex. B at 8**);
- Slides describing defendant's and George Chiang's relationship as sifu/tudi, dailo/seilo, and 50/50 partners, based on defendant's anticipated testimony (Ex. A at 51 and 53; **Ex. B at 17**);
- Slide describing gifts from George Chiang to Jeremy Chan and Jeremy Chan's help to Chiang, based on Jeremy Chan's anticipated testimony (Ex. A at 67; **Ex. B at 25**);
- Slides describing Deron Williams Jr.'s work product, based on defendant's anticipated testimony (Ex. A at 82-85; **Ex. B at 29-32**); and
- Slides describing Ave Jacinto's meetings and work product for Andy Wang, based on Ave Jacinto's anticipated testimony (Ex. A at 91-96; **Ex. B at 33-38**).

//
//

---

[5] Because defendant has largely failed to provide the required Jencks Act statements for many of its witnesses, the government cannot yet confirm what the defendant's witness will testify to. At the hearing on February 15, 2023, the Court stated it would require defendant to provide an offer of proof of the defense witness testimonies in order to ensure that the testimony does not violate the Rules of Evidence (including hearsay or improper character evidence) and that the witnesses' testimonies are not collectively cumulative.

9

The government has <u>minimal objections</u> to the following slides:

- Slides describing defendant's purported work with George Chiang from August to December 2017 and income in 2018 (Ex. A at 62-63, 65; **Ex. B at 21-22, 24**), with one objection to the reference that defendant "helped a client's kids to get into a school" on page 22 of Exhibit B, per Rules 401 and 403, based on defendant's anticipated testimony;
- Slide describing the timeline of Keller's meetings with Hazens team (Ex. A at 55; **Ex. B at 18**), with one objection to the reference to "OA 199," which is part of defendant's improper arguments regarding the allegations and is also confusing because the jury will not have seen an indictment identifying any overt acts; and
- Slide describing the CPC Approval timeline (Ex. A at 59; **Ex. B at 19**), based on defendant's anticipated testimony, with one objection to the reference to "OA 201 (for the same reason as above).

With the exception of the foregoing slides, subject to modifications to account for the government's objections, none of defendant's opening slides should be displayed, nor should the arguments contained therein be permitted during his opening statement.  After all, what is improper as a visual demonstrative is similarly improper as oral advocacy.  Accordingly, the Court should also preclude defense counsel from verbally making statements during opening that mirror or reflect the excluded slides from Exhibit A.

10