E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289/3819
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
              Cassie.Palmer@usdoj.gov
              Susan.Har@usdoj.gov
              Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL OFFER OF PROOF REGARDING POTENTIAL EXPERT TESTIMONY OF SEAN O'MALLEY AND NOTICE OF CUSTODIAN WITNESSES; EXHIBITS A-B |
| v. | |
| RAYMOND SHE WAH CHAN, aka "She Wah Kwong," | Trial Date: February 21, 2023 Trial Time: 8:30 A.M. Location:   Courtroom of the Hon. John F. Walter |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Mack E. Jenkins,

Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files

its Supplemental Offer of Proof Regarding Potential Expert Testimony

of Sean O'Malley and Notice of Custodian Witnesses.

The government has previously informed defense counsel that, in the event defendant does not stipulate to the interstate nexus of the wire communications charged in the honest services wire fraud counts in the First Superseding Indictment ("FSI"), the government would be required to call additional witnesses to testify to these jurisdictional facts.  The government reiterated this point during the final pretrial status conference held on February 15, 2023, after the defense had previously declined to enter any stipulations of fact with the government.  At that hearing, defense counsel indicated to the Court he did not intend to cross examine certain custodian witnesses.  Later the same day, the government sent the defense a streamlined proposed stipulation of fact only as to the interstate nexus of the charged wire communications in the FSI, to which the defense never responded.  (See Exhibit A hereto.)

As the defense has not accepted the government's proposed stipulation of fact on this jurisdictional issue, the government files this notice (1) to provide a supplemental offer of proof regarding the testimony of Sean O'Malley of the Federal Reserve Bank of New York, whom the government notices as a potential expert witness under Federal Rule of Criminal Procedure 16(a)(1)(G) in an abundance of caution; and (2) to provide notice of lay custodian witnesses from JP Morgan Chase Bank and Google LLC who will testify about the interstate nexus of additional wire communications charged in the FSI.

The government recognizes that the Court's scheduling orders in this case required expert offers of proof to be filed by February 7,

2023.[1]  (Dkt. Nos. 147, 441.)  The government targeted its resources to striving to reach agreement with the defense on an interstate nexus stipulation that would obviate the need for calling several additional witnesses at trial and which the government had successfully accomplished in the prior two trials in this matter. However, once the government determined that it would not be able to reach agreement with the defense on this issue, the government identified Mr. O'Malley as one of the witnesses it would be calling to prove the interstate travel of one of the wire communications charged in the FSI, specifically, the wire charged in Count Two.  The government provided notice to the defense about Mr. O'Malley's testimony on February 17, 2023.  (See Exhibit B hereto.)  As set forth in that notice, the government does not believe that Mr. O'Malley is necessarily an "expert" witness requiring such disclosure under Federal Rule of Criminal Procedure 16(a)(1)(G), but provided the notice letter in an abundance of caution.  This letter also noted the expected testimony of the lay custodian witnesses.  (Id.)[2]

The government's Supplemental Offer of Proof Regarding Potential Expert Testimony of Sean O'Malley and Notice of Custodian Witnesses is based upon the attached memorandum of points and authorities, the

//

//

//

---

[1] On February 7, 2023, the government filed an expert offer of proof for FBI Language Specialist Jason Wang when the parties believed there may be disputed issues with respect to the translation of Mandarin Chinese exhibits in this case.

[2] The government will provide the Court an updated witness list to account for the new jurisdictional/custodian witnesses.

files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 18, 2023          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney


                                  _____/s/_____
                                  BRIAN R. FAERSTEIN
                                  MACK E. JENKINS
                                  CASSIE D. PALMER
                                  SUSAN S. HAR
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**TABLE OF EXHIBITS**

| Exhibit | Description | Cite |
|---|---|---|
| A | 2/15/2023 Email from government counsel to defense counsel re: proposed stipulation | Intro p. 2 |
| B | 2/17/2023 Email and letter from government counsel to defense counsel re: witness disclosure | Intro p. 3; Memo p. 1, 2 |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Supplemental Expert Offer of Proof**

    **A.    Overview**

The government anticipates calling Sean O'Malley, Managing Director and Head of the Financial Intelligence & Investigations Unit within the Enforcement Division at the Federal Reserve Bank of New York ("NY Fed"), to testify regarding the interstate travel of the wire communication charged in Count Two of the FSI.

As noted in its disclosure letter to the defense, the government does not believe Mr. O'Malley will necessarily be providing testimony based on "scientific, technical, or other specialized knowledge" under Federal Rule of Evidence 702 such that the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G) apply to his testimony.  Nonetheless, because Mr. O'Malley will be relying in substantial part on his knowledge obtained from over twenty years of experience working at the NY Fed, and applying that knowledge to evidence in this case, the government has provided the defense with the notice required under Rule 16(a)(1)(G), as described further below.  (See Exhibit B.)

    **B.    Statement of Anticipated Opinion**

The government anticipates that Mr. O'Malley will testify about the Federal Reserve System, which, among other things, fosters payment and settlement-system safety and efficiency through services to the banking industry, including the facilitation of U.S.-dollar transactions and payments.  Mr. O'Malley will testify about the use and operation of the Fedwire Funds Service, which is operated by the Federal Reserve System and is used, among other things, to process wire transfers of payments between banking institutions, using

1

Fedwire Funds Service computer servers located in New Jersey and Texas.  Mr. O'Malley will testify about government Trial Exhibit Nos. 452 and 465, which evidence the wire communication charged in Count Two in the FSI, specifically, a wire transfer on or about September 23, 2014 of $570,000 from José Huizar's East West Bank account ending in 0407 to a Wells Fargo account ending in 7209.  Mr. O'Malley will testify that the Fedwire Funds Service was used to process the wire transfer described in the exhibits and that the wire transfer must have been routed through New Jersey and Texas.

### C.   Bases and Reasons

The bases and reasons for Mr. O'Malley's testimony are his training, experience, and knowledge regarding the Federal Reserve System, the Fedwire Funds Service, and certain information that identifies wire transfers as having been processed through the Fedwire Funds Service, arising out of his over 20 years of experience working at the NY Fed.  Mr. O'Malley's wealth of experience with the Federal Reserve System, the Fedwire Funds Service, and the processing of wire transfers of payments between banking institutions is set forth in detail in his "Biographical Summary" that is appended to the government's disclosure letter to the defense.  (See Exhibit B at 8.)

### D.   Qualifications and Prior Trial Testimony

Mr. O'Malley's qualifications also are set forth in more detail in the attached Biographical Summary.  Mr. O'Malley has not authored any publications within the previous 10 years.

As for Mr. O'Malley's prior testimony within the last four years, Mr. O'Malley has testified at trial in the following cases:

- United States v. Full Play Group SA, et al., No. CR 15-252 (S-3) (PKC) (E.D.N.Y.) – testimony on or about February 17, 2023;

- United States v. Celvin Freeman, No. 21-Cr.-88 (JSR) (S.D.N.Y.) – testimony on or about March 28, 2022;

- United States v. Valencia, et al., No. 5:18-cr-00600 (W.D. Tex.) – testimony on or about January 21, 2020; and

- United States v. Canada, et al., No. CR 19-029-RGK (C.D. Cal.) – testimony on or about November 15, 2019.

## II. Notice of Lay Custodian Witnesses

In addition, the government will be calling the following additional lay custodian witnesses to testify regarding the interstate travel of the other wire communications charged in the applicable honest services wire fraud counts in the FSI:

**Counts Twelve and Thirteen:**  The government anticipates that Bert Minter, Vice President - Transactions Manager III, at JP Morgan Chase Bank will testify that the wire communications charged in Counts Twelve and Thirteen of the FSI traveled between at least two states.  These wire communications arose out of and relate to check deposits from a Chase Bank account ending in 7753 to defendant's bank account at East West Bank ending in 9279, as reflected, among other things, in government Trial Exhibit Nos. 59B, 632, and 633.

**Counts Three, Four, Fourteen, and Fifteen:**  The government anticipates that Luke Morris, Custodian of Records at Google LLC's Legal Investigation Support group, will testify that the wire communications charged in Counts Three, Four, Fourteen, and Fifteen of the FSI traveled between at least two states.  These wire communications arose out of and relate to emails sent to or from "gmail.com" email addresses, as reflected, among other things, in government Trial Exhibit Nos. 125, 126, 356, and 359.

3