Exhibit A

Harland W. Braun, Esq. [CASBN 41842]
(Email: harland@braunlaw.com)
BRENDAN PRATT, Esq. [CASBN 341697]
(Email: brendan@braunlaw.com)
BRAUN & BRAUN LLP
10880 Wilshire Boulevard, Suite 1020
Los Angeles, California 90024
Telephone: (310) 277-4777 . Facsimile: (310) 507-0232
Attorneys for Defendant RAYMOND CHAN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 2:20-CR-00326-JFW<br><br>**PRELIMINARY COMMENTS ON PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS; COMMENT OF CITY ETHICS RULES** |

## INTRODUCTION

Before the Indictment, Raymond Chan requested a reverse proffer from the government. Chan could not understand how he was responsible for Las Vegas trips which he told Mr Wang and Mr. Heizer were ethically questionable. Chan could not understand how he was responsible for a loan in which he did not participate nor was responsible for a lawful PAC contribution which he stopped.

Chan's counsel explained that a reverse proffer would at least explain the prosecution's theory and allow the defense to present evidence prior to indictment, Despite two requests. the prosecution chose to rush ahead with an Indictment, which confirmed Chan's counsel's advice that the resulting Indictment was based on Chan's Chinese origins, as well as his position as Deputy Mayor of Los Angeles.

## McDonnell, Kelly, and RICO

Raymond Chan has received the government's proposed jury instruction and verdict forms which he believes demonstrate there are serious structural problems with the government's case.

The Supreme Court in *McDonnell v. United States*. 579 U.S. ____(2016) and *Kelly v. United States*, 590 U.S.____(2020)has made it clear that it is skeptical about the application of criminal law to the political process. No one can doubt that the sale of a public office in a quid pro quo agreement for something of value is a criminal violation, but as *McDonald* and *Kelly* have taught, it is very dangerous to apply criminal concepts to the political process.

In the proposed jury instructions and jury verdicts, the Government has attempted to apply a RICO theory designed for a criminal enterprise to the raising of political funds, as well as the building approval process in Los Angeles Undoubtedly in a political system based on contributions for which many donors expect special treatment, the line between legal and illegal conduct is murky. Yet the jury instructions and the jury verdicts require rules that they protect free expression and democratic political expression. Yet neither do in this case,

The prosecution of public officials for criminal conduct necessarily implicates the possibility of the chilling of free speech and the chilling of political activity. *McDonnell* has limited the definition of "official act" and *Kelly* has limited the definition of property fraud to eliminate incidental expenses. As Kelly concludes, "…every corrupt act by state or local officials is [not] a federal .crime."

Whatever the limits the Supreme Court has determined in *McDonald* and *Kelly,* the application of the incoherent RICO statute to state political conduct and fundraising is constitutionally dangerous. Where is the definition of "official act" and where is

Chan.8

2.

PRELIMINARY COMMENTS ON PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

normal conduct by a public official excluded? Where are incidental labor costs defined and excluded?

There is nothing in the jury instructions nor the verdict forms that protects free speech or legitimate political conduct. Raymond Chan thought it best to raise the issue of structural failure in the prosecution's case rather than litigate this during the trial by means of jury instructions and jury verdicts.

The definition of a racketeering enterprise contained in jury instructions 20 through 26 is incomprehensible to the average juror. The jury verdict forms list Jose Huizar as a named culprit and rarely mentions Raymond Chan. Perhaps the prosecution will develop some limitations during the trial but nothing to this date has indicated such wisdom. The continued presence of a RICO count in the indictment calls into questions every ruling on the admissibility of evidence—if the RICO count fail's every evidentiary ruling based on that count is called into question.

## CITY ETHICS RULES

Raymond Chan has been indicted by the Grand Jury for the alleged violation of federal law. He has no been inducted for a violation of City Ethics rules which he has carefully obeyed. The definition of the federal statutes will be provided by the Court. The opinions of anyone else including the FBI agent are irrelevant and should be excluded,

## CONCLUSION

Counsel hopes highlighting the problem inherent in applying the RICO statute to local political conduct will assist the Court in realizing the case is constitutionally flawed.

Dated:  February 13, 2023,        Respectfully submitted,

BRAUN & BRAUN LLP\

By: _____
Harland W. Braun

3.

Chan.8

PRELIMINARY COMMENTS ON PROPOSED JURY INSTRUCTIONS AND VERDICT FORM