1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS (Cal. Bar No. 242101)
   Assistant United States Attorney
3  Chief, Criminal Division
   CASSIE D. PALMER (Cal. Bar No. 268383)
4  SUSAN S. HAR (Cal. Bar No. 301924)
   BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
5  Assistant United States Attorneys
   Public Corruption & Civil Rights Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-2091/0363/3289/3819
8       Facsimile: (213) 894-6436
        E-mail:    Mack.Jenkins@usdoj.gov
9                  Cassie.Palmer@usdoj.gov
                   Susan.Har@usdoj.gov
10                 Brian.Faerstein@usdoj.gov

11 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
12
                     UNITED STATES DISTRICT COURT
13
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
14
   UNITED STATES OF AMERICA,        No. CR 2:20-326(A)-JFW-2
15
           Plaintiff,               GOVERNMENT'S POSITION AND
16                                  OBJECTIONS TO DEFENDANT'S PRE-
              v.                    TRIAL EXHIBIT LIST
17
   RAYMOND SHE WAH CHAN,
18   aka "She Wah Kwong,"
19         Defendant.
20
21      Plaintiff United States of America, by and through its counsel
22 of record, the United States Attorney for the Central District of
23 California and Assistant United States Attorneys Mack E. Jenkins,
24 Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files
25 its position and objections to defendant's pre-trial exhibit list.
26      The government's objection is based upon the below position, the
27 defendant's pre-trial exhibit list with the government's objections
28

attached hereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 3, 2023                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney


                                        _____/s/_____
                                        SUSAN S. HAR
                                        MACK E. JENKINS
                                        CASSIE D. PALMER
                                        BRIAN R. FAERSTEIN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

1

## GOVERNMENT'S POSITION

2    To facilitate the Court's review of the government's objections,
3    the government sets forth below an additional explanation of 12
4    categories of objections to the defense exhibits.

5    As an initial matter, defendant's exhibit list currently
6    identifies defendant as the "Witness" for virtually every single
7    exhibit and, oftentimes, identifies defendant as the sole
8    foundational witness.  For all such exhibits, the government reserves
9    the right to object during trial if defendant's testimony fails to
10   establish the necessary foundation for exhibits and communications
11   and for which he has no personal knowledge.  This includes, among
12   other things, various written communications (text messages/emails)
13   and recorded calls for which defendant is not a participant.  Should
14   defendant seek to testify about an exhibit for which he has no
15   foundation, the government may object to questions asking the
16   defendant to expound on or interpret that exhibit.

17   The government also notes that the descriptions on the
18   defendant's exhibit list for certain exhibits are incorrect.  The
19   government's objections are based on a review of the underlying
20   exhibit itself, not just its description on the list.

21   **Category 1: Indictment Is Not Evidence; Hearsay; 403.**

22   The government objects to Exhibit 2000, which is a copy of the
23   still under-seal unmasked First Superseding Indictment ("FSI").  The
24   government also objects to the defense-created exhibits that
25   reference or summarize (often incorrectly) the allegations in the
26   FSI, including various counts and overt acts; specifically, Exs.
27   2301, 2326, 2385, 2542, 2547-2553, 2617, 2671-2673, and 2783.

28

1    The FSI, and the allegations of the FSI, are not evidence.  The

2    jury has already been instructed (and will likely be instructed

3    again) that "the indictment is not evidence and does not prove

4    anything."  (<u>See</u> Ninth Circuit Model Criminal Jury Instructions No.

5    1.2; Dkt. No. 942 [Proposed Instruction No. 2] (same).)  Moreover,

6    just as the Court permitted in the Shen Zhen trial, the government

7    intends to prepare a Trial Indictment in this case for the jury's use

8    during deliberations, which will clearly state on each page that the

9    indictment is not evidence, consistent with the jury instructions.

10   Because the Trial Indictment will set forth the allegations in this

11   case, this will also obviate the need for these proffered defense

12   exhibits.

13       These exhibits are further inadmissible as hearsay (statements

14   of the defendant) and under Rule 403 because defendant's summary of

15   or references to the allegations of the FSI are unfairly prejudicial

16   as argumentative and would mislead and confuse the jury.

17   **<u>Category 2</u>: Defendant's Self-Serving Hearsay**

18       The government objects to the following exhibits, which contain

19   defendant's hearsay statements that he appears to be offering for

20   their truth and for which no exception applies: (1) defendant's

21   statements during his interviews with the FBI and defendant's

22   communications with other individuals (Exs. 2001, 2004, 2157, 2187,

23   2234, 2321-2325, 2704-2707, 2711, 2914, 2933-2934, 2958, 2962-2964,

24   2994, 3126); (2) defendant's remarks during a "Report to Industry"

25   presentation (Ex. 2015), and (3) defendant's statements and

26   additional written narration on Exhibits 2207, 2239, and 2650.

27       These exhibits are inadmissible because they contain the

28   defendant's out-of-court, self-serving hearsay that the defense seeks

                                    2

1  to admit for their truth.  While the government may admit defendant's
2  statements <u>against</u> defendant, defendant may not introduce his own
3  statements.  Fed. R. Evid. 801(d)(2) (statement is not hearsay if
4  offered against an opposing party).  Likewise, the government may
5  admit the statements of defendants' co-conspirators that are made in
6  furtherance of the scheme <u>against</u> defendant, but defendant may not
7  introduce the statements of his co-conspirators.  Fed. R. Evid.
8  801(d)(2)(E).

9      **<u>Category 3</u>: Improper Summary Charts/Timelines; Hearsay; 403**

10     The government objects to the following exhibits because they
11  are improper summary charts under Rule 1006, contain defendant's
12  hearsay being offered for their truth, and are unduly prejudicial and
13  argumentative under Rule 403: Exs. 2300, 2302-2305, 2327, 2328, 2385,
14  2543-2553, 2617, 2671-2673, 2783, 2904, 2913, 2966, 2981, 3004.

15     Each of these exhibits are defense-created timelines or
16  summaries that are littered with defendant's argumentative commentary
17  (<u>i.e.</u>, self-serving hearsay) on the evidence, which narrate the
18  purported defenses in this case.  They are not proper summary charts
19  that summarize voluminous and admissible information, as is required
20  under Rule 1006.  The exhibits also contain, and are based on,
21  inadmissible hearsay and resemble objectionable closing argument
22  slides.

23     Exhibits 2981 and 3004 are additionally objectionable because
24  they contain arguments about the "FBI and [Businessperson A] Failed
25  Entrapment Attempt" and that "[Businessperson A] entrapped Kuk."
26  Defendant has failed to make the requisite preliminary showing to
27  raise an entrapment defense (and there is no legal authority for a
28  derivative entrapment defense), and such unsubstantiated and

1    inflammatory language on an exhibit is both defendant's hearsay and
2    unduly prejudicial on a collateral issue (i.e., Kuk's legal
3    culpability).

4    **Category 4: Bud Ovrom Conspiracy Theory; Hearsay; 403**

5    The government objects to Exhibits 2199-2203, 2206, 2208-2210,
6    and 2303.  These exhibits relate to the largely irrelevant topic of
7    Bud Ovrom's qualifications to serve as the General Manager of LADBS
8    and contain inadmissible out-of-court statements by third parties
9    that defendant seeks to admit for their truth.  Some of the exhibits,
10   like Exhibit 2199 and 2200, cite to various portions of state and
11   local statutory codes and contain a detailed analysis of that Code as
12   it relates to Ovrom's certifications, which would be confusing for
13   the jury.

14   In addition to containing hearsay, these exhibits are
15   inadmissible because the prejudicial value is substantially
16   outweighed by any scant probative value.  These exhibits would open
17   the door to a sideshow and mini-trial about Bud Ovrom's
18   certifications to be the General Manager of LADBS prior to 2013,
19   which does not go to the facts of consequence in this case, and would
20   confuse the jury and waste time.  Mr. Ovrom has testified in this
21   matter and defendant had ample opportunity to impeach him or
22   otherwise challenge his qualifications; extrinsic evidence on this
23   issue that has marginal, if any, relevance would be a waste of time.

24   **Category 5: News Articles; Hearsay**

25   The government objects to Exhibits 2206, 2231, 2235, 2236, and
26   2377, which are all purported news articles containing inadmissible
27   hearsay.

28

4

**Category 6: Paramount; Relevance; Improper Character Evidence; Hearsay; 403**

The government objects to Exhibits 2006, 2439-2442, 2444, 2447-2449, 2510-2511, 2514, 2523, 2544, and 2545. These exhibits all pertain to the irrelevant topic of defendant's purported "good act" and work for a Synergy client in China, Edwin Wang. Defendant seemingly seeks to admit these exhibits to provide his narrative that he "saved" Edwin Wang from investing $8 million in a "scam" involving a licensing deal to open a Paramount Theme Park in China, and that further involved the suicide of the purported scammer.

The exhibits pertaining to this topic are irrelevant under Rule 401 and confusing, misleading to the jury, and a waste of time under Rule 403. It has no relevance to the charges, particularly since defendant contends that he <u>rejected</u> the purported $20,000 that Edwin Wang offered to him, and because the government is <u>not</u> advancing an allegation or argument that the $20,000 referenced in Exhibit 612B was a bribe or a payment as part of the charged scheme or conspiracy. Consistent with Agent Civetti's direct testimony, the relevance of Exhibit 612B is to show that defendant was "trying to use cash on everything."

Defendant also seems to introduce these exhibits to establish a prior "good act" of "saving" a client from a scam. Prior good-act evidence is inadmissible character evidence under Rules 404 and 405. These exhibits, which are largely emails or text messages, George Chiang's out-of-court statements, and defendant's commentary prepared for trial, are also inadmissible because they contain hearsay (statements admitted for their truth) for which there is no exception.

5

1      **Category 7: George Chiang's Hearsay**

2      The government objects to the following exhibits, which contain

3 the hearsay statements of George Chiang: Exs. 2006, 2370, 2419, 2426,

4 2428, 2457-2462, 2476, 3106, 3130, and 3131.

5      Defendant seeks to admit these statements for their truth;

6 because no exception applies, these exhibits should not be admitted.

7 Moreover, Mr. Chiang will testify at trial and defendant may be able

8 to raise certain of these topics during the cross-examination of his

9 testimony, provided the questions comply with the Rules of Evidence.

10 Otherwise, depending on Mr. Chiang's testimony, these exhibits may be

11 relevant for impeachment only.

12      **Category 8: Missing Translations**

13      The government objects to the following exhibits, which contain

14 the Chinese language and for which defendant has not provided a

15 translation: Exs. 2459, 2460, 2463-2466, 2469, 2470, 2947, and 3120.

16      **Category 9: Overinclusive Text Messages; Hearsay; 403**

17      The government objects to the current versions of Exs. 2425,

18 2477, 2486, 2487, 2489-2496, 2505, 2510, 2513, 2515-2517, 2519, 2525-

19 2527, 2530, 2531, 2664, 2669-2670, and 2700.  These exhibits contain

20 text messages based on phone extractions or from line sheets and are

21 overinclusive.  They may contain relevant messages to which the

22 government does not object, but they <u>additionally</u> contain irrelevant

23 messages from other participants or that relate to irrelevant topics.

24 The extraneous text messages should be redacted to avoid introducing

25 messages that are hearsay, confusing, and irrelevant to the jury.

26      **Category 10: Improper Entrapment; Hearsay; 403**

27      The government objects to the following exhibits, which consist

28 of communications between Businessperson A and Agent Civetti: Exs.

2701, 2721, 2924-2928, 2930, 2936, 2937, 2940-2943, 2948, 2950, 2951, 2954-2956, 2961, 2967, 2971, 2983, 2996, 2999, 3002, and 3138.  The government also objects to Exhibit 2929, which is an internal FBI memorandum requesting authorization from FBI Headquarters.

Defendant seemingly seeks to use the various communications between Businessperson A and Agent Civetti to improperly suggest to the jury that there was "entrapment."  Defendant has not made the requisite preliminary showing to raise an entrapment defense.  Some of these exhibits contain hearsay, and all of them are unduly prejudicial to the government, and confusing to the jury.  Moreover, Businessperson A and SA Civetti will testify at trial and defendant may be able to raise certain of these topics during the cross-examination of their testimony provided the questions comply with the Rules of Evidence.  Otherwise, depending on Businessperson A's and SA Civetti's testimony, these exhibits may be relevant for impeachment only.

**Category 11: English Transcript Is Not Evidence; Transcript Is Not Verbatim**

The government objects to the admission of English transcripts as exhibits.  The defense exhibit list currently contains exhibits where the "exhibit" is a partial transcript or a line sheet of an English recording, but there is no corresponding audio recording identified on the list or provided in the defense exhibits.  Those exhibits are: Exs. 2001, 2004, 2157, 2187, 2234, 2321, 2364, 2366, 2458, 2459, 2456, 2461, 2475, 2478, 2479, 2481, 2484, 2485, 2655, 2662, 2663, 2665, 2667-2668, 2700, 2715, 2720, 2725, 2757, 2758, 2763, 2768, 2771, 2775, 2905, 2909, 2910, 2912, 2914-2915, 2922, 2947, 2995, 3003, 3106, 3119, 3122, 3123, 3126, and 3129-3131.

As the jury was instructed, the audio recording for English-language recordings is the evidence to be admitted, while the English transcript is only a demonstrative aid for the jury and is not admitted as evidence.  See Ninth Circuit Model Criminal Jury Instructions, No. 2.6; (see also Dkt. No. 944 at 7 (jury instruction that "A transcript of the recording is being displayed on the screens in front of you to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.").)  Additionally, many of these transcripts contain mere summaries, rather than verbatim transcripts.  The government has raised these issues with the defense and requested the verbatim transcripts to correspond to the precise excerpt of the audio recording that defendant seeks to admit.  As of March 3, 2023, the government has not received the requested verbatim transcripts.

As of March 3, 2023, the government also has not received from the defense the excerpted audio clips, which should be the actual evidence, and that should correspond with the proposed transcripts.

**Category 12: Cross-Referenced Govt. Exhibits; Outdated Govt. Exhibits**

The government objects to the following defense versions of what are already government exhibits: Exs. 2212, 2417, 2454, 2915, 3101, and 3121.  The government also objects to the following defense versions of exhibits that are outdated or old government exhibits: Exs. 3100, 3107, 3108, 3116, 3117, 3132, 3133, and 3134.  As the government raised with the defense, and as the Court previously noted, defense exhibits that are duplicates or near-duplicates of the government exhibits should not be used.  Rather, the government

exhibits, many of which have been admitted, should be used to
minimize confusion to the jury and for a clear record.