E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND SHE WAH CHAN, <br>  aka "She Wah Kwong," <br><br> Defendant. | No. CR 2:20-326(A)-JFW-2 <br><br> MEMORANDUM IN SUPPORT OF GOVERNMENT'S SECOND REVISED PROPOSED JURY INSTRUCTIONS – END OF TRIAL, FIRST REVISED VERDICT FORM, AND EXHIBITS A (ADDITIONAL REVISED JURY INSTRUCTION NOS. 20, 21 & 23), B (REDLINE), C (REVISED VERDICT FORM, QUESTION TWO) & D (REDLINE) <br><br> Trial Date: February 21, 2023 <br> Trial Time: 8:30 A.M. <br> Location:   Courtroom of the <br>             Hon. John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins,

Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby submits its Memorandum in Support of the Government's Proposed Jury Instructions and Verdict Form, including the Second Revised Jury Instructions – End of Trial (CR 990), the First Revised Verdict Form (CR 988), and Exhibits A (Revised Jury Instruction Nos. 20, 21 & 23), B (Redline Comparing Second Revised Jury Instructions and Revised Jury Instruction Nos. 20, 21 & 23), C (Verdict Form, Revised Question Two Only), and D (Redline Comparing Question Two from First Revised Verdict Form and Exhibit C) attached hereto.  This memorandum is based upon the attached points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Specific Changes from Second Revised Jury Instructions

The government has further amended Jury Instruction No. 20 (RICO Conspiracy), in an effort to better harmonize the jury instructions and verdict form and further clarify the unanimity requirement.  In addition, as discussed below, the government has revised Instruction Nos. 21 (RICO Predicate – California Bribery) and 23 (RICO Predicate – Travel Act), in an effort to streamline trial and closing arguments.  Specifically, the government has removed one of the California bribery statutes as a predicate offense (that is, Bribery of Any Member of Legislative Body of the City of Los Angeles, in violation of California Penal Code § 85) because it is redundant of another statute that covers the same conduct (that is, Bribery of or by a Councilmember, in violation of Penal Code § 165).

Specific Changes from First Revised Verdict Form

The government has amended Question Two only (page three), in an effort to better harmonize the jury instructions and verdict form and

further clarify the unanimity requirement and how the jury may complete the verdict form.

The government respectfully reserves the right to supplement this memorandum and the proposed jury instructions and verdict form as needed.

Dated: March 8, 2023                    Respectfully submitted,

                                                                E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

     */s/ Cassie D. Palmer*
CASSIE D. PALMER
MACK E. JENKINS
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I. INTRODUCTION......................................................1

II. EXPLANATION OF AND LEGAL SUPPORT FOR ADDITIONAL
    INSTRUCTIONS AND REVISIONS......................................1

    A. Additional Proposed Instruction (Proposed Instruction
    No. 10 – Limiting Instruction Re: Los Angeles City
    Ethics Code and Campaign Finance Ordinances)..............1

    B. Conforming Proposed Instruction Nos. 15 and 16
    (Testimony of Witnesses Involving Special
    Circumstances) with Witnesses and Evidence at Trial.......2

    C. Removal of Expert Witness Instruction.....................2

    D. RICO Instruction (Proposed Instruction No. 20)............3

        1. First Element........................................3

        2. Second Element.......................................3

        3. Fourth Element.......................................3

        4. Definition of Enterprise.............................4

        5. Definition of Conduct or Participate in the
    Affairs of the CD-14 Enterprise......................4

        6. Types of Racketeering Activity.......................5

        7. Reformulation of California Bribery Statutes.........7

        8. Removal of Structuring as a Racketeering Activity....8

        9. Defendant's Knowledge of Racketeering Acts...........9

    E. Money Laundering Instruction (Proposed Instruction No.
    24).......................................................9

    F. Obstruction of Justice (Proposed Instruction No. 25)......9

    G. Honest Services Wire Fraud (Receipt Theory) (Proposed
    Instruction No. 27)......................................10

    H. Campaign Contributions (McCormick) Language
    (Instruction Nos. 28 and 32).............................10

    I. Typographical Error in Bribery Concerning Federal
    Programs Instruction – Aiding and Abetting (Proposed
    Instruction No. 32)......................................11

III. CONCLUSION....................................................11

**TABLE OF AUTHORITIES**

**Federal Cases**

McCormick v. United States,
  500 U.S. 257 (1991) ......................................... 10

United States v. Applins,
  637 F.3d 59 (2d Cir. 2011) ................................... 6

United States v. Carpenter,
  961 F.2d 824 (9th Cir. 1992) .............................. 10-11

United States v. Daly,
  243 F. App'x 302 (9th Cir. 2007) ............................. 2

United States v. Rodriguez,
  971 F.3d 1005 (9th Cir. 2020) .............................. 4, 6

United States v. Tsinnijinnie,
  91 F.3d 1285 (9th Cir. 1996) ............................... 1-2

**Federal Statutes**

31 U.S.C. § 5324 ................................................ 8

**State Cases**

People v. Guillory,
  178 Cal. App. 2d 854 (Ct. App. 1960) ......................... 8

People v. Longo,
  119 Cal. App. 2d 416 (1953) .................................. 8

People v. Megladdery,
  40 Cal. App. 2d 748 (1940) ................................. 7-8

People v. Posey,
  32 Cal. 4th 193 (2004) ....................................... 8

**State Statutes**

California Penal Code § 85 ...................................... 7
California Penal Code § 165 ..................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government submits this memorandum in support of its Second Revised Jury Instructions – End of Trial (CR 990), the First Revised Verdict Form (CR 988), and Exhibits A (Revised Jury Instruction Noss. 21, 22 & 23) and C (Revised Verdict Form, Question Two) attached hereto.[1]  The substantive revisions and reasons for those revisions are set forth below, where possible, in the order they appear in the jury instructions and verdict form.

**II.  EXPLANATION OF AND LEGAL SUPPORT FOR ADDITIONAL INSTRUCTIONS AND REVISIONS**

   **A.   Additional Proposed Instruction (Proposed Instruction No. 10 – Limiting Instruction Re: Los Angeles City Ethics Code and Campaign Finance Ordinances)**

During trial, the jury has heard testimony and seen evidence relating to the City of Los Angeles Code of Ethics and Los Angeles Campaign Finance Ordinances.  The Court read the limiting instruction proposed by the government during trial, which is Proposed Instruction No. 7 in the government's First Revised Proposed Jury Instructions – During Trial (CR 977 at page 7).  The government proposes that the Court also read the same limiting instruction at the end of the case to remind jurors: (1) that defendant is not charged with violations of the Code of Ethics or Campaign Finance Ordinances; and (2) how jurors should treat this evidence, that is, <u>only</u> for the limited purpose of establishing that the Code of Ethics and Campaign Finance Ordinances apply to public officials of the City

---

[1] The government is also filing concurrently herewith redlines comparing the prior versions of these instructions and special findings to the current versions as Exhibits B (jury instructions) and D (Question Two of the verdict form), to allow the Court to easily ascertain the specific revisions.

of Los Angeles and as to defendant's state of mind and intent. See United States v. Tsinnijinnie, 91 F.3d 1285, 1289 (9th Cir. 1996) (holding no error in admitting evidence for a limited purpose where "court gave limiting instructions to the jury after the [relevant] testimony . . . and at the end of the trial"); United States v. Daly, 243 F. App'x 302, 306 (9th Cir. 2007) (holding no error in admitting evidence for a limited purpose where, among other things, the court gave limiting instructions during trial and at the end of trial).

**B. Conforming Proposed Instruction Nos. 15 and 16 (Testimony of Witnesses Involving Special Circumstances) with Witnesses and Evidence at Trial**

The government has revised Proposed Instruction Nos. 15 and 16 to conform with the witnesses who have testified or will testify at trial and the testimony that has been elicited or the government expects to elicit. With respect to Instruction No. 15, the government removed Justin Kim because the government no longer intends to call Mr. Kim in its case-in-chief. With respect to Instruction No. 16, the government removed Ricky Zheng for the same reason. The government removed Yan Yan because evidence of her immunity letter was not elicited during her testimony, and thus including her in this instruction would likely confuse the jury. The government added Shawn Kuk to this instruction because the government intends to call him at trial and evidence relating to his immunity letter may be elicited either during direct or cross examination. If no such evidence is elicited, this instruction should not be given.

**C. Removal of Expert Witness Instruction**

The government removed the expert witness instruction because no expert testimony has been or will be given at trial.

### D. RICO Instruction (Proposed Instruction No. 20)

#### 1. First Element

The government combined into a single two-part element concepts it previously presented as two distinct elements (previously, the first and second elements). The government did so because the jury must find there was an agreement both that (i) the CD-14 Enterprise would exist and (ii) that a member or members of the CD-14 Enterprise would conduct or participate in the affairs of the CD-14 Enterprise through a pattern of racketeering activity. Previously, the government included the phrase "according to that agreement" as part of the "conduct or participate" element in an effort to tie the previous first two elements together, which the Court said it found confusing. The government removed this clause and instead combined the first two elements into a single two-part element focused on the nature of the agreement, which the government believes communicates more clearly that an agreement is required as to both the enterprise and the pattern of racketeering activity.

In addition, the Court correctly noted that "a member or members" must conduct or participate in the enterprise (versus the enterprise itself doing so), which the government has revised.

#### 2. Second Element

As to the now Second Element, the Court indicated that the language "defendant became a member of the agreement" was confusing. The government accordingly has revised that language to a more straightforward formulation: "defendant joined the agreement."

#### 3. Fourth Element

Element Four requires that defendant either "agreed" or "knew or contemplated" that one or more members of the conspiracy, not

necessarily the defendant, would commit at least two racketeering acts in furtherance of the conspiracy. The Court suggested the government research whether the requisite state of mind for this aspect of the conspiracy should be "knew or contemplated" (which the government had previously proposed) or "agreed" (which the Court suggested). After reviewing United States v. Rodriguez, 971 F.3d 1005, 1012 (9th Cir. 2020) and other authorities, including Ninth Circuit cases and jury instructions from other circuits, the government is now proposing the stronger formulation for the purposes of this case.[2] Specifically, the government has adopted "agreed" throughout the instructions, including replacing two additional references to "knew or contemplated" with "agreed" later in the same instruction.

### 4. Definition of Enterprise

The government removed the interstate commerce language from this definition because the interstate commerce requirement is a standalone element (new element number three) for which the definition of "interstate or foreign commerce" appears separately and later in the same instruction.

### 5. Definition of Conduct or Participate in the Affairs of the CD-14 Enterprise

Per the Court's suggestion, the government moved "directly or indirectly" before the list of verbs describing "conduct" and "participate" to clarify that "directly or indirectly" modifies all

---

[2] In adopting the stronger formulation in this case, the government is not conceding that "knew or contemplated" is insufficient or improper. Rather, the government is choosing to adopt the heightened standard here based upon the facts of this case and out of an abundance of caution.

the verbs that follow. The government deleted these adverbs from subsequent verbs in the list to avoid repetition.

### 6. Types of Racketeering Activity

#### a. *Special Verdict Form – Unanimity Regarding the Type or Types of Racketeering Activity*

The government has further modified Question Two of the First Revised Verdict Form, which sets forth special findings relating to the type or types of racketeering activity defendant agreed that a member or members of the enterprise would commit. (See Ex. C at 1.) The government has proposed these special findings because such findings could be helpful for the record, in the event of an appeal of this matter, in light of cases where courts overturned a RICO conspiracy conviction based upon insufficiency of one or more RICO predicates, where there was no record of the predicate or predicates the jury's verdict rested upon.

#### b. *Jury Instruction*

In the RICO Instruction's subsection defining "pattern of racketeering activity," the government added the following sentence to the end of the first paragraph: "The racketeering acts may be the same type of crime, so long as they are distinct acts," to clarify this important and legally sound point, which may not have otherwise been clear in the instructions as a whole.

In addition, concurrently with this filing, the government has proposed new language to the RICO conspiracy jury instruction (Exhibit A at 4) and for Question Two of the verdict form (Exhibit C at 1) relating to the unanimity requirement as to the type or types

5

of racketeering activity.[3]  The government did so because the Court previously suggested that Question Two of the Government's First Revised Proposed Verdict Form was confusing as written.  In an attempt to alleviate that confusion, the government proposes additional language to clarify that the jury must find unanimity as to the type or types of racketeering activity but not as to the specific acts (and that the two or more racketeering acts can be one type of activity, two types, or more than two types).  This explanatory language will be helpful to the jury and is supported by the law.  See United States v. Rodriguez, 971 F.3d 1005, 1012 (9th Cir. 2020) (approving RICO conspiracy instruction requiring unanimity as to type or types of racketeering activity); United States v. Applins, 637 F.3d 59, 60 (2d Cir. 2011) (for RICO conspiracy, jury must unanimously agree as to which type of predicate acts the defendants agreed to commit and not the specific predicate acts themselves); Third Circuit Model Criminal Jury Instruction No. 6.18.1962D (2021) (adopting nearly identical language to the government's proposed language).

---

[3] Specifically, in Exhibit A to this filing, the government proposes new language in Proposed Instruction No. 20, which is underlined in the following: "You must find that defendant agreed that one or more members of the conspiracy, not necessarily the defendant, would commit at least two racketeering acts in furtherance of the conspiracy.  You must all agree beyond a reasonable doubt as to which type or types of racketeering activity you find that the defendant agreed would be committed by one or more members of the conspiracy, for example, at least two acts of Honest Services Wire Fraud, or Bribery under California Law, or Extortion, or Interstate or Foreign Travel in Aid of Racketeering Enterprise, or Money Laundering, or Obstruction of Justice – Witness Tampering, or one of each, or any combination thereof.  You may consider the evidence presented of racketeering acts committed or agreed to be committed by any co-conspirator in furtherance of the enterprise's affairs to determine whether the defendant agreed that at least one member of the conspiracy would commit two or more racketeering acts."

Finally, in the revised instructions filed concurrently herewith as Exhibit A, the government has replaced references to "forms" of racketeering activity with "types" of racketeering activity for consistency and to harmonize the jury instructions and special verdict form. (See, e.g., Ex. A at 3.)

### 7. Reformulation of California Bribery Statutes

To streamline the case and closing arguments, in both Proposed Instruction Nos. 20 and 21 in the jury instructions submitted herewith (Ex. A at 9-13), the government has elected to remove one type of California bribery violation that it previously alleged and included in the instructions: Bribery of Any Member of Legislative Body of the City of Los Angeles, in violation of California Penal Code § 85. This provision would only apply to José Huizar, whose conduct is covered by a statute with nearly identical elements, that is, Giving or Offering a Bribe to a Councilmember of the City of Los Angeles, or Receiving or Agreeing to Receive a Bribe by Councilmember of the City of Los Angeles, in violation of California Penal Code § 165.

In addition, the government has reformulated slightly the elements of the two remaining California bribery statutes in an effort to simplify the instructions and harmonize them with the special verdict form.

Finally, the government added an additional clause to Instruction No. 21, which is underlined here: "The person who is offered the bribe does not need to have accepted the bribe, performed the requested act, or deliberately failed to perform a duty, or actually have had the authority or ability to perform the requested act." (Ex. A at 11.) This clause is a correct statement of law and

7

will be helpful to the jury, especially in light of the particular facts of this case. Specifically, defense counsel has suggested on cross examination that defendant did not have the authority or ability to perform certain acts in his official capacity that are the subject of the bribes here. As such, the jury should be instructed that a defendant having the actual authority or ability to perform the acts that are the subject of the bribe is not an element under California law. See People v. Megladdery, 40 Cal. App. 2d 748, 782 (1940), overruled on other grounds by People v. Simon, 25 Cal. 4th 1082 (2001), and disapproved of on other grounds by People v. Posey, 32 Cal. 4th 193 (2004) (holding that private secretary to governor could be held liable for soliciting bribe in exchange for offering to exercise influence on the governor to parole prisoner, though secretary, in fact, had no influence or power with respect to determining parole; "The fact the duty is not specifically conferred upon the officer by statute is immaterial."); People v. Guillory, 178 Cal. App. 2d 854, 858 (Ct. App. 1960) (bribery statute does not require that requested action was within actual authority so long as it fell within general scope of officer's duties and he purported to act in official capacity); People v. Longo, 119 Cal. App. 2d 416, 420 (1953) (holding it is not "a defense to a bribery charge that the defendant offered the bribe to influence an action which the officer in fact had the authority to take under the mistaken belief that he occupied a different official position from that which he in fact held").

        8.    Removal of Structuring as a Racketeering Activity

Based upon the evidence the government expects to have adduced during its case-in-chief at trial, the government has elected not to

include Structuring as a type of racketeering activity for the jury's consideration of the charges against defendant. Accordingly, the government has removed from the instructions and special verdict form all references to Structuring to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324, including references to the statute in the RICO conspiracy instruction, the predicate Structuring instruction itself, and the total number of types of racketeering activities (from seven to six).

        9.    <u>Defendant's Knowledge of Racketeering Acts</u>

The government has stricken the two references to "employed by" from this section because the government is proceeding on an association theory, not an employment theory.

    **E.**    **Money Laundering Instruction (Proposed Instruction No. 24)**

The government has removed the fourth element of its prior proposed instruction because it related to an attempted money laundering theory, which the government is not advancing here. Because the government is proceeding on a completed money laundering theory only, this attempt language is unnecessary and potentially confusing.

    **F.**    **Obstruction of Justice (Proposed Instruction No. 25)**

To reflect that the first obstruction instruction applies to obstruction of an official proceeding (and not to an investigation, which is a separate subsection), the government has replaced references to an "official investigation" with "official proceeding, that is, a grand jury investigation."

### G. Honest Services Wire Fraud (Receipt Theory) (Proposed Instruction No. 27)

The government has revised the bank account numbers in this instruction to reflect the actual account numbers associated with the check-initiated wire transactions charged in Counts 12 and 13 of the First Superseding Indictment (correcting the typographical errors reflected in the First Superseding Indictment, which mistakenly reference the check number of one of the checks as the account number for both checks). The government will be filing later this week an ex parte application to amend the First Superseding Indictment, which includes a request to revise this account number in accordance with the evidence.

### H. Campaign Contributions (McCormick) Language (Instruction Nos. 28 and 32)

Because the government has alleged a bribe relating to Hazens' $100,000 campaign contribution commitment to benefit Richelle Rios' campaign for the CD-14 seat, the government has proposed special language[4] relating to campaign contributions, in accordance with

---

[4] That instruction is as follows:

A public official soliciting, demanding, accepting, or agreeing to accept a campaign contribution does not, in itself, constitute a violation of law even though the donor has business pending before the official. However, if a public official solicits demands, accepts, or agrees to accept a campaign contribution in exchange for a specific requested exercise of official power, such a demand or acceptance does constitute a violation regardless of whether the payment is made in the form of a campaign contribution.

Similarly, an individual giving, offering, or agreeing to give a campaign contribution to a public official does not, in itself, constitute a violation of law even though the individual has business pending before the official. However, if an individual gives, offers, or agrees to give a campaign contribution to a public official in exchange for a specific requested exercise of official power, the giving of, the offering of, or the agreement to give such a contribution does constitute a violation regardless of whether the payment is made in the form of a campaign contribution.

*(footnote cont'd on next page)*

McCormick v. United States, 500 U.S. 257 (1991). The Ninth Circuit has formulated a similar model instruction relating to campaign contributions under Hobbs Act Extortion Under Color of Law, which the government has modified to reflect both the briber and bribee roles present in this case. See Ninth Circuit Model Criminal Jury Instructions, No. 9.7 (2022 ed.) [Hobbs Act – Extortion Under Color of Official Right] (modified) (citing McCormick v. United States, 500 U.S. 257 (1991); United States v. Carpenter, 961 F.2d 824, 827 (9th Cir. 1992) (holding that McCormick is satisfied so long as the terms of the quid pro quo are "clear and unambiguous," and the understanding "need not be verbally explicit"; the "jury may consider both direct and circumstantial evidence, including the context in which a conversation took place, to determine if there was a meeting of the minds on a quid pro quo").

**I. Typographical Error in Bribery Concerning Federal Programs Instruction – Aiding and Abetting (Proposed Instruction No. 32)**

Under the "Shen Zhen / Hazens Bribery of José Huizar" section, the government noted that a portion of the third element was incorrectly presented from Jose Huizar's perspective instead of Hazens' perspective. That error now has been corrected.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court adopt the government's proposed jury instructions, as set forth in the Second Revised Jury Instructions – End of Trial (CR 990), as amended as to Proposed Instruction Nos. 20, 21 & 23 in

---

The agreement must be clear and unambiguous but need not be verbally expressed. In addition, the promise need not actually be carried out. It is sufficient if the promise to act is given in exchange for the campaign contribution.

11

Exhibit A, and the First Revised Verdict Form (CR 988), as amended as to Question Two in Exhibit C.