Exhibit A

PROPOSED INSTRUCTION NO. 20 RE:

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ("RICO")

CONSPIRACY

The defendant is charged in Count One of the indictment with conspiracy to conduct and participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity in violation of Title 18, United States Code, Section 1962(d). For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons that:

(a) an enterprise, namely, the Council District-14 ("CD-14") Enterprise, would exist, as alleged in the indictment; and

(b) a member or members of the CD-14 Enterprise would conduct or participate in the affairs of the CD-14 Enterprise, directly or indirectly, through a pattern of racketeering activity;

Second, defendant joined the agreement knowing of its purpose and personally agreeing and intending to help further or facilitate it;

Third, the CD-14 Enterprise would engage in, or its activities would affect, interstate or foreign commerce; and

Fourth, defendant agreed that one or more members of the conspiracy, not necessarily the defendant, would commit at least two racketeering acts in furtherance of the conspiracy.

Definition of "Enterprise"

An "enterprise" is a group of people associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, would have an ongoing organization, either formal or informal. In

summary, an enterprise must include the following elements: (1) a group of people associated for a common purpose of engaging in a course of conduct and (2) the association of these people was an ongoing formal or informal organization.

The members of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved. The government is not required to prove that the CD-14 Enterprise actually existed.

<u>Definition of "Conduct or Participate in the Affairs of the CD-14 Enterprise"</u>

A person "conducts" the affairs of an enterprise if that person, directly or indirectly, operates, manages, or directs the affairs of an enterprise. A person "participates" in the conduct of the affairs of an enterprise if that person, directly or indirectly, performs acts, functions, or duties that are involved or relate in some way in the operation or management of the enterprise.

<u>Definition of "Pattern of Racketeering Activity"</u>

A "pattern of racketeering activity" is established by the following: (1) at least two acts of racketeering were committed within a period of ten years of each other; (2) the acts of racketeering were related to each other, meaning there was a relationship between or among the acts of racketeering; and (3) the acts of racketeering amounted to or posed a threat of continued

criminal activity. With respected to (2), acts of racketeering are related if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics. Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity. Two racketeering acts may be sufficient, but are not necessarily sufficient, to establish a pattern of racketeering activity. The racketeering acts may be the same type of crime, so long as they are distinct acts.

The term "racketeering activity" as used in these instructions refers to certain crimes chargeable under provisions of federal and state law that are listed in the RICO Act. The government has alleged that a member or members of the CD-14 Enterprise would engage in the following six types of racketeering activity:

1. Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346;

2. Bribery in violation of California Law, including:

    (a) Giving or Offering a Bribe to a Ministerial Officer, Employee, or Appointee of the City of Los Angeles (or to someone acting on his behalf), in violation of California Penal Code § 67.5; and

    (b) Giving or Offering a Bribe to a Councilmember of the City of Los Angeles, or Receiving or Agreeing to Receive a Bribe by a Councilmember of the City of Los Angeles (or someone acting on his behalf), in violation of California Penal Code § 165;

3. Extortion, in violation of 18 U.S.C. § 1951;

4. Interstate or Foreign Travel in Aid of Racketeering

23

Enterprise, in violation of 18 U.S.C. § 1952;

    5.    Money Laundering, in violation of 18 U.S.C. § 1956; and

    6.    Obstruction of Justice and Witness Tampering, in violation of 18 U.S.C. § 1512.

With respect to honest services wire fraud, the government alleges that defendant committed, and aided and abetted others in committing, honest services wire fraud, as charged in Counts Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the indictment. The elements for these counts appear in later instructions. If you find the defendant guilty of at least two honest services wire fraud counts, you then must decide whether those counts formed a pattern of racketeering activity for purposes of Count One.

You must find that defendant agreed that one or more members of the conspiracy, not necessarily the defendant, would commit at least two racketeering acts in furtherance of the conspiracy. You must all agree beyond a reasonable doubt as to which type or types of racketeering activity you find that the defendant agreed would be committed by one or more members of the conspiracy, for example, at least two acts of Honest Services Wire Fraud, or Bribery under California Law, or Extortion, or Interstate or Foreign Travel in Aid of Racketeering Enterprise, or Money Laundering, or Obstruction of Justice – Witness Tampering, or one of each, or any combination thereof. You may consider the evidence presented of racketeering acts committed or agreed to be committed by any co-conspirator in furtherance of the enterprise's affairs to determine whether the

defendant agreed that at least one member of the conspiracy would commit two or more racketeering acts.

The government is not required to prove that defendant personally committed or agreed to personally commit any act or acts of racketeering activity.  Indeed, it is not necessary for you to find that the purpose of the conspiracy was achieved or that any racketeering acts were committed at all.  However, the evidence must establish that the defendant agreed to facilitate or further a scheme which, if completed, would include a pattern of racketeering activity committed by at least one other conspirator.

<u>Definition of "Interstate or Foreign Commerce"</u>

The government must prove that the CD-14 Enterprise would engage in, or its activities would affect, interstate or foreign commerce.  Interstate commerce includes the movement of goods, services, money, and individuals between states.  Foreign commerce includes the movement of goods, services, money, and individuals from one country to another.  These goods and services can be legal or illegal.  Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual.  It is not necessary to prove that the defendant personally engaged in interstate or foreign commerce or that defendant's own acts affected interstate or foreign commerce as long as the enterprise's acts would have had such effect.

This requirement is met if the enterprise or its activities would engage in or would involve: (1) use of interstate communication devices (<u>e.g.</u>, telephones, the Internet); (2) interstate or foreign transmission of money; or (3) interstate or foreign travel by members of the enterprise in furtherance of the

activities or interests of the enterprise.  The government is not required to prove that the enterprise actually engaged in, or its activities actually affected, interstate or foreign commerce. Rather, the government need only prove that defendant joined the conspiracy and that if the purpose of the conspiracy was achieved, the enterprise would be engaged in or its activities would affect interstate or foreign commerce.

<u>Defendant's Agreement Regarding Racketeering Acts</u>

The government must prove that defendant agreed that one or more members of the conspiracy, not necessarily the defendant, would commit at least two racketeering acts in furtherance of the conspiracy.

The government is not required to prove that defendant was actually associated with the CD-14 Enterprise, or that defendant agreed to be associated with the CD-14 Enterprise.  The defendant need not have personally participated in the operation or management of the CD-14 Enterprise or have agreed to personally participate in the operation or management of the CD-14 Enterprise.

18 U.S.C. §§ 1961(1), 1961(4), 1961(5) (defining enterprise, pattern of racketeering activity); 18 U.S.C. § 1962(d); Ninth Circuit Model Criminal Jury Instruction Nos. 18.9 [Racketeering Enterprise—Enterprise Affecting Interstate Commerce—Defined (18 U.S.C. § 1959)], 18.10 [Racketeering Activity—Defined (18 U.S.C. § 1959)], 18.11 [Racketeering Enterprise—Proof of Purpose (18 U.S.C. § 1959)], 18.14 [RICO—Pattern of Racketeering Activity (18 U.S.C. § 1961(5))], 18.18 [RICO—Conducting Affairs of Association-in-Fact (18 U.S.C. §

1962(c))]; Third Circuit Model Criminal Jury Instruction No. 6.18.1962D (2021); United States v. Applins, 637 F.3d 59, 60 (2d Cir. 2011) (for RICO conspiracy, jury must unanimously agree as to which type of predicate acts the defendants agreed to commit and not the specific predicate acts themselves); O'Malley, et al., Fed. Jury Prac. & Instr. § 56:11 (6th ed.) [RICO Conspiracy – Essential Elements of the Offense Charged]; Seventh Cir. Model Crim. Jury Instr. 1962(c) and (d) [RICO Conspiracy –– Conducting Affairs of Enterprise] (modified); Eighth Circuit Model Criminal Jury Instruction No. 6.18.1962B [RICO—CONSPIRACY - 18 U.S.C. § 1962(D)] (modified); see also United States v. Young, 720 F. App'x 846, 850 (9th Cir. Dec. 27, 2017) (unpublished); United States v. Atcheson, 94 F.3d 1237, 1242-44 (9th Cir. 1996) ("the jurisdictional requirement is satisfied 'by proof of a probable or potential impact'"); Salinas v. United States, 522 U.S. 52, 63 (1997) (Section 1962(d) does not require proof of an overt act, or commission of the substantive RICO offense, or that a defendant agreed to personally commit at least two acts of racketeering); United States v. Fernandez, 388 F.3d 1199, 1228-30 (9th Cir. 2004) (conspiracy offense under § 1962(d) is different from a substantive offense under § 1962(c), and thus does not require proof of the "conducting" element of a § 1962(c) offense; requiring activities of racketeering enterprise to have only "de minimis" effect on interstate commerce); United States v. Martinez, 657 F.3d 811, 816 (9th Cir. 2011) (holding that § 1962(d) did not require proof that a given defendant "managed or participated in the operations of [the enterprise]"); United States v. Shryock, 342 F. 3d 948, 984 (9th Cir. 2004) (jurisdictional element met by use of interstate communication

27

devices or the possession or use of firearms that have traveled in interstate or foreign commerce); United States v. Applins, 637 F.3d 59, 74-75 (2nd Cir. 2011) ("We accordingly conclude that Salinas counsels that the establishment of an enterprise is not an element of the RICO conspiracy offense"); United States v. Rodriguez, 971 F.3d 1005, 1012 (9th Cir. 2020) (approving RICO conspiracy instruction requiring unanimity as to type or types of racketeering activity); United States v. Baker, 63 F.3d 1478, 1491 (9th Cir. 1995) (conviction for RICO conspiracy does not require proof that defendants were aware that actions were illegal). Cf. Reves v. Ernst & Young, 507 U.S. 170, 179, 184 (1993).

PROPOSED INSTRUCTION NO. 21 RE:

RICO ACTS – BRIBERY OF CITY OFFICER, EMPLOYEE, OR APPOINTEE; CITY COUNCILMEMBER

[CAL. PENAL CODE §§ 67.5, 165]

For purposes of Count One, it is important that you understand how the various types of alleged "racketeering activity" are defined. Accordingly, I will now instruct you on the law defining the types of alleged racketeering activity alleged. As I previously explained, the first type of racketeering activity alleged in the indictment is honest services wire fraud, which is also charged in Counts Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the indictment and for which I will provide the elements later in these instructions.

The second type of racketeering activity alleged in the indictment is bribery under California law, namely: (1) the crime of giving or offering a bribe to a ministerial officer, employee, or appointee of the City of Los Angeles (the "City") (or to someone acting on his behalf), in violation of California Penal Code § 67.5; and (2) the crime of (a) giving or offering a bribe to a Councilmember of the City, or (b) receiving or agreeing to receive a bribe by a Councilmember of the City, in violation of California Penal Code § 165.

For an individual to be guilty of giving or offering a ministerial officer, employee, or appointee of the City in violation of California Penal Code § 67.5, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual gave or offered a bribe to a ministerial officer, employee, or appointee of the City; and

29

1 Second, the individual acted with the corrupt intent to
2 unlawfully influence the official act, decision, vote, opinion, or
3 proceeding of the person to whom the bribe was given or offered.
4 A ministerial officer is an officer who has a clear and
5 mandatory duty involving the performance of specific tasks without
6 the exercise of discretion.
7 For an individual to be guilty of the crime of (a) giving or
8 offering a bribe to a Councilmember of the City, or (b) receiving or
9 agreeing to receive a bribe by a Councilmember of the City, in
10 violation of California Penal Code § 165, the government must prove
11 each of the following elements beyond a reasonable doubt:
12 First, the individual (a) gave or offered a bribe to a
13 Councilmember of the City, or (b) was a Councilmember of the City
14 who asked for, received, or agreed to receive a bribe;
15 Second, the individual (a) acted with the corrupt intent to
16 unlawfully influence the official act, decision, vote, opinion, or
17 proceeding of the Councilmember to whom the bribe was given or
18 offered, or (b) acted with the corrupt intent, that is, asked for,
19 received, or agreed to receive a bribe based upon an understanding
20 that the Councilmember's opinion, judgment, or action upon any
21 official matter on which he may be required to act would be
22 influenced.
23 As used here, "bribe" means something of present or future
24 value or advantage valued over $950, or a promise to give such a
25 thing, that is given or offered with the corrupt intent to
26 unlawfully influence the public or official action, vote, decision,
27 or opinion of the person to whom the bribe is given or offered.
28

30

1    A person acts with corrupt intent when he or she acts to
2 wrongfully gain a financial or other advantage for himself, herself,
3 or someone else.
4    The official act, decision, vote, opinion, or proceeding the
5 individual sought to influence must have related to an existing
6 subject that could have been brought before the person to whom the
7 bribe was given in his or her official capacity.  It does not have
8 to relate to a duty specifically given by statute to the person to
9 whom the bribe was given.
10    Offering a bribe or requesting, receiving, or agreeing to
11 receive a bribe do not require specific words or behavior, as long
12 as the language used and the circumstances clearly show an intent to
13 bribe or that the person is seeking a bribe from someone else.
14    The thing offered does not need to actually be given or exist
15 at the time it is offered.  The thing agreed to be received does not
16 need to actually be received or exist at the time it is agreed to be
17 received.
18    The person who is offered the bribe does not need to have
19 accepted the bribe, performed the requested act, deliberately failed
20 to perform a duty, or actually have had the authority or ability to
21 perform the requested act.

Cal. Penal Code §§ 67.5, 165; Cal. Crim. Jur. §§ 2601-2603 (2022); People v. Diedrich, 31 Cal.3d 263, 272 (Cal. 1982) (affirming conviction for receipt of bribe under Cal. Penal Code § 165 and citing elements of offense); People v. Guillory, 178 Cal. App. 2d 854, 858 (Ct. App. 1960) (bribery statute does not require that requested action was within actual authority so long as it fell

31

within general scope of officer's duties and he purported to act in official capacity); People v. Longo, 119 Cal. App. 2d 416, 420 (1953) (holding it is not "a defense to a bribery charge that the defendant offered the bribe to influence an action which the officer in fact had the authority to take under the mistaken belief that he occupied a different official position from that which he in fact held.").

PROPOSED INSTRUCTION NO. 23 RE:

RICO ACTS – INTERSTATE OR FOREIGN TRAVEL IN AID OF RACKETEERING ENTERPRISE [18 U.S.C. § 1952]

I will now instruct you on the law defining the fourth type of racketeering activity alleged in the indictment, namely, interstate or foreign travel in aid of racketeering enterprise, in violation of Title 18, United States Code, Section 1952(a)(3). For an individual to be guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, an individual traveled, or caused another to travel, from one state to another, or from the United States to some place outside the United States;

Second, an individual did so with intent to promote, manage, establish, carry on, or facilitate an unlawful activity, including bribery in violation of California law, including California Penal Code sections 67.5 or 165; and

Third, an individual performed the charged act to promote, manage, establish, carry on, or facilitate bribery in violation of California Penal Code sections 67.5 or 165.

The government does not need to prove that the unlawful activity was the only or even primary reason the individual traveled.

Ninth Circuit Model Criminal Jury Instruction No. 18.1 [Travel Act— Interstate or Foreign Travel in Aid of Racketeering Enterprise (18 U.S.C. § 1952(a)(3))] (modified)