Exhibit B

1          PROPOSED INSTRUCTION NO. 20 RE:

2     RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ("RICO")

3                        CONSPIRACY

4          The defendant is charged in Count One of the indictment with

5     conspiracy to conduct and participate in the conduct of the affairs

6     of an enterprise through a pattern of racketeering activity in

7     violation of Title 18, United States Code, Section 1962(d).  For the

8     defendant to be found guilty of that charge, the government must

9     prove each of the following elements beyond a reasonable doubt:

10         First, there was an agreement between two or more persons that:

11         (a) an enterprise, namely, the Council District-14 ("CD-14")

12    Enterprise, would exist, as alleged in the indictment; and

13         (b) a member or members of the CD-14 Enterprise would conduct

14    or participate in the affairs of the CD-14 Enterprise, directly or

15    indirectly, through a pattern of racketeering activity;

16         Second, defendant joined the agreement knowing of its purpose

17    and personally agreeing and intending to help further or facilitate

18    it;

19         Third, the CD-14 Enterprise would engage in, or its activities

20    would affect, interstate or foreign commerce; and

21         Fourth, defendant agreed that one or more members of the

22    conspiracy, not necessarily the defendant, would commit at least two

23    racketeering acts in furtherance of the conspiracy.

24    Definition of "Enterprise"

25         An "enterprise" is a group of people associated together for a

26    common purpose of engaging in a course of conduct over a period of

27    time.  This group of people, in addition to having a common purpose,

28    would have an ongoing organization, either formal or informal.  In

**Exhibit B | Page 1 of 13**

1    summary, an enterprise must include the following elements: (1) a

2    group of people associated for a common purpose of engaging in a

3    course of conduct and (2) the association of these people was an

4    ongoing formal or informal organization.

5        The members of the enterprise, however, may change and need not

6    be associated with the enterprise for the entire period alleged in

7    the indictment.  This group of people does not have to be a legally

8    recognized entity, such as a partnership or corporation.  This group

9    may be organized for a legitimate and lawful purpose, or it may be

10   organized for an unlawful purpose.  The name of the organization

11   itself is not an element of the offense and does not have to be

12   proved.  The government is not required to prove that the CD-14

13   Enterprise actually existed.

14   Definition of "Conduct or Participate in the Affairs of the CD-14

15   Enterprise"

16       A person "conducts" the affairs of an enterprise if that

17   person, directly or indirectly, operates, manages, or directs the

18   affairs of an enterprise.  A person "participates" in the conduct of

19   the affairs of an enterprise if that person, directly or indirectly,

20   performs acts, functions, or duties that are involved or relate in

21   some way in the operation or management of the enterprise.

22   Definition of "Pattern of Racketeering Activity"

23       A "pattern of racketeering activity" is established by the

24   following: (1) at least two acts of racketeering were committed

25   within a period of ten years of each other; (2) the acts of

26   racketeering were related to each other, meaning there was a

27   relationship between or among the acts of racketeering; and (3) the

28   acts of racketeering amounted to or posed a threat of continued

**Exhibit B | Page 2 of 13**

criminal activity.  With respected to (2), acts of racketeering are related if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.  Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.  Two racketeering acts may be sufficient, but are not necessarily sufficient, to establish a pattern of racketeering activity.  The racketeering acts may be the same type of crime, so long as they are distinct acts.

The term "racketeering activity" as used in these instructions refers to certain crimes chargeable under provisions of federal and state law that are listed in the RICO Act.  The government has alleged that a member or members of the CD-14 Enterprise engaged would engage in the following six types of racketeering activity:

1.   Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346;

2.   Bribery in violation of California Law, including:

(a)  Giving or Offering a Bribe to a Ministerial Officer, Employee, or Appointee of the City of Los Angeles (or to someone acting on his behalf), in violation of California Penal Code § 67.5;  and

(b) Giving or Offering a Bribe to a Councilmember of the City of Los Angeles, or Receiving or Agreeing to Receive a Bribe by a Councilmember of the City of Los Angeles (or someone acting on his behalf), in violation of California Penal Code § 165;

3.   Extortion, in violation of 18 U.S.C. § 1951;

**Exhibit B | Page 3 of 13**

1       4.   Interstate or Foreign Travel in Aid of Racketeering

2    Enterprise, in violation of 18 U.S.C. § 1952;

3       5.   Money Laundering, in violation of 18 U.S.C. § 1956;

4    and

5       6.   Obstruction of Justice and Witness Tampering, in

6    violation of 18 U.S.C. § 1512.

7    , including honest services wire fraud.  With respect to honest

8    services wire fraud, the government alleges that defendant

9    committed, and aided and abetted others in committing, honest

10   services wire fraud, as charged in Counts Two, Three, Four, Twelve,

11   Thirteen, Fourteen, and Fifteen of the indictment.  The elements for

12   these counts appear in later instructions.  If you find the

13   defendant guilty of at least two honest services wire fraud counts,

14   you then must decide whether those counts formed a pattern of

15   racketeering activity for purposes of Count One.

16   In addition to honest services wire fraud, the government has

17   alleged the CD-14 Enterprise engaged in the following forms of

18   racketeering activity:

19       1.   Bribery in violation of California Law, including:

20            (a) Giving or Offering a Bribe to Any Ministerial

21   Officer, Employee, or Appointee of the City of Los Angeles (or

22   to someone acting on his behalf), in violation of California

23   Penal Code § 67.5;

24            (b) Giving or Offering a Bribe to Any Member of

25   Legislative Body of the City of Los Angeles (or to someone

26   acting on his behalf), in violation of California Penal Code

27   § 85;

28            (c) Giving or Offering a Bribe to any Councilmember

**Exhibit B | Page 4 of 13**

of the City of Los Angeles (or someone acting on his behalf),
or Receiving or Offering/Agreeing to Receive a Bribe by any
Councilmember of the City of Los Angeles (or someone acting on
his behalf), in violation of California Penal Code § 165;

2.1. Extortion, in violation of 18 U.S.C. § 1951;

3.1. Interstate or Foreign Travel in Aid of Racketeering
Enterprise, in violation of 18 U.S.C. § 1952;

4.1. Money Laundering, in violation of 18 U.S.C. § 1956;
and

5.1. Obstruction of Justice and Witness Tampering, in
violation of 18 U.S.C. § 1512.

You must find that defendant agreed that one or more members of
the conspiracy, not necessarily the defendant, would commit at least
two racketeering acts in furtherance of the conspiracy.  You must
all agree beyond a reasonable doubt as to which type or types of
racketeering activity you find that the defendant agreed would be
committed by one or more members of the conspiracy., for example, at
least two acts of Honest Services Wire Fraud, or Bribery under
California Law, or Extortion, or Interstate or Foreign Travel in Aid
of Racketeering Enterprise, or Money Laundering, or Obstruction of
Justice – Witness Tampering, or one of each, or any combination
thereof.  You may consider the evidence presented of racketeering
acts committed or agreed to be committed by any co-conspirator in
furtherance of the enterprise's affairs to determine whether the
defendant agreed that at least one member of the conspiracy would
commit two or more racketeering acts.

The government is not required to prove that defendant
personally committed or agreed to personally commit any act or acts

25

1  of racketeering activity.  Indeed, it is not necessary for you to

2  find that the purpose of the conspiracy was achieved or that any

3  racketeering acts were committed at all.  However, the evidence must

4  establish that the defendant agreed to facilitate or further a

5  scheme which, if completed, would include a pattern of racketeering

6  activity committed by at least one other conspirator.

7  Definition of "Interstate or Foreign Commerce"

8        The government must prove that the CD-14 Enterprise would

9  engage in, or its activities would affect, interstate or foreign

10 commerce.  Interstate commerce includes the movement of goods,

11 services, money, and individuals between states.  Foreign commerce

12 includes the movement of goods, services, money, and individuals

13 from one country to another.  These goods and services can be legal

14 or illegal.  Only a minimal effect on commerce is required and the

15 effect need only be probable or potential, not actual.  It is not

16 necessary to prove that the defendant personally engaged in

17 interstate or foreign commerce or that defendant's own acts affected

18 interstate or foreign commerce as long as the enterprise's acts

19 would have had such effect.

20       This requirement is met if the enterprise or its activities

21 would engage in or would involve: (1) use of interstate

22 communication devices (e.g., telephones, the Internet);

23 (2) interstate or foreign transmission of money; or (3) interstate

24 or foreign travel by members of the enterprise in furtherance of the

25 activities or interests of the enterprise.  The government is not

26 required to prove that the enterprise actually engaged in, or its

27 activities actually affected, interstate or foreign commerce.

28 Rather, the government need only prove that defendant joined the

1  conspiracy and that if the purpose of the conspiracy was achieved,

2  the enterprise would be engaged in or its activities would affect

3  interstate or foreign commerce.

4  <u>Defendant's Agreement Regarding Racketeering Acts</u>

5      The government must prove that defendant agreed that one or

6  more members of the conspiracy, not necessarily the defendant, would

7  commit at least two racketeering acts in furtherance of the

8  conspiracy.

9      The government is not required to prove that defendant was

10  actually associated with the CD-14 Enterprise, or that defendant

11  agreed to be associated with the CD-14 Enterprise.  The defendant

12  need not have personally participated in the operation or management

13  of the CD-14 Enterprise or have agreed to personally participate in

14  the operation or management of the CD-14 Enterprise.

15

16

17  18 U.S.C. §§ 1961(1), 1961(4), 1961(5) (defining enterprise, pattern

18  of racketeering activity); 18 U.S.C. § 1962(d); Ninth Circuit Model

19  Criminal Jury Instruction Nos. 18.9 [Racketeering Enterprise—

20  Enterprise Affecting Interstate Commerce—Defined (18 U.S.C.

21  § 1959)], 18.10 [Racketeering Activity—Defined (18 U.S.C. § 1959)],

22  18.11 [Racketeering Enterprise—Proof of Purpose (18 U.S.C. § 1959)],

23  18.14 [RICO—Pattern of Racketeering Activity (18 U.S.C. § 1961(5))],

24  18.18 [RICO—Conducting Affairs of Association-in-Fact (18 U.S.C. §

25  1962(c)]; Third Circuit Model Criminal Jury Instruction No.

26  6.18.1962D (2021); ~~Seventh Cir.~~<u>United States v. Applins, 637 F.3d</u>

27  <u>59, 60 (2d Cir. 2011) (for RICO conspiracy, jury must unanimously</u>

28  <u>agree as to which type of predicate acts the defendants agreed to</u>

27

**Exhibit B | Page 7 of 13**

1  commit and not the specific predicate acts themselves); O'Malley, et
2  al., Fed. Jury Prac. & Instr. § 56:11 (6th ed.) [RICO Conspiracy –
3  Essential Elements of the Offense Charged]; Seventh Cir. Model Crim.
4  Jury Instr. 1962(c) and (d) [RICO Conspiracy —— Conducting Affairs
5  of Enterprise] (modified); Eighth Circuit Model Criminal Jury
6  Instruction No. 6.18.1962B [RICO—CONSPIRACY - 18 U.S.C. § 1962(D)]
7  (modified); see also United States v. Young, 720 F. App'x 846, 850
8  (9th Cir. Dec. 27, 2017) (unpublished); United States v. Atcheson,
9  94 F.3d 1237, 1242-44 (9th Cir. 1996) ("the jurisdictional
10 requirement is satisfied 'by proof of a probable or potential
11 impact'"); Salinas v. United States, 522 U.S. 52, 63 (1997) (Section
12 1962(d) does not require proof of an overt act, or commission of the
13 substantive RICO offense, or that a defendant agreed to personally
14 commit at least two acts of racketeering); United States v.
15 Fernandez, 388 F.3d 1199, 1228-30 (9th Cir. 2004) (conspiracy
16 offense under § 1962(d) is different from a substantive offense
17 under § 1962(c), and thus does not require proof of the "conducting"
18 element of a § 1962(c) offense; requiring activities of racketeering
19 enterprise to have only "de minimis" effect on interstate commerce);
20 United States v. Martinez, 657 F.3d 811, 816 (9th Cir. 2011)
21 (holding that § 1962(d) did not require proof that a given defendant
22 "managed or participated in the operations of [the enterprise]");
23 United States v. Shryock, 342 F. 3d 948, 984 (9th Cir. 2004)
24 (jurisdictional element met by use of interstate communication
25 devices or the possession or use of firearms that have traveled in
26 interstate or foreign commerce); United States v. Applins, 637 F.3d
27 59, 74-75 (2nd Cir. 2011) ("We accordingly conclude that Salinas
28 counsels that the establishment of an enterprise is not an element

28

of the RICO conspiracy offense"); <u>United States v. Rodriguez</u>, 971 F.3d 1005, 1012 (9th Cir. 2020) (approving RICO conspiracy instruction requiring unanimity as to type or types of racketeering activity); <u>United States v. Baker</u>, 63 F.3d 1478, 1491 (9th Cir. 1995) (conviction for RICO conspiracy does not require proof that defendants were aware that actions were illegal). <u>Cf.</u> <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 179, 184 (1993).

**Exhibit B | Page 9 of 13**

1    PROPOSED INSTRUCTION NO. 21 RE:

2    RICO ACTS – BRIBERY OF CITY OFFICER, EMPLOYEE, OR APPOINTEE; ~~MEMBER~~

3    ~~OF LEGISLATIVE BODY;~~ CITY COUNCILMEMBER

4    [CAL. PENAL CODE §§ 67.5, ~~85,~~ 165]

5    For purposes of Count One, it is important that you understand

6    how the various ~~forms~~types of alleged "racketeering activity" are

7    defined.  Accordingly, I will now instruct you on the law defining

8    the types of alleged racketeering activity alleged.  As I previously

9    explained, the first type of racketeering activity alleged in the

10   indictment is honest services wire fraud, which is also charged in

11   Counts Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of

12   the indictment and for which I will provide the elements later in

13   these instructions.

14   The second type of racketeering activity alleged in the

15   indictment is bribery under California law, namely~~,~~: (1) the crime

16   of giving or offering a bribe to ~~(a) any~~ ministerial officer,

17   employee, or appointee of the City of Los Angeles (the "City") (or

18   to someone acting on his behalf), in violation of California Penal

19   Code § 67.5; ~~(b) any member of legislative body of~~and (2) the ~~City~~

20   ~~(~~crime of (a) giving or offering a bribe to ~~someone acting on his~~

21   ~~behalf), in violation of California Penal Code § 85; or (c) any~~a

22   Councilmember of the City~~ (or someone acting on his behalf), in~~

23   ~~violation of California Penal Code § 165); and/or (2) the crime of~~,

24   or (b) receiving or ~~offering or~~ agreeing to receive a bribe by ~~any~~a

25   Councilmember of the City~~ (or someone acting on his behalf),~~, in

26   violation of California Penal Code § 165.

27   For an individual to be guilty of giving or offering a

28   ~~bribe~~ministerial officer, employee, or appointee of the City in

30

**Exhibit B | Page 10 of 13**

1  violation of California Penal Code §§§ 67.5, 85, and/or 165, the

2  government must prove each of the following elements beyond a

3  reasonable doubt:

4      First, the individual gave or offered a bribe to (a) a

5  ministerial officer, employee, or appointee of the City; (b) any

6  member of legislative body of the City; or (c) a Councilmember of

7  the City, or anyone acting on behalf of those persons; and

8      Second, the individual acted with the corrupt intent to

9  unlawfully influence the official act, decision, vote, opinion, or

10 proceeding of the person to whom the bribe was given or offered.

11     A ministerial officer is an officer who has a clear and

12 mandatory duty involving the performance of specific tasks without

13 the exercise of discretion.

14     For an individual to be guilty of the crime of (a) giving or

15 offering a bribe to a Councilmember of the City, or (b) receiving or

16 offering or agreeing to receive a bribe by a Councilmember of the

17 City, in violation of California Penal Code § 165, the government

18 must prove each of the following elements beyond a reasonable doubt:

19     First, the individual (a) gave or offered a bribe to a

20 Councilmember of the City, or (b) was a Councilmember of the City,

21     Second, the individual who asked for, received, or agreed to

22 receive a bribe; and

23     ThirdSecond, the individual (a) acted with the corrupt intent

24 into unlawfully influence the official act, decision, vote, opinion,

25 or proceeding of the Councilmember to whom the bribe was given or

26 offered, or (b) acted with the corrupt intent, that the request,

27 receipt or agreementis, asked for, received, or agreed to receive

28 wasa bribe based upon an understanding that histhe Councilmember's

31

**Exhibit B | Page 11 of 13**

1  opinion, judgment, or action upon any official matter on which he

2  may be required to act would be influenced.

3      As used here, "bribe" means something of present or future

4  value or advantage valued over $950, or a promise to give such a

5  thing, that is given or offered with the corrupt intent to

6  unlawfully influence the public or official action, vote, decision,

7  or opinion of the person to whom the bribe is given or offered.

8      A person acts with corrupt intent when he or she acts to

9  wrongfully gain a financial or other advantage for himself, herself,

10  or someone else.

11     The official act, decision, vote, opinion, or proceeding the

12  individual sought to influence must have related to an existing

13  subject that could have been brought before the person to whom the

14  bribe was given in his or her official capacity.  It does not have

15  to relate to a duty specifically given by statute to the person to

16  whom the bribe was given.

17     Offering a bribe or requesting, receiving, or agreeing to

18  receive a bribe do not require specific words or behavior, as long

19  as the language used and the circumstances clearly show an intent to

20  bribe or that ~~that~~ the person is seeking a bribe from someone else.

21     The thing offered does not need to actually be given or exist

22  at the time it is offered.  The thing agreed to be received does not

23  need to actually be received or exist at the time it is agreed to be

24  received.

25     ~~A ministerial officer is an officer who has a clear and~~

26  ~~mandatory duty involving the performance of specific tasks without~~

27  ~~the exercise of discretion.~~  The ~~officer, employee, or~~

28  ~~appointee~~person who is offered the bribe does not need to have

32

1  accepted the bribe, performed the requested act, ~~or~~ deliberately

2  failed to perform a duty~~.~~

3     ~~A legislative officer is a member of~~, or actually have had the

4  authority or ability to perform the ~~Assembly or Senate of the~~

5  ~~City~~requested act.

6

7

8

9  Cal. Penal Code §§ 67.5, ~~85,~~ 165; Cal. Crim. Jur. §§ 2601-2603

10  (2022); <u>People v. Diedrich</u>, 31 Cal.3d 263, 272 (Cal. 1982)

11  (affirming conviction for receipt of bribe under Cal. Penal Code

12  § 165 and citing elements of offense~~)~~); People v. Guillory, 178 Cal.

13  App. 2d 854, 858 (Ct. App. 1960) (bribery statute does not require

14  that requested action was within actual authority so long as it fell

15  within general scope of officer's duties and he purported to act in

16  official capacity); People v. Longo, 119 Cal. App. 2d 416, 420

17  (1953) (holding it is not "a defense to a bribery charge that the

18  defendant offered the bribe to influence an action which the officer

19  in fact had the authority to take under the mistaken belief that he

20  occupied a different official position from that which he in fact

21  held.").

22

23

24

25

26

27

28