E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289/3819
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
             Cassie.Palmer@usdoj.gov
             Susan.Har@usdoj.gov
             Brian.Faerstein@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RAYMOND SHE WAH CHAN,<br>  aka "She Wah Kwong,"<br><br>        Defendant. | No.  CR 20-326(A)-JFW-2<br><br>GOVERNMENT'S SECOND *EX PARTE* APPLICATION FOR AN ORDER AMENDING THE FIRST SUPERSEDING INDICTMENT; EXHIBIT |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files this second ex parte application for a court order amending the First Superseding Indictment ("FSI").

    This application seeks to amend the following:

    (1)  FSI Paragraphs 40 (that is, Count 1 alleging RICO

        conspiracy against defendant Raymond Chan and others), 58

1            (relating to Counts 31-34 alleging Money Laundering against
2            Huizar), and 59 (relating to Count 35 alleging Laundering
3            of Monetary Instruments against Huizar) to correct mis-
4            citations to the California Penal Code.  Previously, based
5            on the government's application in advance of the trial of
6            defendant Shen Zhen New World I, LLC ("SZNW"), the Court
7            issued an order amending paragraph 48 of the FSI (that is,
8            relating to Counts 18-21 alleging violations of the Travel
9            Act) to similarly correct mis-citations to the California
10           Penal Code.  (Dkt. Nos. 731, 732.)  This application seeks
11           to make similar changes to that which the Court ordered for
12           Counts 18-21 against SZNW, Jose Huizar, and Wei Huang, but
13           for Counts 1, 31-35.  ("Request No. 1").

14      (2)  Paragraph 46 of the FSI, specifically, Counts 12 and 13, to
15           correct a transcription error regarding the Synergy Chase
16           bank account number in each count.  Specifically, the
17           account number should read "7753" instead of "9050."
18           ("Request No. 2").

19      On March 3, 2023, government counsel contacted counsel for
20 defendant Raymond Chan, Harland Braun and Brendan Pratt, regarding
21 their position on this application as to Request No. 1.  On March 5,
22 2023, Mr. Pratt provided the following position:

> Although Defendant Chan preserves for appeal his objections
> to this issue (impermissible variance, amendment, etc.) by
> joining in the prior objections of co-defendant(s), it
> appears the proposed amendments are consistent with the
> Court's minute order overruling those objections.

26 Subsequently, at the status conference on March 6, 2023, the Court
27 identified the issue related to the inaccurate account numbers in
28 Counts 12 and 13, and government counsel indicated it would seek to

amend those counts in a forthcoming second _ex parte_ application to amend the FSI.  On March 9, 2023, government counsel contacted Mr. Pratt seeking to discuss various matters via telephone.  The same day, Mr. Pratt responded as follows:

> I have received your email and spoken with Adam [Braun].  At this point, he has asked that you please put whatever you want to communicate in writing.

Consistent with defense counsel Pratt's direction, on March 10, 2023, government counsel emailed Mr. Pratt a series of matters on which to meet and confer, including his position on the expanded _ex parte_ application to include Request No. 2.  The government further indicated it would file its second _ex parte_ application to amend the FSI by March 12 in order that the Court could consider it along with government's latest filing related to the jury instructions, which was filed on March 8 (Dkt. No. 992).  As of the time of the instant filing, Mr. Pratt has not responded with the defense position. However, given the defense's prior position on government requests to amend the FSI, the government presumes defendant Chan objects to Request No. 2.

///

1    This application is based upon the attached memorandum of points

2    and authorities and attached exhibit, the files and records in this

3    case, and such further evidence and argument as the Court may permit.

4    Dated: March 12, 2023          Respectfully submitted,

5                                   E. MARTIN ESTRADA
                                    United States Attorney
6
                                    MACK E. JENKINS
7                                   Assistant United States Attorney
                                    Chief, Criminal Division
8

9                                   _____
                                    MACK E. JENKINS
10                                  CASSIE D. PALMER
                                    SUSAN S. HAR
11                                  BRIAN FAERSTEIN
                                    Assistant United States Attorneys
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.   INTRODUCTION..................................................1

   A.   Amendment of California Statutes Cited in Counts One,
        Thirty-One through Thirty-Four, and Thirty-Five..........1

   B.   Amendment of Account Number in Counts Twelve and
        Thirteen................................................6

II.  LEGAL ANALYSIS................................................8

III. CONCLUSION...................................................12

# Table of Authorities

**Federal Cases**

United States v. Bonallo,
  858 F.2d 1427 (9th Cir. 1988) .................................. 8

United States v. Clark,
  416 F.2d 63 (9th Cir. 1969) ................................... 8

United States v. Esparza-Ponce,
  7 F. Supp. 2d 1084 (S.D. Cal. 1998) ......................... 10

United States v. Field,
  875 F.2d 130 (7th Cir. 1989) ................................ 11

United States v. Gordon,
  641 F.2d 1281 (9th Cir. 1981) ......................... 2, 9, 10

United States v. Lazarenko,
  564 F.3d 1026 (9th Cir. 2009) ............................. 2, 9

United States v. Levy,
  440 F. Supp. 2d 162 (E.D.N.Y. 2006) .................... 11-12

United States v. Lim,
  984 F.2d 331 (9th Cir. 1993) ................................ 10

United States v. Neff,
  525 F.2d 361 (8th Cir. 1975) ................................ 11

United States v. Neill,
  166 F.3d 943 (9th Cir. 1999) ................... 9-10, 10, 11

United States v. Vroman,
  975 F.2d 669 (9th Cir. 1992) ................................. 8

United States v. Zinnel,
  725 F. App'x 453 (9th Cir. 2018) ........................... 12

**Federal Statutes**

18 U.S.C. § 1341 ......................................... 4, 5
18 U.S.C. § 1343 ......................................... 4, 5
18 U.S.C. § 1956 ............................................ 1
18 U.S.C. § 1961 ............................................ 3
18 U.S.C. § 1962 ......................................... 3, 9

**State Statutes**

California Penal Code § 31 ................................ 2, 3, 12

California Penal Code § 67................................. 1, 3, 4, 5

California Penal Code § 67.5.................................. passim

California Penal Code § 68 ....................................... 2

California Penal Code § 165 ................................. passim

California Penal Code § 1170 ..................................... 2

Nevada Revised Statutes § 197.010 ............................... 9

**Federal Rules**

Federal Rule of Criminal Procedure 7 ............................. 8

## TABLE OF EXHIBITS

| Trial Exhibit | Description | Cite |
|---|---|---|
| 633 | 2017.12.27 Synergy Checks to LAXBG | Pg. 6:22-23 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

### A.   Amendment of California Statutes Cited in Counts One, Thirty-One through Thirty-Four, and Thirty-Five

Count One of the FSI charges defendant Raymond Chan with RICO conspiracy.  That count alleges and describes various predicate racketeering acts, including bribery under California law, that is, acts "involving bribery, in violation of California Penal Code Sections[]."  (Dkt. No. 74 ¶ 40, p. 12.)  The government submits this application to amend the FSI to correct the specific citations to the California Penal Code in Count One in order to reflect the relevant bribery conduct expressly charged here.

Similarly, Counts Thirty-One, Thirty-Two, Thirty-Three, and Thirty-Four of the FSI, which are against Huizar,[1] allege money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), specifically, financial transactions involving the proceeds of unlawful activity, "namely, bribery in violation of California Penal Code Sections 67, 67.5, and 68."  (Id. ¶ 58, p. 120.)  Likewise, Count Thirty-Six alleges laundering of monetary instruments against Huizar, in violation of § 1956(a)(2)(B)(i), through monetary instruments that "involved the proceeds of specified unlawful activity, namely, bribery, in violation of California Penal Code Sections 67, 67.5, and 68."  (Id. ¶ 59, p. 121.)  The government also seeks to amend these counts.

---

[1] Although Huizar pled guilty Counts One and Forty-One (Dkt. No. 910) and is pending sentencing on April 3, 2023, the government makes these changes to the FSI in the abundance of caution.

Although no specific California Penal Code sections need be alleged in the FSI at all,[2] Count One of the FSI currently cites sections 31, 67, 67.5(b), 68, and 182(a)(1) (Dkt. No. 74 ¶ 40, p. 12) and Counts Thirty-One through Thirty-Five currently cite sections 67, 67.5, and 68.  California Penal Code Section 31 (defining "principals" to a crime) and Section 182(a)(1) (setting forth the applicable punishment for two or more persons who conspire to commit a crime) are appropriately cited.  Section 67.5, which covers giving or offering a bribe to a ministerial officer, employee, or appointee of the City of Los Angeles is also appropriately cited, except for the citation to subsection (b) in Count One, that is, "67.5(b)," which can be revised to simply cite section 67.5, without reference to a specific subsection.[3]  This conforms with how this statute is cited elsewhere in the FSI.

The citations to California Penal Code § 68 should be omitted, because § 68 covers bribes provided to and received by an "executive

---

[2] <u>United States v. Gordon</u>, 641 F.2d 1281, 1283, 1284 (9th Cir. 1981) ("[F]ailure to cite the predicate state statute did not, in and of itself, render [] the indictment invalid."; "reference to state law is necessary only to identify the type of unlawful activity involved."); <u>United States v. Lazarenko</u>, 564 F.3d 1026, 1033-34 (9th Cir. 2009) (rejecting similar claim in context of money laundering statute).

[3] Subsection (a) of Section 67.5 lays out the statutory elements: "Every person who gives or offers as a bribe to any ministerial officer, employee, or appointee of the State of California, county or city therein, or political subdivision thereof, any thing the theft of which would be petty theft is guilty of a misdemeanor," while subsection (b) articulates the felony threshold: "If the theft of the thing given or offered would be grand theft the offense is a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170."  In order for state bribery to qualify as a predicate it must be a felony (18 USC § 1961(1)(A)); thus, the government's proposed instructions require the jury to find that relevant bribe(s) here exceeded the grand theft amount under California law (or $950).

2

1   officer."⁴   Instead, the more accurate citation is California Penal

2   Code § 165, which covers bribes given/offered to and agreed

3   to/received by "any member of any common council . . . of any []

4   city."   Cal. Penal Code § 165.

5        Accordingly, this application seeks to amend:

6        (1) Page 12, paragraph 40, lines 3 and 4 of the FSI as follows

7   (bold italicized portion reflects the edits):

| Current Par. 40 of the FSI | Proposed Par. 40 of the FSI |
|---|---|
| Beginning on a date unknown to the Grand Jury, but no later than February 2013, and continuing to the present, in Los Angeles County, within the Central District of California and elsewhere, defendants HUIZAR and CHAN, persons employed by and associated with the CD-14 Enterprise, which engaged in and its activities affected interstate and foreign commerce, conspired with each other and others known and unknown to the Grand Jury, including George Esparza and George Chiang, to unlawfully and knowingly violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the CD-14 Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts:<br><br>a.   involving bribery, in violation of California Penal Code Sections 31, 67, 67.5(b), 68 and 182(a)(1); | Beginning on a date unknown to the Grand Jury, but no later than February 2013, and continuing to the present, in Los Angeles County, within the Central District of California and elsewhere, defendants HUIZAR and CHAN, persons employed by and associated with the CD-14 Enterprise, which engaged in and its activities affected interstate and foreign commerce, conspired with each other and others known and unknown to the Grand Jury, including George Esparza and George Chiang, to unlawfully and knowingly violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the CD-14 Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts:<br><br>a.   involving bribery, in violation of California Penal Code Sections 31, *67.5, 165,* and 182(a)(1); |

28

3

1   Nothing else in Count One requires amendment.

2         (2) Page 120, paragraph 58, lines 12-13 of the FSI as follows

3   (bold italicized portion reflects the edits):

| Current Par. 58 of the FSI | Proposed Par. 58 of the FSI |
|---|---|
| On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant JOSE LUIS HUIZAR, knowing that the property involved in each of the financial transactions described below represented the proceeds of some form of unlawful activity, knowingly conducted and attempted to conduct and willfully caused to be conducted, the following financial transactions affecting interstate commerce, which transactions, in fact, involved the proceeds of specified unlawful activity, namely, bribery, in violation of California Penal Code Sections 67, 67.5, and 68, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that each of the transactions was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity: | On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant JOSE LUIS HUIZAR, knowing that the property involved in each of the financial transactions described below represented the proceeds of some form of unlawful activity, knowingly conducted and attempted to conduct and willfully caused to be conducted, the following financial transactions affecting interstate commerce, which transactions, in fact, involved the proceeds of specified unlawful activity, namely, bribery, in violation of California Penal Code Sections ***67.5 and 165***, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that each of the transactions was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity: |

         (3)  Page 121, paragraph 59, line 15 of the FSI as follows (bold

              italicized portion reflects the edits):

///

| Current Par. 59 of the FSI | Proposed Par. 59 of the FSI |
|---|---|
| On or about January 10, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant JOSE LUIS HUIZAR knowingly transported, transmitted, transferred, and willfully caused to be transported, transmitted, and transferred, monetary instruments, namely, approximately 32,800 in Australian currency, to a place in the United States from and through a place outside the United States, namely, Australia, knowing that the monetary instruments involved in the transportation, transmission, and transfer represented the proceeds of some form or unlawful activity, and which monetary instruments, in fact, involved the proceeds of specified unlawful activity, namely, bribery, in violation of California Penal Code Sections 67, 67.5, and 68, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, ownership, and control of the proceeds of said specified unlawful activity. | On or about January 10, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant JOSE LUIS HUIZAR knowingly transported, transmitted, transferred, and willfully caused to be transported, transmitted, and transferred, monetary instruments, namely, approximately 32,800 in Australian currency, to a place in the United States from and through a place outside the United States, namely, Australia, knowing that the monetary instruments involved in the transportation, transmission, and transfer represented the proceeds of some form or unlawful activity, and which monetary instruments, in fact, involved the proceeds of specified unlawful activity, namely, bribery, in violation of California Penal Code Sections **67.5 and 165**, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, ownership, and control of the proceeds of said specified unlawful activity. |

Importantly, none of the alleged facts or evidence presentation will change, including the objects of the bribe or the identity and position of each of the participants.  Accordingly, and as set forth below, amendment is the proper and most efficient course to correct

this error.  The government therefore respectfully requests the Court amend the foregoing citations to the California bribery statutes in paragraphs 40, 58, and 59 of the FSI.

**B.    Amendment of Account Number in Counts Twelve and Thirteen**

Counts Twelve and Thirteen of the FSI charge defendant with Honest Services Wire Fraud.  Specifically, Count Twelve alleges a "[b]ank wire of $36,432.74 from Synergy Chase Bank account ending in 9050 to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County, which was routed through Florida," on or about October 28, 2017.  Count Thirteen alleges a "[b]ank wire of $33,507.23 from Synergy Chase Bank account ending in 9050 to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County," which was routed through Florida on or about December 27, 2017.  (FSI, ¶ 46, p. 105.)

The government seeks to amend the Synergy Chase bank account from "9050" to "7753," because 9050 is a transcription error that does not affect notice or identification of the correct wire.  "9050" refers to the *check* number of the December 27, 2017 check, that is, the check alleged in Count Thirteen.  Specifically, the account number at the bottom of the check ends in 7753, but then the check number (9050) both appears at the top right corner of the check and also follows the account number at the bottom.  (See Tr. Ex. 633 at 1, attached hereto.)  Believing that was the account (and not check) number, that inadvertent transcription error was repeated in Count Twelve because it was from the same Synergy Chase Bank account.[5]

Accordingly, this application seeks to amend:

---

[5]   Count Twelve charges a check with check number 9018.  (See Tr. Ex. 632 at 3.)

6

1    (4) Count Twelve, Page 105, paragraph 46, line 19 of the FSI as

2 follows (bolded italicized portion reflects the edits):

3    **Current Count Twelve:**

| TWELVE | CHAN | 10/28/2017 | Bank wire of $36,432.74 from Synergy Chase Bank account ending in 9050 to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County, which was routed through Florida. |
|--------|------|------------|---|

*Proposed* **Count Twelve:**

| TWELVE | CHAN | 10/28/2017 | Bank wire of $36,432.74 from Synergy Chase Bank account ending in **7753** to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County, which was routed through Florida. |
|--------|------|------------|---|

14    (5) Count Thirteen, Page 105, paragraph 46, lines 123-24 of the

15 FSI as follows (bolded italicized portion reflects the edits):

16    **Current Count Thirteen:**

| THIRTEEN | CHAN | 12/27/2017 | Bank wire of $33,507.23 from Synergy Chase Bank account ending in 9050 to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County, which was routed through Florida. |
|----------|------|------------|---|

*Proposed* **Count Thirteen:**

| THIRTEEN | CHAN | 12/27/2017 | Bank wire of $33,507.23 from Synergy Chase Bank account ending in **7753** to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County, which was routed through Florida. |
|----------|------|------------|---|

27    Importantly, none of the alleged facts or evidence presentation

28 will change, including the exhibits the government produced many

months before trial (the government produced the full Synergy bank documents and account information, all of which defendant independently had access to, in its initial discovery productions and produced the exhibits for trial with the checks alleged in the counts, many months before trial).  And defendant has never raised the issue of being unable to identify the relevant wire charged in Counts Twelve and Thirteen.  Accordingly, and as set forth below, correcting these transcription errors in the Synergy Chase Bank account numbers of the FSI is appropriate amendment to the form, not the substance, of the FSI.

## II.  LEGAL ANALYSIS

Under Federal Rule of Criminal Procedure 7(c)(2), "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."

With respect to alleging statutes in an indictment, the Ninth Circuit has held that--even when the indictment does not correctly cite the charged *federal* statute--this rule prohibits reversal if the defendant "knew the conduct he was being accused of [and] could adequately prepare a defense."  United States v. Vroman, 975 F.2d 669, 671 (9th Cir. 1992); see also United States v. Bonallo, 858 F.2d 1427, 1430 (9th Cir. 1988) ("When construing the meaning of an indictment, the description of the alleged conduct is far more critical than the indictment's prefatory language or its citation of a particular provision of a statute."); United States v. Clark, 416 F.2d 63, 64 (9th Cir. 1969) (Rule 7(c) "permit[s] the citation of a statute on an indictment to be amended where . . . the facts alleged in the indictment will support such a change" and the defendant is

not prejudicially misled).  The government's proposed amendment to the California statutes does not mislead or prejudice defendant in any way because the FSI correctly describes--both in the text of Counts One, Thirty-One through Thirty-Six, and elsewhere throughout the 138-page FSI--what conduct defendant and others are "being accused of," even if the FSI references the incorrect sections of the California bribery statutes (as part of the *correctly* charged *federal* statutes: 18 U.S.C. §§ 1962(c) and 1956(a)(2)(B)(i)).

Indeed, the Ninth Circuit addressed this issue in a strikingly similar case: <u>United States v. Gordon</u>, 641 F.2d 1281 (9th Cir. 1981).  In <u>Gordon</u>, the government charged the defendants under the Travel Act with bribing Nevada Gaming Commissioners.  <u>See</u> <u>id.</u> at 1283.  The indictment, however, cited the wrong provision of Nevada state law; while bribery of these officials was prohibited under Nevada Revised Statutes § 197.010 (relating to "executive or administrative officers"), the indictment incorrectly cited section 197.020 (relating to "other public officers") in portions of the indictment and was silent on specific state statutes in the conspiracy to violate the Travel Act count.  The Ninth Circuit concluded that the mis-citation and omission did not render the indictment facially deficient because "reference to state law [for a Travel Act count] is necessary only to identify the <u>type</u> of unlawful activity involved," *i.e.*, bribery, and the indictment there--like the FSI here-- "gave a detailed statement of appellants' alleged behavior."  <u>Id.</u> at 1284-85 (emphasis added).  Nor was there a variance because "the indictment specifically referred to the objects of appellants' bribe attempts both by name and by official title, [so] there is no question that the grand jury and the petit jury were

operating under the same set of facts."  Id. at 1286-87; see also
Lazarenko, 564 F.3d at 1033-34 (rejecting similar claim in context of
money laundering statute).

The Ninth Circuit has recognized that amending an indictment to
correct an error in a citation is a proper remedy that does not
prejudice the defendants.  United States v. Neill, 166 F.3d 943 (9th
Cir. 1999) (amendment of indictment was proper to correct incorrectly
named bank in bank robbery case, even when amendment related to "an
element of the offense charged," when indictment was still clear
which crime was charged and there was no prejudice to the defendant);
United States v. Esparza-Ponce, 7 F. Supp. 2d 1084, 1090 (S.D. Cal.
1998) (rejecting motion to dismiss indictment because of erroneous
citation, but "urg[ing] the government to obtain an amended
indictment that references the correct statute").  This is because
the "essential purpose of an indictment is to give the defendant
notice of the charge so that he can defend or plead his case
adequately"; thus, "a minor or technical deficiency in the indictment
[that does not cause] . . . prejudice to the defendant" can be
corrected by amendment.  Neill, 166 F.3d at 947 (cleaned up).

The Ninth Circuit has specifically held that an indictment may
be amended to fix an "incorrect citation."  United States v. Lim, 984
F.2d 331, 337 (9th Cir. 1993).  This is so even if the amendment
affects a "material element of the charged offense."  Neill, 166 F.3d
at 948 (recognizing that "[t]his court has previously allowed the
amendment of an indictment even when the amendment related to an
element of the offense charged").

Here, the proposed amendments do not even relate to a "material
element" to be found by the jury but simply correct a statement of

the law related to the "legal consequences of" the defendants'
conduct.  See Gordon, 641 F.2d at 1289 (whether Nevada Gaming
Commissioners fall into one statutory classification or another is a
question of law for the court rather than a question of fact for the
jury).  Even if the relevant counts were submitted to the jury
unaltered, there would be no variance between the proof at trial and
the allegations in the count and no prejudice to defendant.
Defendant has long had ample notice of the charge in the Count One[6]
itself and elsewhere in the detailed FSI and thus cannot credibly
dispute he has been fully aware of the crimes this count alleges.
Accordingly, an amendment in this context is well supported by the
law.

In a similar vein, correcting the transcription error in the
Synergy Chase Bank account numbers in Counts Twelve and Thirteen is
an appropriate amendment of the form, rather than the substance, of
the FSI, and would not prejudice defendant because he has long had
the Synergy Chase account records, both through the government's
discovery productions and early production of the trial exhibits.
See Neill, 166 F.3d at 947 ("Amendment of the indictment to fix
typographical errors[7] is appropriate as long as the error did not
mislead the defendant."); United States v. Field, 875 F.2d 130, 134
(7th Cir. 1989) (no error in permitting amendment of indictment to
add eleventh digit to serial number on money orders where defense
counsel received copy of money orders in course of discovery and

---

[6] Nor can defendant claim prejudice as to Counts Thirty-One
through Thirty-Five, with which he is not charged and which the
government seeks to amend only for consistency and in the abundance
of caution.

[7] The government understands that this Court views
"typographical errors" as "failures to proofread."

11

defendant accordingly "was not prejudiced in any way by amendment"); United States v. Neff, 525 F.2d 361, 363 (8th Cir. 1975) ("[T]he change of a weapon's serial number in this indictment does not require dismissal.  Correction of a typographical error which goes to form rather than the substance of the indictment is permissible."); United States v. Levy, 440 F. Supp. 2d 162, 164 (E.D.N.Y. 2006) (correcting misnomer in indictment relating to the type of ammunition was "ministerial," and such an alteration would cause no prejudice to defendant, who "knew that shell casings had been recovered at the scene of alleged assault and could have inspected those casings, with manufacturer's markings, prior to trial"); cf. United States v. Zinnel, 725 F. App'x 453, 458 (9th Cir. 2018) (holding no constructive amendment or prejudicial variance of the indictment where the indictment alleged the wrong date for a meeting because "the correct date was apparent from reading the rest of the indictment and the court informed the jury of the correct date" and accordingly "this typographical error did not prejudice").

**III. CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court amend:

(1)  Page 12, paragraph 40, lines 3-4 of the FSI to read as follows (bolded italicized portion reflects the edits): "involving bribery, in violation of California Penal Code Sections 31, ***67.5, 165***, and 182(a)(1)";

(2)  Page 120, paragraph 58, lines 12-13 of the FSI to read as follows (bolded italicized portion reflects the edits): "namely, bribery, in violation of California Penal Code Sections ***67.5 and 165***";

(3)   Page 121, paragraph 59, line 15 of the FSI to read as follows (bolded italicized portion reflects the edits): "namely, bribery, in violation of California Penal Code Sections ***67.5 and 165***";

(4)   Count Twelve, Page 105, paragraph 46, line 19 of the FSI as follows (bolded italicized portion reflects the edits): "Bank wire of $36,432.74 from Synergy Chase Bank account ending in ***7753*** to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County, which was routed through Florida."; and

(5)   Count Thirteen, Page 105, paragraph 46, lines 123-24 of the FSI as follows (bolded italicized portion reflects the edits): "Bank wire of $33,507.23 from Synergy Chase Bank account ending in ***7753*** to defendant CHAN's East West Bank account ending in 9279 in Los Angeles County, which was routed through Florida."