Brendan J. Pratt, Esq.  [CASBN 341697]
BRAUN & BRAUN LLP
10880 Wilshire Boulevard, Suite 1020
Los Angeles, California 90024
Telephone: (310) 277-4777
Facsimile:  (310) 507-0232
Email:  brendan@braunlaw.com
Attorney for Defendant
RAYMOND SHE WAH CHAN

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

10
11
12
13
14
15
16

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND SHE WAH CHAN, <br><br> Defendant. | Case No. CR 20-326(A)-JFW-2 <br><br> **DEFENDANT SHE WAH CHAN'S NOTICE OF MOTION AND MOTION FOR MISTRIAL** <br><br> [*filed concurrently herewith* Declaration of Raymond She Wah Chan and Declaration of Adam H. Braun] |

17

18       Defendant RAYMOND SHE WAH CHAN ("Defendant" or "CHAN"), through his

19   attorney, hereby submits the following Motion for Mistrial.

20                              **INTRODUCTION**

21       Towards the end of the second week of trial, Defendant's sole trial counsel, Mr. Harland

22   Braun, became seriously ill, was hospitalized, and is now physically unable to participate in the

23   defense for at least several months.

24        Mr. Braun had been representing CHAN for approximately four (4) years in connection

25   with this matter.  CHAN's remaining counsel of record and Mr. Braun's junior associate, Mr.

26   Brendan Pratt, who, just several months ago, joined the defense team in a limited support and

27   observational learning role, obtained his California State Bar license a little over one (1) year ago,

28   has no trial experience, and has never practiced in federal or state court without supervision.

BRAUN & BRAUN LLP
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024

1    Besides being deprived of the critical need for Mr. Braun's assistance and input, Mr. Pratt lacks

2    the authority, expertise, and case familiarity to make tactical trial decisions, to file evidentiary

3    positions on behalf of Defendant, and thus cannot safeguard CHAN's (who, if convicted, faces

4    decades of imprisonment) constitutional rights.

5           As of the date of this filing, Defendant is left without the counsel of his sole trial attorney,

6    Mr. Braun, and the defense is unable to proceed either with the trial or the various, looming filing

7    requirements.  Given CHAN's deprivation of the counsel of his choice at this critical stage in the

8    litigation (the Court recessed the trial as the government neared the end of its case in chief), the

9    defense respectfully submits this Motion for Mistrial to (a) assert and protect CHAN's 6th

10   Amendment constitutional right to counsel of his choice; (b) seek relief from extant trial filing

11   deadlines, especially those related to the presentment of Defendant's trial exhibits and witnesses

12   which need to be handled by experienced trial counsel; and (c) grant Defendant a reasonable

13   amount of time to find and retain replacement trial counsel.

14                          **STATEMENT OF FACTS**

15          On or about November 9, 2018, CHAN hired Mr. Harland Braun to serve as CHAN's

16   criminal defense attorney and trial counsel because of Mr. Braun's over five (5) decades of trial

17   experience and demonstrated success in the courtroom involving high-profile cases.  *See*

18   Declaration of Raymond She Wah Chan ("Chan Decl.") at ¶¶ 2, 3.

19          Over the course of the next four (4) years, CHAN and Mr. Braun worked closely together

20   on the case, sometimes with Mr. Braun meeting with CHAN several times a week, for many hours

21   at a time.  Chan Decl. at ¶ 4.  Mr. Braun met with CHAN at least weekly during the past 2 and 1/2

22   years, and for nearly every day during the past two months.  Declaration of Adam Braun ("Adam

23   Braun Decl.") at ¶ 3; Chan Decl. at ¶ 4.  Throughout their whole time working together, both

24   CHAN and Mr. Braun had an unequivocal understanding that Mr. Braun was to serve as CHAN's

25   sole trial counsel, although CHAN's son, Jeremy Chan, provided background legal assistance

26   before being precluded from doing so, and although Mr. Brendan Pratt later provided auxiliary

27   pre-trial and trial support.  Chan Decl. at ¶ 5; *see also* Adam Braun Decl. at ¶¶ 3, 5, 6, 7, 8, 9.

28   ///

BRAUN & BRAUN LLP
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024

2.

1    On March 2, 2023, Mr. Braun returned to his office after the day's trial proceedings where

2 his adult son, Adam Braun, with whom he shares an office suite, found Mr. Braun gravely ill.

3 Adam Braun Decl. at ¶ 9.  Emergency services were called, and he was taken by ambulance to the

4 nearby UCLA Medical Center where he was admitted for treatment.  Soon after, Mr. Pratt notified

5 the Court and the government of Mr. Braun's unexpected illness and hospital admission and

6 requested a trial recess.

7    During this interim, Mr. Braun underwent emergency surgery and was hospitalized for

8 over ten (10) days, with Mr. Pratt, and Mr. Braun's son, Adam Braun, providing periodic updates

9 (supported by letters from Mr. Braun's physicians) to the Court and to the government regarding

10 Mr. Braun's health condition.  Adam Braun Decl. at ¶ 9.  Throughout this trial recess, Mr. Pratt,

11 with his heretofore, nonexistent trial experience, limited case knowledge, and little to no contact

12 with CHAN's sole trial attorney, Mr. Braun, has done his best to comply with various filing

13 deadlines related to Defendant's trial exhibits and witnesses.  All the while, CHAN's sole trial

14 attorney, Mr. Braun, given his ongoing physical incapacity, has had no opportunity to review,

15 weigh in on, or endorse any of the evidentiary-related litigation positions Mr. Pratt and Defendant

16 have drafted in Mr. Braun's absence, all of which will have a fundamental impact on CHAN's

17 trial.

18    Notwithstanding Mr. Pratt's advocacy efforts on behalf of CHAN during Mr. Braun's

19 ongoing state of medical incapacity, Defendant has been deprived of the counsel of his sole trial

20 attorney, Mr. Braun.  It is important to note that CHAN never retained or agreed to retain Mr. Pratt

21 as co-trial counsel alongside Mr. Braun, being acutely aware of Mr. Pratt's inexperience and that

22 Mr. Pratt's supervisors (Mr. Braun and his son, Adam Braun) viewed Mr. Pratt's narrow role in

23 the case was to provide limited support to the trial counsel (such as note taking and legal research

24 and writing) and to observe the trial as a professional development experience.  Chan Decl. at ¶ 5;

25 Adam Braun Decl. at ¶ 5.

26    Critically, recent updates from Mr. Braun's medical care team (the most up to date of

27 which Adam Braun can offer to the Court for *in camera* review) have clarified that Mr. Braun will

28 be unable to further participate in this case, that he faces an indeterminate but significant period of

BRAUN & BRAUN LLP
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024

3.

DEFENDANT SHE WAH CHAN'S NOTICE OF MOTION AND MOTION FOR MISTRIAL

1   further medical treatments and convalescence, and that his eventual return to the practice of law

2   (albeit in a gradual, or perhaps, even limited capacity) will be at least three (3) months down the

3   line, if not longer.  Adam Braun Decl. at ¶¶ 10, 11, 12.

4         CHAN, who, through no fault of his own, has been deprived of both counsel of his choice

5   and effective counsel in the middle of his criminal trial where, if convicted, faces estimably

6   decades in confinement, is left with only one course of action that can preserve his constitutional

7   rights—the declaration of a mistrial and the grant of a reasonable amount of time to find

8   replacement trial counsel with the requisite experience to adequately defend him.  Chan Decl. at ¶¶

9   7, 8, 9.

10                             **ARGUMENT**

11       **A.**     **Legal Standard**

12         The Sixth Amendment provides that in all criminal prosecutions, defendants have the right

13   to have "Assistance of Counsel" for their defense.  U.S. CONST. AMEND. VI.  The accused does not

14   need to request counsel for the right to attach, and the right attaches in a criminal prosecution after

15   the initiation of adversarial judicial proceedings.  *Kirby v. Illinois*, 406 U.S. 682, 689–90 (1972).

16   If the defendant is entitled to counsel at trial, the failure to provide counsel results in the

17   **automatic reversal** of a conviction.  *See Gideon v. Wainwright*, 372 U.S. 335, 339 (1963)

18   (rejecting proposition that effect of denial of counsel at trial "is to be tested by an appraisal of the

19   totality of facts in a given case") (emphasis added); *see also United States v. Gonzalez-Lopez*, 548

20   U.S. 140, 151 (2006) (holding a trial court's deprivation of a criminal defendant's choice of

21   counsel at any critical stage entitles him to reversal of his conviction and no harmless analysis is

22   conducted).

23       **B.**     **CHAN's Motion for Mistrial Must Be Granted Because His 6th Amendment**

24                **Right to Chosen Counsel Was Violated When CHAN's Sole Trial Counsel,**

25                **Harland Braun, Whom He Specifically Retained Almost Four (4) Years Ago,**

26                **Became Medically Unable to Proceed with Defending CHAN at Trial**

27         "[A] defendant should be afforded a fair opportunity to secure counsel of his own choice."

28   *Powell v. Alabama*, 287 U.S. 45, 53 (1932).  While the 6th Amendment guarantees two distinct

BRAUN & BRAUN LLP
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024

4.

BRAUN & BRAUN LLP
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024

1  rights, a defendant's right to counsel of his choice and right to effective counsel, "[d]eprivation of

2  the defendant's right is 'complete' when the defendant is erroneously prevented from being

3  represented by the lawyer **he wants**, regardless of the quality of the representation he received."

4  *See Gonzalez-Lopez*, 548 U.S. at 147–48 (2006) (alteration in original) (emphasis added).  And

5  more importantly, for the purposes of this Motion, the 6th Amendment commands "that the

6  accused be defended by the counsel **he believes to be best**."  *Gonzalez-Lopez*, 548 U.S. at 146

7  (emphasis added).

8        Here, CHAN's deprivation of his 6th Amendment right to counsel of his choice was

9  complete when (i) his sole trial attorney, Harland Braun, became medically incapacitated and

10 rendered unable to proceed with CHAN's criminal trial and (ii) CHAN was left to proceed with

11 his remaining attorney of record, Brendan Pratt, whom he never agreed to be his trial counsel, and

12 who is a recently licensed and junior practitioner with no trial experience.  *See Lee v. Senkowski*,

13 No. 02-CIV-334, 2003 U.S. Dist. LEXIS 21978, at *34 (S.D. N.Y. Dec. 2, 2003) (agreeing with

14 the trial court's granting of the motion for mistrial when the illness of the trial attorney would have

15 delayed the ongoing trial **or required a substitution with an attorney unfamiliar with the**

16 **issues**).

17        Because CHAN's deprivation of his 6th Amendment right to counsel became complete

18 once his exclusive trial attorney over these several years of litigation, Mr. Braun, was rendered

19 physically unable to proceed with trial (confirmed through documentation through his treating

20 physicians), the motion for mistrial must be granted. (Given the Supreme Court's unambiguous

21 holding in *United States v. Gonzalez-Lopez*, regarding a criminal defendant's right to chosen

22 counsel whom defendant believes is best suited to represent him at trial, CHAN believes that issue

23 alone is dispositive.  However, if CHAN were forced to proceed at trial with the novice and

24 inexperienced Mr. Pratt as trial counsel, CHAN will have no choice but to assert his right to

25 effective assistance of counsel under the 6th Amendment.).

26 ///

27 ///

28 ///

1

## CONCLUSION

2      Based on the foregoing Motion, the supporting declarations, and any evidence and

3   testimony to be presented at the next scheduled appearance before the Court, CHAN respectfully

4   requests that: (i) the Court grant Defendant's Motion for Mistrial; (ii) vacate all extant trial filing

5   deadlines, especially those related to Defendant's evidentiary litigation; and (iii) grant Defendant a

6   reasonable amount of time to find and retain replacement trial counsel.

7

8   Dated:  March 14, 2023                  Respectfully submitted,

9                                           BRAUN & BRAUN LLP

10

11

12                                          By: */s/ Brendan Pratt*
                                               BRENDAN J. PRATT
13                                             Attorney for Defendant Raymond Chan

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRAUN & BRAUN LLP
10880 WILSHIRE BOULEVARD, SUITE 1020
LOS ANGELES, CALIFORNIA 90024

6.