## **DECLARATION OF ADAM BRAUN**

I, Adam Braun, hereby declare under penalty of perjury the following:

1. I am an attorney licensed in the State of California and am a Partner at the law firm Braun & Braun, LLP. While Harland and I work at the same law firm, we have separate cases, distinct practice areas, and separate clients, and therefore I have never represented Raymond Chan. I am also the adult son of Harland Braun and therefore familiar with the serious health issues which surfaced unexpectedly over the past two weeks.

2. The following facts are within my personal knowledge and, if called as a witness herein, I can and will testify competently thereto.

3. Approximately three or four years ago, I learned from Harland that he was representing a client in a federal corruption investigation and later learned the name of the client to be Ray Chan. Over the past approximately two and a half years, I witnessed Harland and his client Ray Chan meet once and sometimes twice per week for approximately two to three hours each time. The meetings were originally in person but during certain stretches of the pandemic, those meetings were conducted via Zoom or a similar online platform before resuming as in person meetings. In the past two months as Harland's case got closer to the start of trial, those client meetings were generally daily and would last for many hours at a time and they gravitated back to Zoom presumably for time efficiency reasons. Furthermore, over the past two months, my father would mention to me during the course of a weekend or on a Monday how he had spent Saturday or Sunday, or sometimes both, meeting with Mr. Chan.

4. Although I did not attend the in-person meetings between Harland and his client over that several year period because Mr. Chan is not my client, I could see when the meetings began and ended in our conference room and could see through the conference room glass that Harland and the client were spending hours reviewing facts, documents, and other elements of Mr. Chan's defense. When Harland met with his client via Zoom, I could similarly see the Zoom meetings through the glass wall of Harland's office which is immediately next to my office.

5. In recent months, Harland and I discussed the possibility of having a first-year attorney at Braun & Braun named Brendan Pratt observe the Ray Chan trial as a learning experience

and serve a limited support role for Harland who was trial counsel. Given that this would be the first trial Mr. Pratt had even observed, it was envisioned that Brendan could help Harland by taking notes at trial, serving as a second set of ears during testimony, and assisting with legal research and writing projects when Harland requested it. To that end, starting in late November or early December 2022, Mr. Pratt attended a portion of Harland and the client's now frequent meetings, and Harland also invited Mr. Pratt to attend a December 2022 meeting with the prosecutors so Brendan could understand the mechanics of settlement discussions and the lead up to trial. Because of Brendan's narrow support role, his significant time commitments on several of my complex civil litigation matters, and the need to be efficient with his time and mindful of overhead expenses, we did not have Brendan spend what would have been hundreds of hours reviewing the voluminous discovery in Mr. Chan's case when reviewing that volume of documents was not essential to Brendan's very limited role.

6. It is my understanding that shortly before trial, the Court precluded Jeremy Chan, a licensed attorney, from assisting Harland at trial. As a result, Harland and I decided that it was important for Brendan to increase the amount of time he spent providing support to Harland on pretrial preparation tasks in those last few weeks leading up to trial.

7. As Brendan's supervisor, I can confirm that at no time was it envisioned that anyone other than Harland was the trial lawyer on the case. Harland would be the only attorney responsible for all substantive matters in the trial, including opening statement, cross-examination of witnesses, and trial tactics (including the themes of the defense, what evidence to use to support that defense, and what witnesses to call). It is that reason why Harland by himself interviewed the vast majority of the potential defense witnesses suggested by his client, and Brendan only attended a few of those witness interviews.

8. Brendan Pratt is a very intelligent person but has only begun his legal career and has never tried a case or even had the chance to observe a trial prior to Mr. Chan's trial. Without trial experience and without hands on practical experience, he is not yet able to comfortably and capably make nuanced assessments regarding the admissibility of certain lines of questioning or of trial

**2.**
**DECLARATION OF ADAM BRAUN**

exhibits. It is something he will gain with time and experience, and I have every confidence he will eventually be a very capable trial attorney should that remain his professional interest.

9. Given his age, Harland is understandably not very comfortable with the federal electronic filing system and often depends on the assistance of others when using it; to that end, I recently learned for the first time that Harland asked Brendan in September 2022 to file a notice of appearance in Mr. Chan's case to ensure there was redundancy in the receipt of electronically served documents in Mr. Chan's case and to help Harland access or forward documents to his client. Harland was apparently not aware that he could have simply used a secondary email (such as one of the other office-related accounts) as a duplicate address for service if he was concerned that he might not notice or receive case documents distributed to his own email address, and that it was not necessary to have a junior attorney appear on the case to receive duplicate service. However, as Brendan's supervisor and someone in charge of monitoring his time, I can confirm Brendan did not become involved in Mr. Chan's case until late November or early December 2022 when Harland and I discussed and agreed it would be a good learning experience for Brendan to observe Mr. Chan's trial and while there, provide some support to Harland as described above.

10. My family and I are aware of Harland's unexpected health issues that surfaced a little less than two weeks ago. In fact, I was the person that found him gravely ill in his office and called for an ambulance. My family and I have not surprisingly followed his medical developments, the treatments, and time course for the future treatments and recovery he has ahead of him. We also to the extent possible sought updates from those involved in his care and on prior occasions obtained letters from first his primary care doctor and later the Chair of UCLA's Urology Department, both of which were informally shared with the Court.

11. As part of our support of Harland, my family and I obtained yesterday (Sunday, March 12, 2023) another letter from UCLA Hospital which again confirms Harland's care and recuperation with last for another three months or more. Given the medical privacy issues involved, I am willing to share this letter with the Court for its review *in camera* at the hearing scheduled for Thursday, March 16, 2023 and am willing to answer *in camera* any questions the Court might have about Harland's medical condition. However, Harland's family for medical privacy reasons is

**3.**
**DECLARATION OF ADAM BRAUN**

unwilling to either make it a part of the public record in the case or share it with the U.S. Attorney's Office. Other than knowing Harland is physically incapable of participating in the trial for more than three months, the U.S. Attorney's Office has no need to know further specifics about Harland's medical conditions and future treatments which instead can be verified by the Court's *in camera* review. Whatever interest the prosecutors have beyond morbid curiosity certainly does not outweigh Harland's privacy rights and can be adequately protected by the Court with its *in camera* review or *in camera* questioning of Adam Braun.

12. I file this declaration in support of Defendant's motion for a mistrial to confirm Harland's physical inability to participate in Mr. Chan's defense for several months and confirm Harland's role as Mr. Chan's only trial counsel and only attorney capable of effectively representing Mr. Chan prior to the sudden onset of his illnesses. On behalf of Harland's family, I will make myself available at the March 16, 2023 hearing to speak with the Court *in camera* should it have questions about Harland's health and physical unavailability for several months or should it wish to review *in camera* that most recent letter from UCLA Hospital obtained by Harland's family.

I hereby declare under the laws of the State of California and the United States of America that the foregoing is true and accurate and that this declaration was executed on March 13, 2023 in Los Angeles, California.

  /s/ *Adam H. Braun*
  ADAM H. BRAUN