E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-2 |
| Plaintiff, | GOVERNMENT'S STATEMENT REGARDING DEFENDANT'S EXHIBITS, EXHIBIT LIST, AND JOINT STATEMENT FILING DEADLINE; EXHIBITS A-D |
| v. | |
| RAYMOND SHE WAH CHAN, aka "She Wah Kwong," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files the Government's Statement Regarding Defendant's Exhibits, Exhibit List, and Joint Statement Filing Deadline.

The government's Statement is based upon the below position and the exhibits attached thereto and filed concurrently under seal, the

files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 15, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

     /s/
SUSAN S. HAR
MACK E. JENKINS
CASSIE D. PALMER
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**TABLE OF EXHIBITS**

| Exhibit | Description | Cite |
|---|---|---|
| A | March 6-7, 2023 Email chain with Brendan Pratt and the Court re: "Clarification Re Deadline for Defense Updated Exhibit Binders" | 3 |
| B | March 8-12, 2023 Email chain with Adam Braun, Brendan Pratt, and Government Counsel re: "Harland's Medical Condition and Government's Conduct in the Face of it [United States v. Chan]" – **Filed Concurrently Under Seal** | 4, 5 |
| C | March 5, 2023 Letter – **Filed Concurrently Under Seal** | 1 |
| D | March 7, 2023 Letter – **Filed Concurrently Under Seal** | 1 |

**GOVERNMENT'S POSITION**

The government submits this position to explain why it is unable to prepare its portion of the joint statement regarding the defense exhibits, which this Court ordered to be filed by the parties by March 15, 2023. The government previously filed its preliminary position and objections with respect to the defense's exhibit list as of March 3, 2023. (Dkt. No. 985.) Thereafter, the Court ordered defendant to prepare and provide his updated exhibit list and exhibits to the government by March 9, 2023. Defendant has failed to comply with this order; accordingly, the government has been unable to review the revised defense exhibits or meet and confer with the defense regarding the parties' final positions on the proposed defense exhibits.

On March 5 and 8, 2023, defense counsel Brendan Pratt provided to the Court and the government letters regarding Harland Braun's medical status. (Exs. C, D.)[1] On March 14, 2023, defendant filed a motion for a mistrial seeking, among other things, an order "vacat[ing] all extant trial filing deadlines, especially those related to Defendant's evidentiary litigation." (Dkt. No. 996 at 6.) The government has reviewed the motion and requests the Court set a briefing schedule that allows it to file its response by 4 p.m. on Monday, March 20, 2023.

---

[1] The government is moving concurrently herewith for leave to file Exhibits B, C, and D under seal for the reasons set forth in that separate application.

1

### A. The Court's Orders Regarding the Defense Exhibits and Defense Counsel's Repeated Representations of Forthcoming Compliance

The parties last appeared before this Court for a status conference on March 6, 2023. (Dkt. No. 991.) Defendant was represented by Brendan Pratt, who first entered a notice of appearance as counsel of record on September 2, 2022 (see Dkt. No. 664), and has appeared consistently at all trial-related proceedings in this case since late 2022. During the March 6 status conference, the Court ordered defendant to provide the government with his revised exhibit list and exhibits by March 9, 2023, based on numerous concerns the Court had about certain categories of defense exhibits, as described in the government's position and objections to defendant's exhibits list (see Dkt. No. 985).[2] Specifically, defendant was ordered to provide by March 9: (1) all outstanding translations for defense exhibits that defendant sought to offer as evidence; (2) revised text message exhibits that the defense sought to offer as evidence, including by editing down overinclusive messages; (3) verbatim English transcripts reflecting the audio portion of all excerpts of or full recordings that the defense sought to play; (4) revised summary charts and timelines to eliminate argumentative language and references to entrapment; and (5) a revised exhibit list to reflect the revised and withdrawn exhibits. Mr. Pratt represented to the Court that he would do so, and explained that he (Mr. Pratt) had been working with his client, had already

---

[2] Prior to this date, the Court had already extended multiple deadlines for the defense to prepare and provide its exhibits to the government. Harland Braun previously advised the Court that his co-counsel, Mr. Pratt, would be handling the defense exhibits. The Court also previously ordered Mr. Pratt to become intimately familiar with the defense exhibits.

2

trimmed down a number of the exhibits at issue, and was in the process of working to revise others.

Based on the defense's anticipated production, the Court ordered the government to review the revised defense exhibits and exhibit list upon receipt, and for the parties thereafter to meet and confer and prepare separate joint statements with the parties' respective positions on each category of outstanding objections to the defense exhibits by March 15, 2023. During that same hearing, the Court further ordered the defense to prepare and deliver physical courtesy copies of the exhibits in dispute to the Court and to the government to aid efficient review and analysis of the outstanding matters.

Following the March 6 hearing, Mr. Pratt emailed the Court and the government later the same day. (Ex. A.) Consistent with his representations during the hearing, Mr. Pratt noted in his email that the defense "anticipate[d] that between a combination of amended defense exhibits and withdrawn defense exhibits that the parties will be able to substantially narrow the items in dispute for the Court to resolve." (Id.) Mr. Pratt noted his concern that "once the defense provides these amended exhibits to the Government on Thursday, a majority of the Government's objections will (hopefully) become moot." (Id.) Mr. Pratt reasoned that it would therefore be premature to deliver a "binder of exhibits in dispute" to the Court, given that he did not believe many exhibits "will ultimately be in dispute after the Government has had the opportunity to review these amended exhibits that they will be receiving on Thursday." (Id.) Accordingly, Mr. Pratt requested that the defense provide the binders on March 15--the same date that the joint statements were ordered to

3

be filed. (Id.) The Court indicated that it was agreeable to the defense's plan and request. (Id.)

### B. Defendant's Failure to Comply with the March 9 Deadline to Provide a Revised Exhibit List and Exhibits

Notwithstanding Mr. Pratt's repeated representations to the Court and the government that the defense's revised exhibits and exhibit list were in progress and forthcoming on the Court-ordered deadline of Thursday, March 9, the defense made no production on that date. The defense did not provide the government any specific advance notice that it would now be changing course from its most recent representations and that it would not be producing its revised exhibits or exhibit list on that date.[3] Nor did the defense seek any relief from the Court ahead of the March 9 deadline.

---

[3] On March 8, the government received an email from Harland Braun's adult son, Adam Braun, who is a lawyer and partner at Braun & Braun LLP, addressing Harland Braun's medical status. (Ex. B at 6-7.) In his email, Adam Braun referenced an email by government counsel seeking to meet and confer with Mr. Pratt regarding the government's position on certain inadmissible testimony of prospective defense witnesses and related evidence, and the government's intention to file a motion regarding those issues after having an opportunity to meet and confer with the defense. Adam Braun provided his viewpoint that it was "inappropriate" to file such a motion while Harland Braun was unavailable. (Id.) Adam Braun's March 8 email made no reference to the March 9 deadline for the defense to provide its exhibits and exhibit list. (Id.)

The government has previously raised its objection to inadmissible character evidence by the defense, particularly through "good acts" testimony or exhibits. (See Dkt. No. 943 [Government's Trial Brief] at 34-27; Dkt. No. 961 [Government's Objections to PowerPoint Displays During Opening Statements] at 7-8.) The government has prepared a written motion to exclude evidence of defendant's good acts and impermissible character testimony. In light of Adam Braun's stated position in his March 8 email attacking the government for continuing to tee up outstanding litigation issues, as well as the now-pending motion for mistrial, the government has withheld filing its fully briefed motion for now. The government will be prepared to file the motion when the Court deems it appropriate or helpful.

4

### C. Defense Counsel's Refusal to Meet and Confer with the Government Under Instruction by Adam Braun

On the morning of March 9, government counsel sent an email to Mr. Pratt requesting a call with him as counsel of record. (Ex. B at 5.) Mr. Pratt declined, advising that Adam Braun had "asked that you please put whatever you want to communicate in writing." (Id.)

Accordingly, on March 10, 2023, government counsel responded to Mr. Pratt's request by detailing for Mr. Pratt a number of outstanding issues about which it sought to meet and confer, including the defense's missed March 9 production deadline. (Ex. B. at 2-5.) The government reminded the defense that, without the defense's exhibits, it would not be able to comply with its own Court-ordered obligations, including to meet and confer regarding the defense exhibits and to prepare written positions for the joint statements due on March 15. (Id. at 3.) The government further advised that defendant needed to seek relief from the Court if he did not intend to comply with the Court-ordered deadlines and corresponding meet-and-confer obligations. (Id.)

As of the date of this filing, the defense has still not provided its revised exhibits or exhibit list.

### D. Adam Braun's Continued Instructions to Mr. Pratt Regarding Defendant's Case

On March 12, 2023, Adam Braun responded to government counsel's email to Mr. Pratt. (Ex. B at 1-2.) Adam Braun devoted the majority of his email to making false and baseless accusations regarding government counsel's intentions in seeking to ascertain the defense's position on a number of outstanding issues that remained pending notwithstanding Mr. Braun's absence, including the missed March 9 exhibit production deadline and the forthcoming March 15 joint

5

statement deadline. (Id.) In the final paragraph of his email, Adam Braun noted that defendant would be filing a motion for a mistrial on either March 13 or March 14. (Id. at 2.) Tacitly conceding the defense's failure to comply with several Court deadlines, and following government counsel's suggestion, Adam Braun also noted that the motion would "address and seek relief from the various deadlines you are purportedly concerned with and relieve the government of its obligations with respect to defense exhibits and witnesses[.]" (Id.)

On March 14, 2023 at 4:09 p.m., Mr. Pratt filed a motion for a mistrial on behalf of defendant, supported by declarations by defendant and Adam Braun, who describes himself as Mr. Pratt's "supervisor." (Dkt. No. 996-2 ¶¶ 7, 9; see generally Dkt. No. 996.) The motion, which was filed five days after the March 9 defense exhibits production deadline and one day before the March 15 deadline for the defense to file joint statements regarding the exhibits and to produce physical hard copies to the Court and the government of the exhibits in dispute, does not describe defendant's failure to provide the Court-ordered exhibits and revised exhibit list. The filing does not include a declaration by Mr. Pratt. The motion requests that the Court "vacate all extant trial filing deadlines, especially those related to Defendant's evidentiary litigation." (Dkt. No. 996 at 6.)

Because defendant never supplied his revised exhibit list or exhibits, presumably based on the position that Adam Braun has taken on behalf of defendant (though not yet as counsel of record for defendant) that it would be "inappropriate" for the parties to follow the Court's directives and deadlines, the government has been unable to review the defense's exhibits, meet and confer with Mr. Pratt, or

6

1  prepare its portion of defendant's joint statements regarding the
2  defense exhibits.