Brendan Pratt, Esq. [CASBN 341697]
Email: brendan@braunlaw.com
BRAUN & BRAUN LLP
10880 Wilshire Boulevard, Suite 1020
Los Angeles, California 90024
Telephone: (310) 277-4777
Facsimile: (310) 507-0232
Attorneys for Defendant RAYMOND CHAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-00326-JFW-2 |
| Plaintiff, | |
| v. | **DEFENDANT RAYMOND SHE WAH CHAN'S DECLARATION RE: SEARCH FOR NEW TRIAL COUNSEL AND REQUEST FOR ADDITIONAL TIME TO RETAIN NEW TRIAL COUNSEL** |
| RAYMOND SHE WAH CHAN, | |
| Defendant. | |

Defendant RAYMOND CHAN ("Defendant" or "Chan"), through his attorneys Harland W. Braun and Brendan J. Pratt, hereby submits the following declaration of Raymond Chan which has been prepared by Mr. Chan himself and electronically filed on his behalf.

Dated: April 24, 2023         Respectfully submitted,

BRAUN & BRAUN LLP

By: _/s/ Brendan Pratt_____
Brendan J. Pratt
Attorney for Defendant Raymond Chan

## <u>DECLARATION OF RAYMOND SHE WAH CHAN</u>

## IN RESPONSE TO COURT ORDER DATED APRIL 13, 2023

I, Raymond She Wah Chan, the Defendant in United States v. Chan, 20 CR 326-JFW, declare under penalty of perjury the following:

**<u>Thursday, April 13, 2023</u>**

During a status conference, the Court granted my Motion for Mistrial [Motion] and set a deadline of April 24, 2023 for me to retain new counsel.  The Court also stated that if I was not able to retain new counsel by then, I am required to provide an explanation.

Also at the conference, the Government stated that they would offer another reverse proffer to me.

After the conference, I contacted some people and obtained recommendations for two potential counsels, Attorney-1A / Attorney-1B and Attorney-2.  I started to prepare some relevant materials for my initial discussion with them.

Concurrently, I worked with Even Chan, an assistant on my defense team during trial, to assist me in searching for counsel through the internet using multiple sources.  We reviewed their firm websites, online databases, and the Yellow Pages to gauge their experience. We used Google and Yelp, where possible, to read reviews to help gauge their competency, professionalism, and diligence. Our goal is to identify potential counsels, who are Federal Court attorneys with the requisite experience in defending cases like mine, for me to contact.

**<u>Friday, April 14, 2023</u>**

I had a phone conversation with Attorney-1B and scheduled a Zoom meeting for the following day with him and Attorney-1A.  I prepared and emailed both some relevant materials for the meeting.

I had a phone conversation with Attorney-2 and scheduled a meeting for the following day. I prepared and emailed some relevant materials to Attorney-2 for the meeting.

I called a person in the Federal Public Defender Office and left a voice message that I would like to inquire more information about the Criminal Justice Act (CJA) program. [While I was waiting for the ruling on the Motion, I asked people for recommendations of counsel, in case the Motion was granted. One of them was a public defender. On April 3, I reached out to the public defender for recommendations of counsel. The public defender mentioned the CJA program. I said that I would like to learn more about the program. The next day, the public defender provided me with information for a person to contact. I replied that I would *"contact [the person], most likely after Judge Walter's decision [on the Motion]."*]

In addition, while waiting for the ruling on the Motion, I had a discussion with Attorney-3, about the possibility of having him as my new counsel if the Motion was granted. Attorney-3 explained that there would be a conflict-of-interest issue which was not impossible, yet difficult to overcome. We decided to resume this conversation if the Motion is granted. On April 13, I learned that the conflict-of-interest hurdle may not be easily cleared. So, I emailed Attorney-3 expressing my findings and thanked him for our previous discussion.

The online search and screening for potential counsel continued.

**Saturday, April 15, 2023**

In the morning, I discussed my case in a Zoom meeting with Attorney-1A and Attorney-1B. We reached an understanding that their legal fees for trial would be beyond my affordability. However, they would help with the reverse proffer with the Government and would send me a proposal.

In the afternoon, I met with Attorney-2.  He had no interest in representing me for trial but would help with the reverse proffer or a negotiation with the Government.  He gave me a proposal.

Since time was of the essence to cope with the court's order, I decided to retain a counsel for the reverse proffer or a negotiation with the Government, while still searching for a counsel for trial in case there was no resolution.

I also contacted another potential counsel for trial, Attorney-4, and I contacted Attorney-4 the following week.

The online search and screening for counsel continued.

**Sunday, April 16, 2023 and Monday, April 17, 2023**

On April 16, I decided to retain Attorney-2 for his service to negotiate with the Government.  We discussed this matter and I prepared and emailed additional relevant materials to Attorney-2.

On April 17, I had more phone discussions with Attorney-2.  Attorney-2 said that he was in the process of arranging a meeting with the Government.

I asked Attorney-2 whether I should continue to contact potential counsel for trial.  Attorney-2 said any other potential counsel I contacted during that time may start to talk to the Government and may cause confusion.  So he advised me to stop contacting potential trial counsel for a few days.   However, we continued our online search efforts.

**Tuesday, April 18, 2023**

Mr. Brendan Pratt received an email from the CJA Office that stated *"Your client, r. Chan, <u>inquired about the process</u> for obtaining appointment of CJA counsel… I am reaching out to advise you that, in retained cases before Judge Walter, an ex parte in camera request for the appointment of CJA counsel must be filed under seal with a full financial statement, prepared by*

*Mr. Chan's accountant, that details income assets and liabilities. The Court has advised that you*

*must assist Mr. Chan prepare and file this request for appointment of counsel."*

Mr. Pratt forwarded the CJA Office's email to me.  I replied to the CJA Office that *"I*

*would like to learn more about this program."*

Shortly after, Mr. Pratt forwarded a Court Order stating that if I intend *"to request the*

*appointment of counsel, on or before April 21, Mr. Pratt, who is currently counsel of record for*

*Defendant, shall file an Ex Parte Application requesting the appointment of counsel..."*

I reached out to a public defender on April 3rd to seek recommendation for private sector

attorneys.  When the CJA program was mentioned to me, I only expressed interest in learning

more about it (the qualification criteria, the process, etc.).  During this time, I am still seeking

private sector counsel, which is why no Ex Parte Application was filed on or before April 21.

The online search for counsel continued.

**Wednesday, April 19, 2013 to Saturday, April 22, 2013**

On April 19, Attorney-2 had a meeting with the Government and obtained a response.

From April 20 to April 22, Attorney-2 and I discussed the Government's response over

two meetings and multiple phone conversations.  The discussion is still in progress.

Meanwhile, Attorney-2 agreed that I could resume calling potential trial counsel in case

there was no resolution with the Government.  I then contacted Attorney-4, a potential counsel

for trial. We briefly discussed my case and scheduled a meeting for Tuesday, April 25.

**Sunday, April 23, 2023**

I prepared this declaration in response to the Court Order, dated April 13, 2023

Through our 10-day research for a trial counsel through the internet.  Currently, we have identified five (5) potential counsels whom I will contact, starting Tuesday, April 25.

In recognition of my effort to retain new trial counsel as indicated in this declaration, I am respectfully requesting the Court to extend the Court Order's deadline to May 15, 2023.

I hereby declare under the laws of the State of California and the United States of America that the foregoing is true and accurate that this declaration was executed on April 24, 2023 in Los Angeles, California.

RAYMOND SHE WAH CHAN