E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND SHE WAH CHAN, <br> aka "She Wah Kwong," <br><br> Defendant. | No. 2:20-CR-326(A)-JFW-2 <br><br> STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT <br><br> **CURRENT TRIAL DATE:** N/A <br> **PROPOSED TRIAL DATE:** 03/12/2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant RAYMOND SHE WAH CHAN, both individually and by and through his counsel of record, John Hanusz and Michael G. Freedman, hereby stipulate as follows:

1. The Indictment in this case was filed on July 30, 2020, charging only defendant JOSE LUIS HUIZAR. (Dkt. No. 36.) The First Superseding Indictment in this case was filed on November 12, 2020, and made public on December 1, 2020, and charged defendants HUIZAR, CHAN, WEI HUANG, SHEN ZHEN NEW WORLD I, LLC ("SZNW"), DAE YONG LEE, and 940 HILL, LLC ("940 HILL"). (Dkt. No. 74.) Defendant CHAN first appeared before a judicial officer of the court in which the charges in this case were pending on December 1, 2020 (Dkt. No. 100), and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant CHAN commence on or before February 9, 2021.

2. Defendant CHAN is released on bond pending trial. Based on the original trial against defendant CHAN that resulted in a mistrial (discussed further below), the government estimates that its case-in-chief, including estimated cross examination, in this matter will last approximately 10-14 trial days. Defendant CHAN expects to present a case, but his newly retained counsel currently does not have an estimate of the length of the defense case.

3. On August 5, 2020, the Court set a trial date for defendant HUIZAR of September 29, 2020. (Dkt. Nos. 50, 51.) On August 19, 2020, the Court continued the trial date for defendant HUIZAR from September 29, 2020, to June 22, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 63.)

4. On December 14, 2020, the Court set a trial date of June 22, 2021 for defendant CHAN, who was then joined for trial with defendant HUIZAR and the other defendants charged in the First Superseding Indictment, and no trial severances had yet been sought or granted. (Dkt. No. 147.)

5. On January 27, 2021, pursuant to the parties' stipulated request, the Court vacated the trial date of June 22, 2021 for all defendants and found the interim period between the initial appearance of defendant CHAN on December 1, 2020, and June 22, 2021, to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 159.)

6. On May 13, 2021, pursuant to the parties' stipulated requests, the Court set a trial date of May 24, 2022, set specific pretrial deadlines, and found the period of June 22, 2021, to May 24, 2022, inclusive, to be excluded as to defendant CHAN (in addition to the other defendants who had appeared in the case) in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 187.)

7. On February 3, 2022, at defendants HUIZAR and CHAN's request, and with the government's agreement, the Court continued the trial date in this case from May 24, 2022, to October 18, 2022, and found the period of May 24, 2022, to October 18, 2022, inclusive, to be excluded as to defendant CHAN (in addition to the other defendants who had appeared in the case) in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 368.)

8. On April 27, 2022, at defendant HUIZAR's request, at defendant CHAN's partial request and partial objection, and with the government's agreement, this Court continued the trial in this case as to defendants HUIZAR and CHAN from October 18, 2022, to February 21, 2023, and found the period of October 18, 2022, to February 21, 2023, inclusive, to be excluded as to defendants CHAN and HUIZAR in

3

computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 441.)

9. The original trial for defendant CHAN began on February 21, 2023.[1] (Dkt. No. 972.) Following the conclusion of the eighth trial day on March 2, 2023, then-defense counsel Harland Braun took ill. (Dkt. No. 984.) On March 14, 2023, defendant CHAN filed a motion seeking the declaration of a mistrial, which the government opposed, and requested to obtain new counsel. (Dkt. Nos. 996, 1010.) On April 13, 2023, the Court granted defendant CHAN's motion seeking the declaration of a mistrial. (Dkt. No. 1034.) Following the Court's grant of a mistrial, absent any excludable time, the last date to commence the retrial would have been June 22, 2023.

10. During a hearing on April 28, 2023, defendant CHAN, aided by then-defense counsel Brendan Pratt, advised the Court that he was still in the process of seeking to obtain new counsel. (Dkt. No. 1043.) The Court advised defendant CHAN of his rights under the Speedy Trial Act, and defendant CHAN knowingly and voluntarily waived in open court his right to be brought to trial earlier than would be required under the Speedy Trial Act. (Id.)

11. On May 5, 2023, the Court approved defendant CHAN's request for John Hanusz to substitute in as defendant CHAN's counsel of record in this case. (Dkt. No. 1046.) The same day, Michael G. Freedman entered a notice of appearance as additional counsel of record for defendant CHAN. (Dkt. No. 1047.) On May 10, 2023,

---

[1] The government has completed two of the three severed trials in this matter: defendants LEE/940 HILL (06/14/22), and defendant SZNW (10/27/22). Defendant HUIZAR pleaded guilty on January 20, 2023, and is scheduled to be sentenced on September 25, 2023. Defendant Wei Huang remains a fugitive. Accordingly, the retrial of defendant CHAN is the final trial scheduled in this matter.

4

following the parties' meeting and conferring regarding proposed trial dates and scheduling matters, and in recognition of new defense counsels' trial conflicts and need for time for effective preparation in this case, the parties jointly agreed to a March 12, 2024 retrial date, pending the Court's approval.  (Dkt. No. 1053.)  During a May 12, 2023 status conference, the Court and the parties discussed the parties' proposed retrial date, and the Court ordered the parties to submit a stipulation and proposed order for retrial and related pretrial deadline dates consistent with the March 12, 2024 retrial date.  (Dkt. No. 1056.)  Accordingly, the parties have met and conferred further and have agreed upon the proposal below.

12. By this stipulation, defendant CHAN moves to continue the date for retrial, which currently remains off calendar following the Court's declaration of a mistrial on April 13, 2023, to March 12, 2024.  The government does not oppose the continuance.  The government and defendant CHAN jointly request the following related pretrial deadlines (with Court hearings appearing in **bold**):

| Event | Date |
|---|---|
| Gov't Amended Exhibit List & Gov't Exhibits (incl. Gov't New and Revised Exhibits[2]) to Defense | 01/16/2024 |
| Conference re: Gov't New and Revised Exhibits | 01/24/2024 |
| Defense Exhibit List & Defense Exhibits[3] to Gov't | 01/26/2024 |
| Exchange New Joint MILs (with prior Court authorization only)[4] | 01/26/2024 |

---

[2] All references to the "Gov't New and Revised Exhibits" herein include new and revised exhibits, charts, summaries, transcripts, and translations.

[3] All references to the "Defense Exhibits" herein include exhibits, charts, summaries, transcripts, and translations.

[4] Pursuant to the Court's order during the May 12, 2023 status conference, and consistent with the Court's prior orders in this
*(footnote cont'd on next page)*

5

| Event | Date |
|---|---|
| Joint Pretrial Gov't Amended Exhibit Stipulation (with Defense Objections to Gov't New and Revised Exhibits Only) | 01/31/2024 |
| Exchange Joint MIL Oppositions (if applicable) | 02/02/2024 |
| Conference re: Defense Exhibit List & Defense Exhibits | 02/05/2024 |
| Joint Pretrial Defense Exhibit Stipulation | 02/09/2024 |
| Joint MILs Filing with Replies (if applicable) | 02/09/2024 |
| Joint Statement re: Objections to Gov't New and Revised Exhibits | 02/12/2024 |
| Revised Gov't Witness List (with cross estimates) | 02/13/2024 |
| Expert Offer of Proof (New or Revised Only) | 02/13/2024 |
| Gov't Brady/Giglio and Jencks Statements (if new)[5] | 02/13/2024 |
| **Hearing re: JMILs (if applicable)** | **02/16/2024 at 8am** |
| Govt's Proposed Jury Instructions to Defense | 02/16/2024 |
| Joint Statement re: Objections to Defense Exhibit List & Defense Exhibits | 02/22/2024 |
| Defendant's Proposed / Disputed Jury Instructions to Gov't | 02/23/2024 |
| Revised Joint Statement of the Case (if any) | 02/27/2024 |
| Additional Proposed Voir Dire (if any) | 02/27/2024 |
| **Pretrial Conference** | **03/01/2024 at 8am** |
| Joint Verdict Form Filing | 03/04/2024 |
| Joint Proposed / Disputed Jury Instructions Filing | 03/04/2024 |
| Trial Brief (if any) | 03/04/2024 |
| Defense Witness List (with cross estimates) | 03/04/2024 |
| Defense Jencks Statements | 03/04/2024 |

---

case, any party seeking to file a motion in limine must first seek and obtain prior Court approval by filing an ex parte application explaining the basis for the motion and either (1) certifying that the issue has not been previously ruled upon by the Court in this proceeding or (2) providing a justification for re-litigating an issue upon which the Court already has ruled. Subject to obtaining this approval from the Court, each party is limited to a total of five motions in limine. (See Dkt. No. 816.)

[5] The government complied with its Brady/Giglio and Jencks disclosure requirements in connection with the initial trial against defendant CHAN that resulted in a mistrial. The government will supplement its previous disclosures as necessary in connection with the retrial.

13. Defendant CHAN requests a continuance of the current trial date based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant CHAN is charged with violations of 18 U.S.C. § 1962(d) (Racketeer Influenced and Corrupt Organizations Conspiracy); 18 U.S.C. §§ 1343, 1346, and 2(b) (Honest Services Wire Fraud); 18 U.S.C. § 666(a)(1)(B) and 2(a) (Bribery Concerning Programs Receiving Federal Funds); and 18 U.S.C. § 1001(a)(2) (Making False Statements).

    b. The discovery produced to date includes over 2,106,000 pages of written documents (including reports, e-mails, text messages, third-party productions, transcripts, and wire line-sheets), and over 93,000 files of intercepted wire sessions, including audio and data files. In addition, the productions include extraction reports for over a dozen digital devices, over 260 hours of audio recordings in addition to intercepted wire sessions, pen register data for over two dozen phones, GPS phone tracker data for multiple devices, and dozens of pleadings for wiretap applications, search warrants, cell site and GPS warrants, and pen registers. The government currently is in the process of preparing an additional production consisting of data extracted from an additional digital device, comprising approximately 4,000 additional files, and will continue to produce discovery that is generated as part of trial preparation during the pendency of this case.

    c. Due to the nature of the prosecution, including the charges in the First Superseding Indictment and the voluminous discovery produced to defendant, this case is so unusual and so

7

complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits, especially in light of defendant CHAN's new counsel having recently substituted in as counsel of record on May 5, 2023.

        d.   Defendant CHAN's counsel presently are scheduled to be in the following trials:[6]

            i.   John Hanusz: (1) <u>United States v. Perez</u>, CR 17-314-JAK, a conspiracy and firearms dealing trial set to begin on August 22, 2023, which is estimated to last approximately three days; (2) <u>United States v. Galicia</u>, ED CR 21-105-JGB, a multidefendant drug conspiracy trial set to begin on September 26, 2023, which is estimated to last approximately five days; (3) <u>United States v. Zea Londono</u>, CR 20-239-TJH, an honest services fraud trial set to begin on October 17, 2023, which is estimated to last approximately five days; (4) <u>United States v. Eyzaguirre</u>, CR 20-351-JGB, a healthcare fraud trial set to begin on December 12, 2023, which is estimated to last approximately five days; and (5) <u>United States v. Flores Vasquez</u>, CR 19-117-ODW, a multidefendant RICO/VICAR trial set to begin on April 29, 2024, which is estimated to last approximately two months. In addition, Mr. Hanusz has previously scheduled prepaid vacations from June 11 through 26, 2023 (international/out-of-state), and July 6 through 13, 2023 (out-of-state).

            ii.   Michael Freedman: (1) <u>United States v. Aslanian</u>, CR 22-445(A)-JGB, a murder-for-hire and arson trial set to begin on June 27, 2023, which is estimated to last approximately seven-to-ten days; (2) <u>United States v. Pure Assay et al.</u>, CR 18-771-DSF, a

---

[6] Unless specified otherwise, the case names and numbers listed herein are cases pending in this District.

8

multidefendant customs fraud trial set to begin on July 11, 2023, which is estimated to last approximately ten days; (3) United States v. Wahab, CR 21-603-VEC in the United States District Court for the Southern District of New York, an out-of-state sentencing hearing that will require Mr. Freedman to travel from July 23 through 27, 2023; (4) Pinto v. EDD, Case No. 22STCP00615 in Los Angeles County Superior Court, a writ-of-mandate trial set to begin on October 6, 2023, which is estimated to last approximately two days; (5) United States v. Weaver, CR 19-527-ODW, a multidefendant healthcare fraud trial set to begin on October 17, 2023, which is estimated to last approximately three weeks; (6) United States v. Perez, CR 21-35-JGB, a multidefendant honest services fraud trial set to begin on November 28, 2023, which is estimated to last approximately five-to-seven days; (7) People v. Awesome Calls, Case No. 21STCV04430 in Los Angeles County Superior Court, a securities regulatory trial set to begin on December 11, 2023, which is estimated to last approximately one week; (8) a JAMS arbitration involving a multiparty partnership dispute set to begin on January 22, 2024, which is estimated to last approximately one week; (9) Savin v. TPE, Case No. 37-2022-00020213-CU-BC-NC in San Diego County Superior Court, a partnership dispute trial set to begin on February 23, 2024, which is estimated to last approximately five days; (10) an AAA arbitration involving an employment dispute set to begin on March 11, 2024, which is estimated to last approximately one week; (11) Villareal v. Growth Spike, Case No. 20STCV37385 in Los Angeles County Superior Court, an employment dispute trial set to begin on March 27, 2024, which is estimated to last approximately one week; and (12) Calzona v. Odyssey, Case No. 22CECG01617 in Fresno County Superior Court, a contract action trial

set to begin April 22, 2024, which is estimated to last approximately three-to-five days. In addition, Mr. Freedman has a previously scheduled international and in-state prepaid vacation from August 4 through 21, 2023.

        iii. Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case before March 12, 2024.

    e. In light of the foregoing, new counsel for defendant CHAN also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    f. At the April 28, 2023 status conference, the Court advised defendant personally as to his rights under the Speedy Trial Act, and defendant knowingly and voluntarily waived his right to be brought to trial earlier than would be required under the Speedy Trial Act.

    g. Defendant believes that failure to grant the continuance will deny him reasonable time necessary to obtain new counsel, continuity of counsel, and adequate representation.

    h. The government does not object to the continuance.

    i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the

part of the attorneys for the government to obtain available witnesses.

14. For purposes of computing the date under the Speedy Trial Act by which defendant CHAN's retrial must commence, the parties agree that the time period of April 13, 2023, to March 12, 2024, inclusive, as to defendant CHAN, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would deny defendant reasonable time to obtain counsel, would unreasonably deny defendant continuity of counsel, and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

15. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//

1  Trial Act may in the future authorize the exclusion of additional
2  time periods from the period within which trial must commence.
3      IT IS SO STIPULATED.

Dated: May 18, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

*/s/ Brian R. Faerstein*

BRIAN R. FAERSTEIN
MACK E. JENKINS
CASSIE D. PALMER
SUSAN S. HAR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: May 18, 2023

JOHN HANUSZ
MICHAEL G. FREEDMAN
Attorneys for Defendant
RAYMOND SHE WAH CHAN

//
//
//
//
//
//
//
//
//
//
//
//

I am RAYMOND SHE WAH CHAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 12, 2024 is an informed and voluntary one.

_____   May 18, 2023
JOHN HANUSZ                 _____
MICHAEL G. FREEDMAN         Date
Attorneys for Defendant
RAYMOND SHE WAH CHAN

I have read this stipulation and have carefully discussed it with my attorneys. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 12, 2024. I understand that I will be ordered to appear in Courtroom 7A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on March 12, 2024, at 8:30 a.m.

_____   May 18, 2023
RAYMOND SHE WAH CHAN        _____
Defendant                   Date

13