UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 20-326(A)-JFW**                                                                    Dated: January 5, 2024

===========================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
| | | Susan S. Har |
| | | Brian R. Faerstein |
| | | Asst. U.S. Attorney |
| | | Not Present |

===========================================================================
U.S.A. vs (Dfts listed below)                              Attorneys for Defendants

2)   Raymond She Wah Chan                              2)   John Hanusz, Retained
     Not Present                                                  Michael Gregory Freedman, Retained
                                                                           Not Present

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING DEFENDANT RAYMOND CHAN'S MOTION TO DISMISS COUNTS 1, 12-15 AND 28 OF THE FIRST SUPERSEDING INDICTMENT AND STRIKE OVERT ACTS [filed 12/4/2023; Docket No. 1210]**

On December 4, 2023, Defendant Raymond Chan ("Defendant" or "Chan") filed a Motion to Dismiss Counts 1, 12-15 and 28 of the First Superseding Indictment and Strike Overt Acts ("Second Motion to Dismiss and Strike").  On December 18, 2023, the Government filed its Opposition.  On December 25, 2023, Defendant filed a Reply.  The Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 8, 2024 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      BACKGROUND**

On November 12, 2020, the grand jury returned the First Superseding Indictment charging Chan with RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346, 2(b) (Counts Two through Four and Counts Twelve through Fifteen), federal program bribery in violation of 18 U.S.C. § 666(a)(1)(B), 2(a) (Counts Twenty-Two, Twenty-Seven, and Twenty-Eight), and making false statements in violation of 18 U.S.C. § 1001(a)(2) (Count Thirty-Nine).

Initials of Deputy Clerk   sr

On May 13, 2021, the Court set a detailed briefing schedule with specific deadlines to file various pretrial motions. The deadline to file pretrial motions to dismiss was September 7, 2021. On September 7, 2021, Chan, who was then-represented by Harland Braun, filed a timely Motion to Dismiss and/or Strike (Docket No. 235), including a motion to dismiss or strike the allegations in Count One. On January 7, 2022, the Court denied the motion.

On February 21, 2023, Chan's jury trial began. However, due to Mr. Braun's illness after the eighth day of trial, the trial ended in a mistrial, and Chan sought to retain new counsel. On May 5, 2023, the Court granted Chan's request to substitute current defense counsel, John Hanusz and Michael Freedman, as attorneys of record in place of Harland Braun and Benjamin Pratt.

During a May 12, 2023 status conference, the parties were ordered to meet and confer and submit a stipulation with new proposed pre-trial deadlines and a trial date. In its Order filed on May 22, 2023, the Court adopted the parties' proposed dates and did not set a new deadline for filing motions to dismiss. *See* Docket No. 1071.

Without seeking leave of court and without conferring with the Government, Chan filed this Second Motion to Dismiss and Strike, arguing in relevant part that: (1) pursuant to the Supreme Court's recent decision in *Percoco v. United States*, 598 U.S. 319 (2023), Counts Twelve through Fifteen should be dismissed, and several overt acts alleged in Count One should be stricken, because those counts and overt acts relate to conduct that Chan engaged in after he had left public service; (2) Count Twenty-Eight should be similarly dismissed because Chan was not an agent of an organization that accepted federal funds at the time he allegedly solicited the alleged bribe; and (3) Count One should be dismissed because the First Superseding Indictment fails to adequately allege that defendants had a common purpose, an ongoing organization, or any of the minimal attributes of a RICO enterprise.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3) authorizes a defendant to file a pre-trial motion to dismiss the indictment for failure to state an offense.  Fed. R. Crim. P. (b)(3)(B)(v). As set forth in Federal Rule of Criminal Procedure 7(c)(1),  "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1).  "In determining whether an indictment charges a cognizable offense, we are bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017).  "[A]n indictment is sufficient if: (1) it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002).  "The indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied."  *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985).  "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quotations and citations omitted).

Federal Rule of Criminal Procedure 7(d) authorizes the Court, upon the defendant's motion, to "strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d).  "The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 545 (9th Cir. 1983).  "[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion." *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006).  "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quotations and citations omitted).

### III.     DISCUSSION

#### A.     Chan's arguments based on *Percoco v. United States*, 598 U.S. 319 (2023) fail.[1]

The Court denies Chan's motion to dismiss Counts Twelve through Fifteen and motion to strike certain overt acts in Count One based on the Supreme Court's decision in *Percoco v. United States*, 598 U.S. 319 (2023).

In *Percoco*, the Supreme Court considered "whether a private citizen with influence over government decision-making can be convicted for wire fraud on the theory that he or she deprived the public of its 'intangible right of honest services.'" 598 U.S. at 322. The Supreme Court rejected the argument that "a person nominally outside public employment can *never* have the necessary fiduciary duty to the public." *Id.* at 329.  In rejecting such a broad and absolute rule, the Supreme Court reasoned that individuals not formally employed by a government entity may enter into agreements that make them actual agents of the government, who would then owe a fiduciary duty to the government and thus to the public that government serves. *Id.*  Nevertheless, the Supreme Court reversed the defendant's conviction, finding that the trial court's jury instructions (which required the jury to determine whether the defendant had a "special relationship" with the government and "dominated and controlled" government business) were unconstitutionally vague. *Id.* at 322, 324-25, 330-33.

Relying on *Percoco*, Chan argues that the First Superseding Indictment improperly charges him with honest services wire fraud for conduct he engaged in while he was a private citizen when he no longer owed a fiduciary duty to the City of Los Angeles or its citizens.  However, Chan's motion rests on a fundamental misunderstanding of what is alleged in the First Superseding Indictment.  Indeed, the First Superseding Indictment does not charge Chan with breaching his fiduciary duty for conduct that he engaged in as a private citizen.  Rather, although the predicate wires for Counts Twelve through Fifteen post-date Chan's departure from the City in July 2017, those counts are based on: (1) Chan's alleged breached his fiduciary duties <u>while he was still a</u>

---

[1]Although the pretrial motion deadline has long since expired (and Chan failed to seek leave of court to raise these arguments and failed to meet and confer with the Government in advance of filing this motion), the Court will consider Chan's arguments based on *Percoco* on the merits in light of the fact that the Supreme Court did not issue its opinion in *Percoco* until May 11, 2023.

public official; and (2) Chan's alleged aiding and abetting of Huizar's breach of his fiduciary duties. As such, the Supreme Court's decision in *Percoco*, which concerned a private citizen's alleged breach of his own fiduciary duties, is inapposite.

Contrary to Chan's argument in his Reply, the Government's interpretation of Counts Twelve through Fifteen is not a "new characterization" of those counts, but is rather based on the unmistakable import of the allegations in the First Superseding Indictment. Specifically, the predicate wires for Counts Twelve and Thirteen relate to payments made by Synergy Alliance Advisors ("Synergy") (owned by George Chiang) to Chan after he retired from City employment, i.e., a bank wire of $36,432.74 on October 28, 2017 and a bank wire of $33,507.23 on December 27, 2017. However, reading the First Superseding Indictment in its entirety and construing it in accordance with common sense, it is clear that these payments were allegedly made in exchange for Chan's official acts to benefit the Luxe Hotel Project while Chan was still Deputy Mayor. Indeed, the First Superseding Indictment alleges in Count One (under the heading "Benefits from George Chiang to Defendant CHAN in Exchange for His Official Acts") that:

- "In or around early 2017, defendant CHAN agreed with George Chiang that Chiang would pay a portion of the Synergy consulting fees to defendant CHAN, in exchange for defendant Chan's assistance on the Luxe Hotel Project in defendant CHAN's official capacity as Deputy Mayor of Economic Development, including for exerting power over and influence on various City departments, including the Planning Department and the CPC, to benefit the Luxe Hotel Project." FSI ¶ 43, Overt Act 194.
- "On or around March 13, 2017, defendant CHAN used his official position as Deputy Mayor to pressure subordinate City officials to take favorable official actions on the Luxe Hotel Project." FSI ¶ 43, Overt Act 200.
- "On May 12, 2017, defendant CHAN had a meeting in Hollywood to discuss the upcoming CPC hearing for the Luxe Hotel Project with Planning Commission Official 1, who had the ability to impose requirements on the Luxe Hotel Project that would increase costs for Jia Yuan, and who needed to vote to approve the Luxe Hotel Project at the CPC hearing. At the meeting, defendant CHAN, in his capacity as Deputy Mayor, exerted pressure over a Mayor-appointed public official and urged Planning Commission Official 1 to approve the Luxe Hotel Project." FSI ¶ 43, Overt Act 202.
- "In or around May 2017, George Chiang asked defendant CHAN if defendant CHAN wanted his share of the first bonus payment in check form, and defendant CHAN told Chiang to wait until later and that he preferred getting a bigger check at a later date." FSI ¶ 43, Overt Act 204.
- "On October 28, 2017, George Chiang issued a check from Synergy to LABXG Inc. for $36,432.74, which was a portion of defendant CHAN's payment for the official acts defendant CHAN performed on the Luxe Hotel Project while he was Deputy Mayor." FSI, ¶
- "On December 27, 2017, George Chiang issued a check from Synergy to LABXG Inc., for defendant CHAN, for $33,507.23, with 'revenue split' in the memo line of the check."

In other words, the First Superseding Indictment clearly alleges that the wires on October 28, 2017 and December 27, 2017 were merely deferred payments for Chan's official acts while he was still a public official. And, because Chan was still a public official when those alleged acts

were performed, *Percoco* is inapposite to Counts Twelve and Thirteen.[2]

Likewise, *Percoco* is inapposite to Counts Fourteen and Fifteen. Although the allegations underlying those counts relate to Chan's conduct as a private citizen, the First Superseding Indictment alleges that Chan committed those alleged crimes by aiding and abetting co-defendant Huizar's commission of honest services wire fraud.[3] In other words, Counts Fourteen and Fifteen are based on Huizar's breach of fiduciary duty as a public official, rather than Chan's breach of fiduciary duty while he was a private citizen. Specifically, the First Superseding Indictment alleges in relevant part that, after Chan left his employment with the City, Chan facilitated a $100,000 commitment on behalf of the Luxe Hotel Project developer Fuer Yuan, to a Political Action Committee established for the benefit of Richelle Rios's City council campaign. FSI ¶ 43, Overt Acts 78, 176-193. That commitment was allegedly made in exchange for "continued favorable official acts by defendant HUIZAR to benefit the Luxe Hotel Project." FSI ¶ 43, Overt Act 176 (emphasis added). The commitment was memorialized in two tracking spreadsheets. Emails transmitting these two spreadsheets in January 2018 are alleged as the predicate wires for the honest services wire fraud charges in Counts Fourteen and Fifteen. Accordingly, because Counts Fourteen and Fifteen do not concern a private citizen's alleged breach of his own fiduciary duty, *Percoco* is once again inapposite.

For the foregoing reasons, the Court concludes that the First Superseding Indictment adequately states an offense against Chan as charged in Counts Twelve Through Fifteen. Indeed, accepting the truth of the allegations in the First Superseding Indictment, and reading the First Superseding Indictment in its entirety and construing it in accordance with its plain meaning and common sense, the First Superseding Indictment adequately alleges the elements of the offenses charged in Counts Twelve through Fifteen and contains a statement of the essential facts that fairly informs Chan of the specific offenses against which he must defend and enables him to plead double jeopardy. To the extent Chan argues that different inferences should be drawn from the factual allegations of the First Superseding Indictment than the inferences drawn by the Government, the Court concludes that those arguments are more appropriately made to the jury.

Accordingly, Chan's motion to dismiss Counts Twelve through Fifteen of the First Superseding Indictment and motion to strike the related overt acts in Count One from the First Superseding Indictment are denied.

---

[2]In his Reply, Chan contends that the relevant wires had to be transmitted, and the honest services wire fraud offenses had to be "complete," before Chan left public office. Such an interpretation of 18 U.S.C. § 1343 and *Percoco* is absurd, and would allow a public official to avoid criminal liability merely by deferring payment. Nothing in *Percoco* or the statute requires that the wire be transmitted (for the purpose of executing the scheme or artifice to deprive another of the intangible right of honest services) before the public official leaves office.

[3]The Ninth Circuit has repeatedly held that "aiding and abetting is embedded in every federal indictment for a substantive crime." *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005). Although the First Superseding Indictment refers to 18 U.S.C. § 2(b) in the honest services fraud counts, that reference does not preclude the implication and application of 18 U.S.C. § 2(a). *United States v. Armstrong*, 909 F.2d 1238, 1242 (9th Cir. 1990)

Initials of Deputy Clerk  sr

**B.     The First Superseding Indictment sufficiently states the offense of federal program bribery in violation of 18 U.S.C. § 666(a)(1)(B) as charged in Count Twenty-Eight.**

Chan moves to dismiss Count Twenty-Eight of the First Superseding Indictment based on similarly flawed reasoning as his motion to dismiss Counts Twelve through Fifteen.  Count Twenty-Eight charges Chan with federal program bribery in violation of 18 U.S.C. § 666(a)(1)(b), alleging in relevant part that:

> Between in or about January 2017 and in or about December 2017 . . ., defendant RAYMOND SHE WAH CHAN, an agent of the City of Los Angeles, corruptly solicited and demanded for the benefit of himself and others, and agreed to accept, something of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the City of Los Angeles having a value of $5,000 or more. Specifically, defendant CHAN solicited, demanded, and agreed to accept from George Chiang approximately $20,000 cash, $69,939 in check payments to LABXG, Inc., and $15,000 in check payments to Jeremy Chan, intending to be influenced and rewarded in connection with the Luxe Hotel Project, including in pressuring officials from the City Planning Commission, Planning Department, and other City departments to expedite and vote to approve the Luxe Hotel Project on favorable terms.

FSI ¶ 55.  On its face, Count Twenty-Eight alleges that Chan corruptly solicited compensation in connection with the Luxe Hotel Project as early as January 2017, while he was still a public official.  Count Twenty-Eight "tracks the words of the statute" and "unambiguously sets forth all elements necessary to constitute the offense."  *See United States v.* Givens, 767 F.2d 574,584  (9th Cir. 1985).

Nevertheless, Chan argues that, because he was no longer in public service "for half the time period alleged in this Count," the charge is insufficient as it fails to "specify any alleged conduct during the time period Chan was still working for the City (January-June 2017)." Motion at 8.  Chan, however, again ignores the conduct alleged in Overt Acts 194 to 205, which describes the allegedly missing conduct, i.e. Chan's alleged solicitation of or agreement to accept something of value from a person, intending to be influenced and rewarded in connection with the Luxe Hotel Project, while he was still an agent of the City of Los Angeles.

Accordingly, the Court concludes that the First Superseding Indictment sufficiently states the offense of federal program bribery in violation of 18 U.S.C. § 666(a)(1)(B) as charged in Count Twenty-Eight and Chan's Motion to Dismiss Count-Twenty Eight is denied.

**C.     Count One Sufficiently Alleges the Existence of an Enterprise.**

Chan again moves to dismiss Count One of the First Superseding Indictment, this time on the grounds that it fails to allege any facts demonstrating that the defendants had a common purpose, an ongoing organization, or any of the minimal attributes of a RICO enterprise.

As an initial matter, the Court rejects Chan's motion to dismiss Count One of the First Superseding Indictment as untimely.  In any event, the Court also concludes that the First Superseding Indictment sufficiently alleges the existence of an enterprise, including that the defendants had a common purpose and an ongoing organization within the meaning of the RICO statute.  Count One charges Chan with RICO conspiracy in violation of 18 U.S.C. § 1962(d).  A RICO conspiracy count requires a showing that the defendant agreed and "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of" the substantive RICO offense." *Salinas v. United States*, 522 U.S. 52, 65 (1997).  A substantive RICO offense, which is the object of the alleged conspiracy, requires the Government to prove: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity."  *Salinas v. United States*, 522 U.S. 52, 62 (1997).

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. *See, e.g., United States v. Turkette*, 452 U.S. 576, 583 (1981).  This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. *Id.*  The Government need not prove that the enterprise had any particular organizational structure.  *See Odom v. Microsoft Corp.*, 486 F.3d 541, 550-52 (9th Cir. 2000).

For the reasons stated by the Government, the Court concludes that the First Superseding Indictment adequately alleges the existence of the CD-14 Enterprise and that Chan was aware of the scope of the enterprise and agreed and intended to participate in the enterprise. Indeed, contrary to Chan's argument, it alleges the shared objectives of the enterprise (e.g., enriching members through bribes, maintaining political power, and avoiding law enforcement detection), *see* FSI at ¶ 39, and specific overt acts describing Chan's direct participation in the enterprise and the actions he took to achieve the enterprise's objectives, including, for example, the facilitation of bribe payments from Chairman Wei Huang to Huizar in connection with the alleged L.A. Grand Hotel Bribery Scheme (FSI ¶ 43, OA 1-84), and the facilitation of bribe payments from Shenzhen Hazens to Huizar in connection with the Luxe Hotel Bribery Scheme (FSI ¶ 43, OA 119-240).

Chan's argument appears to be premised on the fact that the First Superseding Indictment fails to allege that Chan had a role in or had knowledge of each and every scheme alleged in Count One.  However, as the Government correctly points out, for a RICO conspiracy, "it is not necessary that each conspirator knows all of the details of the plan or conspiracy," *United States v. Brooklier*, 685 F.2d 1208, 1222 (9th Cir. 1982), and "[a] conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense." *Salinas*, 522 U.S. at 63.

The Court concludes that the First Superseding Indictment adequately alleges that Chan agreed "to conduct and participate in the conduct of the affairs of the CD-14 Enterprise through a pattern of racketeering activity" and that a conspirator would commit at least two racketeering acts.  FSI ¶¶ 40-41.  Accordingly, Chan's motion to dismiss Count One of the First Superseding Indictment is denied.

## IV.     CONCLUSION

For the foregoing reasons, Chan's Second Motion to Dismiss and Strike is **DENIED**.