1          **UNITED STATES DISTRICT COURT**

2      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

3        **HONORABLE JOHN F. WALTER, U.S. DISTRICT JUDGE**

4

5   UNITED STATES OF AMERICA,        )
                                     )
6           PLAINTIFF,               )      CASE NO.
                                     )
7           vs.                      )      CR 20-326(A)-JFW
                                     )
8   RAYMOND SHE WAH CHAN,            )
                                     )      PAGES 1 TO 23
9           DEFENDANT.               )
    _____ )

10

11

12

13              REPORTER'S TRANSCRIPT OF
                   STATUS CONFERENCE
14               FRIDAY, MAY 12, 2023
                      10:01 A.M.
15              LOS ANGELES, CALIFORNIA

16

17

18

19

20

21

22  _____

23          **MIRANDA ALGORRI, CSR 12743, RPR, CRR**
                FEDERAL OFFICIAL COURT REPORTER
24              350 WEST 1ST STREET, SUITE 4455
                LOS ANGELES, CALIFORNIA 90012
25                 MIRANDAALGORRI@GMAIL.COM

1                    **APPEARANCES OF COUNSEL:**

2

3    **FOR THE PLAINTIFF:**

4         MARTIN ESTRADA
          UNITED STATES ATTORNEY
5         BY:  MACK JENKINS
          BY:  SUSAN HAR
6         BY:  BRIAN FAERSTEIN
          Assistant United States Attorneys
7         United States Courthouse
          312 North Spring Street
8         Los Angeles, California 90012

9

     **FOR DEFENDANT CHAN:**
10
          HANUSZ LAW, PC
11        BY:  JOHN HANUSZ
          515 South Flower Street
12        Suite 3500
          Los Angeles, California 90017
13
          FREEDMAN FIRM, PC
14        BY:  MICHAEL GREGORY FREEDMAN
          1801 Century Park East
15        Suite 450
          Los Angeles, California 90067
16

17

18

19

20

21

22

23

24

25

1           **LOS ANGELES, CALIFORNIA; FRIDAY, MAY 12, 2023**

2                      **10:01 A.M.**

3                       **---**

4

5         THE CLERK:  Calling item 2, CR 20-326(A)-JFW,

6  United States of America versus Raymond Chan.

7         Counsel, please state your appearances.

8         MS. HAR:  Good morning, Your Honor.  Susan Har,

9  Brian Faerstein, and Mack Jenkins on behalf of the

10  United States.

11         MR. HANUSZ:  Good morning, Your Honor.

12  John Hanusz and Michael Freedman for Raymond Chan who is

13  present on bond.

14         THE COURT:  All right.  Good morning to all.

15  This matter is on the Court's calendar for a status conference.

16  On May 5th I asked counsel to meet and confer and agree upon a

17  new trial date and other pretrial dates.  On the 10th of May,

18  counsel filed a joint statement regarding proposed dates for

19  retrial and related documents which appears as Docket No. 1053.

20         The parties propose a trial date of March 12 of

21  2024 which I will discuss in a moment.  But I've got some

22  questions about the schedule -- the pretrial filings.  First, I

23  don't understand what additional motions in limine are

24  contemplated by this schedule.  I have ruled on the motions in

25  limine prior to the commencement of Mr. Chan's trial.  Are

```
 1    there other motions in limine that counsel -- the reference is
 2    "new only," but I don't know what "new only" means.
 3              MR. HANUSZ:  Your Honor, if I may.
 4              THE COURT:  Sure.
 5              MR. HANUSZ:  So, Your Honor, the defense asks to
 6    at least have a space in the scheduling order for potential
 7    in lims.  We have not identified any at this point as of yet
 8    although we have not reviewed the discovery.  We don't have the
 9    transcript from the prior trial.  My understanding is that I
10    have looked at the in lims that were filed.  There were
11    certainly plenty that were filed by Mr. Huizar and certainly by
12    Mr. Steingard and Mr. Wilke.
13              THE COURT:  And Mr. Neuman.
14              MR. HANUSZ:  And Mr. Neuman.  I don't want to
15    leave him out.
16              THE COURT:  He actually filed most of them at the
17    outset.  But go ahead.
18              MR. HANUSZ:  Fair enough.
19              But I think, Your Honor, we're just not deep
20    enough into the case to identify -- I can't certainly
21    identify -- certainly there are probably some 403 issues.
22    There may be 404(b) issues.  We don't know what the
23    Government -- we don't have full visibility into the
24    Government's case at this point.
25              THE COURT:  All right.  Well, then I will leave
```

1    that option open, but what I'm going to ask is that you file,

2    either side, if you believe that additional motions in limine

3    are necessary.  I issued an order in this case which appears as

4    Docket No. 816 that there were to be no more than five motions

5    in limine without an order of the Court.  I certainly don't

6    expect that we're going to see five motions in limine.

7                  But what I will allow you to do is file an

8    ex parte application requesting permission to file motion in

9    limine and give me some idea of what the issues are that you

10   intend to raise in this new motion in limine and confirm that

11   it hasn't been filed or ruled upon before.

12                  There's just so many matters in this case I have

13   found that, unless I do that, I'm reading something and then it

14   dawns on me that a year ago I had the same issue.  So I require

15   counsel now to make an affirmative representation that the

16   issue that's being presented for ruling hasn't been ruled on

17   and, if it has been ruled on, cite me to where the ruling is if

18   you intend to ask me for a new ruling.

19                  I understand that you're not fully emersed in all

20   of the discovery.  So that's fine.

21                  The next issue that I have, however, is the

22   revised Government exhibit list and -- exhibit list and

23   exhibits, new and revised only.  I don't understand what that

24   means.

25                  We had a problem in this case -- not a problem

but an issue that arose in this case where we -- and as you

know, I'm very hands-on when it comes to pretrial management of

the case because, once we get all of the exhibits resolved, the

case moves much quicker.

        The bump in the road that we had last time

related not only to the defense trial exhibits but also

excerpts of the various conversations that the Government

intended to play and that the defense intended to play.

        The first issue was that we never had, in my

view -- and the Government can correct me if I'm wrong.  There

was always an issue as to whether or not the translations of

the foreign language conversations were accurate.  Obviously

that's the first threshold issue that needs to be resolved.  My

procedures are to exchange your version of the transcript of a

conversation and then meet and confer with the expert in the

foreign language to work out what is the agreed-upon version of

the translation.

        Mr. Chan was attempting to do that with -- I may

be wrong -- but with a non-expert.  So when that would -- when

those translations would be given to the Government, the

Government would have issues with respect to the translations.

And I don't think those issues ever got resolved.

        MS. HAR:  If I may, Your Honor, I believe you are

correct that there was a significant amount of back-and-forth.

But with respect to the translations, we actually were able to

1    ultimately work them out largely because the Government

2    accepted the translations proffered by the defense.

3              THE COURT:  Okay.  Well, make sure that when

4    we're going -- so what's contemplated by the new and revised

5    only in terms of the exhibit list?  We have an exhibit list,

6    and actually we have a pretrial -- I don't know which version

7    this is.  I've got the -- I just grabbed this.  It was a joint

8    statement and second pretrial exhibit stipulation which was

9    filed on February 10th of 2023 which is 937.  And in that

10   document was the joint statement regarding the objections in

11   the joint pretrial exhibit stipulation.

12             What's contemplated -- how are you going to --

13   what is going to be included in the filing with respect to the

14   trial exhibits -- the exhibit list?  I'm afraid it's going to

15   be out of control.  You're not proposing just to give the new

16   and revised list.  You intend to give one list that includes

17   new -- potentially new and revised exhibits?

18             MS. HAR:  That's exactly right, Your Honor.  So

19   it will be the list that Your Honor just referred to, and we

20   don't anticipate that there would be significant changes in any

21   respect.  But to the extent there were to be a new exhibit, we

22   would obviously maintain the old exhibit number.  None of that

23   would change.  But we could slot in new ones, or if there were

24   revised ones, and then, of course, the defense would have their

25   opportunity then to raise any objections.  And we would follow

1    the Court's normal process with --

2              THE COURT:  Okay.  I just want to make sure we're

3    not going to have one original list and then another list with

4    new and revised exhibits.  It's going to be all one list that's

5    going to be provided to the defense, and then the defense is

6    going to have an opportunity to review it and make any

7    objections.

8              And then there's no provision in here for a joint

9    statement with respect to the objections.  The problem I have

10   is that the timing is that the joint revised Government exhibit

11   stipulation which is, I assume, the pretrial exhibit

12   stipulation that's going to include any objections that the

13   defense may have is due 14 days prior to trial.

14             That's not going to work because if -- as I

15   typically do, if there are objections, I require a

16   meet-and-confer and a joint statement with respect to working

17   out issues with respect to those exhibits.  And 14 days before

18   trial is not going to allow us enough time to do that.

19             MS. HAR:  Understood, Your Honor.  So we could

20   pull back those dates by a week or so to then build in the

21   joint statement or however much time the Court would feel is

22   appropriate.

23             THE COURT:  Well, if we're going forward with the

24   March 12 date, it seems to me that you can back those dates up

25   considerably beyond simply a couple weeks.  The problem that I

1  face is when I receive a pretrial exhibit stipulation and it

2  contains -- the last time around was 900 and some exhibits.  In

3  order for me to intelligently go through those exhibits in the

4  joint statement, it's very time-intensive.

5           Hopefully there won't be that many objections.

6  But if there are, I need to deal with them.  And I also

7  obviously then need to look at the exhibits so -- and I have

8  all the exhibits -- I still have them here.  Keep that in mind

9  when you come up with a new revised schedule.

10          MS. HAR:  Yes, Your Honor.

11          THE COURT:  Same thing with respect to the joint

12  pretrial exhibit stipulation for the defense exhibits.  The

13  disclosure of those is, according to this schedule, appears to

14  be 21 days before trial.  And then the conference regarding the

15  defense exhibits is 15 days before trial.  And then the defense

16  joint pretrial exhibit stipulation is eight days before trial.

17  And that's not going to give me enough.

18          I don't know -- my memory was that Mr. Braun had

19  included hundreds of exhibits.  I was not certain that

20  Mr. Braun intended to use all of those exhibits.  I think they

21  were partly included on the exhibit list to give the Government

22  a make-work project to figure out what they were and how he

23  intended to use them.

24          Obviously you're not in a position yet to

25  designate the exhibits.  But this timing doesn't work for me

1     having a joint pretrial exhibit stipulation for defense

2     exhibits eight days prior to trial because, again, it takes

3     me -- well, one, it's going to require a joint statement after

4     the filing of the joint pretrial exhibit stipulation, and that

5     joint statement is obviously after a meet-and-confer, and it

6     takes counsel time to put it together.  I don't mind the amount

7     of time that it takes to put it together because, the better it

8     is, the less work I have to do.

9               But those dates need to really be extended

10    because with a trial date almost a full year away, you should

11    certainly 30, 45 days prior to trial know what exhibits you're

12    going to use, especially in light of the fact you're going to

13    have access to the entirety of the Government's case or at

14    least 80 percent of the Government's case and all of the

15    exhibits you're going to have for -- I mean, you have them now.

16              MR. HANUSZ:  Understood, Your Honor.  And I think

17    it makes sense to move those dates.

18              THE COURT:  Okay.  The jury instructions -- where

19    is Ms. Palmer?

20              MS. HAR:  She is out of town today.

21              THE COURT:  I wanted to talk about -- the jury

22    instructions are in relatively good shape because Ms. Palmer,

23    who was assigned or apparently delegated to work on jury

24    instructions, she and I had had several conversations, and I

25    had provided certain modifications to the instructions.  So I

```
 1   don't have any problems with the dates of the jury instructions
 2   from the Government.  I think my memory is -- we never got to
 3   chat about them, but I think they were in pretty good shape.
 4               MS. HAR:  That is also my memory.  I will pass
 5   along your comments to Ms. Palmer.
 6               With respect to the schedule, absent further
 7   input from the Court, we will provide it in advance of what the
 8   schedule says, the 21 days before, to the defense, and then it
 9   would just build in time for them to provide any feedback.
10               THE COURT:  You can provide them today.
11               MS. HAR:  Yeah.  We can provide them.
12               THE COURT:  I don't mean today.
13               MS. HAR:  Shortly.
14               THE COURT:  They're all done.  They have been
15   filed.
16               The other issue is the expert's offer of proof,
17   the new or revised.  The Government had filed on February 7
18   docket No. 929, an offer of proof as to Jason Wang, W-a-n-g.
19   Does the Government intend to or expect to call additional
20   experts?
21               MS. HAR:  Not at this point, Your Honor.  It's,
22   again, to sort of accommodate, should the defense bring new
23   issues with their MILs, new issues with their exhibits, we
24   wanted to have at least a placeholder date for the expert
25   disclosure or, again, should the defense seek to introduce or
```

1  proffer an expert that hadn't previously been raised.

2             THE COURT:  Okay.  Mr. Braun hadn't designated

3  any experts.  That's my memory; correct?

4             MS. HAR:  That is correct, Your Honor.

5             THE COURT:  I'm not precluding you from doing it.

6  I just wanted to clarify.

7             So the 12 days prior to trial for the expert

8  offer of proof applies to both Government and the defense.  The

9  Government has already satisfied that pursuant to

10 Docket No. 929.  So it only applies to the Government if

11 there's a new expert and with respect to the defense if you are

12 going to use an expert.

13            MR. HANUSZ:  Very well, Your Honor.

14            THE COURT:  All right.  And the defense

15 witnesses -- we have been provided -- of course, we have been

16 provided with the defense exhibit list in connection with the

17 first trial.

18            The other dates that have been set in connection

19 with the trial that hadn't been provided for in this order such

20 as the trial briefs, joint statements -- I mean, we have a

21 joint statement, but you know, to the extent we're going to --

22 we're going to use a different joint statement, I need to have

23 those filed or included in this deadline.  Also, proposed

24 voir dire questions.

25            We have already been through some of them.  So I

```
 1    don't want to duplicate it.  But I also don't intend to prevent
 2    the defendant from having input in what may have already been
 3    filed.  But I do want to make sure that I'm aware of these
 4    documents and deadlines so that, when I'm preparing the case, I
 5    know what the deadlines are.
 6              MR. HANUSZ:  So the trial briefs and voir dire
 7    questions, Your Honor, and the joint statement?  Those three
 8    items, Your Honor?
 9              THE COURT:  Yes.
10              MR. HANUSZ:  Okay.
11              THE COURT:  There are a lot of -- the main issues
12    that we had that I was somewhat frustrated with was the
13    transcripts and the translations which the Government just
14    indicated that they had accepted.  So they were -- they were
15    acceptable.  But I want to make sure that those issues with
16    respect to transcripts and translations are continued to be
17    agreed-upon.  And if you can't agree, a joint statement.  But I
18    need to look at those.
19              Ms. Har, you can correct me if I'm wrong.  My
20    memory was there were also issues with respect to the excerpts
21    that we were unable to resolve because the Government intended
22    to play certain excerpts and then the defense wanted to play
23    certain excerpts.  Mr. Braun decided that, rather than try to
24    do it in Government case, he deferred that and was simply going
25    to do it in the defense case.
```

1          MS. HAR:  Yes, Your Honor.  That is correct.

2          THE COURT:  To the extent you adopt that

3   procedure, that's fine.  To the extent that you're going to

4   want to play -- it was basically a Rule 106 issue.  We're going

5   to need to resolve those issues.  Mr. Braun wasn't -- he just

6   decided not to pursue that, and he was just going to play

7   everything in his case.  But that needs to be -- that needs to

8   be considered.

9          The only other issue that I have which is the

10  main issue is I don't know why we need such a long period of

11  time for the trial.  March '24 is just a very, very long period

12  of time.

13         MS. HAR:  Your Honor, if I may, I'm sorry.

14  Before we move on to the trial date, I just realized the filing

15  we had doesn't include the defense *Jencks* deadline which is

16  part of the Court's standard schedule.  So we will include that

17  in addition to the other additions the Court commented on.

18         THE COURT:  Okay.  My memory was there was no

19  *Jencks* because Mr. Braun doesn't take notes when he interviews

20  witnesses.

21         MS. HAR:  We did receive some *Jencks* statements

22  from Mr. Pratt.

23         THE COURT:  He was of the old school.

24         MS. HAR:  That's fair, Your Honor.

25         THE COURT:  The trial date, I understand

obviously your need to come up to speed, but in this case, it's not like you're starting from ground zero. We have had two prior trials. The Government has been overly -- not overly but very generous in its discovery -- meeting its discovery obligations. There isn't anything that came out in either of the two prior trials that the defense was unaware of or surprised by. And the same was true with respect to the Chan case. So everything is out there.

I know it is an enormous task to get up to speed, but the case is relatively simple in terms of its -- of the Government's theory. The Government has provided all of the -- all of the exhibits that the Government intends to use are out there. Those exhibits are not that complex. It's a lot of e-mails, a lot of text messages, and it's just a matter of figuring out the chronology and putting all of those in the chronology to figure out the sequence of events.

MR. HANUSZ: So, Your Honor, if I may, so I think the biggest -- there are a couple issues there. The biggest is we have the exhibits identified. We will have some transcripts from the prior trial. But what -- we have not looked at the discovery at all, and we need to kind of do our -- we need to do our own independent analysis to determine through the discovery, which is voluminous, to determine what our defense looks like.

I understand that the Government has presented

```
 1    its case before, and we're not totally starting from scratch.

 2    But in terms of our knowledge of the case and our knowledge of

 3    the investigation and of the discovery and of the evidence, we

 4    actually are starting from scratch.

 5              THE COURT:  You don't propose to read the --

 6    review whatever the 20 million documents that are involved in

 7    this case, most of which, even when you come into a case, are

 8    irrelevant.  And the beauty of having the Government having put

 9    on its case is you know exactly what the exhibits are.  And you

10    know how to deal with those exhibits if you can deal with them,

11    or if you can't deal with them, what exhibit you're going to

12    find to counter whatever the Government is using that exhibit

13    to prove.

14              MR. HANUSZ:  We know what the Government's

15    exhibits are.  What we don't know is what the defense exhibits

16    are.

17              THE COURT:  There is an exhibit list that

18    Mr. Braun put together.  Quite frankly, Mr. Chan and his

19    assistant are extremely familiar with all of the documents.  In

20    fact, I'm sure they know the documents better than the

21    Government knows the defense documents.

22              MR. HANUSZ:  I think that's probably right, but

23    Mr. Chan is not responsible for presenting the case,

24    Your Honor.  They're not lawyers.  They're not legally trained.

25              THE COURT:  Well, Mr. Chan is -- my observation
```

1    in dealing with Mr. Chan is Mr. Chan is extremely intelligent.

2    He may not be a lawyer, but lawyering -- when you're dealing

3    with these exhibits, he's very detail-oriented.  He knows the

4    documents.  He knows how they fit, where they fit.  And I can't

5    remember the charts -- what do you call the charts he used to

6    do?

7                 MS. HAR:  Radar screens.

8                 THE COURT:  Radar screens.  He's great on the

9    radar screen.

10                MR. HANUSZ:  I understand that, Your Honor.  This

11   is a huge case.  And you're right.  20 million pages, right,

12   we're never going to lay eyes on those.  But it's having the

13   time to do our diligence, to do the investigation that we need

14   to do.  Frankly, in light of our other cases -- and we have set

15   those forth in our conflicts -- but Mr. Freedman and I do have

16   other cases that are going to trial this year.

17                THE COURT:  It looked to me like we could try

18   this case based upon the trial schedule -- and, of course,

19   obviously -- although apparently Mr. Jenkins was -- made an

20   inquiry in terms of whether or not these cases are set to go.

21   Assuming that they are, it looked like, based upon the

22   schedules, that we could try this case in early November based

23   upon those schedules which would give you time to prepare or

24   certainly in early January.

25                Your trial schedule ends, according to the

1    exhibit -- not ends, but the last trial that perhaps would

2    prevent you from trying this case is a December 12 in front of

3    Judge Bernal.

4              Does he have all of the health care cases in

5    Riverside?  I see each of you have a case in front of him.

6              MR. HANUSZ:  I don't know.  Interestingly enough,

7    that case was indicted in Los Angeles and was originally

8    assigned to a judge here and then was transferred.  I think

9    there was a co-defendant out there.

10             THE COURT:  Well, we encourage our colleagues in

11   Riverside to stay busy.

12             MR. HANUSZ:  Your Honor, we certainly hear what

13   the Court is saying.  If the Court is inclined to advance the

14   trial date from the date proposed by the parties, we would ask

15   for a January trial date.  That is doable on this end,

16   certainly would hopefully give us the time to do the diligence

17   that we need to do in light of the size of the case and in

18   light of our other -- in light of our other conflicts.

19             I think, Your Honor, it -- and I appreciate the

20   Court is all about building in efficiencies.  We think that an

21   efficient trial is the way to go where the jurors aren't kept

22   waiting because of exhibit disputes and things.  But that -- it

23   takes time on the front end.

24             THE COURT:  I agree.  And that's why I'm not

25   pushing for an earlier trial date because I want to make sure

```
1    that you do have the opportunity to resolve those issues
2    because it is -- you know, we have tried two of these cases now
3    with estimates that were almost double of what we ultimately
4    ended up trying the case only because of the hard work of
5    counsel in terms of resolving pretrial a lot of these issues.
6    It really makes the case -- streamlining the case not only for
7    the parties but also for the jury so the jury can get right to
8    the heart of the matter.
9              What's the Government's view in terms of an early
10   January trial date?  I didn't see your schedules in here.  I
11   know that there was a reference to the Government's -- had some
12   timing issues.
13             MS. HAR:  Yes, Your Honor.  Ms. Palmer actually
14   does have a trial -- it's not a direct conflict, but it is a
15   substantial fraud -- I believe it's a retrial from -- it's a
16   2013 case -- a fugitive trial, and the defendant has actually
17   been extradited, and that is set to go on February 6th.  I
18   understand that's not a direct conflict, but particularly,
19   given the amount of legwork that happens prior to the trial
20   date, I do think that would be challenging.
21             THE COURT:  Well, since we have the chief of the
22   criminal division here, I assume that we can provide additional
23   staffing to help Ms. Palmer prepare that case.
24             MR. JENKINS:  That is a fair assessment,
25   Your Honor, and this case is her priority.  She would like to
```

1    do both because that is how AUSA Palmer performs her duties.

2    But we can and I can reallocate the resources accordingly if

3    that is the Court's wish.

4                    THE COURT:  We may be finished with this case.

5                    MR. JENKINS:  I think how it was going the

6    previous time, I think that is accurate, Your Honor, because of

7    the estimate being significantly shorter and be done well in

8    time.

9                    THE COURT:  Well, I think a -- my preference is

10   obviously to have a January trial date.  We could -- well, I'm

11   just thinking about it now.  Having an early January trial

12   date, what that is going to mean is that the Christmas

13   holidays, given the number of days that the Court has -- is

14   dark, I think it's going to put a burden on counsel and the

15   Court to try to work through a lot of these pretrial --

16   hopefully you have no pretrial issues, but I'm sure that's not

17   going to be the case.

18                   Upon reflection, I think rather than getting all

19   tied up in December with all the pretrial matters, I think that

20   the March 12 date probably makes the most sense because then we

21   can start the beginning of the year working on all these

22   pretrial issues rather than trying to do it in December because

23   I have found that -- I'm here, but I find that sometimes I'm

24   here by myself during Christmas.  Shannon confirmed.  I think

25   that -- I think that as much as I would like to get this case

```
 1  over -- of course, the other alternative is early November
 2  because then we can finish it up by the first of the year.
 3              MR. HANUSZ:  I think, from an effectiveness
 4  standpoint, I don't think that -- I don't know how the defense
 5  can put on an effective case in that period of time, again,
 6  with our other conflicts.
 7              THE COURT:  Okay.  Well, then, I will accept the
 8  March 12 -- is it March 12?  March 12th trial day.  But I would
 9  ask you to go back and work through the pretrial deadlines and
10  also include the speedy trial waiver in -- you can do it in a
11  separate document or combine it, and then I will look at it.
12  Given this discussion, I will probably just sign off on it.  We
13  will go from there.
14              MS. HAR:  That sounds good, Your Honor.  We will
15  work to put that together.
16              THE COURT:  If you can do it sometime by the end
17  of next week, that would be good.
18              MR. HANUSZ:  Very well.  Yes.  Thank you,
19  Your Honor.  I appreciate it.
20              THE COURT:  All right.  Anything else?
21              MS. HAR:  No, Your Honor.  Thank you.
22              THE COURT:  Anybody know the status of Mr. Braun?
23  Any word?
24              MR. HANUSZ:  I do not know, Your Honor.
25              THE COURT:  All right.  So everybody have a good
```

1    weekend, and we will see you when we see you.

2            MR. JENKINS:  Thank you, Your Honor.  Mr. Braun

3    is responding to e-mails on other cases.  I think he's fully

4    anticipating returning at this point to the practice of law

5    based on the e-mails that I have reviewed in the same Mr. Braun

6    fashion.

7            (Proceedings concluded at 10:35 a.m.)

1          CERTIFICATE OF OFFICIAL REPORTER

2

3

4

5          I, MIRANDA ALGORRI, FEDERAL OFFICIAL REALTIME

6    COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR

7    THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT

8    PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE

9    FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE

10   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE

11   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

12   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

13   THE UNITED STATES.

14

15          DATED THIS  22ND  DAY OF JANUARY, 2023.

16

17

18          /S/ MIRANDA ALGORRI

19          _____
            MIRANDA ALGORRI, CSR NO. 12743, CRR
20          FEDERAL OFFICIAL COURT REPORTER

21

22

23

24

25