John Hanusz (SBN 277367)
HANUSZ LAW, PC
Email: john@hanuszlaw.com
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 204-4200

Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
1801 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: michael@thefreedmanfirm.com

Attorneys for Raymond Chan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 20CR-00326-JFW<br><br>***EX PARTE* APPLICATION FOR ORDER FOR LEAVE OF COURT TO OBJECT TO GOVERNMENT EXHIBITS** |

Raymond Chan, by and through his counsel of record, John Hanusz and Michael G. Freedman, hereby files this *ex parte* application for leave of Court to object to certain exhibits introduced at Mr. Chan's first trial that the government seeks to introduce at Mr. Chan's upcoming retrial. The government has informed Mr. Chan that it believes he may not object in his new trial to any exhibits that were admitted during his first trial and that leave of Court is required for any such objections. Although the defense does not agree with this position, it makes

this application now to clarify the issue and to avoid wasting the Court or the jury's time during trial.

Counsel for Mr. Chan met and conferred with counsel for the government regarding this *ex parte* application on January 19, 2024. At that time, counsel for the government stated it would file an opposition to this *ex parte* application within two days.

This application is based on the attached Memorandum of Points and Authorities, Declaration of Counsel and Exhibit, all matters of which the Court may take judicial notice, and such other and further argument and evidence as may be presented to the Court at the hearing of this matter.

Dated: January 23, 2024                    Respectfully submitted,


                                           */s/ John Hanusz*
                                           John Hanusz

                                           */s/ Michael G. Freedman*
                                           Michael G. Freedman

                                           Attorneys for Raymond Chan

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.  INTRODUCTION

3  After Raymond Chan's prior counsel sustained a major medical event at

4 trial, this Court declared a mistrial, and allowed Mr. Chan time to secure counsel

5 for the retrial. Mr. Chan retained current counsel, who have been working

6 diligently to prepare for trial since formally entering the case eight months ago.

7 Counsel have acquainted themselves with the voluminous case record, which

8 includes three prior trials, significant and complex litigation by all parties, and

9 veritable mountain of evidence amassed by the government during its sprawling,

10 multiyear investigation. Counsel intend to mount a vigorous defense at Mr.

11 Chan's retrial and put the government to its burden of proof.

12  An important aspect of putting the government to its burden of proof in

13 this new trial is challenging objectionable evidence, be it testimony of the

14 government's witnesses or exhibits it seeks to introduce. This is defense

15 counsel's duty in any trial, be it an initial trial or in a retrial. The Sixth

16 Amendment to the United States Constitution demands that an accused be

17 provided effective assistance of counsel, and Mr. Chan's counsel intend to meet

18 that mandate.

19  Mr. Chan's counsel have identified numerous objectionable items of

20 evidence that the government intends to offer against Mr. Chan at his retrial.

21 Although many of these exhibits went unobjected to in Mr. Chan's initial trial,

22 counsel plan to object to their admission at the retrial, as they are irrelevant,

23 prejudicial, constitute hearsay, or otherwise do not comport with the Federal

24 Rules of Evidence. Of course, at the time counsel entered the case in May 2023,

25 they were wholly unfamiliar with the trial record, and would have been unable to

26 formulate objections at that time. Indeed, it would have been impossible to

27 formulate any sort of objections at the outset, as there is no way counsel could

28

1  have had any real knowledge, much less granular knowledge, of the proceedings
2  that had progressed since the case was indicted three years prior.

3      To the extent that cause is needed to be permitted to object to the
4  government's evidence, Mr. Chan's counsel respectfully submit that ample cause
5  exists to allow objections to evidence introduced at the first trial that the
6  government seeks to reintroduce at a wholly separate trial. Indeed, counsel is
7  unaware of any authority which would prohibit new counsel – who may take a
8  different view of the case, offer different defenses, engage in different lines of
9  cross-examination, call different witnesses, and make different arguments – from
10 being able to challenge the evidence at the core of the government's case at a
11 new trial, especially where new counsel had zero involvement in any of the
12 processes surrounding the first trial. In any retrial, be it after appeal or a mistrial,
13 the parties routinely recalibrate their positions. There is nothing controversial
14 about this notion; indeed, the government has indicated its intent to use new or
15 revised exhibits at Mr. Chan's retrial. And were the government to call new
16 witnesses at the retrial, any objection to the fact that the witnesses should be
17 disallowed from testifying because they did not testify would be dismissed out of
18 hand. This is a retrial – a party should be permitted proffer evidence, and the
19 opposing party should be permitted to object. The defense should certainly be
20 permitted to object to the portions of the government's case that it finds
21 objectionable, and the Court should then sustain or overrule those objections, as
22 it does in every other proceeding. The procedure should be no different here.

23     To streamline this procedure, counsel for Mr. Chan has completed its
24 review of the government's exhibits and has noted those to which it objects.
25 Counsel have now shared these objections with the government in the same
26 format the government previously disseminated.  Those objections are attached
27 hereto.  Furthermore, for ease of reference, counsel have grouped the objections
28 into three discrete categories as discussed below.

## II.    OBJECTION GROUPINGS

As noted in the attached chart, the defense objections fall into three main categories: relevance and unfair prejudice, hearsay, and the improper use of summary exhibits. Many of the defense objections dovetail with the issues identified in the concurrently filed request for leave to file motions *in limine*.

### A.    Relevance and Unfair Prejudice

Although Mr. Chan is alleged to have had involvement with a number of the alleged sub-conspiracies, many of the allegations contained in the indictment have nothing to do with Mr. Chan, and even if they did, the presentation of evidence relating to these allegations constitutes such a risk of unfair prejudice that it should be excluded under Federal Rule of Evidence 403. Among the many objections made on these grounds, three groups of evidence are particularly demonstrative of the problems with the government's evidence.

First, it is clear that the government intends to put in front of the jury a sizeable amount of evidence relating to trips that Wei Huang, Jose Huizar, George Esparza, and others took to Las Vegas, Australia, and other locales. *See, e.g.*, Govt. Exhs. 365, 393-418, 420-29. As the government is aware, Mr. Chan was not present for these trips and had very little (if any) insight as to what occurred on these trips. As such, evidence relating to the trips is irrelevant. But even assuming relevance, the salacious evidence and testimony regarding these trips constitute a significant risk of unfair prejudice to Mr. Chan, especially in light of the minimal probative value. Simply put, they constitute an effort by the government to tar Mr. Chan with the same brush that it would use against Mr. Huizar, who will not be a defendant at Mr. Chan's trial.

Second, the government has indicated that it intends to put on evidence of Mr. Huizar's laundering of funds through his family members. *See, e.g.*, Govt. Exhs. 223-225. Again, these exhibits are wholly irrelevant as to Mr. Chan. Undoubtedly, they would be relevant as to Mr. Huizar's use of the benefits that

he received, but Mr. Huizar is not on trial. And if he were, Mr. Chan would be entitled to a limiting instruction that Mr. Huizar's actions here are not to be held against Mr. Chan. But even assuming relevance, these exhibits are of such little probative value, and carry such a risk of unfair prejudice as to Mr. Chan, that they should be excluded from trial.

Third, it is clear that the government intends to elicit evidence regarding the 940 Hill sub-conspiracy despite the fact that Mr. Chan is in no way implicated in this plot. *See, e.g.*, Govt. Exhs. 88, 89, 181, 182, 185, 210, 211. This evidence is wholly irrelevant as to Mr. Chan, and, assuming the government could make some showing of probative value, this showing would be substantially outweighed by the danger of unfair prejudice to Mr. Chan.

## B.    Hearsay

Whole swaths of the government's evidence consist of out-of-court statements by other individuals – classic hearsay – that the government will apparently attempt to introduce through its case agent. *See, e.g.*, Govt. Exhs. 80-81, 84-89, 117-122, 124-135, 140-156, 160-165, 171-175, 178-185, 187, 363, 365-375, 380-384, 386-387, 447-459, 596-603. Unless and until the government can show that a hearsay exception is applicable, hearsay statements should be excluded.

## C.    Summary Exhibits

The government has identified a number of exhibits that it seeks to reintroduce into evidence as summary charts under Federal Rule of Evidence 1006. *See, e.g.*, Govt. Exhs. 900-901, 904, 906, 907-912, 921, 927, 930-932A, 940-943. Although some of these exhibits are objectionable on other grounds, such as relevance and unfair prejudice, the simple fact is that they do not comport with Federal Rule of Evidence 1006, which requires that such an exhibit summarize voluminous materials. These exhibits do not summarize voluminous materials that, in the words of the rule, "cannot be conveniently examined in

*EX PARTE* APPLICATION RE OBJECTIONS TO TRIAL EXHIBITS

court." Rather, they are the equivalent of PowerPoint slides that a party might use in closing argument in an effort to connect the dots or tell a story, but which, in any event, are not admissible. The defense has no objection to the use of the majority of these charts as demonstratives, but these charts should not be admitted as substantive evidence.

## III. CONCLUSION

The defense is prepared to continue to meet and confer with the government in an effort to resolve evidentiary disputes prior to trial. Counsel respectfully submits, however, that due process and the duty of effective representation require that the defense be permitted to object to the evidence that forms the basis of the government's case. As a result, Mr. Chan seeks an order from the Court mandating that the parties meet and confer in an effort to resolve evidentiary objections to all exhibits, and that the Court rule on any unresolved evidentiary issues on the record.

*EX PARTE* APPLICATION RE OBJECTIONS TO TRIAL EXHIBITS