John Hanusz (State Bar No. 277367)
HANUSZ LAW PC
515 South Flower Street, Suite 3500
Los Angeles, CA 90071
Telephone: (213) 204-4200
Email: john@hanuszlaw.com

Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
1801 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: michael@thefreedmanfirm.com

Attorneys for Raymond Chan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>RAYMOND SHE WAH CHAN,<br><br>  Defendant. | Case No. 20-CR-326-JFW<br><br>**RAYMOND CHAN'S EX PARTE APPLICATION FOR APPROVAL TO FILE THREE MOTIONS IN LIMINE** |

Raymond Chan, by and through his counsel of record, John Hanusz and Michael G. Freedman, hereby files this ex parte application for an Order allowing Mr. Chan to file three motions in limine: (1) Motion in Limine (No. 1) To Exclude Testimony and Evidence Regarding Trips to Las Vegas; (2) Motion in Limine (No. 2) To Exclude Evidence of Other Schemes; (3) Motion in Limine (No. 3) To Exclude Speculative Testimony About Knowledge, Intent, Motive or State of Mind.

EX PARTE APPLICATION FOR APPROVAL TO FILE MOTIONS IN LIMINE

Consistent with the Court's May 22, 2023 Order, Mr. Chan respectfully submits that this approval should be granted because the intended motions either (1) have not previously been ruled upon, or (2) there is a justification for re-litigating them as to Mr. Chan.

Counsel for Mr. Chan met and conferred with counsel for the government regarding this <u>ex parte</u> application on January 19, 2024, At that time, counsel for the government stated it would file an opposition to this <u>ex parte</u> application within two days. (Declaration of Michael G. Freedman, ¶ 2).

This motion is based on the attached Memorandum of Points and Authorities, the Declaration of Michael G. Freedman, all matters of which the Court may take judicial notice, and such other and further argument and evidence as may be presented to the Court at the hearing of this matter.

Dated: January 23, 2024                           Respectfully submitted,

                                                  <u>/s/ John Hanusz            </u>
                                                  John Hanusz

                                                  <u>/s/ Michael G. Freedman    </u>
                                                  Michael G. Freedman

                                                  Attorneys for Raymond Chan

ii

<u>EX PARTE</u> APPLICATION FOR APPROVAL TO FILE MOTIONS <u>IN LIMINE</u>

I.  **Introduction**

On May 22, 2023, the Court issued its Order Continuing Trial Dates and Findings Regarding Excludable Time Periods Pursuant to Speedy Trial Act. (Dkt. 1071). That Order provides, in pertinent part, that "[A]ny party seeking to file a motion in limine must first seek and obtain prior Court approval by filing an ex parte application explaining the basis for the motion and either: (1) certifying the issue has not previously been ruled upon by the Court in this proceeding or (2) providing a justification for re-litigating an issue upon which the Court has already ruled." (Dkt. 1071 at 3:22-27).

Pursuant to that Order, Raymond Chan respectfully applies ex parte for the Court's approval to file three motions in limine: (1) Motion in Limine (No. 1) To Exclude Testimony and Evidence Regarding Trips to Las Vegas; (2) Motion in Limine (No. 2) To Exclude Evidence of Other Schemes; (3) Motion in Limine (No. 3) To Exclude Speculative Testimony About Knowledge, Intent, Motive or State of Mind.

As discussed below, the first motion has not been previously ruled upon by the Court. The second motion was ruled upon by the Court only as to Shen Zhen New World and then denied as moot as to Mr. Huizar following his guilty plea. The third motion was similarly denied as moot as to Mr. Huizar following his guilty plea.

II. **Motion in Limine No. 1: To Exclude Testimony and Evidence Regarding Trips to Las Vegas.**

This motion seeks to exclude evidence or testimony regarding the details of Jose Huizar and George Esparza's trips to Las Vegas with Chairman Wei Huang. The basis for this motion is that such evidence is irrelevant in the case against Mr. Chan and unnecessarily prejudicial to Mr. Chan. *See* Fed. R. Evid. 401, 402, 403. Mr. Chan did not go on any of these trips and they do not further any fact of consequence as to the government's charges against him. They can only serve to

impermissibly inflame the jury's sensibilities.  The Court should allow this motion because the issue has not previously been litigated or ruled upon by the Court.  (Declaration of Michael G. Freedman ("Freedman Decl.") ¶ 3(a)).

### III.  Motion in Limine No. 2: To Exclude Evidence of Other Schemes.

The motion seeks to exclude evidence regarding other alleged bribery schemes that Mr. Chan was not involved with or aware of.  The basis for this motion is that other alleged bribery schemes relating to 940 Hill, Carmel Partners, and the Mateo project are irrelevant to the case against Chan and should be excluded.  See Fed. R. Evid. R. 401, 403.

Defendant Shen Zhen New World previously filed a similar motion before its trial on August 29, 2022.  (Dkt. 649).  The Court granted the motion in part as to Shen Zhen New World.  (Dkt. 699 at 85-101).  Mr. Huizar previously filed a motion to exclude co-conspirator statements on December 19, 2022 (Dkt. 881), which addressed some of the same issues, and the Court denied that motion as moot after Mr. Huizar pled guilty.  (Dkt. 912).  See Freedman Decl., ¶ 3(b).

The Court should allow Mr. Chan's motion for two reasons.  First, although the issue was previously litigated with respect to Shen Zhen New World, it was not previously litigated as to Mr. Chan.  Mr. Chan's motion will urge the Court to apply the same reasoning in his case as it did in the Shen Zhen New World case, but not all of the schemes excluded as to Shen Zhen New World overlap with the schemes Mr. Chan seeks to exclude.  Like Shen Zhen New World, Mr. Chan seeks to exclude evidence regarding Defendants Lee and 940 Hill for the same reasons the Court excluded it as to Shen Zhen New World.  Mr. Chan also seeks to exclude testimony by Morris Goldman about his relationship with Jose Huizar as it pertained to Carmel Partners and the Mateo project, which the Court has not previously ruled upon.  The second reason why the Court should allow this motion is that, although Mr. Huizar previously filed a similar motion, that motion was

2

EX PARTE APPLICATION FOR APPROVAL TO FILE MOTIONS IN LIMINE

denied as moot following Mr. Huizar's guilty plea, so the issue was never litigated to finality as to Mr. Chan.

### III. Motion in Limine No. 3: To Exclude Speculative Testimony About Knowledge, Intent, Motive or State of Mind.

This motion seeks to preclude the government from asking questions designed to elicit testimony from witnesses about other individuals' state of mind. *See* Fed. R. Evid. R. 701, 704.

Mr. Huizar previously filed a motion to preclude the government from eliciting testimony from witnesses about other individuals' knowledge, intent, motive, or other criminal state of mind on December 19, 2022 (Dkt. 885), which addressed some of the same issues, and the Court denied that motion as moot after Mr. Huizar pled guilty. (Dkt. 912). *See* Freedman Decl., ¶ 3(c).

The Court should allow this motion because although Mr. Huizar previously filed a similar motion, that motion was denied as moot following Mr. Huizar's guilty plea, so the issue was never litigated to finality as to Mr. Chan.

### IV. Conclusion

For the foregoing reasons, Raymond Chan respectfully requests that the Court issue an Order approving the filing of his three proposed motions in limine according the briefing schedule previously set by the Court.