E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT RAYMOND CHAN'S *EX PARTE* APPLICATION FOR LEAVE OF COURT TO OBJECT TO GOVERNMENT EXHIBITS |
| v. | |
| RAYMOND SHE WAH CHAN, aka "She Wah Kwong," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files its opposition to defendant Raymond Chan's Ex Parte Application for Leave of Court to Object to Government Exhibits.  (Dkt. No. 1259.)

1    This opposition is based upon the attached memorandum of points

2 and authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4  Dated: January 24, 2023          Respectfully submitted,

5                                   E. MARTIN ESTRADA
                                    United States Attorney
6

7                                        _/s/_____

8                                   SUSAN S. HAR
                                    MACK E. JENKINS
9                                   CASSIE D. PALMER
                                    BRIAN R. FAERSTEIN
10                                  Assistant United States Attorneys

11                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.    INTRODUCTION...................................................1

II.   PROCEDURAL HISTORY.............................................2

     A.   First Round of Meet-and-Confers with Defendant
          Regarding the Government's Trial Exhibits.................2

     B.   Second Round of Meet-and-Confers Regarding the
          Government's Trial Exhibits..............................3

     C.   Third Round of Meet-and-Confers Regarding the
          Government's Trial Exhibits..............................4

     D.   The Parties Agreed That Defendant Would Be Permitted
          to Object to New or Revised Exhibits Only for the
          Retrial..................................................5

     E.   Less than Two Months Before Trial, Defendant Seeks
          Leave to Raise Hundreds of Objections to Over 470
          Exhibits.................................................9

III.  ARGUMENT......................................................9

     A.   Defendant Had a Full and Fair Opportunity to Object to
          the Exhibits and Is Bound by His Decisions with Prior
          Counsel..................................................9

     B.   Defendant Is Seeking to Exclude Numerous Exhibits
          Based on His Proposed Motions in Limine.................12

     C.   There Is No Cognizable Prejudice to Defendant...........13

     D.   There Would Be Significant Prejudice to the Government...14

IV.   CONCLUSION...................................................15

i

**TABLE OF AUTHORITIES**

Page(s)

Cases

Alvarado Orthopedic Rsch., L.P. v. Linvatec Corp.,
  No. 11CV0246-IEG-RBB, 2012 WL 6193834 (S.D. Cal. Dec. 12, 2012) .. 10

Gonzalez v. United States,
  553 U.S. 242 (2008) ......................................... 9, 10

United States v. Mezzanatto,
  513 U.S. 196 (1995) ........................................... 11

United States v. Pino-Noriega,
  189 F.3d 1089 (9th Cir. 1999) ................................. 11

United States v. Vargas,
  933 F.2d 701 (9th Cir. 1991) .................................. 11

United States v. Yousef,
  327 F.3d 56 (2d Cir. 2003) .................................... 10

ii

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3       Defendant seeks yet another bite at the apple to object to the
4  government's prior trial exhibits that he has had for well over <u>one</u>
5  <u>year</u> and for which he had every full and fair opportunity to object.
6  (<u>See</u> Dkt. No. 1259 ["Appl."].)  Not only did defendant (directly and
7  with prior counsel) raise numerous objections to these exhibits
8  before and leading up to trial, but the government also engaged in
9  extensive meet-and-confers with defendant and his counsel regarding
10 his objections and, importantly, resolved them in part by making
11 significant revisions to the exhibits.  That process was extremely
12 time- and resource-intensive for the parties, as well as for the
13 Court, which carefully oversaw it and extended multiple opportunities
14 for defendant to formulate and state his objections, thereby ensuring
15 due process was met.

16      Making matter worse, defendant's current counsel--despite having
17 substituted in more than <u>eight months ago</u> (Dkt. Nos. 1045, 1047) with
18 full access to the government's exhibits--seeks to re-open objections
19 to the prior exhibits seven weeks before trial after having expressly
20 stipulated months earlier that objections would be limited to "new or
21 revised exhibits only." (Dkt. No. 1067.)  The Court's order adopting
22 the parties' stipulation similarly restricted the defense's
23 objections to new or revised exhibits only and set a tight schedule
24 with numerous other substantive deadlines between now and the start
25 of trial on March 12.  (Dkt. No. 1071.)

26      Despite all this, defendant seeks to have a fourth (or fifth)
27 bite at the apple by objecting to over 470 prior exhibits, in most
28 cases with several objections to each exhibit.  Defendant justifies

1

his position by pointing to the fact that this is a new trial with new counsel.  But when (1) defendant through prior counsel had multiple full and fair opportunities to object; (2) defendant, in fact, objected, resulting in the government's concessions to revise the exhibits in defendant's favor; and (3) the Court, upon current defense counsel's express agreement and stipulation, limited objections to new or revised exhibits on a shortened timetable, defendant is not entitled to yet another opportunity to object to the prior exhibits, much less seven weeks before the start of trial.

The Court should deny defendant's application.

## II.  PROCEDURAL HISTORY

Defendant's prior trial began on February 21, 2023.  (Dkt. No. 972.)  In compliance with the Court's comprehensive pre-trial deadlines and meet-and-confer requirements, the government began the process to meet-and-confer and address the numerous defense's objections to its exhibits many months earlier.

### A.   First Round of Meet-and-Confers with Defendant Regarding the Government's Trial Exhibits

The Court set the February 21, 2023 trial date against defendants Jose Huizar and Chan in April 2022.  (Dkt. No. 441.)  Per the Court's schedule, the government's exhibits and exhibit list were disclosed to defendants Huizar and Chan on October 11, 2022.  (Id.)  On November 29, 2022, the government and counsel for Huizar conducted a lengthy meet and confer regarding the government's exhibits, after which the parties (including defendant's counsel) communicated via email about the meet-and-confer and the exhibits.  On December 7, 2022, the government additionally met with defendant, defendant's prior counsel (Harland Braun and Brendan Pratt), as well as

defendant's son, Jeremy Chan, who is a lawyer, to confer about the government's exhibits.  On December 8, 2022, in response to defense objections, the government revised, corrected, or provided additional information about approximately 63 exhibits and cut six exhibits.

On January 17, 2023, the parties filed a joint pretrial exhibit stipulation that set forth hundreds of objections by defendant Huizar, as well as the government's responses; it was the government's understanding, after having met separately with defendant Chan and his counsel and exchanged emails with counsel to both defendants, that defendant Chan joined in defendant Huizar's objections.  (Dkt. No. 907.)  On January 18, the Court ordered the parties to meet and confer to resolve the "extraordinary number" of objections to the exhibits.  (Dkt. No. 908.)

The next day, defendant Huizar's plea agreement was filed, (Dkt. No. 910), and he entered his guilty plea on January 20, 2023.  (Dkt. No. 912.)

### B.   Second Round of Meet-and-Confers Regarding the Government's Trial Exhibits

Following defendant Huizar's guilty plea, the government continued to meet and confer with defendant to discuss his objections to the government's exhibits.

As a result of those meet-and-confers, the parties filed another joint pretrial exhibit stipulation with defendant on February 3, 2023.  (Dkt. No. 925.)  As before, defendant raised hundreds of objections, including foundation, relevance, rule of completeness, translation accuracy, and Rule 1006 objections, and included an appendix further explaining the bases for his objections.  (Id.; Dkt. No. 925-1.)  On February 7, 2023, following a hearing at which

3

certain of defendant's exhibit objections were discussed, the Court ordered the parties to further meet and confer regarding excerpts of recordings to which defendant objected.  (Dkt. No. 930.)

### C. Third Round of Meet-and-Confers Regarding the Government's Trial Exhibits

The Court's February 7 order triggered another series of meet-and-confers with defendant about the exhibits and his objections, both in-person and through emails and phone conferences, starting on February 7.  Alongside Mr. Braun and Mr. Pratt, defendant Chan directly participated in several of these meet-and-confers.

Thereafter, on February 10, 2023, the parties filed another revised joint pretrial exhibit stipulation.  (Dkt. No. 937.)  That stipulation memorialized the results of the extensive meet-and-confers with defendant on multiple categories of objections and reported that defendant's objections to the previously disputed translations had been resolved.  (Id.)  In resolving those objections, the government agreed to adopt all of defendant's proposed revisions to the translations and revised its exhibits accordingly.  (Id.; see also Dkt. No. 946.)

On February 13, 2023, the government filed a separate statement that detailed its extensive efforts to meet and confer with defendant regarding recording excerpts, transcripts, and translations, and memorialized its agreement to adopt defendant's proposed translations.  (Dkt. No. 946.)  The government also made significant concessions with respect to defendant's rule-of-completeness objections, although it maintained that some of defendant's contemplated additions to the government's recording and transcript

4

excerpts were meritless.[1]  (Id.)  Each of the government's
concessions required the government to revise and replace its
previously prepared exhibit with an updated version reflecting
defendant's proposed changes.

The day before trial, on February 20, the government filed a
third revised joint pretrial exhibit stipulation.[2]  (Dkt. No. 968.)
In connection with this final joint pretrial exhibit stipulation
before trial, the government provided defendant multiple
opportunities to provide his position regarding a subset of exhibits
the government added to its exhibit list after the prior exhibit
stipulation, repeatedly soliciting defense counsel's position prior
to filing.  (Id.)  Thus, the government's exhibits as currently
constituted reflect substantial compromise and incorporate
defendant's and his prior counsel's views.

As a result of the extensive efforts that the government
undertook to exceed the meet-and-confer requirements set forth in the
Court's orders, the prior trial proceeded smoothly with respect to
the introduction and admission of the government's exhibits.

**D.  The Parties Agreed That Defendant Would Be Permitted to
Object to New or Revised Exhibits Only for the Retrial**

On May 4 and 5, 2023, current defense counsel substituted into
the case.  (Dkt. Nos. 1045, 1047, 1048.)  The Court ordered the
parties to file a joint statement regarding the retrial and related
dates.  (Dkt. No. 1048.)  During the parties' discussion regarding

---

[1] These few outstanding rule-of-completeness disputes were later
resolved when defendant decided he would seek to admit any additional
portions in the defense case.

[2] This was the third stipulation with respect to defendant in
particular (and fourth overall with respect to defendant Chan and
defendant Huizar).

the joint statement, the government conveyed to defendant's new counsel at least three separate times its view and understanding that defense objections to the government exhibits for the retrial would be limited to new or revised exhibits only.

First, on May 8, 2023, during the Court-ordered meet-and-confer regarding pre-trial and trial dates, the government summarized for defense counsel the Court's many pre-trial requirements and, given the history of the prior trial, took the view that only new or revised exhibits identified by the government should be open for objections in the revised schedule.  Defense counsel did not object or take a different view.

Second, based on the parties' meet-and-confer, the parties submitted on May 10, 2023 a Joint Statement Regarding Proposed Dates for Pretrial and Related Deadlines ("Joint Statement") that assumed a March 12, 2024 trial date and set forth a proposed schedule.[3]  (Dkt. No. 1053.)  With respect to the deadlines related to the government's exhibits, each of those deadlines specifically designated that they applied to "New & Revised Only."  (Id. at 4.)  The statement did not include any deadlines for making objections to (or meeting and conferring about) the prior exhibits.  In fact, the statement made clear that "[b]ecause the defense already has many of the materials the government normally would disclose in accordance with the Court's pretrial orders – including . . . the government's trial exhibits and witness list from the initial trial – the parties have agreed to shorten the lead time before trial for some deadlines to reflect that

---

[3] The government originally sought and proposed a retrial date in the fall of 2023, but acquiesced to defendant's request for a date in the spring of 2024 given the trial conflicts of his newly retained counsel.

those disclosures have already occurred." (<u>Id.</u> at 3.) The statement further clarified that "for some of the deadlines, the parties propose disclosures and filings relating only to new or revised items." (<u>Id.</u>)

<u>Third</u>, following a status conference on May 12, 2023 (Dkt. No. 1056), the parties prepared and submitted a stipulation setting forth numerous proposed pre-trial deadlines and a March 12, 2024 retrial date. (Dkt. No. 1067.) With respect to the government's exhibits, the stipulation--consistent with the parties' agreed-upon position in the Joint Statement--proposed pre-trial deadlines limited to "new and revised" exhibits only; specifically:

- 1/16/2024 – "Gov't Amended Exhibit List & Gov't Exhibits (incl. Gov't New and Revised Exhibits) to Defense"
- 1/24/2024 – "Conference re: Gov't New and Revised Exhibits"
- 1/30/2024: "Joint Pretrial Gov't Amended Exhibit Stipulation (with Defense Objections to Gov't New and Revised Exhibits <u>Only</u>)"

(Dkt. No. 1067 at 6 (emphasis added).) The parties' stipulation did not contain any deadlines to confer about objections to the government's prior exhibits, and the deadline for the joint pretrial government exhibit stipulation explicitly stated that defense objections would be to the new and revised exhibits "only." (<u>Id.</u>) In proposing and agreeing with the defense on these three dates within two weeks of each other, the government relied on its expressly and repeatedly stated understanding that only objections to new and revised government exhibits would need to be addressed and resolved for the retrial. The government would not have agreed upon

1    such a compressed schedule for objections to its exhibits had the

2    defense raised any question as to the limited scope of the defense's

3    objections, i.e., to government new and revised exhibits only.

4         Indeed, as a point of comparison, when the government and

5    defendants Huizar and Chan previously sought to continue the trial to

6    April 25, 2023, the proposed schedule contemplated that the parties'

7    in-person exhibit conference would take place one month after the

8    government disclosed its exhibits (and three months before trial),

9    and that the parties would file the joint pretrial exhibit

10   stipulation more than two months after the meet-and-confer

11   conference.  (See Dkt. No. 831 at 4.)

12        On May 22, 2023, the Court issued an order adopting the parties'

13   proposed schedule.  (Dkt. No. 1071.)  The Court's order stated that

14   any defense objections to the government's trial exhibits would be to

15   "New and Revised Exhibits Only."  (Id. at 3.)

16        Per the Court's scheduling order, on January 16, 2024, the

17   government provided defendant with 15 "new and revised" exhibits and

18   an updated, full exhibit list incorporating those 15 new exhibits.

19   The government took a broad view of "new" exhibits and included

20   (1) exhibits that the government added to its exhibit list soon

21   before or during the prior trial and for which defendant did not have

22   a full opportunity to prepare an objection, and (2) exhibits that the

23   government newly obtained after the mistrial when it gained access to

24   Jose Huizar's phone.  Other than those 15 new exhibits, the

25   government's other exhibits remain the same from the prior trial.

26

27

28

8

**E.    Less than Two Months Before Trial, Defendant Seeks Leave to Raise Hundreds of Objections to Over 470 Exhibits**

Notwithstanding the countless opportunities defendant previously had to object to the government's exhibits--and the hundreds of objections he previously made that the parties resolved--defendant now seeks leave to raise voluminous objections to the prior exhibits. Defendant does so despite the parties' discussions and joint filings with current counsel to the contrary and the Court's scheduling order.

Specifically, defense counsel provided the government with a chart cataloguing approximately **1,366** evidentiary objections to approximately **471** of the prior exhibits.[4]  (Appl., Ex. A.) Defendant's contemplated objections include hearsay, relevance, 403, and improper summary exhibits.  Counsel disclosed these objections to the government for the first time on January 21, 2024, despite having the Court's scheduling order and access to the government's prior exhibits since May 2023.

**III. ARGUMENT**

**A.    Defendant Had a Full and Fair Opportunity to Object to the Exhibits and Is Bound by His Decisions with Prior Counsel**

Defendant should not be given what would amount to a fourth or fifth opportunity to object to the government's prior trial exhibits. It is well established that a defendant is "deemed bound by the acts of his lawyer-agent."  Gonzalez v. United States, 553 U.S. 242, 248 (2008) (citation omitted).  "Thus, decisions by counsel are generally given effect as to what arguments to pursue, what evidentiary

---

[4] Specifically, defendant has 463 objections based on relevance (402); 446 objections based on 403; 421 objections based on hearsay; and 36 objections based on Rule 1006.

1   objections to raise, and what agreements to conclude regarding the

2   admission of evidence." Id. at 248-29 (citations omitted). The

3   strategic decisions of counsel--including not to pursue a claim or

4   object to the admission of evidence--follow the defendant and

5   generally do not constitute cause for relief from counsel's knowing

6   waiver. United States v. Yousef, 327 F.3d 56, 125 (2d Cir. 2003).

7   For that reason, "[i]ncoming counsel is bound by the actions of his

8   or her predecessor, and to hold otherwise would allow parties to

9   create good cause simply by switching counsel." Alvarado Orthopedic

10  Rsch., L.P. v. Linvatec Corp., No. 11CV0246-IEG-RBB, 2012 WL 6193834,

11  at *4 (S.D. Cal. Dec. 12, 2012). Here, holding defendant (and

12  current counsel) to the strategic decisions of Mr. Braun and Mr.

13  Pratt fully comports with due process. During the protracted process

14  of resolving defendant's objections to the government's trial

15  exhibits, defendant was at all times represented by competent

16  counsel, Mr. Braun, who was defendant's "counsel of choice" and spent

17  hundreds of hours with defendant in the years, months, and weeks

18  leading up to trial. (See Dkt. No. 996-1 [Chan Decl.].) Defendant's

19  due process and Sixth Amendment rights were more than sufficiently

20  protected throughout that process. Not only did defense counsel have

21  innumerable opportunities to object to the government's trial

22  exhibits, but defendant Chan directly participated in some of the

23  meet-and-confer discussions.

24      Moreover, Mr. Braun and Mr. Pratt did lodge numerous objections

25  to the government's prior trial exhibits. Defendant's current

26  counsel contends that defendant now seeks to object to the

27  government's exhibits that largely "went unobjected to" in the prior

28  trial (Appl. at 3), but this misapprehends the record. As detailed

1   above, Mr. Braun and Mr. Pratt raised hundreds of objections to the

2   government's exhibits.  And consistent with this Court's practice and

3   procedure, which was also followed in the trials against David

4   Lee/940 Hill and Shen Zhen New World I, LLC, the parties poured

5   countless hours into conferring, negotiating, and ultimately

6   resolving those objections.  The results of that process included the

7   government cutting, revising, and replacing numerous exhibits, which

8   it would not have done absent defendant's objections.

9         To the extent Mr. Braun and Mr. Pratt did not object to an

10  exhibit (or raised different objections than what current counsel

11  contemplates), those decisions fall well within the scope of

12  strategic decisions that an attorney is entitled to make.

13  Evidentiary objections can obviously be waived, and parties

14  frequently decide to waive objections for various reasons.  United

15  States v. Mezzanatto, 513 U.S. 196, 202-03 (1995) (waivers of

16  evidentiary rules generally enforceable even over the party's

17  subsequent objections); see also United States v. Pino-Noriega, 189

18  F.3d 1089, 1097 (9th Cir. 1999) (a party can fail to preserve an

19  evidentiary issue "not only by failing to make a specific objection

20  but also by making the wrong specific objection" (cleaned up));

21  United States v. Vargas, 933 F.2d 701, 707 (9th Cir. 1991)

22  ("Naturally, hearsay problems . . . can be waived.").

23        Defendant's claim that he should simply be able to "recalibrate

24  [his] positions" on the government's prior exhibits is not supported

25  by any authority and provides no basis for good cause here.  (Appl.

26  At 4.)  Defendant points only to the government's "intent to use new

27  or revised exhibits" in seeking the ability to "recalibrate" his own

28  positions (id.), but that example misses the point: defendant does

11

and will have the opportunity to challenge the government's new or revised exhibits.  But that does not entitle defendant to yet another go-around to object to the prior (unrevised) exhibits he has had for over a year and for which he already objected simply because he has successive counsel.

### B. Defendant Is Seeking to Exclude Numerous Exhibits Based on His Proposed Motions in Limine

Notwithstanding the numerous opportunities defendant has had to object to prior exhibits, the current schedule still gives defendant yet another potential opportunity to exclude some of the government's prior exhibits vis-à-vis motions in limine.

Defendant categorizes his proposed new objections into three groups: (1) relevance and unfair prejudice; (2) hearsay; and (3) summary exhibits.  (Appl. At 5-7.)  Some of these objections resemble arguments better suited for a motion in limine.  Indeed, defendant's pending application for leave to file motions in limine seeks to exclude (among other things) evidence of the Las Vegas trips and of "other schemes" like the 940 Hill scheme.[5]  (Dkt. No. 1260.) Those arguments mirror some of defense counsel's contemplated objections to the government's exhibits; namely, defendant seeks to lodge relevance and 403 objections to exhibits relating to the Las Vegas trips and the 940 Hill scheme.  (Appl. at 5-6.)

Should the Court grant leave for defendant to file a motion in limine, and should defendant prevail on his motion on the merits, that ruling would lead to the exclusion of all exhibits falling within the scope of such an order.  But, given the long history and

---

[5] The government will file a separate response to this application but does not expect to oppose defendant's request for leave to file his motions in limine.

1  circumstances of this case, defendant should not be permitted--yet
2  again--to raise well over one thousand individual evidentiary
3  objections to hundreds of exhibits, only seven weeks before trial.
4          **C.   There Is No Cognizable Prejudice to Defendant**
5          Nothing in defendant's application challenges the fact that
6  defendant, with his prior counsel, had more than ample opportunity to
7  object to the government's prior trial exhibits.  Nor does current
8  defense counsel dispute that they agreed eight months ago to a
9  schedule permitting objections to new and revised exhibits <u>only</u>.
10 Current counsel insists that they would not have been able to
11 formulate objections when they entered the case in May 2023 (Appl. at
12 3), but no one is suggesting otherwise.  What current counsel could
13 have and should have done was to advise the government (and the
14 Court) that defendant intended to object to the prior exhibits and
15 decline to limit objections to new and revised exhibits only.  If
16 they had done so, the government would have requested a briefing
17 schedule that allowed the parties reasonable lead time.  But
18 defendant's counsel did not do so.
19         The government understands trial is an evolving process and that
20 both parties will require some flexibility moving forward as new
21 issues arise.  The government takes no issue with current defense
22 counsel putting on their case as they see fit, including by offering
23 different defenses, engaging in different lines of cross-examination,
24 calling different witnesses, and making new or different legal
25 arguments (including new motions <u>in limine</u>).  (See Appl. at 4.)
26 Indeed, the government expects just that, which is why the scheduling
27 stipulation and Court order re-scheduled deadlines for defense
28 exhibits, defense expert offers of proof, defense jury instructions,

1   defense witness list, and even motions <u>in limine</u> (subject to leave of

2   Court). (Dkt. Nos. 1067, 1071.) Given the foregoing, defendant can

3   hardly claim prejudice if not afforded yet another chance to raise

4   objections to prior, unrevised exhibits.

5          **D.   There Would Be Significant Prejudice to the Government**

6          Conversely, there will be substantial and unfair prejudice to

7   the government should defendant's application be granted. The

8   government already substantially modified its exhibits based on

9   defendant's past objections. The government would also be forced to

10  engage in the extremely time-consuming and resource-intensive process

11  of reviewing defendant's 1,366 objections, formulating responses,

12  meeting and conferring about those objections, preparing joint

13  filings to lay out those objections and responses, and otherwise

14  litigating the objections in Court: all in the seven weeks before a

15  retrial that was set as a firm trial date eight months ago. The

16  government requires these next seven weeks to comply with the various

17  other pre-trial deadlines set by the Court, including meeting and

18  conferring on <u>defendant's</u> exhibits, which the government expects to

19  be voluminous based on the prior trial. Government counsel also

20  requires this time to prepare for trial generally, including by

21  meeting with witnesses, refining direct examinations and jury

22  addresses, and preparing for cross-examination of the defense

23  witnesses. Put differently, the government reasonably relied on

24  defendant's stipulation and the Court's order in planning the next

25  seven weeks before trial; granting defendant's request and re-writing

26  the pretrial schedule would unfairly prejudice the government.

27

28

**IV.   CONCLUSION**

For the foregoing reasons, defendant's request for relief should be denied.