E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:   Mack.Jenkins@usdoj.gov
               Cassie.Palmer@usdoj.gov
               Susan.Har@usdoj.gov
               Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>RAYMOND SHE WAH CHAN,<br>　aka "She Wah Kwong,"<br><br>　　　　Defendant. | No. CR 2:20-326(A)-JFW-2<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT RAYMOND CHAN'S *EX PARTE* APPLICATION FOR APPROVAL TO FILE THREE MOTIONS *IN LIMINE* |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files its response to defendant Raymond Chan's Ex Parte Application for Approval to File Three Motions in Limine.  (Dkt. No. 1260.)

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 24, 2024                    Respectfully submitted,

                                           E. MARTIN ESTRADA
                                           United States Attorney


                                               /s/
                                           BRIAN R. FAERSTEIN
                                           MACK E. JENKINS
                                           CASSIE D. PALMER
                                           SUSAN S. HAR
                                           Assistant United States Attorneys

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    GOVERNMENT'S RESPONSE**

The government does not oppose defendant Raymond Chan's request for leave to file the three motions in limine described in his ex parte application. (Dkt. No. 1260 (the "Appl.").) The government nonetheless submits this response to clarify several issues raised by defendant's application.[1]

With respect to each of defendant's prospective motions in limine, the government's position is based upon the representations made in the Application regarding the content of each motion.

**A.    Proposed Defense Motion in Limine No. 1 To Exclude Testimony and Evidence Regarding Trips to Las Vegas**

The government agrees that the issue of the admissibility of testimony and evidence regarding defendant Jose Huizar's and others' trips to Las Vegas as against defendant Chan has not been previously litigated or ruled upon in this proceeding.

Accordingly, the government does not oppose defendant's request for leave to file this motion but fully intends to oppose the motion on the merits should the Court grant defendant leave to file it.

---

[1] Defense counsel correctly notes that the parties met and conferred regarding defendant's proposed application for leave to file motions in limine, (Appl., Declaration of Michael G. Freedman ¶ 2), consistent with the requirements in the Court's pretrial scheduling order. (See Dkt. No. 1071 at 3-4.) During the meet-and-confer, defense counsel generally described the proposed motions in limine. While the government initially indicated it likely would oppose defendant's application on the basis that defendant's motions related to issues that had been previously litigated and ruled upon by the Court, the government has changed its position after reviewing the more detailed descriptions of defendant's proposed motions in the Application.

**B. Proposed Defense Motion in Limine No. 2 To Exclude Evidence of Other Schemes**

The government does not oppose defendant's request for leave to file a motion in limine seeking to exclude so-called "other scheme" evidence. The issue of the admissibility of evidence regarding certain bribery schemes alleged within the RICO conspiracy has not been previously litigated with respect to this defendant.

As defendant notes, the issue of "other scheme" evidence was raised by co-defendant Shen Zhen New World ("SZNW") in a motion in limine ruled upon by the Court prior to the severed trial against SZNW. (Dkt. Nos. 649, 693, 699 (9/23/2022 Tr.) at 85-101.) Defendant correctly recognizes that the issue raised by SZNW "was not previously litigated as to Mr. Chan." (Appl. at 2.) However, defendant posits the untenable position that the "same reasoning" behind the Court's substantive ruling on SZNW's prior motion in limine should apply to defendant. (Id.)

Defendant's position ignores that, unlike him, SZNW was not charged in the RICO conspiracy. Defendant also ignores the distinctions the Court drew between the defendants charged in the First Superseding Indictment when ruling on the developer defendant motions to sever, (Dkt. Nos. 200, 201), that is, (1) the developer defendants (defendants SZNW and David Lee/940 Hill LLC) on the one hand, and (2) defendants Huizar and Chan on the other. In granting the developer defendants' severance from defendants Huizar and Chan, the Court focused on the potential for prejudicial spillover from "the overwhelming nature of the pay-to-play evidence against defendants Huizar and Chan," who, unlike SZNW and Lee/940 Hill, were charged as participants in the RICO conspiracy. (Dkt. No. 413

(3/7/22 Tr.) at 27:15-16.) The Court found that "the jury in the larger more complex RICO case would be able to focus on the evidence against defendants Huizar and Chan and not worrying about parsing out the First Superseding Indictment counts and supporting evidence that apply to the other defendants." (Id. at 27:4-8; see also id. at 25:4-9 ("While evidence relating to their development projects will be used to prove the existence of the enterprise and scheme to defraud against defendants Huizar and Chan, the majority of the evidence in this case involves unrelated conduct involving Huizar and Chan and other co-schemers and has absolutely nothing to do with Lee, 940 Hill, and SZNW.").) Unlike "the more minimally involved defendants," i.e., SZNW and Lee/940 Hill, (id. at 26:7.), defendant, along with Huizar, was a central player in the RICO conspiracy.

Defendant also asserts that Huizar "previously filed a similar motion," pointing to defendant Huizar's motion in limine to exclude co-conspirator statements, but concludes that motion should not preclude leave since it was denied as moot following Huizar's guilty plea. (Dkt. No. 881.) While the government certainly agrees that the mooted motion in limine does not preclude leave, that motion was not at all similar to defendant's contemplated motion challenging the relevance of "other schemes" here. Defendant Huizar's motion pertained to the procedure for admitting co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E). That is wholly distinct from defendant's contemplated motion in limine to exclude

evidence of other schemes as "irrelevant."[2] (See Appl. at 2 (citing Fed. R. Evid. 401, 403).)

In any event, putting aside the substantive merits of defendant's proposed "other scheme" motion for now, the government agrees this is a new motion as to defendant and does not oppose his request for leave. The government fully intends to oppose the motion on the merits should the Court grant defendant leave to file it.

### C. Proposed Defense Motion in Limine No. 3 To Exclude Speculative Testimony About Knowledge, Intent, Motive or State of Mind

With respect to defendant's third proposed motion in limine to exclude speculative testimony about knowledge, intent, motive, or state of mind, the government agrees that this issue has not been previously ruled upon by the Court. While defendant Huizar raised such a motion and the government opposed it (Dkt. No. 885), the Court denied the motion as moot following Huizar's guilty plea (Dkt. No. 912). Accordingly, the government does not oppose defendant's request for leave to raise this issue in a new motion, and will oppose the motion on the merits should the Court grant such leave.

## II. CONCLUSION

For the foregoing reasons, the government does not oppose defendant's request for leave to file the three motions in limine described in his ex parte application.

---

[2] Indeed, if defendant's application had sought leave to file a motion in limine to exclude co-conspirator statements, the government very well may have opposed such a request, at least in part, given the Court's prior ruling denying SZNW's motion in limine to exclude co-conspirator statements. (See Dkt. No. 646). There, the Court determined there was a "sufficient pretrial prima facie showing that Shen Zhen, Huang, Huizar, Raymond Chan, George Esparza, and Ricky Zheng . . . engaged in a scheme to deprive the City of Los Angeles and its citizens of the right to honest services through bribery." (Dkt. No. 699 (9/23/2022 Tr.) at 35:18-22.)

4