John Hanusz (SBN 277367)
HANUSZ LAW, PC
Email: john@hanuszlaw.com
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 204-4200

Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
1801 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: michael@thefreedmanfirm.com

Attorneys for Raymond Chan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 20CR-00326-JFW<br><br>**RESPONSE IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER FOR LEAVE OF COURT TO OBJECT TO GOVERNMENT EXHIBITS** |

|   |   |   |
|---|---|---|
| 1 | Raymond Chan, by and through his counsel of record, John Hanusz and | |
| 2 | Michael G. Freedman, hereby files this brief response in support of his *Ex Parte* | |
| 3 | Application for Leave of Court to Object to Government Exhibits introduced at | |
| 4 | Mr. Chan's prior trial. (Dkt. No. 1259.) | |
| 5 | | |
| 6 | Dated: January 25, 2024 | Respectfully submitted, |
| 7 | | */s/ John Hanusz* |
| 8 | | John Hanusz |
| 9 | | */s/ Michael G. Freedman* |
| 10 | | Michael G. Freedman |
| 11 | | Attorneys for Raymond Chan |

**RESPONSE**

In opposing Raymond Chan's request to object to exhibits that the government intends to introduce at Mr. Chan's retrial, the government complains that counsel has waived Mr. Chan's right to object to these exhibits, as the issue was not contained in the Court's scheduling order. (Dkt. No. 1071.) To be clear, counsel at no time believed or represented that that they would not object to exhibits that they had not yet had a chance to evaluate or even see. Counsel never made this representation to the government at any time, nor did counsel make this representation to the Court. Indeed, at the status conference where this matter was addressed, the Court made clear the plain fact that the defense would – and should – have the opportunity to evaluate the exhibits from the prior trial and lodge any objections it saw fit:

> Okay. I just want to make sure we're not going to have one original list and then another list with new and revised exhibits. It's going to be all one list that's going to be provided to the defense, and then the defense is going to have an opportunity to review it and make any objections.

Exhibit A (Transcript of May 12, 2023 Status Conference) at 8.[1] The Court further noted that it would need time to review all of the 900-plus government exhibits prior to trial with an eye to any defense objections. *Id.* at 9. The Court continued:

> Hopefully there won't be that many objections. But if there are, I need to deal with them. And I also obviously then need to look at the exhibits so -- and I have all the exhibits -- I still have them here.

*Id.*

At the time of the status conference, the parties and the Court all anticipated that there may be objections to any exhibits from the prior trial, and that the defense would have the opportunity to raise any objections. The government now takes the position that the defense has forfeited its right to do so

---

[1] Last week, after this issue arose, the government ordered a transcript of the status conference where the issue was discussed (Dkt. No. 1251), but ultimately did not attach it to its opposition or reference it in any way.

3

RESPONSE IN SUPPORT OF *EX PARTE* APPLICATION

because the scheduling order does not account for the defense's ability to object to exhibits from the prior trial (exhibits which counsel had no real opportunity to evaluate at the time of the status conference). Regardless, there is nothing in the Court's scheduling order that *prohibits* the defense from lodging objections to the government's exhibits. In fact, given the Court's clear and unambiguous statements at the status conference, the defense understood that, as in any trial, it would have the ability to object to the government's exhibits once it had received the government's exhibit list. And it did so within days of receiving that list.

In its opposition, the government complains that it will be prejudiced by having to engage in a meet-and-confer process with trial some seven weeks away. The defense respectfully submits that the government prosecution team – which is composed of four experienced prosecutors who have handled this case for a number of years – will not be prejudiced by an effort to resolve evidentiary issues prior to trial, especially when it has the defense objections in hand and they have been grouped into a few categories. Although the government may present its case as it chooses, it has chosen to do so here in a way that involves a great deal of exhibits, many of which are objectionable.[2] As in any trial, the admissibility of each of those exhibits must be determined by the Court. The question, then, is when the question of admissibility is decided. The defense submits that, to the extent practicable, the process should be conducted pretrial so that the defense does not have to raise multiple objections during trial.[3] Such a process will reduce the burden on the Court and the jury at trial.

---

[2] As noted in the *Ex Parte* Application, the defense does not object to the majority of the government's proffered exhibits. *See* Dkt. No. 1259-2.

[3] To the extent that the issues are not resolved pretrial, the defense intends to raise and preserve all of its objections to the government's exhibits at trial.