UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 20-326(A)-JFW**                                      Dated: January 29, 2024

===========================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
| | | Susan S. Har |
| | | Brian R. Faerstein |
| | | Asst. U.S. Attorney |
| | | Not Present |

===========================================================================
U.S.A. vs (Dfts listed below) - Not Present         Attorneys for Defendants - Not Present

2)   Raymond She Wah Chan                          2)   John Hanusz, Retained
     On Bond                                            Michael Gregory Freedman, Retained

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING DEFENDANT RAYMOND CHAN'S *EX PARTE* APPLICATION FOR ORDER FOR LEAVE OF COURT TO OBJECT TO GOVERNMENT EXHIBITS [filed 1/23/2024; Docket No. 1259]**

On January 23, 2024, Defendant Raymond Chan ("Defendant Chan") filed an *Ex Parte* Application for Order for Leave of Court to Object to Government Exhibits ("Application"). On January 24, 2024, the Government filed its Opposition. On January 25, 2024, Defendant Chan filed his Response. After considering the Defendant Chan's Application, the Government's Opposition, and Defendant Chan's Response and the arguments therein, the Court rules as follows:

In this Application, Defendant Chan seeks leave of Court to object to certain exhibits introduced at Defendant Chan's first trial. In response, the Government contends that defense counsel stipulated (and that the Court ordered) that objections would be limited to "new or revised exhibits only."

The Court agrees with the Government that, based on the Joint Statement Re: Proposed Dates for Retrial and Related Deadlines (Docket No. 1053), the parties' Stipulation (Docket No. 1067), and the Court's Order Continuing Trial Dates and Findings Regarding Excludable Time Periods Pursuant to Speedy Trial Act filed on May 22, 2023 (Docket No. 1071), it was clear (and

Initials of Deputy Clerk   sr

should have been clear to defense counsel) that Defendant Chan's objections to the Government's exhibits would be limited to "new or revised exhibits only." However, nothing in those documents preclude Defendant Chan from seeking relief from the parties' stipulation and the Court's Order.

The Court concludes that such relief is appropriate. As contemplated by the parties' Stipulation and the Court's Order, Defendant Chan sought leave to file "new" Joint Motions in Limine, seeking, for example, to exclude testimony and evidence regarding trips to Las Vegas and to exclude evidence of other schemes. The Government did not oppose Defendant Chan's request for leave to file those motions in limine, and the Court granted him leave to file those motions in limine. Notably, the proposed motions in limine, which will be filed shortly, allow Defendant Chan to object to exhibits to which prior defense counsel did not object. It is inconsistent to allow new defense counsel to file motions in limine seeking to exclude whole categories of the Government's prior exhibits, but not allow new defense counsel to object to individual exhibits, particularly when many of Defendant Chan's proposed objections to individual exhibits identified in this Application (Docket No. 1259-2) are likely to be covered by Defendant Chan's upcoming motions in limine (*see, e.g.,* objections to Govt. Exs. 88, 89, 181, 182, 185, 210, 211, 365, 393-418, 420-29).

Moreover, although the Court recognizes that Defendant Chan through prior counsel had a full and fair opportunity to object to the Government's prior trial exhibits, the Court concludes that new counsel should have the opportunity to raise their own objections to those exhibits. As defense counsel points out, new counsel may take a different view of the case, offer different defenses, engage in different lines of cross-examination, call different witnesses, and make different arguments.

The Court also concludes that the Government will not be unfairly prejudiced by permitting defense counsel to raise objections to the Government's prior exhibits, especially given that Defendant has already provided those objections to Government counsel and there are still more than six weeks before trial.

Accordingly, Defendant Chan's Application is **GRANTED**.

To assist the Court in ruling on the objections in the Joint Pretrial Government Amended Exhibit Stipulation (which will be filed on January 31, 2024),[1] the Court orders counsel for the Government and Defendant Chan to meet and confer, in person, to resolve the objections to the exhibits. At the conference, counsel shall review each of the exhibits to which there is an objection and attempt to resolve the objection. After the conference, counsel shall, on or before **February 12, 2023**, file a revised Joint Pretrial Government Amended Exhibit Stipulation and a joint statement in the following format:

**JOINT STATEMENT RE: OBJECTIONS IN JOINT PRETRIAL GOVERNMENT AMENDED EXHIBIT STIPULATION**

---

[1]The parties shall indicate in the objection column if the exhibit is subject to a motion in limine.

The parties were able to resolve the objections identified in the Joint Pretrial Government Amended Exhibit Stipulation as to Exhibit Nos. [e.g., 117 through 126 etc.].  The parties were not able to resolve the objections identified in the Joint Pretrial Government Amended Exhibit Stipulation as to the following Exhibits:

**Government's Exhibit #47:**  [Description and identity of exhibit from stipulation ]

>**Defendant's Grounds for the Objection:**  [Cite the grounds and authority for the objection, and state whether it is subject to a motion limine (e.g., as set forth in motion in limine no. __, this document is irrelevant under Federal Rules of Evidence 401 and 402. . .) ]
>
>**Government's Response to the Objection**:  [e.g., This document is relevant because . . . . ]
>
>**Defendant's Response:**  [e.g., This document is not relevant because . . . .]

IT IS SO ORDERED.