1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   CASSIE D. PALMER (Cal. Bar No. 268383)
4  SUSAN S. HAR (Cal. Bar No. 301924)
   BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
5  Assistant United States Attorneys
   Public Corruption & Civil Rights Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-0363 / 3289 / 2091
8       Facsimile: (213) 894-6436
        E-mail:   Cassie.Palmer@usdoj.gov
9                 Susan.Har@usdoj.gov
                  Brian.Faerstein@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12              UNITED STATES DISTRICT COURT

13         FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. CR 2:20-326(A)-JFW-2

15          Plaintiff,                REVISED JOINT SUMMARY OF THE CASE;
                                       ATTACHMENT A
16               v.
                                       Trial Date:   March 12, 2024
17 RAYMOND SHE WAH CHAN,"              Trial Time:   8:30 AM
     aka "She Wah Kwong,"             Location:     Courtroom of the
18                                                   Hon. John F. Walter
            Defendant.
19

20

21       Plaintiff United States of America, by and through its counsel

22 of record, the United States Attorney for the Central District of

23 California and Assistant United States Attorneys Cassie D. Palmer,

24 Susan S. Har, and Brian R. Faerstein, and defendant RAYMOND SHE WAH

25 CHAN, by and through his counsel of record, John Hanusz and Michael

26 G. Freedman, hereby submit their Revised Joint Summary of the Case,

27 pursuant to the Court's most recent Trial Order in this matter.  (See

28 Dkt. No. 1071.)

The parties have reviewed the Court's Summary of the Case from the prior trial in this matter (Dkt. No. 954-1) and have agreed to several revisions that are intended: (1) to conform the summary of the case with the parties' factual stipulations and the expected evidence at trial; (2) to achieve conformity with the government's theories of liability and the most recent version of the jury instructions; and (3) to correct typographical errors and ensure internal consistency.

A clean version of the parties' revised joint summary is included in the body of this filing.  To assist the Court in identifying the agreed-upon revisions, Attachment A hereto is the joint summary with the revisions shown in redline for the Court's convenience.

Dated: February 23, 2024       Respectfully submitted,

                               E. MARTIN ESTRADA
                               United States Attorney

                               MACK E. JENKINS
                               Chief, Criminal Division


                               _____
                               CASSIE D. PALMER
                               SUSAN S. HAR
                               BRIAN R. FAERSTEIN
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA


Dated: February 23, 2024        /s/ per email authorization
                               _____
                               MICHAEL G. FREEDMAN
                               JOHN HANUSZ
                               Attorneys for Defendant
                               RAYMOND SHE WAH CHAN

1

## REVISED JOINT SUMMARY OF THE CASE

2        This is a federal criminal case against defendant Raymond Chan

3  ("defendant Chan").  From May 2013 to May 2016, defendant Chan was

4  the head of the Los Angeles Department of Building and Safety

5  ("LADBS" or "Building and Safety") and oversaw operations of five

6  bureaus and the approval of tens of thousands of building projects

7  annually.  From May 2016 to June 2017, defendant Chan was the Deputy

8  Mayor of Economic Development for the City of Los Angeles (the

9  "City").  In this role, defendant Chan oversaw the heads of seven

10  City departments, including his former department (LADBS) as well as

11  the Department of City Planning (the "Planning Department").

12        From 2005 through October 2020, Jose Huizar was the

13  Councilmember for Los Angeles Council District 14 (or "CD-14"), which

14  spanned much of downtown Los Angeles.  From 2013 through November

15  2018, Huizar was the Chair of City Council's Planning and Land Use

16  Management (or "PLUM") Committee, which oversees the approval of

17  large-scale commercial and residential real estate development

18  projects.  The City Council approval process for large-scale real

19  estate development projects required numerous official actions by

20  public officials like Huizar.

21        The government alleges that defendant Chan was a member of a

22  racketeering conspiracy, led by Huizar, along with Huizar's special

23  assistant, George Esparza; a consultant, George Chiang; and others.

24  According to the Government, the racketeering conspiracy consisted of

25  an agreement to operate a pay-to-play scheme within the City, wherein

26  defendant Chan, Huizar, Esparza, and other public officials

27  solicited, agreed to receive, and received financial benefits from

28

developers, and their representatives, like Chiang, in exchange for official acts.

As part of the racketeering conspiracy, the government alleges that defendant Chan facilitated, aided, and abetted corrupt relationships between Huizar and certain real estate developers with whom defendant Chan had relationships.  Those developers allegedly provided financial benefits to Huizar in exchange for favorable official acts relating to their real estate development projects that required various City approvals.  The Government alleges that one such developer was Chairman Wei Huang, a Chinese national and real estate developer, who through his wholly owned company, Shen Zhen New World I, LLC ("Shen Zhen"), acquired the L.A. Grand Hotel Downtown ("L.A. Grand Hotel") located in Huizar's Council District, CD-14 Huang planned to redevelop the 13-story L.A. Grand Hotel into a 77-story skyscraper.  According to the Government, defendant Chan introduced Huang to Huizar.

Following defendant Chan's introduction, the government alleges that Huang provided a series of bribes and benefits to Huizar in exchange for his future official acts to secure the various approvals the L.A. Grand Hotel redevelopment project would need from the City Council.  The bribes defendant Chan allegedly aided and facilitated included Huang arranging for and providing $600,000 in collateral in support of a loan to Huizar for the purpose of confidentially settling a sexual harassment lawsuit filed against Huizar in 2013 by a former staff member.  According to the Government, as a result of the collateral Huang provided, Huizar was able to settle the lawsuit in late 2014 and was successfully re-elected to his CD-14 seat in 2015.

1    The government alleges that Huang's bribes to Huizar, which
2    generally were known to defendant Chan, also included: (1) all-
3    expense-paid trips, including stays at luxury hotels and flights on
4    private jets and commercial airlines; (2) over $200,000 in gambling
5    chips at casinos in Las Vegas and Australia; (3) escort and
6    prostitution services; and (4) planning political fundraisers for and
7    pledging political contributions to Huizar's wife's election campaign
8    for Huizar's CD-14 seat in 2020.

9    The government alleges that defendant Chan also introduced
10   Huizar to Chairman Fuer Yuan, another Chinese national and real
11   estate developer, who through his company Jia Yuan USA Co., Inc.,
12   also known as "Hazens," acquired the Luxe City Center Hotel in
13   downtown Los Angeles.  Yuan planned to redevelop the Luxe Hotel
14   property into a $700 million mixed-use development to include 80,000
15   square feet of commercial space, 650 residential units, and 300 hotel
16   rooms (the "Luxe Hotel Project").  Chiang, as the owner of Synergy
17   Alliance Advisors ("Synergy"), acted as an agent for Hazens and
18   Chairman Yuan.  The government alleges that, beginning in
19   2014, Chairman Yuan, through Chiang, and facilitated by defendant
20   Chan, provided a series of bribes and benefits to Huizar in exchange
21   for future official acts to secure various entitlements for the Luxe
22   Hotel.

23   The government alleges that while defendant Chan still worked
24   for the City, defendant Chan agreed with Chiang that Chiang would pay
25   a portion of the Synergy consulting fees to defendant Chan in
26   exchange for his assistance on the Luxe Hotel Project in his official
27   capacity, including by exerting power over and influence on various
28   City departments like the Planning Department and the City Planning

Commission (or "CPC"), and on Councilmember Huizar, the Chair of PLUM, to take official acts favorable to the Luxe Hotel Project.

After defendant Chan retired from the City in July 2017, he officially began working with Chiang at Synergy, and they also formed CCC Investment Inc. ("CCC"), a real estate brokerage firm.  The government alleges that, as payment for his official acts while he was a public official with the City, defendant Chan benefitted by 50% of monthly consulting fees and over half-a-million dollars of shared bonus payments from Hazens to Synergy.  The government alleges that, in August 2017, shortly after leaving the City, defendant Chan formed LABXG Inc. to receive payments from Synergy.  The government alleges that, after he left the City and became a private consultant, defendant Chan continued to further the goals of the racketeering conspiracy by seeking to bribe other public officials, including Huizar's Planning Director, to perform favorable official acts for the Luxe Hotel Project and projects for other Synergy clients, including through indirect financial payments to the public officials' relatives.

In November 2018, the Federal Bureau of Investigation (or the "FBI") conducted an interview of defendant Chan regarding Huizar and Chairman Huang of Shen Zhen.  According to the government, during the interview, defendant Chan falsely stated that he was not involved with the settlement of Huizar's 2013 sexual harassment lawsuit.

According to the government, during the interview, defendant Chan also falsely stated that Huang did not have anything in front of Huizar that needed Huizar's help or involvement, and that Huang never asked Huizar for anything.

Based on these allegations, defendant Chan is charged with:

- Conspiracy to engage in racketeering activity;
- Aiding and abetting wire fraud through a scheme to deprive the City of Los Angeles and its citizens of their right to honest services of their public officials through bribery, in connection with Shen Zhen's L.A. Grand Hotel;
- Wire fraud, and aiding and abetting wire fraud, through a scheme to deprive the City of Los Angeles and its citizens of their right to honest services of their public officials through bribery, in connection with Hazens' Luxe Hotel Project;
- Aiding and abetting bribes to Huizar from Shen Zhen and Hazens;
- Agreeing to accept and accepting bribes as a public official, in connection with Hazens' Luxe Hotel Project; and
- Making false statements to the FBI.

Chan denies that he was a member of a racketeering conspiracy; denies that he facilitated, aided, and abetted corrupt relationships between Huizar and real estate developers; denies that he agreed to use his official position to pressure any City officials to benefit the Luxe Hotel Project; denies that he asked for or received any benefits in exchange for any official acts; denies that he bribed other public officials to perform favorable official acts for the Luxe Hotel Project or any other projects for other Synergy or CCC clients; and denies that he made any false statements to the FBI.

Defendant Chan is presumed innocent of all of the charges alleged against him in the indictment and the government must prove

each of the elements of each offense charged beyond a reasonable
doubt.