John Hanusz (SBN 277367)
HANUSZ LAW, PC
515 South Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (213) 204-4200
Email: john@hanuszlaw.com

Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
1801 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: michael@thefreedmanfirm.com

Attorneys for Raymond Chan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 20CR-00326-JFW<br><br>**PROPOSED *VOIR DIRE* QUESTIONS** |

Defendant Raymond Chan, by and through of record, John Hanusz and Michael G. Freedman, and submits the following questions for *voir dire*.

Mr. Chan also requests that the Court ask open-ended follow-up questions to venire members who respond affirmatively to any of the following questions, and that such follow-up questions be asked outside of the presence of other members of the venire when necessary to avoid the risk of tainting the venire.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | *s/ John Hanusz* |
| | | John Hanusz |
| 4 | | Attorney for Raymond Chan |
| 5 | | |
| 6 | | *s/ Michael G. Freedman* |
| 7 | | Michael G. Freedman |
| | | Attorney for Raymond Chan |

**PROPOSED *VOIR DIRE* QUESTIONS**

**I.     FAMILIARILTY WITH CASE**

1. Have you followed any media, news stories, or social media posts about former Los Angeles City Councilmember José Huizar or people affiliated with him? If yes, please explain.

2. Before today, had you heard or read anything about Raymond Chan, former General Manager of the Los Angeles Department of Building and Safety and former Los Angeles Deputy Mayor for Economic Development? If yes, please explain.

**II.    CASE-SPECIFIC ISSUES**

3. Do you live in, or have you ever lived in, the City of Los Angeles and/or City Council District 14, which includes Downtown Los Angeles and Boyle Heights? If so, when?

4. Have you, a family member, or anyone close to you ever worked in any capacity for the federal, state, or local government? If yes, please explain.

5. Have you had any business or personal dealings with the City of Los Angeles, its elected or appointed representatives, or its Departments? If yes, please explain.
   a. If yes, was your experience positive or negative? Please explain.

6. Have you ever sought assistance from the City of Los Angeles, its elected or appointed representatives, or its Departments? If yes, please explain.
   a. If yes, was your experience positive or negative? Please explain.

7. Have you ever been involved in real estate development? If yes, please explain.

8. Have you ever been involved in land-use issues? If yes, please explain.

9. Do you have any strong views on urban development or real estate development?

10. Have you or anyone close to you ever used the services of a political consultant, lobbyist, or fundraiser, or have you been involved in hosting, planning, or making a significant donation to a fundraising event? If yes, please explain.

11. Do you have any strong negative feelings or opinions about political campaign financing in the United States? If yes, please explain.

12. Have you ever donated to a political candidate or cause?

13. Have you read or heard anything about PACs or political action committees?

14. Do you believe that political donations constitute legalized corruption? If yes, please explain.

15. Do you have any strong negative feelings or opinions about individuals who contact elected officials or their staff for help in anything affecting them personally or their business? If yes, please explain.

16. Do you have any positive or negative feelings about foreign investment in the United States? If yes, please explain.

17. Is there anything about the nature of the case or hearing there is an accusation of bribery or public corruption that could make it difficult for you to be a fair and impartial juror in this case? If yes, please explain.

**III. PRESUMPTION OF INNOCENCE/BURDEN OF PROOF**

18. Do you have any trouble understanding or agreeing that Mr. Chan is not guilty simply because he is being prosecuted by the United States government? If yes, please explain.

19. You will be instructed that the government is required to prove Mr. Chan's guilt "beyond a reasonable doubt." Are you willing and able to follow this instruction?

20. Mr. Chan is presumed innocent throughout the trial. The only way this presumption of innocence can be overcome is if you find Mr. Chan guilty because the evidence proves him guilty beyond a reasonable doubt.
    a. If the Court asked you to decide right now, before hearing any evidence, would your verdict be not guilty or guilty?
    b. If the evidence does not prove him guilty beyond a reasonable doubt, do you understand it is your duty as a juror to find him not guilty?
21. Do you think a person accused of a crime should have to present evidence to prove their innocence? If yes, please explain.
22. If you were charged with a crime, would you want to take the stand and proclaim your innocence? A defendant in a criminal case has the absolute right not to testify, however. Would you have a hard time accepting this rule?
23. Do you think it is unfair to the government to require it to prove guilt beyond a reasonable doubt? If yes, please explain.
24. Is there anything about the defendant that makes you believe you cannot be a fair and impartial juror to both sides? If yes, please explain.

**IV.   CRIMINAL JUSTICE SYSTEM**

25. Have you or anyone close to you ever been arrested, charged with, or convicted of a crime, excluding minor traffic offenses? If yes, please explain.
26. Have you or anyone close to you ever been the victim of a crime, or been a witness to a crime, whether it was reported to law enforcement authorities or not? If yes, please explain.
27. Do you have any strong feelings or beliefs about the criminal justice system that might affect your ability to be a fair and impartial juror in this case? If yes, please explain.

28. What, if any, interactions have you had with law enforcement, whether formal or informal, or social?
29. How have those interactions affected your opinion of law enforcement, if at all?
30. Have you or any member of your immediate family ever had any law enforcement training or experience, been employed by any law enforcement agency, applied for employment with any law enforcement agency, or volunteered for any law enforcement agency? If yes, please explain.
31. How do you evaluate whether someone is telling the truth?
32. Do you believe members of law enforcement are more honest than other witnesses? If so, why?
33. During the course of this trial, you will hear evidence from individuals who are testifying with the expectation of obtaining lenient treatment for their own criminal conduct and/or other benefits. How do you feel about that testimony?
34. Do you want to be a juror in this case? Why or why not?