E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:   Cassie.Palmer@usdoj.gov
               Susan.Har@usdoj.gov
               Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RAYMOND SHE WAH CHAN,<br>  aka "She Wah Kwong,"<br><br>        Defendant. | No. CR 2:20-326(A)-JFW-2<br><br>JOINT PROPOSED JURY INSTRUCTIONS –<br>END OF TRIAL<br><br>Trial Date: March 12, 2024<br>Trial Time: 8:30 A.M.<br>Location:  Courtroom of the Hon.<br>          John F. Walter |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Cassie D. Palmer,

Susan S. Har, and Brian R. Faerstein, and defendant Raymond She Wah

Chan, by and through his counsel of record, Michael G. Freedman and

John Hanusz, hereby submit the Joint Proposed Jury Instructions—End

of Trial.  The parties respectfully reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the parties have used the most recent version (2022 ed., updated Aug. 2023) of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: March 4, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


__ /s/ Cassie D. Palmer__
CASSIE D. PALMER
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA



Dated: March 4, 2024          __ /s/ per email authorization__
JOHN HANUSZ
MICHAEL G. FREEDMAN
Attorneys for Defendant
RAYMOND SHE WAH CHAN

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS –**

**END OF TRIAL**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| Instructions at the End of Trial | | | | |
| 1 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 1 |
| 2 | | Charge Against Defendant Not Evidence –– Presumption of Innocence –– Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) (modified) | 2 |
| 3 | | Defendant's Decision Not to Testify / to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3, 6.4 (2022 ed.) | 3 |
| 4 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 4 |
| 5 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) (modified) | 5 |
| 6 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) (modified) | 6 |
| 7 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) (modified) | 7 |

i

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 8 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 8 |
| 9 | | Separate Consideration of Multiple Counts – Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.) | 10 |
| 10 | | Evidence for a Limited Purpose – Ethics and Campaign Finance Ordinances | Ninth Circuit Model Criminal Jury Instructions, No. 6.17 (2022 ed.) (modified) | 11 |
| 11 | | Foreign Language Testimony [If Applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 6.17 (2022 ed.) (modified) | 12 |
| 12 | | On or About – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) (modified) | 13 |
| 13 | | Approximate Amounts – Explained | O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 13.06 (6th ed.) (modified) | 14 |
| 14 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 15 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 15 | | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea – George Chiang, George Esparza, Morris Goldman | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.) (modified) | 16 |
| 16 | | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea – Shawn Kuk [If Applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.) (modified) | 17 |
| 17 | | Government's Use of Undercover Agents and Informants | Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2022 ed.) (modified) | 18 |
| 18 | | Charts and Summaries Not Admitted Into Evidence [If Applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) | 19 |
| 19 | | Charts and Summaries Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) | 20 |

| 20 | | Racketeer Influenced and Corrupt Organizations Conspiracy | 18 U.S.C. §§ 1961(1), 1961(4), 1961(5); 18 U.S.C. § 1962(d); Ninth Circuit Model Criminal Jury Instruction Nos. 18.9, 18.10, 18.11, 18.18; Third Circuit Model Criminal Jury Instruction No. 6.18.1962D (2021); Seventh Circuit Model Crim. Jury Instr. 1962(c) and (d) (modified); Eighth Circuit Model Criminal Jury Instruction No. 6.18.1962B (modified); United States v. Young, 720 F. App'x 846 (9th Cir. Dec. 27, 2017) (unpublished); United States v. Atcheson, 94 F.3d 1237 (9th Cir. 1996); Salinas v. United States, 522 U.S. 52 (1997); United States v. Fernandez, 388 F.3d 1199 (9th Cir. 2004); United States v. Martinez, 657 F.3d 811 (9th Cir. 2011); United States v. Shryock, 342 F. 3d 948 (9th Cir. 2004); United States v. Applins, 637 F.3d 59, 74-75 (2nd Cir. 2011); United States v. Rodriguez, 971 F.3d 1005 (9th Cir. 2020); United States v. Baker, 63 F.3d 1478, 1491 (9th Cir. 1995); Reves v. Ernst & Young, 507 U.S. 170, 179, 184 (1993) | 21 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 21 | | RICO Acts – Bribery Under California Law [Cal. Penal Code §§ 67.5, 165] | Cal. Penal Code §§ 67.5, 85, 165; Cal. Crim. Jur. §§ 2601-2603 (2022); People v. Diedrich, 31 Cal.3d 263 (Cal. 1982) | 29 |
| 22 | | RICO Acts – Extortion or Attempted Extortion by Nonviolent Threat [18 U.S.C. § 1951] | Ninth Circuit Model Criminal Jury Instruction No. 9.6 (modified) | 32 |
| 23 | | RICO Acts – Interstate or Foreign Travel in Aid of Racketeering Enterprise [18 U.S.C. § 1952] | Ninth Circuit Model Criminal Jury Instruction No. 18.1 (modified) | 33 |
| 24 | | RICO Acts – Money Laundering [18 U.S.C. § 1956] | Ninth Circuit Model Criminal Jury Instruction No. 18.4 (modified) | 35 |
| 25 | | RICO Acts – Obstruction of Justice – Witness Tampering [18 U.S.C. § 1512] | Third Circuit Model Jury Instructions, Nos. 6.18.1512B & B-1 (2022 ed.) (modified) | 37 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 26 | | Conspiracy – General Principles and Proof | See supra RICO instructions; Ninth Circuit Model Criminal Jury Instruction No. 11.1 (modified); United States v. Ortega, 203 F.3d 675 (9th Cir. 2000); United States v. Kiriki, 756 F.2d 1449 (9th Cir. 1985); Davenport v. United States, 260 F.2d 591, (9th Cir. 1958); United States v. Giese, 597 F.2d 1170 (9th Cir. 1979); United States v. Baker, 63 F.3d 1478, 1491 (9th Cir. 1995) | 39 |
| 27 | | Honest Services Wire Fraud – Elements (Receipt of Financial Benefits Theory) | Ninth Circuit Model Criminal Jury Instructions, No. 15.34 (2022 ed.) (modified); Ninth Circuit Model Criminal Jury Instructions, No. 15.35 (2022 ed.) (2022 ed.) (modified); Ninth Circuit Model Criminal Jury Instructions, No. 10.1 (2022 ed.) (modified); 18 U.S.C. § 666(a)(1) & d; United States v. Carpenter, 961 F.2d 824 (9th Cir. 1992); Seventh Circuit Model Criminal Jury Instructions, 18 U.S.C. §§ 1341, 1343 & 1346 (2020 ed.) | 41 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 28 | | Honest Services Wire Fraud – Elements (Aiding and Abetting Theory) | See supra Proposed Instruction No. 27; Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed); Ninth Circuit Model Criminal Jury Instructions, No. 9.7 (2022 ed.) (modified); McCormick v. United States, 500 U.S. 257 (1991); United States v. Kincaid-Chauncey, 556 F.3d 923 (9th Cir. 2009); Evans v. United States, 504 U.S. 255 (1992); 18 U.S.C. § 666(a)(1) & (d)(1); United States v. Carpenter, 961 F.2d 824 (9th Cir. 1992); United States v. Stargell, 738 F.3d 1018 (9th Cir. 2013) | 45 |
| 29 | | Scheme to Defraud -- Vicarious Liability | Ninth Circuit Model Criminal Jury Instructions, No. 15.33 (2022 ed.) | 52 |

vii

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 30 | | Corporate Liability | Eighth Circuit Model Criminal Jury Instructions, No. 5.03 (2021 ed.) (modified); Seventh Circuit Model Criminal Jury Instructions, No. 7.06 (2018 ed.) (modified); United States v. Hilton Hotels Corp., 467 F.2d 1000 (9th Cir. 1973); United States v. Basic Const. Co., 711 F.2d 570 (4th Cir. 1983); United States v. Mongol Nation, 370 F. Supp. 3d 1090 (C.D. Cal. 2019); United States v. Shortt Accountancy Corp., 785 F.2d 1448 (9th Cir. 1986) | 53 |
| 31 | | Bribery Concerning Programs Receiving Federal Funds – Allegations (Receipt of Financial Benefits Theory) | 18 U.S.C. §§ 666(a)(2), (b), (d); Ninth Circuit Model Criminal Jury Instructions, No. 10.2 (2022 ed.); Sabri v. United States, 541 U.S. 600 (2004); Salinas v. United States, 522 U.S. 52, (1997); United States v. Roberson, 998 F.3d 1237 (11th Cir. 2021); United States v. Ng Lap Seng, 934 F.3d 110 (2d Cir. 2019); United States v. Porter, 886 F.3d 562 (6th Cir. 2018); United States v. Garrido, 713 F.3d 985 (9th Cir. 2013) | 55 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 32 | | Bribery Concerning Programs Receiving Federal Funds – Allegations (Aiding and Abetting) | 18 U.S.C. §§ 666(a)(2), (b), (d), 2(a); Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed); Ninth Circuit Model Criminal Jury Instructions, No. 9.7 (2022 ed.) (modified); McCormick v. United States, 500 U.S. 257 (1991); United States v. Kincaid-Chauncey, 556 F.3d 923 (9th Cir. 2009); Evans v. United States, 504 U.S. 255 (1992); 18 U.S.C. § 666(a)(1) & (d)(1); United States v. Carpenter, 961 F.2d 824 (9th Cir. 1992); see supra Instruction No. 31 re: Bribery Concerning Programs Receiving Federal Funds | 58 |
| 33 | | Dual Motive | O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 27:11 (6th ed.) (modified); United States v. Quintanilla, Case No. 19-cr-522 (S.D. Tex.) | 64 |
| 34 | | Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (Pinkerton Charge) | Ninth Circuit Model Criminal Jury Instructions, No. 11.6 (2022 ed.) | 65 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 35 | | Aiding and Abetting – Causing an Act to Be Done | Ninth Circuit Model Jury Instructions, No. 4.2 (2022 ed.) | 67 |
| 36 | | False Statement to Government Agency | Ninth Circuit Model Jury Instructions, No. 24.10 (2022 ed.) (modified); United States v. Serv. Deli Inc., 151 F.3d 938 (9th Cir. 1998); United States v. Beaver, 515 F.3d 730 (7th Cir. 2008); United States v. Salas-Camacho, 859 F.2d 788 (9th Cir. 1988); United States v. Stewart, 433 F.3d 273 (2d Cir. 2006) ; United States v. Sebaggala, 256 F.3d 59 (1st Cir. 2001); United States v. Johnston, 617 Fed. App'x 706 (9th Cir. 2015) | 68 |
| 37 | | Knowingly | Ninth Circuit Model Jury Instructions, No. 4.8 (2022 ed.) | 70 |
| 38 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 71 |
| 39 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 73 |

x

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 40 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 75 |
| 41 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 76 |
| 42 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 777 |
| 43 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 78 |

PROPOSED INSTRUCTION NO. 1 RE:

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) [Duties of the Jury to Find Facts and Follow Law]

1

1    PROPOSED INSTRUCTION NO. 2 RE: CHARGE AGAINST DEFENDANT NOT

2         EVIDENCE -- PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF

3         The charges against the defendant are contained in an

4    indictment.  The indictment is not evidence.  The defendant has

5    pleaded not guilty to the charges.  The defendant is presumed to be

6    innocent unless and until the government proves the defendant guilty

7    beyond a reasonable doubt.  In addition, the defendant does not have

8    to testify or present any evidence.  The defendant does not have to

9    prove innocence; the government has the burden of proving every

10   element of the charges beyond a reasonable doubt.

26   Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.)

27   [Charge Against Defendant Not Evidence -- Presumption of Innocence

28   -- Burden of Proof - modified by adding first sentence]

PROPOSED INSTRUCTION NO. 3 RE:

DEFENDANT'S DECISION NOT TO TESTIFY / TO TESTIFY

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not To Testify/To Testify]

3

PROPOSED INSTRUCTION NO. 4 RE:

REASONABLE DOUBT -- DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) [Reasonable Doubt -- Defined]

4

PROPOSED INSTRUCTION NO. 5 RE:

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.)

[What Is Evidence]

5

PROPOSED INSTRUCTION NO. 6 RE:

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) [What Is Not Evidence] (modified to reflect limited purpose evidence)

PROPOSED INSTRUCTION NO. 7 RE:

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) [Direct and Circumstantial Evidence] (modified to reflect example in comment)

PROPOSED INSTRUCTION NO. 8 RE:

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not

to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

PROPOSED INSTRUCTION NO. 9 RE:

SEPARATE CONSIDERATION OF MULTIPLE COUNTS -- SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.) [Separate Consideration of Multiple Counts -- Single Defendant]

PROPOSED INSTRUCTION NO. 10 RE:

LIMITING INSTRUCTION RE: ETHICS AND CAMPAIGN FINANCE ORDINANCES

You have received evidence about the City of Los Angeles Code of Ethics, including Exhibit 5, and Los Angeles Campaign Finance Ordinances, including Exhibit 9.  I instruct you that this evidence is admitted only for the limited purpose of establishing that the City of Los Angeles Code of Ethics and Los Angeles Campaign Finance Ordinances apply to public officials of the City of Los Angeles and as they relate to defendant's state of mind and intent.  Therefore, you must consider this evidence only for that limited purpose and not for any other purpose.  Defendant is not charged with crimes for violating the City of Los Angeles Code of Ethics or Los Angeles Campaign Finance Ordinances.  I will instruct you on the elements of the charged crimes in other instructions.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.) [Evidence for Limited Purpose] (modified to reflect facts of the case)

PROPOSED INSTRUCTION NO. 11 RE:

FOREIGN LANGUAGE TESTIMONY

[If Applicable]

You have heard testimony of a witness who testified in the Chinese language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know the Chinese language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

Ninth Circuit Model Criminal Jury Instructions, No. 6.17 (2022 ed.) [Foreign Language Testimony] (modified to reflect language)

1                      PROPOSED INSTRUCTION NO. 12 RE:

2                        ON OR ABOUT -- DEFINED

3      The indictment alleges that certain acts and offenses were

4 committed "on or about" certain dates.

5      Although it is necessary for the government to prove beyond a

6 reasonable doubt that the offense was committed on a date reasonably

7 near the dates alleged in the indictment, it is not necessary for

8 the government to prove that the offense was committed precisely on

9 the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.)

[On or About -- Defined] (modified to reflect facts of case)

13

PROPOSED INSTRUCTION NO. 13 RE:

APPROXIMATE AMOUNTS -- EXPLAINED

The indictment alleges that approximate amounts of money were involved in the crimes charged.  It is not necessary for the government to prove the exact or precise amounts of money alleged in the indictment.

O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 13.06 (6th ed.) [Approximate Amount -- Explained] (modified)

14

PROPOSED INSTRUCTION NO. 14 RE:

STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) [Statements by Defendant]

15

PROPOSED INSTRUCTION NO. 15 RE:

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA – GEORGE CHIANG, GEORGE ESPARZA, MORRIS GOLDMAN

You have heard testimony from George Chiang, George Esparza, and Morris Goldman, witnesses who pleaded guilty to a crime arising out of the same events for which the defendant is on trial and hope to receive benefits and favored treatment from the government in connection with this case.  Their guilty pleas are not evidence against the defendant, and you may consider them only in determining the witnesses' believability.

For these reasons, in evaluating the testimony of George Chiang, George Esparza, and Morris Goldman you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of George Chiang, George Esparza, and Morris Goldman with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.) [Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea] (modified to reflect facts of case)

16

PROPOSED INSTRUCTION NO. 16 RE:

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY,

BENEFITS, ACCOMPLICE, PLEA – SHAWN KUK

[If Applicable]

You have heard testimony from Shawn Kuk who received limited immunity from the government.  His testimony was given in exchange for a promise by the government not to use the witness's testimony or any evidence derived therefrom in a later prosecution against that witness, subject to certain limitations.

For these reasons, in evaluating the testimony of Shawn Kuk, you should consider the extent to which or whether his testimony may have been influenced by this factor.  In addition, you should examine the testimony of Shawn Kuk with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.) [Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea] (modified to reflect facts of case)

17

1                PROPOSED INSTRUCTION NO. 17 RE:

2       GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

3      You have heard testimony about the government's investigation

4 in this case and from an informant who was involved in the

5 government's investigation in this case.  Law enforcement officials

6 may engage in stealth and deception, such as the use of informants,

7 surreptitious recordings, wiretaps, bugs, and ruses, in order to

8 investigate criminal activities.  Informants may assume the roles of

9 members in criminal organizations.

27 Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2022 ed.)

28 [Government's Use of Undercover Agents and Informants] (modified)

PROPOSED INSTRUCTION NO. 18 RE:

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

[If Applicable]

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) [Charts and Summaries Not Admitted Into Evidence]

PROPOSED INSTRUCTION NO. 19 RE:

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) [Charts and Summaries Admitted Into Evidence]

1
2
3

PROPOSED INSTRUCTION NO. 20 RE:

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ("RICO")

CONSPIRACY

4        The defendant is charged in Count One of the indictment with

5   conspiracy to conduct and participate in the conduct of the affairs

6   of an enterprise through a pattern of racketeering activity in

7   violation of Title 18, United States Code, Section 1962(d).  For the

8   defendant to be found guilty of that charge, the government must

9   prove each of the following elements beyond a reasonable doubt:

10       First, there was an agreement between two or more persons that:

11       (a) an enterprise, namely, the Council District-14 ("CD-14")

12   Enterprise, would exist, as alleged in the indictment; and

13       (b) a member or members of the CD-14 Enterprise would conduct

14   or participate in the affairs of the CD-14 Enterprise, directly or

15   indirectly, through a pattern of racketeering activity;

16       Second, defendant joined the agreement knowing of its purpose

17   and personally agreeing and intending to help further or facilitate

18   it;

19       Third, the CD-14 Enterprise would engage in, or its activities

20   would affect, interstate or foreign commerce; and

21       Fourth, defendant agreed that one or more members of the

22   conspiracy, not necessarily the defendant, would commit at least two

23   racketeering acts in furtherance of the conspiracy.

24   Definition of "Enterprise"

25       An "enterprise" is a group of people associated together for a

26   common purpose of engaging in a course of conduct over a period of

27   time.  This group of people, in addition to having a common purpose,

28   would have an ongoing organization, either formal or informal.  In

21

summary, an enterprise must include the following elements: (1) a group of people associated for a common purpose of engaging in a course of conduct and (2) the association of these people was an ongoing formal or informal organization.

The members of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment.  This group of people does not have to be a legally recognized entity, such as a partnership or corporation.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.  The name of the organization itself is not an element of the offense and does not have to be proved.  The government is not required to prove that the CD-14 Enterprise actually existed.

Definition of "Conduct or Participate in the Affairs of the CD-14 Enterprise"

A person "conducts" the affairs of an enterprise if that person, directly or indirectly, operates, manages, or directs the affairs of an enterprise.  A person "participates" in the conduct of the affairs of an enterprise if that person, directly or indirectly, performs acts, functions, or duties that are involved or relate in some way in the operation or management of the enterprise.

Definition of "Pattern of Racketeering Activity"

A "pattern of racketeering activity" is established by the following: (1) at least two acts of racketeering were committed within a period of ten years of each other; (2) the acts of racketeering were related to each other, meaning there was a relationship between or among the acts of racketeering; and (3) the acts of racketeering amounted to or posed a threat of continued

22

criminal activity.  With respected to (2), acts of racketeering are related if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.  Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.  Two racketeering acts may be sufficient, but are not necessarily sufficient, to establish a pattern of racketeering activity.  The racketeering acts may be the same type of crime, so long as they are distinct acts.

The term "racketeering activity" as used in these instructions refers to certain crimes chargeable under provisions of federal and state law that are listed in the RICO Act.  The government has alleged that a member or members of the CD-14 Enterprise would engage in the following six types of racketeering activity:

1.   Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346;

2.   Bribery in violation of California Law, including:

(a)  Giving or Offering a Bribe to a Ministerial Officer, Employee, or Appointee of the City of Los Angeles (or to someone acting on his behalf), in violation of California Penal Code § 67.5;  and

(b) Giving or Offering a Bribe to a Councilmember of the City of Los Angeles, or Receiving or Agreeing to Receive a Bribe by a Councilmember of the City of Los Angeles (or someone acting on his behalf), in violation of California Penal Code § 165;

3.   Extortion, in violation of 18 U.S.C. § 1951;

4.   Interstate or Foreign Travel in Aid of Racketeering

1  Enterprise, in violation of 18 U.S.C. § 1952;

2       5.  Money Laundering, in violation of 18 U.S.C. § 1956;

3  and

4       6.  Obstruction of Justice and Witness Tampering, in

5  violation of 18 U.S.C. § 1512.

6      With respect to honest services wire fraud, the government

7  alleges that defendant committed, and aided and abetted others in

8  committing, honest services wire fraud, as charged in Counts Two,

9  Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the

10  indictment.  The elements for these counts appear in later

11  instructions.  If you find the defendant guilty of at least two

12  honest services wire fraud counts, you then must decide whether

13  those counts formed a pattern of racketeering activity for purposes

14  of Count One.

15      You must find that defendant agreed that one or more members of

16  the conspiracy, not necessarily the defendant, would commit at least

17  two racketeering acts in furtherance of the conspiracy.  You must

18  all agree beyond a reasonable doubt as to which type or types of

19  racketeering activity you find that the defendant agreed would be

20  committed by one or more members of the conspiracy, for example, at

21  least two acts of Honest Services Wire Fraud, or Bribery under

22  California Law, or Extortion, or Interstate or Foreign Travel in Aid

23  of Racketeering Enterprise, or Money Laundering, or Obstruction of

24  Justice – Witness Tampering, or one of each, or any combination

25  thereof.  You may consider the evidence presented of racketeering

26  acts committed or agreed to be committed by any co-conspirator in

27  furtherance of the enterprise's affairs to determine whether the

28

1  defendant agreed that at least one member of the conspiracy would

2  commit two or more racketeering acts.

3       The government is not required to prove that defendant

4  personally committed or agreed to personally commit any act or acts

5  of racketeering activity.  Indeed, it is not necessary for you to

6  find that the purpose of the conspiracy was achieved or that any

7  racketeering acts were committed at all.  However, the evidence must

8  establish that the defendant agreed to facilitate or further a

9  scheme which, if completed, would include a pattern of racketeering

10 activity committed by at least one other conspirator.

11 Definition of "Interstate or Foreign Commerce"

12      The government must prove that the CD-14 Enterprise would

13 engage in, or its activities would affect, interstate or foreign

14 commerce.  Interstate commerce includes the movement of goods,

15 services, money, and individuals between states.  Foreign commerce

16 includes the movement of goods, services, money, and individuals

17 from one country to another.  These goods and services can be legal

18 or illegal.  Only a minimal effect on commerce is required and the

19 effect need only be probable or potential, not actual.  It is not

20 necessary to prove that the defendant personally engaged in

21 interstate or foreign commerce or that defendant's own acts affected

22 interstate or foreign commerce as long as the enterprise's acts

23 would have had such effect.

24      This requirement is met if the enterprise or its activities

25 would engage in or would involve: (1) use of interstate

26 communication devices (e.g., telephones, the Internet);

27 (2) interstate or foreign transmission of money; or (3) interstate

28 or foreign travel by members of the enterprise in furtherance of the

activities or interests of the enterprise.  The government is not
required to prove that the enterprise actually engaged in, or its
activities actually affected, interstate or foreign commerce.
Rather, the government need only prove that defendant joined the
conspiracy and that if the purpose of the conspiracy was achieved,
the enterprise would be engaged in, or its activities would affect,
interstate or foreign commerce.

Defendant's Agreement Regarding Racketeering Acts

The government must prove that defendant agreed that one or
more members of the conspiracy, not necessarily the defendant, would
commit at least two racketeering acts in furtherance of the
conspiracy.

The government is not required to prove that defendant was
actually associated with the CD-14 Enterprise, or that defendant
agreed to be associated with the CD-14 Enterprise.  The defendant
need not have personally participated in the operation or management
of the CD-14 Enterprise or have agreed to personally participate in
the operation or management of the CD-14 Enterprise.


18 U.S.C. §§ 1961(1), 1961(4), 1961(5) (defining enterprise, pattern
of racketeering activity); 18 U.S.C. § 1962(d); Ninth Circuit Model
Criminal Jury Instruction Nos. 18.9 [Racketeering Enterprise—
Enterprise Affecting Interstate Commerce—Defined (18 U.S.C.
§ 1959)], 18.10 [Racketeering Activity—Defined (18 U.S.C. § 1959)],
18.11 [Racketeering Enterprise—Proof of Purpose (18 U.S.C. § 1959)],
18.14 [RICO—Pattern of Racketeering Activity (18 U.S.C. § 1961(5))],
18.18 [RICO—Conducting Affairs of Association-in-Fact (18 U.S.C. §

1962(c))]; Third Circuit Model Criminal Jury Instruction No.

6.18.1962D (2021); United States v. Applins, 637 F.3d 59, 60 (2d

Cir. 2011) (for RICO conspiracy, jury must unanimously agree as to

which type of predicate acts the defendants agreed to commit and not

the specific predicate acts themselves); O'Malley, et al., Fed. Jury

Prac. & Instr. § 56:11 (6th ed.) [RICO Conspiracy – Essential

Elements of the Offense Charged]; Seventh Cir. Model Crim. Jury

Instr. 1962(c) and (d) [RICO Conspiracy —— Conducting Affairs of

Enterprise] (modified); Eighth Circuit Model Criminal Jury

Instruction No. 6.18.1962B [RICO—CONSPIRACY - 18 U.S.C. § 1962(D)]

(modified); see also United States v. Young, 720 F. App'x 846, 850

(9th Cir. Dec. 27, 2017) (unpublished); United States v. Atcheson,

94 F.3d 1237, 1242-44 (9th Cir. 1996) ("the jurisdictional

requirement is satisfied 'by proof of a probable or potential

impact'"); Salinas v. United States, 522 U.S. 52, 63 (1997) (Section

1962(d) does not require proof of an overt act, or commission of the

substantive RICO offense, or that a defendant agreed to personally

commit at least two acts of racketeering); United States v.

Fernandez, 388 F.3d 1199, 1228-30 (9th Cir. 2004) (conspiracy

offense under § 1962(d) is different from a substantive offense

under § 1962(c), and thus does not require proof of the "conducting"

element of a § 1962(c) offense; requiring activities of racketeering

enterprise to have only "de minimis" effect on interstate commerce);

United States v. Martinez, 657 F.3d 811, 816 (9th Cir. 2011)

(holding that § 1962(d) did not require proof that a given defendant

"managed or participated in the operations of [the enterprise]");

United States v. Shryock, 342 F. 3d 948, 984 (9th Cir. 2004)

(jurisdictional element met by use of interstate communication

devices or the possession or use of firearms that have traveled in interstate or foreign commerce); United States v. Applins, 637 F.3d 59, 74-75 (2nd Cir. 2011) ("We accordingly conclude that Salinas counsels that the establishment of an enterprise is not an element of the RICO conspiracy offense"); United States v. Rodriguez, 971 F.3d 1005, 1012 (9th Cir. 2020) (approving RICO conspiracy instruction requiring unanimity as to type or types of racketeering activity); United States v. Baker, 63 F.3d 1478, 1491 (9th Cir. 1995) (conviction for RICO conspiracy does not require proof that defendants were aware that actions were illegal). Cf. Reves v. Ernst & Young, 507 U.S. 170, 179, 184 (1993).

PROPOSED INSTRUCTION NO. 21 RE:

RICO ACTS – BRIBERY OF CITY OFFICER, EMPLOYEE, OR APPOINTEE; CITY COUNCILMEMBER

[CAL. PENAL CODE §§ 67.5, 165]

For purposes of Count One, it is important that you understand how the various types of alleged "racketeering activity" are defined.  Accordingly, I will now instruct you on the law defining the types of alleged racketeering activity alleged.  As I previously explained, the first type of racketeering activity alleged in the indictment is honest services wire fraud, which is also charged in Counts Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the indictment and for which I will provide the elements later in these instructions.

The second type of racketeering activity alleged in the indictment is bribery under California law, namely: (1) the crime of giving or offering a bribe to a ministerial officer, employee, or appointee of the City of Los Angeles (the "City") (or to someone acting on his behalf), in violation of California Penal Code § 67.5; and (2) the crime of (a) giving or offering a bribe to a Councilmember of the City, or (b) receiving or agreeing to receive a bribe by a Councilmember of the City, in violation of California Penal Code § 165.

For an individual to be guilty of giving or offering a ministerial officer, employee, or appointee of the City in violation of California Penal Code § 67.5, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual gave or offered a bribe to a ministerial officer, employee, or appointee of the City; and

29

Second, the individual acted with the corrupt intent to unlawfully influence the official act, decision, vote, opinion, or proceeding of the person to whom the bribe was given or offered.

A ministerial officer is an officer who has a clear and mandatory duty involving the performance of specific tasks without the exercise of discretion.

For an individual to be guilty of the crime of (a) giving or offering a bribe to a Councilmember of the City, or (b) receiving or agreeing to receive a bribe by a Councilmember of the City, in violation of California Penal Code § 165, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual (a) gave or offered a bribe to a Councilmember of the City, or (b) was a Councilmember of the City who asked for, received, or agreed to receive a bribe;

Second, the individual (a) acted with the corrupt intent to unlawfully influence the official act, decision, vote, opinion, or proceeding of the Councilmember to whom the bribe was given or offered, or (b) acted with the corrupt intent, that is, asked for, received, or agreed to receive a bribe based upon an understanding that the Councilmember's opinion, judgment, or action upon any official matter on which he may be required to act would be influenced.

As used here, "bribe" means something of present or future value or advantage valued over $950, or a promise to give such a thing, that is given or offered with the corrupt intent to unlawfully influence the public or official action, vote, decision, or opinion of the person to whom the bribe is given or offered.

A person acts with corrupt intent when he or she acts to wrongfully gain a financial or other advantage for himself, herself, or someone else.

The official act, decision, vote, opinion, or proceeding the individual sought to influence must have related to an existing subject that could have been brought before the person to whom the bribe was given in his or her official capacity.  It does not have to relate to a duty specifically given by statute to the person to whom the bribe was given.

Offering a bribe or requesting, receiving, or agreeing to receive a bribe do not require specific words or behavior, as long as the language used and the circumstances clearly show an intent to bribe or that the person is seeking a bribe from someone else.

The thing offered does not need to actually be given or exist at the time it is offered.  The thing agreed to be received does not need to actually be received or exist at the time it is agreed to be received.

The person who is offered the bribe does not need to have accepted the bribe, performed the requested act, deliberately failed to perform a duty, or actually have had the authority or ability to perform the requested act.

Cal. Penal Code §§ 67.5, 165; Cal. Crim. Jur. §§ 2601-2603 (2022); People v. Diedrich, 31 Cal.3d 263, 272 (Cal. 1982) (affirming conviction for receipt of bribe under Cal. Penal Code § 165 and citing elements of offense); People v. Guillory, 178 Cal. App. 2d 854, 858 (Ct. App. 1960) (bribery statute does not require that requested action was within actual authority so long as it fell

within general scope of officer's duties and he purported to act in official capacity); <u>People v. Longo</u>, 119 Cal. App. 2d 416, 420 (1953) (holding it is not "a defense to a bribery charge that the defendant offered the bribe to influence an action which the officer in fact had the authority to take under the mistaken belief that he occupied a different official position from that which he in fact held.").

1          PROPOSED INSTRUCTION NO. 22 RE:

2          RICO ACTS – EXTORTION [18 U.S.C § 1951]

3       I will now instruct you on the law defining the third type of

4   racketeering activity alleged in the indictment, namely, extortion,

5   in violation of Title 18, United States Code, Section 1951.  For an

6   individual to be guilty of this crime, the government must prove

7   each of the following elements beyond a reasonable doubt:

8       First, the individual induced or intended to induce the victim

9   to part with property by wrongful threat of economic harm;

10      Second, the individual acted with the intent to obtain

11  property; and

12      Third, commerce from one state to another was or would have

13  been affected in some way.

14      A threat is wrongful if it is unlawful or if the individual

15  knew he was not entitled to obtain the property.

26  Ninth Circuit Model Criminal Jury Instruction No. 9.6 [Hobbs Act—

27  Extortion or Attempted Extortion by Nonviolent Threat (18 U.S.C. §

28  1951)] (modified)

33

PROPOSED INSTRUCTION NO. 23 RE:

RICO ACTS – INTERSTATE OR FOREIGN TRAVEL IN AID OF RACKETEERING

ENTERPRISE [18 U.S.C. § 1952]

I will now instruct you on the law defining the fourth type of racketeering activity alleged in the indictment, namely, interstate or foreign travel in aid of racketeering enterprise, in violation of Title 18, United States Code, Section 1952(a)(3).  For an individual to be guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, an individual traveled, or caused another to travel, from one state to another, or from the United States to some place outside the United States;

Second, an individual did so with intent to promote, manage, establish, carry on, or facilitate an unlawful activity, including bribery in violation of California law, including California Penal Code sections 67.5 or 165; and

Third, an individual performed the charged act to promote, manage, establish, carry on, or facilitate bribery in violation of California Penal Code sections 67.5 or 165.

The government does not need to prove that the unlawful activity was the only or even primary reason the individual traveled.

Ninth Circuit Model Criminal Jury Instruction No. 18.1 [Travel Act—Interstate or Foreign Travel in Aid of Racketeering Enterprise (18 U.S.C. § 1952(a)(3))] (modified)

34

PROPOSED INSTRUCTION NO. 24 RE:

RICO ACTS – MONEY LAUNDERING [18 U.S.C. § 1956]

I will now instruct you on the law defining the fifth type of racketeering activity alleged in the indictment, namely, money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B).  For an individual to be guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual conducted or intended to conduct a financial transaction involving property that represented the proceeds of a bribery or honest services wire fraud;

Second, the individual knew that the property represented the proceeds of some form of unlawful activity; and

Third, the individual knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds to avoid a transaction reporting requirement under state or federal law.

A financial transaction is a transaction involving (a) the movement of funds by wire or other means that, (b) one or more monetary instruments that, or (c) the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the individual knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that bribery and honest services wire fraud are felonies.

The laws of the United States require the reporting of the receipt of more than $10,000 in cash in a single transaction or in related transactions.

Ninth Circuit Model Criminal Jury Instruction No. 18.4 [Laundering or Attempting to Launder Monetary Instruments (18 U.S.C. § 1956(a)(1)(B))] (modified)

36

PROPOSED INSTRUCTION NO. 25 RE:

RICO ACTS – OBSTRUCTION OF JUSTICE -- WITNESS TAMPERING

[18 U.S.C. § 1512]

I will now instruct you on the law defining the sixth type of racketeering activity alleged in the indictment, namely, obstruction of justice through witness tampering, in violation of Title 18, United States Code, Sections 1512(b)(1), (2) & (b)(3).

For an individual to be guilty under Sections 1512(b)(1), (2), the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly used intimidation, threatened, or corruptly persuaded a person, or attempted to do so, or engaged in misleading conduct toward another person;

Second, the individual acted with intent to: (a) influence or prevent a person from providing information regarding or in an official proceeding, that is, a grand jury investigation; (b) cause or induce the person to withhold testimony or a record or document from an official proceeding; (c) cause or induce the person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; or (d) cause or induce the person to evade legal process summoning the person to appear as a witness or to produce a record or document in an official proceeding;

Third, the individual knew or should have known that an official proceeding was pending or was likely to be instituted; and

Fourth, that the official proceeding was a federal proceeding. However, the government does not need to prove that the individual knew that the proceeding was a federal proceeding.

37

To "corruptly persuade" means to corrupt another person by persuading him or her to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.

* * *

For an individual to be guilty under Section 1512(b)(3), the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly corruptly persuaded a person, or attempted to do so, or engaged in misleading conduct toward another person;

Second, the individual acted with intent to hinder, delay, or prevent a person from communicating to a law enforcement authority information relating to the commission or possible commission of an offense;

Third, there was a reasonable likelihood that at least one of the communications targeted by the individual would have been made to a federal officer; and

Fourth, the information that would have been communicated related to the possible commission of a federal offense.

Third Circuit Model Jury Instructions, Nos. 6.18.1512B & B-1 (2022 ed.) [Obstruction of Justice – Witness Tampering Through Intimidation (18 U.S.C. § 1512(b)(1), (2) & Hindering Communication Through Intimidation, Threats, or Corrupt Persuasion] (modified)

38

1    PROPOSED INSTRUCTION NO. 26 RE:

2    CONSPIRACY – GENERAL PRINCIPLES AND PROOF BY CIRCUMSTANTIAL EVIDENCE

3         Defendant is charged in Count One of the indictment with

4    conspiracy to conduct and participate in the conduct of the affairs

5    of an enterprise through a pattern of racketeering activity.  A

6    conspiracy is a kind of criminal partnership.  The crime of

7    conspiracy is the agreement to do something unlawful; it does not

8    matter whether the crime agreed upon was committed or whether the

9    defendant was aware that his actions were illegal.

10        For a conspiracy to have existed, it is not necessary that

11   the conspirators made a formal agreement or that they agreed on

12   every detail of the conspiracy.  It is not enough, however, that

13   they simply met, discussed matters of common interest, acted in

14   similar ways, or perhaps helped one another.   With respect to a

15   RICO conspiracy, you must find that there was an agreement between

16   two or more persons that the CD-14 Enterprise would exist and would

17   conduct or participate in the affairs of the CD-14 Enterprise,

18   directly or indirectly, through a pattern of racketeering activity.

19        One becomes a member of a conspiracy by willfully participating

20   in the unlawful plan with the intent to further or facilitate the

21   purpose of the conspiracy, even though the person does not have full

22   knowledge of all the details of the conspiracy.  Furthermore, one

23   who willfully joins an existing conspiracy is as responsible for it

24   as the originators.  On the other hand, one who has no knowledge of

25   a conspiracy, but happens to act in a way which furthers some object

26   or purpose of the conspiracy, does not thereby become a conspirator.

27   Similarly, a person does not become a conspirator merely by

28   associating with one or more persons who are conspirators, nor

39

merely by knowing that a conspiracy exists.

A conspiracy may be proven by circumstantial evidence and may exist without a formal agreement.  The elements may therefore be established by evidence of coordinated activities between the conspirators.

In determining whether a particular defendant was a member of a charged conspiracy, you may consider and weigh all of the evidence presented at trial, including, without limitation, the defendant's own conduct and actions, the defendant's own statements and declarations, and the acts and statements of other alleged co-conspirators that were made during the course of the conspiracy and in furtherance of it.

Ninth Circuit Model Criminal Jury Instruction No. 11.1 [Conspiracy – Elements]; United States v. Ortega, 203 F.3d 675, 683 (9th Cir. 2000) ("A conspiracy may be proven by circumstantial evidence."); United States v. Kiriki, 756 F.2d 1449, 1453 (9th Cir. 1985) ("The agreement need not be explicit, but may be inferred from circumstantial evidence."); Davenport v. United States, 260 F.2d 591, 598 (9th Cir. 1958) ("The offense of conspiracy . . . can rarely be proved by direct evidence."); United States v. Giese, 597 F.2d 1170, 1197-98 (9th Cir. 1979) (approving language similar to the last sentence of this proposed instruction); United States v. Baker, 63 F.3d 1478, 1491 (9th Cir. 1995) (conviction for RICO conspiracy does not require proof that defendants were aware that actions were illegal).

PROPOSED INSTRUCTION NO. 27 RE: WIRE FRAUD -- SCHEME TO DEFRAUD --

DEPRIVATION OF INTANGIBLE RIGHT OF HONEST SERVICES

(RECEIPT OF FINANCIAL BENEFITS THEORY)

The defendant is charged in Counts Twelve and Thirteen of the indictment with honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346.  Honest services wire fraud is also a type of racketeering activity alleged in Count One of the indictment.  For the defendant to be found guilty of honest services wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant devised or knowingly participated in a scheme or plan to deprive the City of Los Angeles or its citizens of their right of honest services;

Second, the scheme or plan consisted of a financial benefit in exchange for at least one official act by the defendant in connection with the approval of the redevelopment of the Luxe Hotel; the "exchange" may be express or may be implied from all the surrounding circumstances;

Third, the defendant owed a fiduciary duty to the City of Los Angeles or its citizens;

Fourth, the defendant acted with the intent to defraud by depriving the City of Los Angeles or its citizens of their right of honest services; an intent to defraud is an intent to deceive and cheat;

Fifth, the defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing a person or entity's acts; and

Sixth, the defendant used or caused to be used, an interstate

41

wire communication to carry out or attempt to carry out the scheme or plan.

Interstate Wire Communications

The interstate wire communication charged in Count Twelve of the indictment is a bank wire of approximately $36,432.74 transmitted on or about October 28, 2017 from Synergy Chase Bank account ending in 7753 to defendant's East West Bank account ending in 9279.

The interstate wire communication charged in Count Thirteen of the indictment is a bank wire of approximately $33,507.23 transmitted on or about December 27, 2017 from Synergy Chase Bank account ending in 7753 to defendant's East West Bank account ending in 9279.

A wire communication is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Scheme to Defraud

In determining whether a scheme to defraud exists, you may consider not only the defendant's and co-schemers' words and statements, but also the circumstances in which they are used as a whole.

Official Act

"Official act" means any decision or action on a question, matter, cause, suit, proceeding, or controversy involving the formal exercise of governmental power.  The question, matter, cause, suit, proceeding, or controversy must be pending, or be able by law to be brought, before a public official, and the question, matter, cause, suit, proceeding, or controversy must be something specific and focused, rather than a broad policy objective.

The official's decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  The bribe recipient need not be the final decisionmaker.

The government does not need to prove that the official ever actually intended to perform an official act or that the official ever did, in fact, perform an official act.

Merely arranging a meeting, hosting an event, or giving a speech do not qualify as the taking of a specific action.

Public Official and Fiduciary Duty

A "public official," includes an agent of a State or local government, or any agency thereof, that is, a person authorized to act on behalf of a government, including an employee, officer, manager, or representative.

A public official serves as a trustee for the citizens and the local government, and thus owes a fiduciary duty to the citizens and the local government.  A public official has a fiduciary duty to act only for the benefit of the public.

43

Ninth Circuit Model Criminal Jury Instructions, No. 15.34 (2022 ed.)
[Mail Fraud -- Scheme to Defraud -- Deprivation of Intangible Right
of Honest Services (18 U.S.C. §§ 1341 and 1346)] (modified to
reflect facts of the case); Ninth Circuit Model Criminal Jury
Instructions, No. 15.35 (2022 ed.) [Wire Fraud (18 U.S.C. § 1343)]
(defining "wire communication"); Ninth Circuit Model Criminal Jury
Instructions, No. 10.1 (2022 ed.) [Official Act -- Defined]
(modified to reflect facts of case); 18 U.S.C. § 666(a)(1) & (d)(1)
(defining public official and agent); United States v. Kincaid-
Chauncey, 556 F.3d 923, 939 (9th Cir. 2009) (citations omitted)
(public officials owe a fiduciary duty to the public), abrogated on
other grounds by Skilling v. United States, 561 U.S. 358 (2010);
Seventh Circuit Model Criminal Jury Instructions, 18 U.S.C. §§ 1341,
1343 & 1346 [Definition of "Honest Services"] (2020 ed.) (fiduciary
duty of public officials; defendant need not owe a fiduciary duty).

PROPOSED INSTRUCTION NO. 28 RE: WIRE FRAUD -- SCHEME TO DEFRAUD -- DEPRIVATION OF INTANGIBLE RIGHT OF HONEST SERVICES (AIDING AND ABETTING)

The defendant is charged in Counts Two, Three, Four, Fourteen, and Fifteen of the indictment with aiding and abetting honest services wire fraud in violation of Title 18, United States Code, Sections 1343, 1346, and 2(a).

A defendant may be found guilty of honest services wire fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.

To prove a defendant guilty of honest services wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed honest services wire fraud;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of honest services wire fraud;

Third, the defendant acted with the intent to facilitate honest services wire fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit honest services wire fraud.

45

1    A defendant acts with the intent to facilitate the crime when
2    the defendant actively participates in a criminal venture with
3    advance knowledge of the crime.

4     The government is not required to prove precisely which
5    individual actually committed the crime.

6    Someone Else Committed Honest Services Wire Fraud - First Element

7    The government alleges that defendant aided and abetted (a)
8    José Huizar (Counts Two, Three, Four, Fourteen, Fifteen); (2) Shen
9    Zhen New World I, LLC ("Shen Zhen") (Counts Two, Three, and Four);
10   and/or (3) Hazens (Counts Fourteen and Fifteen), with respect to at
11   least one element of honest services wire fraud.

12   ***Jose Huizar's Honest Services Fraud Involving Shen Zhen and Hazens***

13   To demonstrate that José Huizar committed honest services wire
14   fraud, the government must prove the following:

15   First, José Huizar devised or knowingly participated in a
16   scheme or plan to deprive the City of Los Angeles or its citizens of
17   their right of honest services;

18   Second, (a) with respect to Counts Two, Three, and Four, the
19   scheme or plan consisted of a financial benefit in exchange for at
20   least one official act by Huizar in connection with the approval of
21   the redevelopment of the L.A. Grand Hotel; and (b) with respect to
22   Counts Fourteen and Fifteen, the scheme or plan consisted of a
23   financial benefit in exchange for at least one official act by
24   Huizar in connection with the approval of the redevelopment of the
25   Luxe Hotel; the "exchange" may be express or may be implied from all
26   the surrounding circumstances;

27   Third, José Huizar owed a fiduciary duty to the City of Los
28   Angeles or its citizens;

1    Fourth, José Huizar acted with the intent to defraud by
2    depriving the City of Los Angeles or its citizens of their right of
3    honest services; an intent to defraud is an intent to deceive and
4    cheat;

5    Fifth, José Huizar's act was material; that is, it had a
6    natural tendency to influence, or was capable of influencing a
7    person or entity's acts; and

8    Sixth, José Huizar used or caused to be used, an interstate
9    wire communication to carry out or attempt to carry out the scheme
10   or plan.

11   ***Shen Zhen/Hazen's Honest Services Fraud Involving Jose Huizar***

12   To demonstrate that Shen Zhen or Hazens committed honest
13   services wire fraud, including through the acts of their agents, the
14   government must prove the following:

15   First, Shen Zhen/Hazens devised or knowingly participated in a
16   scheme or plan to deprive the City of Los Angeles or its citizens of
17   their right of honest services;

18   Second, (a) with respect to Counts Two, Three, and Four, the
19   scheme or plan consisted of a financial benefit from Shen Zhen in
20   exchange at least one official act by Huizar in connection with the
21   approval of the redevelopment of the L.A. Grand Hotel; and (b) with
22   respect to Counts Fourteen and Fifteen, the scheme or plan consisted
23   of a financial benefit from Hazens in exchange at least one official
24   act by Huizar in connection with the approval of the redevelopment
25   of the Luxe Hotel the "exchange" may be express or may be implied
26   from all the surrounding circumstances;

27   Third, José Huizar owed a fiduciary duty to the City of Los
28   Angeles or its citizens;

Fourth, Shen Zhen/Hazens acted with the intent to defraud by depriving the City of Los Angeles or its citizens of their right of honest services; an intent to defraud is an intent to deceive and cheat;

Fifth, Shen Zhen's/Hazens' act was material; that is, it had a natural tendency to influence, or was capable of influencing a person or entity's acts; and

Sixth, Shen Zhen/Hazens used or caused to be used, an interstate wire communication to carry out or attempt to carry out the scheme or plan.

The individual need not owe the fiduciary duty personally, so long as the individual devises or participates in a bribery scheme intended to deprive the public of its right to a fiduciary's honest services.

Interstate Wire Communications

The interstate wire communication charged in Count Two of the indictment is a bank wire of $570,000 transmitted on or about September 23, 2014 from José Huizar's East West Bank account ending in 0407 to a Wells Fargo account ending in 7209.

With respect to Count Two only, in order for the defendant to be found guilty, the government also must prove beyond a reasonable doubt that the scheme or plan to defraud affected at least one financial institution.  The scheme or plan "affects" a financial institution if it exposes a financial institution to a new or increased risk of loss.  A financial institution need not have actually suffered a loss in order to have been affected by the scheme or plan.

The interstate wire communication charged in Count Three of the

48

indictment is an e-mail sent on or about October 19, 2016 from Ricky Zheng to José Huizar, forwarding an e-mail and attachment from Wei Huang regarding the redevelopment of the L.A. Grand Hotel.

The interstate wire communication charged in Count Four of the indictment is an e-mail sent on or about December 19, 2016 from José Huizar to Ricky Zheng providing recommendations for consultants for the redevelopment of the L.A. Grand Hotel.

The interstate wire communication charged in Count Fourteen of the indictment is an e-mail sent on or about January 9, 2018 from George Esparza to José Huizar, attaching two documents titled "Copy of Commitments" and "IE Huizar Strategy."

The interstate wire communication charged in Count Fifteen of the indictment is an e-mail sent on or about January 16, 2018 from José Huizar to his fundraiser, attaching a document titled "Initial Commitments to PAC."

Campaign Contributions

A public official soliciting, demanding, accepting, or agreeing to accept a campaign contribution does not, in itself, constitute a violation of law even though the donor has business pending before the official.  However, if a public official solicits demands, accepts, or agrees to accept a campaign contribution in exchange for a specific requested exercise of official power, such a demand or acceptance does constitute a violation regardless of whether the payment is made in the form of a campaign contribution.

Similarly, an individual giving, offering, or agreeing to give a campaign contribution to a public official does not, in itself, constitute a violation of law even though the individual has business pending before the official.  However, if an individual

49

gives, offers, or agrees to give a campaign contribution to a public official in exchange for a specific requested exercise of official power, the giving of, the offering of, or the agreement to give such a contribution does constitute a violation regardless of whether the payment is made in the form of a campaign contribution.

The agreement must be clear and unambiguous but need not be verbally expressed.  In addition, the promise need not actually be carried out.  It is sufficient if the promise to act is given in exchange for the campaign contribution.

In prior instructions, I have explained the law relating to honest services wire fraud and defined the terms "wire communication," "scheme to defraud," "official act," and "public official" and "fiduciary duty."

Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed) [Aiding and Abetting (18 U.S.C. § 2(a))] (modified); Ninth Circuit Model Criminal Jury Instructions, No 15.34 (2022 ed.) [Mail Fraud -- Scheme to Defraud -- Deprivation of Intangible Right of Honest Services (18 U.S.C. §§ 1341 and 1346)] (modified); Ninth Circuit Model Criminal Jury Instructions, No. 15.35 (2022 ed.) [Wire Fraud (18 U.S.C. § 1343)] (defining "wire communication"); Ninth Circuit Model Criminal Jury Instructions, No. 10.1 (2022 ed.) [Official Act -- Defined] (modified); Ninth Circuit Model Criminal Jury Instructions, No. 9.7 (2022 ed.) [Hobbs Act – Extortion Under Color of Official Right] (modified) (citing McCormick v. United States, 500 U.S. 257 (1991); United States v. Kincaid-Chauncey, 556 F.3d 923, 936-38 (9th Cir. 2009); Evans v. United States, 504 U.S. 255, 267 (1992)); 18 U.S.C. § 666(a)(1) & (d)(1) (defining public

official and agent); <u>United States v. Carpenter</u>, 961 F.2d 824, 827
(9th Cir. 1992) (holding that <u>McCormick</u> is satisfied so long as the
terms of the quid pro quo are "clear and unambiguous," and the
understanding "need not be verbally explicit"; the "jury may
consider both direct and circumstantial evidence, including the
context in which a conversation took place, to determine if there
was a meeting of the minds on a quid pro quo"); <u>Kincaid-Chauncey</u>,
556 F.3d at 939 (citations omitted) (public officials owe a
fiduciary duty to the public), <u>abrogated on other grounds by</u>
<u>Skilling v. United States</u>, 561 U.S. 358 (2010);  Seventh Circuit
Model Criminal Jury Instructions, 18 U.S.C. §§ 1341, 1343 & 1346
[Definition of "Honest Services"] (2020 ed.) (fiduciary duty of
public officials; defendant need not owe a fiduciary duty); <u>United</u>
<u>States v. Stargell</u>, 738 F.3d 1018, 1023 (9th Cir. 2013) (defining
affecting a financial institution).

PROPOSED INSTRUCTION NO. 29 RE:

SCHEME TO DEFRAUD -- VICARIOUS LIABILITY

If you decide that the defendant was a knowing participant or member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

Ninth Circuit Model Criminal Jury Instructions, No. 15.33 (2022 ed.) [Scheme to Defraud -- Vicarious Liability (18 U.S.C. §§ 1341, 1343, 1344, and 1346)].

PROPOSED INSTRUCTION NO. 30 RE:

CORPORATE LIABILITY

The government alleges that defendant aided and abetted corporate entities with respect to at least one element of honest services wire fraud and bribery concerning federal programs. Specifically, the government alleges that defendant aided and abetted (1) Shen Zhen with respect to (a) Counts Two, Three, and Four (honest services wire fraud) and (b) Count Twenty-Two (bribery concerning federal programs); and (2) Hazens with respect to (a) Counts Fourteen and Fifteen (honest services wire fraud) and (b) Count Twenty-Seven (bribery concerning federal programs).

Corporate entities, like individuals, may be found liable of a criminal offense. Under the law a corporation is considered a person and all persons are equal before the law. A corporation is entitled to the same fair and conscientious consideration by you as any other person.

A corporate entity can act only through its agents, that is, its members, managers, directors, officers, employees, and other persons authorized to act for it or with authority to direct others to act for it. The knowledge obtained by agents of a corporate entity acting within the scope of their employment is imputed to the corporate entity. Accordingly, if a specific agent knows something within the scope of his or her employment, then the corporate entity can be said to know the same thing.

To find a corporate entity criminally liable, you must find beyond a reasonable doubt that:

First, each element of the crime was committed by one or more of the corporate entity's agents;

53

Second, in committing those acts the agent(s) intended, at least in part, to benefit the corporate entity; and

Third, each act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment, it must relate directly to the performance of the agent's general duties for the corporate entity.  It is not necessary for the act itself to have been authorized by the corporate entity.

If an agent was acting within the scope of his or her employment, the fact that an agent's act was illegal, contrary to his or her employer's instructions, or against the corporate entity's policies will not relieve the corporate entity of criminal responsibility for it.

Eighth Circuit Model Criminal Jury Instructions, No. 5.03 (2021 ed.) [Corporate Responsibility] (modified); Seventh Circuit Model Criminal Jury Instructions, No. 7.06 (2018 ed.) [Corporate Criminal Responsibility] (modified); Ninth Circuit Model Criminal Jury Instructions, No. 6.16 (2022 ed.) [Corporate Defendant];  United States v. Hilton Hotels Corp., 467 F.2d 1000, 1004-07 (9th Cir. 1973); United States v. Basic Const. Co., 711 F.2d 570, 572 (4th Cir. 1983); United States v. Mongol Nation, 370 F. Supp. 3d 1090, 1128-29 (C.D. Cal. 2019); United States v. Shortt Accountancy Corp., 785 F.2d 1448 (9th Cir. 1986).

PROPOSED INSTRUCTION NO. 31 RE:

BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

(RECEIPT OF FINANCIAL BENEFITS THEORY)

The defendant is charged in Count Twenty-Eight of the indictment with bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(2).

In order to prove that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was an agent of a local government, specifically, the City of Los Angeles;

Second, the defendant solicited, demanded, accepted, or agreed to accept a thing of value; namely, approximately $69,939 in check payments to LABXG, Inc. and $15,000 in check payments to Jeremy Chan;

Third, the defendant acted corruptly, that is, with an intent to be influenced or rewarded in connection with any business, transaction, or series of transactions of the City involving anything of value of $5,000 or more; specifically, the government must prove that the defendant intended to be influenced or rewarded in connection with the redevelopment of the Luxe Hotel, including in pressuring or advising officials from the City Planning Commission, Planning Department, other City departments, or City Council to expedite and vote to approve the Luxe Hotel Project on favorable terms; and

Fourth, the City received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance in any one-year period.

55

The term "agent" means a person authorized to act on behalf of a local government, including an employee, officer, manager, or representative.

The term "local" means of, or pertaining to, a political subdivision within a State of the United States.

The phrase "in any one-year period" means a continuous period that commences no earlier than 12 months before the commission of the offense or that ends no later than 12 months after the commission of the offense.  Such period may include time both before and after the commission of the offense.

The government does not need to prove that any of the Federal benefits in excess of $10,000 received by the City of Los Angeles were misappropriated or otherwise connected to the commission of the offense.

18 U.S.C. §§ 666(a)(2), (b), (d); Ninth Circuit Model Criminal Jury Instructions, No. 10.2 (2022 ed.) [Bribery of Federal Public Official (18 U.S.C. § 201(b)(2))] (defining "corruptly"); Sabri v. United States, 541 U.S. 600, 604-05 (2004) (no connection between the federal funds and criminal activity required); Salinas v. United States, 522 U.S. 52, 56-57 (1997) (same); United States v. Roberson, 998 F.3d 1237, 1247 (11th Cir. 2021), cert. denied, 142 S. Ct. 1109 (2022) (holding that section 666 bribery does not require the government to prove an "official act"); id. ("The only Circuit Courts of Appeals to directly consider the issue [of whether section

666 requires an 'official act'] in published cases post-McDonnell, the Second and Sixth, have not imported an 'official act' requirement into section 666.  In considering the purpose of section 666 to protect the integrity of entities receiving substantial sums of federal funds and the statute's expansive, unqualified language, the court has repeatedly rejected statutory constructions aimed at narrowing section 666's scope.  Consistent with the views of our sister Circuits, we hold that McDonnell does not disturb this court's holding in McNair and we do not read into section 666 limitations unsupported by the language of the statute.") (internal quotations and citations omitted); United States v. Ng Lap Seng, 934 F.3d 110, 134 (2d Cir. 2019) (McDonnell's "official act" standard does not pertain to section 666 bribery, only to section 201 bribery); United States v. Porter, 886 F.3d 562, 565-66 (6th Cir. 2018) (same); United States v. Garrido, 713 F.3d 985, 996-97 (9th Cir. 2013) (no quid pro quo of benefits in exchange for an official act required for section 666 bribery).

1      PROPOSED INSTRUCTION NO. 32 RE:

2      BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

3      (AIDING AND ABETTING)

4      The defendant is charged in Counts Twenty-Two and Twenty-Seven

5 of the indictment with aiding and abetting bribery concerning

6 programs receiving federal funds, in violation of Title 18, United

7 States Code, Sections 666(b)(1)(B), 2(a).

8      A defendant may be found guilty of bribery concerning programs

9 receiving federal funds, even if the defendant personally did not

10 commit the act or acts constituting the crime but aided and abetted

11 in its commission.  To "aid and abet" means intentionally to help

12 someone else commit a crime.

13      To prove a defendant guilty of bribery concerning programs

14 receiving federal funds by aiding and abetting, the government must

15 prove each of the following beyond a reasonable doubt:

16      First, someone else committed bribery concerning programs

17 receiving federal funds;

18      Second, the defendant aided, counseled, commanded, induced, or

19 procured that person with respect to at least one element of bribery

20 concerning programs receiving federal funds;

21      Third, the defendant acted with the intent to facilitate

22 bribery concerning programs receiving federal funds; and

23      Fourth, the defendant acted before the crime was completed.

24      In Instruction No. 28, I have explained the law of aiding and

25 abetting.

26 Someone Else Committed Bribery Concerning Programs Receiving Federal

27 Funds – First Element

28      The government alleges that defendant aided and abetted José

58

Huizar, Shen Zhen, and Hazens to commit bribery concerning programs receiving federal funds.  The government is not required to prove precisely which individual or entity actually committed the crime.

***Jose Huizar Bribery by Shen Zhen and/or Hazens***

To demonstrate that José Huizar committed bribery concerning programs receiving federal funds, the government must prove the following:

First, José Huizar was an agent of a local government -- specifically, the City of Los Angeles;

Second, José Huizar solicited, demanded, accepted, or agreed to accept a thing of value; namely, (a) with respect to Count Twenty-Two, casino gambling chips, accommodations, or travel expenses, or approximately $575,000 in collateral applied to Huizar's personal loan from East West Bank; and (b) with respect to Count Twenty-Seven, a $100,000 campaign contribution commitment to benefit Richelle Rios' campaign for the CD-14 seat;

Third, José Huizar acted corruptly, that is, with an intent to be influenced or rewarded in connection with any business, transaction, or series of transactions of the City involving anything of value of $5,000 or more.  With respect to Count Twenty-Two, the government must prove that the José Huizar intended to be influenced and rewarded in connection with the redevelopment of the L.A. Grand Hotel, including in: (1) presenting motions and resolutions in various City committees to benefit the redevelopment of the L.A. Grand Hotel; (2) voting on the redevelopment of the L.A. Grand Hotel in various City committees, including the PLUM Committee, and City Council; (3) taking action in the PLUM Committee to expedite the approval process of the redevelopment of the L.A.

59

Grand Hotel; or (4) exerting pressure on or advising other City officials to take an official act to benefit the redevelopment of the L.A. Grand Hotel.  With respect to Count Twenty-Seven, the government must prove that the José Huizar intended to be influenced or rewarded in connection with the Luxe Hotel Project, including in: (1) voting to approve the Luxe Hotel Project in the PLUM Committee and City Council or (2) presenting a resolution in the PLUM Committee to benefit the Luxe Hotel Project; and

Fourth, the City received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance in any one-year period.

In Instruction No. 31, I have explained the crime of bribery concerning programs receiving federal funds and defined the terms "agent," "local," and "in any one-year period."

### Shen Zhen / Hazens Bribery of José Huizar

To demonstrate that Shen Zhen / Hazens committed bribery concerning programs receiving federal funds, the government must prove the following:

First, José Huizar was an agent of a local government -- specifically, the City of Los Angeles;

Second, Shen Zhen / Hazens gave, offered, or agreed to give a thing of value to José Huizar; namely, (a) with respect to Count Twenty-Two, casino gambling chips, accommodations, or travel expenses, or approximately $575,000 in collateral applied to Huizar's personal loan from East West Bank; and (b) with respect to Count Twenty-Seven, a $100,000 campaign contribution commitment to benefit Richelle Rios' campaign for the CD-14 seat;

Third, Shen Zhen / Hazens acted corruptly, that is, with an intent to influence or reward José Huizar in connection with any business, transaction, or series of transactions of the City involving anything of value of $5,000 or more.  With respect to Count Twenty-Two, the government must prove that Shen Zhen intended to influence or reward José Huizar in connection with the redevelopment of the L.A. Grand Hotel, including in connection with José Huizar: (1) presenting motions and resolutions in various City committees to benefit the redevelopment of the L.A. Grand Hotel; (2) voting on the redevelopment of the L.A. Grand Hotel in various City committees, including the PLUM Committee, and City Council; (3) taking action in the PLUM Committee to expedite the approval process of the redevelopment of the L.A. Grand Hotel; or (4) exerting pressure on or advising other City officials to take an official act to benefit the redevelopment of the L.A. Grand Hotel.  With respect to Count Twenty-Seven, the government must prove that Hazens intended to influence or reward José Huizar in connection with the Luxe Hotel Project, including in connection with José Huizar: (1) voting to approve the Luxe Hotel Project in the PLUM Committee and City Council or (2) presenting a resolution in the PLUM Committee to benefit the Luxe Hotel Project; and

Fourth, the City received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance in any one-year period.

Campaign Contributions

A public official soliciting, demanding, accepting, or agreeing to accept a campaign contribution does not, in itself, constitute a

violation of law even though the donor has business pending before the official.  However, if a public official solicits demands, accepts, or agrees to accept a campaign contribution in exchange for a specific requested exercise of official power, such a demand or acceptance does constitute a violation regardless of whether the payment is made in the form of a campaign contribution.

Similarly, an individual giving, offering, or agreeing to give a campaign contribution to a public official does not, in itself, constitute a violation of law even though individual has business pending before the official.  However, if an individual gives, offers, or agrees to give a campaign contribution to a public official in exchange for a specific requested exercise of official power, the giving of, the offering of, or the agreement to give such a contribution does constitute a violation regardless of whether the payment is made in the form of a campaign contribution.

The agreement must be clear and unambiguous but need not be verbally expressed.  In addition, the promise need not actually be carried out.  It is sufficient if the promise to act is given in exchange for the campaign contribution.

18 U.S.C. §§ 666(a)(2), (b), (d), 2(a); Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed.) [Aiding and Abetting (18 U.S.C. § (2)(a)];  Ninth Circuit Model Criminal Jury Instructions, No. 10.2 (2022 ed.) [Bribery of Federal Public Official (18 U.S.C. § 201(b)(2))] (defining "corruptly"); Ninth Circuit Model Criminal Jury Instructions, No. 9.7 (2022 ed.) [Hobbs Act – Extortion Under Color of Official Right] (modified) (citing McCormick v. United States, 500 U.S. 257 (1991); United States v. Kincaid-Chauncey, 556

F.3d 923, 936-38 (9th Cir. 2009); Evans v. United States, 504 U.S. 255, 267 (1992)); United States v. Carpenter, 961 F.2d 824, 827 (9th Cir. 1992) (holding that McCormick is satisfied so long as the terms of the quid pro quo are "clear and unambiguous," and the understanding "need not be verbally explicit"; the "jury may consider both direct and circumstantial evidence, including the context in which a conversation took place, to determine if there was a meeting of the minds on a quid pro quo"); Sabri v. United States, 541 U.S. 600, 604-05 (2004) (no connection between the federal funds and criminal activity required); Salinas v. United States, 522 U.S. 52, 56-57 (1997) (same); United States v. Roberson, 998 F.3d 1237, 1247 (11th Cir. 2021), cert. denied, 142 S. Ct. 1109 (2022) (§ 666 does not require the government to prove an "official act"); United States v. Ng Lap Seng, 934 F.3d 110, 134 (2d Cir. 2019) (McDonnell's "official act" standard does not pertain to section 666 bribery, only to section 201 bribery); United States v. Porter, 886 F.3d 562, 565-66 (6th Cir. 2018) (same); United States v. Garrido, 713 F.3d 985, 996-97 (9th Cir. 2013) (no quid pro quo of benefits in exchange for an official act required for section 666 bribery).

PROPOSED INSTRUCTION NO. 33 RE:

DUAL MOTIVE

The fact that an act is motivated, in part, by friendship is no defense.  Actions taken with a dual motive constitute bribery so long as one of the motives is to influence or reward the public official.  It is no legal defense that the official acts were good for the community or were acts that the public official would have or should have taken without the bribe.  On the other hand, if actions were entirely motivated by legitimate reasons, like friendship then they do not constitute bribery.

O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 27:11 (6th ed.) ("It is not a defense to the crime of bribery as charged in Count of the indictment that the [offer] [or] [promise] [demand] [or] [receipt] of anything of value was made [to] [by] the public official to influence an official act which is actually lawful, desirable, or even beneficial to the public."); United States v. Quintanilla, No. 7:19-CR-00522, Dkt. No. 389 (S.D. Tex.)

64

PROPOSED INSTRUCTION NO. 34 RE: CONSPIRACY—LIABILITY FOR SUBSTANTIVE

OFFENSE COMMITTED BY CO-CONSPIRATOR

(PINKERTON CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Honest Services Wire Fraud as charged in Counts Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the indictment and/or Bribery Concerning Programs Receiving Federal Funds as charged in Counts Twenty-Two, Twenty-Seven, and Twenty-Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in the count committed the crime of Honest Services Wire Fraud or Bribery Concerning Programs Receiving Federal Funds as alleged in that count;

Second, the person was a member of the RICO conspiracy charged in Count One of the indictment;

Third, the person committed the crime of Honest Services Wire Fraud or Bribery Concerning Programs Receiving Federal Funds in furtherance of the RICO conspiracy;

Fourth, the defendant was a member of the RICO conspiracy at the time the offense charged in the Honest Services Wire Fraud or Bribery Concerning Programs Receiving Federal Funds count was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Ninth Circuit Model Criminal Jury Instructions, No. 11.6 (2022 ed.) [Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (Pinkerton Charge)].

1          PROPOSED INSTRUCTION NO. 35 RE:

2     AIDING AND ABETTING – CAUSING AN ACT TO BE DONE (18 U.S.C. § 2(B))

3          With respect to Honest Services Wire Fraud as charged in Counts

4     Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the

5     indictment and Bribery Concerning Programs Receiving Federal Funds

6     as charged in Counts Twenty-Two, Twenty-Seven, and Twenty-Eight of

7     the indictment, defendant may be found guilty of those crimes even

8     if the defendant did not personally commit the acts constituting the

9     crime if the defendant willfully caused an act to be done that if

10    directly performed by him would be an offense against the United

11    States.  A defendant who puts in motion or causes the commission of

12    an indispensable element of the offense may be found guilty as if he

13    had committed this element himself.

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Ninth Circuit Model Jury Instructions, No. 4.2 (2022 ed.) [Aiding

28    and Abetting (18 U.S.C. § 2(b))]

67

PROPOSED INSTRUCTION NO. 36 RE:

FALSE STATEMENT TO GOVERNMENT AGENCY

The defendant is charged in Count Thirty-Nine of the indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Title 18, United States Code, Section 1001(a)(2).  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI");

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Fourth, the statement was material to the activities or decisions of the FBI; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.  The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material.

All of you must agree as to which statement or statements were false and material.

The materiality of defendant's false statements should be assessed at the moment he uttered them.  A delayed admission does not reduce the materiality of the earlier false statements.


Ninth Circuit Model Jury Instructions, No. 24.10 (2022 ed.) (modified) [False Statement to Government Agency (18 U.S.C. §

68

1   1001)]; <u>United States v. Serv. Deli Inc.</u>, 151 F.3d 938, 941 (9th
2   Cir. 1998); <u>United States v. Beaver</u>, 515 F.3d 730, 742 (7th
3   Cir.2008) (Section 1001 contains no recantation defense; 'the
4   materiality of [an accused's] false statements must be assessed at
5   the moment he uttered them.'); <u>United States v. Salas-Camacho</u>, 859
6   F.2d 788, 791-92 (9th Cir. 1988) ("We hold that appellant's delayed
7   admission does not reduce the materiality of his earlier false
8   statements."); <u>United States v. Stewart</u>, 433 F.3d 273, 318 (2d Cir.
9   2006) (Section 1001 does not have a safe harbor for subsequent
10  recantation); <u>United States v. Sebaggala</u>, 256 F.3d 59, 64 (1st Cir.
11  2001) (same).  But see <u>United States v. Johnston</u>, 617 Fed. App'x 706
12  (9th Cir. 2015) ("[T]he Ninth Circuit has not resolved the issue of
13  whether there exists a 'recantation' defense to prosecutions for
14  violations of 18 U.S.C. § 1001.")

PROPOSED INSTRUCTION NO. 37 RE:

KNOWINGLY

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instructions, No. 4.8 (2022 ed.)

[Knowingly]

PROPOSED INSTRUCTION NO. 38 RE:

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

1    It is your duty as jurors to consult with one another and to

2 deliberate with one another with a view towards reaching an

3 agreement if you can do so.  During your deliberations, you should

4 not hesitate to reexamine your own views and change your opinion if

5 you become persuaded that it is wrong.

27 Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.)

28 [Duty to Deliberate]

72

PROPOSED INSTRUCTION NO. 39 RE:

CONSIDERATION OF EVIDENCE -- CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is

73

1 exposed to any outside information, please notify the court

2 immediately.

27 Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.)

28 [Consideration of Evidence -- Conduct of the Jury]

PROPOSED INSTRUCTION NO. 40 RE:

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) [Use of Notes]

75

PROPOSED INSTRUCTION NO. 41 RE:

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) [Jury Consideration of Punishment]

PROPOSED INSTRUCTION NO. 42 RE:

VERDICT FORM

A verdict form has been prepared for you.  Please closely follow the instructions on the verdict form, which include requiring you to answer specific questions and make certain findings, if proven, on certain counts.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) [Verdict Form]

77

PROPOSED INSTRUCTION NO. 43 RE:

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) [Communication with Court]