E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>RAYMOND SHE WAH CHAN,<br>　aka "She Wah Kwong,"<br><br>　　　　　Defendant. | No. CR 2:20-326(A)-JFW-2<br><br>JOINT STATEMENT IN SUPPORT OF JOINT PROPOSED: (1) JURY INSTRUCTIONS-END OF TRIAL; (2) JURY INSTRUCTIONS—DURING TRIAL; (3) VERDICT FORM; EXHIBITS A (JURY INTRUCTIONS—END OF TRIAL REDLINE), B (JURY INSTRUCTIONS—DURING TRIAL REDLINE) & C (VERDICT FORM REDLINE)<br><br>Trial Date: March 12, 2024<br>Trial Time: 8:30 A.M.<br>Location:　Courtroom of the Hon.<br>　　　　　　John F. Walter |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant Raymond She Wah

Chan, by and through his counsel of record, John Hanusz and Michael G. Freedman, hereby submit their Memorandum in Support of the Joint Proposed: (1) Jury Instructions—End of Trial (Dkt. No. 1318, 1322 (Corrected)); (2) Jury Instructions—During Trial (Dkt. No. 1319); and (3) Verdict Form (Dkt. No. 1320).

To begin the parties' meet-and-confer process, the parties used the most recent revisions of the jury instructions and verdict form, as revised following the jury instruction conferences during defendant's first trial in this matter.  Specifically, the parties started with the following documents: (1) the Government's Second Revised Jury Instructions–End of Trial (Dkt. No 990), as amended by Dkt. No. 992-1 (Exhibit A: Revised Jury Instruction Nos. 20, 21 & 23); (2) the Government's First Revised Proposed Jury Instructions—During Trial (Dkt. No. 977); and (3) the Government's First Revised Verdict Form (Dkt. No 988), as amended by Dkt. No. 992-3 (Exhibit C: Revised Question Two, Verdict Form).

The parties made limited substantive changes, which are described below and also reflected in the redline exhibits attached hereto (Exhibits A (Jury Instructions—End of Trial Redline), B (Jury Instructions—During Trial Redline) & C (Verdict Form Redline)).  With respect to the redline exhibits, the parties included the complete jury instruction tables and the full instructions only for any instruction with revisions.  Instructions for which there were no revisions are not included in the redline exhibits.  The redline exhibits contain all revisions, including non-substantive edits such as correcting citations, spacing, and typographical errors and harmonizing punctuation among the instructions.  Given the minimal nature of the non-substantive revisions, the parties do not provide

2

any specific briefing below as to those edits, but if the Court so requests it, the parties will provide additional explanation.

During the meet-and-confer process, the defense noted, consistent with Percoco, its position that the "official act" requirement on defendant's direct liability counts could not be satisfied by acts defendant took after he left City employment. The government agreed and pointed out that the instructions required the jury to find that defendant either "owed a fiduciary duty to the City of Los Angeles or its citizens" (honest services counts) or "was an agent of a local government" (federal program bribery count) and defined official act to include "using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official."

//
//

3

This Joint Statement is based upon the attached Memorandum of Points and Authorities, Exhibits A-C attached hereto, the files and records in this case, and any other such argument as the Court may permit.  The parties respectfully reserve the right to supplement this memorandum and the proposed jury instructions and verdict form as needed.

Dated: March 4, 2024                Respectfully submitted,

                                            E. MARTIN ESTRADA
                                            United States Attorney

                                            MACK E. JENKINS
                                            Assistant United States Attorney
                                            Chief, Criminal Division

                                            */s/ Cassie D. Palmer*
                                            CASSIE D. PALMER
                                            SUSAN S. HAR
                                            BRIAN R. FAERSTEIN
                                            Assistant United States Attorneys

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

Dated: March 4, 2024                Respectfully submitted,


                                            */s/ with email authorization*
                                            MICHAEL G. FREEDMAN
                                            JOHN HANUSZ

                                            Attorneys for Defendant
                                            RAYMOND SHE WAH CHAN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Specific Substantive Changes to Jury Instructions—End of Trial**

   **A.   Changes to Proposed Instruction No. 17 (Government's Use of Undercover Informants and Agents)**

The parties propose including additional language from Ninth Circuit Model Instruction No. 3.10 that the jury "heard testimony from an informant who was involved in the government's investigation in this case" and that "[i]nformants may assume the roles of members in criminal organizations."  This model language is appropriate because the jury will hear from an informant (Businessperson A) who undertook certain acts on behalf of the FBI, including those consistent with being a member of the RICO Enterprise.

   **B.   Changes to Proposed Instruction No. 30 (Corporate Liability)**

Per defendant's suggestion, the parties added a preamble to this instruction that explains how the jury should apply it, that is, to the counts in which the government alleges defendant aided and abetted Shen Zhen or Hazens.  In addition, the parties propose adding language from Ninth Circuit Model Instruction No. 6.16, which instructs jurors that corporations are considered persons under the law and accordingly are entitled to the same fair and conscientious consideration as any other person.  Finally, to avoid confusion since no corporate entity will be on trial in defendant's trial, the parties have replaced "guilty" and "not guilty" with "liable of a criminal offense" and "criminally liable."

   **C.   Changes to Proposed Instruction Nos. 31 & 32 (Bribery Concerning Programs Receiving Federal Funds)**

With respect to the definition of official act, the honest services wire fraud jury instructions use the following language:

"The official's decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official." See Proposed Instruction (End of Trial) No. 27 (Deprivation of Intangible Right of Honest Services Through Wire Fraud (Receipt of Financial Benefits Theory)).

With respect to the federal program bribery counts, the government has voluntarily incorporated official-acts language into those counts. The parties sought to harmonize this language throughout the instructions, consistent with McDonnell, including with respect to the government's allegations that defendant and Huizar's acts included exerting pressure on, or advising other City officials to take an official act to benefit certain redevelopment projects. Accordingly, the parties have revised the language relating to Jose Huizar's acts of pressuring/advising in Instruction No. 32. The parties also revised the language in Instruction No. 31 to include the requirement that the pressuring or advising of another official must relate to an official act by that official, consistent with the language adopted elsewhere in the instructions and verdict form. As set forth in Section III(B) infra, the parties propose similar revisions to the verdict form to achieve congruency between the jury instructions and verdict form.

**II. Specific Substantive Changes to Jury Instructions—During Trial**

    **A. Changes to Proposed Instruction No. 3 (Transcript of Recording in English)**

Because the parties have agreed that the synched versions of the English recordings will be played during trial and will go back to

2

the jury (that is, audio files with a scrolling transcript), the parties have removed the following language, which no longer applies: "After the recording is played, the transcript will be removed from the screen."

### B. Changes to Proposed Instruction No. 4 (Transcript of Recording in Foreign Language)

Because the parties will not play any foreign language recordings and instead have agreed to read the English translation into the record, the jury will not actually hear any foreign language recordings during trial.  As such, the parties have modified this instruction to advise the jury that the translated transcripts are evidence and removed the portion of the instruction that advises the jury to ignore the foreign language spoke in the recording.

### C. Changes to Proposed Instruction No. 5 (Transcript of Recording in Foreign Language) (modified for documents)

The parties do not anticipate any documents being displayed in the Korean language and accordingly have revised this instruction to apply to documents containing the Chinese language only.

### D. Changes to Proposed Instruction No. 9 (Opinion Evidence, Expert Witness)

The parties do not anticipate that any expert testimony will be elicited at trial.  In the prior trial, the government gave protective expert notice for the interstate wire witnesses, although the government believed they would give lay, not expert, testimony. The parties have entered into a stipulation that obviates the need to call the wire witnesses.  As such, the parties have removed this instruction and designated Instruction No. 9 as "intentionally omitted."

3

**III. Specific Substantive Changes to the Verdict Form**

    **A.**    <u>**Global Changes to Options of "Guilty" or "Not Guilty" and "Yes" or "No"**</u>

At defendant's request, the verdict form has been revised for each count to display the option of "NOT GUILTY" before the option of "GUILTY," and for the special findings, the option of "NO" before the option of "YES."

    **B.**    <u>**Global Changes to Harmonize Official Acts with Jury Instructions re: Advising**</u>

As noted above, the parties have harmonized the instructions with respect to defendant and Huizar to explicitly include the pressuring/advising official-act definition for both (instead of for defendant only). The parties incorporated this change into the questions that ask the jury to make official-act findings on the verdict form as well. Specifically, this revision applies to Questions Four, Seven, Nine, Fifteen, and Seventeen of the verdict form, which relate to Huizar's acts. In addition, the language from the jury instructions that taking the official act must be "to benefit the redevelopment" is applied consistently throughout the verdict form, which is specifically applicable to Questions Eleven and Thirteen, which relate to defendant.

4