Exhibit A:
Jury Instructions—End of Trial
(Redline)

1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS (Cal. Bar No. 242101)
   Assistant United States Attorney
3  Chief, Criminal Division
   CASSIE D. PALMER (Cal. Bar No. 268383)
4  SUSAN S. HAR (Cal. Bar No. 301924)
   BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
5  Assistant United States Attorneys
   Public Corruption & Civil Rights Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-~~2091/~~0363/3289/3819
8       Facsimile: (213) 894-6436
        E-mail:  ~~Mack.Jenkins@usdoj.gov~~
9                Cassie.Palmer@usdoj.gov
                 Susan.Har@usdoj.gov
10               Brian.Faerstein@usdoj.gov

11 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

12                  UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        No. CR 2:20-326(A)-JFW-2

15          Plaintiff,              ~~GOVERNMENT'S SECOND REVISED~~JOINT
                                    PROPOSED JURY INSTRUCTIONS – END
16          v.                      OF TRIAL

17 RAYMOND SHE WAH CHAN,            Trial Date: ~~February 21, 2023~~March
     aka "She Wah Kwong,"                        12, 2024
18                                  Trial Time: 8:30 A.M.
                                    Location:   Courtroom of the Hon.
19          Defendant.                           John F. Walter

20

21

22      Plaintiff United States of America, by and through its counsel

23 of record, the United States Attorney for the Central District of

24 California and Assistant United States Attorneys ~~Mack E. Jenkins,~~

25 Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and

26 defendant Raymond She Wah Chan, by and through his counsel of

27 record, Michael G. Freedman and John Hanusz, hereby submit the

28
                                1

1  ~~Government's Second Revised~~ Joint Proposed Jury Instructions~~.~~ End of

2  Trial.  The ~~government~~ parties respectfully ~~reserves~~ reserve the right

3  to supplement these jury instructions as needed.

4       Unless otherwise noted, the ~~government has~~ parties have used the

5  most recent version (~~as of March~~ 2022 ed., updated Aug. 2023) of the

6  Jury Instructions found on the Ninth Circuit's website at:

7  https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

8

9  Dated: March 4, 2024              Respectfully submitted,

10                                   E. MARTIN ESTRADA
                                     United States Attorney

11

12                                   MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division

13

14                                   __/s/ Cassie D. Palmer__
                                     CASSIE D. PALMER

15                                   ~~MACK E. JENKINS~~

16                                   SUSAN S. HAR
                                     BRIAN R. FAERSTEIN
                                     Assistant United States Attorneys

17

18                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

19

20

21  Dated: March 4, 2024             __/s/ per email authorization__
                                     JOHN HANUSZ

22                                   MICHAEL G. FREEDMAN
                                     Attorneys for Defendant

23                                   RAYMOND SHE WAH CHAN

24

25

26

27

28
                                        2

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS –**

**END OF TRIAL**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| **Instructions at the End of Trial** | | | | |
| 1 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 1 |
| 2 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) (modified) | 2 |
| 3 | | Defendant's Decision Not to Testify / to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3, 6.4 (2022 ed.) | 3 |
| 4 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 4 |
| 5 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) (modified) | 5 |
| 6 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) (modified) | 6 |
| 7 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) (modified) | 7 |

i

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 8 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 8 |
| 9 | | Separate Consideration of Multiple Counts – Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.) | 10 |
| 10 | | Evidence for a Limited Purpose – Ethics and Campaign Finance Ordinances | Ninth Circuit Model Criminal Jury Instructions, No. 6.17 (2022 ed.) (modified) | 11 |
| 11 | | Foreign Language Testimony [If Applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 6.17 (2022 ed.) (modified) | 12 |
| 12 | | On or About – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) (modified) | 13 |
| 13 | | Approximate Amounts – Explained | O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 13.06 (6th ed.) (modified) | 14 |
| 14 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 15 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 15 | | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea – George Chiang, George Esparza, Morris Goldman | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.) (modified) | 16 |
| 16 | | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea – Shawn Kuk [If Applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.) (modified) | 17 |
| 17 | | Government's Use of Undercover Agents and Informants | Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2022 ed.) (modified) | 18 |
| 18 | | Charts and Summaries Not Admitted Into Evidence [If Applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) | 19 |
| 19 | | Charts and Summaries Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) | 20 |

| 20 | | Racketeer Influenced and Corrupt Organizations Conspiracy | 18 U.S.C. §§ 1961(1), 1961(4), 1961(5); 18 U.S.C. § 1962(d); Ninth Circuit Model Criminal Jury Instruction Nos. 18.9, 18.10, 18.11, 18.18; Third Circuit Model Criminal Jury Instruction No. 6.18.1962D (2021); Seventh Circuit Model Crim. Jury Instr. 1962(c) and (d) (modified); Eighth Circuit Model Criminal Jury Instruction No. 6.18.1962B (modified); _United States v. Young_, 720 F. App'x 846 (9th Cir. Dec. 27, 2017) (unpublished); _United States v. Atcheson_, 94 F.3d 1237 (9th Cir. 1996); _Salinas v. United States_, 522 U.S. 52 (1997); _United States v. Fernandez_, 388 F.3d 1199 (9th Cir. 2004); _United States v. Martinez_, 657 F.3d 811 (9th Cir. 2011); _United States v. Shryock_, 342 F.3d 948 (9th Cir. 2004); _United States v. Applins_, 637 F.3d 59, 74-75 (2nd Cir. 2011); _United States v. Rodriguez_, 971 F.3d 1005 (9th Cir. 2020); _United States v. Baker_, 63 F.3d 1478, 1491 (9th Cir. 1995); _Reves v. Ernst & Young_, 507 U.S. 170, 179, 184 (1993) | 21 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 21 | | RICO Acts – Bribery Under California Law [Cal. Penal Code §§ 67.5, 165] | Cal. Penal Code §§ 67.5, 85, 165; Cal. Crim. Jur. §§ 2601-2603 (2022); People v. Diedrich, 31 Cal.3d 263 (Cal. 1982) | 29 |
| 22 | | RICO Acts – Extortion or Attempted Extortion by Nonviolent Threat [18 U.S.C. § 1951] | Ninth Circuit Model Criminal Jury Instruction No. 9.6 (modified) | 32 |
| 23 | | RICO Acts – Interstate or Foreign Travel in Aid of Racketeering Enterprise [18 U.S.C. § 1952] | Ninth Circuit Model Criminal Jury Instruction No. 18.1 (modified) | 33 |
| 24 | | RICO Acts – Money Laundering [18 U.S.C. § 1956] | Ninth Circuit Model Criminal Jury Instruction No. 18.4 (modified) | ~~34~~35 |
| 25 | | RICO Acts – Obstruction of Justice – Witness Tampering [18 U.S.C. § 1512] | Third Circuit Model Jury Instructions, Nos. 6.18.1512B & B-1 (2022 ed.) (modified) | ~~36~~37 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 26 | | Conspiracy – General Principles and Proof | See supra RICO instructions; Ninth Circuit Model Criminal Jury Instruction No. 11.1 (modified); United States v. Ortega, 203 F.3d 675 (9th Cir. 2000); United States v. Kiriki, 756 F.2d 1449 (9th Cir. 1985); Davenport v. United States, 260 F.2d 591, (9th Cir. 1958); United States v. Giese, 597 F.2d 1170 (9th Cir. 1979); United States v. Baker, 63 F.3d 1478, 1491 (9th Cir. 1995) | 3839 |
| 27 | | Honest Services Wire Fraud – Elements (Receipt of Financial Benefits Theory) | Ninth Circuit Model Criminal Jury Instructions, No. 15.34 (2022 ed.) (modified); Ninth Circuit Model Criminal Jury Instructions, No. 15.35 (2022 ed.) (2022 ed.) (modified); Ninth Circuit Model Criminal Jury Instructions, No. 10.1 (2022 ed.) (modified); 18 U.S.C. § 666(a)(1) & d; United States v. Carpenter, 961 F.2d 824 (9th Cir. 1992); Seventh Circuit Model Criminal Jury Instructions, 18 U.S.C. §§ 1341, 1343 & 1346 (2020 ed.) | 4041 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 28 | | Honest Services Wire Fraud – Elements (Aiding and Abetting Theory) | See supra Proposed Instruction No. 27; Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed); Ninth Circuit Model Criminal Jury Instructions, No. 9.7 (2022 ed.) (modified); McCormick v. United States, 500 U.S. 257 (1991); United States v. Kincaid-Chauncey, 556 F.3d 923 (9th Cir. 2009); Evans v. United States, 504 U.S. 255 (1992); 18 U.S.C. § 666(a)(1) & (d)(1); United States v. Carpenter, 961 F.2d 824 (9th Cir. 1992); United States v. Stargell, 738 F.3d 1018 (9th Cir. 2013) | ~~44~~45 |
| 29 | | Scheme to Defraud -- Vicarious Liability | Ninth Circuit Model Criminal Jury Instructions, No. 15.33 (2022 ed.) | ~~51~~52 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 30 | | Corporate Liability | Eighth Circuit Model Criminal Jury Instructions, No. 5.03 (2021 ed.) (modified); Seventh Circuit Model Criminal Jury Instructions, No. 7.06 (2018 ed.) (modified); United States v. Hilton Hotels Corp., 467 F.2d 1000 (9th Cir. 1973); United States v. Basic Const. Co., 711 F.2d 570 (4th Cir. 1983); United States v. Mongol Nation, 370 F. Supp. 3d 1090 (C.D. Cal. 2019); United States v. Shortt Accountancy Corp., 785 F.2d 1448 (9th Cir. 1986) | ~~52~~53 |
| 31 | | Bribery Concerning Programs Receiving Federal Funds – Allegations (Receipt of Financial Benefits Theory) | 18 U.S.C. §§ 666(a)(2), (b), (d); Ninth Circuit Model Criminal Jury Instructions, No. 10.2 (2022 ed.); Sabri v. United States, 541 U.S. 600 (2004); Salinas v. United States, 522 U.S. 52, (1997); United States v. Roberson, 998 F.3d 1237 (11th Cir. 2021); United States v. Ng Lap Seng, 934 F.3d 110 (2d Cir. 2019); United States v. Porter, 886 F.3d 562 (6th Cir. 2018); United States v. Garrido, 713 F.3d 985 (9th Cir. 2013) | ~~54~~55 |

viii

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 32 | | Bribery Concerning Programs Receiving Federal Funds – Allegations (Aiding and Abetting) | 18 U.S.C. §§ 666(a)(2), (b), (d), 2(a); Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed); Ninth Circuit Model Criminal Jury Instructions, No. 9.7 (2022 ed.) (modified); McCormick v. United States, 500 U.S. 257 (1991); United States v. Kincaid-Chauncey, 556 F.3d 923 (9th Cir. 2009); Evans v. United States, 504 U.S. 255 (1992); 18 U.S.C. § 666(a)(1) & (d)(1); United States v. Carpenter, 961 F.2d 824 (9th Cir. 1992); see supra Instruction No. 31 re: Bribery Concerning Programs Receiving Federal Funds | 57~~57~~58 |
| 33 | | Dual Motive | O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 27:11 (6th ed.) (modified); United States v. Quintanilla, Case No. 19-cr-522 (S.D. Tex.) | ~~63~~64 |
| 34 | | Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (Pinkerton Charge) | Ninth Circuit Model Criminal Jury Instructions, No. 11.6 (2022 ed.) | ~~64~~65 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 35 | | Aiding and Abetting – Causing an Act to Be Done | Ninth Circuit Model Jury Instructions, No. 4.2 (2022 ed.) | ~~66~~67 |
| 36 | | False Statement to Government Agency | Ninth Circuit Model Jury Instructions, No. 24.10 (2022 ed.) (modified); United States v. Serv. Deli Inc., 151 F.3d 938 (9th Cir. 1998); United States v. Beaver, 515 F.3d 730 (7th Cir. 2008); United States v. Salas-Camacho, 859 F.2d 788 (9th Cir. 1988); United States v. Stewart, 433 F.3d 273 (2d Cir. 2006) ; United States v. Sebaggala, 256 F.3d 59 (1st Cir. 2001); United States v. Johnston, 617 Fed. App'x 706 (9th Cir. 2015) | ~~67~~68 |
| 37 | | Knowingly | Ninth Circuit Model Jury Instructions, No. 4.8 (2022 ed.) | ~~69~~70 |
| 38 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | ~~70~~71 |
| 39 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | ~~72~~73 |

x

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 40 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | ~~74~~75 |
| 41 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | ~~75~~76 |
| 42 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | ~~76~~77 7 |
| 43 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | ~~77~~78 |

PROPOSED INSTRUCTION NO. 17 RE:

GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony about the government's investigation in this case. and from an informant who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants, surreptitious recordings, wiretaps, bugs, and ruses, and informants, in order to investigate criminal activities.  Informants may assume the roles of members in criminal organizations.

Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2022 ed.)

[Government's Use of Undercover Agents and Informants] (modified)

PROPOSED INSTRUCTION NO. 20 RE:

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ("RICO")

CONSPIRACY

The defendant is charged in Count One of the indictment with conspiracy to conduct and participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity in violation of Title 18, United States Code, Section 1962(d).  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons that:

(a) an enterprise, namely, the Council District-14 ("CD-14") Enterprise, would exist, as alleged in the indictment; and

(b) a member or members of the CD-14 Enterprise would conduct or participate in the affairs of the CD-14 Enterprise, directly or indirectly, through a pattern of racketeering activity;

Second, defendant joined the agreement knowing of its purpose and personally agreeing and intending to help further or facilitate it;

Third, the CD-14 Enterprise would engage in, or its activities would affect, interstate or foreign commerce; and

Fourth, defendant agreed that one or more members of the conspiracy, not necessarily the defendant, would commit at least two racketeering acts in furtherance of the conspiracy.

Definition of "Enterprise"

An "enterprise" is a group of people associated together for a common purpose of engaging in a course of conduct over a period of time.  This group of people, in addition to having a common purpose, would have an ongoing organization, either formal or informal.  In

23

1    summary, an enterprise must include the following elements: (1) a

2    group of people associated for a common purpose of engaging in a

3    course of conduct and (2) the association of these people was an

4    ongoing formal or informal organization.

5        The members of the enterprise, however, may change and need not

6    be associated with the enterprise for the entire period alleged in

7    the indictment.  This group of people does not have to be a legally

8    recognized entity, such as a partnership or corporation.  This group

9    may be organized for a legitimate and lawful purpose, or it may be

10   organized for an unlawful purpose.  The name of the organization

11   itself is not an element of the offense and does not have to be

12   proved.  The government is not required to prove that the CD-14

13   Enterprise actually existed.

14   Definition of "Conduct or Participate in the Affairs of the CD-14

15   Enterprise"

16       A person "conducts" the affairs of an enterprise if that

17   person, directly or indirectly, operates, manages, or directs the

18   affairs of an enterprise.  A person "participates" in the conduct of

19   the affairs of an enterprise if that person, directly or indirectly,

20   performs acts, functions, or duties that are involved or relate in

21   some way in the operation or management of the enterprise.

22   Definition of "Pattern of Racketeering Activity"

23       A "pattern of racketeering activity" is established by the

24   following: (1) at least two acts of racketeering were committed

25   within a period of ten years of each other; (2) the acts of

26   racketeering were related to each other, meaning there was a

27   relationship between or among the acts of racketeering; and (3) the

28   acts of racketeering amounted to or posed a threat of continued

24

criminal activity.  With respected to (2), acts of racketeering are related if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.  Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.  Two racketeering acts may be sufficient, but are not necessarily sufficient, to establish a pattern of racketeering activity.  The racketeering acts may be the same type of crime, so long as they are distinct acts.

The term "racketeering activity" as used in these instructions refers to certain crimes chargeable under provisions of federal and state law that are listed in the RICO Act.  The government has alleged that a member or members of the CD-14 Enterprise would engage in the following six types of racketeering activity:

1.   Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346;

2.   Bribery in violation of California Law, including:

(a)  Giving or Offering a Bribe to a Ministerial Officer, Employee, or Appointee of the City of Los Angeles (or to someone acting on his behalf), in violation of California Penal Code § 67.5;  and

(b)  Giving or Offering a Bribe to a Councilmember of the City of Los Angeles, or Receiving or Agreeing to Receive a Bribe by a Councilmember of the City of Los Angeles (or someone acting on his behalf), in violation of California Penal Code § 165;

3.   Extortion, in violation of 18 U.S.C. § 1951;

4.   Interstate or Foreign Travel in Aid of Racketeering

25

Enterprise, in violation of 18 U.S.C. § 1952;

5.   Money Laundering, in violation of 18 U.S.C. § 1956; and

6.   Obstruction of Justice and Witness Tampering, in violation of 18 U.S.C. § 1512.

With respect to honest services wire fraud, the government alleges that defendant committed, and aided and abetted others in committing, honest services wire fraud, as charged in Counts Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the indictment.  The elements for these counts appear in later instructions.  If you find the defendant guilty of at least two honest services wire fraud counts, you then must decide whether those counts formed a pattern of racketeering activity for purposes of Count One.

You must find that defendant agreed that one or more members of the conspiracy, not necessarily the defendant, would commit at least two racketeering acts in furtherance of the conspiracy.  You must all agree beyond a reasonable doubt as to which type or types of racketeering activity you find that the defendant agreed would be committed by one or more members of the conspiracy, for example, at least two acts of Honest Services Wire Fraud, or Bribery under California Law, or Extortion, or Interstate or Foreign Travel in Aid of Racketeering Enterprise, or Money Laundering, or Obstruction of Justice – Witness Tampering, or one of each, or any combination thereof.  You may consider the evidence presented of racketeering acts committed or agreed to be committed by any co-conspirator in furtherance of the enterprise's affairs to determine whether the

1  defendant agreed that at least one member of the conspiracy would

2  commit two or more racketeering acts.

3      The government is not required to prove that defendant

4  personally committed or agreed to personally commit any act or acts

5  of racketeering activity.  Indeed, it is not necessary for you to

6  find that the purpose of the conspiracy was achieved or that any

7  racketeering acts were committed at all.  However, the evidence must

8  establish that the defendant agreed to facilitate or further a

9  scheme which, if completed, would include a pattern of racketeering

10 activity committed by at least one other conspirator.

11 <u>Definition of "Interstate or Foreign Commerce"</u>

12      The government must prove that the CD-14 Enterprise would

13 engage in, or its activities would affect, interstate or foreign

14 commerce.  Interstate commerce includes the movement of goods,

15 services, money, and individuals between states.  Foreign commerce

16 includes the movement of goods, services, money, and individuals

17 from one country to another.  These goods and services can be legal

18 or illegal.  Only a minimal effect on commerce is required and the

19 effect need only be probable or potential, not actual.  It is not

20 necessary to prove that the defendant personally engaged in

21 interstate or foreign commerce or that defendant's own acts affected

22 interstate or foreign commerce as long as the enterprise's acts

23 would have had such effect.

24      This requirement is met if the enterprise or its activities

25 would engage in or would involve: (1) use of interstate

26 communication devices (<u>e.g.</u>, telephones, the Internet);

27 (2) interstate or foreign transmission of money; or (3) interstate

28 or foreign travel by members of the enterprise in furtherance of the

27

1   activities or interests of the enterprise.  The government is not

2   required to prove that the enterprise actually engaged in, or its

3   activities actually affected, interstate or foreign commerce.

4   Rather, the government need only prove that defendant joined the

5   conspiracy and that if the purpose of the conspiracy was achieved,

6   the enterprise would be engaged in, or its activities would affect,

7   interstate or foreign commerce.

8   <u>Defendant's Agreement Regarding Racketeering Acts</u>

9        The government must prove that defendant agreed that one or

10  more members of the conspiracy, not necessarily the defendant, would

11  commit at least two racketeering acts in furtherance of the

12  conspiracy.

13       The government is not required to prove that defendant was

14  actually associated with the CD-14 Enterprise, or that defendant

15  agreed to be associated with the CD-14 Enterprise.  The defendant

16  need not have personally participated in the operation or management

17  of the CD-14 Enterprise or have agreed to personally participate in

18  the operation or management of the CD-14 Enterprise.

19

20

21  18 U.S.C. §§ 1961(1), 1961(4), 1961(5) (defining enterprise, pattern

22  of racketeering activity); 18 U.S.C. § 1962(d); Ninth Circuit Model

23  Criminal Jury Instruction Nos. 18.9 [Racketeering Enterprise—

24  Enterprise Affecting Interstate Commerce—Defined (18 U.S.C.

25  § 1959)], 18.10 [Racketeering Activity—Defined (18 U.S.C. § 1959)],

26  18.11 [Racketeering Enterprise—Proof of Purpose (18 U.S.C. § 1959)],

27  18.14 [RICO—Pattern of Racketeering Activity (18 U.S.C. § 1961(5))],

28  18.18 [RICO—Conducting Affairs of Association-in-Fact (18 U.S.C. §

1962(c))]; Third Circuit Model Criminal Jury Instruction No.

6.18.1962D (2021); United States v. Applins, 637 F.3d 59, 60 (2d

Cir. 2011) (for RICO conspiracy, jury must unanimously agree as to

which type of predicate acts the defendants agreed to commit and not

the specific predicate acts themselves); O'Malley, et al., Fed. Jury

Prac. & Instr. § 56:11 (6th ed.) [RICO Conspiracy – Essential

Elements of the Offense Charged]; Seventh Cir. Model Crim. Jury

Instr. 1962(c) and (d) [RICO Conspiracy —— Conducting Affairs of

Enterprise] (modified); Eighth Circuit Model Criminal Jury

Instruction No. 6.18.1962B [RICO—CONSPIRACY - 18 U.S.C. § 1962(D)]

(modified); see also United States v. Young, 720 F. App'x 846, 850

(9th Cir. Dec. 27, 2017) (unpublished); United States v. Atcheson,

94 F.3d 1237, 1242-44 (9th Cir. 1996) ("the jurisdictional

requirement is satisfied 'by proof of a probable or potential

impact'"); Salinas v. United States, 522 U.S. 52, 63 (1997) (Section

1962(d) does not require proof of an overt act, or commission of the

substantive RICO offense, or that a defendant agreed to personally

commit at least two acts of racketeering); United States v.

Fernandez, 388 F.3d 1199, 1228-30 (9th Cir. 2004) (conspiracy

offense under § 1962(d) is different from a substantive offense

under § 1962(c), and thus does not require proof of the "conducting"

element of a § 1962(c) offense; requiring activities of racketeering

enterprise to have only "de minimis" effect on interstate commerce);

United States v. Martinez, 657 F.3d 811, 816 (9th Cir. 2011)

(holding that § 1962(d) did not require proof that a given defendant

"managed or participated in the operations of [the enterprise]");

United States v. Shryock, 342 F. 3d 948, 984 (9th Cir. 2004)

(jurisdictional element met by use of interstate communication

1    devices or the possession or use of firearms that have traveled in

2    interstate or foreign commerce); <u>United States v. Applins</u>, 637 F.3d

3    59, 74-75 (2nd Cir. 2011) ("We accordingly conclude that <u>Salinas</u>

4    counsels that the establishment of an enterprise is not an element

5    of the RICO conspiracy offense"); <u>United States v. Rodriguez</u>, 971

6    F.3d 1005, 1012 (9th Cir. 2020) (approving RICO conspiracy

7    instruction requiring unanimity as to type or types of racketeering

8    activity); <u>United States v. Baker</u>, 63 F.3d 1478, 1491 (9th Cir.

9    1995) (conviction for RICO conspiracy does not require proof that

10   defendants were aware that actions were illegal).  <u>Cf.</u> <u>Reves v.</u>

11   <u>Ernst & Young</u>, 507 U.S. 170, 179, 184 (1993).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 30 RE:

CORPORATE LIABILITY

The government alleges that defendant aided and abetted corporate entities with respect to at least one element of honest services wire fraud and bribery concerning federal programs. Specifically, the government alleges that defendant aided and abetted (1) Shen Zhen with respect to (a) Counts Two, Three, and Four (honest services wire fraud) and (b) Count Twenty-Two (bribery concerning federal programs); and (2) Hazens with respect to (a) Counts Fourteen and Fifteen (honest services wire fraud) and (b) Count Twenty-Seven (bribery concerning federal programs).

Corporate entities, like individuals, may be found ~~guilty or not guilty~~ liable of a criminal offense.  Under the law a corporation is considered a person and all persons are equal before the law.  A corporation is entitled to the same fair and conscientious consideration by you as any other person.

A corporate entity can act only through its agents, that is, its members, managers, directors, officers, employees, and other persons authorized to act for it or with authority to direct others to act for it.  The knowledge obtained by agents of a corporate entity acting within the scope of their employment is imputed to the corporate entity.  Accordingly, if a specific agent knows something within the scope of his or her employment, then the corporate entity can be said to know the same thing.

To find a corporate entity ~~guilty~~ criminally liable, you must find beyond a reasonable doubt that:

First, each element of the crime ~~charged against the corporate entity~~ was committed by one or more of ~~its~~the corporate entity's agents;

Second, in committing those acts the agent(s) intended, at least in part, to benefit the corporate entity; and

Third, each act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment, it must relate directly to the performance of the agent's general duties for the corporate entity.  It is not necessary for the act itself to have been authorized by the corporate entity.

If an agent was acting within the scope of his or her employment, the fact that an agent's act was illegal, contrary to his or her employer's instructions, or against the corporate entity's policies will not relieve the corporate entity of criminal responsibility for it.

1

2

3

4

5

6  Eighth Circuit Model Criminal Jury Instructions, No. 5.03 (2021 ed.)

7  [Corporate Responsibility] (modified); Seventh Circuit Model

8  Criminal Jury Instructions, No. 7.06 (2018 ed.) [Corporate Criminal

9  Responsibility] (modified); Ninth Circuit Model Criminal Jury

10 Instructions, No. 6.16 (2022 ed.) [Corporate Defendant];  United

11 States v. Hilton Hotels Corp., 467 F.2d 1000, 1004-07 (9th Cir.

12 1973); United States v. Basic Const. Co., 711 F.2d 570, 572 (4th

13 Cir. 1983); United States v. Mongol Nation, 370 F. Supp. 3d 1090,

14 1128-29 (C.D. Cal. 2019); United States v. Shortt Accountancy Corp.,

15 785 F.2d 1448 (9th Cir. 1986).

16

17                     PROPOSED INSTRUCTION NO. 31 RE:

18            BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

19                   (RECEIPT OF FINANCIAL BENEFITS THEORY)

20      The defendant is charged in Count Twenty-Eight of the

21 indictment with bribery concerning programs receiving federal funds,

22 in violation of Title 18, United States Code, Section 666(a)(2).

23      In order to prove that charge, the government must prove each

24 of the following elements beyond a reasonable doubt:

25      First, the defendant was an agent of a local government,

26 specifically, the City of Los Angeles;

27      Second, the defendant solicited, demanded, accepted, or agreed

28 to accept a thing of value; namely, approximately $69,939 in check

1  payments to LABXG, Inc. and $15,000 in check payments to Jeremy

2  Chan;

3      Third, the defendant acted corruptly, that is, with an intent

4  to be influenced or rewarded in connection with any business,

5  transaction, or series of transactions of the City involving

6  anything of value of $5,000 or more; specifically, the government

7  must prove that the defendant intended to be influenced or rewarded

8  in connection with the redevelopment of the Luxe Hotel, including in

9  ~~pressuring~~ exerting pressure on or advising officials from City

10  Council, the City of Los Angeles Planning Commission, Planning

11  Department, or other ~~City~~ departments~~, or City Council~~ to ~~expedite~~

12  ~~and vote~~take an official act to ~~approve~~benefit the redevelopment of

13  the Luxe Hotel ~~Project on favorable terms~~; and

14      Fourth, the City received benefits in excess of $10,000 under a

15  Federal program involving a grant, contract, subsidy, loan,

16  guarantee, insurance, or other form of Federal assistance in any

17  one-year period.

18      The term "agent" means a person authorized to act on behalf of

19  a local government, including an employee, officer, manager, or

20  representative.

21      The term "local" means of, or pertaining to, a political

22  subdivision within a State of the United States.

23      The phrase "in any one-year period" means a continuous period

24  that commences no earlier than 12 months before the commission of

25  the offense or that ends no later than 12 months after the

26  commission of the offense.  Such period may include time both before

27  and after the commission of the offense.

28      The government does not need to prove that any of the Federal

benefits in excess of $10,000 received by the City of Los Angeles were misappropriated or otherwise connected to the commission of the offense.

18 U.S.C. §§ 666(a)(2), (b), (d); Ninth Circuit Model Criminal Jury Instructions, No. 10.2 (2022 ed.) [Bribery of Federal Public Official (18 U.S.C. § 201(b)(2))] (defining "corruptly"); Sabri v. United States, 541 U.S. 600, 604-05 (2004) (no connection between the federal funds and criminal activity required); Salinas v. United States, 522 U.S. 52, 56-57 (1997) (same); United States v. Roberson, 998 F.3d 1237, 1247 (11th Cir. 2021), cert. denied, 142 S. Ct. 1109 (2022) (holding that section 666 bribery does not require the government to prove an "official act"); id. ("The only Circuit Courts of Appeals to directly consider the issue [of whether section 666 requires an 'official act'] in published cases post-McDonnell, the Second and Sixth, have not imported an 'official act' requirement into section 666.  In considering the purpose of section 666 to protect the integrity of entities receiving substantial sums of federal funds and the statute's expansive, unqualified language, the court has repeatedly rejected statutory constructions aimed at narrowing section 666's scope.  Consistent with the views of our sister Circuits, we hold that McDonnell does not disturb this court's holding in McNair and we do not read into section 666 limitations unsupported by the language of the statute.") (internal quotations and citations omitted); United States v. Ng Lap Seng, 934

59

F.3d 110, 134 (2d Cir. 2019) (McDonnell's "official act" standard does not pertain to section 666 bribery, only to section 201 bribery); United States v. Porter, 886 F.3d 562, 565-66 (6th Cir. 2018) (same); United States v. Garrido, 713 F.3d 985, 996-97 (9th Cir. 2013) (no quid pro quo of benefits in exchange for an official act required for section 666 bribery).

1    PROPOSED INSTRUCTION NO. 32 RE:

2    BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

3    (AIDING AND ABETTING)

4    The defendant is charged in Counts Twenty-Two and Twenty-Seven

5    of the indictment with aiding and abetting bribery concerning

6    programs receiving federal funds, in violation of Title 18, United

7    States Code, Sections 666(b)(1)(B), 2(a).

8    A defendant may be found guilty of bribery concerning programs

9    receiving federal funds, even if the defendant personally did not

10   commit the act or acts constituting the crime but aided and abetted

11   in its commission.  To "aid and abet" means intentionally to help

12   someone else commit a crime.

13   To prove a defendant guilty of bribery concerning programs

14   receiving federal funds by aiding and abetting, the government must

15   prove each of the following beyond a reasonable doubt:

16   First, someone else committed bribery concerning programs

17   receiving federal funds;

18   Second, the defendant aided, counseled, commanded, induced, or

19   procured that person with respect to at least one element of bribery

20   concerning programs receiving federal funds;

21   Third, the defendant acted with the intent to facilitate

22   bribery concerning programs receiving federal funds; and

23   Fourth, the defendant acted before the crime was completed.

24   In Instruction No. 28, I have explained the law of aiding and

25   abetting.

26   Someone Else Committed Bribery Concerning Programs Receiving Federal

27   Funds – First Element

28   The government alleges that defendant aided and abetted José

61

Huizar, Shen Zhen, and Hazens to commit bribery concerning programs receiving federal funds.  The government is not required to prove precisely which individual or entity actually committed the crime.

***Jose Huizar Bribery by Shen Zhen and/or Hazens***

To demonstrate that José Huizar committed bribery concerning programs receiving federal funds, the government must prove the following:

First, José Huizar was an agent of a local government -- specifically, the City of Los Angeles;

Second, José Huizar solicited, demanded, accepted, or agreed to accept a thing of value; namely, (a) with respect to Count Twenty-Two, casino gambling chips, accommodations, or travel expenses, or approximately $575,000 in collateral applied to Huizar's personal loan from East West Bank; and (b) with respect to Count Twenty-Seven, a $100,000 campaign contribution commitment to benefit Richelle Rios' campaign for the CD-14 seat;

Third, José Huizar acted corruptly, that is, with an intent to be influenced or rewarded in connection with any business, transaction, or series of transactions of the City involving anything of value of $5,000 or more.  With respect to Count Twenty-Two, the government must prove that the José Huizar intended to be influenced and rewarded in connection with the redevelopment of the L.A. Grand Hotel, including in: (1) presenting motions and resolutions in various City committees to benefit the redevelopment of the L.A. Grand Hotel; (2) voting on the redevelopment of the L.A. Grand Hotel in various City committees, including the PLUM Committee, and City Council; (3) taking action in the PLUM Committee to expedite the approval process of the redevelopment of the L.A.

1  Grand Hotel; or (4) exerting pressure on or advising other City

2  officials to ~~influence the approval process of~~take an official act

3  to benefit the redevelopment of the L.A. Grand Hotel.  With respect

4  to Count Twenty-Seven, the government must prove that the José

5  Huizar intended to be influenced or rewarded in connection with the

6  Luxe Hotel Project, including in: (1) voting to approve the Luxe

7  Hotel Project in the PLUM Committee and City Council or (2)

8  presenting a resolution in the PLUM Committee to benefit the Luxe

9  Hotel Project; and

10       Fourth, the City received benefits in excess of $10,000 under a

11  Federal program involving a grant, contract, subsidy, loan,

12  guarantee, insurance, or other form of Federal assistance in any

13  one-year period.

14       In Instruction No. 31, I have explained the crime of bribery

15  concerning programs receiving federal funds and defined the terms

16  "agent," "local," and "in any one-year period."

17  ***Shen Zhen / Hazens Bribery of José Huizar***

18       To demonstrate that Shen Zhen / Hazens committed bribery

19  concerning programs receiving federal funds, the government must

20  prove the following:

21       First, José Huizar was an agent of a local government --

22  specifically, the City of Los Angeles;

23       Second, Shen Zhen / Hazens gave, offered, or agreed to give a

24  thing of value to José Huizar; namely, (a) with respect to Count

25  Twenty-Two, casino gambling chips, accommodations, or travel

26  expenses, or approximately $575,000 in collateral applied to

27  Huizar's personal loan from East West Bank; and (b) with respect to

28  Count Twenty-Seven, a $100,000 campaign contribution commitment to

63

1  benefit Richelle Rios' campaign for the CD-14 seat;

2      Third, Shen Zhen / Hazens acted corruptly, that is, with an
3  intent to influence or reward José Huizar in connection with any
4  business, transaction, or series of transactions of the City
5  involving anything of value of $5,000 or more.  With respect to
6  Count Twenty-Two, the government must prove that Shen Zhen intended
7  to influence or reward José Huizar in connection with the
8  redevelopment of the L.A. Grand Hotel, including in connection with
9  José Huizar: (1) presenting motions and resolutions in various City
10 committees to benefit the redevelopment of the L.A. Grand Hotel; (2)
11 voting on the redevelopment of the L.A. Grand Hotel in various City
12 committees, including the PLUM Committee, and City Council; (3)
13 taking action in the PLUM Committee to expedite the approval process
14 of the redevelopment of the L.A. Grand Hotel; or (4) exerting
15 pressure on or advising other City officials to influence the
16 approval process oftake an official act to benefit the redevelopment
17 of the L.A. Grand Hotel.  With respect to Count Twenty-Seven, the
18 government must prove that Hazens intended to influence or reward
19 José Huizar in connection with the Luxe Hotel Project, including in
20 connection with José Huizar: (1) voting to approve the Luxe Hotel
21 Project in the PLUM Committee and City Council or (2) presenting a
22 resolution in the PLUM Committee to benefit the Luxe Hotel Project;
23 and

24      Fourth, the City received benefits in excess of $10,000 under a
25 Federal program involving a grant, contract, subsidy, loan,
26 guarantee, insurance, or other form of Federal assistance in any
27 one-year period.

28

64

1    Campaign Contributions

2         A public official soliciting, demanding, accepting, or agreeing

3    to accept a campaign contribution does not, in itself, constitute a

4    violation of law even though the donor has business pending before

5    the official.  However, if a public official solicits demands,

6    accepts, or agrees to accept a campaign contribution in exchange for

7    a specific requested exercise of official power, such a demand or

8    acceptance does constitute a violation regardless of whether the

9    payment is made in the form of a campaign contribution.

10        Similarly, an individual giving, offering, or agreeing to give

11   a campaign contribution to a public official does not, in itself,

12   constitute a violation of law even though individual has business

13   pending before the official.  However, if an individual gives,

14   offers, or agrees to give a campaign contribution to a public

15   official in exchange for a specific requested exercise of official

16   power, the giving of, the offering of, or the agreement to give such

17   a contribution does constitute a violation regardless of whether the

18   payment is made in the form of a campaign contribution.

19        The agreement must be clear and unambiguous but need not be

20   verbally expressed.  In addition, the promise need not actually be

21   carried out.  It is sufficient if the promise to act is given in

22   exchange for the campaign contribution.

23

24   18 U.S.C. §§ 666(a)(2), (b), (d), 2(a); Ninth Circuit Model Criminal

25   Jury Instructions, No. 4.1 (2022 ed.) [Aiding and Abetting (18

26   U.S.C. § (2)(a)];  Ninth Circuit Model Criminal Jury Instructions,

27   No. 10.2 (2022 ed.) [Bribery of Federal Public Official (18 U.S.C. §

28   201(b)(2))] (defining "corruptly"); Ninth Circuit Model Criminal

1   Jury Instructions, No. 9.7 (2022 ed.) [Hobbs Act – Extortion Under

2   Color of Official Right] (modified) (citing McCormick v. United

3   States, 500 U.S. 257 (1991); United States v. Kincaid-Chauncey, 556

4   F.3d 923, 936-38 (9th Cir. 2009); Evans v. United States, 504 U.S.

5   255, 267 (1992)); United States v. Carpenter, 961 F.2d 824, 827 (9th

6   Cir. 1992) (holding that McCormick is satisfied so long as the terms

7   of the quid pro quo are "clear and unambiguous," and the

8   understanding "need not be verbally explicit"; the "jury may

9   consider both direct and circumstantial evidence, including the

10  context in which a conversation took place, to determine if there

11  was a meeting of the minds on a quid pro quo"); Sabri v. United

12  States, 541 U.S. 600, 604-05 (2004) (no connection between the

13  federal funds and criminal activity required); Salinas v. United

14  States, 522 U.S. 52, 56-57 (1997) (same); United States v. Roberson,

15  998 F.3d 1237, 1247 (11th Cir. 2021), cert. denied, 142 S. Ct. 1109

16  (2022) (§ 666 does not require the government to prove an "official

17  act"); United States v. Ng Lap Seng, 934 F.3d 110, 134 (2d Cir.

18  2019) (McDonnell's "official act" standard does not pertain to

19  section 666 bribery, only to section 201 bribery); United States v.

20  Porter, 886 F.3d 562, 565-66 (6th Cir. 2018) (same); United States

21  v. Garrido, 713 F.3d 985, 996-97 (9th Cir. 2013) (no quid pro quo of

22  benefits in exchange for an official act required for section 666

23  bribery).

1

2

3

4                    PROPOSED INSTRUCTION NO. 33 RE:

5                              DUAL MOTIVE

6        The fact that an act is motivated, in part, by friendship is no

7   defense.  Actions taken with a dual motive constitute bribery so

8   long as one of the motives is to influence or reward the public

9   official.  It is no legal defense that the official acts were good

10  for the community or were acts that the public official would have

11  or should have taken without the bribe.  On the other hand, if

12  actions were entirely motivated by legitimate reasons, like

13  friendship then they do not constitute bribery.

14

15

16

17

18

19

20

21

22

23

24

25  O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 27:11 (6th

26  ed.) ("It is not a defense to the crime of bribery as charged in

27  Count of the indictment that the [offer] [or] [promise] [demand]

28  [or] [receipt] of anything of value was made [to] [by] the public

official to influence an official act which is actually lawful, desirable, or even beneficial to the public."); ~~—~~United States v. Quintanilla, ~~Case~~ No. 7:19-~~cr-522~~CR-00522, Dkt. No. 389 (S.D. Tex.)

PROPOSED INSTRUCTION NO. 34 RE: CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

(PINKERTON CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Honest Services Wire Fraud as charged in Counts Two, Three, Four, Twelve, Thirteen, Fourteen, and Fifteen of the indictment and/or Bribery Concerning Programs Receiving Federal Funds as charged in Counts Twenty-Two, Twenty-Seven, and Twenty-Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in the count committed the crime of Honest Services Wire Fraud or Bribery Concerning Programs Receiving Federal Funds as alleged in that count;

Second, the person was a member of the RICO conspiracy charged in Count One of the indictment;

Third, the person committed the crime of Honest Services Wire Fraud or Bribery Concerning Programs Receiving Federal Funds in furtherance of the RICO conspiracy;

Fourth, the defendant was a member of the RICO conspiracy at the time the offense charged in the Honest Services Wire Fraud or