E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>RAYMOND SHE WAH CHAN,<br>  aka "She Wah Kwong,"<br><br>         Defendant. | No. CR 20-326(A)-JFW-2<br><br>GOVERNMENT'S OFFER OF PROOF FOR FBI SUPERVISORY SPECIAL AGENT ANDREW CIVETTI REGARDING DISPUTED TRIAL EXHIBITS<br><br>Trial Date: March 12, 2024<br>Trial Time: 8:30 A.M.<br>Location:   Courtroom of the Hon.<br>            John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby submits the government's Offer of Proof for FBI Supervisory Special Agent Andrew Civetti Regarding the Disputed Trial Exhibits, pursuant to the Court's order on March 4, 2024.  (See Dkt. No. 1315.)

This Offer of Proof is based on the accompanying memorandum, the previously filed Joint Statement Regarding Second Revised Pretrial Government Amended Exhibit Stipulation (Dkt. No. 1309), the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 5, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

   /s/
CASSIE D. PALMER
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S OFFER OF PROOF**

**I.   INTRODUCTION**

Pursuant to the Court's order, the government files this Offer of Proof regarding the anticipated testimony of FBI Supervisory Special Agent Andrew Civetti regarding the admissibility of the **21** disputed summary exhibits set forth in the parties' Joint Statement Regarding Second Revised Pretrial Government Amended Exhibit Stipulation (Dkt. No. 1309-2, App'x B).  In sum, the government expects that Agent Civetti will testify at trial that the disputed summary exhibits are based on numerous types of evidence that the FBI gathered in the course of the federal investigation, summarize voluminous information, and accurately reflect events relevant to the FBI's investigation and calculations based on that evidence.[1]

**II.   TIMELINES**

Agent Civetti will testify that he directly prepared and reviewed the **15** summary Timelines that the government seeks to admit at trial (**Exs. 908, 910, 924, 925, 926, 930, 931, 932A, 940, 940A, 940B, 942, 942A, 942B, 943**).

**A.   Evidence Underlying Timelines**

Agent Civetti will testify that the entries on the Timelines are based on the following categories of evidence that the FBI obtained during its investigation, including: (1) text messages, emails,

---

[1] Should the Court find before trial that some or all of the disputed summary exhibits are admissible under Federal Rules of Evidence 1006, 611(a), or both, and preadmit them, the government anticipates that Agent Civetti still will provide some general background testimony on how he compiled the summary exhibits from the evidence obtained by the FBI during its investigation.  However, the government expects that such testimony will be significantly less time-consuming than were Agent Civetti required to lay foundation for each summary exhibit offered during trial.

public records, open source documents, bank and financial records, business records, casino records, flight records, phone/toll records, phone notes, City calendars, records from Huizar's office and computer, and photographs, which the FBI obtained through various investigative processes including open source searches, pen register requests, search warrants, grand jury subpoenas, and/or voluntary productions from cooperating witnesses/entities accompanied by a declaration from the custodian of records; (2) defendant's Radar Screens, which the FBI obtained from defendant's Google Drive and email account; (3) surreptitiously recorded meetings by Businessperson A; and (4) recordings from court-authorized Title III wiretaps and video-and-audio recording devices installed in defendant's office/conference room.  Finally, several entries reflect the dates of Andy Wang's cash payments to Huizar, as well as FBI-related activity, including the FBI's visit to Las Vegas in February 2017, subject interviews, the service of grand jury subpoenas, and the execution of search warrants.  Agent Civetti will testify that, to his knowledge, all evidence underlying the Timelines has been produced to defendant in discovery.

### B. Creation of the Timelines from Voluminous of Evidence & Purpose of the Timelines

Agent Civetti will testify that in the course of the investigation, the FBI acquired and reviewed over a million pages of records and hundreds of hours of recordings.  Agent Civetti will testify that he and other FBI agents combed through those voluminous records and compiled the key events that were significant to the investigation in the Timelines and that the Timelines fairly and accurately summarize those events.  After creating the Timelines,

2

Agent Civetti went through and referenced the underlying evidence several times to ensure that the entries were accurate.  Because of the complex and extensive nature of the investigation, which often involved simultaneously occurring sub-schemes and numerous individuals (some of whom acted as go-betweens or proxies), Agent Civetti also will testify that he prepared the Timelines to organize communications and activities from numerous disparate sources.

Agent Civetti will testify that the Timelines summarize voluminous evidence underlying key events that were significant to the FBI's five-year federal investigation.  The events depicted on the Timelines generally fall into four categories: (1) **Project-Related Events**: These include the filing of project applications; official actions by City bodies during the project approval process; and communications, meetings, and documentation regarding the status of projects or significant events related to project impediments or milestones; (2) **Benefits-Related Events**: These include communications, meetings, business records, financial transactions, and other documentation regarding direct and indirect benefits to Jose Huizar, defendant, and other public officials; (3) **FBI-Related Activities**: These include the execution of search warrants, subject interviews, and service of grand jury subpoenas, and subsequent communications and actions by subjects of the investigation; and (4) **Other Significant Events**: These include entries relating to the creation of certain entities relevant to the RICO conspiracy, proposed consolidation in 2013, the sexual harassment lawsuit against Huizar, Huizar's 2015 reelection, and preparation for Richelle Huizar's campaign for the CD-14 seat.

Agent Civetti will testify that the Timelines, taken individually and collectively, reflect a chronology of events that were relevant to the FBI's investigation of the pay-to-play scheme in the City of Los Angeles. Agent Civetti will explain that the Timelines are divided by sub-scheme (e.g., Carmel Partners, Shen Zhen, Hazens, Hazens-Jacinto, ADC), and that for the lengthier and more complex sub-schemes -- Shen Zhen and Hazens -- the Timelines are divided further by one-year or two-year periods, due to the substantial number of relevant events in any given month or year for those sub-schemes. Given the transactional nature of the bribery crimes the FBI was investigating, i.e., public officials soliciting/accepting benefits in exchange for favorable treatment on development projects, and developers offering/agreeing to provide benefits for the same, Agent Civetti looked for patterns in communications and activities when reviewing the voluminous evidence collected by the FBI and then charted the events into a chronology in order to view them in context with one another.

For instance, Agent Civetti will testify about patterns in the Timelines reflecting upticks in meetings or communications before or after milestone events for development projects. Similarly, Agent Civetti will testify about increases in meetings and communications among subjects of the investigation coalescing around significant requests or offers for benefits as part of the pay-to-play scheme. He will testify about when project-related activity occurred close in time to, or concurrently with, activity relating to requests or offers for benefits. Agent Civetti will explain patterns of concealment among the subjects of the investigation borne out by meetings and communications following significant overt acts by the

FBI during the investigation.  In this way, Agent Civetti will testify about how he distilled voluminous evidence of recurring activities (including sometimes on a daily or hourly basis) pertaining to events relevant to the investigation by placing them in context with one another.  Agent Civetti will further testify that certain sub-schemes were overlapping in time, such that patterns within a sub-scheme could be difficult to discern from the underlying evidence alone, without the aid of a chronology of events relevant to the particular sub-scheme.

**III. CALCULATION SUMMARIES**

Next, Agent Civetti will testify that he directly prepared and reviewed the **5** Calculation Summaries that the government seeks to admit at trial (**Exs. 906, 909, 921, 922, 923**).

Agent Civetti will testify that the Calculation Summaries, like the Timelines, are based on voluminous records he obtained during the investigation; namely, bank and financial records, casino records (including surveillance video footage), flight records, Political Action Committee business records, consulting agreements and invoices and other business records, text messages, emails, phone notes, receipts, and photographs, all of which he understands were produced to defendant in discovery.  Agent Civetti will testify that based on his review of these underlying records, he prepared the Calculation Summaries, including by making mathematical calculations that identify the total value of benefits solicited/received by Huizar, which itself is based upon individual line-item calculations for

5

specific benefits obtained as part of each respective sub-scheme[2] (**Ex. 906**); additional breakdowns and calculations of the benefits Huizar and Esparza obtained during the Las Vegas trips with Wei Huang (**Exs. 921, 922, 923**); and the flow of cash deposits and withdrawals and payments of Huizar's bills among multiple financial accounts over the span of more than four years by Jose Huizar and his family members and associates (**Ex. 909**). After creating the Calculations Summaries, Agent Civetti has reviewed them for accuracy to ensure they correctly reflect the underlying records.

Agent Civetti will testify that these Calculation Summaries of voluminous records show the overall scale of financial benefits obtained by Huizar as part of the pay-to-play scheme (some of which the government alleges defendant facilitated); reveal patterns of activity that may not be obvious from viewing the underlying records alone; and provide temporal context for Huizar's use of his family members to conceal and launder hundreds of thousands of dollars in cash that he obtained as part of the scheme.

**IV. VISUAL DEPICTION OF VOLUMINOUS DATA**

Finally, Agent Civetti will testify that he prepared and reviewed **Exhibit 927** depicting the flow of funds relating to the settlement for Godoy's sexual harassment lawsuit against Huizar (**Ex. 927**).

Agent Civetti will testify that he created **Exhibit 927** based on his review of voluminous bank and financial records from JPMorgan

---

[2] Indeed, for certain Calculations Summaries, like the benefits for each Las Vegas trip (**Exs. 921, 922**), Agent Civetti will testify that he reviewed extensive underlying records in order to enter each line item benefit into an Excel spreadsheet and then calculate the total benefits by trip (see **Ex. 923**), which he then used to calculate the total benefits across all Las Vegas trips.

Chase, Wells Fargo, and East West Bank, as well as business records obtained from Guodi Sun, all of which he understands were produced to defendant in discovery. Agent Civetti will explain that **Exhibit 927** traces the flow of funds through approximately six related financial transactions, each based on its own set of underlying records, from China to the United States and through multiple entities and accounts. After preparing **Exhibit 927**, Agent Civetti has reviewed **Exhibit 927** for accuracy to ensure it correctly reflects the underlying evidence. Agent Civetti will testify that the diagram he prepared in **Exhibit 927** summarizes dozens of communications and records underlying these related transactions (which, on their face may appear discrete) and provides a visual framework for understanding a complex and convoluted flow of funds, the nature of which otherwise may not be apparent from viewing the underlying records alone.