John Hanusz (SBN 277367)
HANUSZ LAW, PC
515 South Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (213) 204-4200
Email: john@hanuszlaw.com

Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
1801 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: michael@thefreedmanfirm.com

Attorneys for Raymond Chan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20CR-00326-JFW |
|---|---|
| Plaintiff, | **RAYMOND CHAN'S OBJECTION TO FURTHER DIRECT TESTIMONY BY AGENT CIVETTI** |
| v. | |
| RAYMOND SHE WAH CHAN, | |
| Defendant. | |

Defendant Raymond Chan, by and through his counsel of record, John Hanusz and Michael G. Freedman, hereby submits his objection to the government's request to offer further testimony by FBI Agent Civetti during the government's case-in-chief.

Agent Civetti already testified for over 10 hours over the course of four days at the start of the trial. His testimony was exhaustive and covered virtually every aspect of the government's charges, except for a few issues that the

government did not address simply because it preferred to try to address them at the end of its case in chief by calling Agent Civetti once again.  It is within the Court's discretion to prohibit further testimony by Agent Civetti, and the Court should exercise its discretion to do so.

To allow the government to offer further testimony would waste time by reopening issues that could have been addressed earlier.  This is especially true here where the government's offer of proof (Dkt. 1358) indicates that the government seeks to elicit testimony on numerous issues that Agent Civetti and the government's other witnesses have already testified about at length.  The government also impermissibly seeks to have Agent Civetti preemptively offer rebuttal testimony in the government's case-in-chief, which would unduly prejudice Mr. Chan.

Under Fed. R. Evid. 611(a), the Court has discretion to exercise reasonable control over the mode and order of interrogation. *See United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) (citing *United States v. Grace*, 526 F.3d 499, 516 (9th Cir. 2008)).  "Ideally, no new material should be presented on redirect, because litigants will in theory have presented all pertinent issues during the direct examination." *United States v. Riggi*, 951 F.2d 1368, 1375 (3d Cir. 1991).

In its offer of proof, the government indicates that it plans to elicit testimony from Agent Civetti focusing on the time period after Mr. Chan left the City.  There is no reason these issues could not have been addressed in the initial direct examination to "avoid needless consumption of time." *United States v. Henry*, 47 F.3d 17, 22 (2d Cir. 1995) (noting Court's discretion under Rule 611(a)).  Indeed, this time period has already been addressed at length by Agent Civetti and other government witnesses.

The government has already elicited testimony from Agent Civetti (and numerous other witnesses) regarding this period, including Mr. Chan's work at

and compensation from Synergy; the Hazens PAC donation; the hiring of Deron Williams, Jr., and Mr. Chan's meetings with the FBI during this period.  The full period of Mr. Chan's post-City employment has been or will also have been covered in detail by Mr. Chiang.  Other topics the government claims are purportedly new include the hiring of Ave Jacinto and interactions with Shawn Kuk, both of which will be covered by Andy Wang, and certainly could have been covered by Agent Civetti in his initial testimony.  Moreover, the government concedes that it also plans to cover "residual exhibits" relating to topics already covered by Agent Civetti, including the PAC contribution; the loan to Mr. Huizar; the Las Vegas trips; and Salesian fundraising.  There can be no doubt that these topics have already been covered at length and that there is no need to consume more time having Agent Civetti testify about them again.

The government's request is more akin to a redirect examination of Agent Civetti at the end of trial and should be barred.  Such testimony would go well beyond the matters raised on the initial cross-examination and, as the government concedes, would inevitably touch upon numerous issues raised through examinations of all the government's other witnesses throughout this trial.  Notably, as the case agent, Agent Civetti has been present in court throughout the trial and thus has heard all of that testimony and plainly the government seeks to have him respond to it.

For the same reasons, further testimony by Agent Civetti at this juncture would also allow him to preemptively (and improperly) testify as a rebuttal witness during the government's case-in-chief, which would unduly prejudice Mr. Chan.  Indeed, the government concedes as much, noting that it "intends to elicit testimony from Agent Civetti about limited evidence intended to respond to specific issues defense counsel has raised during trial, including defendant's involvement in fundraising for Salesian High School."  This is plainly rebuttal

testimony that should not be allowed in the government's case-in-chief. This is yet another reason why the Court should exercise its discretion to bar further testimony by Agent Civetti.

      Alternatively, in the event Agent Civetti is allowed to testify yet again (which he should not be), the Court should limit any such testimony to truly new issues, of which there are not many, and prohibit any pre-emptive rebuttal testimony and any testimony on issues as to which Agent Civetti already testified.

Dated: March 20, 2024　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　*s/ John Hanusz*
　　　　　　　　　　　　　　　　John Hanusz
　　　　　　　　　　　　　　　　Attorney for Raymond Chan

　　　　　　　　　　　　　　　　*s/ Michael G. Freedman*
　　　　　　　　　　　　　　　　Michael G. Freedman
　　　　　　　　　　　　　　　　Attorney for Raymond Chan