E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v.<br><br>RAYMOND SHE WAH CHAN,<br>  aka "She Wah Kwong,"<br><br>              Defendant. | No. CR 2:20-326(A)-JFW-2<br><br>JOINT STATEMENT REGARDING JURY INSTRUCTION NOS. 28, 31, 32, AND 33 – END OF TRIAL AND FIRST REVISED VERDICT FORM; EXHIBITS A-C<br><br>Trial Date: March 12, 2024<br>Trial Time: 8:30 A.M.<br>Location:   Courtroom of the Hon.<br>            John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant Raymond She Wah Chan, by and through his counsel of record, Michael G. Freedman and John Hanusz, hereby submit the Joint Statement Regarding Jury Instruction Nos. 28, 31, 32, and 33 — End of Trial and First Revised

1

Verdict Form. Clean and redlined versions of these instructions are attached hereto as Exhibits A (Clean Versions) and B (Redline Versions). The First Revised Verdict Form is filed separately. A redline version of the First Revised Verdict Form is attached hereto as Exhibit C.

In addition to meeting and conferring on the jury instructions and verdict form, the parties have met and conferred regarding their respective preferences regarding the order in which the jury instructions and closing arguments should be given. Given the complexity of the jury instructions and the breadth of evidence in this case, the government prefers that the Court pre-instruct the jury after which the parties will give their respective closing arguments and rebuttal. Defendant prefers that the Court instruct the jury after closing arguments, as it has done in the past. Both parties prefer that all closing arguments be delivered on the same day, as opposed to over two days, if practicable for the Court and the jury.

With respect to the Jury Instructions and Joint Verdict Form, the parties have no disputes and accordingly set forth below their joint positions regarding the revisions the Court has made and the parties' additional proposed revisions.

**I.  Instruction No. 28 (Aiding and Abetting Honest Services Wire Fraud)**

The parties agree to the following revisions to Instruction No. 28 (Honest Services Wire Fraud), which the Court has incorporated into its most recent version of Instruction No. 28:

    (a) the Court's suggested revision to set forth separately the federal program bribery elements for Shen Zhen (Counts Two, Three, and Four) and Hazens (Counts Fourteen and Fifteen), the latter of which adopts the heightened standard for campaign contributions; and

    (b) the inclusion of the term "verbally explicit," consistent with other instructions.

 The parties propose no additional revisions to the Court's current Instruction No. 28.

## II. Instruction No. 31 (Bribery Concerning Programs Receiving Federal Funds for Count Twenty-Eight)

 With respect to the third element, the prior version of Instruction No. 31 instructed the jury in two places that the requisite intent was "an intent to be influenced **or rewarded** in connection with" City business.  The parties propose deleting the two references to the phrase "or rewarded" to eliminate any confusion about a potential gratuities theory, which the government is not pursuing.

## III. Instruction No. 32 (Aiding and Abetting Bribery Concerning Programs Receiving Federal Funds for Counts Twenty-Two and Twenty-Seven)

### A. Agreement with Court's Revisions

 The parties agree with the following revisions, which the Court already has incorporated into its most recent version of Instruction No. 32:

(a) the Court's suggested revision to remove instructions relating to defendant aiding and abetting Shen Zhen and Hazens (consistent with the allegations in Counts Twenty-Two and Twenty-Seven of the FSI that defendant aided and abetted <u>only</u> Jose Huizar);

(b) the Court's suggested revision to set forth separately the federal program bribery elements for Counts Twenty-Two and Twenty-Seven, the latter of which adopts the heightened standard for campaign contributions, consistent with Court Instruction No. 28 (Aiding and Abetting Honest Services Wire Fraud);

(c) removal of "or rewarded" throughout, consistent with the government's suggested revisions to Instruction Nos. 31 and 33, including in the third element as to Counts Twenty-Two and Twenty-Seven;

(d) inclusion of the unanimity requirement in the instruction;

(d) under the Campaign Contribution section at the end of Instruction No. 32, removal of the second paragraph relating to an individual who offers or agrees to give the campaign contribution (briber), consistent with the removal of the theory that the defendant aided and abetted Hazens; and

(e) under the Campaign Contribution section at the end of Instruction No. 32, the last paragraph revises the language from "The agreement must be clear and unambiguous but need not be verbally **expressed**" to the agreement "need not be verbally **explicit**," consistent with the new articulation of the third element for Count Twenty-Seven.

**B. Additional Proposed Revisions**

The parties propose that the Court make the following additional revisions to the Court's current formulation of Instruction No. 32:

    ***a.   Placement of Heightened Standard Requirement for Campaign Contributions***

For Count Twenty-Seven, which relates to the $100,000 campaign contribution from Hazens, the Court incorporates into the second element (the actus reus element) the heightened standard for campaign contributions, that is, Jose Huizar's acceptance of a thing of value. The parties propose, however, that the Court instead incorporate the heightened standard into the third element (the mens rea element, that is, that defendant acted corruptly).

Specifically, the parties propose that the third element for Count Twenty-Seven state that to act corruptly means "an intent to be influenced **in exchange for**" City business; by contrast, the Court's proposed language specifies an intent to be influenced "**in connection with**" City business. The parties recommend that the third element also state that the government must prove that Jose Huizar intended to be influenced "**in exchange for Jose Huizar's explicit promise to perform at least one of the following particular official act or acts,**" and "**the terms of the 'exchange' must be clear and unambiguous, but need not be verbally explicit.**" The parties believe the heightened campaign contributions standard is more appropriately tied to defendant's intent and that the current formulation is confusing because it lists the official acts in two different elements (the second and third elements).

5

### b. *"Act or Acts" in Campaign Contributions*

The Court adopted elsewhere in the instructions the language "act or acts" with respect to the promise. This language also should be included in the Campaign Contributions instruction as follows: "With respect to this count, the Government must prove that the campaign contribution was solicited, demanded, accepted, or agreed to have been accepted in exchange for the public official's explicit promise to perform a particular official act **or acts**."

### c. *Unanimity Language*

With respect to the unanimity language for this count, defendant has requested that the verdict form include a special finding. While the government initially requested that the unanimity language be embedded into the instruction in lieu of special findings, the government now has agreed also to include special findings to accommodate defendant's request.

## IV. Instruction No. 33 (Dual Motive)

The prior version of Instruction No. 33 advised the jury that actions taken with a dual motive constitute bribery so long as one of the motives "is to influence **or reward** the public official." Consistent with the removal of "or reward[ed]" elsewhere in the instructions, the parties propose deleting the phrase "or reward" from Instruction No. 33. In addition, the parties added a comma after friendship in this sentence to appropriately set off this clause: "On the other hand, if actions were entirely motivated by legitimate reasons, like friendship, then they do not constitute bribery."

6

**V.  First Revised Verdict Form**

With respect to the unanimity language for Count Twenty-Seven, defendant has requested that the verdict form include special findings.  While the government initially requested unanimity language in the instruction in lieu of special findings in the verdict form, the government has agreed also to include special findings as to Count Twenty-Seven, to accommodate defendant's request.  As such, the parties have added special findings to the verdict form for Count Twenty-Seven.  The parties are separately filing the First Revised Verdict Form.

The parties respectfully reserve the right to supplement these jury instructions as needed.

Dated: March 21, 2024                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

  /s/ Cassie D. Palmer
CASSIE D. PALMER
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: March 21, 2024                    /s/ per email authorization
MICHAEL G. FREEDMAN
JOHN HANUSZ
Attorneys for Defendant
RAYMOND SHE WAH CHAN

7