**EXHIBIT B
REDLINE REVISED JURY INSTRUCTION
NOS. 31, 32, 32**

PROPOSED INSTRUCTION NO. 31 RE:

BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

(RECEIPT OF FINANCIAL BENEFITS THEORY)

The defendant is charged in Count Twenty-Eight of the indictment with bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(2).

In order to prove that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was an agent of a local government, specifically, the City of Los Angeles;

Second, the defendant solicited, demanded, accepted, or agreed to accept a thing of value; namely, approximately $69,939 in check payments to LABXG, Inc. and $15,000 in check payments to Jeremy Chan;

Third, the defendant acted corruptly, that is, with an intent to be influenced ~~or rewarded~~ in connection with any business, transaction, or series of transactions of the City involving anything of value of $5,000 or more; specifically, the government must prove that the defendant intended to be influenced ~~or rewarded~~ in connection with the redevelopment of the Luxe Hotel, including in exerting pressure on or advising officials from City Council, the City of Los Angeles Planning Commission, Planning Department, or other departments to take an official act to benefit the redevelopment of the Luxe Hotel; and

Fourth, the City received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance in any one-year period.

1

The term "agent" means a person authorized to act on behalf of a local government, including an employee, officer, manager, or representative.

The term "local" means of, or pertaining to, a political subdivision within a State of the United States.

The phrase "in any one-year period" means a continuous period that commences no earlier than 12 months before the commission of the offense or that ends no later than 12 months after the commission of the offense.  Such period may include time both before and after the commission of the offense.

The government does not need to prove that any of the Federal benefits in excess of $10,000 received by the City of Los Angeles were misappropriated or otherwise connected to the commission of the offense.

PROPOSED INSTRUCTION NO. 32 RE:

BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

(AIDING AND ABETTING)

The defendant is charged in Counts Twenty-Two and Twenty-Seven of the indictment with aiding and abetting bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Sections 666(b)(1)(B), 2(a).

A defendant may be found guilty of bribery concerning programs receiving federal funds, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

To prove a defendant guilty of bribery concerning programs receiving federal funds by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed bribery concerning programs receiving federal funds;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of bribery concerning programs receiving federal funds;

Third, the defendant acted with the intent to facilitate bribery concerning programs receiving federal funds; and

Fourth, the defendant acted before the crime was completed.

In Instruction No. 28, I have explained the law of aiding and abetting.

<u>Someone Else Committed Bribery Concerning Programs Receiving Federal Funds - First Element</u>

In Counts Twenty-Two and Twenty-Seven, the government alleges that defendant aided and abetted José Huizar to commit bribery concerning programs receiving federal funds.

***Jose Huizar Bribery Involving Shen Zhen***

To demonstrate that Jose Huizar committed bribery concerning programs receiving federal funds as charged in Count Twenty-Two, the government must prove the following:

First, José Huizar was an agent of a local government specifically, the City of Los Angeles;

Second, José Huizar solicited, demanded, accepted, or agreed to accept a thing of value; namely, casino gambling chips, accommodations, or travel expenses, or approximately $575,000 in collateral applied to Huizar's personal loan from East West Bank;

Third, José Huizar acted corruptly, that is, with an intent to be influenced in connection with any business, transaction, or series of transactions of the City involving anything of value of $5,000 or more; specifically, the government must prove that the defendant intended to be influenced in connection with the redevelopment of the L.A. Grand Hotel, including in: (1) presenting motions and resolutions in various City committees to benefit the redevelopment of the L.A. Grand Hotel; (2) voting on the redevelopment of the L.A. Grand Hotel in various City committees, including the PLUM Committee, and City Council; (3) taking action in the PLUM Committee to expedite the approval process of the redevelopment of the L.A. Grand Hotel; or (4) exerting pressure on

or advising other City officials to take an official act to benefit the redevelopment of the L.A. Grand Hotel; and

Fourth, the City received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance in any one-year period.

**Jose Huizar Bribery Involving Hazens**

To demonstrate that Jose Huizar committed bribery concerning programs receiving federal funds as charged in Count Twenty-Seven, the government must prove the following: First, Jose Huizar was an agent of a local government -- specifically, the City of Los Angeles;

Second, José Huizar solicited, demanded, accepted, or agreed to accept a thing of value, namely a $100,000 campaign contribution commitment to benefit Richelle Rios' campaign for the CD-14 seat~~, in exchange for his explicit promise to perform a particular official act or acts in connection with the Luxe Hotel Project, namely, (1) voting to approve the Luxe Hotel Project in the PLUM Committee and City Council and/or (2) presenting a resolution in the PLUM Committee to benefit the Luxe Hotel Project, with all of you agreeing on the particular official act or acts that Huizar promised to perform (the terms of the "exchange" must be clear and unambiguous, but need not be verbally explicit)~~;

Third, Jos~~é~~e Huizar acted corruptly, that is, with an intent to be influenced in ~~connection~~ exchange for~~with~~ any business, transaction, or series of transactions of the City involving anything of value of $5,000 or more. Specifically, the government

5

1 must prove that José Huizar intended to be influenced in exchange
2 for José Huizar's explicit promise to perform at least one of the
3 following particular official act or acts, namely, in connection
4 with the Luxe Hotel Project, for: (1) voting to approve the Luxe
5 Hotel Project in the PLUM Committee and City Council or
6 (2) presenting a resolution in the PLUM Committee to benefit the
7 Luxe Hotel Project, with all of you agreeing on the particular act
8 or acts that Huizar promised to perform (the terms of the "exchange"
9 must be clear and unambiguous, but need not be verbally explicit);
10 and
11     Fourth, the City received benefits in excess of $10,000 under a
12 Federal program involving a grant, contract, subsidy, loan,
13 guarantee, insurance, or other form of Federal assistance in any
14 one-year period.
15     In Instruction No. 31, I have explained the crime of bribery
16 concerning programs receiving federal funds and defined the terms
17 "agent," "local," and "in any one-year period."
18
19 Campaign Contributions
20     Count Twenty-Seven concerns an alleged thing of value in the
21 form of a campaign contribution.  With respect to this count, the
22 Government must prove that the campaign contribution was solicited,
23 demanded, accepted, or agreed to have been accepted in exchange for
24 the public official's explicit promise to perform a particular
25 official act or acts.
26     A public official soliciting, demanding, accepting, or agreeing
27 to accept a campaign contribution does not, in itself, constitute a
28 violation of the law even though the donor has business pending

6

before the official.  However, if a public official solicits, demands, accepts, or agrees to accept a campaign contribution in exchange for a specific requested exercise of official power, such a demand or acceptance does constitute a violation of the law regardless of whether the payment is made in the form of a campaign contribution.

The agreement must be clear and unambiguous but need not be verbally explicit.  In addition, the promise need not actually be carried out.  It is sufficient if the promise to act is given in exchange for the campaign contribution.

PROPOSED INSTRUCTION NO. 33 RE:

DUAL MOTIVE

The fact that an act is motivated, in part, by friendship is no defense.  Actions taken with a dual motive constitute bribery so long as one of the motives is to influence ~~or reward~~ the public official.  It is no legal defense that the official acts were good for the community or were acts that the public official would have or should have taken without the bribe.  On the other hand, if actions were entirely motivated by legitimate reasons, like friendship, then they do not constitute bribery.

8