E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND SHE WAH CHAN, <br> aka "She Wah Kwong," <br><br> Defendant. | No. CR 20-00326(A)-JFW-2 <br><br> JOINT STATEMENT REGARDING PROPOSED TRIAL INDICTMENT; EXHIBIT A (PROPOSED TRIAL INDICTMENT FILED UNDER SEAL CONCURRENTLY HEREWITH) <br><br> Trial Date: March 12, 2024 <br> Trial Time: 8:30 a.m. <br> Location: Courtroom of the Honorable John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant Raymond She Wah Chan, by and through his attorneys of record, John Hanusz and Michael G. Freedman, hereby submit this Joint Statement Regarding Proposed Trial Indictment.

The parties have met and conferred via email correspondence regarding their respective positions regarding the government's proposed trial indictment. The defense opposes the government's request that the jury be provided with a trial indictment. The parties provide their respective positions below regarding the proposed trial indictment, which is attached hereto as Exhibit A.

This joint statement is based upon the attached memoranda of points and authorities, the accompanying exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 24, 2024                Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                          /s/
                                     BRIAN R. FAERSTEIN
                                     CASSIE D. PALMER
                                     SUSAN S. HAR
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA


Dated: March 24, 2024                   /s/ per email authorization
                                     JOHN HANUSZ
                                     MICHAEL G. FREEDMAN
                                     Attorneys for Defendant
                                     RAYMOND SHE WAH CHAN

**TABLE OF EXHIBITS**

| Exhibit | Description | Cite |
|---------|-------------|------|
| A | Proposed Trial Indictment (filed under seal concurrently herewith) | *Passim* |

**GOVERNMENT'S POSITION**

**I.   INTRODUCTION**

The government respectfully requests that the Court provide the jury with the proposed trial indictment (attached hereto as Exhibit A[1]) as an aid during its deliberations given the complexity of the charges in this case.

As the government explained in its trial brief, a trial indictment outlines for the jury what it needs to evaluate in determining whether defendant is guilty or not guilty of the charges contained therein. (See Dkt. No. 943 at 29.)  Trial judges have discretion to submit an indictment to a jury so long as limiting instructions are given to the effect that an indictment is not to be considered as evidence of the guilt of the defendant. See Shayne v. United States, 255 F.2d 739, 743 (9th Cir. 1958) ("The matter of sending the indictment and exhibits to the jury is a matter entirely in the discretion of the trial court . . . ."). In complex cases, trial indictments are helpful "to aid the jury in organizing the proof." United States v. Scales, 594 F.2d 558, 562 (6th Cir. 1979); see United States v. Polizzi, 500 F.2d 856, 876 (9th Cir. 1974) (in lengthy, complex federal Travel Act prosecution, sending copy of indictment and information to jury was within direction of trial judge, especially given "the court's cautionary instruction on the

---

[1] The government is applying ex parte concurrently herewith to file the proposed trial indictment under seal because it reveals the names of individuals and entities that are "masked" in the public version of the First Superseding Indictment. (Dkt. No. 74.)  The government seeks to provide an unmasked version of the trial indictment to the jury to avoid confusing the jury with generic descriptors of people and entities it has heard about during trial.

use of the indictment and information and the detailed instructions on what could be considered evidence by the jury").

Given the complexity of the allegations and charges in this case, the government believes the proposed trial indictment would be helpful to the jury, particularly in connection with its consideration of the jury instructions and verdict form.  The parties' joint proposed jury instructions refer to the "indictment" throughout and the verdict form describes the counts with which defendant is charged without context as to how the counts are set forth in the broader indictment.  The proposed trial indictment will provide the jury with a helpful framework for considering the significant amount of evidence in connection with the Court's instructions and verdict form.

Moreover, the Court provided a trial indictment to the jury in the Shen Zhen New World ("SZNW") trial, which pertained to only one of the charged schemes and corresponding substantive counts in the First Superseding Indictment ("FSI").  (See Dkt. No. 800.)  The allegations at issue here against defendant sweep broadly across the entirety of the indictment, including the central alleged RICO conspiracy involving hundreds of alleged overt acts and implicating numerous individuals, entities, and events.  As described further below, the government has revised the First Superseding Indictment to remove counts that are not charged against defendant and allegations that have not been addressed by the evidence during trial.  But the counts and allegations that remain still are broad in scope and complex when taken as a whole.  The proposed trial indictment is an appropriate and necessary tool to help the jury consider the

substantial evidence adduced during trial, just as it was in the significantly less complex SZNW trial.

The jury will be appropriately advised that the trial indictment is simply an aid and does not constitute evidence in the case. The jury will be instructed at the end of the case that "[t]he indictment is not evidence." (Dkt. No. 1318 (Proposed Instruction No. 2) at 2.) The government also has added a legend to the top of each page of the proposed trial indictment making clear that "THE TRIAL INDICTMENT IS NOT EVIDENCE." Taken as a whole, the "jury is presumed to follow [a court's] instructions, Weeks v. Angelone, 528 U.S. 225, 234 (2000), and the proposed trial indictment will be a helpful aid to the jury during its deliberations in this complex case.

## II. REVISIONS IN TRIAL INDICTMENT

### A. Substantive Revisions to First Superseding Indictment

The proposed trial indictment reflects the following substantive revisions to the FSI filed on November 12, 2020 (Dkt. No. 74):[2]

- The names of individuals and entities that were "masked" in the FSI are reflected using their true names.
- The government incorporated the revisions that the Court ordered in its Second Order Amending the First Superseding Indictment (Dkt. No. 1242).
- Substantive counts for which defendant is not charged have been deleted. To maintain the same paragraph numbering in

---

[2] As part of its meet-and-confer with the defense, the government provided the defense with a redline copy of the proposed trial indictment reflecting changes to the FSI, so the defense has a complete picture of the revisions to the trial indictment. The government can provide a copy of the redline to the Court upon its request if it would aid in the Court's consideration of the proposed trial indictment.

the trial indictment, the government has inserted "[Intentionally omitted]" for paragraphs that have been deleted in the substantive counts.

- With respect to the substantive honest services wire fraud counts alleged against defendant, the government has removed references to "mail" fraud and 18 U.S.C. § 1341 because defendant is charged only with wire fraud in the alleged scheme.

- With respect to the substantive honest services wire fraud counts, Dae Yong Lee and 940 Hill, LLC have been removed as defendants given they do not overlap with any of the charged wire fraud counts against defendant here.

- Substantive allegations, including overt acts or parts of overt acts, that have not been addressed by the evidence at trial, whether through admitted exhibits or testimony, have been deleted.  To maintain the same overt act numbering in the trial indictment, the government has inserted "[Intentionally omitted]" for any overt acts that have been removed in their entirety.

- The government has made a substantive revision to only one aspect of the overt acts in Count One of the FSI. Specifically, with respect to the benefits relating to the Las Vegas trips set forth in Overt Act Nos. 4 through 22 in the FSI, the government conformed the benefit calculations to reflect the amounts set forth in Government Trial Exhibit 921, which is admitted into evidence.  (Compare FSI (Dkt. No. 74) at pp. 16:12 – 17:21 with Exhibit A at pp. 15:12 – 16:22.)  The government made this change because

4

        Overt Act No. 12 in the FSI inadvertently overstated the value of casino chips Jose Huizar obtained during a trip to Las Vegas in July 2015 (stating $65,000 instead of $10,000).  Having made the revision to correct this overstatement in the proposed trial indictment, the government made revisions to the overall chart reflected in Overt Act Nos. 4 through 22 in the trial indictment for the purpose of internal consistency.

- The time frame of the alleged RICO conspiracy has been changed from "to the present" to "to 2020," when the FSI was filed.

- The forfeiture allegations have been removed.

**B.   Format/Stylistic Revisions to First Superseding Indictment**

The proposed trial indictment reflects the following formatting and stylistic revisions to the FSI:

- References to "First Superseding Indictment" have been revised to "Trial Indictment."

- The other charged defendants have been removed from the caption.  In addition, where other charged defendants are referenced throughout the trial indictment, they are addressed by their names only without being identified as a defendant (e.g., "defendant JOSE LUIS HUIZAR" is described as "Jose Luis Huizar").

- Statutes for which defendant has not been charged with violating have been removed from the caption.

- A legend stating "THE TRIAL INDICTMENT IS NOT EVIDENCE" has been included as a header on each page.

5

- In the substantive counts, the headers reflecting which defendants are charged under the Count headings have been removed.
- The signature page at the end of the FSI has been removed.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court provide the jury with the proposed Trial Indictment attached hereto as Exhibit A.

**DEFENSE POSITION**

On the eve of the close of the government's presentation of evidence, the government has belatedly produced a trial indictment for the jury to consider during deliberations. Despite the fact that the issue of a trial indictment has been raised numerous times in this case, including at the final pretrial status conference – where the defense made its opposition clear – and again this week, the government dumped a proposed 93-page trial indictment[3] on the defense at 11:30 a.m. this morning.[4] The Court should decline the government's request to put the written version of its one-sided, argumentative narrative in the jury's hands on timeliness grounds alone. As it deliberates, the jury will be in possession of the jury instructions (the overwhelming majority of which were agreed to by the defense), the government exhibits (the overwhelming majority of which went unobjected to by the defense), the defense exhibits, its notes and recollection of the witness testimony, and the charts prepared by the government with an eye on walking the jury through all of its evidence. The provision of one more version of the government's narrative to the jury to consider is entirely prejudicial and a bridge too far. The government has had more than

---

[3] The proposed trial indictment is 25 percent longer than the parties' agreed-upon jury instructions.

[4] The defense is currently in the process of reviewing the document for factual inaccuracies, but has been hampered in its ability to do so, given the remainder of its responsibilities at this point. Regardless, the defense will continue to review the document as it is able.

7

ample opportunity to present its case to the jury, and it should be prohibited from continuing to do so as the jury deliberates.[5]

To the extent that the Court is willing to entertain the government's eleventh-hour gambit in its effort to convict Mr. Chan, it should refuse to send the document – *which consists entirely of inadmissible hearsay written by government counsel* – to the jury. The government's trial indictment sets forth the government's theory of guilt, and does so in a way that is wholly untethered to the applicable law. The jury's consideration of it will undermine the instructions that should guide its deliberations. The trial indictment is essentially the government's closing argument and should be considered as such – inadmissible argument – by the jury. Stamping a boilerplate admonishment, "The Trial Indictment Is Not Evidence," does nothing to cure the inevitable prejudice that would result from its introduction. What the government is attempting to do here is to put the Court's imprimatur on the government's flawed, inaccurate, and argumentative trial theory by allowing the jury to consider the charging document as it decides Mr. Chan's fate. This is plainly impermissible, and it would be just as impermissible for the defense to craft a competing narrative for the jury to consider after

---

[5] Although the government notes that a trial indictment was apparently provided to the jury in the SZNW trial (Dkt. No. 800), it is important to note that the defense in that matter did not object to its introduction. As to the David Lee/940 Hill trial, a trial indictment was *not* submitted to the jury. It is counsels' understanding that the government raised the issue with the defense in that matter, but dropped the issue after the defense indicated it would object. Moreover, the government did not propose that a trial indictment be submitted to the jury in Mr. Chan's prior trial.

8

the presentation of evidence and arguments of counsel have concluded.[6]

The government provides a dearth of law in support of its request, which makes sense. The government's request is a plainly transparent effort to continue arguing its case to the jury after the close of evidence, argument, and instructions, and few courts would countenance a request upon an objection by the defense. It is certainly not the practice in this district to send a trial indictment to the jury, even in complex cases. The Court should maintain its neutrality in the eyes of the jury, and the failure to do so invites error. *See United States v. Ayeni*, 374 F.3d 1313,1316 (D.C. Cir. 2004) ("to the extent that the district court conveyed the prosecution's view of 'what the charged conduct actually was,' the district court permitted an inappropriate supplemental argument by the prosecution."); *see also United States v. Miller*, 738 F.3d 361, 382 (D.C. Cir. 2013*); citing Carella v. California*, 491 U.S. 263, 266 (1989) (While the district court has discretion in interacting with a jury, the limit to the court's discretion ensures "independent jury consideration of whether facts proved established" the crimes charged.); *United States v. Moffett*, 53 F.4th 679, 686, 693 (1st Cir. 2022) (The court noted that (1) the reference to evidence did not implicitly "direct the jury" to a finding of guilt on that evidence and (2) the district court provided a clarifying instruction.  Even so, the district court's implicit focus on the government's theory of the case, or the evidence supporting the government's theory,

---

[6] However, to the extent that the Court is willing to allow the government's one-sided narrative to be considered by the jury, the defense requests that it be permitted to draft a competing narrative for the jury's consideration as it deliberates.

9

violated the defendant's Sixth Amendment rights and required reversal. The court "could not be assured" that the jury reviewed the evidence in the constitutionally required neutral manner, and there was a "reasonable possibility" that the error influenced the jury's verdict. As such, the verdict could not stand.); *United States v. Evanston*, 651 F.3d 1080, 1084 (9th Cir. 2011) ("[W]hen responding to jury questions or requests during deliberations, every effort must be undertaken to avoid influencing or coercing a jury to reach one verdict over another."); *United States v. Walker*, 575 F.2d 209, 214 (9th Cir. 1978); *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003) (While the court has wide latitude in crafting instructions for the jury, it "must be careful not to invade the province as fact-finder.") (quoting *United States v. Nunez*, 889 F.2d 1564, 1569 (9th Cir. 1989)); *Starr v. United States*, 153 U.S. 614, 626 (1894) (A trial court's "lightest word or intimation is received [by the jury] with deference[.]")

        The government has had – and continues to have – the opportunity to present its story through the jury through witness testimony, argument, exhibits, and charts carefully designed to advance its narrative. At some point, enough has to be enough. The prejudice is plain. The Court should decline to give the government one more bite of the apple.