E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RAYMOND SHE WAH CHAN,<br>　aka "She Wah Kwong,"<br><br>　　　　Defendant. | No. CR 2:20-326(A)-JFW-2<br><br>JOINT STATEMENT RE: FIRST REVISED PROPOSED INSTRUCTION NO. 25; EXHIBIT A (REDLINE)<br><br>Trial Date: March 12, 2024<br>Trial Time: 8:30 A.M.<br>Location:　Courtroom of the Hon.<br>　　　　　　John F. Walter |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant Raymond She Wah Chan, by and through his counsel of record, Michael G. Freedman and John Hanusz, hereby submit the Joint Statement Regarding Jury Instruction No. 25, which contains a clean version of the parties'

First Revised Proposed Instruction No. 25.  A redlined version of this instruction is attached hereto as Exhibit A.

Dated: March 24, 2024              Respectfully submitted,

                                                             E. MARTIN ESTRADA
                                                             United States Attorney

                                                             MACK E. JENKINS
                                                             Assistant United States Attorney
                                                             Chief, Criminal Division

                                                             */s/ Cassie D. Palmer*
                                                             CASSIE D. PALMER
                                                             SUSAN S. HAR
                                                             BRIAN R. FAERSTEIN
                                                             Assistant United States Attorneys

                                                             Attorneys for Plaintiff
                                                             UNITED STATES OF AMERICA

Dated: March 24, 2024              */s/ per email authorization*
                                                             MICHAEL G. FREEDMAN
                                                             JOHN HANUSZ
                                                             Attorneys for Defendant
                                                             RAYMOND SHE WAH CHAN

**JOINT STATEMENT**

On March 22, 2024, the Court raised an issue with respect to the parties' Proposed Instruction No. 25: RICO Acts – Obstruction of Justice – Witness Tampering [18 U.S.C. § 1512].  The current version of Instruction No. 25 presents three theories of liability under §§ 1512(b)(1), (b)(2) and (b)(3).  As currently drafted, the instruction combines the elements of (b)(1) and (b)(2) theories of liability into a single instruction.  The Court asked whether the parties had considered listing separately the theories of liability for §§ 1512(b)(1) and (b)(2), instead of combining them into one instruction with the theories reflected in the second element (all other elements for these two theories of liability are the same).  Because there is no Ninth Circuit model instruction for § 1512, the parties had based their formulation of the current instruction for § 1512(b)(1) and (b)(2) on the only circuit model instruction they are aware of (the Third Circuit).  This model instruction combines the (b)(1) and (b)(2) theories of liability within the same second element.  See https://www.ca3.uscourts.gov/sites/ca3/files/2020%20Chap%206%20Obstruction%20revisions%20final.pdf.

While the parties initially adopted this formulation in an effort to avoid redundancy, in light of the Court's concerns, the parties have separated the theories of liability for §§ 1512(b)(1) and (b)(2) into two separate instructions.  In addition, the government removed "information regarding or" from the second element in (b)(1) for consistency with the statute.  That element now reads: "Second, the individual acted with intent to influence or

1

prevent a person from providing testimony in an official proceeding, that is a grand jury investigation."

The Court also pointed out that the "official proceeding" language had not been revised consistently throughout the instructions to reflect that the proceeding was a "grand jury investigation." The parties have revised those references throughout the instruction.

Finally, in reviewing this instruction again, the government noticed that the definition of "corruptly persuade" should be moved from immediately after the first theory of liability to after the third theory of liability because the definition relates to all theories of liability, not just the first.

Thus, to summarize, the attached clean instruction: (1) divides the theories of liability for §§ 1512(b)(1) & (b)(2) into separate instructions; (2) changes "official proceeding" references to "grand jury investigation" following the first definition of the former; (3) removes "information regarding or" from the (b)(1) instruction; and (4) places the definition of "corruptly persuade" at the end of the instructions.

PROPOSED INSTRUCTION NO. 25 RE:

RICO ACTS – OBSTRUCTION OF JUSTICE -- WITNESS TAMPERING

[18 U.S.C. § 1512]

I will now instruct you on the law defining the sixth type of racketeering activity alleged in the indictment, namely, obstruction of justice through witness tampering, in violation of Title 18, United States Code, Sections 1512(b)(1), (b)(2) & (b)(3).

For an individual to be guilty under Section 1512(b)(1), the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly used intimidation, threatened, or corruptly persuaded a person, or attempted to do so, or engaged in misleading conduct toward another person;

Second, the individual acted with intent to influence or prevent a person from providing testimony in an official proceeding, that is, a grand jury proceeding;

Third, the individual knew or should have known that a grand jury investigation was pending or was likely to be instituted; and

Fourth, that the grand jury investigation was a federal proceeding.  However, the government does not need to prove that the individual knew that the proceeding was a federal proceeding.

* * *

For an individual to be guilty under Section 1512(b)(2), the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly used intimidation, threatened, or corruptly persuaded a person, or attempted to do so, or engaged in misleading conduct toward another person;

3

Second, the individual acted with intent to: (a) cause or induce the person to withhold testimony or a record or document from an official proceeding, that is, a grand jury investigation; (b) cause or induce the person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in a grand jury investigation; or (c) cause or induce the person to evade legal process summoning the person to appear as a witness or to produce a record or document in a grand jury investigation.

Third, the individual knew or should have known that a grand jury investigation was pending or was likely to be instituted; and

Fourth, that the grand jury investigation was a federal proceeding. However, the government does not need to prove that the individual knew that the proceeding was a federal proceeding.

\* \* \*

For an individual to be guilty under Section 1512(b)(3), the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly corruptly persuaded a person, or attempted to do so, or engaged in misleading conduct toward another person;

Second, the individual acted with intent to hinder, delay, or prevent a person from communicating to a law enforcement authority information relating to the commission or possible commission of an offense;

Third, there was a reasonable likelihood that at least one of the communications targeted by the individual would have been made to a federal officer; and

4

Fourth, the information that would have been communicated related to the possible commission of a federal offense.

To "corruptly persuade" means to corrupt another person by persuading him or her to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.

Third Circuit Model Jury Instructions, Nos. 6.18.1512B & B-1 (2022 ed.) [Obstruction of Justice – Witness Tampering Through Intimidation (18 U.S.C. § 1512(b)(1), (2) & Hindering Communication Through Intimidation, Threats, or Corrupt Persuasion] (modified).

5

1