John Hanusz (State Bar No. 277367)
HANUSZ LAW, PC
515 South Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (213) 204-4200
Email: john@hanuszlaw.com

Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
1801 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: michael@thefreedmanfirm.com

Attorneys for Raymond Chan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 20CR-00326-JFW<br><br>**RAYMOND CHAN'S MOTION FOR MISTRIAL DUE TO JURY MISCONDUCT OR, IN THE ALTERNATIVE, AN EVIDENTIARY HEARING**<br><br>Hearing Date: May 3, 2024<br>Hearing Time: 8:00 a.m.<br>Location: Courtroom of the Honorable John F. Walter |

TO THE HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE, PLAINTIFF UNITED STATES OF AMERICA AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 3, 2024,[1] or as soon thereafter as the mater may be heard, Raymond Chan, by and through his counsel of record, John Hanusz and Michael G. Freedman, will and hereby does move this Court to declare a mistrial based on evidence that jurors, including the foreperson, committed misconduct by prematurely deliberating on the outcome of the case and by deliberating outside the presence of other jurors, or, in the alternative, hold an evidentiary hearing pursuant to Rule 26.3 of the Federal Rules of Criminal Procedure to determine the extent of the jurors' misconduct and its deprivation of Mr. Chan's constitutional rights.

This motion is based on this Notice, the Memorandum of Points and Authorities in support, all matters of which the Court may take judicial notice, and such other and further argument and evidence as may be presented to the Court at the hearing of this matter.

Dated: April 8, 2024            Respectfully submitted,

/s/ John Hanusz
JOHN HANUSZ

/s/ Michael G. Freedman
MICHAEL G. FREEDMAN

Attorneys for Raymond Chan

---

[1] The parties have met and conferred regarding a briefing schedule and have agreed as follows: motion to be filed on April 8, 2024; opposition to be filed on April 15, 2024; reply to be filed on April 22, 2024; hearing to be held on May 3, 2024.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Raymond Chan moves for a mistrial based on evidence presented by a courtroom deputy ("CRD") that members of the jury, including the foreperson, impermissibly discussed the case amongst themselves outside the jury room, prematurely reached a verdict, and expressed their hope that the other jurors would similarly reach a quick verdict, which they did the following morning. The jury reached a verdict in little more than one hour following a two-week trial with more than one thousand exhibits and a complex set of jury instructions and a complicated special verdict form. These factors suggest that the three jurors who impermissibly discussed the case outside the presence of other jurors and prematurely deliberated – *in direct contravention of the Court's repeated and express instructions* – improperly swayed the other jurors to reach a quick verdict. A mistrial is warranted. In the alternative, the Court should hold a hearing to determine exactly what the three jurors discussed, what effect if any they had on the remaining jurors, and what exactly the CRD heard the jurors discussing.

## II.   BACKGROUND

On March 26, 2024, the parties collectively delivered approximately five hours of closing arguments and the Court instructed the jury for approximately one hour. (Dkt. 1394). The jury began deliberating shortly before 4:00 p.m. on March 26, 2024 and then adjourned for the day at approximately 4:00 p.m. after electing a foreperson. (*Id.*) The jury resumed deliberations at approximately 8:00 a.m. on March 27, 2024 and indicated that it had received a unanimous verdict at approximately 9:15 a.m. that same day. (Dkt. 1396). The Court then read the twenty-four page verdict form, which contained twenty-three questions that the jury had answered. (Dkt. 1401). The jury returned verdicts of guilty on

all counts, namely, Counts 1, 2, 3, 4, 12, 13, 14, 15, 22, 27, 28, and 39 of the First Superseding Indictment.  (Dkt. 1401, 1399).

On March 29, 2024, the Court held a status conference regarding certain facts that had come to light regarding the actions of some of the jurors.  (Dkt. No. 1403).  Specifically, the Court recounted the following facts.  On March 26, 2024, a courtroom deputy ("CRD") assigned to another courtroom was walking behind three of the jurors on their way out of the courthouse.  One of the jurors appeared to be the foreperson, based on remarks of the other two jurors overheard by the CRD.  A fourth juror was nearby, but was not in the group with the other three jurors.  The CRD overheard one of the jurors in the group of three remark that they hoped the jury would return a quick verdict.  On the morning of March 27, 2024, the CRD reported this conversation to the Court's courtroom deputy.  Following the jury's verdict, but before the March 29, 2024 status conference, this Court interviewed the CRD, and then relayed these facts to the parties at the March 29, 2024 status conference.

## III.   ARGUMENT

### A.   A Mistrial Is Warranted Based on Juror Misconduct

"In order to protect a defendant's Sixth Amendment right to a fair trial as well as his or her due process right to place the burden on the government to prove its case beyond a reasonable doubt, a jury must refrain from premature deliberations in a criminal case." *United States v. Gianakos*, 415 F.3d 912, 921 (8th Cir. 2005) (citation omitted).  This means that "jurors must not engage in discussions of a case before they have heard both the evidence and the court's legal instructions and have begun formally deliberating as a collective body." *United States v. Resko,* 3 F.3d 684, 688 (3rd Cir. 1993).  The primary issue is "not that jurors keep silent with each other about the case but that each juror keep an open mind until the case has been submitted to the jury." *United

4

*States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974).  In instances of juror misconduct, "[t]he test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *Id*.  "[E]ven a single partial juror violates a defendant's constitutional right to a fair trial." *United States v. Angulo*, 4 F.3d 843, 848 (9th Cir.1993).[2]  Evidence of premature deliberations may require retrial. *United States v. Haynes*, 729 F.3d 178, 191 (2d Cir. 2013) ("Faced with a credible allegation of juror misconduct during trial, a court has an obligation to investigate and, if necessary, fix the problem.").[3]

Here, the three jurors, including the foreperson, who discussed the case outside the jury room committed misconduct by discussing the case amongst themselves before full deliberations had begun and by apparently reaching their own verdicts before full deliberations.  This was prejudicial to Mr. Chan for several reasons.  First, given that one of the jurors who committed this misconduct was the foreperson, this exacerbates the misconduct because it is likely that the foreperson's misconduct carried greater sway over the other jurors.  Second, the other jurors do appear to have been swayed by this misconduct as

---

[2] The unpublished case cited by the Court during the status conference is easily distinguishable from the facts as currently known here, and should not control the outcome of this case.  In *United States v. Fails*, the issue presented dealt with a subgroup of jurors who briefly deliberated separately during the course of deliberations, as opposed to prior to the commencement of deliberations.  51 Fed. Appx. 211, 215 (9th Cir. 2002).  Moreover, there is no indication from that opinion that any of the jurors had formulated an opinion as to guilt, nor is there any indication that the foreperson was involved in the discussions, which occurred "during a short break during jury deliberations." *Id*.  These facts stand in stark contrast to the known facts in this case, which involve a subgroup – including the foreperson – expressing an opinion on guilt prior to the commencement of actual deliberations.

[3] To the extent that the Court was aware of the issue while the jurors were deliberating, the defense respectfully submits that the Court should have commenced an investigation at that time – and removed any jurors who committed misconduct – so as to prevent any misconduct on the part of the jurors to infect the rest of the jury.

5

MOTION FOR MISTRIAL AND/OR EVIDENTIARY HEARING

they did reach a quick verdict.[4]  They answered two dozen questions on the verdict form in under an hour, nearly the same amount of time it took the Court even to read the instructions.  This was a complex, two-week trial involving nearly one thousand exhibits, nearly a dozen witnesses, and complicated jury instructions.  That the jury reached a verdict so quickly is notable in any event.  Coupled with the misconduct committed by the three jurors, including the foreperson, it is also prejudicial and requires a mistrial.

### B.   An Evidentiary Hearing Is Required

When an allegation of jury misconduct arises, the district court is obligated to "investigate sufficiently to assure itself that constitutional rights of the criminal defendant have not been violated." *United States v. Rigsby*, 45 F.3d 120, 125 (6th Cir. 1995).  The Ninth Circuit reviews this Court's decision to determine "whether the District Court, in view of all the circumstances, so abused its discretion that [the defendant] must be deemed to have been deprived of his Fifth Amendment due-process or Sixth Amendment impartial-jury guarantees." *United States v. Soulard*, 730 F.2d 1292, 1305 (9th Cir. 1984) (citation omitted).

Although the Court has already interviewed the CRD, counsel is entitled to question the CRD, the foreperson, and the other jurors, or at least be present while the Court questions them. *See United States v. Humphrey*, 208 F.3d 1190, 1213 (10th Cir. 2000) *abrogated on other grounds by Arizona v. Gant*, 556 U.S. 332 (2009) (finding that the trial court abused its discretion in "cutting off the investigation and limiting the findings to the determination that there was

---

[4] As the Court previously noted, the juries in the related Lee/940 Hill and SZNW trials reached quick verdicts as well. Those trials were significantly less complex than Mr. Chan's, however. They involved a fraction of the exhibits (Dkt. 586, 842); less complex jury instructions (Dkt. 584, 812); and relatively simple verdict forms (Dkt. 587, 589, 813). In addition, neither of the related trials involved racketeering conspiracy charges.

nothing to the allegation about [a] juror's remarks . . . without developing such further evidence"); *see also Resko*, 3 F.3d at 690-91 (district court's cursory inquiry into allegations that the jury had been discussing the case amongst themselves mid-trial was insufficient).

Such a hearing is not barred by Federal Rule of Evidence Rule 606(b). First, questioning of the CRD with counsel present would not fall under Rule 606(b). Second, as to the jurors, Rule 606(b) expressly permits a hearing if "outside influence was improperly brought to bear on any juror." Indeed, when reasonable grounds exist to believe that the jury may have been exposed to such an influence, "the entire picture should be explored." *United States v. Moten*, 582 F.2d 654, 664 (2d Cir. 1978) (*citing Remmer v. United States*, 350 U.S. 377, 379 (1956); *see also Resko*, 3 F.3d at 690-91 ("We conclude that the district court erred by declining to engage in further inquiry—such as individualized voir dire—upon which it could have determined whether the jurors had maintained open minds.").

## IV.  CONCLUSION

For all the foregoing reasons, Mr. Chan respectfully requests that the Court grant a mistrial based on juror misconduct and/or hold an evidentiary hearing to determine the scope of juror misconduct.