John Hanusz (State Bar No. 277367)
HANUSZ LAW PC
515 South Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (213) 204-4200
Email: john@hanuszlaw.com

Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
1801 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: michael@thefreedmanfirm.com

Attorneys for Raymond Chan

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 20CR-00326-JFW<br><br>**REPLY IN SUPPORT OF MOTION FOR MISTRIAL DUE TO JURY MISCONDUCT OR, IN THE ALTERNATIVE, AN EVIDENTIARY HEARING**<br><br>Hearing Date:  May 3, 2024<br>Hearing Time:  8:00 a.m.<br>Location: Courtroom of the Honorable John F. Walter |

1    Raymond Chan, by and through his counsel of record, John Hanusz and

2  Michael G. Freedman, hereby files his reply in support of his motion for a

3  mistrial based on evidence that jurors, including the foreperson, committed

4  misconduct by prematurely deliberating on the outcome of the case and by

5  deliberating outside the presence of other jurors, or, in the alternative, to hold an

6  evidentiary hearing pursuant to Rule 26.3 of the Federal Rules of Criminal

7  Procedure to determine the extent of the jurors' misconduct and its deprivation of

8  Mr. Chan's constitutional rights.

9    This reply is based on the attached Memorandum of Points and

10  Authorities in support, the Memorandum of Points and Authorities in support

11  Mr. Chan's motion (Dkt. 1405), all matters of which the Court may take judicial

12  notice, and such other and further argument and evidence as may be presented to

13  the Court at the hearing of this matter.

14
15  Dated: April 22, 2024        Respectfully submitted,

16                  */s/ John Hanusz*
17                  JOHN HANUSZ

18                  */s/ Michael G. Freedman*
19                  MICHAEL G. FREEDMAN

20                  Attorneys for Raymond Chan

21
22
23
24
25
26
27
28
REPLY IN SUPPORT OF MOTION FOR MISTRIAL AND/OR EVIDENTIARY HEARING

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3       In its opposition, the government focuses unduly on the juror's comment,

4 applying its own interpretation to argue that the comment was innocuous and not

5 prejudicial.  But the government ignores Mr. Chan's argument that a hearing is

6 required so the Court can inquire of the jurors to determine if they regularly

7 discussed the case outside of the jury room or were influenced by at least one

8 juror's stated wish for a quick verdict.  The government's interpretation is just

9 one of many.  By contrast, another interpretation is that the juror's comments

10 indicate that a longer, more prejudicial conversation took place.  The critical

11 point is that, without having heard from the jurors directly, the Court cannot

12 resolve the issue and so should hold an evidentiary hearing.

13

## II.   ARGUMENT

14       The government's opposition incorrectly assumes that there is only one

15 way to interpret the juror's comments to other jurors as innocuous.  Contrary to

16 the government's argument, however, one interpretation of the juror's comment

17 about reaching a quick verdict is that several jurors, including the foreperson,

18 were impermissibly discussing the case together outside the jury room.  Such

19 conversations outside of the deliberative process require a mistrial.  *See United*

20 *States v. Resko,* 3 F.3d 684, 688 (3rd Cir. 1993) ("It is a generally accepted

21 principle of trial administration that jurors must not engage in discussions of a

22 case before they have heard both the evidence and the court's legal instructions

23 and have begun formally deliberating as a collective body.").

24       The government also mischaracterizes the comment here as outcome

25 neutral.  (Govt. Opp. at 1, 10).  But the comment, as related to the Court, plainly

26 pertains to the verdict, *i.e.*, the outcome of the case.  The government's argument

27 that the juror did not explicitly state that that the juror desired a type of outcome,

28

3

but rather simply desired a quick outcome, is based on the government's own interpretation of the comment. However, neither of the parties was present for the Court's interview of the courtroom deputy (CRD) who overheard the comment, so it is impossible to determine definitively what the juror meant or how the CRD interpreted the comment. Notably, though, the CRD felt the comment was concerning enough to report it to the Court.

Further context is necessary for the Court to assess the prejudicial effect of the jurors' discussions outside of the deliberative process. The government spends many pages isolating the juror's comment and arguing that it was not prejudicial to Mr. Chan. (Govt. Opp. at 8-16). But the government ignores the fact that this comment, even in isolation, is evidence that the jurors did not adhere to the Court's clear and repeated admonition that they could not discuss the case outside of the deliberative process. Based on that evidence, the Court has an obligation to determine from the jurors what more was said if anything, or whether any extraneous prejudicial information reached the jury. *Resko*, 3 F.3d at 689-91. The Third Circuit's reasoning in *Resko* applies equally here:

> [T]here is no way to know the extent of the discussions—whether they had been occurring throughout the trial, or whether they were only a few, brief conversations. This lack of information concerns us for two reasons. First, as we have noted, the district court's ability to evaluate the situation was necessarily diminished by the dearth of information about the jury's misconduct. Even taking into consideration the discretion enjoyed by the district court as well as the court's general observance of the jury, we do not see how the district court could have had enough information to make a reasoned determination that the defendants would suffer no prejudice due to the jury misconduct or to fashion an appropriate cautionary instruction. Second, our own ability to review the district court's determination that there was no prejudice to the defendants is hampered by this absence of information in the record.

*Id.* at 691.

Nor does this type of inquiry run afoul of the prohibition on speaking to jurors about their deliberations or mental processes of reaching a verdict under

REPLY IN SUPPORT OF MOTION FOR MISTRIAL AND/OR EVIDENTIARY HEARING

Federal Rules of Evidence Rule 606(b).  As the government acknowledges, an inquiry into whether any further discussions between jurors *outside of deliberations* took place is allowed. (Govt. Opp. at 18) (stating that any inquiry is limited to "whether extraneous prejudicial information or outside influences were present, but not how any such information impacted the jury's deliberations.").

The government's own citations demonstrate that the Court must hear from the jurors themselves before the Court can assess any prejudicial effect of any jury misconduct.  For example, the government relies extensively on *United States v. Bagnariol*, 665 F.2d 877, 885 (9th Cir. 1981) and *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974) for the argument that any misconduct here is not prejudicial. (Govt. Opp. at 14-16).  However, in *Bagnariol*, the trial court conducted an extensive evidentiary hearing, where it interviewed each juror individually.  665 F.2d at 884.  And in *Klee*, the court examined an affidavit from a juror describing the extent of the misconduct.  494 F.2d at 396.

Similarly, in *United States v. Armstrong*, 909 F.2d 1238, 1244 (9th Cir. 1990), "the district court conducted two evidentiary hearings, extensively questioning the jurors and an alternate juror about every aspect of the alleged misconduct and its possible effect on each juror's deliberations and decision." By contrast, in *United States v. Halbert*, 712 F.2d 388, 389 (9th Cir. 1983), which the government cites, the Ninth Circuit affirmed the district court's refusal to hold an evidentiary hearing based on the fact that, unlike here, the district court "knew the exact scope and nature of the newspaper article and the extraneous information."

Here, the Court does not know the exact scope and nature of the misconduct at issue; it knows that the jurors ignored the Court's admonitions not to speak about the case outside of the jury room. That is enough to warrant an

1    evidentiary hearing to determine if further discussions took place and the nature
2    of those discussions.

3         The government argues that the overwhelming evidence of Mr. Chan's
4    guilt means that any misconduct is not likely to be prejudicial.  If anything, this
5    underscores Mr. Chan's argument.  The complexity of the case and the jury
6    instructions, combined with the amount of evidence and way that evidence was
7    presented, casts doubt on the the jury's ability to reach such a quick decision.  As
8    the government itself notes, there were multiple schemes at issue here, and
9    separate evidence was used for each different count.  Moreover, Mr. Chan
10   repeatedly exposed factual inconsistencies and substantial credibility issues in
11   the testimony of virtually every key government witness.

12        Properly considering this information would have taken longer than the
13   jury took to reach its decision.  Given the non-linear nature of the government's
14   presentation of evidence, the number of counts and the complexity of the verdict
15   form and jury instructions, the jury's quick verdict appears to have been
16   prematurely made, as wished for by at least one of the jurors and in the presence
17   of the foreperson.  Furthermore, given that some jurors plainly failed to respect
18   the Court's prohibition on discussing the case outside of the deliberative process,
19   it is also possible the jurors failed to adhere to the Court's other instructions as
20   well.

21        It is rare that the Court and the parties become aware of the jurors'
22   discussions outside of the jury room.  But when evidence of such discussion is
23   discovered, a proper investigation into the context of such discussions is
24   required.  The Court, at a minimum, must question the jurors to clarify that
25   context.

26
27
28

REPLY IN SUPPORT OF MOTION FOR MISTRIAL AND/OR EVIDENTIARY HEARING

1  **IV.   CONCLUSION**

2         For all the foregoing reasons, Mr. Chan respectfully requests that the Court

3  grant a mistrial based on juror misconduct and/or hold an evidentiary hearing to

4  determine the scope of juror misconduct.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION FOR MISTRIAL AND/OR EVIDENTIARY HEARING