UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 20-326(A)-JFW**                                                                 Dated: April 26, 2024

================================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
| | | Susan S. Har |
| | | Brian R. Faerstein |
| | | Asst. U.S. Attorney |
| | | Not Present |

================================================================================

U.S.A. vs (Dfts listed below)                              Attorneys for Defendants

2)   Raymond She Wah Chan                    2)   John Hanusz, Retained
     Not Present                                             Michael Gregory Freedman, Retained
                                                                        Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING DEFENDANT RAYMOND CHAN'S MOTION FOR MISTRIAL DUE TO JURY MISCONDUCT OR, IN THE ALTERNATIVE, AN EVIDENTIARY HEARING [filed 4/8/2024; Docket No. 1405]**

On April 8, 2024, Defendant Raymond She Wah Chan ("Defendant") filed a Motion for Mistrial Due to Jury Misconduct or, in the Alternative, an Evidentiary Hearing.  On April 15, 2024, Plaintiff United States of America (the "Government") filed its Opposition.  On April 22, 2024, Defendant filed a Reply.  The Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 3, 2024 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On November 12, 2020, the grand jury returned the First Superseding Indictment charging Defendant with RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346, 2(b) (Counts Two through Four and Counts Twelve through Fifteen), federal program bribery in violation of 18 U.S.C. § 666(a)(1)(B), 2(a)

Initials of Deputy Clerk  sr

(Counts Twenty-Two, Twenty-Seven, and Twenty-Eight), and making false statements in violation of 18 U.S.C. § 1001(a)(2) (Count Thirty-Nine).  Defendant's first jury trial commenced on February 21, 2023, but ended in a mistrial after eight days due to defense counsel's illness.

After Defendant retained new counsel,  Defendant's second trial commenced on March 12, 2024. After calling eleven witnesses and introducing nearly 800 exhibits, the Government rested on Monday, March 25, 2024.  Defendant rested without calling any witnesses.  On Tuesday, March 26, 2024, counsel for the parties delivered over five hours of closing arguments.  The Court then read 75 pages of instructions to the jury, which took approximately one and a half hours. The bailiff was sworn, and the jury began deliberations at approximately 3:40 p.m.; the jury left for the day at approximately 4:00 p.m.

As the Court relayed to the parties, after the jury left for the day on Tuesday, March 26, 2024, a Courtroom Deputy ("CRD") for a different judge witnessed a group of three jurors walking together from the courthouse to a parking lot. The CRD, who was walking behind the group, reported that she overheard one juror from the group comment that the juror hoped the jury would arrive at a quick verdict. The CRD overheard a second comment when one juror (presumably the foreperson) stepped off the curb into traffic and another juror remarked that he should be careful; otherwise, they would need to select a new foreperson. The CRD also observed that a fourth juror from the trial was walking behind the group of the three jurors.

The CRD advised the CRD for this Court of the jurors' comments, which this Court's CRD then brought to the Court's attention on the morning of Wednesday, March 27, 2024.  The Court concluded that there was no juror misconduct. The jury began deliberating around 8:00 a.m. that morning.  At approximately 9:15 a.m., the jury sent a note indicating that it had reached a verdict. The jury unanimously found Defendant guilty on all twelve counts and made all necessary special findings. The jury was polled, with each juror affirming that the verdicts as read by the Court reflected his or her verdicts.

On Thursday, March 28, 2024, out of an abundance of caution and in light of the jury's verdict, the Court interviewed the CRD who overheard the jurors' comments.  Although the Court continued to believe that there was no misconduct, on Friday, March 29, 2024, the Court held a status conference and advised counsel of the information it had learned from the interview.  Thereafter, Defendant filed this motion for a mistrial.

## II.     LEGAL STANDARD

The district court has considerable discretion in deciding whether to declare mistrial due to juror misconduct.  See *United States v. Banks*, 514 F.3d 959, 973-74 (9th Cir. 2008); *United States v. Shyrock*, 342 F.3d 948, 973-74 (9th Cir. 2003). "Considerable deference is paid to the trial judge, since the trial judge is uniquely qualified to appraise the probable effect of information upon the jury, the materiality of the extraneous material, and its prejudicial nature." *United States v. Madrid*, 842 F.2d 1090, 1092 (9th Cir. 1988) (quotations and citations omitted). The district court has particularly "broad flexibility" in investigating a claim of juror misconduct "when the alleged prejudice results from statements by the jurors themselves, and not from . . . outside influences" because of the less serious threat posed by intra-jury communications. *United States v. Cox*, 324

F.3d 77, 86 (2d Cir. 2003) (quotations and citations omitted). "[N]ot every incident of juror misconduct requires a new trial. The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974) (internal citations omitted).

When addressing potential misconduct, "it is within the trial judge's discretion to determine whether and when to hold an evidentiary hearing on such allegations. If the judge orders an investigative hearing, it is within his discretion to determine its extent and nature." *United States v. Hendrix*, 549 F.2d 1225, 1227-28 (9th Cir. 1977). "An evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias. Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *United States v. Angulo*, 4 F.3d 843, 847 (9th Cir. 1993) (citations omitted).

### III.  DISCUSSION

The Court concludes that a mistrial is not warranted. Specifically, the Court finds that there was no juror misconduct, and that even if the jurors' comments could be construed as misconduct, such conduct was not serious and did not prejudice Defendant. Defendant received a fair trial.

The juror's comment took place *after the close of evidence, after the Court instructed the jury, after deliberations commenced*, and was limited to an understandable expression of hope that a verdict would be reached quickly.[1] Notably, there was no discussion of the merits or substance of the case, and no juror expressed an opinion as to what the verdict should be. Although the Court instructed the jury not to "deliberate" without all members of the jury present,[2] "[n]ot every comment a juror may make to another juror about the case is a discussion about a defendant's guilt or innocence that comes within a common sense definition of deliberation." *United States v. Peterson*, 385 F.3d 127, 135 (2d Cir. 2004) (holding that a juror was not engaging in premature deliberations when she told another juror that she knew the defendants). Moreover, "[t]he important thing is not that the jurors keep silent with each other about the case but that each juror keep an open mind until the case has been submitted to the jury." *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974). Here, the case had already been submitted to the jury, and, in any event, no substantive discussion about the case took place. Under these circumstances, the Court finds that no misconduct occurred.

---

[1] In his moving and reply papers, Defendant repeatedly mischaracterizes the nature of the conduct in this case, and cites inapposite cases involving distinct and more serious conduct. For example, Defendant erroneously claims that the members of the jury "prematurely deliberated," "express[ed] an opinion on guilt prior to the commencement of actual deliberations," and "reach[ed] their own verdicts before full deliberations." *See* Motion at 1, 2, 2 n.3; Reply at 2,   There was no such conduct in this case.

[2] The Court also instructed the jury that, except for discussing the case with their fellow jurors during their deliberations, they should not communicate with anyone "about the merits of the case or anything to do with it." *See* Jury Instructions *(*Docket No. 1398), Court's Instruction No. 38. This instruction primarily addresses communications with third parties.

Even if the three jurors' limited, non-substantive discussion (without all members of the jury present) could somehow be construed as misconduct, such misconduct was not "serious" and does not warrant a new trial.  See *United States v. Fails*, 51 Fed. Appx. 211, 215-16 (9th Cir. Nov. 12, 2002) (describing the nature of the alleged misconduct as "not serious" where three jurors discussed the case during a short break during jury deliberations, and affirming the district court's denial of a mistrial); *cf. United States v. Lespier*, 2012 WL 1032698, at * (W.D.N.C. Mar. 27, 2012) (denying motion for new trial where two jurors were overheard deliberating without the entire jury present during a lunch recess).  The Ninth Circuit has affirmed denials of motions for a mistrial or new trial with far more egregious circumstances of misconduct.  *See, e.g.*, *United States v. Klee*, 494 F.2d 394, 395-96 (9th Cir. 1974) (holding that the district court did not err in denying a motion for a new trial, even though eleven jurors prematurely discussed the case during recesses, and nine of the jurors expressed premature opinions about the defendant's guilt).

Moreover, contrary to Defendant's speculation, there is no indication that any juror placed any undue pressure on other members of the jury -- or that any juror felt any undue pressure -- to reach a verdict quickly or to reach a verdict with which they did not agree. Each member of the jury was polled and each member without hesitation affirmed that the verdicts as read by the Court reflected his or her verdicts.  Defendant contends that the brevity of the deliberations suggests that members of the jury felt pressured to reach a quick verdict, particularly in light of the complexity of the case, 75-page jury instructions, and 24-page verdict form.  Although the jury did reach a unanimous verdict quickly, as the juror had hoped, "[t]here is no established rule that any specified time is required to reach unanimity.  Defendant's argument is a two-edged sword.  The jury may have thought that there was not even a shadow of doubt as to guilt."  *United States v. Anderson*, 561 F.2d 1301, 1303 (9th Cir. 1977). *See also United States v. Miles*, 363 Fed. Appx. 506, 508 (9th Cir. Jan. 26, 2010) (rejecting defendant's argument that jury failed to discharge its duty by returning a verdict in less than thirty minutes).  Indeed, although this case was complex, Defendant ignores that the jury was extremely attentive during trial, and that Government counsel reviewed the most salient evidence and the elements of the charges during its closing argument and painstakingly explained the verdict form during its rebuttal.

Defendant argues that an evidentiary hearing is necessary, and that the Court should examine both the jurors and CRD.  The Court disagrees.  Rule 606(b) prohibits a juror from testifying about "any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1).  There is a limited exception to this prohibition when there is a colorable claim that "extraneous prejudicial information was improperly brought to the jury's attention" or "an outside influence was improperly brought to bear on any juror." Fed. R. Evid. 606(b)(2).  Even in such a case, courts may only question jurors as to *whether* extraneous prejudicial information or outside influences were brought to bear on any juror, but may not question jurors as to the effect or impact of any such information on the jury's deliberations. Fed. R. Evid. 606(b); *United States v. Montes*, 628 F.3d 1183, 1188 (9th Cir. 2011) ("Jurors therefore may not be questioned about their deliberative process or the subjective effects of extraneous information"). The Ninth Circuit has recognized that "these constrictions can severely limit the utility of holding an evidentiary hearing at which jurors may testify." *Montes*, 628 F.3d at 1188.

In this case, there is no colorable claim that any extraneous prejudicial information was

brought to the jury's attention or that any outside influence was improperly brought to bear on any juror. *See, e.g., United States v. Wintermute*, 443 F.3d 993, 1002 (8th Cir. 2006) ("Extraneous influence includes publicity received and discussed in the jury room, matters considered by the jury but not admitted into evidence, and communications or other contact between jurors and outside persons.") (quotations and citations omitted). And, in any event, the Court may not inquire as to the effect or impact that the juror's "quick verdict" comment had on any other juror. *See, e.g., United States v. Straach*, 987 F.2d 232, 242 (5th Cir. 1993) (holding that "pressure" to compromise a verdict does not constitute an outside influence, and that testimony about a "jury's internal deliberations cannot result in a mistrial"); *Fails*, 51 Fed. Appx. at 216 ("[T]he district court risked invading the privacy of jury deliberations in violation of Federal Rule of Evidence 606(b) when no nonjuror participated in the discussion, there was no indication that the jurors were otherwise improperly discussing extraneous evidence, and the discussion took place during a short break from ongoing deliberations.").

The Court also concludes that it is unnecessary to hold an evidentiary hearing to further examine the CRD. The Court already conducted an interview of the CRD regarding the brief events that the CRD witnessed. After considering the content of the allegations (a statement that a juror hoped for a "quick verdict"), the seriousness of the alleged misconduct or bias (not serious), and the credibility of the source (credible), the Court finds that an evidentiary hearing would be a waste of judicial resources and be nothing more than a fishing expedition. The Court has presumed the statement was made, and finds that a mistrial is not warranted.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Mistrial Due to Jury Misconduct or, in the Alternative, an Evidentiary Hearing is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk  sr