# EXHIBIT A

| | | |
|---|---|---|
| **From:** | Faerstein, Brian (USACAC) | |
| **To:** | John Hanusz; Michael Freedman | |
| **Cc:** | Palmer, Cassie (USACAC) 2; Har, Susan (USACAC) | |
| **Subject:** | U.S. v. Chan -- Meet and Confer re Loss Calculation | |
| **Date:** | Monday, June 3, 2024 10:56:06 AM | |
| **Attachments:** | 1420 - Order re Chan Loss Amt M&C.pdf | |

John and Michael,

Per the Court's order regarding your objections to the PSR's loss calculation (Dkt. No. 1420, attached), we have identified in the chart below the central evidence underlying the financial benefits that comprise the PSR's $1,949,565 calculation under U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1).

Please note that the exhibits and testimony identified for each category of financial benefit below do not constitute the exclusive evidence supporting each amount; for ease of reference, we cited to the most direct exhibit or exhibits reflecting the corresponding dollar amount. There was also relevant testimony at trial establishing many of these benefits, their amounts, and Chan's involvement with them. For example, George Esparza, George Chiang, Morrie Goldman, and Andy Wang provided testimony about various overarching aspects of the RICO conspiracy and/or the pay-to-play scheme that underlie your client's involvement in directing and facilitating financial benefits to Huizar and other public officials as well as his knowledge of the scope of the overall conspiracy/scheme. In addition, where we refer to summary charts, the exhibits and evidence underlying those summary charts also provide support for the specific financial benefits in the chart. To the extent you have any questions about any of the citations and evidence described below, please let us know.

| **Scheme** | **Description** | **Amount** |
|---|---|---|
| LA Grand Hotel Bribery Scheme | Sexual Harassment Lawsuit Settlement Money (Exs. 464, 927) | $575,269 |
| | Gambling Chips for Huizar (Ex. 921) | $194,500 |
| | Gambling Chips for Esparza (Ex. 921) | $38,000 |
| | Las Vegas Group Benefits (Pro-Rated by 10) (Ex. 921) | $111,793 |
| Luxe Hotel Bribery Scheme | Payments to Synergy from Hazens (50% Share from Jan. 2015-July 2018)* (Exs. 44B, 551A, 930, 931, 932A, 933 / Chiang Testimony) | $752,457 |
| | Payments for Real Estate Reports (via Ernie Camacho) (Exs. 42C, 932, 932A /Chiang Testimony) | $66,000 |
| | China Trip Benefits (2017) (Exs. 571, 572, 573, 575/ Chiang Testimony/Huizar Plea/Jia Yuan USA NPA) | $1,900 |

|  |  |  |
|---|---|---|
|  | The Weeknd Concert Tickets (Ex. 574 / Huizar Plea/Chiang Testimony) | $1,572 |
|  | Kendrick Lamar Concert Tickets (Ex. 576 / Huizar Plea) | $1,679 |
|  | Salesian Contribution (2015) (Exs. 113, 113A, 114, 118, 42A p. 3, 42E p. 3, 42F p. 3, 42G p. 3) | $10,000 |
|  | Contribution to Huizar Post-2015 Election Campaign Debt (Exs. 113, 113A, 114, 118, 42A p. 3, 42E p. 3, 42F p. 3, 42G p. 3) | $10,000 |
|  | Commitment to Richelle Rios' Campaign (Exs. 125, 126) | $100,000 |
|  | Payment to Joel Jacinto (via Ave Jacinto) (Ex. 941 / Wang Testimony) | $20,030 |
|  | Payment to Deron Williams Sr. (via Deron Williams Jr.) (Exs. 701, 714, 715 / Chiang Testimony) | $1,933 |
| Arts District Center Bribery Scheme | PAC Contribution by Kevin Chen (Exs. 800, 812, 364T, 135) | $12,500 |
|  | Dodgers Tickets to Shawn Kuk (Exs. 802, 817, 942 p. 2) | $1,932 |
|  | Payment to Shawn Kuk (Exs. 45B, 45C, 45D / Wang, Chiang, Civetti Testimony) | $10,000 |
| Other Pay-to-Play Conduct | Chinese Developer Contributions to Salesian (2015) (Exs. 113, 113A, 114, 118, 42A p. 3, 42E p. 3, 42F p. 3, 42G p. 3) | $25,000 (Greenland) $10,000 (Oceanwide) $5,000 (City Century) |
|  | **TOTAL** | **$1,949,565** |

*The government has adopted a conservative approach for the Hazens-to-Synergy payment calculation: the government is including payments that Synergy received from Hazens only through July 5, 2018, as the payments made on that date constituted the last set of payments relating to the agreement for Synergy to assist Hazens in obtaining all entitlement-related approvals for the Luxe Hotel project, up through City Council's approval of Hazens' development agreement for the Luxe Hotel project on June 12, 2018.  (Ex. 931.)

On a related note, we understand from your PSR objections that you are taking the position that your client should be held accountable under Sections 2C1.1(b)(2) and 2B1.1(b)(1) only for the $69,939 in checks from Synergy to LABXG.  We believe your position is belied by the evidence, the law, and the jury's verdict.

Your client was found guilty of the central RICO conspiracy, which encompassed the financial benefits and payments to public officials set forth above as part of the pay-to-play scheme.  Your

client also was found guilty of all the substantive counts pertaining to his direct solicitation of bribes from Hazens for himself and his aiding/abetting and facilitation of bribes from SZNW and Hazens to Huizar. All of the financial benefits above constitute bribes your client received, bribes he facilitated for Huizar, or bribes he directed be paid to other public officials as part of the offense conduct for which he was found guilty. To the extent you contend any of these financial benefits were not part of the sweeping offense conduct for which your client was convicted, your client still would be liable for the solicitation and provision of these benefits for an independent reason: they were reasonably foreseeable to him and part of the jointly undertaken criminal activity for which your client served an integral role. U.S.S.G. § 1B1.3(a)(1).

Thus, as this is "a case involving more than one incident of bribery," "the applicable amounts under subsection (b)(2) (i.e., the greatest of the value of the payment, the benefit received or to be received, the value of anything obtained or to be obtained by a public official or others acting with a public official, or the loss to the government) are determined separately for each incident and then added together." U.S.S.G. § 2C1.1 cmt., n. 2. The incidents and corresponding payments at issue under Sections 2C1.1(b)(2) and 2B1.1(b)(1) are based on the offense conduct and relevant conduct, and, contrary to your PSR objections, not merely on the bribe payments your client received through LABXG in late 2017. See, e.g., United States v. Kahlon, 38 F.3d 467, 470 (9th Cir. 1994) ("Bribes paid by others not in the presence of the defendant, but in furtherance of the conspiracy, can be "'reasonably foreseeable.'"); United States v. Sunchild, 648 F. App'x 595, 598 (9th Cir. 2016) (finding defendant accountable for own kickbacks and kickbacks received by co-conspirator as "part of a jointly undertaken scheme that resulted in other reasonably foreseeable kickbacks that together exceeded $200,000 in value"); United States v. Huff, 609 F.3d 1240, 1245-46 (11th Cir. 2010) (rejecting defendant's claim that his loss amount was limited to bribes he received and not those received by co-conspirator, where defendant also was "liable for all acts he aided and abetted . . . and for the acts of his co-conspirators that were reasonably foreseeable to him"); United States v. Reese, 666 F.3d 1007, 1021-22 (7th Cir. 2012) ("The district court held Reese responsible not only for the bribes he personally received but also for the bribes paid to Johnson by Oros, Garneata, and Danny. A conspirator is liable for 'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,'" citing U.S.S.G. § 1B1.3(a)(1)(B)).

Please let us know when you are ready to meet and confer on this issue and the restitution issue we started discussing a few weeks ago. We look forward to discussing these matters further.

Best,
Brian

**Brian R. Faerstein | Assistant United States Attorney**
United States Attorney's Office | Central District of California
312 N. Spring Street | Los Angeles, CA 90012
T: 213.894.3819 | brian.faerstein@usdoj.gov