**United States District Court**
**Central District of California**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. | **CR 20-326(A)-JFW** |

**Defendant**   2. Raymond She Wah Chan [19674-509]     **Social Security No.** 2027   (Last 4 digits)

akas:   Kwong, Raymond She Wah (birth name)

| | MONTH DAY YEAR |
|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on | **October 4, 2024** |

**COUNSEL**   John Hanusz, Retained and Michael Gregory Freedman, Retained

**PLEA**   ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☒ **NOT GUILTY**

**FINDING**   There being a jury verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: **Racketeer Influenced and Corrupt Organizations Conspiracy in violation of 18 U.S.C. § 1962(d) [Count 1]; Honest Services Mail and Wire Fraud, Aiding and Abetting in violation of 18 U.S.C. §§ 1343, 1346, 2(a) [Counts 2, 3, 4, 14, and 15]; Honest Services Mail and Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346 [Counts 12, 13]; Bribery Concerning Programs Receiving Federal Funds, Aiding and Abetting in violation of 18 U.S.C. §§ 666(a)(1)(B), 2(a) [Counts 22, 27]; Bribery Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B) [Count 28]; False Statement in violation of 18 U.S.C. § 1001(a)(2) [Count 39] as charged in the Forty-One Count First Superseding Indictment filed on November 12, 2020**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Raymond She Wah Chan, is hereby committed on Count 1, 2, 3, 4, 12, 13, 14, 15, 22, 27, 28, and 39 of the First Superseding Indictment to the custody of the Bureau of Prisons for a term of 144 months. This term consists of 144 months on Counts 1, 2, 3, 4, 12, 13, 14, and 15; 120 months on Counts 22, 27, and 28; and 60 months on Count 39 of the First Superseding Indictment, all to be served concurrently.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1, 2, 3, 4, 12, 13, 14, 15, 22, 27, 28, and 39 of the First Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04, including the conditions of probation and supervised release set forth in Section III of Second Amended General Order 20-04.

2. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant.

| USA vs. | 2. Raymond She Wah Chan [19674-509] | Docket No.: | CR 20-326(A)-JFW |
|---|---|---|---|

4. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments, and any other financial gains to the Court-ordered financial obligation.

5. As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns and a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income, expenses, and liabilities of the defendant.

6. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

It is ordered that the defendant shall pay to the United States a special assessment of $1,200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution to the City of Los Angeles in the total amount of $752,457 pursuant to 18 U.S.C. § 3663A.

The Court finds from a consideration of the record that the defendant's economic circumstances allow for restitution payments pursuant to the following schedule: A partial payment of at least $185,000 shall be paid immediately. A second partial payment of $425,000 shall be paid no later than six months from the date of sentencing. The balance of the restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $8,000, whichever is greater, shall be made during the period of supervised release and shall begin 90 days after the commencement of supervision.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine in addition to restitution.

The defendant shall comply with Second Amended General Order No. 20-04.

Defendant informed of right to appeal.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons at or before 12 noon, on January 6, 2025. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the First Street U.S. Courthouse 350 W. First Street, Suite 3001, Los Angeles, CA 90012

Court recommends that the defendant be placed in a facility located in Southern California.

The current terms and conditions of the defendant's release shall remain in effect until the defendant begins serving the sentence imposed by the Court.

| USA vs. | 2. Raymond She Wah Chan [19674-509] | Docket No.: | CR 20-326(A)-JFW |

Upon verification of defendant's self-surrender, defendant's bond shall be exonerated and defendant's passport/passport card, if in the possession of the government, be returned to the defendant.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

October 4, 2024
Date

*/s/ John F. Walter*
U.S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

October 4, 2024
Filed Date

By */s/ Shannon Reilly*
Deputy Clerk

| USA vs. | 2. Raymond She Wah Chan [19674-509] | Docket No.: | CR 20-326(A)-JFW |
|---|---|---|---|

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| X | The defendant must also comply with the following special conditions (set forth below). |
|---|---|

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

### CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By _____
Date                Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By _____
Filed Date           Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  _____
Defendant                    Date

_____  _____
U. S. Probation Officer/Designated Witness    Date