UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 20-326(A)-JFW**                                            Dated: November 13, 2024

================================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
| | | Susan S. Har |
| | | Brian R. Faerstein |
| | | Asst. U.S. Attorney |
| | | Not Present |

================================================================================

U.S.A. vs (Dfts listed below) - Not Present         Attorneys for Defendants - Not Present

2)   Raymond She Wah Chan                           2)   John Hanusz, Retained
     On bond                                             Michael Gregory Freedman, Retained

_____

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL [filed 10/18/2024; Docket No. 1456]**

On October 18, 2024, Defendant Raymond She Wah Chan ("Defendant") filed a Motion for Bail Pending Appeal. On November 1, 2024, the Government filed its Opposition. On November 11, 2024, Defendant filed a Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 22, 2024 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On March 27, 2024, a jury found Defendant guilty on all 12 counts charged against him in the First Superseding Indictment: one count of Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); two counts of honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346 (Counts Twelve and Thirteen); five counts of aiding and abetting honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346, 2(a) (Counts Two, Three, Four, Fourteen, and Fifteen); one count of bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B) (Count Twenty-Eight); two counts of aiding and abetting bribery concerning programs receiving federal funds in violation of 18 U.S.C. §§ 666(a)(1)(B), 2(a) (Counts Twenty-Two and Twenty-Seven); and one count of making false

statements to a federal agency in violation of 18 U.S.C. § 1001(a)(2) (Count Thirty-Nine).

On October 4, 2024, the Court sentenced Defendant to a below-Guideline term of 144 months' imprisonment and ordered him to pay $752,457 in restitution to the City of Los Angeles. The Court ordered Defendant to self-surrender by noon on January 6, 2025. In his Motion, Defendant now moves for bail pending appeal pursuant to 18 U.S.C. § 3143(b).

## II.    LEGAL STANDARD

18 U.S.C. § 3143(b) provides in relevant part:

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

(B)   that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i)    reversal,

(ii)   an order for a new trial,

(iii)  a sentence that does not include a term of imprisonment, or

(iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title.

A substantial question is one that is "fairly debatable" or "fairly doubtful," that is, "of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (quotations and citations omitted).

## III.   DISCUSSION

### A.    Defendant has failed to demonstrate that his appeal will raise a substantial question of law or fact.

The Court concludes that Defendant has failed to demonstrate that his appeal will raise a substantial question of law or fact likely to result in reversal, an order for a new trial, or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process.

In his Motion, Defendant claims that he will raise the following alleged substantial questions of law or fact in his appeal: (1) the impact of the Supreme Court's decision in *Snyder v. United States*, 603 U.S. 1 (2024) on his conviction for bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B) (Count Twenty-Eight); (2) the sufficiency of the evidence regarding the SZNW-related aiding and abetting bribery convictions (Counts 2, 3, 4, and 22); (3) the Court's denial of his motions in limine, which allegedly resulted in the admission of prejudicial and inadmissible evidence; (4) the Court's denial of Defendant's motion for a mistrial based on juror misconduct; (5) the alleged miscalculation of Defendant's advisory sentencing range under the Guidelines; and (6) the alleged miscalculation of the amount of restitution. For the reasons stated by the Government, the Court concludes that these questions of law or fact that are not "fairly debatable" or "fairly doubtful." Specifically:

- <u>The impact of *Snyder v. United States,* 603 U.S. 1 (2024) on Count 28</u>: In *Snyder*, the Supreme Court held that 18 U.S.C. § 666 criminalizes bribes to state and local officials but does not make it a crime for those officials to accept gratuities for their past official acts. The Supreme Court stated in relevant part: "[A] state or local official does not violate § 666 if the official has taken the official act before any reward is agreed to, much less given." 603 U.S. at 19. The Supreme Court, however, confirmed that, "[a] state or local official can violate § 666 when he accepts an up-front payment for a future official act or agrees to a future reward for a future official act." *Id*. Importantly, with respect to Count Twenty-Eight, the jury was only instructed on a bribery theory of liability under 18 U.S.C. § 666, and not on a gratuity theory of liability. *See* Jury Instructions (Docket No. 1398) at 54 (instructing jury that the government must prove beyond a reasonable doubt that Defendant was an "agent of a local government" and that he "solicited, demanded, accepted, or agreed to accept a thing of value" with an "intent to be influenced" in connection with the redevelopment of the Luxe Hotel, including in "exerting pressure or on advising officials from City Council, the City of Los Angeles Planning Commission, Planning Department, or other departments to take an official act to benefit the redevelopment of the Luxe Hotel"). And, importantly, the evidence at trial established that Defendant agreed to accept benefits from Hazens for Defendant's official acts while he was still a public official, and that he merely waited until later to draw upon and receive the money that Hazens paid Synergy.

- <u>Sufficiency of the evidence regarding the SZNW-related aiding and abetting bribery convictions </u>(Counts 2, 3, 4, and 22): Defendant contends that the Government's evidence was not sufficient to prove that Defendant aided and abetted any *quid pro quo* agreement between Jose Huizar and Chairman Wei Huang of Shen Zhen New World I LLC ("SZNW") because there was no evidence that Defendant knew, before the crime was completed, that: (1) Wei Huang corruptly intended to provide financial benefits to Huizar in exchange for official acts, as opposed to simply "curry[ing] favor," or that (2) Huizar agreed that he would "take official acts in exchange for money." Motion at 5-6. However, in light of the highly deferential standard of review on appeal, the Court easily concludes that this argument does not raise a "substantial question of law or fact." Indeed, viewing the evidence in the light most favorable to the prosecution (as the Court must), a rational trier of fact could (and did) find the requisite elements for aiding and abetting liability. For example, George Esparza

testified regarding the introductory dinner between Huizar and Huang, where Defendant served as translator and encouraged Huizar and Esparza to go to Las Vegas with Huang while touting Huizar as the "big boss" of downtown with influence over development projects.  During a post-dinner "debrief" Huizar asked Chan if he thought Huang "got it" or would be "supportive" (in reference to whether Huang would provide Huizar with benefits), and Defendant reassured Huizar that there was a "good connection."  Esparza also testified that, after casino security approached Huizar as a politically exposed person, Defendant was consulted and concurred that they should let Las Vegas "cool off."  In addition, Esparza testified that Huizar asked Defendant to speak with Huang about funding or helping with the Godoy settlement, and that Defendant came up with the idea for structuring the collateral arrangement to conceal the money trail from Huang to Huizar. The evidence at trial also demonstrated that Defendant worked closely with SZNW and Huang to advance the redevelopment of the L.A. Grand Hotel and secure Huizar's help, including by coordinating meetings and tracking issues related to the project's Transfer of Floor Area rights entitlement on his Radar screens. Notably, Esparza testified that Defendant participated in the smoke break at Huang's Sheraton Hotel with Huang, Huizar, Esparza and Zheng, where Huang asked for Huizar's support on the project and Huizar pledged his support for the project. *See also* Government's Opposition at 15-18 (citing extensive relevant evidence presented at trial).

- <u>The Court's denials of Defendant's motions in limine to exclude other schemes, details about the trips to Las Vegas, and co-conspirators' statements regarding Defendant's intent or motive</u>: Without any analysis or citation to any specific evidence, Defendant, in a conclusory fashion, asserts that the Court's rulings on his motions in limine resulted in the admission of "highly prejudicial or inadmissible evidence," meriting a new trial.  As such, the Court concludes that he has failed to meet his burden to demonstrate that this issue raises a substantial question of law or fact.  *See United States v. Montoya*, 908 F.2d 450, 451 (1990) (noting that it is the moving party's burden to demonstrate that a "fairly debatable" issue on appeal).   In any event, the Court concludes that the Court's rulings on Defendant's motions in limine were correctly decided and not fairly debatable, and do not pose any danger of reversible error because: (1) with respect to the Court's denial of Motion in Limine No. 1 to exclude evidence concerning details of Las Vegas trips, the Las Vegas trips constituted the actual bribes (along with the Godoy settlement) that were central to the L.A. Grand Hotel bribery scheme; (2) with respect to the Court's denial of Motion in Limine No. 2 to exclude testimony concerning unrelated schemes, the 940 Hill and Mateo Schemes were probative of the existence, conduct, and goals of the CD-14 enterprise, and the Government introduced only limited evidence of these schemes; and (3) with respect to Defendant's Motion in Limine No. 3 to exclude evidence concerning the details of speculative testimony about knowledge, intent, motive, or state of mind, the Court denied the motion in limine, concluding that it was necessary to evaluate the admissibility of such testimony on a question-by-question basis, and Defendant fails to cite a single example of such testimony from his trial that he intends to challenge on appeal.

Initials of Deputy Clerk  sr

- <u>The Court's denial of Defendant's Motion for Mistrial Due to Jury Misconduct, or in the Alternative, an Evidentiary Hearing</u>: The juror's non-substantive comment to other jurors regarding his or her hope for a quick verdict took place after the close of evidence, after the Court had instructed the jury, and after the case had been submitted to the jury. Moreover, there was no colorable claim that any "extraneous prejudicial information" was brought to the jury's attention or that any "outside influence" was brought to bear on any juror. Based on these factors, the Court concludes that its denial of Defendant's motion for a mistrial (and request for an evidentiary hearing) was not "fairly debatable" or "fairly doubtful."

- <u>The Court's Guidelines Calculations</u>: Defendant challenges the Court's application of various enhancements, but fails to provide any analysis in his moving papers as to why the application of these enhancements raises a substantial question of law or fact, and thus fails to meet his burden under Section 3143(b)(1)(B). Moreover, Defendant's objections to these enhancements bordered on the frivolous, and in any event, even if Defendant had raised a substantial question on one or more of these enhancements, he has failed to demonstrate that the appeal would likely result in his sentence being reduced to a term of imprisonment less than the expected duration of the appeal process. Indeed, even in the unlikely event Defendant prevailed on all four of his sentencing challenges, Defendant's Guidelines range would be 41-51 months. Even a low-end sentence of 41 months' (or Defendant's proposed sentence of 33 months' imprisonment) would be beyond the average time to resolve an appeal on the merits of a criminal case in the Ninth Circuit.

- <u>The Court's restitution calculation:</u> Section 3143(b)(1)(B) requires the substantial question to be one that would likely lead to reversal, a new trial, or a reduced term of imprisonment. Defendant's challenge to the Court's restitution calculation could not possibly lead to any of these results.

Accordingly, because the Court concludes that Defendant has failed to demonstrate that he will raise a substantial question of law or fact in his appeal that would likely result in a reversal, a new trial, or a reduced term of imprisonment less than the total duration of the appeal process, Defendant's Motion for Bail Pending Appeal is **DENIED**. In essence, Defendant disagrees with the jury's verdict and its resolution of the facts in the Government's favor, but has failed to demonstrate that any of the questions of law or fact he intends to raise on appeal are "fairly debatable."

### B.     Defendant's Request to Stay the Court's Restitution Order Is DENIED.

Under Rule 38(e)(1), the Court has the discretion to stay restitution pending appeal, and to set whatever terms the Court considers appropriate during the pendency of the stay. Fed. R. Crim. P. 38(e)(1). In determining whether to grant a stay, the Court considers the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Initials of Deputy Clerk   sr

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotations and citations omitted).

The Court concludes that a stay is not warranted in this case. In particular, Defendant has not made a strong showing that he is likely to succeed on the merits on the amount of restitution. As the Ninth Circuit held in *United States v. Gaytan*, 342 F.3d 1010, 1012 (9th Cir. 2003), when a public official of the City accepts bribe money, the City suffers a loss in that amount. The Court concluded that the financial benefits that Defendant received from the Luxe Hotel Bribery Scheme was $752,457, reflecting Defendant's 50% share of the bribe payments to Synergy from Hazens from January 2015 to July 2018, and thus that the loss to the City was $752,457 as a result of Defendant's conduct. Defendant argues that the Court erroneously calculated the amount of restitution, because it should be based on the amount of the bribes he actually received (instead of the intended or promised amount). However, contrary to Defendant's argument, the Court's calculated restitution amount was based on the amount of the bribes Defendant actually received. The evidence at trial clearly demonstrated that Defendant instructed Chiang to establish Synergy as their 50/50 business, and the bribes paid to Synergy were in effect "received" by him. Whether and when Defendant withdrew those funds, reinvested them in Synergy, or transferred them to others is immaterial.

The Court also concludes that Defendant has failed to demonstrate that he will be irreparably harmed absent a stay. Indeed, according to the evidence at the sentencing hearing, Defendant's net worth is over $1.4 million, and the Court is not convinced by Defendant's unsupported assertions in his Reply that he will be required to sell his primary residence in order to comply with the restitution order.[1]

The Court also agrees with the Government that a stay of the restitution order risks injury to the City of Los Angeles through the depletion of Defendant's assets during the pendency of the appeal, especially given that Defendant is retired and on a fixed income. For this same reason, the public interest in this case favors a denial of Defendant's request to stay the restitution order.

Accordingly, the Court denies Defendant's request to stay the restitution order.

IV.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Bail Pending Appeal is **DENIED**.

IT IS SO ORDERED.

---

[1] For example, in his Reply, Defendant claims that he has a $200,000 mortgage on one of his investment properties. However, according to the evidence at the sentencing hearing, that $200,000 "mortgage" is a personal loan from his mother, and those funds were also used to pay his attorneys' fees.

Initials of Deputy Clerk   sr