Davina T. Chen (State Bar No. 202272)
Law Office of Davina T. Chen
1751 Colorado Boulevard, No. 190
Los Angeles, California 90041
Telephone: (23)446-8791
Email: Davina@DavinaChen.com

Attorney for Defendant
Raymond Chan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND SHE WAH CHAN,<br><br>Defendant. | Case No. 20-CR-00326-JFW<br><br>**Notice of Motion; Motion for Order Re Disclosure of Financial Information in Presentence Investigation Report of George Chiang; Points and Authorities; Declaration of Counsel**<br><br>Date: May 11, 2026<br>Time: 8:30 a.m. |

TO: FIRST ASSISTANT UNITED STATES ATTORNEY BILAL ESSAYLI AND ASSISTANT UNITED STATES ATTORNEY KEDAR BHATIA:

PLEASE TAKE NOTICE THAT on May 11, 2026, at 8:30 am, in the Courtroom of the Honorable John F. Walter, United States District Judge, defendant Raymond Chan, by attorney Davina T. Chen, will and hereby does move for an order permitting the disclosure of financial information of financial information in the Presentence Report of George Chiang.

Motion for Order re Disclosure of PSR

This application is based on the attached points and authorities, declaration of counsel, and exhibits, and any further information that may be provided to the Court at its request.

Dated: April 12, 2026

Respectfully submitted,

_s/ Davina T. Chen_
Davina T. Chen

Attorney for Raymond Chan

2

Motion for Order re Disclosure of PSR

## Memorandum Points and Authorities

Raymond Chan moves for an order permitting the disclosure of any financial information in cooperator George Chiang's presentence report. Specifically, Mr. Chan proposes that this Court review Mr. Chiang's presentence report to determine whether the statements about his financial resources therein support his testimony assertions at trial that he had held on to half of the Hazens money to distribute it later and, as of Mr. Chan's March 2024 trial, "most of those funds are sitting in the Synergy account minus expenses."

As set forth in the attached declaration of counsel, undersigned counsel has a good-faith belief that the presentence report is likely to contain information the government is required to disclose pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

"While a criminal defendant has no constitutional right to examine presentence reports, he is nevertheless entitled to disclosure of *Brady* material contained therein." *United States v. Alvarez*, 358 F.3d 1194, 1207 (9th Cir. 2004). "A defendant is entitled to material in a probation report that bears on the credibility of a significant witness in the case." *Id.* (cleaned up). When the government has possession of a presentence report, either actually or constructively, *Brady* obligations are triggered. *United States v. Cestoni*, 185 F. Supp. 3d 1184 (N.D. Cal. May 11, 2016). The court may either make an *in camera* inspection of the materials or rely on an examination by a probation officer. *Alvarez*, 358 F.3d at 1207.

The Ninth Circuit has held that "the prosecution's disclosure obligations do not end at trial, but instead continue until the conviction is final." *Payne v. Gipson*, No. 5:12-CV-01377-CAS-SP, 2025 WL 849613, at *9 (C.D. Cal. Feb. 28, 2025) (citing *Runningeagle v. Ryan*, 686 F/3d 758, 772 n. 6 (9th Cir. 2012);

3

*Tennison v. San Francisco*, 570 F.3d 1978, 1093-94 (9th Cir. 2009)). Mr. Chan's convictions are on direct appeal and are thus not yet final. The government's *Brady* obligations continue.

As set forth in the attached declaration, counsel has a good-faith belief that the financial portions of Mr. Chiang's presentence report contain *Brady* material. A major theme at Mr. Chan's trial was that Mr. Chan had formed a 50/50 partnership with Mr. Chiang in 2014, and that he made a "calculated decision to hold off" on taking his 50 percent share of Hazens payments specifically to "avoid the feds" (TT 156[1])—which implied that the money was physically available and waiting for him. Mr. Chiang testified that Chan "held on to the defendant's half of the money" in the Synergy bank account and that Chan told him to "just distribute later" to avoid exposure. (TT 1918-1919). He testified that in December 2018, after the FBI search of Synergy's office, he went to the bank and "cut a cashier's check" for Chan. (TT 2033-35). On cross-examination, he claimed that "most of those funds are sitting in the Synergy account minus expenses." (TT 2076).

During FBI Special Agent Andrew Civetti's cross-examination, he testified that George Chiang transferred funds to "Synergy's savings account," labeled MMA5878. (TT2538). On redirect, to explain why Synergy's *checking* account often had low monthly balances, FBI Special Agent Andrew Civetti testified about a "savings account" or "Money Market Account (MMA)," where the funds were kept. (TT2539-2540). He described this as a "high interest savings account." (TT2540). Civetti testified that the low monthly ending balances in the checking account (previously highlighted by the defense) did not

---

[1] TT refers to the trial transcript, excerpts of which are attached.

4

Motion for Order re Disclosure of PSR

reflect the "entirety of the funds available" because those records were "not documenting the savings account balances." (*Id.*).

As noted in the attached declaration, my review of the discovery has not yet disclosed the existence of any Synergy savings or money market account.

In addition, in view of the fact that Mr. Chiang decided to cooperate by February 2019, just a few months after the search of Synergy's office, I would have expected that he either have agreed to forfeit the money that he and Agent Civetti testified were being held for Mr. Chan, or the government to have sought forfeiture. But my review of the docket sheet in Mr. Chiang's case does not reflect any forfeiture agreement or action. I did note that the government's sentencing position stated that Mr. Chiang agreed to pay his complete fine of $250,000 within six months of judgment. (ECF 53 at 38), but I also noted that the same position paper states that the PSR opined that Mr. Chiang had an immediate ability to pay only $25,000, and a second payment of $200,000 within 180 days (ECF 53 at 37-38). If Mr. Chiang were holding Mr. Chan's "share" of the Hazens payments, I would have expected him to be able to pay the complete fine immediately.

Based on the above, as established in the attached declaration, I have a good-faith belief that the financial information contained in Mr. Chiang's PSR will contain *Brady* material. Therefore, Mr. Chan moves for disclosure of those portions of the PSR. If I receive them, I will treat the material as confidential and, should I need to file any portions in the Ninth Circuit, I would move that Court for permission to file those portions under seal.

For the foregoing reasons, Mr. Chan respectfully requests that this Court conduct a review of Mr. Chiang's presentence report to determine whether the financial resources described therein are consistent with Mr. Chiang's sworn

5

testimony at trial and, if not, to disclose them to undersigned counsel as confidential material.

Dated: April 12, 2026                                   Respectfully submitted,

                                                        *s/ Davina T. Chen*
                                                        Davina T. Chen

                                                        Attorney for Raymond Chan

Motion for Order re Disclosure of PSR

**DECLARATION OF DAVINA T. CHEN**

I, Davina T. Chen, declare as follows:

1.      I am an attorney licensed in the State of California and in good standing with all California courts and the United States District Court for the Central District of California. I represent defendant Raymond Chan on appeal, and I prepare this declaration in support of Mr. Chan's Motion for Order Rehe disclosure of the financial information in the Presentence Report of George Chiang.

2.      Attached to this declaration are the portions of the trial to which I cite by trial transcript page number (TT) in the Memorandum of Points and Authorities: Government's opening statement, Chiang testimony, Civetti testimony.

3.      On March 23, 2026, I spoke on the telephone with Assistant United States Attorney Kedar Bhatia. He agreed to make efforts to provide me with the Synergy Alliance materials I had requested and to let me know, by March 26, 2026, the government's position on disclosure of the financial portions of Mr. Chiang's PSR. I explained to Mr. Bhatia that, based on the materials I had reviewed, I was concerned that the government had solicited false testimony: from Mr. Chiang that he had left Mr. Chan's share of the Hazens payment in the bank, and from Agent Civetti that Synergy had a separate savings account that accounted for the low balances in the checking account. I explained that, if Mr. Chiang's PSR reflected the existence of funds in such an account, that might inform my analysis, but that if it did not, I would consider that material impeachment.

4.      On March 26, 2026, Mr. Bhatia responded by (1) asking me to send a 500 MB drive to permit the U.S. Attorney's Office to load the entire

Production 12 onto the drive to expedite my receipt of the materials, and (2) stating that the government opposed my request with respect to George Chiang's PSR.

5.    I sent a 500 MB drive to the U.S. Attorney's Office via Amazon.com, which was delivered to the USAO on March 27, 2026. As of the time I signed this declaration, I had not yet received the discovery requested,

6.    I am filing this motion for access to the financial portions of Mr. Chiang's PSR.

7.    On March 26, 2026, I advised George Chiang's attorney, Stanley Friedman, that I would be filing an application requesting this relief, and Mr. Friedman advised that Mr. Chiang opposes the relief sought.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 12th day of April, 2026, in Los Angeles, California


                                        */s/ Davina T. Chen*
                                        Davina T. Chen

Motion for Order re Disclosure of PSR