Davina T. Chen (State Bar No. 202272)
Law Office of Davina T. Chen
1751 Colorado Boulevard, No. 190
Los Angeles, California 90041
Telephone: (213) 446-8791
Email: Davina@DavinaChen.com

Attorney for Defendant
Raymond Chan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAYMOND SHE WAH CHAN,

Defendant.

Case No. 20-CR-00326-JFW

**Reply In Support of Motion for
Order Re Disclosure of Financial
Information in Presentence
Investigation Report of George
Chiang; Declaration of Counsel**

Date: May 11, 2026
Time: 8:30 a.m.

Raymond Chan has moved for an order permitting the disclosure of any

financial information in cooperator George Chiang's presentence report.
As set forth in Mr. Chan's moving papers and counsel's declaration in support

therefore, undersigned counsel has a good-faith belief that the presentence report

is likely to contain information the government is required to disclose pursuant to

*Brady v. Maryland*, 373 U.S. 83 (1963):  specifically, evidence that Mr. Chiang

was not, in fact, holding 50% of Hazens' fee for Ray Chan.

Although the government opines in its opposition that "defense counsel

tried to paint Chiang as a swindler who defrauded even defendant" (ECF 1538 at

7), the relevance of whether Mr. Chiang was holding 50% of the Hazens fee was

not that George Chiang was defrauding Ray Chan. It was that Ray Chan was not

in fact a secret 50/50 partner in Synergy Alliance—as Mr. Chiang claimed at trial. This claim is at the heart of Counts 12, 13, and 28 of the First Superseding Indictment. Evidence that Mr. Chiang was not in fact holding Mr. Chan's share of the Hazens fee would not only undermine Mr. Chiang's claim, it would also be evidence that Mr. Chiang was willing to lie to the jury on the witness stand at trial.

In its opposition, the government does not dispute that presentence reports are subject to *Brady* or that the government's *Brady* obligations continue until Mr. Chan's conviction is final. Instead, the government describes counsel's claim that George Chiang's PSR may contain information the government is required to disclosure under *Brady* as non-serious because she had not yet reviewed the millions of pages of discovery disclosed.[1] But the government has now reviewed the relevant savings account records. (ECF 1538 at 8). And they *confirm* that Mr. Chiang and Agent Civetti's testimony implying Mr. Chan's 50% share was being held in a separate Synergy savings account was false—and the government knew it.

As the court will recall, Mr. Chiang testified that Mr. Chan "held on to the defendant's half of the money" and that Chan told him to "just distribute later" to

---

[1] As the government well knows, undersigned counsel did not have access to the relevant portion of discovery. *See* Chen Dec. at ¶3. She does not even have a workable index. Chen Dec. at ¶3. Although the government has *now* revealed that the records counsel sought were in production 11 (not production 12, as she believed), the description production 11 in the index provided by the government reads, in total:

| Folder: Casino Loyale Prod_011 | | | | |
|---|---|---|---|---|
| Casino_0381900-0710868 | Sensitive | FBI reports and attachments re: subpoenaed materials | 11/10/2020 | 1/12/2021 |

Motion for Order re Disclosure of PSR

avoid exposure (TT 1918-1919[2]); that in December 2018, after the FBI search of Synergy's office, he went to the bank and "cut a cashier's check" for Chan, but did not give it to him (TT 2033-35); and "most of those funds are sitting in the Synergy account minus expenses." (TT 2076). But the defense established from Agent Civetti that, by September 2017, the balance in Synergy's checking account ending in -7753 was only $8,490.30 and thus did not reflect that they were holding what Mr. Chiang described as Mr. Chan's 50% share. Immediately thereafter, the government elicited from Agent Civetti that the low monthly ending balances in the *checking* account did not reflect the "entirety of the funds available" because there was a separate high-interest *savings* account, and that checking account records were "not documenting the savings account balances." (TT 2539–40).

The clear inference the government hoped the jury would draw from this testimony was that Mr. Chan's share was being held in Synergy's *savings* account.

But the savings account records the government describes in its declaration do not reflect that there were additional funds being held in the savings account in September 2017:

The savings account was opened in March 2017.  Chen Dec. ¶6.a. (Exh. B).

No statements were provided for the months of March and April 2017. But on May 24, 2017, $80,000 was transferred from the checking account ending in -7753 to that savings account. $80,000 was then transferred back to the checking

---

[2] TT refers to the transcript page number. Although they were attached the relevant portions of the transcript to ECF 1530 and 1534, I inadvertently failed to attach them to ECF 1537. They are now attached as Exhibit A the Declaration of Davina T. Chen.

Motion for Order re Disclosure of PSR

account on June 14, 2017 ($30,000); June 20, 2017 ($25,000); July 11, 2017 ($10,000); and July 14, 2017 ($15,000). Chen Dec. ¶6.b.,c. (Exh. B).

By August 31, 2017, the savings account held only $3.83. Although there are a few gaps in the records the government disclosed to undersigned counsel, all records produced for the subsequent periods, until January 31, 2019, reflect a balance of $3.83. *See* Chen Dec. ¶6.c., d. (Exhibits B, C, D).

In short, these records do not reflect that Mr. Chiang saved hale of Hazens' fee for Mr. Chan or that savings account held those funds.

This reinforces, rather than diminishes, the need to review Mr. Chiang's PSR for *Brady* material. Mr. Chiang began cooperating in February 2019. To the extent that he was holding funds that the government believed were the fruits of honest-services fraud or federal-programs bribery, as the trial testimony suggested, they would either have been forfeited (which they were not), or they should be reflected in his PSR.

For the foregoing reasons and those set forth in Mr. Chan's moving papers, Mr. Chan respectfully requests that this Court conduct a review of Mr. Chiang's presentence report to determine whether the financial resources described therein are consistent with Mr. Chiang's sworn testimony at trial and, if not, to disclose them to undersigned counsel as confidential material.

Dated: April 24, 2026

Respectfully submitted,

*s/ Davina T. Chen*
Davina T. Chen

Attorney for Raymond Chan

4

Motion for Order re Disclosure of PSR

# DECLARATION OF DAVINA T. CHEN

I, Davina T. Chen, declare as follows:

1.      I am an attorney licensed in the State of California and in good standing with all California courts and the United States District Court for the Central District of California. I represent defendant Raymond Chan on appeal, and I prepare this declaration in support of Mr. Chan's Reply in Support of Motion for Order Re Disclosure of Financial information in the Presentence Investigation Report of George Chiang.

2.      Attached to this declaration as Exhibit A are the portions of the trial to which I cite by trial transcript page number (TT) in the Memorandum of Points and Authorities, inadvertently omitted in ECF 1537: Government's opening statement, Chiang testimony, Civetti testimony

3.      Over several weeks in February 2026, I sought access to the master index for the millions of pages of discovery produced by the government in this matter. On March 3, 2026, I received zip files of indices from Assistant United States Attorney Tom Rybarczyk. These indices described the discovery produced at a very high level. For example, the files that contained the bank records I was looking for were described only as "FBI Reports and Attachments Re Subpoenaed Material."

4.      On April 21, 2026, after reading the government's Opposition and Declaration, I asked Assistant United States Attorney Kedar S. Bhatia to send me the bank records he describes in his declaration and motion. Mr. Bhatia made those records available to me on April 22, 2026.

5.      I have reviewed the documents provided to me and located three sets of records related to the account -5878. They are attached here with bank account numbers redacted: Exhibit B (April 29, 2017–August 31, 2017

Motion for Order re Disclosure of PSR

(Casino_0396840–0396851)); Exhibit C (March 1, 2018–June 29, 2018 (Casino_0399940–0399949); Exhibit D (September 29, 2018–January 31, 2019 (Casino_0536191–0536204)). I did not identify records for September 1, 2017–February 28, 2018, or June 30, 2018–September 28, 2018.

6.    These records reflect the following:

a.    The savings account was opened on March 28, 2017 (Exh. B, Casino_0396840).

b.    $80,000 was transferred *from* Synergy Alliance's checking account -7753 on May 24, 2017 (Exh. B, Casino_0396842).

c.    $80,000 was transferred *back* to the checking account -7753 on June 14, 2017 ($30,000), June 20, 2017 ($25,000), July 11, 2017 ($10,000), and July 14, 2017 ($15,000), leaving $3.83 remaining. (Exh. B, Casino_0396844, Casino_0396846).

d.    All statements provided covering the period from July 31, 2017, to January 31, 2019, reflect a balance in the savings account of $3.83. (Exhs. B, C, D).

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 24th day of April, 2026, in Los Angeles, California

*/s/ Davina T. Chen*
Davina T. Chen

Motion for Order re Disclosure of PSR