UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.    **CR 20-326(A)-JFW**                                    Dated: May 6, 2026

=============================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                    None Present                  Kedar S. Bhatia
Courtroom Deputy                  Court Reporter                Asst. U.S. Attorney
                                                                      Not Present

=============================================================================

U.S.A. vs (Dfts listed below)                 Attorneys for Defendants

2)    Raymond She Wah Chan              2)    Davina T. Chen
      Not Present                              Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**      **ORDER DENYING DEFENDANT'S MOTION FOR
                                     ORDER RE DISCLOSURE OF FINANCIAL
                                     INFORMATION IN PRESENTENCE INVESTIGATION
                                     REPORT OF GEORGE CHIANG [4/13/2026; Docket No.
                                     1537]**

       On April 13, 2026, Defendant Raymond She Wah Chan ("Defendant") filed a Motion for Order Re Disclosure of Financial Information in Presentence Investigation Report of George Chiang ("Motion").  On April 21, 2026, Plaintiff United States of America (the "Government") filed its Opposition.   On April 24, 2026, Defendant filed a Reply, and on April 30, 2026, filed a Supplemental Declaration.  The Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 11, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, reply, and supplemental papers, and the arguments therein, the Court rules as follows:

       Presentence investigation reports are subject to "a strong presumption in favor of confidentiality." *United States v. Schlette*, 842 F.2d 1574, 1579 (9th Cir. 1988). In order to obtain disclosure of a presentence investigation report ("PSR"), the defendant must demonstrate that disclosure is "required in order to meet the ends of justice." *United States v. Anzalone*, 886 F.2d 229, 233 (9th Cir. 1989).  In other words, the defendant must demonstrate that  his "reasons for requesting the PSR outweigh the confidentiality of the report," *In re Kenna*, 453 F.3d 1136, 1137 (9th Cir. 2006), and "[t]he defendant must show a large compelling need for disclosure in order to meet the 'ends of justice,'" *Anzalone*, 886 F.2d at 233.  The need for disclosure of *Brady* material generally meets this standard.  *United States v. Yagman*, No. CR 06-227(A) SVW, 2007 WL

                                                                    Initials of Deputy Clerk __sr__

9724450, at *3 (C.D. Cal. Feb. 6, 2007) ("Exculpatory evidence would likely be sufficient to meet this test, unless it is already effectively in Defendant's possession.").  As the Ninth Circuit stated in *United States v. Alvarez*, 358 F.3d 1194 (9th Cir. 2004):

> While a criminal defendant has no constitutional right to examine presentence reports, he is nevertheless entitled to disclosure of *Brady* material contained therein. Thus, a defendant is entitled to material in a probation file that bears on the credibility of a significant witness in the case. With respect to presentence reports, we have stated that trial judges have discretion either to make an *in camera* inspection of the materials or to rely on an examination by a probation officer. . . . [T]he appropriate procedure with respect to probation files is for the trial judge to conduct an in camera review to determine whether they contain discoverable information. The trial court must release what it finds relevant, material and probative as to the witnesses[sic] credibility. Evidence affecting the credibility of government witnesses is material under *Brady*, but the trial court need not release evidence that is "merely cumulative" of information already available to the defense.

358 F.3d at 1208 (cleaned up).

The Court concludes that the financial information in George Chiang's PSR is not relevant, material, or probative as to George Chiang's credibility.  Defense counsel contends that she has a good faith belief that the pre-sentence report is likely to contain *Brady* material -- specifically, "evidence that Mr. Chiang was not, in fact, holding 50% of Hazens' fee for Ray Chan."  Reply at 1. The Court disagrees. Mr. Chiang testified at trial that he held on to the Defendant's half of the money "*in the Synergy bank account*." Trial Tr. vol. 7, 1918:20-1919:1 (emphasis added).  On cross-examination, Mr. Chiang testified that "most of those funds are sitting *in the Synergy account* minus expenses." Trial Tr. vol. 7, 2075:15-25 (emphasis added).   And, FBI Special Agent Civetti testified that the low monthly ending balances in the checking account (previously highlighted by defense counsel) did not reflect the "entirety of the funds available" because those records were "not documenting the savings account balances."  Trial Tr. vol 10, 2539:24-2540:12. Before trial, the Government had produced bank statements for both the Synergy Alliance Advisors Savings and Checking Accounts for the relevant time periods.  Accordingly, Defendant had all the information necessary to impeach the credibility of Mr. Chiang's trial testimony that he held on to the Defendant's half of the money in the Synergy bank account. *Cf.* Reply at 4 (the records already in the possession of the defense "do not reflect that Mr. Chiang saved hal[f] of Hazens' fee for Mr. Chan or that [the] savings account held those funds.").

Accordingly, Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk   sr